**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SPORTS AUTHORITY HOLDINGS, INC.,<br><br>        Debtor.[1] | Chapter 11<br><br>Case No. 16-_____ (___) |
| In re:<br><br>SLAP SHOT HOLDINGS, CORP.,<br><br>        Debtor. | Chapter 11<br><br>Case No. 16-_____ (___) |
| In re:<br><br>THE SPORTS AUTHORITY, INC.,<br><br>        Debtor. | Chapter 11<br><br>Case No. 16-_____ (___) |
| In re:<br><br>TSA STORES, INC.,<br><br>        Debtor. | Chapter 11<br><br>Case No. 16-_____ (___) |
| In re:<br><br>TSA GIFT CARD, INC.,<br><br>        Debtor. | Chapter 11<br><br>Case No. 16-_____ (___) |

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Sports Authority Holdings, Inc. (9008); Slap Shot Holdings, Corp. (8209); The Sports Authority, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664). The headquarters for the above-captioned Debtors is located at 1050 West Hampden Avenue, Englewood, Colorado 80110.

01:18370655.1

| | |
|---|---|
| In re:<br><br>TSA PONCE, INC.,<br>    Debtor. | Chapter 11<br><br>Case No. 16-_____ (___) |
| In re:<br><br>TSA CARIBE, INC.,<br>    Debtor. | Chapter 11<br><br>Case No. 16-_____ (___) |

**DEBTORS' MOTION FOR ENTRY OF AN
ORDER DIRECTING JOINT ADMINISTRATION OF
<u>RELATED CHAPTER 11 CASES FOR PROCEDURAL PURPOSES ONLY</u>**

Sports Authority Holdings, Inc. and certain of its affiliates, the debtors and debtors in possession (collectively, the "<u>Debtors</u>") in the above-captioned chapter 11 cases (collectively, the "<u>Chapter 11 Cases</u>"), hereby move the Court (this "<u>Motion</u>") for entry of an order, substantially in the form attached hereto as <u>Exhibit A</u>, pursuant to section 105(a) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Rules 1015-1 and 9013-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware ("<u>Local Rules</u>"), authorizing and directing the joint administration of the Chapter 11 Cases for procedural purposes only. In support of this Motion, the Debtors rely on the *Declaration of Jeremy Aguilar in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* (the "<u>First Day Declaration</u>"), which was filed with the Court concurrently herewith. In further support of this Motion, the Debtors respectfully represent as follows:

01:18370655.1

2

## JURISDICTION AND VENUE

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b), and Local Rules 1015 and 9013-1.

## BACKGROUND

2.  On the date hereof (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to manage their financial affairs as debtors in possession. No trustee, examiner, or official committee of unsecured creditors has been appointed in these Chapter 11 Cases.

3.  Additional information regarding the Debtors' history and business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of these Chapter 11 Cases, can be found in the First Day Declaration.

## RELIEF REQUESTED

4.  By this Motion, the Debtors seek entry of an order directing the joint administration of the Chapter 11 Cases and the consolidation thereof for procedural purposes

01:18370655.1

3

only.  The Debtors also request that the caption of the Chapter 11 Cases be modified to reflect their joint administration as follows:

| | |
|---|---|
| In re: | Chapter 11 |
| SPORTS AUTHORITY HOLDINGS, INC., *et al.*[1] | Case No. 16-_____ (___) |
| Debtors. | (Jointly Administered) |

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  Sports Authority Holdings, Inc. (9008); Slap Shot Holdings, Corp. (8209); The Sports Authority, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664).  The headquarters for the above-captioned Debtors is located at 1050 West Hampden Avenue, Englewood, Colorado 80110.

5. In addition, the Debtors request that the Court establish a joint docket and file for these Chapter 11 Cases, and direct the clerk of the Court (the "Clerk") to make a notation substantially similar to the following on the docket of each Debtor:

> An order has been entered in this case directing the joint administration of the chapter 11 cases of Sports Authority Holdings, Inc., Slap Shot Holdings, Corp., The Sports Authority, Inc., TSA Stores, Inc., TSA Gift Card, Inc., TSA Ponce, Inc., and TSA Caribe, Inc.  The docket in the chapter 11 case of Sports Authority Holdings, Inc., Case No. 16-_____ (___) should be consulted for all matters affecting these cases.

6. Finally, the Debtors request that the Court permit use of a combined service list and combined notices.

**BASIS FOR RELIEF REQUESTED**

7. Bankruptcy Rule 1015(b) provides that if two or more petitions are pending in the same court by or against a debtor and an affiliate, joint administration is permissible.  *See* Fed. R. Bankr. P. 1015(b).  Additionally, Local Rule 1015-1 permits entry of such an order without notice or the opportunity for a hearing if the Debtors demonstrate that such treatment is warranted.

8. Bankruptcy Rule 1015 promotes the efficient and economical administration of affiliated debtors' related cases, while also ensuring that individual creditors' rights are not unduly prejudiced. *See In re Brookhollow Assocs.*, 435 F. Supp. 763, 766 (D. Mass. 1977) (joint administration "help[s] the bankruptcy court to administer economically and efficiently different estates with substantial interests in common"), *aff'd*, 575 F.2d 1003 (1st Cir. 1978); *In re Parkway Calabasas, Ltd.*, 89 B.R. 832, 836 (Bankr. C.D. Cal. 1988) ("The purpose of joint administration is to make case administration easier and less expensive than in separate cases, without affecting the substantive rights of creditors . . . ."). As stated in the Official Committee Note to Bankruptcy Rule 1015, joint administration expedites cases and reduces their overall cost:

> Joint administration as distinguished from consolidation may include combining the estates by using a single docket for the matters occurring in the administration, including the listing of filed claims, the combining of notices to creditors of the different estates, and the joint handling of other purely administrative matters that may aid in expediting the cases and rendering the process less costly.

Fed. R. Bankr. P. 1015 (Committee Note, ¶ 4).

9. Joint administration is warranted in these Chapter 11 Cases because (i) the Debtors' financial affairs and business operations are closely related, and (ii) joint administration will ease the administrative burden on the Court and other parties.

10. The Debtors share many creditors and parties in interest. As a result, joint administration will prevent duplicative efforts and unnecessary expenses, without any risk of prejudice to creditors, because the relief sought herein does not seek to consolidate the Debtors for substantive purposes. Courts in this jurisdiction routinely approve the joint administration of related chapter 11 cases for procedural purposes only. *See, e.g.*, *In re The Standard Register Company*, Case No. 15-10541 (BLS) (Bankr. D. Del. Mar. 13, 2015); *In re Energy Future*

*Holdings Corp.*, Case No. 14-10979 (CSS) (Bankr. D. Del. June 5, 2014); *In re Coldwater Creek Inc.*, Case No. 14-10867 (BLS) (Bankr. D. Del. Apr. 14, 2014); *In re Quantum Foods, LLC*, Case No. 14-10318 (KJC) (Bankr. D. Del. Feb. 20, 2014); *In re Event Rentals, Inc.*, Case No. 14-10282 (PJW) (Bankr. D. Del. Feb. 18, 2014); *In re Global Aviation Holdings Inc.*, Case No. 13-12945 (MFW) (Bankr. D. Del. Nov. 14, 2013); *In re F & H Acquisition Corp.*, Case No. 13-13220 (KG) (Bankr. D. Del. Dec. 17, 2013).

11. With seven affiliated debtors, each with its own case docket, administering these cases separately would result in duplicative pleadings, notices and orders filed and served upon separate service lists. This unnecessary duplication would be costly for the estates and would not create any counterbalancing benefit for creditors.

12. Separate administration would also tax the estates' administration, diverting valuable resources away from substantive issues. In contrast, joint administration will permit the Clerk to use a single general docket for each of the Chapter 11 Cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates, eliminating the confusion and waste that would be caused by separate administration.

13. Finally, maintaining separate cases may confuse creditors. By jointly administering the estates, creditors and other parties in interest will receive notice of all matters involving all of the entities that are required to be served on such parties (respectively), thereby ensuring that creditors and other parties in interest are fully informed of all matters potentially affecting their claims. Further, using a simplified caption page for all pleadings will eliminate cumbersome pleadings and ensure a uniformity of pleading identification.

14. The Debtors request that the official caption to be used by all parties in all pleadings in the jointly administered cases be in the form set forth in paragraph 4 of this Motion.

01:18370655.1

The Debtors submit that use of the simplified caption will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification.

15. The relief requested herein is purely procedural and does not effectuate substantive consolidation of the Debtors' estates. Joint administration and substantive consolidation differ significantly. In substantive consolidation, assets and liabilities are pooled, and generally, the separate entities' creditors share pro rata in the estates' aggregate net value. *See, e.g.*, *In re Standard Brands Paint Co.*, 154 B.R. 563, 569 (Bankr. C.D. Cal. 1993); *In re I.R.C.C., Inc.*, 105 B.R. 237, 241 (Bankr. S.D.N.Y. 1989). Joint administration, however, is merely procedural; it has no impact on creditors' substantive rights. *See In re Toland*, 346 B.R. 444, 449 (Bankr. N.D. Ohio 2006); *In re Blair*, 226 B.R. 502, 505 (Bankr. D. Me. 1998); *In re N.S. Garrott & Son*s, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986). Thus, there will be no material prejudice to creditors or other parties in interest if these estates are jointly administered. Indeed, the interests of all creditors will be served by the reduction in costs and administrative burdens resulting from joint administration.

## NOTICE

16. The Debtors have provided notice of this Motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) holders of the 50 largest unsecured claims on a consolidated basis against the Debtors; (c) Riemer & Braunstein LLP (attn.: Donald Rothman) as counsel for (i) Bank of America, N.A., in its capacity as Administrative Agent and Collateral Agent under the Second Amended and Restated Credit Agreement, dated as of May 17, 2012, and (ii) certain DIP Lenders under the Debtors' proposed postpetition financing facility; (d) Brown Rudnick LLP (attn.: Robert Stark and Bennett Silverberg) as counsel for (i) Wilmington Savings Fund Society, FSB as Administrative Agent and Collateral Agent under the Amended and Restated Credit Agreement, dated as of May 3, 2006 and

01:18370655.1

7

amended and restated as of November 16, 2010 and (ii) certain Term Lenders under the Amended and Restated Credit Agreement, dated as of May 3, 2006 and amended and restated as of November 16, 2010; (e) Choate, Hall & Stewart LLP (attn.: Kevin Simard) as counsel for (i) Wells Fargo Bank, National Association, in its capacity as FILO Agent under the Second Amendment to Second Amended and Restated Credit Agreement, dated as of November 3, 2015, and (ii) certain DIP Lenders under the Debtors' proposed postpetition financing facility; (f) O'Melveny & Meyers LLP (attn: John Rapisardi) as counsel for certain holders of 11.5% Senior Subordinated Notes Due February 19, 2018 under the Securities Purchase Agreement, dated as of May 3, 2006; (g) all holders of 11.5% Senior Subordinated Notes Due February 19, 2018 under the Securities Purchase Agreement, dated as of May 3, 2006; and (h) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, for the reasons set forth herein and in the First Day Declaration, the Debtors respectfully request that this Court enter an order, substantially in the form attached hereto, granting the relief requested in the Motion and such other and further relief as is just and proper.

Dated: March 2, 2016
Wilmington, Delaware

/s/ *Andrew L. Magaziner*
Michael R. Nestor (No. 3526)
Kenneth J. Enos (No. 4544)
Andrew L. Magaziner (No. 5426)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
mnestor@ycst.com
kenos@ycst.com
amagaziner@ycst.com

-and-

Robert A. Klyman (CA No. 142723)
Matthew J. Williams (NY No. 3019106)
Jeremy L. Graves (CO No. 45522)
Sabina Jacobs (CA No. 274829)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-1512
Telephone: (213) 229-7000
Facsimile: (213) 229-7520
rklyman@gibsondunn.com
mjwilliams@gibsondunn.com
jgraves@gibsondunn.com
sjacobs@gibsondunn.com

*Proposed Counsel to the Debtors and Debtors in Possession*

# EXHIBIT A

# PROPOSED ORDER

01:18370655.1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SPORTS AUTHORITY HOLDINGS, INC.,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 16-\_\_\_\_\_ (\_\_\_) |
| In re:<br><br>SLAP SHOT HOLDINGS, CORP.,<br><br>Debtor. | Chapter 11<br><br>Case No. 16-\_\_\_\_\_ (\_\_\_) |
| In re:<br><br>THE SPORTS AUTHORITY, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 16-\_\_\_\_\_ (\_\_\_) |
| In re:<br><br>TSA STORES, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 16-\_\_\_\_\_ (\_\_\_) |
| In re:<br><br>TSA GIFT CARD, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 16-\_\_\_\_\_ (\_\_\_) |

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Sports Authority Holdings, Inc. (9008); Slap Shot Holdings, Corp. (8209); The Sports Authority, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664). The headquarters for the above-captioned Debtors is located at 1050 West Hampden Avenue, Englewood, Colorado 80110.

| | |
|---|---|
| In re:<br><br>TSA PONCE, INC.,<br><br>        Debtor. | Chapter 11<br><br>Case No. 16-_____ (___) |
| In re:<br><br>TSA CARIBE, INC.,<br><br>        Debtor. | Chapter 11<br><br>Case No. 16-_____ (___)<br><br>**Docket Ref. No. ____** |

**ORDER DIRECTING JOINT ADMINISTRATION OF
RELATED CHAPTER 11 CASES FOR PROCEDURAL PURPOSES ONLY**

Upon the *Debtors' Motion for Entry of an Order Directing Joint Administration of Related Chapter 11 Cases for Procedural Purposes Only* (the "Motion")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (collectively, the "Chapter 11 Cases"); and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and the Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and in consideration of the First Day Declaration; and it appearing that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and a hearing having been held to consider the relief requested in the Motion; and upon the record of the hearing on the Motion and all of the

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

01:18370655.1

2

proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED, as set forth herein.

2. The above-captioned Chapter 11 Cases are hereby consolidated for procedural purposes only and shall be jointly administered by this Court. Nothing contained in this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the above-captioned Chapter 11 Cases.

3. The caption of the jointly administered cases shall read as follows:

| | |
|---|---|
| In re: | Chapter 11 |
| SPORTS AUTHORITY HOLDINGS, INC., *et al.*[1] | Case No. 16-_____ (___) |
| Debtors. | (Jointly Administered) |

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Sports Authority Holdings, Inc. (9008); Slap Shot Holdings, Corp. (8209); The Sports Authority, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664). The headquarters for the above-captioned Debtors is located at 1050 West Hampden Avenue, Englewood, Colorado 80110.

4. All original pleadings shall be captioned as set forth immediately above, and all original docket entries shall be made in the case of Sports Authority Holdings, Inc., Case No. 16-_____ (___).

5. The Clerk of this Court shall make a notation substantially similar to the following on the docket of each Debtor:

01:18370655.1

3

> An order has been entered in this case directing the joint administration of the chapter 11 cases of Sports Authority Holdings, Inc., Slap Shot Holdings, Corp., The Sports Authority, Inc., TSA Stores, Inc., TSA Gift Card, Inc., TSA Ponce, Inc., and TSA Caribe, Inc. The docket in the chapter 11 case of Sports Authority Holdings, Inc., Case No. 16-_____ (___) should be consulted for all matters affecting these cases.

6.  The Clerk of the Court shall maintain a single pleadings docket and file under the case number assigned to Sports Authority Holdings, Inc., which shall be the pleadings docket and file for the Chapter 11 Cases.

7.  The Debtors and the Clerk of the Court are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8.  This Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

9.  The Court retains jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: March __, 2016
       Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE

01:18370655.1

4