**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SPORTS AUTHORITY HOLDINGS, INC., *et al.*,[1] | Case No. 16-10527 (___) |
| Debtors. | (Joint Administration Requested) |

**DEBTORS' EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS
(A) AUTHORIZING THE DEBTORS TO ASSUME THE CLOSING STORE
AGREEMENT, (B) AUTHORIZING AND APPROVING STORE CLOSING SALES
FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES,
(C) AUTHORIZING THE IMPLEMENTATION OF CUSTOMARY EMPLOYEE
BONUS PROGRAM AND PAYMENTS TO NON-INSIDERS THEREUNDER,
(D) APPROVING DISPUTE RESOLUTION PROCEDURES, AND
(E) APPROVING THE DEBTORS' STORE CLOSING PLAN**

Sports Authority Holdings, Inc. and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") hereby move this Court (this "Motion") for the entry of an interim order (the "Interim Order"), substantially in the form annexed hereto as Exhibit A, and a final order (the "Final Order"), substantially in the form annexed hereto as Exhibit B, pursuant to sections 105(a), 363, 365, and 554 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9013-1(m) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (a) authorizing the Debtors to assume[2] the agreement dated as of February 17, 2016 by and among Gordon Brothers Retail Partners, LLC ("GBRP"), Tiger

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  Sports Authority Holdings, Inc. (9008); Slap Shot Holdings, Corp. (8209); The Sports Authority, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664).  The headquarters for the above-captioned Debtors is located at 1050 West Hampden Avenue, Englewood, Colorado 80110.

[2] Pursuant to this Motion, the Debtors seek an interim order confirming that the Closing Store Agreement is operative and effective, and a final order granting the Debtors authority to assume the Closing Store Agreement.

Capital Group, LLC ("TCG" and collectively with GBRP, the "Liquidation Consultant"), and

TSA Stores, Inc. (as amended, modified, or restated as of the date hereof, and together with all

exhibits thereto, the "Closing Store Agreement"), a copy of which is attached to the Interim

Order as Exhibit 2 thereto; (b) authorizing the Debtors to continue to conduct store closing sales

(collectively, the "Closing Sales") at certain store locations designated by the Debtors (such store

locations, the "Closing Stores") in accordance with the proposed sale guidelines (the "Sale

Guidelines") attached hereto as Exhibit C, with such sales to be free and clear of all liens, claims,

encumbrances, and interests (collectively, the "Encumbrances"); (c) authorizing, but not

directing, the Debtors to honor a customary bonus program for certain non-insider personnel

with responsibilities related to the Closing Stores (the "Bonus Program"); (d) approving the

proposed dispute resolution procedures described herein to resolve any disputes with

governmental units (the "Resolution Procedures") regarding certain applicable non-bankruptcy

laws that regulate liquidation and similar-themed sales; and (e) approving the Debtors' strategic

plan in connection with the closure of certain retail locations by implementing the foregoing

documents and procedures (the "Store Closing Plan").  In support of this Motion, the Debtors

rely on the *Declaration of Jeremy Aguilar in Support of the Debtors' Chapter 11 Petitions and

Requests for First Day Relief* (the "First Day Declaration") and the *Declaration of Stephen

Coulombe in Support of the Debtors' Emergency Motion for Interim and Final Orders

(A) Authorizing the Debtors to Assume the Closing Store Agreement, (B) Authorizing and

Approving Store Closing Sales Free and Clear of All Liens, Claims and Encumbrances,

(C)  Authorizing the Implementation of Customary Employee Bonus Program and Payments to

Non-Insiders Thereunder, (D) Approving Dispute Resolution Procedures, and (E) Approving the*

*Debtors' Store Closing Plan* (the "Coulombe Declaration"), and respectfully represent as follows:

## JURISDICTION AND VENUE

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b), and pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are sections 105(a), 363, 365, and 554 of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004, and Local Rule 9013-1(m).

## BACKGROUND

**A.     General Background**

2.     On the date hereof (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code.  Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to manage their financial affairs as debtors in possession.

3.     Contemporaneously herewith, the Debtors filed a motion seeking joint administration of their chapter 11 cases (the "Chapter 11 Cases") pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.  No trustee, examiner, or official committee of unsecured creditors has been appointed in these Chapter 11 Cases.

01:18375416.1

4.      Information regarding the Debtors' history and business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of these Chapter 11 Cases can be found in the First Day Declaration.

**B.      The Debtors' Store Closing Plan**

5.      As of January 30, 2016, the Debtors operated 464 stores in 40 states and Puerto Rico, and five distribution centers[3] located in New Jersey, California, Colorado, Georgia, and Illinois.  Prior to the Petition Date, the Debtors commenced a restructuring process to streamline their  savings and efficiency initiatives.  As part of this process, the Debtors completed a comprehensive review of the performance of all of their retail stores to analyze, among other things, the profitability and viability of each store location and to determine the Debtors' optimal footprint.  The Debtors also engaged FTI to, among other things, assist with analyses around cost reduction including a headcount reduction that took place prior to the Petition Date.

6.      As a culmination of these efforts, the Debtors developed the Store Closing Plan, which they continue to refine from time to time, whereby they have planned an orderly exit from certain underperforming or unprofitable store locations in an effort to conserve resources and maximize utility.  FTI also advised the Debtors regarding an optimization of their store and distribution center footprint.  Pursuant to the Store Closing Plan, the Debtors have identified up to 200 additional underperforming and/or unprofitable store locations that may be designated as Closing Stores and, in consultation with FTI, determined that it is in the best interest of their estates to immediately prepare for the closure of up to 200 stores and 2 of their 5 distribution centers.

---

[3]      The Debtors anticipate that they will close two of the distribution centers during the course of these Chapter 11 Cases.

01:18375416.1

C.        **Engagement of Liquidation Consultant; Closing Store Agreement**

7.        The Debtors retained the Liquidation Consultant because of its combined extensive expertise in conducting store closing sales, including the orderly liquidation of the inventory (the "<u>Merchandise</u>") and certain furniture, fixtures, equipment and other assets that the Debtors do not wish to retain (collectively, the "<u>Offered FF&E</u>" and collectively with the Inventory and any other assets located in a Closing Store, the "<u>Store Assets</u>") at the respective Closing Stores, with an eye toward maximizing revenues and value for the Debtors and their creditors.  The Debtors selected the Liquidation Consultant to conduct the Closing Sales at the Closing Stores, and determined that engaging the Liquidation Consultant was in the best interest of the Debtors and their stakeholders.  The Debtors negotiated the terms and conditions of the Store Closing Agreement in good faith and at arms' length.  Accordingly, on February 17, 2016, the Debtors and the Liquidation Consultant executed the Closing Store Agreement.  Although the Debtors respectfully refer the Court to the Closing Store Agreement[4] in its entirety, the material terms thereof are summarized in the table below:

| TERM | CLOSING STORE AGREEMENT |
|---|---|
| **Services Provided by Liquidation Consultant** | The Liquidation Consultant will be retained as the Debtors' exclusive, independent consultant to conduct the Closing Sales at the Closing Stores during the Sale Term to, among other things: (a) recommend appropriate discounts, advertising, and signage; (b) provide qualified supervisors to oversee the Closing Sales to maximize sales; (c) maintain communication with the Debtors' employees at the Closing Stores and monitor the progress of the Closing Sales; (d) recommend loss prevention initiatives; (e) advise the Debtors regarding legal requirements and applicable laws, rules, and regulations affecting "going out of business" sales (collectively, the "<u>Liquidation Laws</u>"); (f) develop and implement a Customer Transition Program to assist the Debtors in their efforts to transition their existing customers at the Closing Stores to the Debtors' ongoing store |

---

[4]    Capitalized terms used in the summary of the Closing Store Agreement, but not otherwise defined therein, shall have the meanings ascribed to such terms in the Closing Store Agreement.

| Term | Closing Store Agreement |
|---|---|
| | locations and ecommerce platform; and (g) assist the Debtors with the rebalancing and consolidation of inventory within and, if necessary, across markets. |
| **Closing Stores** | The Debtors will designate the Closing Stores on an ongoing basis. |
| **Term of Closing Sales** | The Closing Sales will commence on February 23, 2016 and will terminate on or before June 7, 2016.  The Debtors and the Liquidation Consultant may mutually agree to establish an earlier or later Sale Termination Date with respect to any one or more Closing Stores (on a per-store basis), and the Debtors may unilaterally establish an earlier Sale Termination Date for a reasonable number of Closing Stores if warranted by providing 5 days' prior notice thereof to the Liquidation Consultant. |
| **Expenses of Liquidation Consultant** | The Debtors will pay for all expenses incident to the Closing Sales in accordance with a mutually agreed upon expense budget.  With respect to certain Consultant's Controlled Expenses, the Liquidation Consultant will advance funds for these expenses and the Debtors will thereafter reimburse the Liquidation Consultant for such expenses.  The Debtors will also reimburse the Liquidation Consultant for its reasonable expenses associated with the sale of the Offered FF&E. |
| **Compensation for Liquidation Consultant** | The Debtors will pay the Liquidation Consultant a First Quality Merchandise Incentive Fee that is between 0.75% and 1.75%, based on the total amount of First Quality Gross Proceeds, net of sales taxes.  The Debtors will pay the Liquidation Consultant a Clearance Merchandise Base Fee that is equal to 1.5% of the Clearance Gross Proceeds, net of sales taxes.  The Liquidation Consultant will also earn the FF&E Commission equal to 17.5% of the gross sales of the Offered FF&E, net of sales taxes. |
| **Special Purpose Payment** | The Debtors funded to the Liquidation Consultant $750,000 to be held by the Liquidation Consultant and to be applied towards any unpaid obligations of the Debtors pending the Final Reconciliation.  Any portion of the Special Purpose Payment not used to pay amounts explicitly contemplated by the Closing Store Agreement shall be returned to the Debtors within 3 days following the Final Reconciliation. |
| **Commission to Debtors for Sale of Non-Debtor Goods** | The Debtors are entitled to a commission equal to 5% of all non-Debtor goods sold during the Closing Sale at the Closing Stores. |

| TERM | CLOSING STORE AGREEMENT |
|------|-------------------------|
| **Insurance; Risk of Loss** | The Debtors will maintain insurance with respect to the Merchandise. the Liquidation Consultant shall not be deemed to be in possession or control of the Closing Stores, the Merchandise, or the Offered FF&E. |
| **Indemnification by Liquidation Consultant** | The Liquidation Consultant will indemnify the Debtors from and against liabilities and attorneys' fees and expenses arising from or related to, among other things: (a) the Liquidation Consultant's material breach or failure to comply with the Closing Store Agreement; (b) harassment or other unlawful, tortious or otherwise actionable treatment of any of the Debtors' customers, employees or agents by the Liquidation Consultant; (c) certain claims by employees or independent contracts of the Liquidation Consultant; and (d) willful misconduct, gross negligence, or unlawful acts by the Liquidation Consultant. |
| **Indemnification by Debtors** | The Debtors will indemnify the Liquidation Consultant from and against liabilities and attorneys' fees and expenses arising from or related to, among other things: (a) the Debtors' material breach or failure to comply with the Closing Store Agreement; (b) claims by the Debtors' employees and independent contractors; (c) any consumer warranty or products liability claims relating to any Merchandise (excluding GBPR Goods); (d) certain claims by employees or independent contracts of the Debtors; and (e) willful misconduct, negligence, or unlawful acts by the Debtors. |

**D.      Preparations for Store Closing Sales; Store Closing Sales**

8.      The Debtors have begun the process of preparing for the Closing Sales.  This process has included, among other things, the following preparations:

- Analyzing all inventory across all stores to determine which inventory should be classified as "liquidation inventory" and which inventory should be retained for ordinary course sales in going-forward stores;

- Reallocating and redistributing inventory across all stores with an eye toward aggregating liquidation inventory across Closing Stores;

- Relocating inventory by and among various stores across the country in approximately 800 trucks that have been deployed to transport such relocated inventory and most of which are either still in transit or have reached their destinations;

- Ordering customized specialty banners and signs to announce the Closing Sales at the Closing Stores;

- Informing and engaging with their employees at the Closing Stores about the impending Closing Sales; and

- Posting price markdowns throughout the Closing Stores and marking inventory at the Closing Stores to reflect the price markdowns.

9.      Additionally, prior to the execution of the Closing Store Agreement, but subject to the terms and conditions of a confidentiality agreement by and among the Liquidation Consultant and the Debtors, the Liquidation Consultant began the process of familiarizing itself with the Debtors' operations, the Closing Stores, the Merchandise, and other Store Assets.  To the end, the Liquidation Consultant has spent a significant amount of time on site with the Debtors

10.      On February 23, 2016, following the execution of the Closing Store Agreement, the Liquidation Consultant began preparations to officially launch the Closing Sales on March 4, 2016.

## RELIEF REQUESTED

11.      By this Motion, the Debtors seek the entry of interim and final orders approving the Store Closing Plan and the Debtors' continued efforts in accordance therewith, including approving and authorizing (a) the Debtors' assumption of the Closing Store Agreement, (b) the Sale Guidelines, (c) conducting the Closing Sales in accordance with the Sale Guidelines, (d) payment of the prepetition claims, if any, of the Liquidation Consultant under the Closing Store Agreement, (e) the Bonus Program and payment of the Closing Bonuses contemplated thereby, (f) the Resolution Procedures related to any disputes respecting Liquidation Laws, and (g) any related relief.

12.      The Debtors further request that the Court (a) set a deadline for filing objections to this Motion and entry of the Final Order, (b) set a final hearing on the Motion, and (c) enter the Final Order on this Motion in connection with such final hearing.

**A.      Closing Sales According to Sale Guidelines; Assumption of Closing Store Agreement**

13.      The Debtors seek approval of the Sale Guidelines attached to both the Interim Order and Final Order as Exhibit 1 thereto, and authorization to conduct the Closing Sales in accordance therewith.  The Sale Guidelines provide, among other things, that:  (a) all sales of Store Assets would be deemed free and clear of all Encumbrances; (b) Merchandise could be sold with the benefit of various marketing techniques and price mark-downs to promote efficient liquidation; and (c) certain Store Assets that cannot be promptly liquidated may be abandoned if and when the Debtors determine, in their business judgment, that retaining, storing, or removing such assets would result in unnecessary expense with little or no benefit to the estates.

14.      To effectuate a smooth transition into chapter 11 and minimize administrative expenses for their estates, the Debtors seek authorization to (a) assume the Closing Store Agreement and perform their obligations thereunder, including the reimbursement of prepetition and postpetition expenses and the payment of prepetition and postpetition expenses compensation and commission, as applicable, in exchange for the Liquidation Consultant's services in connection with the Closing Sales, and (b) immediately continue the Closing Sales at designated Closing Stores, for which the Debtors prepared prior to the Petition Date, with the Liquidation Consultant's assistance in accordance with the Sale Guidelines.  As discussed in further detail below, the Debtors request authority to conduct the Closing Sales notwithstanding any provisions in any agreements and/or any laws that regulate liquidations sales which purport to prohibit, restrict, or interfere with the Closing Sales.

15.      The Debtors' estates will suffer significant and irreparable harm if the Debtors are not permitted to assume the Closing Store Agreement and commence the Closing Sales immediately in accordance with the Sale Guidelines.  As described at length in the First Day Declaration, the Debtors are in a difficult financial situation; they need to maximize sources of

01:18375416.1

liquidity and minimize expenses as much as possible.  The Closing Sales will help the Debtors

with both of these goals.  With the cooperation of their employees and the services of the

Liquidation Consultant, the Debtors will be able to liquidate inventory and assets at the Closing

Stores so that they can exit the Closing Stores quickly and efficiently, thereby monetizing certain

assets and eliminating certain expenses.  Any delay in the Closing Sales will cause the Debtors to

lose the momentum that they and the Liquidation Consultant have gained in preparation for the

Closing Sales and to incur additional administrative expenses by prolonging the liquidation

process and delay their exit from the underperforming and unprofitable store locations.

16.    Moreover, failure to secure an interim order approving the Closing Sales by

March 16, 2016 is an event of default under the Debtors' proposed debtor-in-possession

financing agreement.  And, the lenders under (a) that certain Second Amended and Restated

Credit Agreement, dated as of May 17, 2012 (as amended, amended and restated, supplemented

or otherwise modified from time to time, the "ABL Credit Agreement"), and (b) that certain

Second Amendment to the ABL Credit Agreement (as amended, amended and restated,

supplemented or otherwise modified from time to time, the "FILO Agreement") have expressly

consented to the Closing Sales, which will liquidate collateral that secures the ABL Credit

Agreement and the FILO Agreement.

**B.    Bonus Program; Closing Bonuses**

17.    To ensure maximum success of the Closing Sales, the Debtors seek authorization

to implement the Bonus Program and fulfill their obligations thereunder to Bonus Program

participants, all of whom are non-insiders.  Specifically, the Debtors request the authority to, at

their discretion, provide additional compensation in the form of bonuses to (a) three district

managers calculated based on a combination of sales revenues and retention of personnel

(collectively, the "District Managers"); (b) the store manager at each Closing Store, the assistant

store manager at each Closing Store, the two assistant sales managers at each Closing Store, and

five team sales people (collectively, the "Closing Store Management Team"), calculated based

on a combination of sales revenues and shrink control, provided, however, that each member of

the Closing Store Management Team is only eligible for a bonus if he or she remains employed

by the Debtors through the termination of the Closing Sale at the respective Closing Store and

does not resign or is terminated for cause; and (c) certain additional employees specifically

charged with asset protection ("AP Personnel" and collectively with the District Managers and

the Closing Store Management Team, the "Closing Sales Team") to maximize loss prevention

and minimize shrink levels (collectively, all bonuses to the District Managers, the Closing Store

Management Team, and the AP Personnel, the "Closing Bonuses").  The Debtors request

authority to determine the individual amounts of each Closing Bonus, except that the total

aggregate cost of the Bonus Program, in any event, will not exceed 0.5% of the Debtors' overall

gross annual payroll and will not exceed 6.0% of the Debtors' gross annual payroll for the

Closing Stores.  For the avoidance of doubt, the Debtors do not seek authority to pay any Closing

Bonuses to insiders of the Debtors, and do not seek authority to pay any Closing Bonuses until

the conclusion of the Closing Sales pending entry of the Final Order.

18.    The Debtors believe that allowing the District Managers and Closing Store

Management Teams to earn Closing Bonuses at the Closing Stores will provide much-needed

motivation for key personnel who are critical to the success of the Closing Sales.  Similarly, the

Debtors believe that awarding Closing Bonuses to their AP Personnel will enable the Debtors to

combat loss prevention and reduce shrink at the Closing Stores, and thereby maximize profits.

The Debtors believe that, absent the Bonus Program, the Debtors are likely to lose such key

personnel at the Closing Stores at a time when the Debtors have few resources available to

search for new employees, which would unnecessarily delay or frustrate the Closing Sales and hamstring the Debtors' efforts to maximize value.  On balance, the Debtors believe that the costs to the Debtors of the Closing Bonuses are far outweighed by the benefits such Closing Bonuses are likely to produce in the form of maximum productivity and cooperation during the Closing Sales, resulting in higher revenues in a shorter timeframe.

**C.    Dispute Resolution Procedures Relating to Liquidation Laws**

19.    The Debtors recognize that the Closing Sales at certain Closing Stores may be subject to certain Liquidation Laws, which include but are not limited to various federal, state or local statute, ordinance, or rule, or licensing requirement directed at regulating "store closing," "sale on everything," "everything must go," "liquidation sale," "winter clearance outlet," or similar themed sales or bulk sale laws, including laws restricting safe, professional and non-deceptive, customary advertising such as signs, banners, posting of signage, and use of sign-walkers in connection with the sale, and ordinances establishing license or permit requirements, waiting periods, time limits or bulk sale restrictions.  However, many such Liquidation Laws do not apply to court-ordered sales.  To the extent that any Liquidation Laws purport to prohibit, restrict, or otherwise interfere with the Closing Sales at any Closing Stores, the Debtors request that the Court deem such Liquidation Laws to be waived with respect to the Closing Sales, which are under the supervision of this Court.

20.    Notwithstanding such request, the Debtors propose to serve, within three business days of the entry of the Interim Order and the Final Order, copies of such Orders and the Sale Guidelines attached thereto, via email, facsimile or regular mail on (a) the Attorney General's office for each state in which the Debtors operate a retail location, (b) the county consumer protection agency or similar agency for each county in which the Debtors operate a retail location, (c) the division of consumer protection for each state in which the Debtors operate a

retail location, (d) the chief legal counsel for each local jurisdiction in which the Debtors operate

a retail location (collectively, clauses (a) through (d), the "Applicable Governmental Units"),[5]

and (e) the Landlords.  The Debtors further propose that any governmental unit (as defined in

section 101(27) of the Bankruptcy Code) may assert a dispute related to any Liquidation Laws

(such dispute, a "Liquidation Dispute") by sending a notice (a "Dispute Notice") explaining the

nature of the dispute to (a) Gibson, Dunn & Crutcher LLP, 333 South Grand Avenue, Los

Angeles, CA 90071 (Attn:  Robert A. Klyman, Esq., and Sabina Jacobs, Esq.), (b) Young

Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE

19801 (Attn:  Michael R. Nestor, Esq., and Andrew L. Magaziner, Esq.), and (c) Skadden, Arps,

Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, IL 60606 (Attn:  John K.

Lyons, Esq.) and 300 S. Grand Ave., Los Angeles, CA 90071 (Attn: Van C. Durrer, II, Esq. and

Adithya Mani, Esq.), no later than 14 days following the service of the Interim Order.  If the

Debtors, the Liquidation Consultant, and such governmental unit are unable to resolve the

Liquidation Dispute within 7 days of service of the Dispute Notice, such governmental unit may

file a motion with this Court requesting consideration and resolution of the Liquidation Dispute

(a "Dispute Resolution Motion").  The Debtors request that the Court retain exclusive

jurisdiction to resolve any Liquidation Disputes, and that the Court resolve any Dispute

Resolution Motions at the next available omnibus hearing.  The proposed dispute resolution

procedures related to the Liquidation Laws discussed in this paragraph and in the Interim Order

and Final Order are referred to herein as the "Resolution Procedures."

---

[5]    The Applicable Governmental Units are listed on Exhibit E hereto.

## BASIS FOR RELIEF REQUESTED

A. **Assumption of the Closing Store Agreement is Warranted Under Section 365 of the Bankruptcy Code**

21.     Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease." 11 U.S.C. § 365(a).  A debtor's determination to assume or reject an executory contract is governed by the "business judgment" standard.  *See, e.g., In re HQ Global Holdings, Inc.,* 290 B.R. 507, 511 (Bankr. D. Del. 2003) (stating that debtor's rejection of executory contract is governed by business judgment standard and can only be overturned if decision was product of bad faith, whim, or caprice).  In applying the "business judgment" standard, courts show substantial deference to the debtor's decision to assume or reject.  *See Summit Land Co. v. Allen (In re Summit Land Co.),* 13 B.R. 310, 315 (Bankr. D. Utah 1981) (absent extraordinary circumstances, court approval of debtor's decision to assume or reject executory contract "should be granted as a matter of course").  "The business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interest of the company.'"  *Official Comm. of Subordinated Bondholders v. Integrated Res., Inc.*, 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting *Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)).  The business judgment rule applies in chapter 11 cases.  *See Integrated Res.*, 147 B.R. at 656 ("Delaware business judgment rule principles have 'vitality by analogy' in Chapter 11."); *see also Comm. of Asbestos-Related Litigants and/or Creditors v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 615-16 (Bankr. S.D.N.Y. 1986) ("[T]he Code favors the continued operation of a business by a debtor and a presumption of reasonableness attaches to a Debtor's management decisions.").

22.     Here, the Debtors have satisfied the "business judgment" standard and have a sound business reason for seeking to assume the Closing Store Agreement.  Assumption of the Closing Store Agreement will allow the Debtors to engage the Liquidation Consultant, on a postpetition basis, to manage the Closing Sales at the designated Closing Stores.  The Liquidation Consultant is an experienced liquidation consultant and will facilitate the Closing Sales and help the Debtors maximize their recovery on the Merchandise and the Offered FF&E located at all Closing Stores, which in turn will maximize value for the Debtors' estates and their creditors.  The Closing Sales are a significant component of the Debtors' efforts to maximize value because these sales enable the Debtors to sell Store Assets at the Closing Stores in a manner that is designed to maximize efficiency and increase overall profitability.  Most of the Closing Stores are underperforming or unprofitable, and thereby do not generate positive cash flow and/or are a significant drain on liquidity.  Allowing the Closing Sales to proceed in accordance with the Sale Guidelines will allow the Debtors to most efficiently and quickly monetize the Store Assets in a uniform and orderly process with the assistance of an experienced liquidation consultant.  The Debtors believe that they will reap significant benefits by assuming the Closing Store Agreement and thereby allowing the Liquidation Consultant to continue to manage the Closing Sales at the Closing Stores.  Given the complexity of the Closing Sales across various states and given the multitude of stores, the Liquidation Consultant will provide invaluable strategic, managerial, and accounting services, allowing the Debtors to focus their efforts on other key aspects of their reorganization efforts.  Therefore, efficient and effective liquidation sales and procedures, as contemplated the Sale Guidelines and the services to be provided by the Liquidation Consultant, will allow the Debtors to more quickly vacate those locations and avoid the accrual of unnecessary administrative expenses.

23.     Moreover, as noted above, failure to secure an order approving the Closing Sales by March 16, 2016 is an event of default under the Debtors' proposed debtor-in-possession financing agreement.  And, the lenders under (a) ABL Credit Agreement, and (b) the FILO Agreement have expressly consented to the Closing Sales, which will liquidate collateral that secures the ABL Credit Agreement and the FILO Agreement.

24.     On the other hand, if the Debtors do not assume the Closing Store Agreement and their obligations thereunder, they are likely to lose the benefit of the Liquidation Consultant's momentum in their preparation for the Closing Sales in advance of the Petition Date.  As a result, the Debtors and their advisors will likely need to suspend the Closing Sales, which could otherwise continue on and after the Petition Date, and divert substantial time and effort to prepare for and manage the Closing Sales internally or seek bids from other advisors who could prepare for and run the Closing Sales.  Ultimately, such disruption and delay would materially increase the Debtors' administrative expenses and overall losses, without any associated benefits of such delays to their estates.

25.     This court has approved the assumption of agreements similar to the Closing Store Agreement in several recent chapter 11 cases involving large retail debtors.  *See, e.g.*, *In re Quicksilver, Inc.*, Case No. 15-11880 (Bankr. D. Del. Oct. 7, 2015); *In re RadioShack Corp.*, Case No. 15-10197 (Bankr. D. Del. Feb. 6, 2015); *In re Coldwater Creek Inc.*, Case No. 14-10867 (Bankr. D. Del. May 7, 2014); *In re Samsonite Co. Stores, LLC,* 2009 Bankr. LEXIS 4839 (Sept. 10, 2009).  Pursuant to this Motion, the Debtors seek, on an interim basis, an order that confirms that the Closing Store Agreement is operative and effective.  On a final basis, the Debtors seek authority to assume the Closing Store Agreement.  Similar relief has been granted in this jurisdiction.  *See In re Quicksilver, Inc.*, Case No. 15-11880 (Bankr. D. Del. Oct. 7, 2015)

(final order); *In re Quicksilver, Inc.*, Case No. 15-11880 (Bankr. D. Del. Sept. 10, 2015) (interim

order); *In re RadioShack Corp.*, No. 15-10197 (Bankr. D. Del. Feb. 20, 2015) (final order); *In re*

*RadioShack Corp.*, No. 15-10197 (Bankr. D. Del. Feb. 6, 2015) (interim order).

26.     Accordingly, the Debtors submit that they have exercised their reasonable

business judgment in seeking to assume the Closing Store Agreement and thereby engaging and

enabling the Liquidation Consultant to proceed with the Closing Sales at the Closing Stores, and

that there is sufficient business justification for the assumption of the Closing Store Agreement.

**B.     Continuing the Closing Sales Pursuant to the Sale Guidelines is Authorized**
**Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code**

27.     Section 105(a) of the Bankruptcy Code provides, in relevant part, that "[t]he court

may issue any order, process, or judgment that is necessary or appropriate to carry out the

provisions of this title."  11 U.S.C. § 105(a).  Section 363(b) permits a debtor to use, sell, or

lease, estate property "other than in the ordinary course of business" after notice and a hearing.

11 U.S.C. § 363(b)(1).  Courts have authorized relief under section 363(b) where a debtor

demonstrated a sound business justification for such relief.  *See Comm. of Equity Sec. Holders v.*

*Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983) ("The rule we adopt

requires that a judge determining a § 363(b) application expressly find from the evidence

presented before him at the hearing a good business reason to grant such an application."); *In re*

*Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1985) ("[T]he debtor must articulate

some business justification, other than mere appeasement of major creditors.").

28.     As noted in the preceding section, once a debtor has articulated a valid business

justification, the court accords great deference to such judgment, even in the context of chapter

11 cases.  *See In re Integrated Res., Inc.*, 147 B.R. at 656; *In re Johns-Manville Corp.*, 60 B.R. at

615-16.  The benefit of the business judgment rule is equally applicable in the context of sales

under section 363.  *See, e.g.*, *Fulton State Bank v. Schipper (In re Schipper)*, 933 F.2d 513, 515 (7th Cir. 1991) ("[D]ebtor in possession can sell property of the estate outside the ordinary course of business if . . . he has an 'articulated business justification.'"); *Stephens Indus., Inc. v. McClung*, 789 F.2d 386, 390 (6th Cir. 1986) (authorizing sale of debtor's assets pursuant to section 363 "when a sound business purpose dictates such action").  The Third Circuit has explained that "under normal circumstances the court would defer to the trustee's judgment so long as there is a legitimate business justification" with respect to sales under section 363. *Myers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996).

29.     As discussed in the preceding section, the Debtors have determined, in the sound exercise of their business judgment, that continuing the Closing Sales at the Closing Stores on and after the Petition Date, or as soon thereafter as possible, is essential to their reorganization efforts in order to minimize administrative expenses and liquidate assets at certain unprofitable locations as efficiently and quickly as possible.  The Sale Guidelines allow the Debtors to move forward with a uniform and orderly process of monetizing the Stores Assets at the Closing Stores, with the aid and efforts of an experienced liquidation consultant to maximize value and efficiency.  Without the Sale Guidelines, the Debtors are unlikely to be able to liquidate such assets as effectively and efficiently, which will interfere with their restructuring efforts at a time when the Debtors have little time to spare as they try to maximize value for all stakeholders.

30.     This court has approved similar store closure sales, liquidations, and disposal of assets, also with the assistance of a third-party liquidation consultant or agent, similar to the Sale Guidelines, in several recent chapter 11 cases involving retail debtors.  *See, e.g.*, *In re Quicksilver, Inc.*, Case No. 15-11880 (Bankr. D. Del. Oct. 7, 2015); *In re RadioShack Corp.*, Case No. 15-10197 (Bankr. D. Del. Feb. 20, 2015); *In re Coldwater Creek Inc.*, Case No. 14-

10867 (Bankr. D. Del. May 7, 2014); *In re Samsonite Co. Stores, LLC,* 2009 Bankr. LEXIS 4839 (Sept. 10, 2009).

31.     Accordingly, the Debtors have a compelling business justification—to efficiently and effectively liquidate Store Assets for maximum value—for seeking approval to continue the Closing Sales pursuant to section 363(b) and in accordance with the Sale Guidelines.

**C.     Sale of the Store Assets Free and Clear of Liens, Claims and Encumbrances is Authorized Under Section 363 of the Bankruptcy Code**

32.     A debtor in possession may sell property under section 363(b) and section 363(f) of the Bankruptcy Code "free and clear of any interest in such property of an entity other than the estate" if any one of the following conditions is satisfied:

> "(1)    applicable non-bankruptcy law permits the sale of such property free and clear of such interest;
>
> (2)    such entity consents;
>
> (3)    such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4)    such interest is a bona fide dispute; or
>
> (5)    such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest."

11 U.S.C. § 363(f).

33.     Although the term "any interest" is not defined in the Bankruptcy Code, the Third Circuit has noted the trend in modern cases toward a "broader interpretation which includes other obligations that may flow from ownership of the property." *Folger Adam Security, Inc. v. DeMatteis/MacGregor, JV*, 209 F.3d 252, 258-59 (3d Cir. 2000). The scope of section 363(f) is not limited to *in rem* interests in a debtor's assets. *Id.* (citing *In re Leckie Smokeless Coal Co.*, 99 F.3d 573, 581-82 (4th Cir. 1996)). A debtor can therefore sell its assets under section 363(f) free and clear of successor liability that otherwise would have arisen under federal statute. *Id.*

01:18375416.1

34.     The Debtors request approval to sell the Store Assets on a final "as is" basis, free and clear of any Encumbrances in accordance with section 363(f) of the Bankruptcy Code.  The Debtors anticipate that they will be able to satisfy one or more of the conditions set forth in section 363(f) in connection with any Encumbrance a party may assert against the Store Assets. Indeed, the lenders under (a) ABL Credit Agreement, and (b) the FILO Agreement, which have first priority perfected security interests in the Store Assets, have expressly consented to selling the Store Assets free and clear of Encumbrances.  Furthermore, the Debtors propose that any such liens, claims, and encumbrances be transferred and attached to the proceeds of the Closing Sales, as applicable, with the same priority and subject to the same rights, claims, defenses, and objections, if any, of all parties with respect thereto.

35.     This court has approved similar relief in several recent chapter 11 cases involving retail debtors.  *See, e.g.*, *In re Quicksilver, Inc.*, Case No. 15-11880 (Bankr. D. Del. Oct. 7, 2015); *In re RadioShack Corp.*, Case No. 15-10197 (Bankr. D. Del. Feb. 20, 2015).

**D.      Waiver of Contractual Restrictions in Leases Restricting the Closing Sales is Authorized and Appropriate**

36.     The Debtors recognize that the Closing Sales and the Sale Guidelines may be inconsistent with certain Contractual Restrictions contained in leases, agreements, licenses, recorded documents or other obligations applicable to certain Closing Stores.  However, the Debtors request that the Court override or invalidate any Contractual Restrictions that may impair the Debtors' ability to conduct the Closing Sales at the Closing Stores.

37.     Store closing or liquidation sales have become a routine aspect of chapter 11 cases involving retail debtors.  Such sales are consistently approved by courts despite provisions in various contractual and recorded documents that seek and purport to prohibit or restrict such sales.  *See In re R.H. Macy & Co.*, 170 B.R. 69, 77 (Bankr. S.D.N.Y. 1994) (restrictive lease

provision is unenforceable against debtor seeking to conduct going-out-of-business sale "because it conflicts with the Debtor's fiduciary duty to maximize estate assets"); *In re Ames Dep't Stores, Inc.*, 136 B.R. 357, 359 (Bankr. S.D.N.Y. 1992) ("[T]o enforce the anti-[going out-of-business] sale clause of the Lease would contravene overriding federal policy requiring Debtor to maximize estate assets by imposing additional constraints never envisioned by Congress."); *In re Tobago Bay Trading Co.*, 112 B.R. 463, 467 (Bankr. N.D. Ga. 1990) (clause in lease prohibiting going-out-of-business sales is unenforceable).

38.     Here, for the reasons discussed in this Motion and in the First Day Declaration, the Debtors believe that the Closing Sales are an essential and critical component of the Debtors' restructuring strategy.  Therefore, any Contractual Restrictions that would prohibit, restrict, or otherwise interfere with the Closing Sales should be deemed unenforceable.  Courts in this and other jurisdictions have granted similar relief in other bankruptcy cases involving retail debtors, holding that restrictive provisions in various documents are impermissible restraints on a debtor's ability to maximize the value of its assets under section 363 of the Bankruptcy Code. *See, e.g.*, *In re Quicksilver, Inc.*, Case No. 15-11880 (Bankr. D. Del. Oct. 7, 2015); *In re RadioShack Corp.*, Case No. 15-10197 (Bankr. D. Del. Feb. 20, 2015); *In re Coldwater Creek Inc.*, Case No. 14-10867 (Bankr. D. Del. May 7, 2014); *In re Namco, LLC*, Case No. 13-10610 (Bankr. D. Del. Apr. 12, 2013); *In re Borders Grp., Inc.*, Case No. 11-10614 (Bankr. S.D.N.Y. July 21, 2011); *In re Blockbuster Inc.*, Case No. 10-14997 (Bankr. S.D.N.Y. Jan. 20, 2011).

39.     Accordingly, the Debtors respectfully request the Court to waive the applicability or deem unenforceable any Contractual Restrictions with respect to any Closing Stores that could otherwise inhibit the Debtors' ability to conduct the Closing Sales.

E.      **Exemption from Liquidation Laws Imposing Restrictions on the Closing Sales is Warranted and Appropriate**

40.     The Debtors recognize that various Liquidation Laws, including but not limited to state and local rules, laws, ordinances, and regulations that relate to permitting, licensing, bonding, waiting periods, time limits, bulk sale restrictions, and other related laws governing the conduct of store closing, liquidation, or other inventory clearance sales, may apply in certain states in which the Closing Stores are located.  But, such Liquidation Laws often provide that court-ordered liquidation sales are exempt from compliance therewith.

41.     In the event, however, that a Liquidation Law does not expressly waive compliance therewith of a court-supervised bankruptcy sale, the Debtors submit that such Liquidation Law should be deemed to be waived to the extent that it conflicts with section 363 of the Bankruptcy Code.  Here, the Closing Sales are already subject to this Court's supervision. *See* 28 U.S.C. § 1334.  Therefore, this Court is able to supervise the Closing Sales and such supervision adequately protects the public interest and the Debtors' creditors.  Moreover, section 363 requires the Debtors to operate their businesses in a way that maximizes recoveries for creditors, but compliance with Liquidation Laws could constrain the Debtors' ability to marshal and maximize assets for the benefit of creditors.  The Closing Sales are a legitimate method by which the Debtors can maximize returns from the sale of the Store Assets for the benefit of their estates, their creditors, and their stakeholders, in accordance with the obligations under section 363.

42.     Therefore, to the extent that any Liquidation Laws purport to interfere with the Closing Sales, the Debtors seek authority to nevertheless proceed with the Closing Sales without the necessity of, and the delay associated with, complying with such Liquidation Laws (except health and safety laws), which would otherwise require the Debtors to obtain various state

licenses or permits, observe state and local waiting periods or time limits, and/or satisfy any additional requirements with respect to advertising or conducting the Closing Sales, or transferring merchandise among the Debtors' various stores and distribution centers. Specifically, the Debtors submit that such Liquidation Laws should be deemed inapplicable given this Court's supervision of the Closing Sales. The Debtors further request that no other person or entity, including (but not limited to) any governmental unit, including any federal, state, or local agency, department, or governmental authority, or any lessor be allowed to take any action to prevent, interfere with, or otherwise hinder the conduct of the Closing Sales, including the advertisement and promotion of the Closing Sales, as contemplated in the Closing Store Agreement and in accordance with the Sale Guidelines.

43.     The Debtors propose that, to the extent that any governmental unit or other party, including a lessor associated with any Closing Store, seeks to dispute a Closing Sale at a Closing Store on the basis of one or more Liquidation Laws, such party may serve a Liquidation Dispute on the Debtors, in accordance with the Resolution Procedures described in this Motion and set forth in the Interim Order and the Final Order.

44.     Such relief has been granted to other retail debtors by this Court and courts in other jurisdictions. *See, e.g.*, *In re Quicksilver, Inc.*, Case No. 15-11880 (Bankr. D. Del. Oct. 7, 2015); *In re RadioShack Corp.*, Case No. 15-10197 (Bankr. D. Del. Feb. 20, 2015); *In re Coldwater Creek Inc.*, Case No. 14-10867 (Bankr. D. Del. May 7, 2014); *In re Namco,* LLC, Case No. 13-10610 (Bankr. D. Del. Apr. 12, 2013); *In re Borders Grp., Inc.*, Case No. 11-10614 (Bankr. S.D.N.Y. July 21, 2011); *In re Blockbuster Inc.*, Case No. 10-14997 (Bankr. S.D.N.Y. Jan. 20, 2011); *In re Anchor Blue Retail Grp.*, Case No. 09-11770 (Bankr. D. Del. June 18, 2009).

**F.    Abandonment of Certain Property in Connection with the Closing Sales and in Accordance with the Sale Guidelines is Warranted Under Section 554 of the Bankruptcy Code**

45.    Section 554 of the Bankruptcy Code provides that after notice and a hearing, a debtor "may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."  11 U.S.C. § 554(a); s*ee also Hanover Ins. Co. v. Tyco Indus., Inc.*, 500 F.2d 654, 657 (3d Cir. 1974) ("[A trustee] may abandon his claim to any asset, including a cause of action, he deems less valuable than the cost of asserting that claim."). *See, e.g.*, *In re Contract Research Solutions, Inc.*, Case No. 12-11004, 2013 WL 1910286, at *4 (Bankr. D. Del. May 1, 2013) ("[A debtor] need only demonstrate that [it] has exercised sound business judgment in making the determination to abandon.").

46.    Here, in accordance with the Sale Guidelines and with the aid of the Liquidation Consultant, the Debtors will make every reasonable effort to sell all Store Assets at the Closing Stores as quickly and efficiently as possible for the purpose of monetizing such assets and vacating the Closing Stores as soon as possible.  As noted above, the Debtors are seeking to liquidate Merchandise as well as Offered FF&E (which the Debtors have determined is in their best interest to sell) located at each of the Closing Stores, in consultation with the Liquidation Consultant.  However, during the course of the Closing Sales, the Debtors may determine that the costs associated with the continued storage and sale efforts respecting certain Merchandise and/or Offered FF&E is likely to exceed the projected proceeds that could be realized from the sale thereof, or that certain Merchandise, Offered FF&E or other remaining Stores Assets may have low prospects for resale.  In such event, any remaining Store Assets would likely impose a financial burden on the estates, in the form of storage and removal costs, but are unlikely to provide much, if any, value in return to the estates (such remaining Store Assets, the "Remaining Property").

01:18375416.1

47.     To maximize the value of the Debtors' assets and to minimize unnecessary costs to the estates, the Debtors respectfully request authority to designate any property located at the Closing Stores as Remaining Property and to abandon such Remaining Property located at any of the Closing Stores once the applicable Closing Sale has terminated without incurring liability to any person or entity.  Before designating any assets as Remaining Property and/or abandoning any Remaining Property at any Closing Store, the Debtors will have determined in the exercise of their sound business judgment that such Remaining Property to be abandoned by the Debtors is either (a) burdensome to the estates because removal and storage costs for the Remaining Property are likely to exceed any net proceeds therefrom or (b) of inconsequential value and benefit to the estates.

48.     Similar relief for other retail debtors has been approved by courts in this jurisdiction under similar circumstances in recent bankruptcy cases.  *See, e.g.*, *In re Coldwater Creek Inc.*, Case No. 14-10867 (Bankr. D. Del. Dec. 2, 2015); *In re Quicksilver, Inc.*, Case No. 15-11880 (Bankr. D. Del. Oct. 7, 2015).

49.     The Debtors will use all commercially reasonable efforts to remove, or cause to be removed, any confidential or personal identifying information (which alone or in conjunction with other information identifies an individual, including, but not limited to, an individual's name, social security number, date of birth, government-issued identification number, account number, and credit or debit card number) in any of the Debtors' hardware, software, computers or cash registers or similar equipment that constitute any Offered FF&E or any Remaining Property before any such property is sold or abandoned.

50.     Accordingly, the Debtors respectfully request Court authorization to designate and thereafter abandon Remaining Property if they determine that the benefits of retaining such property for storage or resale are greater than the costs of such retention.

**G.    The Bonus Program and Payment of Closing Bonuses is Warranted Under Sections 105(a) and 363(b) of the Bankruptcy Code**

51.     As discussed above, section 105(a) of the Bankruptcy Code empowers a bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title," whereas section 363 empowers the court to authorize a debtor to use assets outside the ordinary course of business for a valid business purpose.  11 U.S.C. §§ 105(a), 363(b).  On the basis of these provisions, the Debtors seek the Court's approval to implement the Bonus Program and to honor their obligations thereunder, subject to entry of a Final Order, in connection with the Closing Sales at the Closing Stores, including the payment of Closing Bonuses to certain of the Debtors' non-insider employees.

52.     The Debtors submit that the Bonus Program and the Closing Bonuses will drive the success of the Closing Sales for the benefit of the Debtors and all creditors.  The Debtors believe that the Closing Bonuses will motivate key personnel at the Closing Stores—especially, the District Managers and the Closing Store Management Teams—to cooperate with the Debtors and the Liquidation Consultant and facilitate the Closing Sales, thereby increasing the Debtors' prospects for maximizing liquidation revenues at the Closing Stores.  For instance, if a District Manager where to quit, such a vacancy would be filled by more expensive personnel of the Liquidation team.  The Debtors further believe that without the Closing Bonuses, the Debtors will be unable to retain the District Managers and the Closing Store Management Team for the benefit of each Closing Store.  Such attrition at this difficult time will cause delays and frustrate the goals of the Closing Sales because the Debtors will need to seek additional employees to

manage the Closing Stores, and such new employees will likely be less familiar with the Merchandise and the operations of the Closing Stores. Ultimately, such delays will reduce the overall success and profitability of the Closing Sales.

53.     The Debtors also believe that providing Closing Bonuses to AP Personnel will drive loss prevention efforts and minimize shrink, and therefore maximize the Debtors' prospects for recoveries at the Closing Stores. The Debtors believe that without such incentives, the Debtors are likely to lose key AP Personnel, and in any event, increase the shrink levels and thereby increase the Debtors' losses.

54.     Therefore, the Debtors submit that there is ample justification and compelling business reasons for implementing the Bonus Program and paying the Closing Bonuses associated with the Closing Sales. Bonuses in connection with store closing sales in the retail industry are a typical practice in many store liquidations. Indeed, courts in this jurisdiction have approved similar bonus programs under similar circumstances in other retail bankruptcy cases. *See, e.g.*, *In re Quicksilver, Inc.*, Case No. 15-11880 (Bankr. D. Del. Oct. 7, 2015); *In re RadioShack Corp.*, Case No. 15-10197 (Bankr. D. Del. Feb. 20, 2015); *In re Ultimate Acquisition Partners, LP*, Case No. 11-10245 (Bankr. D. Del. Feb. 11, 2011); *In re KB Toys*, Case No. 08-13269 (Bankr. D. Del. Dec. 18, 2008).

55.     Accordingly, the Debtors respectfully submit that the Bonus Program and the Closing Bonuses warrant approval under sections 105(a) and 363 of the Bankruptcy Code.

**H.     Appointment of a Consumer Privacy Ombudsman is Not Required by Sections 332 and 363(b)(1) of the Bankruptcy Code**

56.     Section 363(b)(1) of the Bankruptcy Code provides that a debtor may not sell or lease personally identifiable information unless such sale or lease is consistent with its policies or upon appointment of a consumer privacy ombudsman (a "CPO") pursuant to section 332 of the

Bankruptcy Code.  Section 332 requires the appointment of a CPO no less than seven days in advance of a hearing on a sale under section 363(b)(1) so that such CPO can assist the Court in its consideration of a "proposed sale or lease of personally identifiable information under section 363(b)."

57.     Here, pursuant to the Closing Store Agreement, the Liquidation Consultant will not be purchasing any assets from the Debtors, much less personally identifiable information from the Debtors (*e.g.*, customer lists).  The Debtors also do not intend to sell any personally identifiable information in the course of the Closing Sales, and indeed, intend to scrub all Store Assets to ensure that no confidential and personally identifiable information is transferred in connection with the sale of any such assets.

58.     Accordingly, the Debtors submit that the appointment of a CPO is not necessary in connection with the Closing Sales.[6]

## IMMEDIATE RELIEF IS JUSTIFIED

59.     Pursuant to Bankruptcy Rule 6003, the Court may grant relief within 21 days after the filing of the petition regarding a motion to "use, sell, lease, or otherwise incur an obligation regarding property of the estate" only if such relief is necessary to avoid immediate and irreparable harm.  Fed. R. Bankr. P. 6003(b).  Immediate and irreparable harm exists where the absence of relief would impair a debtor's ability to reorganize or threaten the debtor's future as a going concern.  *See In re Ames Dep't Stores, Inc.*, 115 B.R. 34, 36 n. 2 (Bankr. S.D.N.Y. 1990) (discussing the elements of "immediate and irreparable harm" in relation to Bankruptcy Rule 4001).

---

[6]     The Debtors recognize that there may be other sales under section 363(b)(1) in these Chapter 11 Cases where the appointment of a CPO may be necessary and/or advisable, and intend to work cooperatively with the U.S. Trustee in connection therewith

01:18375416.1

60.     The Third Circuit has interpreted the language "immediate and irreparable harm" in the context of preliminary injunctions, and has instructed that irreparable harm is a continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation. *See, e.g.*, *Norfolk S. Ry. Co. v. City of Pittsburgh*, 235 Fed. App'x 907, 910 (3d Cir. 2007) (citing *Glasco v. Hills*, 558 F.2d 179, 181 (3d Cir. 1977)); *see also In re First NLC Fin. Servs., LLC*, 382 B.R. 547, 549 (Bankr. S.D. Fla. 2008) (holding that Bankruptcy Rule 6003 permits entry of retention orders on an interim basis to avoid irreparable harm).

61.     As described herein and in the First Day Declaration, the Debtors will suffer immediate and irreparable harm without Court authorization for the relief requested herein.

62.     Accordingly, Bankruptcy Rule 6003 has been satisfied and the relief requested herein should be granted.

## REQUEST FOR WAIVER OF STAY

63.     The Debtors request that the Court waive the stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h).  As described above, the relief sought herein is necessary for the Debtors to realize maximum return from  the Closing Sales and, ultimately, to preserve value for their estates and creditors.  Accordingly, the Debtors respectfully request that the Court waive the 14-day stay imposed by Bankruptcy Rule 6004(h), as the exigent nature of the relief sought herein justifies immediate relief.

64.     To implement the foregoing immediately, the Debtors respectfully request a waiver of the notice requirements of Bankruptcy Rule 6004(a) to the extent such requirements are deemed to apply.

01:18375416.1

## DEBTORS' RESERVATION OF RIGHTS

65.     Nothing contained herein is intended, or should be construed, as an admission of the validity of any claim against the Debtors or a waiver of the Debtors' rights to dispute any claim.  The Debtors expressly reserve their rights to contest all Liquidation Disputes and any invoice or claim of any governmental unit, any Landlord, or any other party.  Moreover, to the extent the Court grants the relief sought herein, any payment made pursuant to an order of the Court is not intended to be, and should not be construed as, an admission as to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

66.     Nothing contained herein is intended, or should be construed, as an approval, assumption, or rejection of any agreement, contract, or lease other than the Closing Store Agreement under section 365 of the Bankruptcy Code.  This Motion should not be construed as a determination that any leases not associated with the Closing Stores are to be assumed or rejected.

## NOTICE

67.     The Debtors have provided notice of this Motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) holders of the 50 largest unsecured claims on a consolidated basis against the Debtors; (c) Riemer & Braunstein LLP (attn: Donald Rothman) as counsel for (i) Bank of America, N.A., in its capacity as Administrative Agent and Collateral Agent under the Second Amended and Restated Credit Agreement, dated as of May 17, 2012, and (ii) certain DIP Lenders under the Debtors' proposed postpetition financing facility; (d) Brown Rudnick LLP (attn: Robert Stark and Bennett Silverberg) as counsel for (i) Wilmington Savings Fund Society, FSB as Administrative Agent and Collateral Agent under the Amended and Restated Credit Agreement, dated as of May 3, 2006 and amended and restated as of November 16, 2010 and (ii) certain Term Lenders under the Amended and Restated Credit

01:18375416.1

Agreement, dated as of May 3, 2006 and amended and restated as of November 16, 2010; (e)

Choate, Hall & Stewart LLP (attn: Kevin Simard) as counsel for (i) Wells Fargo Bank, National

Association, in its capacity as FILO Agent under the Second Amendment to Second Amended

and Restated Credit Agreement, dated as of November 3, 2015, and (ii) certain DIP Lenders

under the Debtors' proposed postpetition financing facility; (f) O'Melveny & Meyers LLP (attn:

John Rapisardi) as counsel for certain holders of 11.5% Senior Subordinated Notes Due February

19, 2018 under the Securities Purchase Agreement, dated as of May 3, 2006; (g) all holders of

11.5% Senior Subordinated Notes Due February 19, 2018 under the Securities Purchase

Agreement, dated as of May 3, 2006; (h) the Banks; (i) the Landlords; (j) the Applicable

Governmental Units; and (k) all parties that have filed a notice of appearance and request for

service of papers pursuant to Bankruptcy Rule 2002.  Notice of this Motion and any order

entered hereon will be served in accordance with Local Rule 9013-1(m).  In light of the nature of

the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court enter interim and final

orders, substantially in the forms annexed hereto, granting the relief requested herein and such

other and further relief as the Court may deem just and proper.

Dated: March 2, 2016
      Wilmington, Delaware      */s/ Andrew L. Magaziner*
                        Michael R. Nestor (No. 3526)
                        Kenneth J. Enos (No. 4544)
                        Andrew L. Magaziner (No. 5426)
                        YOUNG CONAWAY STARGATT & TAYLOR, LLP
                        Rodney Square
                        1000 North King Street
                        Wilmington, Delaware 19801
                        Telephone:  (302) 571-6600
                        Facsimile:  (302) 571-1253
                        mnestor@ycst.com
                        amagaziner@ycst.com

                        - and -

                        Robert A. Klyman (CA No. 142723)
                        Matthew J. Williams (NY No. 3019106)
                        Jeremy L. Graves (CO No. 45522)
                        Sabina Jacobs (CA No. 274829)
                        GIBSON, DUNN & CRUTCHER LLP
                        333 South Grand Avenue
                        Los Angeles, CA 90071-1512
                        Telephone: (213) 229-7000
                        Facsimile: (213) 229-7520
                        rklyman@gibsondunn.com
                        mjwilliams@gibsondunn.com
                        jgraves@gibsondunn.com
                        sjacobs@gibsondunn.com

                        *Proposed Counsel to the Debtors and*
                        *Debtors in Possession*

## EXHIBIT A

**PROPOSED INTERIM ORDER**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SPORTS AUTHORITY HOLDINGS, INC., *et al.*,[1] | Case No. 16-10527 (___) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. ___** |

### INTERIM ORDER (A) AUTHORIZING THE DEBTORS TO ASSUME CLOSING STORE AGREEMENT; (B) AUTHORIZING AND APPROVING CLOSING SALES FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES; (C) AUTHORIZING THE IMPLEMENTATION OF CUSTOMARY EMPLOYEE BONUS PROGRAM AND PAYMENTS TO NON-INSIDERS THEREUNDER; (D) APPROVING DISPUTE RESOLUTION PROCEDURES; AND (E) APPROVING THE DEBTORS' STORE CLOSING PLAN

Upon the *Debtors' Emergency Motion for Interim and Final Orders (A) Authorizing the Debtors to Assume Closing Store Agreement; (B) Authorizing and Approving Closing Sales Free and Clear of All Liens, Claims and Encumbrances; (C) Authorizing the Implementation of Customary Employee Bonus Program and Payments to Non-Insiders Thereunder; (D) Approving Dispute Resolution Procedures; and (E) Approving the Debtors' Store Closing Plan* (the "Motion")[2] filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"); and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and the Court having found that venue of these cases and the Motion in this District is proper pursuant to

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  Sports Authority Holdings, Inc. (9008); Slap Shot Holdings, Corp. (8209); The Sports Authority, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664).  The headquarters for the above-captioned Debtors is located at 1050 West Hampden Avenue, Englewood, Colorado 80110.

[2]    All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

28 U.S.C. §§ 1408 and 1409; and the Court having found that this matter is a core proceeding

pursuant to 28 U.S.C. § 157(b); and the Court having found that due and sufficient notice of the

Motion has been given under the particular circumstances and that no other or further notice of

the Motion need be given; and the Court having determined that it may enter a final order

consistent with Article III of the United States Constitution; and upon consideration of the First

Day Declaration; and a hearing having been held to consider the relief requested in the Motion;

and upon the record of the hearing and all of the proceedings had before the Court; and the Court

having found and determined that the relief sought in the Motion is in the best interest of the

Debtors, their estates, their creditors and all other parties in interest; and that the legal and factual

bases set forth in the Motion establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefor,

**FOUND, CONCLUDED AND DETERMINED that:**[3]

A.    The Debtors have advanced sound business reasons for entering into the Closing

Store Agreement on an interim basis as set forth in the Motion and at the hearing, and entering

into the Closing Store Agreement is a reasonable exercise of the Debtors' business judgment and

is in the best interest of the Debtors and their estates.

B.    The Closing Store Agreement was negotiated, proposed, and entered into by

Debtor TSA Stores, Inc. and the Liquidation Consultant without collusion, in good faith and

from arm's length bargaining positions.

---

[3]    The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law
pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To
the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the
extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

01:18375416.1

C.      The Sale Guidelines, as described in the Motion and attached as <u>Exhibit 1</u> hereto, are reasonable and will maximize the returns on the Store Assets for the benefit of the Debtors' estates and creditors.

D.      The Closing Sales, in accordance with the Sale Guidelines and with the assistance of the Liquidation Consultant, will provide an efficient means for the Debtors to liquidate and dispose of the Store Assets as quickly and effectively as possible, and are in the best interest of the Debtors' estates.

E.      The Bonus Program will help the Debtors retain key non-insider personnel, ensure that the Closing Sales are not delayed or frustrated, maximize loss prevention efforts, and minimize shrink.

F.      The Resolution Procedures are fair and reasonable, and comply with applicable law.

G.      The Debtors have represented that, pursuant to the Motion, they are not seeking to either sell or lease personally identifiable information during the course of the Closing Sales at the Closing Stores; <u>provided</u>, <u>however</u>, that the Liquidation Consultant will be authorized to distribute emails and promotional materials to the Debtors' customers consistent with the Debtors' existing policies on the use of consumer information.

H.      The relief set forth herein is necessary to avoid immediate and irreparable harm to the Debtors and their estates, and the Debtors have demonstrated good, sufficient, and sound business purposes and justifications for the relief approved herein.

I.      The entry of this Interim Order is in the best interest of the Debtors and their estates, creditors, and all other parties in interest herein.

01:18375416.1

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein on an interim basis through and including _____, 2016 (the "Interim Period").

2.      On _____, 2016, at _____ (ET), a hearing (the "Final Hearing") will be held before this Court to consider the relief requested in the Motion on a final basis.  All objections, if any, to the Motion shall be in writing and filed with the Court and served on counsel to the Debtors, any duly appointed Committee, and the Liquidation Consultant, as to be received on or before _____, 2016, at 4:00 p.m. (ET).  The Debtors shall file any reply (or replies) to such objections on or before _____, 2016 at 4:00 p.m. (ET) and serve such replies on the objecting parties, as applicable, and any duly appointed committee's counsel.

3.      The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order.  The failure to specifically include any particular provision of the Closing Store Agreement in this Interim Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Closing Store Agreement and all of its provisions, payments and transactions, be and hereby are authorized and approved as and to the extent provided for in this Interim Order.

4.      To the extent there is any conflict between this Interim Order, the Sale Guidelines, and the Closing Store Agreement, the terms of this Interim Order shall control over all other documents, and the Sale Guidelines shall control over the Closing Store Agreement.

**A.      Assumption of the Closing Store Agreement by the Debtors**

5.      The Closing Store Agreement, a copy of which is attached to this Interim Order as Exhibit 2, is hereby assumed, on an interim basis pending the entry of a final order, pursuant to section 365 of the Bankruptcy Code.  The Debtors are authorized to act and perform in

01:18375416.1

4

accordance with the terms of the Closing Store Agreement, including, making payments required

by the Closing Store Agreement to the Liquidation Consultant without the need for any

application of the Liquidation Consultant or a further order of the Court, subject to the Objection

Rights (as defined below).  Within thirty (30) days of the conclusion of all Closing Sales, the

Debtors shall file a summary report of such Closing Sales that will include (i) the stores closed,

(ii) gross revenue from Merchandise sold, and (iii) gross revenue from FF&E sold, and also

provide the U.S. Trustee, any duly appointed official committee of unsecured creditors (the

"Committee"), and the Debtors' postpetition lenders (the "DIP Lenders") with (y) the calculation

of and compensation paid to the Liquidation Consultant and (z) expenses reimbursed to the

Liquidation Consultant; provided, further, that only the U.S. Trustee, the Committee, and the

DIP Lenders, may, within twenty (20) days after such report is filed and information is provided,

object to the compensation paid or expenses reimbursed to the Liquidation Consultant only as to

and on the following grounds: (i) that the calculation of the compensation paid to the Liquidation

Consultant pursuant to the compensation structure contemplated by the Closing Store Agreement

as of the date of this Interim Order was not performed correctly; (ii) the calculation and

reasonableness of any compensation paid to the Liquidation Consultant pursuant to a

compensation structure other than as reflected in the Closing Store Agreement as of the date of

this Interim Order; and (iii) the reasonableness of any expenses reimbursed by the Debtors to the

Liquidation Consultant that were in excess of the expense budget(s) filed with the court prior to

the final hearing on the Motion ((i) through (iii), collectively, the "Objection Rights").

Notwithstanding this or any other provision of this Interim Order, nothing shall prevent or be

construed to prevent the Liquidation Consultant (individually, as part of a joint venture, or

otherwise) or any of its affiliates from (x) guaranteeing a recovery on or otherwise acquiring

Merchandise or FF&E that may not be sold during the Closing Sales, subject to reaching an agreement with the Debtors with respect to such guarantee or other acquisition and providing notice as would be reasonable under the circumstances (including the Closing Sales Team and time within which such Merchandise or FF&E must be removed) of such agreement to the U.S. Trustee and counsel to the Committee and the DIP Lenders and not receiving an objection therefrom; or (y)(1) bidding on the Debtors' assets not subject to the Closing Store Agreement pursuant to an agency agreement or otherwise and (2) the Liquidation Consultant is hereby authorized to bid on and guarantee or otherwise acquire such assets notwithstanding anything to the contrary in the Bankruptcy Code or other applicable law, provided that such guarantee transaction or acquisition is approved by separate order of this Court.  The resolution of the U.S. Trustee's objection to the relief requested in the Motion and memorialized in this Interim Order is not binding on the Liquidation Consultant or the U.S. Trustee in subsequent cases.

**B.**      **Authority to Engage in the Closing Sales at the Closing Stores**

6.      The Debtors are authorized, on an interim basis pending the Final Hearing, pursuant to section 105(a) and section 363(b)(1) of the Bankruptcy Code, to conduct the Closing Sales at the Closing Stores in accordance with this Interim Order, the Sale Guidelines, and the Closing Store Agreement.

7.      The Sale Guidelines are approved in their entirety on an interim basis.

8.      All entities that are presently in possession of some or all of the Merchandise or Offered FF&E in which the Debtors hold an interest that are or may be subject to the Closing Store Agreement or this Interim Order hereby are directed to surrender possession of such Merchandise or Offered FF&E to the Debtors or the Liquidation Consultant.

9.      Except as provided herein, neither the Debtors nor the Liquidation Consultant nor any of their officers, employees, or agents shall be required to obtain the approval of any third

party, including (without limitation) any governmental unit (as defined in section 101(27) of the Bankruptcy Code) or any Landlord, to conduct the Closing Sales at the Closing Stores and any related activities in accordance with the Sale Guidelines.

10.     No Landlord, licensor, property owner, and/or property manager shall prohibit, restrict, or otherwise interfere with any Closing Sale at any Closing Store.

**C.     Conducting the Closing Sales at the Closing Stores**

11.     All newspapers and other advertising media in which the Closing Sales may be advertised and all Landlords of the Closing Stores are directed to accept this Interim Order as binding authority so as to authorize the Debtors and the Liquidation Consultant to conduct the Closing Sales and the sale of Merchandise and Offered FF&E pursuant to the Closing Store Agreement and the Sale Guidelines, including, without limitation, to conduct and advertise the sale of the Merchandise and Offered FF&E in the manner contemplated by and in accordance with this Interim Order, the Sale Guidelines, and the Closing Store Agreement.

12.     Nothing in this Interim Order or the Closing Store Agreement releases the Debtors or the Liquidation Consultant from complying with laws and regulations of general applicability, including, without limitation, public health and safety, criminal, tax, labor, employment, environmental, antitrust, fair competition, traffic and consumer protection laws, including consumer laws regulating deceptive practices and false advertising (collectively, "General Laws").

13.     The Debtors and the Liquidation Consultant are hereby authorized to take such actions as may be necessary and appropriate to implement the Closing Store Agreement and to conduct the Closing Sales without the need for a further order of this Court, including, but not limited to, advertising the sale as a "store closing," "sale on everything," "everything must go," "liquidation sale," "winter clearance outlet," or similar themed sale through the posting of signs

in accordance with the Sale Guidelines, notwithstanding any applicable non-bankruptcy laws that

restrict such sales and activities, and notwithstanding any provision in any lease, sublease,

license or other agreement related to occupancy, "going dark," or abandonment of assets (subject

to the entry of a final order), or other provisions that purport to prohibit, restrict, or otherwise

interfere with the Closing Sales.

14.     No person or entity, including, but not limited to, any Landlord, service providers,

utility provider, and creditor, shall take any action to directly or indirectly prevent, interfere with,

or otherwise hinder the Closing Sales or the sale of Merchandise or Offered FF&E, or the

advertising and promotion of the Closing Sales.

15.     The Liquidation Consultant shall (a) accept the Debtors' validly-issued Gift

Cards, Complimentary Certificates, Rewards Certificates, and Award Certificates (each as

defined in the Customer Programs Motion[4]) that were issued by or on behalf of the Debtors

before the Petition Date in accordance with the Debtors' applicable policies and procedures as

they existed as of the Petition Date, as described in the Customer Programs Motion, and (b)

accept returns of merchandise sold by the Debtors before the Petition Date, provided that such

return is otherwise in compliance with the Debtors' applicable policies and procedures as of the

Petition Date.

16.     All sales of all Store Assets shall be "as is" and final.  Conspicuous signs stating

that "all sales are final" and "as is" will be posted at the cash register areas at all Closing Stores.

17.     The Debtors remain responsible for the payment of any and all sales taxes.  The

Debtors are directed to remit all taxes accruing from the Closing Sales to the applicable

---

[4]     As used herein, the "Customer Programs Motion" refers to the *Debtors' Motion for an Order Authorizing Debtors to Honor and Continue Certain Customer Programs and Customer Obligations in the Ordinary Course of Business* [Docket No. 11].

governmental units as and when due, provided that in the case of a bona fide dispute, the Debtors

are only directed to pay such taxes upon the resolution of the dispute, if and to the extent that the

dispute is decided in favor of the applicable governmental unit.  For the avoidance of doubt, sales

taxes collected and held in trust by the Debtors shall not be used to pay any creditor or any other

party, other than the applicable governmental unit for which the sales taxes are collected.

18.     Pursuant to section 363(f) of the Bankruptcy Code, the Liquidation Consultant, on

behalf of the Debtors, is authorized to sell all Merchandise or Offered FF&E pursuant to the

Closing Store Agreement and in accordance with the Sale Guidelines.  All sales of Merchandise

or Offered FF&E, whether by the Liquidation Consultant or the Debtors, shall be free and clear

of any and all liens, claims, and encumbrances; provided, however, that any liens, claims, and

encumbrances shall attach to the proceeds of the sale of applicable Merchandise or Offered

FF&E with the same validity and priority and to the same extent and amount that any such liens,

claims, and encumbrances had with respect to such Merchandise and/or Offered FF&E, subject

to any claims and defenses that the Debtors may possess with respect thereto and subject to the

Liquidation Consultant's fees and expenses pursuant to the Closing Store Agreement.

19.     To the extent that the Debtors propose to sell or abandon Store Assets that may

contain any personal and/or confidential information about the Debtors' employees and/or

customers (the "Confidential Information"), the Debtors shall remove all such the Confidential

Information from such Store Assets before they are sold or abandoned.

20.     The Debtors and the Liquidation Consultant are authorized and empowered to

transfer Merchandise and other Store Assets among the Closing Stores as well as among the

Debtors' non-Closing Stores.  The Liquidation Consultant is authorized to sell or abandon the

01:18375416.1

9

Debtors' Offered FF&E, in accordance with the terms of the Closing Store Agreement and the

Sale Guidelines.

21.     In accordance with Section 5(K) of the Store Closing Agreement, the Liquidation

Consultant is hereby authorized to supplement the Merchandise in the Closing Stores with goods

of like kind and quality as customarily sold in the Stores (the "Additional Merchandise").  Sales

of Additional Merchandise shall be run through the Debtors' cash register systems; provided,

however, that the Liquidation Consultant shall mark the Additional Merchandise using either a

unique SKU or department number or in such other manner so as to distinguish the sale of

Additional Merchandise from the sale of Merchandise.  The Liquidation Consultant also shall

provide reasonable customer notification in the Closing Stores that Additional Merchandise is

being included in the Closing Sales, including by an explanatory customer notification sign in

each Closing Store, and refer in such sign how a reasonable customer may distinguish the

Additional Merchandise from the Merchandise.  The Liquidation Consultant shall further include

in its printed advertisements that additional merchandise has been purchased by the Liquidation

Consultant and is being added to the Debtors' merchandise.

22.     The transactions under the Store Closing Agreement relating to the Additional

Merchandise are, and shall be construed as, a true consignment from the Liquidation Consultant

to the Debtors in all respects and not a consignment for security purposes.  At all times and for

all purposes, the Additional Merchandise and their proceeds shall be the exclusive property of

the Liquidation Consultant, and no other person or entity (including, without limitation, the

Debtors, or any third person claiming a security interest in the Debtors' property, including any

DIP Lenders shall have any claim against any of the Additional Merchandise or the proceeds

thereof.  The Additional Merchandise shall at all times remain subject to the exclusive control of

the Liquidation Consultant, and the Liquidation Consultant shall insure the Additional

Merchandise and, if required, promptly file any proofs of loss with regard thereto.

**D.      Resolution Procedures for Disputes Regarding Liquidation Laws**

23.      To the extent that the Closing Sales at the Closing Stores are conducted in

accordance with this Interim Order and the Sale Guidelines, and are therefore conducted under

the supervision of this Court, such Closing Sales are authorized notwithstanding any federal,

state or local statute, ordinance, or rule, or licensing requirement directed at regulating "going

out of business," "store closing," similar inventory liquidation sales, or bulk sale laws, including

laws restricting safe, professional and non-deceptive, customary advertising such as signs,

banners, posting of signage, and use of sign-walkers in connection with the sale and including

ordinances establishing license or permit requirements, waiting periods, time limits or bulk sale

restrictions (collectively, the "Liquidation Laws") that contain exemptions for court-ordered

sales.  Given such exemptions, the Debtors shall be presumed to be in compliance with any

Liquidation Laws and are authorized on an interim basis to conduct the Closing Sales in

accordance with the terms of this Interim Order and the Sale Guidelines without the necessity of

showing compliance with any Liquidation Laws during the Interim Period.

24.      To the extent that any governmental unit disputes the Debtors' compliance with

any Liquidation Law, such governmental unit may assert a dispute (a "Liquidation Dispute") by

serving written notice (a "Dispute Notice") of such Liquidation Dispute on the following parties

so as to ensure delivery thereof within 14 days following the service of a final order granting the

relief in the Motion: (a) Gibson, Dunn & Crutcher LLP, 333 South Grand Avenue, Los Angeles,

CA 90071 (Attn: Robert A. Klyman, Esq., and Sabina Jacobs, Esq.), rklyman@gibsondunn.com,

sjacobs@gibsondunn.com; (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000

North King Street, Wilmington, DE 19801 (Attn: Michael R. Nestor, Esq., and Andrew L.

01:18375416.1

Magaziner, Esq.), mnestor@ycst.com, amagaziner@ycst.com; and (c) Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, IL 60606 (Attn: John K. Lyons, Esq.) and 300 S. Grand Ave., Los Angeles, CA 90071 (Attn: Van C. Durrer, II, Esq. and Adithya Mani, Esq.). If the Debtors, the Liquidation Consultant, and such governmental unit are unable to resolve the Liquidation Dispute within 14 days of service of the Dispute Notice, such governmental unit may file a motion with this Court requesting consideration and resolution of the Liquidation Dispute (a "Dispute Resolution Motion"), which shall be heard at the next regularly scheduled omnibus hearing in these Chapter 11 Cases. The filing of a Dispute Resolution Motion shall not be deemed to affect the finality of this Interim Order or to limit or interfere with the Debtors' or the Liquidation Consultant's ability to conduct or to continue to conduct the Closing Sales pursuant to this Interim Order and in accordance with the Sale Guidelines, absent further order of this Court. The dispute resolution procedures relating to any Liquidation Disputes described in this paragraph are referred to as the "Resolution Procedures."

25.      Within two (2) business days of the entry of this Interim Order, the Debtors shall serve copies of this Interim Order, the Closing Store Agreement, and the Sale Guidelines via email, facsimile or regular mail, on (a) the Attorney General's office for each state where the Closing Sales are being held, (b) the county consumer protection agency or similar agency for each county where the Closing Sales are being held, (c) the division of consumer protection for each state where the Closing Sales are being held, (d) the chief legal counsel for the local jurisdiction the Closing Sales are being held (collectively, clauses (a) through (d), the "Applicable Governmental Units"), and (v) the Landlords.

**E.      Bonus Program; Closing Bonuses**

26.      On an interim basis and pending the Final Hearing, the Debtors are authorized but not obligated to implement the Bonus Program for certain non-insider employees as described in

the Motion.  However, for the avoidance of the doubt, the Debtors are not authorized to pay any

Closing Bonuses to insiders of the Debtors, and are not authorized to pay any Closing Bonuses

until the conclusion of the Closing Sales pending entry of the Final Order.

## F.    Miscellaneous

27.    Except with respect to the Closing Store Agreement, nothing in this Interim Order

or the Motion shall be deemed to constitute a postpetition assumption of any agreement under

section 365 of the Bankruptcy Code.

28.    The Closing Store Agreement and related documents may be modified, amended

or supplemented by the parties thereto in accordance with the terms thereof without further order

of this Court.

29.    This Court shall retain exclusive jurisdiction with regard to all issues or disputes

arising from or relating to the implementation, interpretation, or enforcement of this Interim

Order or the Closing Store Agreement, including, but not limited to, any claim or issue relating

to any efforts by any party or person to prohibit, restrict or in any way limit the Closing Sales in

accordance with the Sale Guidelines, or any other disputes related to the Closing Sales.  No

parties or person shall take any action against the Debtors or the Liquidation Consultant until this

Court has resolved such dispute.  This Court shall hear the request of such parties or persons with

respect to any such disputes on an expedited basis, as may be appropriate under the

circumstances.

30.    The Debtors are authorized to issue postpetition checks, or to effect postpetition

fund transfer requests, in replacement of any checks or fund transfer requests in respect of

payments made in accordance with this Interim Order that are dishonored or rejected.

31.    Each of the Debtors' banks and financial intuitions is authorized to honor checks

presented for payment and all fund transfer requests made by the Debtors, to the extent that

sufficient funds are on deposit in the applicable accounts, in accordance with this Interim Order and any other order of this Court.

32.     Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by, any person.

33.     Nothing in this Interim Order is intended to affect any rights of any Applicable Governmental Unit to enforce any law affecting the Debtors' conduct of the Closing Sales prior to the Petition Date.

34.     The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

35.     Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

36.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

Dated: March ___, 2016
Wilmington, Delaware

_____

UNITED STATES BANKRUPTCY JUDGE

**<u>EXHIBIT 1</u>**

**SALE GUIDELINES**

*(see attached)*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SPORTS AUTHORITY HOLDINGS, INC., *et al.*,[1] | Case No. 16-10527 (___) |
| Debtors. | (Jointly Administered) |

## SALE GUIDELINES

The following procedures (the "Sale Guidelines") shall apply to the closing sale (each, a "Closing Sale" and collectively, the "Closing Sales") to be held at each of the store locations operated by the above-captioned debtors in possession (collectively, "Sports Authority") to be closed (collectively, the "Closing Stores" and each, a "Closing Store"), subject to the agreement (the "Closing Store Agreement") dated as of February 17, 2016 by and among Gordon Brothers Retail Partners, LLC ("GBRP"), Tiger Capital Group, LLC ("TCG" and collectively with GBRP, the "Liquidation Consultant"), and Debtor The Sports Authority, Inc. ("Sports Authority"), and in accordance with the order of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court")  and approving the Closing Sales at the Closing Stores in accordance with these Sale Guidelines:

1.      The Closing Sales will commence at the Closing Stores on or about February 23, 2016 (the "Sale Commencement Date") and will terminate on or about June 7, 2016 (the "Sale Termination Date"), subject to Sports Authority's rights to seek extension thereof.

2.      Prior to the commencement of a Closing Sale, the applicable Closing Store shall be identified in a notice filed on the docket in the above-captioned Chapter 11 Cases.

3.      Each Closing Sale shall be conducted so that the Closing Store in which sales are to occur will remain open no longer than during the normal hours of operation provided for in the respective leases for the Closing Stores.

4.      Each Closing Sale shall be conducted at the Closing Stores during the normal business hours maintained at each Closing Store by Sports Authority prior to the filing of their bankruptcy petitions; provided that Sports Authority may in its discretion modify the business hours as necessary or advisable.

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  Sports Authority Holdings, Inc. (9008); Slap Shot Holdings, Corp. (8209); The Sports Authority, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664).  The headquarters for the above-captioned Debtors is located at 1050 West Hampden Avenue, Englewood, Colorado 80110.

5.      Conspicuous signs stating that "all sales are final" and "as is" will be posted at the cash register areas at all Closing Stores.

6.      The Liquidation Consultant and Sports Authority may advertise each Closing Sale as a "store closing," "sale on everything," "everything must go," "liquidation sale," "winter clearance outlet," "winter clearance entire store on sale," or similar themed sale. The Liquidation Consultant and Sports Authority may also have "countdown to closing" signs prominently displayed in a manner consistent with these Sale Guidelines.

7.      The Liquidation Consultant and the Merchant shall be permitted to utilize exterior banners at (i) non-enclosed mall Stores and (ii) enclosed mall Stores to the extent the entrance to the applicable Store does not require entry into the enclosed mall common area; provided, however, that such banners (A) shall not exceed 4 feet by 40 feet in size; (B) shall be located or hung so as to make clear that the Sale is being conducted only at the affected Store; and (C) shall not be wider than the storefront of the Store. Where Closing Stores are located in a non-enclosed mall with other Sports Authority stores in the same retail market, an additional exterior banner labeled "This Location Only" may be used, which additional banner may not exceed 2 feet by 10 feet in size.

8.      Except with respect to the hanging of exterior banners, the Liquidation Consultant and Sports Authority shall not make any alterations to the storefront or exterior walls of any Closing Stores.

9.      No landlord, licensor, property owner, and/or property manager (each, a "Landlord" and collectively, the "Landlords") shall prohibit, restrict, or otherwise interfere with any Closing Sale at any Closing Store.

10.      The Liquidation Consultant and Sports Authority shall not make any alterations to interior or exterior Closing Store lighting.  No property of a Landlord of a Closing Store shall be removed or sold during any Closing Sale.  The hanging of exterior banners or signage or banners in a Closing Store shall not constitute an alteration to a Closing Store.

11.      The Liquidation Consultant and Sports Authority shall be permitted to utilize sign-walkers in a safe and professional manner.

12.      On "shopping center" property, neither Sports Authority or the Liquidation Consultant shall distribute handbills, leaflets or other written materials to customers outside of any Closing Store's premises, unless permitted by the lease or, if distribution is customary in the "shopping center" in which such Closing Store is located; provided that Sports Authority and the Liquidation Consultant may solicit customers in the Closing Stores themselves.  On "shopping center" property, Sports Authority and the Liquidation Consultant shall not use any flashing lights or amplified sound to advertise the Closing Sale or solicit customers, except as permitted under the applicable lease or agreed to by the Landlord.

13.      The Liquidation Consultant and Sports Authority shall be permitted to utilize frames, to be used only with secure tiedowns, and exterior banners at (a) non-enclosed mall Closing Stores and (b) enclosed mall Closing Stores to the extent the entrance to the applicable Closing Store does not require entry into the enclosed mall common area.

14.    With respect to any Closing Stores location in enclosed mall locations, no exterior signs or signs in common areas of a mall shall be used unless otherwise expressly permitted in these Sale Guidelines.

15.    The Liquidation Consultant and Sports Authority shall keep Closing Store premises and surrounding areas clean and orderly consistent with present practices.

16.    Nothing contained in these Sale Guidelines shall be construed to create or impose upon the Liquidation Consultant and Sports Authority any additional restrictions not contained in the applicable lease agreement.

17.    Sports Authority shall have informed the Liquidation Consultant of those items of furniture, fixtures, and equipment located at each Closing Store which are not to be sold (because either Sports Authority does not have the right to sell such items or because Sports Authority wishes to retain such items for itself, or otherwise) (collectively, the "Retained FF&E").

18.    The Liquidation Consultant may advertise and sell all furniture, fixtures, and equipment located at each Closing Store as of the Sale Commencement Date which is not Retained FF&E (collectively, the "Offered FF&E") in a manner consistent with these Sale Guidelines and the Closing Store Agreement.

19.    The purchasers of any Offered FF&E sold at any Closing Stores shall be permitted to remove the Offered FF&E either through the back shipping areas at any time, or through other areas after Closing Store business hours.

20.    All Merchandise (as defined in the Closing Store Agreement) and all Offered FF&E shall be sold free and clear of all claims, liens, and encumbrances.

21.    Upon the earlier of (a) the completion of the Closing Sale at a Closing Store or (b) the Sale Termination Date, the Liquidation Consultant shall leave each Closing Store in broom clean condition and shall abandon all Retained FF&E and all unsold Offered FF&E in a neat and orderly manner.

22.    Sports Authority may abandon any Retained FF&E that it has not removed and any unsold FF&E located at a Closing Store (collectively, the "Remaining Property").

23.    The Liquidation Consultant and its respective agents and representatives shall continue to have exclusive and unfettered access to the Closing Stores until the conclusion of the applicable Sale Term for each Store under the Closing Store Agreement.

24.    The rights of any Landlord as against Sports Authority's estates for any damages caused to a Closing Store shall be reserved in accordance with the provisions of the applicable lease.  If and to the extent that a Landlord of any Closing Store affected hereby contends that the Liquidation Consultant or Sports Authority are in breach of or default under these Sale Guidelines, such Landlord shall deliver notice on the following parties via email or deliver written notice so as to ensure delivery thereof within one business day thereafter: (a) Gibson, Dunn & Crutcher LLP, 333 South Grand Avenue, Los Angeles, CA 90071 (Attn: Robert A. Klyman, Esq., and Sabina Jacobs, Esq.), rklyman@gibsondunn.com, sjacobs@gibsondunn.com;

(b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 (Attn: Michael R. Nestor, Esq., and Andrew L. Magaziner, Esq.), mnestor@ycst.com, amagaziner@ycst.com; and (c) Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, IL 60606 (Attn:  John K. Lyons, Esq.) and 300 S. Grand Ave., Los Angeles, CA 90071 (Attn: Van C. Durrer, II, Esq. and Adithya Mani, Esq.).

*[End of Sale Guidelines]*

# EXHIBIT 2

## CLOSING STORE AGREEMENT

*(see attached)*

February 17, 2016

TSA Stores, Inc.
1050 West Hampden Avenue
Englewood, Colorado, 80110

      Re:    Store Closing Program

Ladies and Gentlemen:

This letter shall serve as the agreement by and among (a) Gordon Brothers Retail Partners, LLC and Tiger Capital Group, LLC (together, "Consultant") and (b) TSA Stores, Inc. ("Merchant") pursuant to which Consultant shall serve as the exclusive consultant to Merchant to conduct a "store closing" or other mutually agreed upon themed sale ("Sale") at up to two  hundred (200) of Merchant's retail stores that are designated in writing by Merchant subsequent to the date hereof (each a "Store" and collectively, the "Stores"), subject to the terms and conditions set forth herein.

## 1.    __RETENTION__
(A)      Merchant hereby retains Consultant as its exclusive, independent consultant to conduct the Sale at the Stores during the Sale Term (as defined below), and in connection therewith, Consultant shall, throughout the Sale Term:

      (i)      Recommend appropriate discounting to effectively sell all of the Merchandise (as defined below) in accordance with a "store closing" or other mutually agreeable theme, and recommend appropriate point-of-purchase, point-of-sale, and other internal and external advertising in connection therewith.

      (ii)     Provide a sufficient number of qualified supervisors with respect to the Stores to oversee the conduct of the Sale and to oversee the Sale process in the Stores as may be required to maximize sales.  Such supervision shall consist of personnel engaged by Consultant, and mutually agreed upon regional/district managers employed by Merchant who are assigned by Merchant to serve as supervisors in connection with the Sale.

      (iii)    Maintain focused and constant communication with Store-level employees and managers to keep them abreast of strategy and timing and to properly effect Store-level communication by Merchant's employees to customers and others about the Sale.

      (iv)    Establish and monitor accounting functions for the Sale, including evaluation of sales of Merchandise by category, sales reporting and expense monitoring.

      (v)     Coordinate with Merchant so that the operation of the Stores is being properly maintained including ongoing customer service and housekeeping activities.

      (vi)    Recommend appropriate staffing levels for the Stores and appropriate bonus and/or incentive programs for Store employees.

      (vii)   Recommend loss prevention initiatives.

      (viii)   Advise Merchant with respect to the legal requirements of affecting the Sale as a "store closing" or other mutually agreed upon theme in compliance with applicable state and local "going out of business" laws.  In connection with such obligation, Consultant will (i) advise Merchant of the applicable waiting period under such laws, and/or (ii) prepare (in Merchant's

1

name and for Merchant's signature) all permitting paperwork as may be necessary under such laws, deliver all such paperwork to Merchant, and file, on behalf of Merchant, all such paperwork where necessary, and/or (iii) advise where permitting paperwork and/or waiting periods do not apply.

(ix)     Assist the Merchant with rebalancing and consolidation of inventory within and, if necessary, across markets.

(x)      Maintain confidentiality of all proprietary and non-public information regarding the Merchant.

(xi)     Provide such other related services in connection with the Sale as mutually agreed upon by the parties in writing.

Robert Grosskopf is leading the assignment and Mark Herbert will be the lead consultant interfacing with the Merchant on a day-to-day basis.

(B)     In addition to the services outlined in Section 1(A) above, Consultant shall, in close consultation with Merchant, develop, implement, monitor/benchmark, and refine a customized program ("Customer Transition Program") to assist Merchant in transitioning Store customers to Merchant's ongoing stores and ecommerce platforms. The specific parameters of the Customer Transition Program will be mutually agreed by the parties based upon collaborative discussions and feedback among Consultant's merchants and operations staff, Merchant's Store-level personnel, and the various key departmental-designated representatives of Merchant's home office staff; and may include initiatives such as Consultant's:
   (i)     Omnichannel customer experience program;
   (ii)    Customer transition and retention program;
   (iii)   Customer tailored rewards program;
   (iv)    Supplemental gift card promotional program;
   (v)     Internet-based customer location notification program; and
   (vi)    Social media engagement and contest programs;

## 2.     SALE TERM; VACATING STORES
(A)     The term "Sale Term" with respect to each respective Store shall commence on or about February 23, 2016 ("Sale Commencement Date") and shall end on or about June 7, 2016 ("Sale Termination Date"). Notwithstanding the foregoing, Merchant and Consultant may establish an earlier or later "Sale Termination Date" with respect to any one or more Stores (on a per Store basis), and Merchant may unilaterally establish an earlier "Sale Termination Date" for a reasonable number of Stores where circumstances warrant by providing five days' prior notice thereof to Consultant. In the event that a later "Sale Termination Date" is established, Merchant and Consultant shall mutually and in good faith review and revise the initial budget with respect to such store(s) to reflect the extended timeline.

(B)     Upon the conclusion of the Sale Term at each Store, Consultant shall leave such Store in broom clean condition, subject to Consultant's right pursuant to Section 6(D) below to abandon in a neat and orderly manner all unsold Offered FF&E and all Retained FF&E.

## 3.     EXPENSES
(A)     All expenses incident to the conduct of the Sale and the operation of the Stores during the Sale Term (including without limitation all Consultant Controlled Expenses and all other store-level and corporate expenses associated with the Sale) shall be borne by Merchant; except for any of the specifically enumerated "Consultant Controlled Expenses" that exceed the aggregate budgeted amount (as provided in Section 3(B) below) for such Consultant Controlled Expenses.

(B)     Attached hereto as Exhibit A is an initial expense budget for the "Consultant's Controlled Expenses" (consisting of supervision, advertising and Customer Transition Program expenses, and de minimis

2

miscellaneous expenses).  The initial expense budget was developed based upon discussions between Merchant and Consultant regarding a likely group of stores that will close.  The group of stores considered is subject to change, both in composition and number.  To the extent that the Sale actually will be conducted at a different number of stores and/or at different stores than those considered, Merchant and Consultant shall mutually and in good faith equitably revise the budget for the Consultant's Controlled Expenses to reflect the differences between the actual circumstances and the assumed circumstances of the Sale. Consultant will advance funds for the Consultant's Controlled Expenses, and Merchant shall reimburse Consultant therefor (up to the aggregate budgeted amount) in connection with each weekly reconciliation contemplated by Section 5(B) upon presentation of reasonable documentation for such actually-incurred expenses.  Merchant shall be obligated to reimburse Consultant for Consultant Controlled Expenses in addition to Merchant's other obligations under this Agreement (including without limitation the Fees and the FF&E Commission and reimbursement of FF&E Expenses).  Consultant acknowledges that Merchant will place advertising directly.

## 4.    CONSULTANT COMPENSATION

(A)    As used in this Agreement, the following terms shall have the following meanings:

(i)    "First Quality Gross Proceeds" shall mean the gross proceeds of all sales of First Quality Merchandise and service revenue made in the Stores during the Sale Term, net only of sales taxes.

(ii)    "First Quality Merchandise" shall mean all first quality (non-clearance, non-firstmark, non-discontinued) merchandise which  was sold in the Stores during the Sale Term.

(iii)    "Clearance Gross Proceeds" shall mean the gross proceeds of all sales of Clearance Merchandise made in the Stores during the Sale Term, net only of sales taxes.

(iv)    "Clearance Merchandise" shall mean all hard marked or otherwise indicated clearance merchandise which was sold in the Stores during the Sale Term.

(v)    "Merchandise" shall mean all First Quality Merchandise and all Clearance Merchandise sold in the Stores during the Sale Term.

(vi)    "First Quality Merchandise Aggregate Cost Recovery Percentage" shall mean the First Quality Gross Proceeds divided by the Cost Value of the First Quality Merchandise.

(vii)    "Cost Value" with respect to each item of Merchandise shall be determined with reference to the Merchant's books and records maintained in the ordinary course consistent with past periods and practices (and the aggregate body of Merchandise actually sold will be determined using the gross rings method).

(B)    With respect solely to First Quality Merchandise, Merchant shall pay Consultant a "First Quality Merchandise Incentive Fee" as one of the following (e.g., back to first dollar):

| First Quality Merchandise Aggregate Cost Recovery Percentage | First Quality Merchandise Incentive Fee |
| --- | --- |
| Below 115.5% | 0.75% of First Quality Gross Proceeds |
| 115.6% - 119.9% | 1.00% of First Quality Gross Proceeds |
| 120.0% - 123.9% | 1.25% of First Quality Gross Proceeds |
| 124.0% - 128.0% | 1.50% of First Quality Gross Proceeds |
| 128.1 and Above % | 1.75% of First Quality Gross Proceeds |

Merchant's personnel will provide Consultant with reasonable and good faith cooperation and support throughout the Sale Term in connection with the conduct of the Sale.

(C)    With respect solely to Clearance Merchandise, Merchant shall pay Consultant a "Clearance Merchandise Base Fee" of one and a half percent (1.5%) of the Clearance Gross Proceeds.

(D)    The Merchant shall pay the Consultant both the First Quality Merchandise Incentive Fee and the Clearance Merchandise Base Fee (collectively the "Fees").  In connection, and concurrently, with each weekly reconciliation contemplated by Section 5(B) below (but subject to the Final Reconciliation), Merchant shall pay Consultant: (a) 1% of First Quality Gross Proceeds on account of the prior week's sales of First Quality

Merchandise and service revenue as an advance against the First Quality Merchandise Incentive Fee; plus (b) 1.5% of Clearance Gross Proceeds on account of the prior week's sales of Clearance Merchandise as an advance against the Clearance Merchandise Base Fee.  In connection with the Final Reconciliation the parties shall calculate the First Quality Merchandise Aggregate Recovery Percentage and determine if any additional First Quality Merchandise Incentive Fee is due (based upon the First Quality Merchandise Aggregate Recovery Percentage hurdles/formulations set forth in Section 4(B) above), and (x) if so, Merchant shall pay Consultant such additional amounts concurrently with the Final Reconciliation, and (y) if not, Consultant shall refund Merchant an amount equal to the amount by which the payments advanced pursuant to this section 4(D) exceed the total amount owed to Consultant under this Agreement.

(E)      The Fees represents consideration for the Sale (including without limitation the Customer Transition Program), but not including any fees due on account of FF&E-related services contemplated by Section 6 below.

## 5.      **CONDUCT OF SALE; OTHER SALE MATTERS**

(A)      Merchant shall have control over the personnel in the Stores and shall handle the cash, debit and charge card payments for all Merchandise sold during the Sale Term in accordance with Merchant's normal cash management procedures, subject to Consultant's right to audit any such items upon reasonable notice in conjunction with the calculation of its Fees.

(B)      The parties will meet on each Wednesday during the Sale Term to review any Sale matters reasonably requested by either party; and all amounts payable or reimbursable to Consultant for the prior week (or the partial week in the case of the first and last weeks) shall be reconciled and paid within two business days.  No later than thirty (30) days following the end of the Sale, the parties shall complete a final reconciliation and settlement of all amounts contemplated by this Agreement ("Final Reconciliation").  From time to time, upon reasonable notice, each party shall prepare and deliver to the other party such other reports as either party may reasonably request.  Each party to this Agreement shall, at all times during the Sale Term and during the three (3) month period thereafter, provide the other with reasonable access to all information, books and records relating to the Sale and to this Agreement.  All records and reports shall be made available to Consultant and Merchant during regular business hours at the inspected party's location upon reasonable notice; provided that any inspection of such records and reports shall not unreasonably interfere with the inspected party's regular business operations.

(C)      Merchant shall be solely responsible for the computing, collecting, holding, reporting, and paying all sales taxes associated with the sale of Merchandise during the Sale Term, and Consultant shall have absolutely no responsibilities or liabilities therefor.

(D)      Each of Consultant and Merchant shall comply with all federal, state and local laws, rules and regulations applicable to them in connection with their respective obligations as contemplated by this Agreement including, but not limited to with respect to the conduct of the Sale.

(E)      Although Consultant shall undertake its obligations under this Agreement in a manner designed to achieve the desired results of the Sale and to maximize the recovery to the Merchant, Merchant expressly acknowledges that Consultant is not guaranteeing the results of the Sale.

(F)      Merchant acknowledges that the parties are not conducting an inventory of the Merchandise and that Consultant has made no independent assessment of the beginning levels of Merchandise, and Consultant shall not bear any liability for shrink or other loss to the Merchandise.

(G)      All sales of Merchandise in the Stores during the Sale shall be made in the name, and on behalf, of Merchant.  All such sales shall be "final sales" and "as is," and all advertisements and sales receipts will reflect the same.  The Stores shall continue to honor returns and warranties with respect to items purchased prior to the Sale, in accordance with Merchant's policies and procedures pertaining thereto.  Returns and Merchant warranties will not be honored for items purchased as part of the Sale.

(H)    Subject to Consultant fulfilling its obligations as set forth in Section 1(A)(viii) above, Merchant shall take commercially reasonable steps to ensure that no third party (including without limitation Store landlords) will prevent or limit Merchant or Consultant from conducting the Sale as contemplated by this Agreement (including without limitation by promoting the Sale as a "store closing" or other mutually agreed upon handle) throughout the Sale Term.

(I)    During the Sale, Merchant's employees (in quantities consistent with historical periods), and all Store level and corporate level assets and services of the Merchant, shall be made available to the Sale (including without limitation customary central services, trade names, logos, social media sites, customer and email lists, and furniture, fixtures and equipment). Such customer information will only be used for purposes of the Sale in accordance with Merchant's existing policies communicated in writing to the Consultant regarding use thereof, and Merchant maintains ownership of all customer related information.

(J)    Concurrently with the execution of, and as a condition to Consultant's obligations under, this Agreement, Merchant shall fund to Consultant seven hundred-fifty thousand dollars ($750,000) (the "Special Purpose Payment") which shall be held by Consultant until the Final Reconciliation (and Merchant shall not apply the Special Purpose Payment to, or otherwise offset any portion of the Special Purpose Payment against, any weekly reimbursement, payment of Fees, or other amount owing to Consultant under this Agreement prior to the Final Reconciliation). Without limiting any of Consultant's other rights, Consultant may apply the Special Purpose Payment to any unpaid obligation owing by Merchant to Consultant under this Agreement. Any portion of the Special Purpose Payment not used to pay amounts explicitly contemplated by this Agreement shall be returned to Merchant within three days following the Final Reconciliation.

(K)    Subject to (i) compliance with applicable laws; and (ii) the implementation of UCC-type security arrangements satisfactory to Consultant in Consultant's sole discretion; and (iii) the parties' subsequent mutual written agreement with respect to additional goods terms, conditions, and consideration, Consultant shall have the right (but not the obligation) to include additional non-Merchant goods into the Sale. Merchant shall be entitled to a 5.0% commission on all non-Merchant goods included in the Sale.

6.    **FF&E**
(A)    Promptly following the Sale Commencement Date, Merchant shall inform Consultant of those items of furniture, fixtures, and equipment located at the Store which are not to be sold (because Merchant does not have the right to sell such items, because Merchant wishes to retain such items for itself, or otherwise) (collectively, "Retained FF&E").

(B)    With respect to all furniture, fixtures, and equipment located at the Store as of the Sale Commencement Date which is not Retained FF&E (collectively the "Offered FF&E"), Consultant shall have the right to sell such Offered FF&E during the Sale Term on a commission basis equal to seventeen and a half percent (17.5%) of the gross sales of Offered FF&E net only of sales tax ("FF&E Commission").

(C)    Merchant shall reimburse Consultant for its reasonable sale expenses associated with the sale of the Offered FF&E, not to exceed the amount shown on an FF&E expense budget (which shall be in addition to the Consultant Controlled Expenses budget), to be mutually and reasonably agreed to by the parties promptly after Merchant identifies/designates/distinguishes between the Offered FF&E and Retained FF&E ("FF&E Expenses").

(D)    Consultant shall have the right to abandon any unsold Offered FF&E (and all Retained FF&E) at the Store at the conclusion of the Sale Term without liability to Merchant or any third party.

7.    **INSURANCE; RISK OF LOSS**
During the Sale Term: (a) Merchant shall maintain (at its expense) insurance with respect to the Merchandise in amounts and on such terms and conditions as are consistent with Merchant's ordinary course operations, and (b)

each of Merchant and Consultant shall maintain (at each party's respective expense) comprehensive liability insurance covering injuries to persons and property in or in connection with the Stores, in such amounts as are reasonable and consistent with its ordinary practices, for bodily injury, personal injury and/or property damage. Each party shall use commercially reasonable efforts to have the other party added as an additional insured on all such insurance of the other party, and to provide the other party with certificates of all such insurance prior to the commencement of the Sale.

Notwithstanding any other provision of this Agreement, Merchant and Consultant agree that Consultant shall not be deemed to be in possession or control of the Stores, or the Merchandise or other assets located therein or associated therewith, or of Merchant's employees located at the Stores; and Consultant does not assume any of Merchant's obligations or liabilities with respect thereto.

Notwithstanding any other provision of this Agreement, Merchant and Consultant agree that Merchant shall bear all responsibility for liability claims (product liability and otherwise) of customers, employees and other persons arising from events occurring at the Stores, and Merchandise sold in the Stores (excluding any non-Merchant goods included in the Sale pursuant to paragraph 5(K) hereof), before, during and after the Sale Term (except to the extent that any such claim arises from the gross negligence, willful misconduct, or unlawful acts of Consultant).

## 8.  **INDEMNIFICATION**

(A)    Consultant shall indemnify and hold Merchant and its affiliates, and their respective officers, directors, employees, consultants, and independent contractors (collectively, "Merchant Indemnified Parties") harmless from and against all claims, demands, penalties, losses, liability or damage, including, without limitation, reasonable attorneys' fees and expenses, directly or indirectly asserted against, resulting from or related to:

    (i)      Consultant's material breach of or failure to comply with any of its agreements, covenants, representations or warranties contained herein or in any written agreement entered into in connection herewith;

    (ii)    any harassment or any other unlawful, tortious or otherwise actionable treatment of any customers, employees or agents of Merchant by Consultant, its affiliates or their respective officers, directors, employees, agents, independent contractors or representatives (including without limitation any supervisors);

    (iii)   any claims by any party engaged by Consultant as an employee or independent contractor (including without limitation any non-Merchant employee supervisor) arising out of such employment or engagement, except where due to the gross negligence, willful misconduct or unlawful acts of Merchant, its affiliates or their respective officers, directors, employees, agents, independent contractors or representatives; or

    (iv)   the gross negligence, willful misconduct or unlawful acts of Consultant, its affiliates or their respective officers, directors, employees, Consultants, independent contractors or representatives.

(B)    Merchant shall indemnify and hold Consultant, its affiliates and their respective officers, directors, employees, consultants, and independent contractors (collectively, "Consultant Indemnified Parties") harmless from and against all claims, demands, penalties, losses, liability or damage, including, without limitation, reasonable attorneys' fees and expenses, directly or indirectly asserted against, resulting from or related to:

    (i)      Merchant's material breach of or failure to comply with any of its agreements, covenants, representations or warranties contained herein or in any written agreement entered into in connection herewith;

    (ii)    any harassment or any other unlawful, tortious or otherwise actionable treatment of any customers, employees or agents of Consultant by Merchant, its affiliates or their respective officers, directors, employees, agents, independent contractors or representatives;

    (ii)    any claims by any party engaged by Merchant as an employee or independent contractor arising out of such engagement, except where due to the gross negligence, willful misconduct or

               unlawful acts of Consultant, its affiliates or their respective officers, directors, employees, agents, independent contractors or representatives;

(iii)     any consumer warranty or products liability claims relating to any Merchandise (excluding any non-Merchant goods included in the Sale pursuant to paragraph 5(K) hereof); and/or

(iv)     the gross negligence, willful misconduct or unlawful acts of Merchant, its affiliates or their respective officers, directors, employees, agents, independent contractors or representatives.

## 9.    **<u>TERMINATION</u>**

Consultant or Merchant's failure to perform any of their respective material obligations hereunder, which failure shall continue uncured for five days after receipt of written notice thereof to the defaulting party, shall constitute a "Termination Event" hereunder.  If a Termination Event occurs, the non-defaulting party may, in its discretion, elect to terminate this agreement by providing seven business days' written notice thereof to the other party and, in addition to terminating this agreement, pursue any and all rights and remedies and damages resulting from such default; provided, that in no event shall either party be liable to the other for any punitive, exemplary, consequential, incidental, indirect or special damages, including, without limitation, lost profits.

## 10.    **<u>GOVERNING LAW, VENUE, JURISDICTION AND JURY WAIVER</u>**

*THIS AGREEMENT HAS BEEN NEGOTIATED, EXECUTED AND DELIVERED AT AND SHALL BE DEEMED TO HAVE BEEN MADE IN DENVER, COLORADO.  THIS AGREEMENT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF COLORADO, WITHOUT GIVING EFFECT TO SUCH STATE'S PRINCIPLES OF CONFLICTS OF LAWS.  REGARDLESS OF ANY PRESENT OR FUTURE DOMICILE OR PRINCIPAL PLACE OF BUSINESS OF THE PARTIES HERETO, EACH SUCH PARTY HEREBY IRREVOCABLY CONSENTS AND AGREES THAT ANY AND ALL CLAIMS OR DISPUTES BETWEEN THE PARTIES HERETO PERTAINING TO THIS AGREEMENT OR TO ANY MATTER ARISING OUT OF OR RELATED TO THIS AGREEMENT SHALL BE BROUGHT IN (<u>A</u>) ANY STATE OR FEDERAL COURT OF COMPETENT JURISDICTION IN THE STATE OF COLORADO OR (<u>B</u>) ANY UNITED STATES BANKRUPTCY COURT WITH JURISDICTION OVER MERCHANT (THE "BANKRUPTCY COURT") OR ANY COURT HAVING APPELLATE JURISDICTION OVER THE BANKRUPTCY COURT.  BY EXECUTION AND DELIVERY OF THIS AGREEMENT, EACH PARTY SUBMITS AND CONSENTS IN ADVANCE TO SUCH EXCLUSIVE JURISDICTION IN ANY ACTION OR SUIT COMMENCED IN ANY SUCH COURT.  EACH PARTY HERETO HEREBY WAIVES ANY OBJECTION WHICH IT MAY HAVE BASED ON LACK OF PERSONAL JURISDICTION, IMPROPER VENUE OR FORUM NON CONVENIENS AND HEREBY CONSENTS TO THE GRANTING OF SUCH LEGAL OR EQUITABLE RELIEF AS IS DEEMED APPROPRIATE BY SUCH COURT.*

*EACH OF THE PARTIES HERETO HEREBY KNOWINGLY, VOLUNTARILY AND IRREVOCABLY WAIVES ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY CLAIM UPON, ARISING OUT OF OR IN CONNECTION WITH THIS AGREEMENT. EACH OF THE PARTIES HERETO HEREBY CERTIFIES THAT NO REPRESENTATIVE OR AGENT OF ANY OTHER PARTY HERETO HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT SUCH PARTY WOULD NOT SEEK TO ENFORCE THE PROVISIONS OF THIS WAIVER.  EACH OF THE PARTIES HERETO HEREBY ACKNOWLEDGES THAT IT HAS BEEN INDUCED TO ENTER INTO THIS AGREEMENT BY AND IN RELIANCE UPON, AMONG OTHER THINGS, THE PROVISIONS OF THIS PARAGRAPH.*

11.    **<u>MISCELLANEOUS</u>**

(A)        In the event Merchant becomes subject to the jurisdiction of any United States Bankruptcy Court, Merchant shall promptly seek to have this Agreement, and the transactions contemplated by this Agreement assumed/approved by such Bankruptcy Court pursuant to an order reasonably acceptable to Merchant and Consultant.  Consultant hereby discloses to Merchant that an affiliate of Gordon Brothers Retail Partners, LLC (a member of Consultant) serves as an appraiser with respect to certain assets of Merchant (including without limitation merchandise), for certain of Merchant's secured lenders; and Consultant and Merchant hereby agree to cooperate to ensure that appropriate formal disclosures thereof (and of any other required disclosure matters involving the members of Consultant) are timely made in connection with any such Bankruptcy Court proceedings.

[Remainder of Page 8 Intentionally Left Blank]

(B)      This Agreement constitutes the entire agreement between the parties with respect to the matters contemplated hereby and supersedes and cancels all prior agreements, including, but not limited to, all proposals, letters of intent or representations, written or oral, with respect thereto.  This Agreement may not be modified except in a written instrument executed by each of the parties hereto.  No consent or waiver by any party, express or implied, to or of any breach or default by the other in the performance of its obligations hereunder shall be deemed or construed to be a consent or waiver to or of any other breach or default in the performance by such other party of the same or any other obligation of such party.  The failure on the part of any party to complain of any act or failure to act by the other party or to declare the other party in default, irrespective of how long such failure continues, shall not constitute a waiver by such party of its rights hereunder.  Nothing contained in this Agreement shall be deemed to create any relationship between Merchant and Consultant other than that of Consultant as an independent contractor of Merchant, and it is stipulated that the parties are not partners or joint venturers in any way.  Consultant assumes full responsibility for the payment of all compensation (including, if applicable, withholding of income taxes and the payment and withholding of social security and other payroll taxes), workers' compensation, disability benefits and the like of its personnel to the extent applicable to the personnel involved. Consultant represents and warrants that it is in full compliance with all immigration laws, including but not limited to the Immigration Reform and Control Act of 1986 ("IRAC"). Unless expressly set forth herein to the contrary, to the extent that either party's consent is required/requested hereunder, such consent shall not be unreasonably withheld or delayed.  This Agreement shall inure to the benefit of and be binding upon the parties and their respective successors and assigns; provided however, that this Agreement may not be assigned by either party without the prior written consent of the other. Written notices contemplated by this Agreement shall be sent (i) if to Merchant, in person, or by certified or registered U.S. mail, or by nationally recognized overnight delivery service, postage prepaid, such notice being deemed to have been given three (3) business days after the date of mailing, or one (1) business day after the date of mailing if sent via overnight delivery, to Attn: SVP Store Operations, TSA Stores, Inc., 1050 W. Hampden Ave., Englewood, Colorado 80110, with a copy to Attn: Legal Department at the same address, or by email to Douglas Garrett at dgarrett@sportsauthority.com, Brian Martin at blmartin@sportsauthority.com, Jeremy Graves at jgraves@gibsondunn.com, and Adrian Frankum at adrian.frankum@fticonsulting.com ; and (ii) if to Consultant, by email  to Michael Chartock at mchartock@gordonbrothers.com *and* to Daniel Kane at dkane@TigerGroupLLC.com.

Very truly yours,
**Gordon Brothers Retail Partners, LLC**

By: _____

MICHAEL CHARTOCK,
Print Name and Title: Senior Managing Director – Gord Counsel


**Tiger Capital Group, LLC**

By: _____

Print Name and Title:


                                     Agreed and Accepted:
                                     **TSA Stores, Inc.**


                                     By: _____
                                     Print Name and Title:


Exhibits:
A        Initial Budget of Consultant Controlled Expenses

(B)     This Agreement constitutes the entire agreement between the parties with respect to the matters contemplated hereby and supersedes and cancels all prior agreements, including, but not limited to, all proposals, letters of intent or representations, written or oral, with respect thereto. This Agreement may not be modified except in a written instrument executed by each of the parties hereto. No consent or waiver by any party, express or implied, to or of any breach or default by the other in the performance of its obligations hereunder shall be deemed or construed to be a consent or waiver to or of any other breach or default in the performance by such other party of the same or any other obligation of such party. The failure on the part of any party to complain of any act or failure to act by the other party or to declare the other party in default, irrespective of how long such failure continues, shall not constitute a waiver by such party of its rights hereunder. Nothing contained in this Agreement shall be deemed to create any relationship between Merchant and Consultant other than that of Consultant as an independent contractor of Merchant, and it is stipulated that the parties are not partners or joint venturers in any way. Consultant assumes full responsibility for the payment of all compensation (including, if applicable, withholding of income taxes and the payment and withholding of social security and other payroll taxes), workers' compensation, disability benefits and the like of its personnel to the extent applicable to the personnel involved. Consultant represents and warrants that it is in full compliance with all immigration laws, including but not limited to the Immigration Reform and Control Act of 1986 ("IRAC"). Unless expressly set forth herein to the contrary, to the extent that either party's consent is required/requested hereunder, such consent shall not be unreasonably withheld or delayed. This Agreement shall inure to the benefit of and be binding upon the parties and their respective successors and assigns; provided however, that this Agreement may not be assigned by either party without the prior written consent of the other. Written notices contemplated by this Agreement shall be sent (i) if to Merchant, in person, or by certified or registered U.S. mail, or by nationally recognized overnight delivery service, postage prepaid, such notice being deemed to have been given three (3) business days after the date of mailing, or one (1) business day after the date of mailing if sent via overnight delivery, to Attn: SVP Store Operations, TSA Stores, Inc., 1050 W. Hampden Ave., Englewood, Colorado 80110, with a copy to Attn: Legal Department at the same address, or by email to Douglas Garrett at dgarrett@sportsauthority.com, Brian Martin at blmartin@sportsauthority.com, Jeremy Graves at jgraves@gibsondunn.com, and Adrian Frankum at adrian.frankum@fticonsulting.com ; and (ii) if to Consultant, by email to Michael Chartock at mchartock@gordonbrothers.com *and* to Daniel Kane at dkane@TigerGroupLLC.com.

Very truly yours,
**Gordon Brothers Retail Partners, LLC**

By: _____

Print Name and Title:


**Tiger Capital Group, LLC**

By: ___ Daniel M. Cane _____

Print Name and Title: Daniel Kane


                                        Agreed and Accepted:
                                        **TSA Stores, Inc.**


                                        By: _____
                                        Print Name and Title: _____

Exhibits:
A        Initial Budget of Consultant Controlled Expenses

**Tiger Capital Group, LLC**

By: _____

Print Name and Title:


Agreed and Accepted:
**TSA Stores, Inc.**

By: _____

Print Name and Title:

Jeremy Aguilar - CFO    Michael Foss. CEO

Exhibits:

A        Initial Budget of Consultant Controlled Expenses

# The Sports Authority, Inc.
## Initial Budget of Consultant Controlled Expenses
### Exhibit A

| | |
|---|---|
| Est. Start Date | 2/22/2016 |
| Est. End Date | 6/6/2016 |
| # of Weeks | 15.0 |

| | |
|---|---|
| Total Est. Inv - Original Retail | 465,687,596 |
| Total Est. Inv - Current Retail | 349,473,015 |
| Total Est. Inv - Cost | 197,300,000 |

|  |
|---|
| $ |

**GB Expenses**

| | |
|---|---|
| Advertising | 4,800,000 |
| Supervision | 2,092,021 |
| Misc/Legal | 422,750 |
| **Total Expenses** | **7,314,771** |

**Notes:**

*Changes in inventory levels, sale term or other factors may affect the above expense budget.

* Advertising includes all in-store signage, media and other advertising necessary to conduct the sales, as well as customer transition materials.

**EXHIBIT B**

**PROPOSED FINAL ORDER**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SPORTS AUTHORITY HOLDINGS, INC., *et al.*,[1] | Case No. 16-10527 (___) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket Nos. ___ & ___** |

**FINAL ORDER (A) AUTHORIZING THE DEBTORS TO ASSUME CLOSING STORE AGREEMENT; (B) AUTHORIZING AND APPROVING CLOSING SALES FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES; (C) AUTHORIZING THE IMPLEMENTATION OF CUSTOMARY EMPLOYEE BONUS PROGRAM AND PAYMENTS TO NON-INSIDERS THEREUNDER; (D) APPROVING DISPUTE RESOLUTION PROCEDURES; AND (E) APPROVING THE DEBTORS' STORE CLOSING PLAN**

Upon the *Debtors' Emergency Motion for Interim and Final Orders (A) Authorizing the Debtors to Assume Closing Store Agreement; (B) Authorizing and Approving Closing Sales Free and Clear of All Liens, Claims and Encumbrances; (C) Authorizing the Implementation of Customary Employee Bonus Program and Payments to Non-Insiders Thereunder; (D) Approving Dispute Resolution Procedures; and (E) Approving the Debtors' Store Closing Plan* (the "Motion")[2] filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"); and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and the Court having found that venue of these cases and the Motion in this District is proper pursuant to 28

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  Sports Authority Holdings, Inc. (9008); Slap Shot Holdings, Corp. (8209); The Sports Authority, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664).  The headquarters for the above-captioned Debtors is located at 1050 West Hampden Avenue, Englewood, Colorado 80110.

[2]    All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

U.S.C. §§ 1408 and 1409; and the Court having found that this matter is a core proceeding

pursuant to 28 U.S.C. § 157(b); and the Court having found that due and sufficient notice of the

Motion has been given under the particular circumstances and that no other or further notice of

the Motion need be given; and the Court having determined that it may enter a final order

consistent with Article III of the United States Constitution; and upon consideration of the First

Day Declaration; and hearings having been held to consider the relief requested in the Motion;

and upon the record of the hearings and all of the proceedings had before the Court, including the

hearing held on _____, 2016; and the Court having entered that certain *Interim Order*

*(A) Authorizing the Debtors to Assume Closing Store Agreement; (B) Authorizing and Approving*

*Closing Sales Free and Clear of All Liens, Claims and Encumbrances; (C) Authorizing the*

*Implementation of Customary Employee Bonus Program and Payments to Non-Insiders*

*Thereunder; (D) Approving Dispute Resolution Procedures; and (E) Approving the Debtors'*

*Store Closing Plan* on _____, 2016; and the Court having found and determined that the

relief sought in the Motion is in the best interest of the Debtors, their estates, their creditors and

all other parties in interest; and that the legal and factual bases set forth in the Motion establish

just cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor,

### FOUND, CONCLUDED AND DETERMINED that:[3]

A.      The Debtors have advanced sound business reasons for entering into the Closing

Store Agreement as set forth in the Motion and at the hearing, and entering into the Closing Store

---

[3]   The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

Agreement is a reasonable exercise of the Debtors' business judgment and is in the best interest of the Debtors and their estates.

B.       The Closing Store Agreement was negotiated, proposed, and entered into by Debtor TSA Stores, Inc. and the Liquidation Consultant without collusion, in good faith and from arm's length bargaining positions.

C.       The Sale Guidelines, as described in the Motion and attached as <u>Exhibit 1</u> hereto, are reasonable and will maximize the returns on the Store Assets for the benefit of the Debtors' estates and creditors.

D.       The Closing Sales, in accordance with the Sale Guidelines and with the assistance of the Liquidation Consultant, will provide an efficient means for the Debtors to liquidate and dispose of the Store Assets as quickly and effectively as possible, and are in the best interest of the Debtors' estates.

E.       The Bonus Program will help the Debtors retain key non-insider personnel, ensure that the Closing Sales are not delayed or frustrated, maximize loss prevention efforts, and minimize shrink.

F.       The Resolution Procedures are fair and reasonable, and comply with applicable law.

G.       The Debtors have represented that, pursuant to the Motion, they are not seeking to either sell or lease personally identifiable information during the course of the Closing Sales at the Closing Stores; <u>provided</u>, <u>however</u>, that the Liquidation Consultant will be authorized to distribute emails and promotional materials to the Debtors' customers consistent with the Debtors' existing policies on the use of consumer information.

01:18375416.1

3

H.      The relief set forth herein is necessary to avoid immediate and irreparable harm to the Debtors and their estates, and the Debtors have demonstrated good, sufficient, and sound business purposes and justifications for the relief approved herein.

I.      The entry of this Final Order is in the best interest of the Debtors and their estates, creditors, and all other parties in interest herein.

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED on a final basis as set forth herein.

2.      The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Final Order.  The failure to include specifically any particular provision of the Closing Store Agreement in this Final Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Closing Store Agreement and all of its provisions, payments and transactions, be and hereby are authorized and approved on a final basis.

3.      To the extent there is any conflict between this Final Order, the Sale Guidelines, and the Closing Store Agreement, the terms of this Final Order shall control over all other documents, and the Sale Guidelines shall control over the Closing Store Agreement.

**A.      Assumption of the Closing Store Agreement by the Debtors**

4.      The Closing Store Agreement, a copy of which is attached to this Final Order as Exhibit 2, is hereby assumed pursuant to section 365 of the Bankruptcy Code.  The Debtors are authorized to act and perform in accordance with the terms of the Closing Store Agreement, including, making payments required by the Closing Store Agreement to the Liquidation Consultant without the need for any application of the Liquidation Consultant or a further order of the Court, subject to the Objection Rights (as defined below).  Within thirty (30) days of the

conclusion of all Closing Sales, the Debtors shall file a summary report of such Closing Sales that will include (i) the stores closed, (ii) gross revenue from Merchandise sold, and (iii) gross revenue from FF&E sold, and also provide the U.S. Trustee, any duly appointed official committee of unsecured creditors (the "Committee"), and the Debtors' postpetition lenders (the "DIP Lenders") with (y) the calculation of and compensation paid to the Liquidation Consultant and (z) expenses reimbursed to the Liquidation Consultant; provided, further, that only the U.S. Trustee, the Committee, and the DIP Lenders, may, within twenty (20) days after such report is filed and information is provided, object to the compensation paid or expenses reimbursed to the Liquidation Consultant only as to and on the following grounds: (i) that the calculation of the compensation paid to the Liquidation Consultant pursuant to the compensation structure contemplated by the Closing Store Agreement as of the date of this Final Order was not performed correctly; (ii) the calculation and reasonableness of any compensation paid to the Liquidation Consultant pursuant to a compensation structure other than as reflected in the Closing Store Agreement as of the date of this Final Order; and (iii) the reasonableness of any expenses reimbursed by the Debtors to the Liquidation Consultant that were in excess of the expense budget(s) filed with the court prior to the final hearing on the Motion ((i) through (iii), collectively, the "Objection Rights").  Notwithstanding this or any other provision of this Final Order, nothing shall prevent or be construed to prevent the Liquidation Consultant (individually, as part of a joint venture, or otherwise) or any of its affiliates from (x) guaranteeing a recovery on or otherwise acquiring Merchandise or FF&E that may not be sold during the Closing Sales, subject to reaching an agreement with the Debtors with respect to such guarantee or other acquisition and providing notice as would be reasonable under the circumstances (including the Closing Sales Team and time within which such Merchandise or FF&E must be removed) of

such agreement to the U.S. Trustee and counsel to the Committee and the DIP Lenders and not

receiving an objection therefrom; or (y)(1) bidding on the Debtors' assets not subject to the

Closing Store Agreement pursuant to an agency agreement or otherwise and (2) the Liquidation

Consultant is hereby authorized to bid on and guarantee or otherwise acquire such assets

notwithstanding anything to the contrary in the Bankruptcy Code or other applicable law,

provided that such guarantee transaction or acquisition is approved by separate order of this

Court.  The resolution of the U.S. Trustee's objection to the relief requested in the Motion and

memorialized in this Final Order is not binding on the Liquidation Consultant or the U.S. Trustee

in subsequent cases.

**B.      Authority to Engage in the Closing Sales at the Closing Stores**

5.      The Debtors are authorized, pursuant to section 105(a) and section 363(b)(1) of

the Bankruptcy Code, to conduct the Closing Sales at the Closing Stores in accordance with this

Final Order, the Sale Guidelines, and the Closing Store Agreement.

6.      The Sale Guidelines are approved in their entirety.

7.      All entities that are presently in possession of some or all of the Merchandise or

Offered FF&E in which the Debtors hold an interest that are or may be subject to the Closing

Store Agreement or this Final Order hereby are directed to surrender possession of such

Merchandise or Offered FF&E to the Debtors or the Liquidation Consultant.

8.      Except as provided herein, neither the Debtors nor the Liquidation Consultant nor

any of their officers, employees, or agents shall be required to obtain the approval of any third

party, including (without limitation) any governmental unit (as defined in section 101(27) of the

Bankruptcy Code ) or any Landlord, to conduct the Closing Sales at the Closing Stores and any

related activities in accordance with the Sale Guidelines.

9.      No Landlord, licensor, property owner, and/or property manager shall prohibit, restrict, or otherwise interfere with any Closing Sale at any Closing Store.

**C.      Conducting the Closing Sales at the Closing Stores**

10.     All newspapers and other advertising media in which the Closing Sales may be advertised and all Landlords of the Closing Stores are directed to accept this Final Order as binding authority so as to authorize the Debtors and the Liquidation Consultant to conduct the Closing Sales and the sale of Merchandise and Offered FF&E pursuant to the Closing Store Agreement and the Sale Guidelines, including, without limitation, to conduct and advertise the sale of the Merchandise and Offered FF&E in the manner contemplated by and in accordance with this Final Order, the Sale Guidelines, and the Closing Store Agreement.

11.     Nothing in this Final Order or the Closing Store Agreement releases the Debtors or the Liquidation Consultant from complying with laws and regulations of general applicability, including, without limitation, public health and safety, criminal, tax, labor, employment, environmental, antitrust, fair competition, traffic and consumer protection laws, including consumer laws regulating deceptive practices and false advertising (collectively, "General Laws").

12.     The Debtors and the Liquidation Consultant are hereby authorized to take such actions as may be necessary and appropriate to implement the Closing Store Agreement and to conduct the Closing Sales without the need for a further order of this Court, including, but not limited to, advertising the sale as a "store closing," "sale on everything," "everything must go," "liquidation sale," "winter clearance outlet," or similar themed sale through the posting of signs in accordance with the Sale Guidelines, notwithstanding any applicable non-bankruptcy laws that restrict such sales and activities, and notwithstanding any provision in any lease, sublease,

license or other agreement related to occupancy, "going dark," or abandonment of assets, or

other provisions that purport to prohibit, restrict, or otherwise interfere with the Closing Sales.

13.     No person or entity, including, but not limited to, any Landlord, service providers,

utility provider, and creditor, shall take any action to directly or indirectly prevent, interfere with,

or otherwise hinder the Closing Sales or the sale of Merchandise or Offered FF&E, or the

advertising and promotion of the Closing Sales.

14.     The Liquidation Consultant shall (a) accept the Debtors' validly-issued Gift

Cards, Complimentary Certificates, Rewards Certificates, and Award Certificates (each as

defined in the Customer Programs Motion[4]) that were issued by or on behalf of the Debtors

before the Petition Date in accordance with the Debtors' applicable policies and procedures as

they existed as of the Petition Date, as described in the Customer Programs Motion, and (b)

accept returns of merchandise sold by the Debtors before the Petition Date, provided that such

return is otherwise in compliance with the Debtors' applicable policies and procedures as of the

Petition Date.

15.     All sales of all Store Assets shall be "as is" and final.  Conspicuous signs stating

that "all sales are final" and "as is" will be posted at the cash register areas at all Closing Stores.

16.     The Debtors remain responsible for the payment of any and all sales taxes.  The

Debtors are directed to remit all taxes accruing from the Closing Sales to the applicable

governmental units as and when due, provided that in the case of a bona fide dispute, the Debtors

are only directed to pay such taxes upon the resolution of the dispute, if and to the extent that the

dispute is decided in favor of the applicable governmental unit.  For the avoidance of doubt, sales

---

[4]     As used herein, the "Customer Programs Motion" refers to the *Debtors' Motion for an Order Authorizing Debtors to Honor and Continue Certain Customer Programs and Customer Obligations in the Ordinary Course of Business* [Docket No. 11].

taxes collected and held in trust by the Debtors shall not be used to pay any creditor or any other party, other than the applicable governmental unit for which the sales taxes are collected.

17.    Pursuant to section 363(f) of the Bankruptcy Code, the Liquidation Consultant, on behalf of the Debtors, is authorized to sell all Merchandise or Offered FF&E pursuant to the Closing Store Agreement and in accordance with the Sale Guidelines.  All sales of Merchandise or Offered FF&E, whether by the Liquidation Consultant or the Debtors, shall be free and clear of any and all Encumbrances; provided, however, that any liens, claims, and encumbrances shall attach to the proceeds of the sale of applicable Merchandise or Offered FF&E with the same validity and priority and to the same extent and amount that any such liens, claims, and encumbrances had with respect to such Merchandise and/or Offered FF&E, subject to any claims and defenses that the Debtors may possess with respect thereto and subject to the Liquidation Consultant's fees and expenses pursuant to the Closing Store Agreement.

18.    To the extent that the Debtors propose to sell or abandon Store Assets that may contain any personal and/or confidential information about the Debtors' employees and/or customers (the "Confidential Information"), the Debtors shall remove all such the Confidential Information from such Store Assets before they are sold or abandoned.

19.    The Debtors and the Liquidation Consultant are authorized and empowered to transfer Merchandise and other Store Assets among the Closing Stores as well as among the Debtors' non-Closing Stores.  The Liquidation Consultant is authorized to sell or abandon the Debtors' Offered FF&E, in accordance with the terms of the Closing Store Agreement and the Sale Guidelines.

20.    In accordance with Section 5(K) of the Store Closing Agreement, the Liquidation Consultant is hereby authorized to supplement the Merchandise in the Closing Stores with goods

01:18375416.1

of like kind and quality as customarily sold in the Stores (the "Additional Merchandise").  Sales of Additional Merchandise shall be run through the Debtors' cash register systems; provided, however, that the Liquidation Consultant shall mark the Additional Merchandise using either a unique SKU or department number or in such other manner so as to distinguish the sale of Additional Merchandise from the sale of Merchandise.  The Liquidation Consultant also shall provide reasonable customer notification in the Closing Stores that Additional Merchandise is being included in the Closing Sales, including by an explanatory customer notification sign in each Closing Store, and refer in such sign how a reasonable customer may distinguish the Additional Merchandise from the Merchandise.  The Liquidation Consultant shall further include in its printed advertisements that additional merchandise has been purchased by the Liquidation Consultant and is being added to the Debtors' merchandise.

21.     The transactions under the Store Closing Agreement relating to the Additional Merchandise are, and shall be construed as, a true consignment from the Liquidation Consultant to the Debtors in all respects and not a consignment for security purposes.  At all times and for all purposes, the Additional Merchandise and their proceeds shall be the exclusive property of the Liquidation Consultant, and no other person or entity (including, without limitation, the Debtors, or any third person claiming a security interest in the Debtors' property, including any DIP Lenders shall have any claim against any of the Additional Merchandise or the proceeds thereof.  The Additional Merchandise shall at all times remain subject to the exclusive control of the Liquidation Consultant, and the Liquidation Consultant shall insure the Additional Merchandise and, if required, promptly file any proofs of loss with regard thereto.

01:18375416.1

**D.**     **Resolution Procedures for Disputes Regarding Liquidation Laws**

22.     To the extent that the Closing Sales at the Closing Stores are conducted in accordance with this Final Order and the Sale Guidelines, and are therefore conducted under the supervision of this Court, such Closing Sales are authorized notwithstanding any federal, state or local statute, ordinance, or rule, or licensing requirement directed at regulating "going out of business," "store closing," similar inventory liquidation sales, or bulk sale laws, including laws restricting safe, professional and non-deceptive, customary advertising such as signs, banners, posting of signage, and use of sign-walkers in connection with the sale and including ordinances establishing license or permit requirements, waiting periods, time limits or bulk sale restrictions (collectively, the "Liquidation Laws") that contain exemptions for court-ordered sales. Given such exemptions, the Debtors shall be presumed to be in compliance with any Liquidation Laws and are authorized to conduct the Closing Sales in accordance with the terms of this Final Order and the Sale Guidelines without the necessity of showing compliance with any Liquidation Laws.

23.     To the extent that any governmental unit disputes the Debtors' compliance with any Liquidation Law, such governmental unit may assert a dispute (a "Liquidation Dispute") by serving written notice (a "Dispute Notice") of such Liquidation Dispute on the following parties so as to ensure delivery thereof within 14 days following the service of this Final Order: (i) Gibson, Dunn & Crutcher LLP, 333 South Grand Avenue, Los Angeles, CA 90071 (Attn: Robert A. Klyman, Esq., and Sabina Jacobs, Esq.), rklyman@gibsondunn.com, sjacobs@gibsondunn.com; (ii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 (Attn: Michael R. Nestor, Esq., and Andrew L. Magaziner, Esq.), mnestor@ycst.com, amagaziner@ycst.com; and (iii) Skadden, Arps, Slate,

Meagher & Flom LLP, 155 North Wacker Drive, Chicago, IL 60606 (Attn: John K. Lyons, Esq.) and 300 S. Grand Ave., Los Angeles, CA 90071 (Attn: Van C. Durrer, II, Esq. and Adithya Mani, Esq.). If the Debtors, the Liquidation Consultant, and such governmental unit are unable to resolve the Liquidation Dispute within 14 days of service of the Dispute Notice, such governmental unit may file a motion with this Court requesting consideration and resolution of the Liquidation Dispute (a "Dispute Resolution Motion"), which shall be heard at the next regularly scheduled omnibus hearing in these Chapter 11 Cases. The filing of a Dispute Resolution Motion shall not be deemed to affect the finality of this Final Order or to limit or interfere with the Debtors' or the Liquidation Consultant's ability to conduct or to continue to conduct the Closing Sales pursuant to this Final Order and in accordance with the Sale Guidelines, absent further order of this Court. The dispute resolution procedures relating to any Liquidation Disputes described in this paragraph are referred to as the "Resolution Procedures."

24.    Within two (2) business days of the entry of this Final Order, the Debtors shall serve copies of this Final Order, the Closing Store Agreement, and the Sale Guidelines via email, facsimile or regular mail, on (a) the Attorney General's office for each state where the Closing Sales are being held, (b) the county consumer protection agency or similar agency for each county where the Closing Sales are being held, (c) the division of consumer protection for each state where the Closing Sales are being held, (d) the chief legal counsel for the local jurisdiction the Closing Sales are being held (collectively, clauses (a) through (d), the "Applicable Governmental Units"), and (e) the Landlords.

**E.    Bonus Program; Closing Bonuses**

25.    The Debtors are authorized but not obligated to implement and honor the Bonus Program and to pay Closing Bonuses thereunder. The Debtors shall have the authority to

determine the individual amounts of each Closing Bonus, except that the total aggregate cost of

the Bonus Program, in any event, will not exceed 0.5% of the Debtors' overall gross annual

payroll and will not exceed 5.0% of the Debtors' gross annual payroll for the Closing Stores.  In

no event shall Closing Bonuses authorized hereunder by paid to insiders of the Debtors.

**F.     Miscellaneous**

26.     Except with respect to the Closing Store Agreement, nothing in this Final Order

or the Motion shall be deemed to constitute a postpetition assumption of any agreement under

section 365 of the Bankruptcy Code.

27.     The Closing Store Agreement and related documents may be modified, amended

or supplemented by the parties thereto in accordance with the terms thereof without further order

of this Court.

28.     This Court shall retain exclusive jurisdiction with regard to all issues or disputes

arising from or relating to the implementation, interpretation, or enforcement of this Final Order

or the Closing Store Agreement, including, but not limited to, any claim or issue relating to any

efforts by any party or person to prohibit, restrict or in any way limit the Closing Sales in

accordance with the Sale Guidelines, or any other disputes related to the Closing Sales.  No

parties or person shall take any action against the Debtors or the Liquidation Consultant until this

Court has resolved such dispute.  This Court shall hear the request of such parties or persons with

respect to any such disputes on an expedited basis, as may be appropriate under the

circumstances.

29.     The Debtors are authorized to issue postpetition checks, or to effect postpetition

fund transfer requests, in replacement of any checks or fund transfer requests in respect of

payments made in accordance with this Final Order that are dishonored or rejected.

01:18375416.1

13

30.     Each of the Debtors' banks and other financial institutions is authorized to honor checks presented for payment and all fund transfer requests made by the Debtors, to the extent that sufficient funds are on deposit in the applicable accounts, in accordance with this Final Order and any other order of this Court.

31.     Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by, any person.

37.     Nothing in this Final Order is intended to affect any rights of any Applicable Governmental Unit to enforce any law affecting the Debtors' conduct of the Closing Sales prior to the Petition Date.

32.     The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

33.     Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

34.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be immediately effective and enforceable upon its entry.


Dated: _____, 2016
Wilmington, Delaware

_____

UNITED STATES BANKRUPTCY JUDGE

01:18375416.1

14

**<u>EXHIBIT 1</u>**

**SALE GUIDELINES**

*(see attached)*

01:18375416.1

# **EXHIBIT 2**

## **CLOSING STORE AGREEMENT**

*(see attached)*

# **EXHIBIT C**


# **SALE GUIDELINES**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SPORTS AUTHORITY HOLDINGS, INC., *et al.*,[1] | Case No. 16-10527 (___) |
| Debtors. | (Jointly Administered) |

## SALE GUIDELINES

The following procedures (the "Sale Guidelines") shall apply to the closing sale (each, a "Closing Sale" and collectively, the "Closing Sales") to be held at each of the store locations operated by the above-captioned debtors in possession (collectively, "Sports Authority") to be closed (collectively, the "Closing Stores" and each, a "Closing Store"), subject to the agreement (the "Closing Store Agreement") dated as of February 17, 2016 by and among Gordon Brothers Retail Partners, LLC ("GBRP"), Tiger Capital Group, LLC ("TCG" and collectively with GBRP, the "Liquidation Consultant"), and Debtor The Sports Authority, Inc. ("Sports Authority"), and in accordance with the order of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court")  and approving the Closing Sales at the Closing Stores in accordance with these Sale Guidelines:

1.      The Closing Sales will commence at the Closing Stores on or about February 23, 2016 (the "Sale Commencement Date") and will terminate on or about June 7, 2016 (the "Sale Termination Date"), subject to Sports Authority's rights to seek extension thereof.

2.      Prior to the commencement of a Closing Sale, the applicable Closing Store shall be identified in a notice filed on the docket in the above-captioned Chapter 11 Cases.

3.      Each Closing Sale shall be conducted so that the Closing Store in which sales are to occur will remain open no longer than during the normal hours of operation provided for in the respective leases for the Closing Stores.

4.      Each Closing Sale shall be conducted at the Closing Stores during the normal business hours maintained at each Closing Store by Sports Authority prior to the filing of their bankruptcy petitions; provided that Sports Authority may in its discretion modify the business hours as necessary or advisable.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  Sports Authority Holdings, Inc. (9008); Slap Shot Holdings, Corp. (8209); The Sports Authority, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664).  The headquarters for the above-captioned Debtors is located at 1050 West Hampden Avenue, Englewood, Colorado 80110.

5.      Conspicuous signs stating that "all sales are final" and "as is" will be posted at the cash register areas at all Closing Stores.

6.      The Liquidation Consultant and Sports Authority may advertise each Closing Sale as a "store closing," "sale on everything," "everything must go," "liquidation sale," "winter clearance outlet," "winter clearance entire store on sale," or similar themed sale.  The Liquidation Consultant and Sports Authority may also have "countdown to closing" signs prominently displayed in a manner consistent with these Sale Guidelines.

7.      The Liquidation Consultant and the Merchant shall be permitted to utilize exterior banners at (i) non-enclosed mall Stores and (ii) enclosed mall Stores to the extent the entrance to the applicable Store does not require entry into the enclosed mall common area; provided, however, that such banners (A) shall not exceed 4 feet by 40 feet in size; (B) shall be located or hung so as to make clear that the Sale is being conducted only at the affected Store; and (C) shall not be wider than the storefront of the Store. Where Closing Stores are located in a non-enclosed mall with other Sports Authority stores in the same retail market, an additional exterior banner labeled "This Location Only" may be used, which additional banner may not exceed 2 feet by 10 feet in size.

8.      Except with respect to the hanging of exterior banners, the Liquidation Consultant and Sports Authority shall not make any alterations to the storefront or exterior walls of any Closing Stores.

9.      No landlord, licensor, property owner, and/or property manager (each, a "Landlord" and collectively, the "Landlords") shall prohibit, restrict, or otherwise interfere with any Closing Sale at any Closing Store.

10.      The Liquidation Consultant and Sports Authority shall not make any alterations to interior or exterior Closing Store lighting.  No property of a Landlord of a Closing Store shall be removed or sold during any Closing Sale.  The hanging of exterior banners or signage or banners in a Closing Store shall not constitute an alteration to a Closing Store.

11.      The Liquidation Consultant and Sports Authority shall be permitted to utilize sign-walkers in a safe and professional manner.

12.      On "shopping center" property, neither Sports Authority or the Liquidation Consultant shall distribute handbills, leaflets or other written materials to customers outside of any Closing Store's premises, unless permitted by the lease or, if distribution is customary in the "shopping center" in which such Closing Store is located; provided that Sports Authority and the Liquidation Consultant may solicit customers in the Closing Stores themselves.  On "shopping center" property, Sports Authority and the Liquidation Consultant shall not use any flashing lights or amplified sound to advertise the Closing Sale or solicit customers, except as permitted under the applicable lease or agreed to by the Landlord.

13.      The Liquidation Consultant and Sports Authority shall be permitted to utilize frames, to be used only with secure tiedowns, and exterior banners at (a) non-enclosed mall Closing Stores and (b) enclosed mall Closing Stores to the extent the entrance to the applicable Closing Store does not require entry into the enclosed mall common area.

14.     With respect to any Closing Stores location in enclosed mall locations, no exterior signs or signs in common areas of a mall shall be used unless otherwise expressly permitted in these Sale Guidelines.

15.     The Liquidation Consultant and Sports Authority shall keep Closing Store premises and surrounding areas clean and orderly consistent with present practices.

16.     Nothing contained in these Sale Guidelines shall be construed to create or impose upon the Liquidation Consultant and Sports Authority any additional restrictions not contained in the applicable lease agreement.

17.     Sports Authority shall have informed the Liquidation Consultant of those items of furniture, fixtures, and equipment located at each Closing Store which are not to be sold (because either Sports Authority does not have the right to sell such items or because Sports Authority wishes to retain such items for itself, or otherwise) (collectively, the "Retained FF&E").

18.     The Liquidation Consultant may advertise and sell all furniture, fixtures, and equipment located at each Closing Store as of the Sale Commencement Date which is not Retained FF&E (collectively, the "Offered FF&E") in a manner consistent with these Sale Guidelines and the Closing Store Agreement.

19.     The purchasers of any Offered FF&E sold at any Closing Stores shall be permitted to remove the Offered FF&E either through the back shipping areas at any time, or through other areas after Closing Store business hours.

20.     All Merchandise (as defined in the Closing Store Agreement) and all Offered FF&E shall be sold free and clear of all claims, liens, and encumbrances.

21.     Upon the earlier of (a) the completion of the Closing Sale at a Closing Store or (b) the Sale Termination Date, the Liquidation Consultant shall leave each Closing Store in broom clean condition and shall abandon all Retained FF&E and all unsold Offered FF&E in a neat and orderly manner.

22.     Sports Authority may abandon any Retained FF&E that it has not removed and any unsold FF&E located at a Closing Store (collectively, the "Remaining Property").

23.     The Liquidation Consultant and its respective agents and representatives shall continue to have exclusive and unfettered access to the Closing Stores until the conclusion of the applicable Sale Term for each Store under the Closing Store Agreement.

24.     The rights of any Landlord as against Sports Authority's estates for any damages caused to a Closing Store shall be reserved in accordance with the provisions of the applicable lease.  If and to the extent that a Landlord of any Closing Store affected hereby contends that the Liquidation Consultant or Sports Authority are in breach of or default under these Sale Guidelines, such Landlord shall deliver notice on the following parties via email or deliver written notice so as to ensure delivery thereof within one business day thereafter: (a) Gibson, Dunn & Crutcher LLP, 333 South Grand Avenue, Los Angeles, CA 90071 (Attn: Robert A. Klyman, Esq., and Sabina Jacobs, Esq.), rklyman@gibsondunn.com, sjacobs@gibsondunn.com;

(b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 (Attn: Michael R. Nestor, Esq., and Andrew L. Magaziner, Esq.), mnestor@ycst.com, amagaziner@ycst.com; and (c) Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, IL 60606 (Attn:  John K. Lyons, Esq.) and 300 S. Grand Ave., Los Angeles, CA 90071 (Attn: Van C. Durrer, II, Esq. and Adithya Mani, Esq.).

*[End of Sale Guidelines]*

# **EXHIBIT D**

## **LANDLORDS**

*(see attached)*

| Store No. and Property Location | Counterparty |
|---|---|
| 565 - Anchorage<br>8931 Old Seward Hwy.<br>Anchorage, AK 99515 | Realty Income Corporation (Landlord) |
| 566 - Glenn Hwy<br>1200 North Muldoon Road<br>Anchorage, AK 99504 | North Anchorage Real Estate Investores, LLC (Landlord) |
| 567 - Fairbanks<br>391 Merhar Avenue<br>Fairbanks, AK 99701 | J & J Development, LLC (Landlord) |
| 564 - Wasilla<br>1841 East George Parks Highway<br>Wasilla, AK 99654 | BDC Wasilla, L.P. (Landlord) |
| 693 - Avondale<br>10050 W. McDowell Rd.<br>Avondale, AZ 85323 | Inland Western Avondale McDowell LLC (Landlord) |
| 697 - Casa Grande<br>1004 N Promenade Pkwy<br>Casa Grande, AZ 85222 | WP Casa Grande Retail LLC (Landlord) |
| 695 - Chandler<br>3455 West Frye Road<br>Chandler, AZ 85226 | CHANDLER VILLAGE CENTER LLC (Landlord) |
| 797 - Arrowhead Crs<br>7360 W. Bell Road<br>Glendale, AZ 85308 | Karns Real Estate Holdings LLC (Landlord) |
| 792 - Mesa<br>1812 W 8th St<br>Mesa, AZ 85201 | De Rito/ Kimco Riverview, LLC (Landlord) |
| 798 - Superstition Springs<br>6505 E. Southern Ave., Suite #201<br>Mesa, AZ 85206 | East Mesa Adjacent LLC (Landlord Notice) |
| 872C (Old #776) - Oro Valley<br>10805 N. Oracle Rd<br>Oro Valley, AZ 85737 | ROONEY RANCH, LLC (Landlord) |
| 689 - Camelback Road<br>1625 E. Camelback Road<br>Phoenix, AZ 85016 | Rosebud SA Camelback One, LLC (Landlord) |

| Store No. and Property Location | Counterparty |
|---|---|
| 692 - No. Scottsdale<br>7000 E. Mayo Blvd.<br>Phoenix, AZ 85054 | 101 & Scottsdale, LLC (Landlord) |
| 700 - Desert Ridge<br>21001 N Tatum Blvd<br>Phoenix, AZ 85050 | Vestar DRM-OPCO, L.L.C. (Landlord) |
| 793 - Paradise Valley<br>12869 N. Tatum Blvd.<br>Phoenix, AZ 85032 | FTT Village Fair North, LLC (Landlord) |
| 795 - Ahwatukee<br>4820 E Ray Rd<br>Phoenix, AZ 85044 | Hiawatha Limited Liability CO (Landlord) |
| 794 - Scottsdale<br>9009 East Talking Stick Way<br>Scottsdale, AZ 85250 | De Rito Pavilions 140, LLC, (Landlord) |
| 691 - Arizona Mills<br>5000 S Arizona Mills Cir<br>Tempe, AZ 85282 | Arizona Mills Mall, LLC (Landlord) |
| 696 - E Tucson<br>7110 East Broadway<br>Tucson, AZ 85710 | Circle Plaza Associates LLC / Maizlish Circle Plaza (Landlord) |
| 777 - Tucson<br>5185 S. Calle Cruz Road<br>Tucson, AZ 85746 | DDR TUCSON SPECTRUM II LLC (Landlord) |
| 796 - Tucson<br>4225 N. Oracle Rd.<br>Tucson, AZ 85705 | Shelly B. and Barbara J. Detrick (Landlord) |
| 698 - Yuma<br>1448 South Yuma Palms Pkwy<br>Yuma, AZ 85365 | Yuma Palms 1031, LLC (Landlord) |
| 660 - Antioch<br>5839 Lone Tree Way<br>Antioch, CA 94509 | Slatten Ranch, L.P. (Landlord) |
| 676 - Bakersfield<br>4821 Ming Ave.<br>Bakersfield, CA 93309 | 4821 Ming Avenue, LLC (Landlord) |

| Store No. and Property Location | Counterparty |
|---|---|
| 630 - Burbank<br>1900 Empire Ave. #R12<br>Burbank, CA 91504 | Principal Life Insurance Company (Landlord) |
| 686 - Camarillo Ctr<br>351 West Ventura Blvd<br>Camarillo, CA 93010 | SPHEAR Investments LLC c/o Investec Management Corporation (Landlord) |
| 650 - Canoga Park<br>21301 Victory Blvd.<br>Canoga Park, CA 91303 | Bristol Warner Investors LLC (Landlord) |
| 638 - Cerritos<br>11900 South Street<br>Cerritos, CA 90703 | MGP IX LINCOLN STATION, LLC (Landlord) |
| 779 - Chula Vista<br>390 East H Street<br>Chula Vista, CA 91910 | RPT Terra Nova Plaza, LLC (Landlord) |
| 779-sub1CAM - Bed Bath & Beyond (BBB Store #212)<br>390 East H Street<br>Chula Vista, CA 91910 | Bed Bath & Beyond (Subtenant) |
| 779-sub2RNT ONLY - Sprint<br>390 East H Street<br>Chula Vista, CA 91910 | Sprint (Subtenant) |
| 779-sub2RNT ONLY - Sprint<br>390 East H Street<br>Chula Vista, CA 91910 | Sprint (Subtenant) |
| 784 - Citrus Heights<br>5995 Birdcage Centre Ln<br>Citrus Heights, CA 95610 | Birdcage GRF2, LLC (Landlord) |
| 663 - Concord<br>1235 Concord Avenue<br>Concord, CA 94520 | TFG #201 c/o Reynolds & Brown (Landlord) |
| 655 - Corona<br>2437 Tuscanny St.<br>Corona, CA 92881 | Castle & Cooke Corona Crossings, LLC (Landlord) |
| 054 - Corte Madera - Elite<br>435 Corte Madera Ave<br>Corte Madera, CA 94925 | 770 TAMALPAIS DRIVE INC. (Landlord) |

| Store No. and Property Location | Counterparty |
|---|---|
| 720 - Dublin<br>7885 Dublin Blvd<br>Dublin, CA 94568 | Regional Street Joint Venture, LLC (Landlord) |
| 720sign - Dublin Advertising License Agreement<br>7885 Dublin Blvd<br>Dublin, CA 94568 | Downtown Displays LLC (Landlord) |
| 717 - East Palo Alto<br>1775 East Bayshore Road<br>East Palo Alto, CA 94303 | Gateway 101, LLC (Landlord) |
| 079 - Rancho San Diego<br>2983 Jamacha Rd.<br>El Cajon, CA 92019 | Vestar California XVII, LLC (Landlord) |
| 658 - Elk Grove<br>8217 Laguna Boulevard<br>Elk Grove, CA 95758 | Laguna Gateway Phase 2, LP (Landlord) |
| 766 - Emeryville<br>3839 Emery Street<br>Emeryville, CA 94608 | East Bay Bridge Retail, LLC (Landlord) |
| 782 - Encinitas<br>1050 N. El Camino Real<br>Encinitas, CA 92024 | Encinitas Town Center Associates LLC (Landlord) |
| 780 - Escondido<br>1352 W. Valley Pkwy.<br>Escondido, CA 92029 | WGA EVC, LP (Landlord) |
| 065 - Eureka<br>3300 Broadway Street<br>Eureka, CA 95501 | Bay Shore Mall, LP (Landlord) |
| 690 - Fairfield<br>1451 Gateway Blvd<br>Fairfield, CA 94533 | Star-West Solano, LLC (Landlord) |
| 673 - Folsom<br>430 Palladio Pkwy<br>Folsom, CA 95630 | BROADSTONE LAND LLC (Landlord) |
| 845 - DC - CA<br>13053 San Bernardino Ave<br>Fontana, CA 92335 | PAC FINANCE 1, LLC (Landlord) |

| Store No. and Property Location | Counterparty |
|---|---|
| 632 - Fountain Valley<br>9065 Warner Avenue<br>Fountain Valley, CA 92708 | America Southwest Venture I (Landlord) |
| 786 - Fresno East<br>7572 N. Blackstone Ave.<br>Fresno, CA 93720 | Realty Income Corporation (Landlord) |
| 640 - Fullerton<br>1515 S. Harbor Blvd.<br>Fullerton, CA 92832 | Inland Western Fullerson Metrocenter, LLC (Landlord) |
| 657 - Gilroy<br>6735 Camino Arroyo<br>Gilroy, CA 95020 | EXCEL TRUST LP (Landlord) |
| 643P - Glendora<br>1241 S Lone Hill Ave<br>Glendora, CA 91740 | SG Glendora, LLC (Landlord) |
| 653 - Santa Barbara<br>7035 Marketplace Drive<br>Goleta, CA 93117 | Camiono Real, LLC (Landlord) |
| 631 - Hawthorne<br>14555 Oceangate Ave.<br>Hawthorne, CA 90250 | Oceangate Property LLC c.o The ARBA Group (Landlord) |
| 654 - Tustin<br>Market Place 2 - Retail #6<br>Irvine, CA 92602 | Irvine Retail Properties Company (Landlord) |
| 726 - Irvine Spectrum<br>700 Spectrum Center Drive<br>Irvine, CA 92618 | The Irvine Company LLC (Landlord) |
| 684 - La Habra Marketplace<br>1531 West Imperial Highway<br>La Habra, CA 90631 | La Habra Associates LLC c/o DJM Capital Partners (Landlord) |
| 688 - Grossmont Ctr<br>5500 Grossmont Center Dr - Ste 279<br>La Mesa, CA 91942 | Grossmont Center Shopping Center (Landlord) |
| 813C - El Toro<br>24601 Raymond Way<br>Lake Forest, CA 92630 | Pelican Investments #4, LLC (Landlord) |

| Store No. and Property Location | Counterparty |
|---|---|
| 813-sub - O'Reilly Auto Enterprises, LLC<br>24601 Raymond Way<br>Lake Forest, CA 92630 | Pelican Investments #4, LLC (Master Landlord)<br><br>O'Reilly Auto Enterprises, LLC (Subtenant) |
| 665 - Lakewood<br>4950 Faculty Ave<br>Lakewood, CA 90712 | MACERICH LAKEWOOD LP (Landlord) |
| 636 - Long Beach<br>6346-A East Pacific Coast Highway<br>Long Beach, CA 90803 | Marina Pacifica LLC (Landlord) |
| 057 - Topanga Mall - Elite<br>6600 Topanga Canyon Blvd<br>Los Angeles, CA 91303 | Westfield Topanga Owner LP (Landlord) |
| 633 - Northridge<br>9301 Tampa Ave<br>Los Angeles, CA 91324 | GGP NORTHRIDGE FASHION CENTER, LP (Landlord) |
| 637 - West L.A.<br>1919 S Sepulveda Blvd<br>Los Angeles, CA 90025 | Public Storage (Landlord) |
| 652 - Sherman Oaks<br>13730 Riverside Dr<br>Los Angeles, CA 91423 | HOROWITZ FAMILY TRUST AND FRANDSON FAMILY TRUST (Landlord) |
| 714 - Midtown Crossing<br>4550 W Pico Blvd<br>Los Angeles, CA 90019 | MEPT Midtown Crossing LLC (Landlord) |
| 682 - Mall of the Bay<br>1200 Great Mall Drive<br>Milpitas, CA 95035 | Milipitas Mills LP (Landlord) |
| 648 - Mission Viejo<br>25462 El Paseo<br>Mission Viejo, CA 92691 | SBMC Mission Viejo Sportmart (Landlord) |
| 675 - Modesto<br>3501 McHenry<br>Modesto, CA 95356 | Promenade Modesto, LLC (Landlord) |
| 643 - Montclair<br>5445 Moreno Street<br>Montclair, CA 91763 | GSMS 2005-GG4 MORENO DRIVE LIMITED PARTNERSHIP (Landlord) |

| Store No. and Property Location | Counterparty |
|---|---|
| 645 - Moreno Valley<br>12500 Day Street<br>Moreno Valley, CA 92553 | DAY MORENO VALLEY LLC (Landlord) |
| 651 - Murrieta<br>24490 Village Park Walk Place<br>Murrieta, CA 92562 | MGP IX PROPERTIES, LLC (Landlord) |
| 680 - Novato<br>212 Vintage Way - Building L-1<br>Novato, CA 94945 | James Campbell Company, LLC (Landlord) |
| 783 - Oceanside<br>2160 Vista Way<br>Oceanside, CA 92054 | AGC Pacific Coast Plaza LLC (Landlord) |
| 778 - Ontario Mills<br>4655 Mills Cir<br>Ontario, CA 91764 | ONTARIO MILLS LIMITED PARTNERSHIP (Landlord) |
| 764 - Orange<br>20 City Blvd W<br>Orange, CA 92868 | Orange City Mills Limited Partnership (Landlord) |
| 687 - Palm Desert<br>72519 Highway 111<br>Palm Desert, CA 92260 | Pru/Desert Crossing I LLC (Landlord) |
| 659 - Redding<br>1345 Chum Creek Road<br>Redding, CA 96003 | Parker Place Group, LLC (Landlord) |
| 642 - Riverside<br>3380 Tyler Street<br>Riverside, CA 92503 | Jaffee Real Estate Company (Landlord) |
| 040 - Rolling Hills<br>51B Peninsula Center<br>Rolling Hills Estates, CA 90274 | Vestar Peninsula Retail LLC (Landlord) |
| 785 - Roseville<br>6740 Stanford Ranch Rd.<br>Roseville, CA 95678 | PL Roseville LP (Landlord) |
| 668 - Sacramento (Arden Way)<br>3350 Arden Way<br>Sacramento, CA 95825 | Arden Way, LLC & Arden Way #2, LLC (Landlord) |

| Store No. and Property Location | Counterparty |
|---|---|
| 677 - Natomas<br>3631 North Freeway Blvd.<br>Sacramento, CA 95834 | CLPF-Promenade, L.P. (Landlord) |
| 730 - San Clemente<br>550 Camino De Estrella<br>San Clemente, CA 92672 | Kornland Building Company (Landlord Notice) |
| 639 - Balboa San Diego<br>7725 Balboa Avenue<br>San Diego, CA 92111 | KIR VISTA BALBOA, L.P. (Landlord) |
| 644 - Carmel Mtn San Diego<br>11690 Carmel Mountain Road<br>San Diego, CA 92128 | Pacific Carmel Mountain Holdings c/o American Assets Inc (Landlord) |
| 781 - Mission Valley<br>8550 Rio San Diego Dr.<br>San Diego, CA 92108 | RVS Retail LP (Landlord) |
| 679 - San Francisco<br>1690 Folsom St.<br>San Francisco, CA 94103 | Harrigan, Weidenmuller Company (Landlord) |
| 724 - Stonestown<br>233 Winston Dr<br>San Francisco, CA 94132 | STONESTOWN SHOPPING CENTER, L.P. (Landlord) |
| 662 - San Jose<br>680 Blossom Hill Road<br>San Jose, CA 95123 | E. P&G Properties, No. 5, LLC (Landlord) |
| 718 - Stevens Creek<br>5170 Stevens Creek Boulevard<br>San Jose, CA 95129-1043 | CPT Stevens Creek Central, LLC (Landlord) |
| 661 - San Leandro<br>1933 Davis Street<br>San Leandro, CA 94577 | WL Westgate Venture LLC (Landlord) |
| 765 - San Luis Obispo<br>243 Madonna Rd<br>San Luis Obispo, CA 93405 | MADONNA PLAZA SRT LP (Landlord) |
| 672 - San Mateo<br>2250 Bridgepointe Parkway<br>San Mateo, CA 94404 | SPI Property Management Corporation (Landlord) |

| Store No. and Property Location | Counterparty |
|---|---|
| 059 - San Ramon<br>3161 Crow Canyon Pl<br>San Ramon, CA 94583 | FR Crow Canyon, LLC (Landlord) |
| 719 - Sand City<br>905 Playa Ave<br>Sand City, CA 93955 | MO GOLD RIVER, LLC (Landlord) |
| 634 - Santa Ana<br>3900 S. Bristol Street<br>Santa Ana, CA 92704 | SDC/Pacific Development Group (Landlord) |
| 078 - Santa Cruz<br>111 Madrone St<br>Santa Cruz, CA 95060 | Madrone Partners LLC (Landlord) |
| 671 - Santa Rosa<br>1970 Santa Rosa Avenue<br>Santa Rosa, CA 95404 | DS Santa Rosa LP - Santa Rosa Marketplace (Landlord) |
| 656 - Stockton<br>10536 Trinity Parkway<br>Stockton, CA 95219 | EXCEL TRUST, LP (Landlord) |
| 664 - Sunnyvale<br>125 E. El Camino Real<br>Sunnyvale, CA 94087 | Bluett & Associates, Inc. (Master Landlord)<br><br>Home Depot U.S.A., Inc (Sub-Landlord) |
| 664-sub1CAM - Office Depot<br>125 E. El Camino Real<br>Sunnyvale, CA 94087 | Office Depot (Subtenant) |
| 664-sub2CAM - Ross<br>125 E. El Camino Real<br>Sunnyvale, CA 94087 | Ross Dress For Less, Inc. (Subtenant) |
| 646 - Temecula<br>32413 Temecula Parkway<br>Temecula, CA 92592 | Inland Western Temecula Vail, LLC (Landlord) |
| 685 - West Lake Village<br>120 S Westlake Blvd<br>Thousand Oaks, CA 91362 | Westlake Promenade, LLC (Landlord) |
| 729 - Thousand Oaks<br>145 W Hillcrest Dr<br>Thousand Oaks, CA 91360 | Seritage SRC Finance LLC (Landlord) |

| Store No. and Property Location | Counterparty |
|---|---|
| 649 - Torrance<br>3610 Torrance Blvd.<br>Torrance, CA 90503 | THE LIBAW FAMILY, L.P.,HOROWITZ HOLDINGS, LLC, ASSET ACQUISITIONS, LLC, and 3610 PARTNERS, GP (Landlord) |
| 715 - Tracy<br>3200 Naglee Rd<br>Tracy, CA 95304 | Tracy Mall Partners, L.P. (Landlord) |
| 678 - Union City<br>31200 Court House Drive<br>Union City, CA 94587 | Pappas Union City LP (Landlord) |
| 667 - Vacaville<br>1071 Helen Power Drive<br>Vacaville, CA 95687 | Power Plaza LLC (Landlord) |
| 647 - Ventura<br>4870 Telephone Rd<br>Ventura, CA 93003 | VENTURA GATEWAY, LLC (Landlord) |
| 055 - Walnut Creek<br>1675 Olympic Blvd<br>Walnut Creek, CA 94596 | ESCUELA SHOPPING CENTER, LLC (Landlord) |
| 126 - Arvada<br>7410 A West 52nd Avenue<br>Arvada, CO 80002 | W-PT Arvada VII, LLC (Landlord) |
| 126 - Arvada License East Pylon Sign<br>7410 A West 52nd Avenue<br>Arvada, CO 80002 | AuZone Arvada, LLC (Other) |
| 125 - Aurora<br>14140 E Ellsworth Ave<br>Aurora, CO 80012 | Weingarten/Miller/Aurora II LLC, and GDC Aurora, LLC (Landlord) |
| 141 - Southlands<br>6205 S. Main Street<br>Aurora, CO 80016 | Northwood Retail LLC (Landlord) |
| 884 - DC - CO (Sniagrab Warehouse)<br>20901 E 32nd Pkwy<br>Aurora, CO 80011 | WPC-ABC, LLC (Landlord) |
| 138 - Avon (Resort)<br>220 Beaver Creek Pl.<br>Avon, CO 81620 | Traer Creek-EXWMT LLC (Landlord) |

| Store No. and Property Location | Counterparty |
|---|---|
| 046 - Boulder - Elite<br>1750 29th St<br>Boulder, CO 80301 | MACERICH TWENTY NINTH STREET LLC (Landlord) |
| 120 - Boulder Mini Castle<br>3320 N. 28th<br>Boulder, CO 80301 | Rite Aid Corporation (Landlord) |
| 129 - Broadmoor Towne Ctr<br>2120 Southgate Rd<br>Colorado Springs, CO 80906 | GRE BROADMOOR, LLC (Landlord) |
| 131 - Chapel Hills<br>7730 N. Academy<br>Colorado Springs, CO 80920 | DDR MCH West LLC (Landlord) |
| 044 - Cherry Creek<br>3000 E 1st Ave<br>Denver, CO 80206 | Taubman Cherry Creek Shopping Center, L.L.C. (Landlord) |
| 044 - Cherry Creek<br>3000 E 1st Ave<br>Denver, CO 80206 | Taubman Cherry Creek Shopping Center, L.L.C. (Landlord) |
| 101 - Denver Sportscastle<br>1000 Broadway<br>Denver, CO 80203 | 1000 Broadway Co. (Landlord) |
| 101a - Denver Sportscastle (Surface Lot)<br>972 Broadway<br>Denver, CO 80203 | Gart Properties LLC (Landlord) |
| 101a Sub - OUTFRONTmedia (Formerly CBS Outdoor)<br>972 Broadway<br>Denver, CO 80203 | OUTFRONT Media LLC (Formerly CBS Outdoor Inc.) (Subtenant) |
| 101b - Denver Sportscastle (Parking Structure)<br>1042 Broadway<br>Denver, CO 80203 | Najem Co. (Landlord) |
| 804bC - Former Gart Corp. Offices- Broadway<br>1050 Broadway<br>Denver, CO 80203 | Gart Properties LLC (Landlord) |
| 804C - Former Gart Corp. Offices - Lincoln<br>1001 Lincoln St<br>Denver, CO 80203 | 1001 Lincoln, LLC (Landlord) |

| Store No. and Property Location | Counterparty |
|---|---|
| 804Csub - Department of Corrections<br>1001 Lincoln St<br>Denver, CO 80203 | Department of Corrections (Subtenant) |
| 890 - DC - CO (Kalamath)<br>50 S Kalamath St<br>Denver, CO 80223 | DGH KALAMATH, LLC (Landlord) |
| 132 - Dillon (Resort)<br>306 Dillon Ridge Road<br>Dillon, CO 80435 | DILLON RIDGE MARKETPLACE III LLC (Landlord) |
| 190 - Durango<br>800 S Camino Del Rio<br>Durango, CO 81301 | Durango Mall LLC (Landlord) |
| 953 - TSA Corporate Office (South)-Englewood<br>1050 W Hampden Ave<br>Englewood, CO 80110 | Etkin Johnson Group, LLC (Landlord) |
| 956 - TSA Corporate Office (North)-Englewood<br>1090 W Hampden Ave<br>Englewood, CO 80110 | Etkin Johnson Group, LLC (Landlord) |
| 109 - Ft. Collins Mini Castle<br>425 S. College Drive<br>Fort Collins, CO 80524 | Wells Fargo Bank West, NA (Landlord) |
| 109 - Ft. Collins Mini Castle<br>425 S. College Drive<br>Fort Collins, CO 80524 | Wells Fargo Bank West, NA (Landlord) |
| 109P - Foothills Mall<br>205 East Foothills Pkwy<br>Fort Collins, CO 80525 | Walton Foothills Holdings VI, L.L.C. (Landlord Notice) |
| 110 - Front Range Village Center<br>4417 Corbett Drive<br>Fort Collins, CO 80528 | Ramco-Gershenson Properties, L.P. (Landlord) |
| 142 - Glendale<br>370 S. Colorado Blvd<br>Glendale, CO 80246 | WEINGARTEN NOSTAT, INC. (Landlord) |
| 124 - Glenwood Springs (Resort)<br>125 East Meadows Drive<br>Glenwood Springs, CO 81601 | WMG MEADOWS LLC (Landlord) |

| Store No. and Property Location | Counterparty |
|---|---|
| 015 - Grand Junction<br>2424 Hwy. 6 & 50<br>Grand Junction, CO 81505 | SM MESA MALL, LLC (Landlord) |
| 112 - Greeley<br>4114 Centerplace Drive<br>Greeley, CO 80364 | Centerplace of Greeley III, LLC (Landlord) |
| 128 - Arapahoe<br>9000 E. Peakview Blvd.<br>Greenwood Village, CO 80111 | OLP Greenwood Village, Colorado, Inc. (Landlord) |
| 128 - Arapahoe<br>9000 E. Peakview Blvd.<br>Greenwood Village, CO 80111 | OLP Greenwood Village, Colorado, Inc. (Landlord) |
| 045 - Highlands Ranch<br>1265 Sergeant Jon Stiles Dr<br>Highlands Ranch, CO 80129 | TCN I, LLC (Landlord) |
| 136 - Denver West<br>14500 West Colfax<br>Lakewood, CO 80401 | COLORADO MILLS, LP (Landlord) |
| 127 - Bowles<br>8055 W Bowles Ave<br>Littleton, CO 80123 | Vestar Properties, Inc. (Landlord) |
| 134 - Park Meadows<br>7848 County Line Road<br>Littleton, CO 80124 | Mariners, LLC (Landlord) |
| 018 - Longmont (Relo)<br>1240 S Hover Rd, Suite #100<br>Longmont, CO 80501 | NMMS Twin Peaks, LLC (Landlord) |
| 878C (Old #018) - Longmont<br>2251 Ken Pratt Blvd<br>Longmont, CO 80501 | RLET Properties Burlington Village LLC (Landlord) |
| 143 - Montrose<br>3451 South Rio Grande<br>Montrose, CO 81401 | River Landing Development, LLC (Landlord) |
| 111 - Northglenn<br>251 W. 104th<br>Northglenn, CO 80234 | HQ8-10410-10450 Melody Lane LLC (Landlord) |

| Store No. and Property Location | Counterparty |
|---|---|
| 137 - Parker<br>11445 S. 20 Mile Road<br>Parker, CO 80134 | DDR MDT Flatacres Marketcenter LLC (Landlord) |
| 113 - Pueblo<br>3325 Dillon Dr<br>Pueblo, CO 81008 | Renaissance Partners I, LLC (Landlord) |
| 140 - Steamboat (Resort)<br>705 Marketplace Plaza South<br>Steamboat Springs, CO 80487 | JJB Family LLC (Landlord) |
| 121 - Vail (Resort)<br>2161 N. Frontage Road<br>Vail, CO 81657 | West Vail Mall Corp. (Landlord) |
| 133 - Westminster<br>9219 Sheridan Blvd.<br>Westminster, CO 80031 | SBMC Westminster (Landlord) |
| 147 - Bridgeport<br>4543 Main Street<br>Bridgeport, CT 06606 | Brookside (E&A), LLC c/o EDENS (Landlord) |
| 150 - Danbury<br>13 Sugarhollow Rd.<br>Danbury, CT 06810 | Danbury Commons Associates L.P. (Landlord) |
| 155 - West Hartford<br>1600 Southeast Rd.<br>Farmington, CT 06032 | Price Reit c/o Kimco Realty Corp. (Landlord) |
| 153 - North Haven<br>180 Universal Dr N<br>North Haven, CT 06473 | North Haven Holdings LP (Landlord) |
| 152 - Norwalk<br>444 Connecticut Ave.<br>Norwalk, CT 06854 | Winwalk Realty, LLC c/o Win Properties Inc (Landlord) |
| 488 - Waterbury<br>425 Bank Street<br>Waterbury, CT 06706 | Phoenix Waterbury LLC (Landlord) |
| 455 - Concord<br>1100 Rocky Run Pkwy.<br>Wilmington, DE 19803 | Brandywine Commons, LLC (Landlord) |

| Store No. and Property Location | Counterparty |
|---|---|
| 331 - Altamonte Springs East<br>375 E. Altamonte Drive #1750<br>Altamonte Springs, FL 32701 | The Price Reit Renaissance Partnership, L.P. (Landlord) |
| 359 - Altamonte Springs<br>380 S. State Rd. 434<br>Altamonte Springs, FL 32714 | West Town Corners, LLC (Landlord) |
| 346 - Aventura<br>18499 Biscayne Blvd.<br>Aventura, FL 33160 | Biscayne Grantor Trust (Landlord) |
| 346-subCAM - Ross<br>18499 Biscayne Blvd.<br>Aventura, FL 33160 | Ross Dress For Less, Inc. (Subtenant) |
| 351 - Boca Raton<br>20851 State Road 7<br>Boca Raton, FL 33428 | Baker-Boca Raton, LLC (Landlord) |
| 352 - Boynton Beach<br>363 N. Congress Ave.<br>Boynton Beach, FL 33426 | IA Boynton Beach Congress, LLC (Landlord) |
| 386 - Bradenton<br>201 Cortez Road West<br>Bradenton, FL 34207 | HAP Realty LLC (Landlord) |
| 386sub - Outfront Media (Formerly CBS Outdoor)<br>201 Cortez Road West<br>Bradenton, FL 34207 | Outfront Media (Formerly CBS Outdoor) (Subtenant) |
| 389 - Brandon<br>11335 Causeway Blvd.<br>Brandon, FL 33511 | BRE DDR Lake Brandon Village, LLC c/o DDR Corp. (Landlord) |
| 394 - Cape Coral<br>1810 Pine Island Road NE<br>Cape Coral, FL 33909 | Coral Walk FL, LLC c/o Schottenstein Property Group LLC (Landlord) |
| 388 - Citrus Park<br>12601 Citrus Plaza Dr.<br>Citrus Park, FL 33625 | KIR Tampa 003, LLC c/o Kimco Realty Corp (Landlord) |
| 380 - Clearwater<br>23662 US Hwy. 19 North<br>Clearwater, FL 33765 | Weingarten Nostat, Inc. (Landlord) |

| Store No. and Property Location | Counterparty |
|---|---|
| 337 - Coral Springs<br>9188 Wiles Rd<br>Coral Springs, FL 33067 | Kmart Corporation (Landlord) |
| 366 - Daytona Beach<br>1910 W. International Speedway Blvd<br>Daytona, FL 32114 | Realty Income Properties (Landlord) |
| 345 - Deerfield<br>3810 W. Hillsboro Blvd.<br>Deerfield Beach, FL 33442 | Select Strategies Brokerage as agent for CP Deerfield, LLC (Master Landlord)<br><br>TJX Operating Co #710 (Sub-Landlord) |
| 339 - Delray Beach<br>510 Linton Blvd<br>Delray Beach, FL 33444 | LINTON 510, LLC (Landlord) |
| 393 - Bonita Springs<br>8012 Mediterranean Drive<br>Estero, FL 33928 | Coconut Point Developers LLC (Landlord) |
| 348 - East Ft. Lauderdale<br>1901 N Federal Hwy<br>Fort Lauderdale, FL 33305 | SPI/TSA E. Fort Lauderdale, LLC (Landlord) |
| 348a - East Ft. Lauderdale - Grnd.<br>1901 N Federal Hwy<br>Fort Lauderdale, FL 33305 | SPI/TSA E. Fort Lauderdale, LLC (Landlord) |
| 348b - East Ft. Lauderdale - Grnd.<br>1901 N Federal Hwy<br>Fort Lauderdale, FL 33305 | JJJ Revocable Trust c.o Robert L. Rickel Trust (Landlord) |
| 391 - Fort Myers<br>2317 Colonial Blvd.<br>Fort Myers, FL 33907 | Realty Income Corp. (Landlord) |
| 396 - Cypress Lakes<br>9375 Ben C Pratt Pkwy #225<br>Fort Myers, FL 33966 | KRG Fort Myers Colonial Square, LLC (Landlord) |
| 367 - Gainesville<br>7400 W. Newberry Rd.<br>Gainesville, FL 32606 | Realty Income Corporation (Landlord) |
| 367-SubUTIL - David's Bridal<br>7400 W. Newberry Rd.<br>Gainesville, FL 32606 | David's Bridal (Subtenant) |

| Store No. and Property Location | Counterparty |
|---|---|
| 342 - Hialeah<br>3895 W. 20th Ave.<br>Hialeah, FL 33012 | SC (Westland Promenade) Limited Partnership (Landlord) |
| 336 - Hollywood<br>4100 Oakwood Blvd<br>Hollywood, FL 33020 | Oakwood Plaza Limited Partnership (Landlord) |
| 338 - Homestead<br>2611 NE 10th Court<br>Homestead, FL 33033 | DDR Homestead LLC (Landlord) |
| 355 - Jensen Beach<br>3101 N.W. Federal Hwy.<br>Jensen Beach, FL 34957 | Ramco-Gershenson Properties, L.P. (Landlord) |
| 353 - Jupiter<br>1560 W Indiantown Rd<br>Jupiter, FL 33458 | Realty Income Properties, Inc. c/o Realty Income Corporation (Landlord) |
| 361 - Kissimmee<br>3214 N John Young Parkway<br>Kissimmee, FL 34741 | Metropolitan Life Insurance Company (Landlord) |
| 383 - Lakeland<br>3800 US Highway 98 North<br>Lakeland, FL 33809 | Lakeland Square Mall, LLC c/o Rouse Properties, Inc. (Landlord) |
| 390 - Largo<br>5280 East Bay Drive<br>Largo, FL 33764 | Kimco Largo 139, Inc. c/o Kimco Realty (Landlord) |
| 362 - Melbourne<br>1750 Evans Rd.<br>Melbourne, FL 32904 | Realty Income Corp. (Landlord) |
| 362-subUTIL - Road House Grill<br>1750 Evans Rd.<br>Melbourne, FL 32904 | Roadhouse Grill (Subtenant) |
| 373 - Viera<br>6729 Colonnade Ave Suite 131<br>Melbourne, FL 32940 | CP Venture Five - AMC LLC (Landlord) |
| 369 - Merritt Island<br>777 E. Merritt Island Cswy<br>Merritt Island, FL 32952 | Glimcher Merritt Square, LLC (Landlord) |

| Store No. and Property Location | Counterparty |
|---|---|
| 086 - Westchester<br>8571 Coral Way<br>Miami, FL 33155 | Columbia-BBB Westchester Shopping Center Associates (Landlord) |
| 296 - Dolphin Mall<br>11521 NW 12th Street - Dolphin Mall<br>Miami, FL 33172 | Dolphin Mall Associates LLC (Landlord) |
| 340 - Midtown Miami<br>3401 N Miami Ave<br>Miami, FL 33127 | DDR Miami Avenue LLC (Landlord) |
| 343 - Kendall<br>11910 S.W. 88th St.<br>Miami, FL 33186 | Kendallgate Center Associates Ltd. (Landlord) |
| 347 - Miami International<br>10688 N.W. 12th St.<br>Miami, FL 33172 | Miami International Grantor Trust (Landlord) |
| 349 - Dadeland Station<br>8390 S. Dixie Hwy.<br>Miami, FL 33143 | Dadeland Station Associates Ltd. c/o Berkowitz Development (Landlord) |
| 392 - Naples<br>2505 Pine Ridge Rd.<br>Naples, FL 34109 | Baker-Naples, LLC (Landlord) |
| 397 - North Port<br>18219 S Tamiami Trail<br>North Port, FL 34287 | Cocoplum Associates c/o Benderson Development Company (Landlord) |
| 365 - Ocala<br>4471 SW 40th Ave<br>Ocala, FL 34474 | Ocala Retail 2015, LLC (Landlord) |
| 333 - Bayhill<br>7705 Turkey Lake Rd<br>Orlando, FL 32819 | KIR Bayhill Plaza 024, LLC (Landlord) |
| 357 - Colonial<br>3230 East Colonial Drive<br>Orlando, FL 32803 | ARC CLORLFL001, LLC (Landlord) |
| 360 - South Orlando<br>881 Sand Lake Rd.<br>Orlando, FL 32809 | Point Plaza Partners, LLC (Landlord) |

| Store No. and Property Location | Counterparty |
|---|---|
| 363 - West Orlando<br>7500 W. Colonial Dr.<br>Orlando, FL 32818 | Realty Income Corp (Landlord) |
| 368 - Waterford Lakes<br>610 N. Alafaya Trail<br>Orlando, FL 32828 | Deno P. Dikeou (Landlord) |
| 350 - Palm Beach Gardens<br>3350 Northlake Blvd.<br>Palm Beach Gardens, FL 33403 | GS Palm Beach LLC c/o Gary Solomon & Company (Landlord) |
| 292 - Panama City<br>525 West 23rd Street<br>Panama City, FL 32405 | Brixmor GA Panama City, LLC (Landlord) |
| 058 - West Pembroke Pines<br>15825 Pines Blvd.<br>Pembroke Pines, FL 33027 | G&I VII WESTFORK LLC (Landlord) |
| 354 - Pembroke Pines<br>11140 Pines Blvd.<br>Pembroke Pines, FL 33026 | CP Pembroke Pines, LLC (Landlord) |
| 335 - Pompano Beach<br>2421 N. Federal Highway<br>Pompano Beach, FL 33062 | PKKRC Pompano Beach, LLC (Landlord) |
| 385 - Port Richey<br>9560 US Highway 19<br>Port Richey, FL 34668 | Embassy Holdings LLC (Landlord) |
| 376 - Port St. Lucie<br>10468 SW Village Pkwy<br>Port St. Lucie, FL 34987 | KRG Port St. Lucie Landing, LLC (Landlord) |
| 364 - Sanford<br>1301 WP Ball Blvd<br>Sanford, FL 32771 | WRI-SEMINOLE MARKETPLACE LLC (Landlord) |
| 379 - East Sarasota<br>147 N. Cattleman Road<br>Sarasota, FL 34235 | Sarasota Associates (Landlord) |
| 384 - Sarasota West<br>4092 Cattleman Rd.<br>Sarasota, FL 34233 | National Retail Properties, Inc. (Landlord) |

| Store No. and Property Location | Counterparty |
|---|---|
| 395 - South Sarasota<br>8372 South Tamiami Trail<br>Sarasota, FL 34238 | Pelsota, LLC (Landlord) |
| 037 - Seminole<br>TBD<br>Seminole, FL TBD | SEMINOLE MALL LP and SEMINOLE OFFICE LP (Landlord) |
| 377 - Spring Hill<br>1417 Wendy Court<br>Spring Hill, FL 34606 | BRE DDR BR Nature Coast FL, LLC (Landlord) |
| 382 - St. Petersburg<br>3700 Tyrone Blvd.<br>St. Petersburg, FL 33710 | Sweetbriar Authority, LLC (Landlord) |
| 344 - Sawgrass Mills<br>12801 W. Sunrise Blvd.<br>Sunrise, FL 33323 | Sunrise Mills (MLP) Limited Partnership (Landlord) |
| 294 - Tallahassee<br>1624 Govenor's Square Boulevard<br>Tallahassee, FL 32301 | Inland Westem Tallahassee Governor's One. L.L.C. (Landlord) |
| 381 - Fowler<br>1730 E. Fowler Ave.<br>Tampa, FL 33612 | Ocean Drive Clevelander Inc (Landlord) |
| 387 - West Shore<br>4900 W. Kennedy Blvd.<br>Tampa, FL 33609 | National Retail Properties, Inc. (Landlord) |
| 378 - Vero Beach<br>6560 20th St<br>Vero Beach, FL 32966 | 14850 Persistence Drive, LLC (Landlord) |
| 374 - Wellington<br>820 SR 7<br>Wellington, FL 33411 | Shoppes at Isla Verde, LTD (Landlord) |
| 341 - West Palm Beach<br>1875 Palm Beach Lakes Blvd<br>West Palm Beach, FL 33401 | CLPF-Marketplace, LLC (Landlord) |
| 356 - Winter Garden<br>3373 Daniels Road<br>Winter Garden, FL 34787 | DDR Winter Garden LLC, c/o DDR Corp. (Landlord) |

| Store No. and Property Location | Counterparty |
|---|---|
| 416 - Alpharetta<br>7461 N. Point Pkwy.<br>Alpharetta, GA 30022 | Brixmor Operating Partnership 2, LLC (Landlord) |
| 415 - Northlake<br>3200 Northlake Pkwy.<br>Atlanta, GA 30345 | Northlake Associates LP (Landlord) |
| 417 - Buckhead<br>3221 Peachtree Rd. NE<br>Atlanta, GA 30305 | Buckhead Pavilion, LLC (Landlord) |
| 425 - Cumberland<br>2955 Cobb Pkwy.<br>Atlanta, GA 30339 | U.S. 41 & I 285 Company LLC (Landlord) |
| 425sub - Office Max #71<br>2955 Cobb Pkwy.<br>Atlanta, GA 30339 | OfficeMax #71 c/o Office Depot Inc (Subtenant) |
| 426 - Perimeter Pointe<br>1155 Mt. Vernon Highway<br>Atlanta, GA 30328 | DDR Perimeter Pointe LLC c/o DDR Corp. (Landlord) |
| 418 - Buford<br>1705 Mall of Georgia Blvd<br>Buford, GA 30519 | DDRTC Marketplace at Millcreek LLC (Master Landlord)<br><br>Toys 'R' Us (Sub-Landlord) |
| 429 - Conyers<br>2209 Georgia HWY 20<br>Conyers, GA 30013 | CSFBM 2007-C2 CONYERS COMMONS LLC (Landlord) |
| 420 - Gwinnett<br>3450 Steve Reynolds Blvd.<br>Duluth, GA 30096 | Nowbar Real Estate Investment Inc c/o SeArrow Realty Service (Landlord) |
| 414 - Hiram<br>4471-B Jimmy Lee Smith Parkway<br>Hiram, GA 30141 | TAC PAULDING PAVILION LLC (Landlord) |
| 427 - Town Center<br>850 Cobb Place Blvd.<br>Kennesaw, GA 30144 | Brixmor Operating Partnership 2, LLC (Landlord) |
| 422 - Stone Mountain<br>4235 Highway 78<br>Lilburne, GA 30047 | BLDG 2007 Retail LLC and NETARC LLC (Landlord) |

| Store No. and Property Location | Counterparty |
|---|---|
| 841 - DC - GA<br>130 Greenwood Industrial Pkwy<br>McDonough, GA 30253 | I&G Direct Real Estate 33K, LP (Landlord) |
| 826C - Southlake<br>1360 Mt Zion Rd<br>Morrow, GA 30260 | Asherian Properties Southlake II Shopping Center, LLC (Landlord) |
| 826-sub - D&K Suit City<br>1360 Mt Zion Rd<br>Morrow, GA 30260 | DDK Inc. (Subtenant) |
| 768 - Hilo<br>111 E Puainako St<br>Hilo, HI 96720 | PRINCE KUHIO PLAZA, LLC (Landlord) |
| 771 - Honolulu<br>333 Ward Ave.<br>Honolulu, HI 96814 | Ward Gateway-Industrial-Village, LLC (Landlord) |
| 770 - Maui<br>270 Dairy Road<br>Kahului, HI 96732 | MAUI MARKETPLACE INVESTMENT GROUP, INC. (Landlord) |
| 773 - Kailua-Kona<br>74-5444 Makala Boulevard<br>Kailua-Kona, HI 96740 | MK Commons, LLC (Landlord) |
| 763 - Windward Mall<br>46-056 Kamehameha Hwy<br>Kaneohe, HI 96744 | Trustees of the Estate of Bernice Pauahi Bishop (Landlord) |
| 774 - Kapolei<br>4450 Kapolei Parkway<br>Kapolei, HI 96707 | MK Kapolei Commons, LLC (Landlord) |
| 775 - Lihue<br>3-2600 Kaumualii Highway<br>Lihue, HI 96766 | Kukui Grove Center Investment Group, Inc. (Landlord) |
| 772 - Wiekele<br>94-809 Lumiaina St.<br>Waipahu, HI 96797 | American Assets Trust, LP (Landlord) |
| 595 - Ames<br>215 SE 5th St<br>Ames, IA 50010 | Ames Crossing, LLC (Landlord) |

| Store No. and Property Location | Counterparty |
|---|---|
| 624 - Des Moines<br>4100 University Avenue<br>W. Des Moines, IA 50311 | Water Tower Place Shopping Center, L.C. (Landlord) |
| 410 - Boise<br>1301 N. Milwaukee<br>Boise, ID 83704 | SPORTS BOOK, LLC (Landlord) |
| 409 - Coeur d'Alene<br>200 West Hanley Ave<br>Coeur d'Alene, ID 83815 | Silver Lake Mall, LLC (Landlord) |
| 403 - Idaho Falls<br>1592 17th St.<br>Idaho Falls, ID 83404 | Zane C. Hall Family Limited Partnership (Landlord) |
| 406 - Lewiston<br>625A 21st Street<br>Lewiston, ID 83501 | Adcope LLC c/o Red Lion Hotel (Landlord) |
| 600 - Bolingbrook<br>257c Weber Rd.<br>Bolingbrook, IL 60490 | LaSalle Bank National Association c/o Inland Property Management (Landlord) |
| 573 - Burbank<br>7720 S. Cicero Ave.<br>Burbank, IL 60459 | Burbank Realty Company, LLC (Landlord) |
| 603 - Calumet City<br>1510 S. Torrence Avenue<br>Calumet City, IL 60409 | KEK Realty, LLC (Landlord) |
| 070 - Water Tower Place<br>4025 Water Tower Place<br>Chicago, IL 60611 | Water Tower LLC (Landlord) |
| 586 - Fullerton Avenue<br>1801 West Fullerton Avenue<br>Chicago, IL 60614 | Mansfield Investments, Inc. (Landlord) |
| 606 - Clark Street<br>3134 North Clark Street<br>Chicago, IL 60657 | Clark Street Partners (Landlord) |
| 609 - Norridge<br>4250 North Harlem Avenue<br>Chicago, IL 60706 | Forest Harlem Properties Limited Partnership (Landlord) |

| Store No. and Property Location | Counterparty |
|---|---|
| 610 - Bricktown<br>6420 West Fullerton<br>Chicago, IL 60707 | Bricktown Square LLC (Landlord) |
| 617 - La Salle Street<br>620 N. Lasalle Street<br>Chicago, IL 60610 | Next Gateway LLC (Landlord) |
| 617-sub2SIGN - Red Star Outdoor, LLC<br>620 N. Lasalle Street<br>Chicago, IL 60610 | Red Star Outdoor, LLC (Subtenant) |
| 587 - Crystal Lake West<br>6000 Northwest Hwy<br>Crystal Lake, IL 60014 | Inland Crystal Point, LLC (Landlord) |
| 877C (Old #607) - Crystal Lake East<br>800 Cog Circle<br>Crystal Lake, IL 60014 | Inland Commercial Real Estate Services LLC (Landlord) |
| 616 - Deerfield<br>120 S. Waukegan Road<br>Deerfield, IL 60015 | Gateway Fairview, Inc. (Landlord) |
| 756 - Fairview Heights<br>6575 North Illinois Street<br>Fairview Heights, IL 62208 | KRC Fairview Heights 881, Inc. (Landlord) |
| 627 - Frankfort<br>11185 W. Lincoln Highway<br>Frankfort, IL 60423 | Inland Real Estate Corporation (Landlord) |
| 585 - Geneva<br>1777 S. Randall Road<br>Geneva, IL 60134 | Realty Income Corporation (Landlord) |
| 571 - Gurnee Mills<br>6170 W. Grand Ave.<br>Gurnee Mills, IL 60031 | MALL AT GURNEE MILLS LLC (Landlord) |
| 613 - Hoffman Estates<br>4700 Hoffman Boulevard<br>Hoffman Estates, IL 60192 | W-PT Prairie Stone VII, LLC (Landlord) |
| 589 - Joliet<br>2700 Plainfield Rd<br>Joliet, IL 60435 | U.S. REIF Joliet SC Fee, LLC (Landlord) |

| Store No. and Property Location | Counterparty |
|---|---|
| 075 - Lake Zurich<br>727 West Route 22<br>Lake Zurich, IL 60047 | Village Square Retail Center, LLC (Landlord) |
| 583 - Yorktown Center<br>173 Yorktown Shopping Center<br>Lombard, IL 60148 | YTC Mall Owner LLC (Landlord) |
| 626 - Matteson<br>4832 W. 211th St.<br>Matteson, IL 60443 | Cole MT Matteson IL, LLC (Landlord) |
| 619 - Mt. Prospect<br>(TEMP) Elmhurst<br>Mt Prospect, IL 60056 | Randhurst Impovements, LLC (Landlord) |
| 601 - Niles<br>7233 West Dempster<br>Niles, IL 60714 | HC Niles Developers LLC (Landlord) |
| 584 - Aurora<br>301 S. Route 59<br>North Aurora, IL 60504 | Aurora Marketplace LP c/o Bonnie Management Corp (Landlord) |
| 612 - North Riverside<br>1800 S. Harlem Avenue<br>North Riverside, IL 60546 | EXOHO HARLEM ASSOCIATES, LLC (Landlord) |
| 072 - Northbrook Court<br>2171 Northbrook Ct<br>Northbrook, IL 60062 | Westcoast Estates (Landlord) |
| 604 - Oak Lawn<br>9633 S. Cicero<br>Oak Lawn, IL 60453 | Shops at Cicero 13 A, LP (Landlord) |
| 608 - Orland Hills<br>9231 W 159th St<br>Orland Hills, IL 60487 | Vista Equities, LLC (Landlord) |
| 820 - DC - IL<br>1140 W Remington Blvd<br>Romeoville, IL 60446 | JAMES CAMPELL COMPANY LLC (Landlord) |
| 605 - Schaumburg<br>1015 East Golf Road<br>Schaumburg, IL 60173 | Schaumburg Associates LP (Landlord) |

| Store No. and Property Location | Counterparty |
|---|---|
| 618 - Springfield<br>3211 S. Veterans Pkwy<br>Springfield, IL 62704 | ARCP MT Springfield IL, LLC (Landlord) |
| 614 - Vernon Hills<br>155 E. Townline Road<br>Vernon Hills, IL 60061 | VHTL Limited Liability Company (Landlord) |
| 588 - Wheaton<br>Rice Lake Square<br>Wheaton, IL 60189 | Rice Lake Square, LP (Landlord) |
| 628 - Willowbrook<br>7125 Kingery Highway<br>Willowbrook, IL 60527 | Willowbrook Town Center, LLC (Landlord) |
| 076 - Wilmette<br>3232 Lake Ave #110<br>Wilmette, IL 60091 | Edens Plaza LLC (Landlord Notice) |
| 611 - Merrillville<br>3201 East Lincoln Highway<br>Merrillville, IN 46410 | Hobart Investors, LP (Landlord) |
| 273 - Lenexa<br>12014 W. 95 Street<br>Lenexa, KS 66215 | OPCLK, LLC (Landlord) |
| 271 - Wichita<br>6959 E. 21st North<br>Wichita, KS 67206 | AEI Income & Growth Fund 25 LLC (Landlord) |
| 852C - Metairie (Old #252)<br>4329 Veteran's Memorial Blvd.<br>New Orleans, LA 70006 | John T Favaloro, Jr. (Landlord) |
| 852-sub - Goodwill Industries<br>4329 Veteran's Memorial Blvd.<br>New Orleans, LA 70006 | Goodwill Industries of Southeastern Louisiana, Inc. (Subtenant) |
| 179 - Hyannis<br>790 Iyannough Rd<br>Barnstable, MA 02601 | Cape Town Plaza, LLC (Landlord) |
| 158 - Braintree<br>250 Grossman Dr.<br>Braintree, MA 02184 | JJD, LLC (Landlord) |

| Store No. and Property Location | Counterparty |
|---|---|
| 159 - Danvers<br>100 Independence Way<br>Danvers, MA 01923 | Mall at Liberty Tree, LLC c/o Simon Property Group (Landlord) |
| 157 - Framingham<br>One Worcester Rd.<br>Framingham, MA 01701 | BRE DDR Shoppers World, LLC (Landlord) |
| 178 - Holyoke<br>50 Holyoke Street Space DP02<br>Holyoke, MA 01040 | Holyoke Mall Company, L.P. (Landlord) |
| 177 - Mansfield<br>280 School Street<br>Mansfield, MA 02048 | Route 140 School Street, L.L.C. (Landlord) |
| 167 - Marlborough<br>870 Donald J. Lynch Blvd<br>Marlborough, MA 01752 | Solomon Pond Mall LLC (Landlord) |
| 176 - North Milford<br>101 Cedar Street<br>Milford, MA 01757 | Quarry Place Two LLC (Landlord) |
| 174 - Somerville<br>133 Middlesex Avenue<br>Somerville, MA 02145 | FR ASSEMBLY SQUARE, LLC (Landlord) |
| 180 - Watertown<br>485 Arsenal St<br>Watertown, MA 02472 | BP Watertown Retail, LLC (Landlord) |
| 168 - Westwood<br>281 University Ave<br>Westwood, MA 02090 | Westwood Marketplace Holdings, LLC (Landlord) |
| 165 - Woburn<br>296 Mishawum Road<br>Woburn, MA 01801 | KeyPoint Partners, LLC (Landlord) |
| 513 - Catonsville<br>6500 Baltimore National Pike<br>Baltimore, MD 21228 | Pike Park Associate LP and Henry Realty Inc c/o Maryland Fin (Landlord) |
| 515 - Bowie<br>4520 Mitchellville Rd.<br>Bowie, MD 20716 | Realty Income Corp. (Landlord) |

| Store No. and Property Location | Counterparty |
|---|---|
| 082 - Columbia - Elite<br>10300 Little Patuxent Pkwy<br>Columbia, MD 21044 | The Mall in Columbia Business Trust (Landlord) |
| 519 - Frederick<br>5425 Urbana Pike<br>Frederick, MD 21704 | Riverview Plaza (E&A), LLC (Landlord) |
| 520 - Gaithersburg<br>110 Odend'hal Ave.<br>Gaithersburg, MD 20877 | Gaitsman, LP (Landlord) |
| 522 - Landover<br>1000 Shoppers Way<br>Largo, MD 20774 | Capital Centre, LLC c/o Retail Properties of America, US Management (Landlord) |
| 521 - Laurel<br>14704 Baltimore Ave.<br>Laurel, MD 20707 | 14700 Baltimore Avenue Investors LLC (Landlord) |
| 869C (Old #521) - Laurel<br>3335 Corridor Marketplace<br>Laurel, MD 20724 | Corridor Marketplace, LLC (Landlord) |
| 511 - White Marsh<br>8200 Perry Hall Blvd<br>Nottingham, MD 21236 | White Marsh Mall, LLC c/o General Growth (Landlord) |
| 516 - Owings Mills<br>TBD<br>Owings Mills, MD 21117 | GGCV Real Estate, LLC c/o Greenberg Gibbon Commercial (Landlord) |
| 517 - Rockville<br>12055 Rockville Pike<br>Rockville, MD 20852 | FR Montrose Crossing, LLC c/o Federal Realty Investment Trust (Landlord) |
| 514 - Towson<br>1238 Putty Hill Dr.<br>Towson, MD 21286 | Talisman Towson Limited Partnership (Landlord) |
| 518 - Waldorf<br>3326 Crain Hwy.<br>Waldorf, MD 20602 | Waldorf Shopper's World LLC c/o Richard H. Rubin Management (Landlord) |
| 066 - Auburn<br>730 Center Street Unit 3<br>Auburn, ME 04210 | GFI Auburn Plaza Realty, LLC (Landlord) |

| Store No. and Property Location | Counterparty |
|---|---|
| 162 - South Portland<br>364 Maine Road<br>South Portland, ME 04106 | GGP Maine Mall, LLC, c/o General Growth (Landlord) |
| 620 - Auburn Hills<br>4220 Baldwin Rd - Great Lakes Crossing<br>Auburn Hills, MI 48326 | Taubman Auburn Hills Associates LP (Landlord) |
| 594 - Clinton Township<br>33930 Gratiot Ave.<br>Clinton Township, MI 48035 | Ramco-Gershenson Properties LP (Landlord) |
| 596 - Dearborn<br>5751 Mercury Drive<br>Dearborn, MI 48126 | Kin Properties, Inc. (Landlord) |
| 597 - Flint<br>4095 Miller Road<br>Flint, MI 48507 | TSA STORES, INC. (Landlord) |
| 074 - Bemidji<br>2000 Paul Bunyan Dr. NW<br>Bemidji, MN 56601 | Pace Development, Inc. (Landlord) |
| 703 - Burnsville<br>1300 W. County Road 42<br>Burnsville, MN 55337 | CSM Park Place Limited Partnership, LLLP (Landlord) |
| 708 - Coon Rapids North<br>3420 124th Ave NW<br>Coon Rapids, MN 55433 | Inland Ryan, LLC and Inland Real Estate Riverdale, L.L.C. (Landlord) |
| 709 - Eden Prairie<br>12595 Castlemoor Drive<br>Eden Prairie, MN 55344 | Sun Life Assurance Company of Canada (Landlord) |
| 707 - Maple Grove<br>12530 Elm Creek Blvd.<br>Maple Grove, MN 55369 | KIR Maple Grove LP (Landlord) |
| 712 - Minneapolis City Center<br>40 S Seventh Street, Suite #165<br>Minneapolis, MN 55402 | SRI Ten City Center, LLC (Landlord Notice) |
| 711 - Woodbury<br>8323 3rd Street North<br>Oakdale, MN 55128 | AX Oakdale Village L.P. (Landlord) |

| Store No. and Property Location | Counterparty |
|---|---|
| 704 - Richfield<br>1150 W. 78th Street<br>Richfield, MN 55423 | CSM Corporation (Landlord) |
| 706 - Rochester<br>80 25th St. SE<br>Rochester, MN 55904 | EREP Broadway Commons I, LLC (Landlord) |
| 701 - Roseville<br>1750 W. Highway 36<br>Roseville, MN 55113 | FNC Realty Corporation (Landlord) |
| 701sub-2 - Planet Fitness<br>1750 W. Highway 36<br>Roseville, MN 55113 | PF Colorado, LLC (Subtenant) |
| 701sub2-D - Planet Fitness<br>1750 W. Highway 36<br>Roseville, MN 55113 | PF Colorado, LLC (Subtenant) |
| 755 - Bridgeton<br>11982 St. Charles Rock Rd.<br>Bridgeton, MO 63044 | Spirit Realty Capital, Inc. (Landlord) |
| 758 - Ellisville<br>15907 Manchester Road<br>Ellisville, MO 63011 | Brixmor SPE 3 LLC (Landlord) |
| 753 - Fenton<br>788 Gravois Bluff Blvd.<br>Fenton, MO 63026 | The Summit at Gravois Bluffs, LLC (Landlord) |
| 275 - Tiffany Springs<br>8980 NW Skyview Ave.<br>Kansas City, MO 64154 | American Realty Capital Retail Operating Partnership, LP (Landlord) |
| 757 - Kirkwood<br>1205 S. Kirkwood Road<br>Kirkwood, MO 63122 | Kirkwood Crossing 803, LLC (Landlord) |
| 754 - Lake St. Louis<br>6298 Ronald Reagan Drive<br>Lake St. Louis, MO 63367 | IREIT Lake St Louis Hawk Ridge LLC (Landlord) |
| 759 - South County<br>4445 Lemay Ferry Rd.<br>St. Louis, MO 63129 | Southpoint Plaza LLC (Landlord) |

| Store No. and Property Location | Counterparty |
|---|---|
| 760 - Brentwood<br>8340 Eager Road<br>St. Louis, MO 63144 | Eager Road Associates West, LLC (Landlord) |
| 752 - Saint Peters<br>4025 Veteran's Memorial Parkway<br>St. Peters, MO 63376 | Kimco Realty Corporation c/o CAVE SPRINGS CENTER 840, LLC (Landlord) |
| 289 - Southaven<br>225 Goodman Road West<br>Southaven, MS 38671 | Michael A. Lightman (Landlord) |
| 450 - Billings (new lease)<br>100 N. 24th Street West<br>Billings, MT 59102 | Central Avenue Mall, LLP (Landlord) |
| 451 - Missoula<br>2640 N. Reserve Street<br>Missoula, MT 59808 | Gateway LP (Landlord) |
| 873C (Old #438) - Concord Mills<br>8094 Concord Mills Blvd<br>Concord, NC 28027 | Inland Western Concord King's Grant II, L.L.C., (Landlord) |
| 598 - Omaha Maple Road<br>17021 Evans Plaza<br>Omaha, NE 68116 | RE Income Omaha Whispering Ridge, LLC (Landlord) |
| 599 - Omaha 72nd Street<br>885 S. 72nd Street<br>Omaha, NE 68114 | SGD-885 So. 72nd LLC (Landlord) |
| 149 - Amherst<br>123 Route 101A<br>Amherst, NH 03031 | Amherst Crossing AMA Realty Ventures, LLC (Landlord) |
| 163 - Manchester<br>1051 S. Willow Street<br>Manchester, NH 03103 | Centerco Manchester, LLC (Landlord) |
| 164 - Nashua<br>213 Daniel Webster Hwy.<br>Nashua, NH 03060 | OCW Retail - Nashua, LLC (Landlord) |
| 160 - Salem<br>290 S. Broadway<br>Salem, NH 03079 | Route 28 Salem, LP (Landlord) |

| Store No. and Property Location | Counterparty |
|---|---|
| 471 - Brick<br>One Brick Plaza<br>Brick, NJ 08723 | Federal Realty Investment Trust (Landlord) |
| 843 - DC - NJ<br>200 Richards Run<br>Burlington, NJ 08016 | Haines Center - Burlington, LLC (Landlord) |
| 475 - Cherry Hill<br>2139 Route 38<br>Cherry Hill, NJ 08002 | Hillview CH, LLC (Landlord) |
| 474 - Clifton<br>415 Route 3 East<br>Clifton, NJ 07014 | The Related Companies (Landlord) |
| 463 - East Brunswick<br>300 Route 18<br>East Brunswick, NJ 08816 | Midstate Hye LP c/o Gabrellian Associates (Landlord) |
| 468 - East Hanover<br>142 Route 10<br>East Hanover, NJ 07936 | DDR Southeast East Hanover, LLC, (Landlord) |
| 452 - Flemington<br>325 U.S. 202<br>Flemington, NJ 08822 | FLEMINGTON MALL LLC (Landlord) |
| 473 - Hazlet<br>3434 Hwy. 35 South<br>Hazlet, NJ 07730 | S.A.M. Hazlett I LLC, et al (Landlord) |
| 875C (Old #467C) - Woodbridge<br>931 Route 1 South<br>Iselin, NJ 08830 | National Retail Properties, Inc. (Landlord) |
| 875sub (Old #467sub) - Crest Furniture<br>931 Route 1 South<br>Iselin, NJ 08830 | Crest Furniture, Inc. (Subtenant) |
| 470 - Ledgewood<br>401 Route 10 East<br>Ledgewood, NJ 07852 | Ledgewood Investors, LLC (Landlord) |
| 476 - Manalapan<br>55 U.S. 9<br>Manalapan Township, NJ 07726 | Manalapan Realty, L.P.c/o Steiner Studios (Landlord) |

| Store No. and Property Location | Counterparty |
|---|---|
| 459 - Atlantic City<br>4315 Black Horse Pike<br>Mays Landing, NJ 08330 | BFW/Pike Associates, LLC (Landlord) |
| 461 - Mount Laurel<br>70 Centerton Rd<br>Mt Laurel, NJ 08054 | Dividend Capital Total Realty Operating Partnership LP (Landlord) |
| 466 - Paramus<br>50 A&S Drive<br>Paramus, NJ 07652 | Holobeam, Inc. (Landlord) |
| 477 - Garden State Plaza<br>200 Ikea Drive<br>Paramus, NJ 07652 | Ikea Property Inc. (Landlord) |
| 472 - Piscataway<br>1327 Centennial Ave.<br>Piscataway, NJ 08854 | Centennial Square LLC c/o Garden Commercial Properties (Landlord) |
| 490 - Ramsey<br>1300 New Jersey Route 17 North<br>Ramsey, NJ 07446 | Commercial Realty Enterprises, L.L.C. (Landlord) |
| 457 - Riverdale<br>54 RT 23 North<br>Riverdale, NJ 07457 | Riverdale Crossing LLC (Landlord) |
| 458 - Secaucus<br>31 Mill Creek Dr<br>Secaucus, NJ 07094 | Mill Creek Mall, LLC (Landlord) |
| 456 - Turnersville<br>141 Tuckahoe Road<br>Sewell, NJ 08080 | CSC Cross Keys LP c/o Cedar Shopping Centers Partnership, L.P. (Landlord) |
| 469 - Union<br>295 Route 22 East<br>Springfield, NJ 07081 | Springfield Associates LLC (Landlord) |
| 462 - Wayne<br>81 Willowbrook Blvd.<br>Wayne, NJ 07470 | PL Wayne LLC c/o Kimco Realty (Landlord) |
| 464 - West Long Branch<br>310 State Hwy. 36<br>West Long Branch, NJ 07764 | BG Monmouth LLC (Landlord) |

| Store No. and Property Location | Counterparty |
|---|---|
| 501 - Cottonwood Mall<br>10000 Coors Blvd Bypass NW<br>Albuquerque, NM 87114 | Macerich Cottonwood Holdings LLC (Landlord) |
| 503 - Albuquerque-Winrock<br>2100 Louisiana Blvd., Suite 412<br>Albuquerque, NM 87110 | Winrock Partners LLC (Landlord) |
| 504 - Santa Fe<br>4250 Cerrillos Rd<br>Santa Fe, NM 87507 | Santa Fe Place Property Owners, LLC (Landlord) |
| 788 - Henderson<br>701 Marks St<br>Henderson, NV 89014 | SunMark Centers, LLC (Landlord) |
| 790 - North Rainbow<br>2178 N. Rainbow Blvd.<br>Las Vegas, NV 89108 | Weingarten Realty Investors (Landlord) |
| 575 - Reno<br>4813 Kietzke Lane<br>Reno, NV 89509 | Firecreek Crossing of Reno, LLC (Landlord) |
| 789 - Summerlin<br>2315 Summa Drive Bldg 1A<br>Summerlin, NV 89135 | Summerlin Operating Company, LLC (Landlord) |
| 480 - Sayville<br>5151 Sunrise Hwy.<br>Bohemia, NY 11716 | Sayville Property Company, LLC (Master Landlord)<br><br>Sears Holdings Corporation (Sub-Landlord) |
| 500 - Bronx<br>171 West 230th Street<br>Bronx, NY 10463 | Equity One (Northeast Portfolio), Inc. (Landlord) |
| 499 - Brooklyn<br>550 Gateway Dr<br>Brooklyn, NY 11239 | Gateway Center Properties Phase II Owner, LLC (Landlord) |
| 492 - Commack<br>124 Veterans Memorial Hwy.<br>Commack, NY 11725 | Smithtown Venture LLC c/o Kimco Realty Corp (Landlord) |
| 482 - Elmsford<br>East 295 Main st<br>Elmsford, NY 10523 | Elmsford 1706, LLC (Landlord) |

| Store No. and Property Location | Counterparty |
|---|---|
| 487 - Middle Village (Queens)<br>73-25 WOODHAVEN BLVD<br>Forest Hills, NY 11385 | Realty Income Corporation (Landlord) |
| 083 - Westbury - Elite<br>950 Old Country Rd<br>Garden City, NY 11530 | Equity One (Northeast Portfolio), Inc.,<br>(Landlord) |
| 478 - Levittown<br>3505 Hempstead Turnpike<br>Levittown, NY 11756 | JLPK-Levittown NY, LLCc/o Schottenstein<br>Property Group (Landlord) |
| 483 - Massapequa<br>5234 Sunrise Hwy.<br>Massapequa, NY 11762 | Sunrise Promenade Associates c/o Spiegel<br>Associates (Landlord) |
| 489 - Third Avenue<br>845 Third Ave.<br>New York, NY 10022 | 845 Third LP c/o Rudin Management Company<br>Inc (Landlord) |
| 479 - Riverhead<br>1160 Old Country Road<br>Riverhead, NY 11901 | Sons Riverhead LLC (Landlord) |
| 481 - Smith Haven<br>2110 Nesconset Hwy.<br>Stony Brook, NY 11790 | Serota Brooktown III LLC c/o Serota Properties<br>(Landlord) |
| 498 - Syracuse<br>1 Carousel Center<br>Syracuse, NY 13204 | Carousel Center Company L.P. (Landlord) |
| 484 - Westbury<br>1230 Old Country Rd.<br>Westbury, NY 11590 | Equity One (Northeast Portfolio), Inc. (Landlord) |
| 486 - Long Island City<br>51-30 Northern Blvd.<br>Woodside, NY 11377 | Pinetree Realty Corp. (Landlord) |
| 485 - Yonkers<br>750 Central Park Ave.<br>Yonkers, NY 10704 | AAC Cross County Mall LLC (Landlord) |
| 742 - Brice Road<br>5819 Chantry Drive<br>Columbus, OH 43232 | CI-Ross LP co Ross Development (Landlord) |

| Store No. and Property Location | Counterparty |
|---|---|
| 741 - Dublin<br>6285 Sawmill Road<br>Dublin, OH 43017 | Ohio-SM Venture LP (Landlord) |
| 742P - Reynoldsburg<br>8137 E. Broad Street<br>Reynoldsburg, OH 43068 | DN - REYNOLDSBURG, LLC (Landlord Notice) |
| 874C (Old #260) - Southroads<br>5207 E. 41st. Street South<br>Tulsa, OK 74135 | ARC STRULOK001, LLC (Landlord) |
| 732 - Beaverton<br>3485 SW Cedar Hills Blvd<br>Beaverton, OR 97005 | CENTER DEVELOPMENTS OREG LLC (Landlord) |
| 733 - Clackamas<br>8658 S.E. Sunnyside Road<br>Clackamas, OR 97015 | CH Realty III/Clackamas, LLC (Landlord) |
| 062 - Corvallis<br>944 NW Circle Blvd.<br>Corvallis, OR 97330 | Keizer Enterprises, LLC (Landlord) |
| 737 - Eugene<br>245 Valley River Center<br>Eugene, OR 97401 | Macerich Valley River Center, LLC (Landlord) |
| 739 - Hillsboro<br>18101 NW Evergreen Rd.<br>Hillsboro, OR 97006 | Hillsboro 1031, DST (Landlord) |
| 068 - Klamath Falls<br>2870 S 6th Street<br>Kalamath Falls, OR 97603 | Klamath-Jefferson, LLC (Landlord) |
| 738 - Medford<br>1600 N. Riverside Avenue<br>Medford, OR 97501 | Federated Retail Holding Inc. (Landlord) |
| 735 - Cascade Station<br>10245 NE Cascades Parkway<br>Portland, OR 97220 | Cascade Station Retail Center, L.L.C. (Landlord) |
| 069 - Roseburg<br>1440 NW Garden Valley Blvd Suite 100<br>Roseburg, OR 97471 | EMLAWA, LLC (Landlord) |

| Store No. and Property Location | Counterparty |
|---|---|
| 734 - Salem<br>831 Lancaster Dr NE<br>Salem, OR 97301 | Lancaster Development Company, LLC (Landlord) |
| 440 - Abington<br>1411 Old York Road<br>Abington, PA 19001 | BT Abington LP (Landlord) |
| 439 - Lower Nazareth<br>3855 Dryland Way<br>Easton, PA 18045 | Lower Nazareth Commons, L.P (Landlord) |
| 442 - Exton<br>107 Swedesford Rd.<br>Exton, PA 19341 | Exton/Whiteland Devco c/o RJ Waters & Associates (Landlord) |
| 445 - Lancaster<br>1700 Fruitville Pike<br>Lancaster, PA 17601 | Red Rose Commons Associates LP c/o The Goldenberg Group (Landlord) |
| 444 - Oxford Valley<br>2375 East Lincoln Highway<br>Langhorne, PA 19047 | TSA STORES, INC. (Landlord) |
| 441 - Montgomeryville<br>1 Airport Square<br>North Wales, PA 19454 | Gateway-DC Properties, Inc., c/o TA Associates Realty (Landlord) |
| 447 - Warrington<br>Easton Road & Route 132<br>Warrington, PA 18976 | Valley Square I, L.P. (Landlord) |
| 443 - Allentown<br>2180 MacArthur<br>Whitehall, PA 18052 | Kramont Realty Trust (Landlord) |
| 088 - Carolina<br>1st Level Unit A Plaza Carolina Mall<br>Carolina, Puerto Rico 00983 | Plaza Carolina Mall, L.P. (Landlord) |
| 090 - Ponce<br>Rafael "Churumba" Cordero Santiago Avenue<br>Ponce, Puerto Rico 00731 | PDC Fringe II, LLC (Landlord) |
| 089 - Plaza Las Americas<br>Physical Address (See Notes for Mailing)<br>San Juan, Puerto Rico 00918 | Plaza Las Americas, Inc. (Landlord) |

| Store No. and Property Location | Counterparty |
|---|---|
| 148 - Middletown<br>1315 W. Main Rd<br>Middletown, RI 02842 | R.K. Middletown Village LLC (Landlord) |
| 073 - Narragansett<br>91 Point Judith Road<br>Narragansett, RI 02882 | Dividend Capital Total Realty Operating Partnership, LP (Landlord) |
| 156 - Warwick<br>400 Bald Hill Rd<br>Warwick, RI 02886 | Warwick Mall OP LLC (Landlord) |
| 834C - Warwick<br>105 Pace Blvd<br>Warwick, RI 02886 | The Rockola Corp. (Landlord) |
| 834T-Sub - Planet Fitness<br>105 Pace Blvd<br>Warwick, RI 02886 | Atlantic Fitness, LLC (Subtenant) |
| 283 - Collierville<br>10337 E. Shelby Drive<br>Collierville, TN 38017 | Carriage Crossing Market Place, LLC (Landlord) |
| 288 - Wolf Creek<br>2751 Wolfcreek Parkway<br>Memphis, TN 38133 | Heritage Wolfcreek I LLC (Landlord) |
| 290 - Memphis<br>5895 Poplar Ave<br>Memphis, TN 38119 | WRI Ridgeway, LLC (Landlord) |
| 812C (Old #287) - Hickory Ridge<br>6760 Winchester Rd<br>Memphis, TN 38115 | National Retail Properties, Inc. (Landlord) |
| 812sub - Aaron Rents, Inc.<br>6760 Winchester Rd<br>Memphis, TN 38115 | Aaron Rents, Inc. (Subtenant) |
| 245 - Southpark Meadows<br>9600 S. IH35 Service Road SB<br>Austin, TX 75032 | Inland Western Austin Southpark Meadows II Limited partnership (Landlord) |
| 819C - Beaumont<br>166 Gateway St<br>Beaumont, TX 77701 | Lombard Group Texas, LLC (Landlord) |

| Store No. and Property Location | Counterparty |
|---|---|
| 819sub - Goodwill Industries<br>166 Gateway St<br>Beaumont, TX 77701 | Goodwill Industries of Southeast Texas, Inc. (Subtenant) |
| 210 - Caruth Plaza<br>9100 N. Central Expressway-#123<br>Dallas, TX 75231 | Caruth Acquisition, LP (Landlord) |
| 219 - Denton<br>1800 South Loop 288<br>Denton, TX 76205 | RPAI Southwest Management LLC (Landlord) |
| 506 - El Paso<br>801 Sunland Park Dr.<br>El Paso, TX 79912 | REALTY INCOME TEXAS PROPERTIES 1, LLC (Landlord) |
| 506sub - CAM1 - Target<br>801 Sunland Park Dr.<br>El Paso, TX 79912 | Target Corporation (Subtenant) |
| 506sub - CAM2 - EP Summit Investments LP<br>801 Sunland Park Dr.<br>El Paso, TX 79912 | EP Summit (Subtenant) |
| 506sub - CAM3 - Overland El Paso Properties, LLC (YEK)<br>801 Sunland Park Dr.<br>El Paso, TX 79912 | Overland El Paso Properties, LLC (Subtenant) |
| 506sub - CAM4 - Skinny Properties, LLC (Men's Wearhouse)<br>801 Sunland Park Dr.<br>El Paso, TX 79912 | Skinny Properties, LLC (Subtenant) |
| 506sub - CAM5 - Marshall's<br>801 Sunland Park Dr.<br>El Paso, TX 79912 | The TJX Companies, Inc. (Subtenant) |
| 506sub - CAM6 - Office Depot<br>801 Sunland Park Dr.<br>El Paso, TX 79912 | OLP Sunland Park Drive, LLC (Master Landlord)<br><br>Office Depot (Subtenant) |
| 506sub - CAM6 - Office Depot<br>801 Sunland Park Dr.<br>El Paso, TX 79912 | OLP Sunland Park Drive, LLC (Master Landlord)<br><br>OLP Sunland Park Drive, LLC (Subtenant) |
| 506sub - CAM7 - Lintex Properties, Inc.<br>801 Sunland Park Dr.<br>El Paso, TX 79912 | Lintex Properties, Inc. (Subtenant) |

| Store No. and Property Location | Counterparty |
|---|---|
| 207 - LBJ<br>4245 LBJ Freeway @ Midway Rd.<br>Farmers Branch, TX 75244 | Farmers Branch LLC (Master Landlord)<br><br>Best Buy Stores, L.P. (Sub-Landlord) |
| 220 - Hulen<br>4830 S. W. Loop 820-Overton Park<br>Fort Worth, TX 76109 | WRI OVERTON PLAZA L.P. (Landlord) |
| 230 - Baybrook<br>Bay Area Blvd<br>Friendswood, TX 77546 | OWRF Baybrook, LLC (Landlord) |
| 238 - Stonebriar<br>2930 Preston Road Ste. 200-B<br>Frisco, TX 75034 | Inland American South Frisco Village LLC (Landlord) |
| 225 - Post Oak<br>2131 South Post Oak Blvd<br>Houston, TX 77056 | Tanglewood Corp. (Landlord) |
| 226 - Gessner<br>10225 Katy Fwy<br>Houston, TX 77024 | LIPEX Properties, L.P. (Landlord) |
| 228 - Mills Road<br>8625 FM 1960 West<br>Houston, TX 77070 | Primo Venture #1, LP (Landlord) |
| 229 - Deerbrook<br>20416 Highway 59 North<br>Humble, TX 77338 | Vestar DM, LLC (Landlord) |
| 233 - League City<br>2620 Gulf Freeway South<br>League City, TX 77573 | INLAND AMERICAN LEAGUE CITY VICTORY LAKES LIMITED PARTNERSHIP (Landlord) |
| 871C (Old #216) - Vista Ridge<br>2325 So Stemmons Freeway<br>Lewisville, TX 75067 | GRE Vista Ridge, L.P. (Landlord) |
| 204 - Legacy<br>1551 US HWY 287<br>Mansfield, TX 76063 | IREIT Mansfield Pointe, L.L.C. (Landlord) |
| 244 - McAllen<br>3300 Expressway 83<br>McAllen, TX 78501 | Palms Crossing Town Center, L.P. (Landlord) |

| Store No. and Property Location | Counterparty |
|---|---|
| 237 - Pasadena<br>3949 Fairway Plaza<br>Pasadena, TX 77505 | Fairway Phase III Associates, L.P. (Landlord) |
| 223 - Pearland<br>11200 W Broadway St<br>Pearland, TX 77584 | Pearland Town Center Limited Partnership (Landlord) |
| 203 - West Plano<br>2201 Preston Rd<br>Plano, TX 75093 | Preston Park Partners, Ltd. (Landlord) |
| 215 - East Plano<br>3000 North Central Expressway<br>Richardson, TX 75082 | Parker Central Plaza, Ltd. (Landlord) |
| 239 - Cinco Ranch<br>5472 W Grand Pkwy S<br>Richmond, TX 77407 | Shops at Bella Terra Owner, LP (Landlord) |
| 211 - Rockwall<br>920 Steger Towne Rd<br>Rockwall, TX 75032 | Steger Retail LLC (Landlord) |
| 235 - Stone Ridge Market<br>21115 US Highway 281 North<br>San Antonio, TX 78258 | Inland American San Antonio Stone Ridge L.L.C. (Landlord) |
| 235 - Stone Ridge Market<br>21115 US Highway 281 North<br>San Antonio, TX 78258 | Inland American San Antonio Stone Ridge L.L.C. (Landlord) |
| 236 - Plaza Del Norte<br>125 N. W. Loop 410 - Ste 240<br>San Antonio, TX 78216 | Inland Western San Antoino Limited Partnership (Landlord) |
| 231 - The Woodlands<br>19075 Interstate 45 South<br>Shenandoah, TX 77385 | KRG Portofino, LLC (Landlord) |
| 227 - The Fountains<br>12730 Fountain Lake Circle<br>Stafford, TX 77477 | Fountains Dunhill, LLC (Landlord) |
| 310 - Cedar City<br>606 S. Main Street<br>Cedar City, UT 84720 | CCA-Renaissance Square Shopping Center, LLC (Landlord) |

| Store No. and Property Location | Counterparty |
|---|---|
| 322 - Farmington<br>Station Pkwy<br>Farmington, UT 84025 | STATION PARK CENTERCAL, LLC (Landlord) |
| 330 - Newgate<br>3651 Wall Avenue<br>Ogden, UT 84405 | GGP-Newgate Mall, Inc. (Landlord) |
| 321 - Orem<br>643 E. University Pkwy<br>Orem, UT 84097 | University Mall Shopping Center c/o Woodbury Corporation (Landlord) |
| 320 - Park City (Resort)<br>1780 Park Avenue<br>Park City, UT 84060 | Wolfe Management Company LP (Landlord) |
| 326 - Riverdale<br>1060 West Riverdale Road<br>Riverdale, UT 84405 | Riverdale North LLC (Landlord) |
| 301 - Utah Sportscastle<br>5550 S 900 E<br>Salt Lake City, UT 84117 | One Putt Ventures, LLC (Landlord) |
| 301 - Utah Sportscastle<br>5550 S 900 E<br>Salt Lake City, UT 84117 | One Putt Ventures, LLC (Landlord) |
| 325 - Southtowne<br>10453 S State St<br>Sandy, UT 84070 | WM Acquisition, L.C. (Landlord) |
| 327 - South Jordan<br>11617 South Parkway Plaza Drive<br>South Jordan, UT 84095 | The District, L.C. (Landlord) |
| 324 - Redwood<br>5786 S. Redwood Road<br>Taylorsville, UT 84123 | TPP 217 Taylorsville, LLC (Landlord) |
| 328 - West Jordan<br>7682 S Campus View Drive<br>West Jordan, UT 84084 | Campus View L.L.C. (Landlord) |
| 536 - Potomac Yards<br>3701 Jefferson Davis Hwy.<br>Alexandria, VA 22305 | Roundhouse Alexandria, Inc., d/b/a/ CPYR, Inc. (Landlord) |

| Store No. and Property Location | Counterparty |
|---|---|
| 876C (Old #063) - Culpeper<br>705 Dominion Square<br>Culpeper, VA 22701 | Dominion Square-Culpeper, LLC (Landlord) |
| 533 - Fairfax<br>13031 Fairlakes Shopping Center<br>Fairfax, VA 22033 | TRU 2005 RE I, LLC (Landlord) |
| 535 - Fredericksburg<br>1461 Carl D. Silver Pkwy.<br>Fredericksburg, VA 22401 | Realty Income Corporation (Landlord) |
| 540 - Gainesville<br>5085 Wellington Road<br>Gainesville, VA 20155 | Gateway Center IV, LC (Landlord) |
| 538 - Hampton Roads<br>2106 Coliseum Dr.<br>Hampton, VA 23666 | Coliseum Properties, LLC (Landlord) |
| 537 - Norfolk<br>5900 E. Virginia Beach<br>Norfolk, VA 23502 | JANAF Associates Limited Partnership c/o McKinley Commercial, Inc. (Landlord) |
| 534 - Sterling<br>21070 Southbank St.<br>Sterling, VA 20165 | Edens Park Place at Cascades LP (Landlord) |
| 531 - Tysons Corner<br>8355 Leesburg Pike<br>Vienna, VA 22182 | MLK Associates, LLC (Landlord) |
| 539 - Lynnhaven<br>2720 N. Mall Dr.<br>Virginia Beach, VA 23452 | Sports Delaware LLC c/o Alan Riley Company (Landlord) |
| 560 - Auburn<br>1101 Outlet Collection Way<br>Auburn, WA 98001 | Glimcher SuperMall Venture LLC c/o Glimcher Properties LP (Landlord) |
| 553 - Bellevue S/S<br>44 Bellevue Way N.E.<br>Bellevue, WA 98004 | Lakeside Holdings LPI c/o Cosmos Management Corporation (Landlord) |
| 559 - Bellevue<br>15600 N.E. Eighth<br>Bellevue, WA 98008 | Terranomics Crossroads Associates (Landlord) |

| Store No. and Property Location | Counterparty |
|---|---|
| 548 - Bellingham<br>#20 Bellis Fair Parkway<br>Bellingham, WA 98226 | Bellis Fair Mall, LLC (Landlord) |
| 556 - Everett<br>505 S.E. Everett Mall Way<br>Everett, WA 98208 | Greentree Plaza 06 A, LLC (Landlord) |
| 561 - Issaquah<br>1185 NW Gilman Boulevard<br>Issaquah, WA 98027 | ISSAQUAH ASSOCIATES (Landlord) |
| 550 - Kennewick<br>908C N. Colorado<br>Kennewick, WA 99336 | Harlan Douglass (Landlord) |
| 041 - Kent<br>13026 SE Kent Kangley Rd<br>Kent, WA 98030 | Lakha Kent Properties, LLC (Landlord) |
| 549 - Lacey<br>1220 Marvin Rd NE<br>Lacey, WA 98516 | Lacey Marketplace Associates II, LLC (Landlord) |
| 558 - Lake Stevens<br>519 WA-9<br>Lake Stevens, WA 98258 | PK II Frontier Village SC LLC (Landlord) |
| 723 - Lynnwood East<br>19800 44th Avenue West<br>Lynnwood, WA 98036 | MGP XI Lynnwood Leasehold, LLC (Landlord) |
| 562 - Olympia<br>1200 Cooper Point Road SW Suite 500<br>Olympia, WA 98502 | MGP X Properties, LLC (Landlord) |
| 554 - Puyallup<br>4423 South Meridian<br>Puyallup, WA 98374 | Meridian Place, LLC (Landlord) |
| 557 - Northgate North<br>328 NE Northgate Way<br>Seattle, WA 98125 | Inland Western Seattle Northgate North, L.L.C. (Landlord) |
| 551 - Spokane Northpointe<br>9620 N. Newport Highway<br>Spokane, WA 99218 | Inland Western Northpointe Spokane, L.L.C. (Landlord) |

| Store No. and Property Location | Counterparty |
|---|---|
| 552 - Spokane East<br>15118 E. Indiana Avenue<br>Spokane, WA 99216 | Market Pointe I LLC c/o Hanson Industries Inc (Landlord) |
| 722 - Tacoma<br>1905 B S. 72nd St.<br>Tacoma, WA 98408 | RH TACOMA PLACE ASSOCIATES LLC (Landlord) |
| 555 - Tukwila<br>17450 Southcenter Parkway<br>Tukwila, WA 98188 | KIR Tukwila L.P. (Landlord) |
| 721 - Hazel Dell<br>8002 NE 6th Avenue<br>Vancouver, WA 98665 | Hazel Dell Marketplace LLC (Landlord) |
| 623 - Brookfield<br>16300 A W. Blue Mound Road<br>Brookfield, WI 53005 | BMF Land Inc (Landlord) |
| 629 - Delafield<br>2950 Golf Road<br>Delafield, WI 53018 | Ramco Delafield II LLC (Landlord) |
| 621 - Bayshore<br>5850 N Bayshore Dr<br>Glendale, WI 53217 | Bayshore Town Center, LLC (Landlord) |
| 622 - Greenfield<br>5070 South 74th Street<br>Greenfield, WI 53220 | Greenfield LP c/o Bonnie Management Company (Landlord) |
| 622 - Greenfield<br>5070 South 74th Street<br>Greenfield, WI 53220 | Greenfield LP c/o Bonnie Management Company (Landlord) |
| 122 - Cheyenne<br>1400 Del Range Blvd.<br>Cheyenne, WY 82009 | Frontier Mall Associates LP (Landlord) |
| 060 - Gillette<br>2610 S. Douglas Hwy<br>Gillette, WY 82716 | Powder Basin Shopping Center, LLC (Landlord) |
| 408 - Jackson (Resort)<br>455-A West Broadway<br>Jackson, WY 83001 | 455 Broadway, LLC (Landlord) |

| Store No. and Property Location | Counterparty |
|---|---|
| 408a - Jackson (Resort) (Lauro lease)<br>455 W Broadway<br>Jackson, WY 83001 | John and Donna Lauro (Landlord) |
| 408a - Jackson (Resort) (Lauro lease)<br>455 W Broadway<br>Jackson, WY 83001 | John and Donna Lauro (Landlord) |
| 316 - Rock Springs<br>1371 Dewar Drive<br>Rock Springs, WY 82901 | Rock Springs Plaza, LLC (Landlord) |
| 316 - Rock Springs<br>1371 Dewar Drive<br>Rock Springs, WY 82901 | Rock Springs Plaza, LLC (Landlord) |

# **EXHIBIT E**

## **APPLICABLE GOVERNMENTAL UNITS**

*(see attached)*

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| State Attorney General | State of Alaska | Alaska Attorney General<br>Attn Bankruptcy Department<br>PO Box 110300<br>Juneau, AK 99811-0300 |
| State Attorney General | State of Arizona | Arizona Attorney General<br>Attn Bankruptcy Department<br>1275 W. Washington St.<br>Phoenix, AZ 85007 |
| State Attorney General | State of California | California Attorney General<br>Attn Bankruptcy Department<br>1300 I St., Ste. 1740<br>Sacramento, CA 95814 |
| State Attorney General | State of Colorado | Colorado Attorney General<br>Attn Bankruptcy Department<br>Ralph L Carr Colorado Judicial Center<br>1300 Broadway, 10th Fl<br>Denver, CO 80203 |
| State Attorney General | State of Connecticut | Connecticut Attorney General<br>Attn Bankruptcy Department<br>55 Elm St.<br>Hartford, CT 06106 |
| State Attorney General | State of Delaware | Delaware Attorney General<br>Attn Bankruptcy Department<br>Carvel State Office Bldg.<br>820 N. French St.<br>Wilmington, DE 19801 |
| State Attorney General | State of Florida | Florida Attorney General<br>Attn Bankruptcy Department<br>The Capitol PL 01<br>Tallahassee, FL 32399-1050 |
| State Attorney General | State of Georgia | Georgia Attorney General<br>Attn Bankruptcy Department<br>40 Capital Square, SW<br>Atlanta, GA 30334-1300 |
| State Attorney General | State of Hawaii | Hawaii Attorney General<br>Attn Bankruptcy Department<br>425 Queen Street<br>Honolulu, HI 96813 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| State Attorney General | State of Iowa | Iowa Attorney General<br>Attn Bankruptcy Department<br>Hoover State Office Bldg<br>1305 E. Walnut<br>Des Moines, IA 50319 |
| State Attorney General | State of Idaho | Idaho Attorney General<br>Attn Bankruptcy Department<br>Statehouse<br>Boise, ID 83720-1000 |
| State Attorney General | State of Illinois | Illinois Attorney General<br>Attn Bankruptcy Department<br>James R. Thompson Ctr<br>100 W. Randolph St.<br>Chicago, IL 60601 |
| State Attorney General | State of Indiana | Indiana Attorney General<br>Attn Bankruptcy Department<br>Indiana Govt Center South 5th Floor<br>302 West Washington St<br>Indianapolis, IN 46204 |
| State Attorney General | State of Kansas | Kansas Attorney General<br>Attn Bankruptcy Department<br>120 SW 10th Ave., 2nd Fl<br>Topeka, KS 66612-1597 |
| State Attorney General | State of Louisiana | Louisiana Attorney General<br>Attn Bankruptcy Department<br>P.O. Box 94095<br>Baton Rouge, LA 70804-4095 |
| State Attorney General | State of Massachusetts | Massachusetts Attorney General<br>Attn Bankruptcy Department<br>One Ashburton Place<br>Boston, MA 02108-1698 |
| State Attorney General | State of Maryland | Maryland Attorney General<br>Attn Bankruptcy Department<br>200 St. Paul Place<br>Baltimore, MD 21202-2202 |
| State Attorney General | State of Maine | Maine Attorney General<br>Attn Bankruptcy Department<br>State House Station 6<br>Augusta, ME 04333 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| State Attorney General | State of Michigan | Michigan Attorney General<br>Attn Bankruptcy Department<br>525 W. Ottawa St.<br>P.O. Box 30212<br>Lansing, MI 48909-0212 |
| State Attorney General | State of Minnesota | Minnesota Attorney General<br>Attn Bankruptcy Department<br>State Capitol, Ste. 102<br>St. Paul, MN 55155 |
| State Attorney General | State of Missouri | Missouri Attorney General<br>Attn Bankruptcy Department<br>Supreme Court Bldg<br>207 W. High St.<br>Jefferson City, MO 65101 |
| State Attorney General | State of Mississippi | Mississippi Attorney General<br>Attn Bankruptcy Department<br>Department of Justice<br>P.O. Box 220<br>Jackson, MS 37205 |
| State Attorney General | State of Montana | Montana Attorney General<br>Attn Bankruptcy Department<br>Justice Bldg<br>215 N. Sanders<br>Helena, MT 59620-1401 |
| State Attorney General | State of North Carolina | North Carolina Attorney General<br>Attn Bankruptcy Department<br>Department of Justice<br>P.O. Box 629<br>Raleigh, NC 27602-0629 |
| State Attorney General | State of Nebraska | Nebraska Attorney General<br>Attn Bankruptcy Department<br>State Capitol<br>P.O. Box 98920<br>Lincoln, NE 68509-8920 |
| State Attorney General | State of New Hampshire | New Hampshire Attorney General<br>Attn Bankruptcy Department<br>33 Capitol St.<br>Concord, NH 03301 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| State Attorney General | State of New Jersey | New Jersey Attorney General<br>Attn Bankruptcy Department<br>Richard J. Hughes Justice Complex<br>25 Market St.<br>PO Box 080<br>Trenton, NJ 08625 |
| State Attorney General | State of New Mexico | New Mexico Attorney General<br>Attn Bankruptcy Department<br>P.O. Drawer 1508<br>Santa Fe, NM 87504-1508 |
| State Attorney General | State of Nevada | Nevada Attorney General<br>Attn Bankruptcy Department<br>Old Supreme Ct. Bldg<br>100 N. Carson St<br>Carson City, NV 89701 |
| State Attorney General | State of New York | New York Attorney General<br>Attn Bankruptcy Department<br>Dept. of Law<br>The Capitol, 2nd Fl.<br>Albany, NY 12224 |
| State Attorney General | State of Ohio | Ohio Attorney General<br>Attn Bankruptcy Department<br>State Office Tower<br>30 E. Broad St.<br>Columbus, OH 43266-0410 |
| State Attorney General | State of Oklahoma | Oklahoma Attorney General<br>Attn Bankruptcy Department<br>313 NE 21st St<br>Oklahoma City, OK 73105 |
| State Attorney General | State of Oregon | Oregon Attorney General<br>Attn Bankruptcy Department<br>Justice Bldg<br>1162 Court St. NE<br>Salem, OR 97301 |
| State Attorney General | State of Pennsylvania | Pennsylvania Attorney General<br>Attn Bankruptcy Department<br>1600 Strawberry Square<br>Harrisburg, PA 17120 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| State Attorney General | State of Puerto Rico | Puerto Rico Attorney General<br>Attn Bankruptcy Department<br>Calle Olimpo, Esq. Axtmayer<br>Pda. 11 Miramar<br>San Juan, PR 00907 |
| State Attorney General | State of Rhode Island | Rhode Island Attorney General<br>Attn Bankruptcy Department<br>150 S. Main St.<br>Providence, RI 02903 |
| State Attorney General | State of Tennessee | Tennessee Attorney General<br>Attn Bankruptcy Department<br>425 5th Avenue North<br>Nashville, TN 37243 |
| State Attorney General | State of Texas | Texas Attorney General<br>Attn Bankruptcy Department<br>Capitol Station<br>P.O. Box 12548<br>Austin, TX 78711-2548 |
| State Attorney General | State of Utah | Utah Attorney General<br>Attn Bankruptcy Department<br>State Capitol Rm 236<br>Salt Lake City, UT 84114-0810 |
| State Attorney General | State of Virginia | Virginia Attorney General<br>Attn Bankruptcy Department<br>900 East Main Street<br>Richmond, VA 23219 |
| State Attorney General | State of Washington | Washington Attorney General<br>Attn Bankruptcy Department<br>1125 Washington St SE<br>PO Box 40100<br>Olympia, WA 98504-0100 |
| State Attorney General | State of Wisconsin | Wisconsin Attorney General<br>Attn Bankruptcy Department<br>Wisconsin Dept. of Justice<br>State Capitol Room 114 East<br>PO Box 7857<br>Madison, WI 53707-7857 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| State Attorney General | State of Wyoming | Wyoming Attorney General<br>Attn Bankruptcy Department<br>State Capitol Bldg, Room 123<br>200 W. 24th Street<br>Cheyenne, WY 82002 |
| County Consumer Protection Agency or County District Attorney | Anchorage County, AK | Anchorage County District Attorney<br>Clinton M Campion<br>310 K Street<br>Suite 520<br>Anchorage, AK 99501-1975 |
| County Consumer Protection Agency or County District Attorney | Fairbanks North Star County, AK | Fairbanks North Star Borough District Attorney<br>Juanita Hems Administrative Center (JHAC)<br>809 Pioneer Road<br>Fairbanks, AK 99701 |
| County Consumer Protection Agency or County District Attorney | Matanuska-Susitna County, AK | Matanuska-Susitna Borough District Attorney<br>Nicholas Spiropoulos<br>350 E Dahlia Ave<br>Palmer, AK 99645 |
| County Consumer Protection Agency or County District Attorney | Maricopa County, AZ | Maricopa County District Attorney<br>301 West Jefferson Street<br>Suite 800<br>Phoenix, AZ 85003 |
| County Consumer Protection Agency or County District Attorney | Pima County, AZ | Pima County District Attorney<br>Barbara LaWall<br>32 N Stone Avenue<br>Tuscon , AZ 85701 |
| County Consumer Protection Agency or County District Attorney | Pinal County, AZ | Pinal County Attorney<br>Lando Voyles<br>PO Box 887<br>Florence, AZ 85132 |
| County Consumer Protection Agency or County District Attorney | Yuma County, AZ | Yuma County Attorney<br>Jon R Smith<br>250 W 2nd St<br>Suite G<br>Yuma, AZ 85364 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| County Consumer Protection Agency or County District Attorney | Alameda County, CA | Alameda County District Attorney Consumer, Environmental & Worker Protection Division 7677 Oakport Street, Suite 650 Oakland, CA 94621 |
| County Consumer Protection Agency or County District Attorney | Contra Costa County, CA | Contra Costa County District Attorney Consumer Protection (Civil) Unit Gary Koeppel, Deputy District Attorney 900 Ward Street Fourth Floor Martinez, CA 94553 |
| County Consumer Protection Agency or County District Attorney | Fresno County, CA | Fresno County District Attorney Consumer & Environmental Protection Division 2220 Tulare St Suite 1000 Fresno, CA 93721 |
| County Consumer Protection Agency or County District Attorney | Humboldt County, CA | Humboldt County District Attorney Maggie Fleming Humboldt County Courthouse 825 5th Street 4th Floor Eureka, CA 95501 |
| County Consumer Protection Agency or County District Attorney | Kern County, CA | Kern County District Attorney Lisa Green 1215 Truxtun Avenue 4th Floor Bakersfield, CA 93301 |
| County Consumer Protection Agency or County District Attorney | Los Angeles County, CA | Los Angeles County District Attorney Consumer Protection Division 211 West Temple Street, Suite 1000 Los Angeles, CA 90012 |
| County Consumer Protection Agency or County District Attorney | Marin County, CA | Marin County District Attorney Consumer Protection Unit Andres H Perez, Deputy District Attorney 3501 Civic Center Dr San Rafael, CA 94903 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| County Consumer Protection Agency or County District Attorney | Monterey County, CA | Monterey County District Attorney Consumer Protection Division 1200 Aguajito Road Room 301 Monterey, CA 93940 |
| County Consumer Protection Agency or County District Attorney | Orange County, CA | Orange County District Attorney Consumer Protection Unit 401 Civic Center Drive West PO Box 808 Santa Ana, CA 92701 |
| County Consumer Protection Agency or County District Attorney | Placer County, CA | Placer County District Attorney Consumer Fraud & Environmental Crimes Unit 10810 Justice Center Drive Suite #240 Roseville, CA 95678 |
| County Consumer Protection Agency or County District Attorney | Riverside County, CA | Riverside County District Attorney Consumer Fraud Unit 3960 Orange Street Riverside , CA 92501 |
| County Consumer Protection Agency or County District Attorney | Sacramento County, CA | Sacramento County District Attorney Consumer & Environmental Protection Division 901 G Street Sacramento, CA 95814 |
| County Consumer Protection Agency or County District Attorney | San Bernardino County, CA | San Bernardino County District Attorney Michael Ramos 303 West 3rd Street 6th Floor San Berardino, CA 92415-0502 |
| County Consumer Protection Agency or County District Attorney | San Diego County, CA | San Diego County District Attorney Consumer Protection Unit Hall of Justice 330 W Broadway San Diego, CA 92101 |
| County Consumer Protection Agency or County District Attorney | San Francisco County, CA | San Francisco County District Attorney Consumer Protection Unit 732 Brannan Street San Francisco, CA 94103 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| County Consumer Protection Agency or County District Attorney | San Joaquin County, CA | San Joaquin County District Attorney<br>Tori Verber Salazar<br>222 E Weber Avenue<br>Second Floor<br>Room 202<br>Stockton, CA 95202 |
| County Consumer Protection Agency or County District Attorney | San Luis Obispo County, CA | San Luis Obispo County District Attorney<br>Dan Dow<br>County Government Center<br>4th Floor<br>San Luis Obispo, CA 93408 |
| County Consumer Protection Agency or County District Attorney | San Mateo County, CA | San Mateo County District Attorney<br>Consumer and Environmental Protection Unit<br>400 County Center<br>3rd Floor<br>Redwood City, CA 94063 |
| County Consumer Protection Agency or County District Attorney | Santa Barbara County, CA | Santa Barbara County District Attorney<br>Consumer and Environmental Protection Division<br>Santa Maria, Kelly D Scott<br>312-D East Cook Street<br>Santa Maria, CA 93454 |
| County Consumer Protection Agency or County District Attorney | Santa Clara County, CA | Santa Clara County District Attorney<br>Consumer Protection Unit<br>70 W Hedding St<br>West Wing 4th Floor<br>San Jose, CA 95110 |
| County Consumer Protection Agency or County District Attorney | Santa Cruz County, CA | Santa Cruz County District Attorney<br>Consumer Fraud/Environmental Protection Unit<br>701 Ocean Street<br>Room 200<br>Santa Cruz, CA 95060 |
| County Consumer Protection Agency or County District Attorney | Shasta County, CA | Shasta County District Attorney<br>Consumer Protection Unit<br>1355 West Street<br>Redding, CA 96001 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| County Consumer Protection Agency or County District Attorney | Solano County, CA | Solano County District Attorney Consumer and Environmental Crimes Unit (CECU) 675 Texas Stree Suite 4500 Fairfield, CA 94533 |
| County Consumer Protection Agency or County District Attorney | Sonoma County, CA | Sonoma County District Attorney Environmental & Consumer Law Division 2300 County Center Drive Suite 170 B Santa Rosa, CA 95403 |
| County Consumer Protection Agency or County District Attorney | Stanislaus County, CA | Stanislaus County District Attorney Consumer Protection Unit 832 12th St #300 Modesto, CA 95354 |
| County Consumer Protection Agency or County District Attorney | Ventura County, CA | Ventura County District Attorney Consumer and Environmental Protection Unit Venture County Government Center Hall of Justice 800 S Victoria Ave, Suite 314 Ventura, CA 93009 |
| County Consumer Protection Agency or County District Attorney | Adams County, CO | Adams County District Attorney 1000 Judicial Center Dr, Suite 100 Brighton, CO 80601 |
| County Consumer Protection Agency or County District Attorney | Arapahoe County, CO | Arapahoe County District Attorney 6450 S Revere Parkway Centennial, CO 80111 |
| County Consumer Protection Agency or County District Attorney | Boulder County, CO | Boulder County District Attorney Community Protection Division PO Box 471 Boulder, CO 80306 |
| County Consumer Protection Agency or County District Attorney | Denver County, CO | Denver County District Attorney Second Judicial District 201 W. Colfax Avenue Denver, CO 80202 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| County Consumer Protection Agency or County District Attorney | Douglas County, CO | Douglas County District Attorney<br>Lance Ingalls<br>110 Third Street<br>Castle Rock, CO 80104 |
| County Consumer Protection Agency or County District Attorney | Eagle County, CO | Eagle County District Attorney<br>955 Chambers Avenue<br>P.O. Box 295<br>Eagle, CO 81631 |
| County Consumer Protection Agency or County District Attorney | El Paso County, CO | El Paso County District Attorney<br>Amy R Folsom<br>200 South Cascade Avenue<br>Suite 150<br>Colorado Springs, CO 80903-2208 |
| County Consumer Protection Agency or County District Attorney | Garfield County, CO | Garfield County District Attorney<br>Tari Williams<br>108 8th Street<br>Suite 219<br>Glenwood Springs, CO 81601 |
| County Consumer Protection Agency or County District Attorney | Jefferson County, CO | Jefferson County District Attorney<br>First Judicial District Attorneys Office<br>Consumer Fraud Specialist<br>500 Jefferson County Pkwy<br>District Attorney Building<br>Golden, CO 80401 |
| County Consumer Protection Agency or County District Attorney | La Plata County, CO | La Plata County District Attorney<br>Todd Risberg<br>1060 Main Ave<br>Durango, CO 81301 |
| County Consumer Protection Agency or County District Attorney | Larimer County, CO | Larimer County District Attorney<br>Cliff Riedel<br>200 W Oak Street<br>Fort Collins, CO 80521 |
| County Consumer Protection Agency or County District Attorney | Mesa County, CO | Mesa County District Attorney<br>Consumer Protection Unit<br>21st Judicial District<br>PO Box 20,000<br>Grand Junction, CO 81502-5031 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| County Consumer Protection Agency or County District Attorney | Montrose County, CO | Montrose County District Attorney Dan Hotsenpiller 1140 North Grand Avenue Suite 200 Montrose, CO 81401 |
| County Consumer Protection Agency or County District Attorney | Pueblo County, CO | Tenth Judicial District Attorney Jeff Chostner 701 Court Street Pueblo, CO 81003 |
| County Consumer Protection Agency or County District Attorney | Routt County, CO | Routt County District Attorney PO Box 773598 Steamboat Springs, CO 80477 |
| County Consumer Protection Agency or County District Attorney | Summit County, CO | Summit County District Attorney PO Box 488 Breckenridge, CO 80424 |
| County Consumer Protection Agency or County District Attorney | Weld County, CO | Weld County District Attorney Michael J. Rourke 915 Tenth Street PO Box 1167 Greeley, CO 80632-1167 |
| County Consumer Protection Agency or County District Attorney | Fairfield County, CT | Fairfield County States Attorney John Smriga 1061 Main Street Bridgeport , CT 06604 |
| County Consumer Protection Agency or County District Attorney | Hartford County, CT | Hartford County States Attorney Gail P. Hardy 101 Lafayette Street Hartford , CT 06106 |
| County Consumer Protection Agency or County District Attorney | New Haven County, CT | New Haven County States Attorney Michael Dearington 235 Church Street New Haven, CT 06510 |
| County Consumer Protection Agency or County District Attorney | New Castle County, DE | New Castle County Attorney General Matt Denn Consumer Protection Unit Delaware Department of Justice 820 N. French St. Wilmington, DE 19801 |

01:18374644.1

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| County Consumer Protection Agency or County District Attorney | Alachua County, FL | Alachua County Attorney Michele L. Lieberman 12 SE 1st Street Gainesville, FL 32601 |
| County Consumer Protection Agency or County District Attorney | Bay County, FL | Bay County Attorney Terrell K Arline 840 West 11th Street Panama City, FL 32401 |
| County Consumer Protection Agency or County District Attorney | Brevard County, FL | Brevard County Attorney Scott Knox 2725 Judge Fran Jmaieson Way Bldg C Viera , FL 32940 |
| County Consumer Protection Agency or County District Attorney | Broward County, FL | Broward County Attorney 115 S. Andrews Ave., Annex B Fort Lauderdale, FL 33301-4800 |
| County Consumer Protection Agency or County District Attorney | Collier County, FL | Collier County Attorney Jeffrey A. Klatzkow 3299 Tamiami Trail East Suite 800 Naples, FL 34112-5749 |
| County Consumer Protection Agency or County District Attorney | Dade County, FL | Miami-Dade County Attorney Abigail Price-Williams 111 NW 1st Street Suite 2810 Miami, FL 33128 |
| County Consumer Protection Agency or County District Attorney | Hernando County, FL | Hernando County Attorney Garth C. Coller 20 North Main Street Suite 462 Brooksville, FL 34601-2850 |
| County Consumer Protection Agency or County District Attorney | Hillsborough County, FL | Hillsborough County Attorney Chip Fletcher County Center 601 E Kennedy Blvd Tampa, FL 33602 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| County Consumer Protection Agency or County District Attorney | Indian River County, FL | Indian River County Attorney Dylan Reingold 1801 27th Street Vero Beach, FL 32960-3365 |
| County Consumer Protection Agency or County District Attorney | Lee County, FL | Lee County Attorney P.O. Box 398 Fort Myers, FL 33902 |
| County Consumer Protection Agency or County District Attorney | Leon County, FL | Leon County Attorney Herbert W. A. Thiele 301 S Monroe St Suite 202 Tallahassee, FL 32301 |
| County Consumer Protection Agency or County District Attorney | Manatee County, FL | Manatee County Attorney Mitchell Palmer 1112 Manatee Avenue West Bradenton, FL 34205 |
| County Consumer Protection Agency or County District Attorney | Marion County, FL | Marion County Attorney Matthew "Guy" Minter 601 SE 25th Ave Ocala, FL 34471 |
| County Consumer Protection Agency or County District Attorney | Martin County, FL | Martin County Attorney 2401 SE Monterey Road Stuart, FL 34996 |
| County Consumer Protection Agency or County District Attorney | Orange County, FL | Orange County Attorney Jeffrey J Newton PO Box 1393 Orlando, FL 32802-1393 |
| County Consumer Protection Agency or County District Attorney | Osceola County, FL | Osceola County Attorney 1 Courthouse Square Suite 400 Kissimmee, FL 34741 |
| County Consumer Protection Agency or County District Attorney | Palm Beach County, FL | Palm Beach County Attorney 301 N Olive Avenue Suite 601 West Palm Beach, FL 33401 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| County Consumer Protection Agency or County District Attorney | Pasco County, FL | Pasco County Attorney<br>Jeffrey Steinsnyder<br>8731 Citizens Dr<br>Suite 340<br>New Port Richey, FL 34654 |
| County Consumer Protection Agency or County District Attorney | Pinellas County, FL | Pinellas County Attorney<br>315 Court Street<br>Clearwater, FL 33756 |
| County Consumer Protection Agency or County District Attorney | Polk County, FL | Polk County Attorney<br>Michael Craig<br>330 W Church St<br>Drawer AT01<br>PO Box 9005<br>Bartow, FL 33831-9005 |
| County Consumer Protection Agency or County District Attorney | Sarasota County, FL | Sarasota County Attorney<br>1660 Ringling Blvd<br>Sarasota, FL 34236 |
| County Consumer Protection Agency or County District Attorney | Seminole County, FL | Seminole County District Attorney<br>Bryant Applegate<br>1101 East 1st Street<br>Sanford, FL 32771 |
| County Consumer Protection Agency or County District Attorney | St Lucie County, FL | St Lucie County District Attorney<br>Daniel S. McIntyre<br>2300 Virginia Avenue<br>Fort Pierce, FL 34982 |
| County Consumer Protection Agency or County District Attorney | Volusia County, FL | Volusia County Attorney<br>Daniel Eckert<br>Thomas C. Kelly Administration Center<br>123 W. Indiana Ave.<br>DeLand, FL 32720 |
| County Consumer Protection Agency or County District Attorney | Clayton County, GA | Clayton County District Attorney<br>Tracy Graham Lawson<br>Harold R. Banke Justice Center<br>9151 Tara Boulevard<br>4th Floor<br>Jonesboro, GA 30236 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| County Consumer Protection Agency or County District Attorney | Cobb County, GA | Cobb County District Attorney<br>Vic Reynolds<br>70 Haynes Street<br>Marietta, GA 30090 |
| County Consumer Protection Agency or County District Attorney | DeKalb County, GA | DeKalb County District Attorney<br>Robert James<br>556 N McDonough Street<br>Suite 700<br>Decatur, GA 30030 |
| County Consumer Protection Agency or County District Attorney | Fulton County, GA | Fulton County District Attorney<br>Paul L Howard Jr<br>136 Pryor Street SW<br>Third Floor<br>Atlanta , GA 30303 |
| County Consumer Protection Agency or County District Attorney | Gwinnett County, GA | Gwinnett County District Attorney<br>Danny Porter<br>Gwinnett Justice and Administration Center<br>75 Langley Drive<br>Lawrenceville, GA 30046 |
| County Consumer Protection Agency or County District Attorney | Henry County, GA | Henry County District Attorney<br>James L. Wright, III<br>Henry County Courthouse<br>2nd Floor, West Tower<br>McDonough, GA 30253 |
| County Consumer Protection Agency or County District Attorney | Paulding County, GA | Paulding County District Attorney<br>Dick Donovan<br>280 Constitution Blvd.<br>Dallas, GA 30132 |
| County Consumer Protection Agency or County District Attorney | Rockdale County, GA | Rockdale County District Attorney<br>Richard R. Read<br>962 Milstead Ave.<br>Conyers, GA 30012 |
| County Consumer Protection Agency or County District Attorney | Hawaii County, HI | Hawaii County Prosecuting Attorney<br>Mitch Roth<br>Aupuni Center<br>655 Kilauea Avenue<br>Hilo, HI 96720 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| County Consumer Protection Agency or County District Attorney | Honolulu County, HI | Honolulu County Prosecuting Attorney Keith M. Kaneshiro 1060 Richards St. Honolulu, HI 96813 |
| County Consumer Protection Agency or County District Attorney | Kauai County, HI | Kauai County Prosecuting Attorney Justin Kollar 3990 Kaana Street Suite 210 Līhu'e, HI 96766 |
| County Consumer Protection Agency or County District Attorney | Maui County, HI | Maui County Prosecuting Attorney John D. Kim 150 South High St. Old Court House Bldg Wailuku, HI 96793 |
| County Consumer Protection Agency or County District Attorney | Polk County, IA | Polk County Attorney John P. Sarcone Polk County Justice Center 222 Fifth Avenue Des Moines, IA 50309 |
| County Consumer Protection Agency or County District Attorney | Story County, IA | Story County Attorney Stephen H. Holmes 1315 South B Ave. Nevada, IA 50201 |
| County Consumer Protection Agency or County District Attorney | Ada County, ID | Ada County Prosecutors Office 200 West Front Street, Room 3191 Boise, ID 83702 |
| County Consumer Protection Agency or County District Attorney | Bonneville County, ID | Bonneville County Prosecuting Attorney Daniel R. Clark 605 N. Capital Ave. Idaho Falls, ID 83402 |
| County Consumer Protection Agency or County District Attorney | Kootenai County, ID | Kootenai County Prosecuting Attorney Barry McHugh 501 Government Way Coeur d'Alene, ID 83814 |
| County Consumer Protection Agency or County District Attorney | Nez Perce County, ID | Nez Perce County Prosecutor Dan Spickler P.O. Box 1267 Lewiston, ID 83501 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| County Consumer Protection Agency or County District Attorney | Cook County, IL | Cook County States Attorney<br>Anita Alvarez<br>69 W. Washington<br>Suite 3200<br>Chicago, IL 60602 |
| County Consumer Protection Agency or County District Attorney | DuPage County, IL | DuPage County States Attorney<br>Robert Berlin<br>Judicial Office Facility - Annex<br>503 N. County Farm Road<br>Wheaton, IL 60187 |
| County Consumer Protection Agency or County District Attorney | Kane County, IL | Kane County States Attorney<br>Joseph H McMahon<br>530 South Randall Road<br>St. Charles, IL 60174 |
| County Consumer Protection Agency or County District Attorney | Lake County, IL | Lake County States Attorney<br>Michael G Nerheim<br>18 N. County Street<br>3rd Floor<br>Waukegan, IL 60085 |
| County Consumer Protection Agency or County District Attorney | McHenry County, IL | McHenry County States Attorney<br>Louis A Bianchi<br>McHenry County Government Center<br>2200 N. Seminary Avenue<br>Suite 150<br>Woodstock, IL 60098 |
| County Consumer Protection Agency or County District Attorney | Sangamon County, IL | Sangamon County States Attorney<br>John Milhiser<br>200 S. Ninth St., Room 402<br>Springfield, IL 62701 |
| County Consumer Protection Agency or County District Attorney | St Clair County, IL | St Clair County States Attorney<br>Brendan Kelly<br>#10 Public Square<br>Belleville, IL 62220 |
| County Consumer Protection Agency or County District Attorney | Will County, IL | Will County States Attorney<br>121 North Chicago Street<br>Joilet, IL 60432 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| County Consumer Protection Agency or County District Attorney | Lake County, IN | Lake County Prosecutors Office<br>Bernard A. Carter<br>Building 'B', 1st Floor<br>2293 N. Main Street<br>Crown Point, IN 46307 |
| County Consumer Protection Agency or County District Attorney | Johnson County, KS | Johnson County District Attorney<br>Consumer Protection Unit<br>100 N Kansas<br>Olathe, KS 66061 |
| County Consumer Protection Agency or County District Attorney | Sedgwick County, KS | Sedgwick County District Attorney<br> Consumer Protection Division<br>535 N. Main<br>Wichita, KS 67203 |
| County Consumer Protection Agency or County District Attorney | Jefferson County, LA | Jefferson Parish District Attorney<br>24th Judicial District<br>Paul D. Connick, Jr.<br>200 Derbigny St.<br>Gretna, LA 70053 |
| County Consumer Protection Agency or County District Attorney | Barnstable County, MA | The Cape and the Islands District Attorney<br>Michael D. O'Keefe<br>3231 Main Street<br>P.O. Box 455<br>Barnstable, MA 02630 |
| County Consumer Protection Agency or County District Attorney | Bristol County, MA | Bristol County District Attorney<br>Thomas M Quinn III<br>888 Purchase Street<br>New Bedford, MA 02740 |
| County Consumer Protection Agency or County District Attorney | Essex County, MA | Essex County District Attorney<br>Jonathan Blodgett<br>10 Federal Street, 5th Floor<br>Salem, MA 01970 |
| County Consumer Protection Agency or County District Attorney | Hampden County, MA | Hampden County District Attorney<br>Anthony D Gulluni<br>Hall of Justice<br>50 State Street<br>Springfield, MA 01102 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| County Consumer Protection Agency or County District Attorney | Middlesex County, MA | Middlesex County District Attorney<br>Marian T. Ryan<br>15 Commonwealth Avenue<br>Woburn, MA 01801 |
| County Consumer Protection Agency or County District Attorney | Norfolk County, MA | Norfolk County District Attorney<br>Michael W Morrissey<br>45 Shawmut Road<br>Canton, MA 02021 |
| County Consumer Protection Agency or County District Attorney | Worcester County, MA | Worcester County District Attorney<br>Joseph D Early, Jr<br>225 Main Street<br>Room G-301<br>Worcester, MA 01608 |
| County Consumer Protection Agency or County District Attorney | Anne Arundel County, MD | Anne Arundel County Attorney<br>Nancy Duden<br>Heritage Office Complex<br>4th Floor<br>2660 Riva Road<br>Annapolis, MD 21401 |
| County Consumer Protection Agency or County District Attorney | Baltimore County, MD | Baltimore County Attorney<br>Michael E. Field<br>Historic Courthouse<br>400 Washington Avenue<br>Towson, MD 21204 |
| County Consumer Protection Agency or County District Attorney | Charles County, MD | Charles County Attorney<br>Elizabeth D. Theobalds<br>P.O. Box 2150<br>La Plata, MD 20646 |
| County Consumer Protection Agency or County District Attorney | Frederick County, MD | Frederick County Attorney<br>John S Mathias<br>Winchester Hall<br>12 E. Church St.<br>Frederick, MD 21701 |
| County Consumer Protection Agency or County District Attorney | Howard County, MD | Howard County Solicitor<br>Gary W. Kuc<br>Carroll Building<br>3450 Court House Dr<br>Ellicott City, MD 21043 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| County Consumer Protection Agency or County District Attorney | Montgomery County, MD | Montgomery County Attorney Executive Office Building 101 Monroe St., 3rd Floor Rockville, MD 20850 |
| County Consumer Protection Agency or County District Attorney | Prince George's County, MD | Prince Georges County Attorney M. Andree Green County Administration Building 14741 Governor Oden Bowie Drive Room 5121 Upper Marlboro, MD 20772-3050 |
| County Consumer Protection Agency or County District Attorney | Androscoggin County, ME | Androscoggin County District Attorney Andrew S. Robinson 55 Lisbon St. 2nd floor Lewiston, ME 04240 |
| County Consumer Protection Agency or County District Attorney | Cumberland County, ME | Cumberland County District Attorney Stephanie Anderson 142 Federal St. Portland, ME 04101 |
| County Consumer Protection Agency or County District Attorney | Genesee County, MI | Genesee County Prosecutor David S Leyton 900 S Saginaw St Flint, MI 48502 |
| County Consumer Protection Agency or County District Attorney | Macomb County, MI | Macomb County Prosecuting Attorney Eric J Smith 1 South Main Street Mount Clemens, MI 48043 |
| County Consumer Protection Agency or County District Attorney | Oakland County, MI | Oakland County Prosecutors Office Jessica R Cooper West Wing - Building 14E 1200 North Telegraph Road Pontiac, MI 48341-0461 |
| County Consumer Protection Agency or County District Attorney | Wayne County, MI | Wayne County Prosecutors Office Kym L Worthy Frank Murphy Hall of Justice 1441 St. Antoine Detroit, MI 48226 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| County Consumer Protection Agency or County District Attorney | Anoka County, MN | Anoka County Attorney<br>Tony Palumbo<br>2100 3rd Avenue<br>Anoka, MN 55303 |
| County Consumer Protection Agency or County District Attorney | Beltrami County, MN | Beltrami County Attorney<br>Annie Claesson-Huseby<br>Judicial Center<br>600 Minnesota Ave. NW<br>Ste.400<br>Bemidji, MN 56601 |
| County Consumer Protection Agency or County District Attorney | Dakota County, MN | Dakota County Attorney<br>James C. Backstrom<br>1560 Highway 55<br>Hastings, MN 55033-2392 |
| County Consumer Protection Agency or County District Attorney | Hennepin County, MN | Hennepin County District Attorney<br>C-2000 Government Center<br>300 South Sixth Street<br>Minneapolis, MN 55487 |
| County Consumer Protection Agency or County District Attorney | Olmsted County, MN | Olmsted County Attorney<br>Mark A. Ostrem<br>151 4th St SE<br>Rochester, MN 55904 |
| County Consumer Protection Agency or County District Attorney | Ramsey County, MN | Ramsey County Attorney<br>John J Choi<br>Metro Square Building<br>121 Seventh Place East<br>Saint Paul, MN 55101 |
| County Consumer Protection Agency or County District Attorney | Washington County, MN | Washington County Attorney<br>Pete Orput<br>Washington County Law Enforcement Center<br>15015 62nd St. N<br>Stillwater, MN 55082 |
| County Consumer Protection Agency or County District Attorney | Platte County, MO | Platte County Prosecutors Office<br>Eric Zahnd<br>328 Main St., Suite 60-CH<br>Platte City, MO 64079 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| County Consumer Protection Agency or County District Attorney | St Charles County, MO | St Charles County Prosecuting Attorney<br>Tim Lohmar<br>300 N. 2nd St.<br>Suite 601<br>St. Charles, MO 63301 |
| County Consumer Protection Agency or County District Attorney | St Louis County, MO | St Louis County Prosecuting Attorney<br>Robert P. McCulloch<br>100 South Central Avenue<br>Second Floor<br>Clayton, MO 63105 |
| County Consumer Protection Agency or County District Attorney | DeSoto County, MS | DeSoto County District Attorney<br>John Champion<br>365 Losher Street<br>Suite 210<br>Hernando, MS 38632 |
| County Consumer Protection Agency or County District Attorney | Missoula County, MT | Missoula County Attorney<br>Kirsten H. Pabst<br>Missoula County Courthouse<br>Fourth Floor in Courthouse Annex Building<br>200 W Broadway<br>Missoula, MT 59802 |
| County Consumer Protection Agency or County District Attorney | Yellowstone County, MT | Yellowstone County Attorney<br>Scott Twito<br>217 N 27th Street<br>Room 701<br>Billings, MT 59101 |
| County Consumer Protection Agency or County District Attorney | Cabarrus County, NC | Cabarrus County District Attorney<br>Roxann Vaneekhoven<br>Cabarrus County Courthouse<br>PO Box 70<br>Concord, NC  28026 |
| County Consumer Protection Agency or County District Attorney | Douglas County, NE | Douglas County Attorney<br>Civil Division<br>1819 Farnam Street<br>Civic Center, Suite #909<br>Omaha, NE 68183 |
| County Consumer Protection Agency or County District Attorney | Hillsborough County, NH | Hillsborough County Attorney<br>Dennis C. Hogan<br>300 Chestnut Street<br>Manchester, NH 03101 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| County Consumer Protection Agency or County District Attorney | Rockingham County, NH | Rockingham County Attorney PO Box 1209 Kingston, NH 03848 |
| County Consumer Protection Agency or County District Attorney | Atlantic County, NJ | Atlantic County Prosecuters Office James P. McClain PO Box 2002 4997 Unami Boulevard Suite 2 Mays Landing, NJ 08330 |
| County Consumer Protection Agency or County District Attorney | Bergen County, NJ | Bergen County Counsel Julien X. Neals, Esq. Department of Law Office of County Counsel One Bergen County Plaza Rm. 580 Hackensack, NJ 07601 |
| County Consumer Protection Agency or County District Attorney | Burlington County, NJ | Burlington County Solicitor Kendall J. Collins 49 Rancocas Road PO Box 6000 Mount Holly, NJ 08060 |
| County Consumer Protection Agency or County District Attorney | Camden County, NJ | Camden County Prosecutors Office 25 North Fifth Street Camden, NJ 08102-1231 |
| County Consumer Protection Agency or County District Attorney | Gloucester County, NJ | Gloucester County Counsel Matthew P. Lyons 2 South Broad Street Woodbury, NJ 08096 |
| County Consumer Protection Agency or County District Attorney | Hudson County, NJ | Hudson County Prosecutors Office Hudson County Prosecutor's Office 595 Newark Ave Jersey City , NJ 07306 |
| County Consumer Protection Agency or County District Attorney | Hunterdon County, NJ | Hunterdon County, NJ Office of the Prosecutor Anthony P. Kearns III 65 Park Avenue Flemington , NJ 08822 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| County Consumer Protection Agency or County District Attorney | Middlesex County, NJ | Office of the Middlesex County Prosecutor Public Safety Building 25 Kirkpatrick Street 3rd Floor New Brunswick , NJ 08901 |
| County Consumer Protection Agency or County District Attorney | Monmouth County, NJ | Office of the Monmouth County Prosecutor 132 Jerseyville Avenue Freehold , NJ 07728 |
| County Consumer Protection Agency or County District Attorney | Morris County, NJ | Morris County Prosecutors Office P.O. Box 900 Court Street Morristown , NJ 0793-0900 |
| County Consumer Protection Agency or County District Attorney | Ocean County, NJ | Ocean County Prosecutors Offic e Joseph D. Coronato Prosecutor 119 Hooper Ave Toms River , NJ 08754 |
| County Consumer Protection Agency or County District Attorney | Passaic County, NJ | Passaic County Prosecutors Office Camelia M. Valdes 401 Grand Street Paterson , NJ 07505 |
| County Consumer Protection Agency or County District Attorney | Union County, NJ | Office fo the Union County Prosecutor Grace H. Park 32 Rahway Avenue Elizabeth , NJ 07202 |
| County Consumer Protection Agency or County District Attorney | Bernalillo County, NM | Second Judicial District Attorneys Office 520 Lomas Blvd NW Albuquerque , NM 87102 |
| County Consumer Protection Agency or County District Attorney | Santa Fe County, NM | Santa Fe County Attorney Gregory Shaffer 102 Grant Ave. Santa Fe, NM 87504-0276 |
| County Consumer Protection Agency or County District Attorney | Clark County, NV | Clark County District Attorney Steve Wolfson 500 S. Grand Central Pkwy Las Vegas, NV 89155 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| County Consumer Protection Agency or County District Attorney | Washoe County, NV | Washoe County District Attorney Christopher J. Hicks Mills B. Lane Justice Center 1 South Sierra Street South Tower 4th Floor Reno , NV 89501 |
| County Consumer Protection Agency or County District Attorney | Bronx County, NY | Office of the Bronx District Attorney Darcel D. Clark 198 E. 161st Street Bronx, NY 10451 |
| County Consumer Protection Agency or County District Attorney | Kings County, NY | The Brooklyn District Attorneys office Ken Thompson 350 Jay Street Brooklyn , NY 11201 |
| County Consumer Protection Agency or County District Attorney | Nassau County, NY | Nassau County District Attorney Madeline Singas 262 Old Country Road Mineola , NY 11501 |
| County Consumer Protection Agency or County District Attorney | New York County, NY | New York County District Attorney Cyrus R. Vance Jr. One Hogan Place New York, NY 10013 |
| County Consumer Protection Agency or County District Attorney | Onondaga County, NY | Onondaga County District Attorney William J. Fitzpatrick 505 South State St. Syracuse, NY 13202 |
| County Consumer Protection Agency or County District Attorney | Queens County, NY | Queens District Attorneys Office Richard A. Brown 125-01 Queens Boulevard Kew Gardens, NY 11415 |
| County Consumer Protection Agency or County District Attorney | Suffolk County, NY | Suffolk County District Attorney Thomas J Spota William J. Lindsay County Complex Building 77 Veterans Memorial Highway Hauppauge , NY 11788 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| County Consumer Protection Agency or County District Attorney | Westchester County, NY | Westchester County District Attorney James A. McCarty 111 Dr. Martin Luther King Jr. Blvd White Plains , NY 10601 |
| County Consumer Protection Agency or County District Attorney | Franklin County, OH | Franklin County Prosecuting Attorney Ron O'Brien 373 S. High St 14th Floor Columbus , OH 43215 |
| County Consumer Protection Agency or County District Attorney | Tulsa County, OK | Tulsa County District Attorney Steve Kunzweiler Tulsa County Courthouse 500 South Denver Avenue Suite 900 Tulsa , OK 74103 |
| County Consumer Protection Agency or County District Attorney | Benton County, OR | Benton County District Attorney John M. Haroldson 120 NW 4th St Corvallis , OR 97330 |
| County Consumer Protection Agency or County District Attorney | Douglas County, OR | Douglas County District Attorney Rick Wesenberg P.O. Box 1006 Roseburg, OR 97470 |
| County Consumer Protection Agency or County District Attorney | Jackson County, OR | Jackson County District Attorney Beth Heckert 715 West 10th Street Medford , OR 97501 |
| County Consumer Protection Agency or County District Attorney | Lane County, OR | Lane County District Attorney Patricia W. Perlow 125 E. 8th Ave #400 Eugene, OR 97401 |
| County Consumer Protection Agency or County District Attorney | Marion County, OR | Marion County District Attorney Walter M. Beglau 555 Court Street NE 3rd Floor Salem , OR 97301 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| County Consumer Protection Agency or County District Attorney | Multnomah County, OR | Multnomah County District Attorney Rod Underhill 1021 Sw Fourth Avenue Room 600 Portland , OR 97204 |
| County Consumer Protection Agency or County District Attorney | Washington County, OR | Washington County District Attorney Bob Hermann 150 N First Avenue Suite 300 Hillsboro, OR 97124-3002 |
| County Consumer Protection Agency or County District Attorney | Clackamas County, OR | Clackamas County District Attorney John S. Foote 807 Main Street Oregon City , OR  97045 |
| County Consumer Protection Agency or County District Attorney | Klamath County, OR | Klamath County District Attorney Rob Partridge 316 Main Street Klamath Falls , OR  97601 |
| County Consumer Protection Agency or County District Attorney | Bucks County, PA | Bucks County District Attorney David Heckler Bucks County Justice Center 100 N. Main Street Doylestown, PA 18901 |
| County Consumer Protection Agency or County District Attorney | Northampton County, PA | Northampton County District Attorney John Morganelli 669 Washington Street Easton, PA 18042 |
| County Consumer Protection Agency or County District Attorney | Lehigh County, PA | Lehigh County District Attorney James B Martin Lehigh County Courthouse 455 W. Hamilton St. Room 307 Allentown, PA  18101-1614 |
| County Consumer Protection Agency or County District Attorney | Lehigh County, PA | Lehigh County Office of Consumer Advocate 555 Walnut Street 5th floor Harrisburg, PA  17101-1923 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| County Consumer Protection Agency or County District Attorney | Montgomery County, PA | Montgomery County District Attorney<br>Kevin R. Steele<br>County Courthouse<br>4th Floor<br>Norristown, PA  19404-0311 |
| County Consumer Protection Agency or County District Attorney | Chester County, PA | Chester County District Attorney<br>Thomas P. Hogan<br>201 W. Market St., Suite 4450<br>West Chester, PA  19380-0989 |
| County Consumer Protection Agency or County District Attorney | Chester County, PA | Chester County Weights and Measures/Consumer Affairs<br>Robert Taylor, Director<br>Government Services Center, Suite 390<br>601 Westtown Road<br>West Chester, PA  19382-4547 |
| County Consumer Protection Agency or County District Attorney | Lancaster County, PA | Lancaster County District Attorney<br>Craig W. Stedman<br>Office of the District Attorney<br>50 North Duke Street<br>Fifth Floor<br>Lancaster, PA   17608 |
| County Consumer Protection Agency or County District Attorney | Carolina County, Puerto Rico | Carolina Fiscal de Distrito Interina<br>Lcda. Alma Méndez Ríos<br>Carretera #3 Km 12.6<br>Carolina Industrial Park<br>Carolina, PR 00984-6011 |
| County Consumer Protection Agency or County District Attorney | Ponce County, Puerto Rico | Ponce Fiscal de Distrito<br>Lcdo.  Richard Rosado Jiménez<br>2150 Ave. Santiago de los Caballeros<br>Centro Judicial de Ponce<br>Segundo Piso<br>Ponce, PR 00716 |
| County Consumer Protection Agency or County District Attorney | Ponce County, Puerto Rico | Departamento de Asuntos del Consumidor<br>Ave. José De Diego, Pda. 22<br>Centro Gubernamental Minillas<br>Edificio Torre Norte, Piso 8<br>San Juan, PR 00940 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| County Consumer Protection Agency or County District Attorney | San Juan County, Puerto Rico | San Juan Fiscal de Distrito Interina<br>Lcda.  Carmen I. Ortiz<br>Segundo Piso<br>Centro Judicial de San Juan<br>Ave. Munoz Rivera<br>Hato Rey, PR  00919 |
| County Consumer Protection Agency or County District Attorney | Kent County, RI | Kent County Attorney General<br>Peter F Kilmartin<br>222 Quaker Lane<br>Warwick, RI 02886 |
| County Consumer Protection Agency or County District Attorney | Newport County, RI | Newport County Consumer Protection Unit<br>Newport County Courthouse Office<br>Florence Murray Judicial Complex<br>Eisenhower Square<br>45 Washington Square<br>Newport, RI 02840 |
| County Consumer Protection Agency or County District Attorney | Washington County, RI | Washington County Consumer Protection Unit<br>Washington County Courthouse Office<br>McGrath Judicial Complex<br>4800 Tower Hill Road<br>Wakefield, RI 02879 |
| County Consumer Protection Agency or County District Attorney | Shelby County, TN | Shelby County District Attorney<br>Amy Weirich<br>Shelby County District Attorney<br>201 Poplar Ave<br>Memphis, TN 38103 |
| County Consumer Protection Agency or County District Attorney | Bexar County, TX | Bexar County Criminal District Attorney<br>Bexar County<br>101 West Nueva<br>San Antonio, TX 78205 |
| County Consumer Protection Agency or County District Attorney | Brazoria County, TX | Brazoria County District Attorney<br>Jeri Yenne<br>111 East Locust Street<br>Angleton, TX 77515 |
| County Consumer Protection Agency or County District Attorney | Collin County, TX | Collin County District Attorney<br>Greg Willis<br>2100 Bloomdale Road<br>Suite 100<br>McKinney, TX 75071 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| County Consumer Protection Agency or County District Attorney | Dallas County, TX | Dallas County District Attorney<br>Susan Hawk<br>Frank Crowley Courts Building<br>133 N. Riverfront Boulevard, LB 19<br>Dallas, TX 75207 |
| County Consumer Protection Agency or County District Attorney | Denton County, TX | Denton County District Attorney<br>Paul Johnson<br>Denton County Courts Building<br>1450 E. McKinney Street, Third Floor<br>Denton, TX 76209-4524 |
| County Consumer Protection Agency or County District Attorney | El Paso County, TX | El Paso County District Attorney<br>Jaime Esparza<br>500 E. San Antonio, 2nd Floor<br>El Paso County Courthouse<br>El Paso, TX 79901 |
| County Consumer Protection Agency or County District Attorney | Fort Bend County, TX | Fort Bend County District Attorney<br>John F. Healey, Jr.<br>1422 Eugene Heimann Cir<br>Richmond, TX  77469 |
| County Consumer Protection Agency or County District Attorney | Galveston County, TX | Galveston County Criminal District Attorney<br>Jack Roady<br>Galveston County<br>722 Moody Avenue<br>Galveston, TX 77550 |
| County Consumer Protection Agency or County District Attorney | Harris County, TX | Harris County District Attorney<br>Devon Anderson<br>1201 Franklin Street<br>Suite 600<br>Houston, TX 77002-1923 |
| County Consumer Protection Agency or County District Attorney | Hidalgo County, TX | Hidalgo County District Attorney<br>Ricardo Rodriguez<br>Hidalgo County Courthouse<br>100 N. Closner<br>Edinburg, TX 78539 |
| County Consumer Protection Agency or County District Attorney | Jefferson County, TX | Jefferson County Criminal District Attorney<br>Bob Wortham<br>1001 Pear St<br>Beaumont, TX 77701 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| County Consumer Protection Agency or County District Attorney | Montgomery County, TX | Montgomery County District Attorney Brett Ligon 207 W. Phillips, 2nd Floor Conroe, TX 77301 |
| County Consumer Protection Agency or County District Attorney | Rockwall County, TX | Rockwall County Crimial District Attorney Kenda Culpepper 1111 E Yellowjacket Lane Suite 201 Rockwall, TX 75087 |
| County Consumer Protection Agency or County District Attorney | Tarrant County, TX | Tarrant County District Attorney Sharen Wilson Tim Curry Criminal Justice Center 401 West Belknap Fort Worth, TX 76196 |
| County Consumer Protection Agency or County District Attorney | Travis County, TX | Travis County District Attorney Rosemary Lehmberg 509 West 11th St. Austin, TX 78701 |
| County Consumer Protection Agency or County District Attorney | Davis County, UT | Davis County Attorney Troy Rawlings Davis County Justice Complex 800 West State St. Farmington, UT 84025 |
| County Consumer Protection Agency or County District Attorney | Iron County, UT | Iron County County Attorney Scott F. Garrett 82 N 100 E Suite 201 Cedar City, UT 84720 |
| County Consumer Protection Agency or County District Attorney | Salt Lake County, UT | Salt Lake County District Attorney Sim Gill Salt Lake County Justice Court 2001 South State Street S3-600 Salt Lake City, UT 84190 |
| County Consumer Protection Agency or County District Attorney | Summit County, UT | Summit County Prosecuting Attorney Joy E. Natale 60 N. Main St. Coalville, UT 84017 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| County Consumer Protection Agency or County District Attorney | Utah County, UT | Utah County District Attorney<br>Jeff R. Buhman<br>100 E Center Street<br>Suite 2100<br>Provo, UT 84606 |
| County Consumer Protection Agency or County District Attorney | Weber County, UT | Weber County District Attorney<br>Christopher F. Allred<br>Weber County Attorney's Office<br>2380 Washington Blvd Suite #230<br>Ogden, UT 84401 |
| County Consumer Protection Agency or County District Attorney | Alexandria City County, VA | Alexandria City County Commonwealths Attorney<br> Bryan Porter<br>Courthouse, 520 King St., Suite 301<br>Alexandria, VA 22314 |
| County Consumer Protection Agency or County District Attorney | Culpepper County, VA | Culpepper County Commonwealths Attorney<br>Paul Walther<br>118 W Davis St # 102<br>Culpeper, VA 22701 |
| County Consumer Protection Agency or County District Attorney | Fairfax County, VA | Fairfax County Commonwealths Attorney<br>Judicial Center / Jennings Building<br>4110 Chain Bridge Road<br>Fairfax, VA 22030 |
| County Consumer Protection Agency or County District Attorney | Frederick County, VA | Frederick County Commonwealths Attorney<br>Hon. Ross Spicer<br>107 North Kent Street<br>Winchester, VA 22601 |
| County Consumer Protection Agency or County District Attorney | Hampton City County, VA | Hampton City County District Attorney<br>Anton Bell<br>Hampton Commonwealth Attorney<br>236 N. King St.<br>Hampton, VA 23669 |
| County Consumer Protection Agency or County District Attorney | Loudoun County, VA | Loudoun County Attorney<br>Lee Rogers<br>1 Harrison St. SE<br>P. O. Box 7000<br>Leesburg, VA 20177-7000 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| County Consumer Protection Agency or County District Attorney | Norfolk City County, VA | Norfolk Commonwealths Attorney<br>Gregory D. Underwood<br>800 E. City Hall Avenue<br>Suite 600<br>Norfolk, VA 23510 |
| County Consumer Protection Agency or County District Attorney | Prince William County, VA | Prince William County District Attorney<br>Judicial Center<br>9311 Lee Avenue<br>Suite 200<br>Manassas, VA 20110 |
| County Consumer Protection Agency or County District Attorney | Virginia Beach City County, VA | Virginia Beach City Attorney<br>Mark D. Stiles<br>City of Virginia Beach County<br>2401 Courthouse Dr<br>Rm 260, Bldg 1<br>Virginia Beach, VA 23456-9120 |
| County Consumer Protection Agency or County District Attorney | Benton County, WA | Benton County Prosecuting Attorney<br>Andy Miller<br>Benton County Justice Center<br>7122 W Okanogan Place<br>Bldg A<br>Kennewick, WA 99336 |
| County Consumer Protection Agency or County District Attorney | Clark County, WA | Clark County Prosecuting Attorney<br>Civil Division<br>1300 Franklin Street<br>Third Floor<br>PO Box 5000<br>Vancouver, WA 98666-5000 |
| County Consumer Protection Agency or County District Attorney | King County, WA | King County Prosecuting Attorney<br>Dan Satterberg<br>King County Courthouse<br>Room W554<br>516 Third Avenue<br>Seattle, WA 98104-2362 |
| County Consumer Protection Agency or County District Attorney | Pierce County, WA | Pierce County Prosecuting Attorney<br>Mark Lindquist<br>930 Tacoma Ave. S.<br>Room 946<br>Tacoma, WA 98402 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| County Consumer Protection Agency or County District Attorney | Snohomish County, WA | Snohomish County Prosecutor Mark Roe 3000 Rockefeller, M/S 504 First floor of Mission Building Everett, WA 98201 |
| County Consumer Protection Agency or County District Attorney | Spokane County, WA | Spokane County Prosecuting Attorney Lawrence H. Haskell Public Safety Building 1100 West Mallon Spokane, WA 99260 |
| County Consumer Protection Agency or County District Attorney | Thurston County, WA | Thurston County Prosecuting Attorney Jon Tunheim 2000 Lakeridge Dr S.W. Building 2 Olympia, WA 98502 |
| County Consumer Protection Agency or County District Attorney | Whatcom County, WA | Whatcom County Prosecuting Attorney David S. McEachran 311 Grand Avenue Suite 201 Bellingham, WA 98225 |
| County Consumer Protection Agency or County District Attorney | Milwaukee County, WI | Milwaukee County District Attorney John T. Chisholm Safety Building 821 W. State Street Rm. 405 Milwaukee, WI 53233 |
| County Consumer Protection Agency or County District Attorney | Waukesha County, WI | Waukesha County District Attorney Susan L. Opper Waukesha County Courthouse 515 W. Moreland Blvd. Room CG-72 Waukesha, WI 53188-9877 |
| County Consumer Protection Agency or County District Attorney | Campbell County, WY | Campbell County Attorney Campbell County Courthouse 500 S. Gillette Ave. Suite B200 Gillette, WY 82716 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| County Consumer Protection Agency or County District Attorney | Laramie County, WY | Laramie County District Attorney Jeremiah Sandburg New Courthouse Laramie County 309 W. 20th Street Cheyenne, WY 82001 |
| County Consumer Protection Agency or County District Attorney | Sweetwater County, WY | Sweetwater County Attorney Daniel E. Erramouspe Rock Springs Office 731 C St. Suite 500 Rock Springs, WY 82901 |
| County Consumer Protection Agency or County District Attorney | Teton County, WY | Teton County and Prosecuting Attorney Stephen E. Weichman Teton County Courthouse, Main floor 180 South King Street Jackson, WY 83001 |
| State Consumer Protection | State of Alaska | Office of the Attorney General Consumer Protection Unit 1031 W. 4th Ave. Suite 200 Anchorage, AK 99501-5903 |
| State Consumer Protection | State of Arizona | Arizona Office of the Attorney General - Phoenix Consumer Information and Complaints 1275 W. Washington St Phoenix, AZ 85007 |
| State Consumer Protection | State of Arizona | Arizona Office of the Attorney General - Tucson Consumer Information and Complaints 400 W. Congress St South Bldg Suite 315 Tucson, AZ 85701-1367 |
| State Consumer Protection | State of Arizona | Arizona Office of the Attorney General - Prescott Consumer Information and Complaints 1000 Ainsworth Dr. Suite A-210 Prescott, AZ 86305-1610 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| State Consumer Protection | State of California | California Bureau of Automotive Repair Department of Consumer Affairs 10949 N. Mather Blvd Rancho Cordova, CA 95670 |
| State Consumer Protection | State of California | California Department of Consumer Affairs Consumer Information Division 1625 N. Market Blvd Suite N 112 Sacramento, CA 95834 |
| State Consumer Protection | State of California | California Office of the Attorney General Public Inquiry Unit PO Box 944255 Sacramento, CA 94244-2550 |
| State Consumer Protection | State of California | Contractors State License Board Consumer Protection 9821 Business Park Dr Sacramento, CA 95827 |
| State Consumer Protection | State of Colorado | AARP ElderWatch Consumer Protection 1301 Pennsylvania St., # 280 Denver, CO 80203 |
| State Consumer Protection | State of Colorado | Colorado Office of the Attorney General Consumer Protection Division Ralph L. Carr Judicial Building 1300 Broadway, 7th Floor Denver, CO 80203 |
| State Consumer Protection | State of Connecticut | Connecticut Attorney General's Office Consumer Protection 55 Elm St Hartford, CT 06106 |
| State Consumer Protection | State of Connecticut | Department of Consumer Protection Consumer Protection 165 Capitol Ave Hartford, CT 06106-1630 |
| State Consumer Protection | State of Delaware | Delaware Department of Justice Consumer Protection Division 820 N. French St., 5th Floor Wilmington, DE 19801 |

01:18374644.1

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| State Consumer Protection | State of Florida | Florida Department of Agriculture and Consumer Services<br>Division of Consumer Services<br>Terry Lee Rhodes Building<br>2005 Apalachee Pkwy<br>Mail Stop R44<br>Tallahassee, FL 32399-6500 |
| State Consumer Protection | State of Florida | Florida Office of the Attorney General<br>Consumer Protection<br>PL-01 The Capitol<br>Tallahassee, FL 32399-1050 |
| State Consumer Protection | State of Georgia | Georgia Governors Office of Consumer Affairs<br>Consumer Protection<br>2 Martin Luther King, Dr., SE<br>Suite 356<br>Atlanta, GA 30334-9077 |
| State Consumer Protection | State of Hawaii | Hawaii Department of Commerce and Consumer Affairs - Hilo<br>Office of Consumer Protection<br>345 Kekuanaoa St<br>Suite 12<br>Hilo, HI 96720 |
| State Consumer Protection | State of Hawaii | Hawaii Department of Commerce and Consumer Affairs - Honolulu<br>Office of Consumer Protection<br>235 S. Beretania St<br>Suite 801<br>Honolulu, HI 96813 |
| State Consumer Protection | State of Hawaii | Hawaii Department of Commerce and Consumer Affairs - Wailuku<br>Office of Consumer Protection<br>1063 Lower Main St<br>Suite C-216<br>Wailuku, HI 96793 |
| State Consumer Protection | State of Iowa | Iowa Office of the Attorney General<br>Consumer Protection Division<br>1305 E. Walnut St.<br>Des Moines, IA 50319 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| State Consumer Protection | State of Idaho | Idaho Attorney Generals Office Consumer Protection Division 954 W. Jefferson 2nd Floor PO Box 83720 Boise, ID 83720 |
| State Consumer Protection | State of Illinois | Illinois Office of the Attorney General - Carbondale Consumer Fraud Bureau 601 S. University Ave Carbondale, IL 62901 |
| State Consumer Protection | State of Illinois | Illinois Office of the Attorney General - Chicago Consumer Fraud Bureau 100 W. Randolph St Chicago, IL 60601 |
| State Consumer Protection | State of Illinois | Illinois Office of the Attorney General - Springfield Consumer Fraud Bureau 500 S. 2nd St Springfield, IL 62706 |
| State Consumer Protection | State of Indiana | Office of the Attorney General Consumer Protection Division Government Center South 5th Floor 302 W. Washington St. Indianapolis, IN 46204 |
| State Consumer Protection | State of Kansas | Office of Kansas Attorney Consumer Protection and Antitrust Division 120 S.W. 10th St Suite 430 Topeka, KS 66612-1597 |
| State Consumer Protection | State of Louisiana | Louisiana Office of the Attorney General Consumer Protection Section 1885 N 3rd St Baton Rouge, LA 70802 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| State Consumer Protection | State of Massachusetts | Massachusetts Office of the Attorney General<br>Consumer Protection Division<br>One Ashburton Pl<br>Boston, MA 02108-1518 |
| State Consumer Protection | State of Massachusetts | Office of Consumer Affairs and Business Regulation<br>Consumer Protection<br>10 Park Plaza<br>Suite 5170<br>Boston, MA 02116 |
| State Consumer Protection | State of Maryland | Maryland Office of the Attorney General<br>Consumer Protection Division<br>200 Saint Paul Pl<br>Baltimore, MD 21202 |
| State Consumer Protection | State of Maine | Bureau of Consumer Credit Protection<br>Consumer Protection<br>35 State House Station<br>Augusta, ME 04333 |
| State Consumer Protection | State of Michigan | Office of the Attorney General<br>Consumer Protection Division<br>PO Box 30213<br>Lansing, MI 48909-7713 |
| State Consumer Protection | State of Minnesota | Office of the Attorney General<br>Consumer Services Division<br>1400 Bremer Tower<br>445 Minnesota St<br>St. Paul, MN 55101 |
| State Consumer Protection | State of Missouri | Missouri Attorney General's Office<br>Consumer Protection Unit<br>207 W. High St.<br>PO Box 899<br>Jefferson City, MO 65102 |
| State Consumer Protection | State of Mississippi | Mississippi Office of the Attorney General<br>Consumer Protection Division<br>Walter Sillers Building<br>550 High Street, Suite 1200<br>Jackson, MS 39201 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| State Consumer Protection | State of Montana | Montana Office of Consumer Protection<br>Office of Consumer Protection<br>555 Fuller Avenue<br>PO Box 200151<br>Helena, MT 59620-0151 |
| State Consumer Protection | State of North Carolina | North Carolina Department of Agriculture and Consumer Services<br>1001 Mail Service Center<br>Raleigh, NC 27699-1001 |
| State Consumer Protection | State of North Carolina | North Carolina Office of the Attorney General<br>Consumer Protection Division<br>Mail Service Center 9001<br>Raleigh, NC 27699-9001 |
| State Consumer Protection | State of Nebraska | Nebraska Office of the Attorney General<br>Consumer Protection Division<br>2115 State Capitol<br>Lincoln, NE 68509 |
| State Consumer Protection | State of New Hampshire | New Hampshire Office of the Attorney General<br>Consumer Protection and Antitrust Bureau<br>33 Capitol St<br>Concord, NH 03301 |
| State Consumer Protection | State of New Jersey | Department of Law and Public Safety<br>Division of Consumer Affairs<br>124 Halsey St<br>Newark, NJ 07102 |
| State Consumer Protection | State of New Mexico | Office of Attorney General<br>Consumer Protection Division<br>408 Galisteo Street Villagra Building<br>Santa Fe, NM 87501 |
| State Consumer Protection | State of Nevada | Office of the Secretary of State<br>Securities Division<br>555 E. Washington Ave<br>Suite 5200<br>Las Vegas, NV 89101 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| State Consumer Protection | State of New York | New York State Department of State Division of Consumer Protection Consumer Assistance Unit 99 Washington Ave Albany, NY 12231 |
| State Consumer Protection | State of New York | Office of the Attorney General - Albany Office Bureau of Consumer Fruads and Protection State Capitol Albany, NY 12224-0341 |
| State Consumer Protection | State of New York | Office of the Attorney General - New York City Office Bureau of Consumer Fruads and Protection 120 Broadway, 3rd Floor New York, NY 10271-0332 |
| State Consumer Protection | State of Ohio | Ohio Attorney Generals Office Consumer Protection Section 30 E. Broad St., 14th Floor Columbus, OH 43215-3400 |
| State Consumer Protection | State of Oklahoma | Oklahoma Attorney General Consumer Protection Unit 313 NE 21st St Oklahoma City, OK 73105 |
| State Consumer Protection | State of Oregon | Department of Consumer and Business Services Division of Finance and Corporate Securities PO Box 14480 Salem, OR 97309-0405 |
| State Consumer Protection | State of Oregon | Oregon Department of Justice Financial Fraud/Consumer Protection Section 1162 Court St., NE Salem, OR 97301-4096 |
| State Consumer Protection | State of Pennsylvania | Office of the Attorney General Bureau of Consumer Protection Strawberry Square, 14th Floor Harrisburg, PA 17120 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| State Consumer Protection | State of Puerto Rico | Office of the Attorney General<br>Consumer Protection Unit<br>Torre Chardon, Suite 1201<br>350 Carlos Chardon Street<br>San Juan, PR 00918 |
| State Consumer Protection | State of Rhode Island | Rhode Island Department of the Attorney General<br>Consumer Protection Unit<br>150 S Main St<br>Providence, RI 02903 |
| State Consumer Protection | State of Tennessee | Tennessee Department of Commerce and Insurance<br>Division of Consumer Affairs<br>500 James Robertson Pkwy., 12th Floor<br>Nashville, TN 37243-0600 |
| State Consumer Protection | State of Tennessee | Tennessee Office of the Attorney General<br>Consumer Advocate and Protection Division<br>PO Box 20207<br>Nashville, TN 37202-0207 |
| State Consumer Protection | State of Texas | Texas Office of the Attorney General<br>Consumer Protection Division<br>PO Box 12548<br>Austin, TX 78711-2548 |
| State Consumer Protection | State of Utah | Utah Department of Commerce<br>Division of Consumer Protection<br>160 E. 300 S, 2nd Floor<br>PO Box 146704<br>Salt Lake City, UT 84114-6704 |
| State Consumer Protection | State of Virginia | Virginia Office of the Attorney General<br>Consumer Protection Section<br>900 E. Main St<br>Richmond, VA 23219 |
| State Consumer Protection | State of Washington | Washington Office of the Attorney General<br>Consumer Protection Division<br>1125 Washington St., SE<br>PO Box 40100<br>Olympia, WA 98504-0100 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| State Consumer Protection | State of Wisconsin | Wisconsin Department of Agriculture, Trade and Consumer Protection<br>Bureau of Consumer Protection<br>2811 Agriculture Dr<br>PO Box 8911<br>Madison, WI 53708-8911 |
| State Consumer Protection | State of Wyoming | Office of the Attorney General<br>Consumer Protection Unit<br>2320 Capitol Avenue<br>Cheyenne , WY 82002 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Cheyenne, WY | Cheyenne City Attorney<br>Daniel White<br>2101 O'Neil Ave., Room 308<br>Cheyenne,  WY  82001 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Bellingham, WA | Bellingham City Attorney<br>Peter Ruffatto City Attorney<br>210 Lottie Street<br>Bellingham,  WA  98225 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Anchorage, AK | Anchorage City Attorney<br>Legal Department<br>PO Box 196650<br>Anchorage, AK 99501 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Fairbanks, AK | Fairbanks City Attorney<br>Paul Ewers<br>City Hall<br>800 Cushman Street<br>Fairbanks, AK 99701 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Wasilla, AK | Wasilla AK<br>Chief Legal Counsel or City Manager<br>City Hall<br>290 E. Herning Ave.<br>Wasilla, AK 99654 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Avondale, AZ | Avondale City Attorney<br>Andrew McGuire<br>11465 W Civic Center Dr<br>Avondale , AZ 85323 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
| --- | --- | --- |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Casa Grande, AZ | Casa Grande City Attorney<br>Brett Wallace<br>510 E.Florence Blvd<br>Casa Grande, AZ 85122 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Chandler, AZ | Chandler City Attorney<br>Kay Bigelow<br>Civil Division<br>175 S Arizona Ave<br>2nd Floor<br>Chandler, AZ 85225 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Glendale, AZ | Glendale City Attorney<br>5850 W Glendale Ave<br>Suite 450<br>Glendale, AZ 85301 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Mesa, AZ | Mesa City Attorney<br>Jim Smith<br>PO Box 1466<br>Mesa, AZ 85211 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Oro Valley, AZ | Oro Valley Town Attorney<br>11000 N La Canada Drive<br>Oro Valley, AZ 85737 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Phoenix, AZ | Phoenix City Attorney<br>Phoenix City Hall<br>200 West Washington Street<br>Phoenix, AZ 85003 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Scottsdale, AZ | Scottsdale City Attorney<br>Bruce Washburn<br>3939 N Drinkwater Blvd<br>Scottsdale , AZ 85251 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Tempe, AZ | Tempe City Attorney<br>Civil Division<br>21 E Sixth Street<br>Suite 201<br>Tempe, AZ 85281 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Tucson, AZ | Tucson City Attorney<br>City Hall 7th Floor<br>255 West Alameda<br>Tuscon, AZ 85701 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| Local Jurisdiction Chief Legal Counsel or Local Manager | Yuma, AZ | Yuma City Attorney<br>Yuma City Hall<br>One City Plaza<br>Yuma, AZ 85361-1436 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Antioch, CA | Antioch City Attorney<br>PO Box 5007<br>Antioch, CA 94531-5007 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Bakersfield, CA | Bakersfield City Attorney<br>Virginia "Ginny" Gennaro<br>City Attorney's Office<br>1600 Truxtun Avenue<br>Bakersfield, CA 93301 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Burbank, CA | Burbank City Attorney<br>Amy Albano<br>Office of the City Attorney<br>275 East Olive Avenue<br>PO Box 6459<br>Burbank, CA 91510-6459 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Camarillo, CA | Camarillo City Attorney<br>Brian A Pierik<br>601 Carmen Drive<br>Camarillo, CA 93010 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Canoga Park, CA | Canoga Park CA<br>Los Angeles City Attorney<br>6262 Van Nuys Blvd<br>Van Nuys, CA 91401 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Cerritos, CA | Cerritos City Attorney<br>Mark Steres<br>PO Box 3130<br>18125 Bloomfield Avenue<br>Cerritos , CA 90703 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Chula Vista, CA | Chula Vista City Attorney<br>Glen Googins<br>276 Fourth Avenue<br>Chula Vista, CA 91910 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| Local Jurisdiction Chief Legal Counsel or Local Manager | Citrus Heights, CA | Citrus Heights City Attorney<br>Ruthann Ziegler<br>Meyers Nave<br>555 Capitol Mall<br>Suite 1200<br>Sacramento, CA 95814 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Concord, CA | Concord City Attorney<br>Susanne Brown<br>1950 Parkside Dr<br>Concord, CA 94519 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Corona, CA | Corona City Attorney<br>Dean Derleth<br>400 S. Vicentia Avenue<br>Corona, CA 92882 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Corte Madera, CA | Corte Madera Town Attorney<br>Randy Riddle<br>300 Tamaplais Dr<br>Corte Madera, CA 94925 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Dublin, CA | Dublin City Attorney<br>John D Bakker<br>555 12th Street<br>Suite 1500<br>Oakland, CA 94607 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | East Palo Alto, CA | East Palo Alto City Attorney<br>John Nagel<br>2415 University Ave<br>East Palo Alto, CA 94303 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | El Cajon, CA | El Cajon City Attorney<br>Morgan Foley<br>200 Civic Center Way<br>El Cajon, CA 92020 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Elk Grove, CA | Elk Grove City Attorney<br>Jon Hobbs<br>Elk Grove City Hall<br>8401 Laguna Palms Way<br>Elk Grove, CA 95758 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| Local Jurisdiction Chief Legal Counsel or Local Manager | Emeryville, CA | Emeryville City Attorney<br>Michael Guina<br>1333 Park Ave<br>Emeryville, CA 94608 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Encinitas, CA | Encinitas City Attorney<br>505 S Vulcan Ave<br>Encinitas, CA 92024 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Escondido, CA | Escondido City Attorney<br>City Hall, Second Floor<br>201 North Broadway<br>Escondido, CA 92025 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Eureka, CA | Eureka City Attorney<br>Eureka City Hall<br>531 K Street<br>Room 203<br>Eureka, CA 95501-1165 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Fairfield, CA | Fairfield City Attorney<br>Greg Stepanicich<br>Fairfield City Hall<br>1000 Webster Street<br>Fairfield, CA 94533 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Folsom, CA | Folsom City Attorney<br>Bruce C Cline<br>Folsom City Hall<br>50 Natoma Street<br>Folsom, CA 95630 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Fontana, CA | Fontana City Attorney<br>Best Best & Krieger<br>Jeffrey S Ballinger<br>655 West Broadway<br>15th Floor<br>San Diego, CA 92101 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Fountain Valley, CA | Fountain Valley City Attorney<br>10200 Slater Avenue<br>Fountain Valley, CA 92708 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| Local Jurisdiction Chief Legal Counsel or Local Manager | Fresno, CA | Fresno City Attorney<br>Fresno City Hall<br>2600 Fresno Street<br>Second Floor<br>Fresno, CA 93721-3600 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Fullerton, CA | Fullerton City Attorney<br>303 W. Commonwealth Avenue<br>Fullerton, CA 92832 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Gilroy, CA | Gilroy City Attorney<br>10 Almaden Blvd<br>11th Floor<br>San Jose, CA 95113 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Glendora, CA | Glendora City Attorney<br>D. Wayne Leech<br>Moseley & Leech<br>11001 E Valley Mall<br>Suite 200<br>El Monte, CA 91731 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Goleta, CA | Goleta City Attorney<br>Tim Giles<br>130 Cremona Drive<br>Suite B<br>Goleta, CA 93117 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Hawthorne, CA | Hawthorne City Attorney<br>Russell Miyahira<br>Hawthorne City Hall<br>4455 W 126th Street<br>Hawthorne, CA 90250 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Irvine, CA | Irvine City Attorney<br>Rutan & Tucker<br>Todd O Litfin<br>611 Anton Boulevard<br>Suite 1400<br>Costa Mesa, CA 92626-1931 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | La Habra, CA | La Habra City Attorney<br>Richard D Jones<br>City of La Habra<br>PO Box 337<br>La Habra, CA 90633-0337 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| Local Jurisdiction Chief Legal Counsel or Local Manager | La Mesa, CA | La Mesa City Attorney<br>Glenn Sabine<br>8130 Allison Avenue<br>La Mesa, CA 91942 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Lake Forest, CA | Lake Forest City Attorney<br>Matthew Richardson<br>18101 Von Karman Ave<br>Irvine, CA 92612 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Lakewood, CA | Lakewood City Attorney<br>Steven Skolnik<br>14570 Gallaudet Place<br>Pacific Palisades, CA 90272-3862 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Long Beach, CA | Long Beach City Attorney<br>Charles Parkin<br>333 West Ocean Boulevard<br>11th Floor<br>Long Beach, CA 90802-4664 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Los Angeles, CA | Los Angeles City Attorney<br>James K. Hahn City Hall East<br>200 North Main Street, 8th Floor<br>Los Angeles, CA 90012 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Milpitas, CA | Milpitas City Attorney<br>455 East Calaveras Boulevard<br>Milipitas, CA 95035 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Mission Viejo, CA | Mission Viejo City Attorney<br>Bill Curley<br>Lozano Smith<br>515 South Figueroa<br>Suite 750<br>Los Angeles, CA 90071 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Modesto, CA | Modesto City Attorney<br>Adam Lindgren<br>Office of the Modesto City Attorney<br>PO Box 642<br>Modesto, CA 95353 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| Local Jurisdiction Chief Legal Counsel or Local Manager | Montclair, CA | Montclair City Attorney<br>Diane Robbins<br>Robbins & Holdaway<br>201 West F Street<br>Ontario, CA 91762 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Moreno Valley, CA | Moreno Valley City Attorney<br>Steve Quintanila<br>Moreno Valley City Hall<br>14177 Fredrick Street<br>PO Box 88005<br>Moreno Valley, CA 92552 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Murrieta, CA | Murrieta City Attorney<br>Leslie Devaney<br>Stutz, Artiano, Shinoff & Holtz<br>2488 Historic Decatur Road<br>Suite 200<br>San Diego, CA 92106 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Novato, CA | Novato City Attorney<br>Jeffrey A Walter<br>922 Machin Avenue<br>Novato, CA 94945 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Oceanside, CA | Oceanside City Attorney<br>City Hall 3rd Floor<br>300 North Coast Highway<br>Oceanside, CA 92054 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Ontario, CA | Ontario City Attorney<br>John E Brown<br>2855 W Guasti Road<br>Suite 400<br>Ontario, CA 91761 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Orange, CA | Orange City Attorney<br>Wayne W Winthers<br>Orange City Hall<br>300 E Chapman Ave<br>Orange, CA 92866 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Palm Desert, CA | Palm Desert City Attorney<br>Best Best & Krieger<br>Robert Hargreaves<br>74760 Highway 111, Ste 200<br>Indian Wells, CA 92210 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| Local Jurisdiction Chief Legal Counsel or Local Manager | Redding, CA | Redding City Attorney<br>Barry E DeWalt<br>777 Cypress Avenue<br>Third Floor<br>Redding , CA 96001 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Riverside, CA | Riverside City Attorney<br>3900 Main Street<br>Riverside, CA 92522 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Rolling Hills Estates, CA | Rolling Hills Estates City Attorney<br>Burke Williams & Sorensen LLP<br>Donald M Davis<br>444 South Flower Street, Suite 2400<br>Los Angeles, CA 90071-2953 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Roseville, CA | Roseville City Attorney<br>311 Vernon St<br>Roseville, CA 95678 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Sacramento, CA | Sacramento City Attorney<br>James C Sanchez<br>915 1 Street<br>4th Floor<br>Sacramento, CA 95814-2608 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | San Clemente, CA | San Clemente City Attorney<br>Scott Smith<br>Best Best & Krieger<br>18101 Von Karman Ave<br>Irvine, CA 92612 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | San Diego, CA | San Diego City Attorney<br>Jan Goldsmith<br>1200 Third Ave<br>Suite 1620<br>San Diego, CA 92101 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | San Francisco, CA | San Francisco City Attorney<br>Dennis J Herrera<br>City Hall, Room 234<br>1 Dr Carlton B. Goodlett Pl<br>San Francisco, CA 94102 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| Local Jurisdiction Chief Legal Counsel or Local Manager | San Jose, CA | San Jose City Attorney<br>Richard Doyle<br>200 E Santa Clara St<br>16th Floor<br>San Jose, CA 95113 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | San Leandro, CA | San Leandro City Attorney<br>Ricardo Pio Roda<br>835 East 14th Street<br>San Leandro, CA 94577 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | San Luis Obispo, CA | San Luis Obispo City Attorney<br>J Christine Dietrick<br>City Hall, Room 10<br>990 Palm Street<br>San Luis Obispo, CA 93401 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | San Mateo, CA | San Mateo City Attorney<br>330 West 20th Avenue<br>San Mateo, CA 94403 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | San Ramon, CA | San Ramon City Attorney<br>Robert Saxe<br>2226 Camino Ramon<br>San Ramon, CA 94583 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Sand City, CA | Sand City City Attorney<br>Jim Heisinger<br>1 Sylvan Park<br>Sand City, CA 93955 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Santa Ana, CA | Santa Ana City Attorney<br>Sonia R Carvalho<br>20 Civic Center Plaza<br>M-29<br>Santa Ana, CA 92701 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Santa Ana, CA | Santa Ana City Attorney<br>Sonia R Carvalho<br>20 Civic Center Plaza<br>M-29<br>Santa Ana, CA 92701 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Santa Cruz, CA | Santa Cruz City Attorney<br>333 Church Street<br>Santa Cruz, CA 95060 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| Local Jurisdiction Chief Legal Counsel or Local Manager | Santa Rosa, CA | Santa Rosa City Attorney<br>100 Santa Rosa Ave Room 8<br>Santa Rosa, CA 95404 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Stockton, CA | Stockton City Attorney<br>425 N El Dorado Street 2nd Floor<br>Stockton, CA 95202 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Sunnyvale, CA | Sunnyvale City Attorney<br>456 W Olive Ave<br>Sunnyvale, CA 94086 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Temecula, CA | Temecula City Attorney<br>41000 Main Street<br>Temecula, CA 92590 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Thousand Oaks, CA | Thousand Oaks City Attorney<br>2100 Thousand Oaks Blvd<br>Thousand Oaks, CA 91362 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Torrance, CA | Torrance City Attorney<br>City Hall<br>3031 Torrance Blvd<br>Torrance, CA 90503 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Union City, CA | Union City City Attorney<br>City Hall<br>34009 Alvarado-Niles Rd<br>Union City, CA 94587 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Vacaville, CA | Vacaville City Attorney<br>Vacaville City Hall<br>650 Merchant Street<br>Vacaville, CA 95688 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Ventura, CA | Ventura City Attorney<br>501 Poli St<br>PO Box 99, Room 213<br>Ventura, CA 93002 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Walnut Creek, CA | Walnut Creek CA<br>Chief Legal Counsel or City Manager<br>1666 North Main Street<br>Walnut Creek, CA 94596 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| Local Jurisdiction Chief Legal Counsel or Local Manager | Arvada, CO | Arvada City Attorney<br>Chris Daly<br>8101 Ralston Rd<br>Arvada, CO 80002 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Aurora, CO | Aurora City Attorney<br>15151 E. Alameda Pkwy<br>Aurora, CO 80012 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Avon, CO | Avon CO<br>Chief Legal Counsel or City Manager<br>1 Lake St<br>PO Box 975<br>Avon, CO 81620 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Boulder, CO | Boulder City Attorney<br>1777 Broadway<br>Boulder, CO 80302 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Colorado Springs, CO | Colorado Springs City Attorney<br>30 S. Nevada Ave<br>Colorado Springs, CO 80903 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Denver, CO | Denver City Attorney<br>201 W.Colfax Ave Dept 1207<br>Denver, CO 80202 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Dillon, CO | Dillon CO<br>Chief Legal Counsel or City Manager<br>275 Lake Dillon Dr<br>Dillon, CO 80435 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Durango, CO | Durango CO<br>Chief Legal Counsel or City Manager<br>949 E 2nd Ave<br>Durango, CO 81301 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Englewood, CO | Englewood City Attorney<br>1000 Englewood Parkway<br>Englewood, CO 80110 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Fort Collins, CO | Fort Collins City Attorney<br>City Hall West<br>300 LaPorte Ave<br>Fort Collins, CO 80521 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| Local Jurisdiction Chief Legal Counsel or Local Manager | Glendale, CO | Glendale CO<br>Chief Legal Counsel or City Manager<br>950 South Birch Street<br>Glendale, CO 80246 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Glenwood Springs, CO | Glenwood Springs City Attorney<br>City Hall<br>101 W 8th Street<br>Glenwood Springs, CO 81601 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Grand Junction, CO | Grand Junction City Attorney<br>250 North 5th Street<br>Grand Junction, CO 81501 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Greeley, CO | Greeley City Attorney<br>1000 10th Street<br>Greeley, CO 80631 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Greenwood Village, CO | Greenwood Village City Attorney<br>6060 S. Quebec St.<br>Greenwood Village, CO 80111 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Highlands Ranch, CO | Highlands Ranch CO<br>Chief Legal Counsel or City Manager<br>62 Plaza Drive<br>Highlands Ranch, CO 80129 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Lakewood, CO | Lakewood City Attorney<br>Lakewood Civic Center<br>480 S. Allison Pkwy<br>Lakewood, CO 80226 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Littleton, CO | Littleton City Attorney<br>2255 W Berry Ave<br>Littleton, CO 80120 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Longmont, CO | Longmont City Attorney<br>350 Kimbark St<br>Longmont, CO 80501 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Montrose, CO | Montrose City Attorney<br>433 S. 1st St.<br>Montrose, CO 81401 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Northglenn, CO | Northglenn City Attorney<br>11701 Community Ctr Dr<br>Northglenn, CO 80233 |

01:18374644.1

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| Local Jurisdiction Chief Legal Counsel or Local Manager | Parker, CO | Parker CO<br>Chief Legal Counsel or City Manager<br>Parker Town Hall<br>20120 E. Mainstreet<br>Parker, CO 80138 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Pueblo, CO | Pueblo City Manager<br>1 City Hall Pl  2nd Floor<br>Pueblo, CO 81003 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Steamboat Springs, CO | Steamboat Springs City Attorney<br>137 10th St.<br>Steamboat Springs, CO 80487 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Vail, CO | Vail City Attorney<br>75 S. Frontage Road<br>Vail, CO 81657 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Westminster, CO | Westminster City Attorney<br>4800 W. 92nd Avenue<br>Westminster, CO 80030 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Bridgeport, CT | Bridgeport City Attorney<br>999 Broad Street 2nd Floor<br>Bridgeport, CT 06604 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Danbury, CT | Danbury Corporation Counsel<br>155 Deer Hill Avenue<br>Danbury, CT 06810 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Farmington, CT | Farmington CT<br>Chief Legal Counsel or City Manager<br>1 Monteith Drive<br>Farmington, CT 06032 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | North Haven, CT | North Haven CT<br>Chief Legal Counsel or City Manager<br>Memorial Town Hall<br>18 Church Street<br>North Haven, CT 06473 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Norwalk, CT | Norwalk CT<br>Chief Legal Counsel or City Manager<br>City Hall<br>125 East Avenue<br>Norwalk, CT 06851-5125 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| Local Jurisdiction Chief Legal Counsel or Local Manager | Waterbury, CT | Waterbury CT<br>Chief Legal Counsel or City Manager<br>City Hall Building<br>235 Grant St<br>Waterbury, CT 06702 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Wilmington, DE | Wilmington City Attorney<br>Law Department<br>800 N. French St 9th Floor<br>Wilmington, DE 19801 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Altamonte Springs, FL | Altamonte Springs City Attorney<br>225 Newburyport Ave<br>Altamonte Springs, FL 32701 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Aventura, FL | Aventura City Attorney<br>19200 West Country Club Dr<br>Aventura, FL 33180 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Boca Raton, FL | Boca Raton City Attorney<br>201 West Palmetto Park Rd<br>Baca Raton, FL 33432 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Boynton Beach, FL | Boynton Beach City Attorney<br>100 E. Boynton Beach Blvd<br>PO Box 310<br>Boynton Beach, FL 33425 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Bradenton, FL | Bradenton FL<br>Chief Legal Counsel or City Manager<br>City Hall<br>101 Old Main St W.<br>Bradenton, FL 34205 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Brandon, FL | Brandon City Attorney<br>Old City Hall, 5th Floor<br>315 E. Kennedy Blvd<br>Tampa, FL 33602 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Cape Coral, FL | Cape Coral City Attorney<br>1015 Cultural Park Blvd<br>Cape Coral, FL 33990 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| Local Jurisdiction Chief Legal Counsel or Local Manager | Citrus Park, FL | Citrus Park FL<br>Chief Legal Counsel or City Manager<br>Hillsborough County Government<br>Post Office Box 1110<br>Tampa, FL 33601 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Coral Springs, FL | Coral Springs City Attorney<br>John Hearn<br>9551 West Sample Rd<br>Coral Springs , FL 33065 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Daytona, FL | Daytona City Attorney<br>Marie Hartman<br>301 S. Ridgewood Avenue<br>Daytona , FL 32114 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Deerfield Beach, FL | Deerfield Beach City Attorney<br>150 NE 2nd Avenue<br>Deerfield Beach, FL 33441 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Delray Beach, FL | Delray Beach City Attorney<br>200 N.W. 1st Avenue<br>Delray Beach, FL 33444 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Estero, FL | Estero FL<br>Chief Legal Counsel or City Manager<br>Burt Sanders<br>GrayRobinson<br>8889 Pelican Bay Blvd. Suite 400<br>Naples, FL 34108 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Fort Lauderdale, FL | Fort Lauderdale City Attorney<br>100 N. Andrews Ave<br>Fort Lauderdale, FL 33301 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Fort Myers, FL | Fort Myers City Attorney<br>2200 Second St<br>Fort Meyers, FL 33901 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Gainesville, FL | Gainesville City Attorney<br>200 East University Av, Room 425<br>Gainesville, FL 32601 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Hialeah, FL | Hialeah City Attorney<br>501 Palm Ave<br>Hialeah, FL 33010 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| Local Jurisdiction Chief Legal Counsel or Local Manager | Hollywood, FL | Hollywood City Attorney<br>2600 Hollywood Blvd<br>Hollywood, FL 33022 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Homestead, FL | Homestead City Attorney<br>650 NE 22 Terrace<br>Homestead, FL 33033 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Jensen Beach, FL | Jensen Beach FL<br>Chief Legal Counsel or City Manager<br>Martin County Attorney<br>2401 SE Monterey Road<br>Stuart, FL 34996 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Jupiter, FL | Jupiter City Attorney<br>210 Military Trail<br>Jupiter, FL 33458 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Kissimmee, FL | Kissimmee City Attorney<br>101 Church St<br>Kissimmee, FL 34741 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Lakeland, FL | Lakeland City Attorney<br>228 S Massachusetts Ave<br>Lakeland, FL 33801 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Largo, FL | Largo City Attorney<br>201 Highland Ave<br>Largo, FL 33779 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Melbourne, FL | Melbourne City Attorney<br>900 E. Strawbridge Ave<br>Melbourne, FL 32901 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Merritt Island, FL | Merritt Island FL<br>Chief Legal Counsel or City Manager<br>Brevard County Attorney<br>2725 Judge Fran Jamieson Way<br>Bldg. C<br>Viera, FL 32940 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Miami, FL | Miami City Attorney<br>444 S.W. 2nd Ave, Suite 945<br>Miami, FL 33130 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| Local Jurisdiction Chief Legal Counsel or Local Manager | Naples, FL | Naples City Attorney<br>735 8th St. S<br>Naples, FL 34102 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | North Port, FL | North Port City Attorney<br>City Hall Third Floor<br>4970 City Hall Boulevard<br>North Port , FL 34286 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Ocala, FL | Ocala FL<br>Chief Legal Counsel or City Manager<br>City Hall<br>110 SE Watula Avenue<br>Ocala, FL 34471 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Panama City, FL | Panama City<br>Chief Legal Counsel or City Manager<br>9 Harrison Ave<br>Panama City , FL 32402 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Pembroke Pines, FL | Pembroke Pines City Attorney<br>10100 Pines Blvd<br>Pembroke Pines , FL 33026 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Pompano Beach, FL | Pompano Beach FL<br>Chief Legal Counsel or City Manager<br>100 W. Atlantic Blvd<br>Pompano Beach, FL 33061-2083 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Port Richey, FL | Port Richey FL<br>Chief Legal Counsel or City Manager<br>6333 Ridge Road<br>Port Richey, FL 34668 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Port St. Lucie, FL | Port St. Lucie City Attorney<br>121 S.W. Port St. Lucie Blvd<br>Port St. Lucie, FL 34984 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Sanford, FL | Sanford City Attorney<br>1001 Heathrow Park Lane<br>Suite 4001<br>Heathrow , FL 32746 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Sarasota, FL | Sarasota City Attorney<br>1565 1st Street<br>Sarasota , FL 34236 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| Local Jurisdiction Chief Legal Counsel or Local Manager | Seminole, FL | Seminole City Attorney<br>9199 113th St<br>Seminole , FL 33772 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Spring Hill, FL | Spring Hill FL<br>Chief Legal Counsel or City Manager<br>Hernando Co. Attorneys Office<br>20 North Main Street<br>Suite 462<br>Brooksville , FL 34601-2801 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | St. Petersburg, FL | St. Petersburg City Attorney<br>City of St. Petersburg<br>P.O. Box 2842<br>St. Petersburg , FL 33731 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Sunrise, FL | Sunrise City Attorney<br>10770 West Oakland Park Boulevard<br>Sunrise , FL 33351 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Tallahassee, FL | Tallahassee City Attorney<br>Office of City Attorney<br>300 South Adams Street<br>Tallahassee , FL 32301 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Tampa, FL | Tampa City Attorney<br>Old City Hall 5th Floor<br>315 E. Kennedy Blvd<br>Tampa , FL 33602 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Vero Beach, FL | Vero Beach City Attorney<br>1053 20th Place<br>Vero Beach , FL 32960 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Wellington, FL | Wellington FL City Attorney<br>Torcivia, Donlon, Goddeau &Ansay P.A.<br>701 Northpoint Parkway<br>Suite 209<br>West Palm Beach, FL 33407 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | West Palm Beach, FL | West Palm Beach City Attorney<br>401 Clematis Street Fifth Floor<br>West Palm Beach, FL 33401 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| Local Jurisdiction Chief Legal Counsel or Local Manager | Winter Garden, FL | Winter Gardens FL Citty Attorney Fishback Dominick Attn: A. Kurt Ardaman 1947 Lee Road Winter Park , FL 32789 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Clearwater, FL | Clearwater City Attorney City Attorney's Office 112 S. Osceola Ave Clearwater, FL  33756 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Orlando, FL | Orlando City Attorney 400 S. Orange Avenue Orlando , FL  32802-4990 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Palm Beach Gardens, FL | Palm Beach Gardens City Attorney 10500 N. Military Trail Palm Beach Gardens, FL  33410 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Alpharetta, GA | Alphraretta GA City Attorney Bovis, Kyle, Burch & Medlin Attn: C. Sam Thomas 200 Ashford Center North Georgia Atlanta , GA 30338-2668 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Atlanta, GA | Atlanta City Attorney City of Atlanta Department of Law 55 Trinity Avenue Suite 5000 Atlanta , GA 30303 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Buford, GA | Buford GA City Attorney Chandler, Britt, & Jay LLC Gregory D. Jay 4350 South Lee Street Buford , GA 30518 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Conyers, GA | Conyers GA City Attorny Waldrop & Bootcheck, LLC Michael Waldrop 861 Commerce Drive Conyers, GA 30094 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| Local Jurisdiction Chief Legal Counsel or Local Manager | Duluth, GA | Duluth GA City Attorney<br>Thompson, Sweeney, Kinsnger & Pereira P.C.<br>Stephen Pereira<br>690 Longleaf Drive<br>Lawerenceville , GA 30046 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Hiram, GA | Hiram GA City Attorney<br>Kelly Michael Hundley Attorney at Law<br>Two Ravinia Drive<br>Suite 500<br>Atlanta , GA 30346 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Kennesaw, GA | Kennesaw GA City Attorney<br>Bentley, Bently, & Bently<br>241 Washington Avenue NE<br>Marrietta, GA 30060 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Lilburne, GA | Lilburne City Attorney<br>Chief Legal Counsel or City Manager<br>76 Main St.<br>Lilburn, GA 30047 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | McDonough, GA | McDonough City Attorney<br>Chief Legal Counsel or City Manager<br>136 Keys Ferry St<br>McDonough, GA 30253 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Morrow, GA | Morrow City Attorney<br>Chief Legal Counsel or City Manager<br>1500 Morrow Rd<br>Morrow, GA 30260 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Hilo, HI | Hilo City Attorney<br>Chief Legal Counsel or City Manager<br>920 Ululani Street<br>Hilo, HI 96720 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Honolulu, HI | Honolulu Prosecuting Attorney<br> Keith M. Kaneshiro<br>1060 Richards St.<br>Honolulu, HI 96813 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| Local Jurisdiction Chief Legal Counsel or Local Manager | Kahului, HI | Maui County Prosecuting Attorney<br>John D. Kim<br>150 South High St.<br>Old Court House Bldg<br>Wailuku, HI 96793 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Kailua-Kona, HI | Hawaii County Prosecuting Attorney<br>Holomua Center<br>64-1067 Mamalahoa Highway<br>Kamuela, HI 96743 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Kaneohe, HI | Honolulu County Prosecuting Attorney<br> Keith M. Kaneshiro<br>1060 Richards St.<br>Honolulu, HI 96813 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Kapolei, HI | Honolulu County Prosecuting Attorney<br> Keith M. Kaneshiro<br>1060 Richards St.<br>Honolulu, HI 96813 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Waipahu, HI | Honolulu County Prosecuting Attorney<br> Keith M. Kaneshiro<br>1060 Richards St.<br>Honolulu, HI 96813 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Lihue, HI | Kauai County Prosecuting Attorney<br>Justin Kollar<br>3990 Kaana Street<br>Suite 210<br>Līhu'e, HI  96766 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Ames, IA | Ames City Attorney<br>Judy Parks<br>Legal Department<br>Ames City Hall<br>515 Clark Ave<br>Ames, IA 50010 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | W. Des Moines, IA | W. Des Moines City Attorney<br>Richard Scieszinsk<br>PO Box 65320<br>West Des Moines, IA 50265-0320 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| Local Jurisdiction Chief Legal Counsel or Local Manager | Boise, ID | Boise City Attorney<br>150 N Capitol Blvd<br>4th Floor, Building 2<br>Boise, ID 83702 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Coeur d'Alene, ID | Coeur d'Alene City Attorney<br>Michael C. Gridley<br>710 E Mullan Avenue<br>Coeur d'Alene, ID 83814 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Idaho Falls, ID | Idaho Falls City Attorney<br>P.O. Box 50220<br>Idaho Falls, ID 83402 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Lewiston, ID | Lewiston City Attorney<br>Jana B. Gómez<br>P.O. Box 617<br>Lewiston, ID 83501-1930 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Bolingbrook, IL | Bolingbrook Village Attorney<br>375 West Briarcliff Road<br>Bollingbrook, IL 60440 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Burbank, IL | Burbank City Attorney<br>Attn: Gary Perlman<br>6530 W. 79th Street<br>Burbank, IL 60459 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Calumet City, IL | Calumet City City Attorney<br>Odelson & Sterk<br>Attn: Burton S. Odelson<br>3318 W. 95th St<br>Evergreen Park , IL 60805 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Chicago, IL | Chicago IL<br>Chief Legal Counsel or City Manager<br>Law Department<br>121 North LaSalle Street<br>Suite 600<br>Chicago, IL 60602 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Crystal Lake, IL | Crystal Lake City Attorney<br>The Law Offices fo Cowlin, Curran &<br>Coppedge<br>Attn: John L. Cowlin<br>20 Grant St.<br>Crystal Lake , IL 60014 |

01:18374644.1

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| Local Jurisdiction Chief Legal Counsel or Local Manager | Deerfield, IL | Deerfield IL<br>Chief Legal Counsel or City Manager<br>850 Waukegan Road<br>Deerfield, IL 60015 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Fairview Heights, IL | Fairview Heights City Attorney<br>Becker, Hoerner, Thompson & Ysursa P.C.<br>Attn: Kevin T. Hoerner<br>5111 West Main Street<br>Belleville, IL 62226 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Frankfort, IL | Frankfort City Attorney<br>Mahoney, Silverman &Cross LLC<br>Attn: George F.Mahoney III<br>822 Infantry Drive<br>Suite 100<br>Joliet, IL 60435 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Geneva, IL | Geneva City Attorney<br>Radovich Law Office P.C.<br>Attn: Charles A. Radovich<br>312 West State Street<br>Geneva, IL 60134 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Gurnee Mills, IL | Gurnee Mills City Attorney<br>Attn: Bryan Winter<br>Village Hall<br>325 N. O'Plaine Road<br>Gurnee, IL 60031-2636 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Hoffman Estates, IL | Hoffman Estates City Attorney<br>Corporation Counsel: Arthur L. Janura Jr.<br>1900 Hassell Road<br>Hoffman Estates, IL 60169 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Joliet, IL | Joliet City Attorney<br>Attn: Martin Shanahan Jr.<br>150 W. Jefferson Street<br>Joliet, IL 60432 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Lake Zurich, IL | Lake Zurich City Attorney<br>Attn: Kyle Kordell<br>70 East Main Street<br>Lake Zurich , IL 60047 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| Local Jurisdiction Chief Legal Counsel or Local Manager | Lombard, IL | Lombard City Attorney<br>Klein, Thorpe & Jenkins LTD<br>Attn: Thomas P. Bayer<br>20 N. Wacker Dr. Ste 1660<br>Chicago, IL 60606-2903 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Matteson, IL | Matteson IL<br>Chief Legal Counsel or City Manager<br>Matteson Village Hall<br>4900 Village Commons<br>Matteson, IL 60443 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Mt Prospect, IL | Mt Prospect City Attorney<br>Everette M. Hill, Jr<br>20 N. Wacker Dr., Suite 1660<br>Chicago, IL 60606-2903 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Niles, IL | Niles City Attorney<br>Joseph Annunzio<br>1000 Civic Center Drive<br>Niles, IL 60714 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | North Aurora, IL | North Aurora City Attorney<br>Steve Bosco<br>25 East State Street<br>North Aurora, IL 60542 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | North Riverside, IL | North Riverside City Attorney<br>Burt Odelson<br>2401 S. DesPlaines Avenue<br>North Riverside, IL 60546 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Northbrook, IL | Northbrook IL<br>Chief Legal Counsel or City Manager<br>Village Hall<br>1225 Cedar Lane<br>Northbrook, IL 60062 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Oak Lawn, IL | Oak Lawn IL<br>Chief Legal Counsel or City Manager<br>9446 S Raymond Ave.<br>Oak Lawn, IL 60453 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| Local Jurisdiction Chief Legal Counsel or Local Manager | Orland Hills, IL | Orland Hills City Attorney<br>Mark H. Sterk<br>Odelson Sterk, Ltd.<br>3318 West 95th Street<br>Evergreen Park, IL 60805 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Romeoville, IL | Romeoville IL<br>Chief Legal Counsel or City Manager<br>1050 West Romeo Road<br>Romeoville, IL 60446 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Schaumburg, IL | Schaumburg City Attorney<br>Elmer Mannina<br>101 Schaumburg Court<br>Schaumburg, IL 60193-1899 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Springfield, IL | Springfield City Attorney<br>Attn: Jim Zerkle<br>800 E. Monroe<br>Springfield, IL 62701 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Vernon Hills, IL | Vernon Hills City Attorney<br>Schain, Banks, Kenny & Scwartz Ltd<br>Attn: Robert C. Kenny<br>Three First National Plaza<br>70 W. Madison Street, Ste 5300<br>Chicago, IL 60602 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Wheaton, IL | Wheaton City Attorney<br>Walsh, Knippen, Pollock & Cetina Chartered Attorneys at Law<br>Attn: James H. Knippen II<br>2150 Manchester Road<br>Suite 200<br>Wheaton, IL 60187 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Willowbrook, IL | Willowbrook City Attorney<br>Thomas Bastian<br>835 Midway Drive<br>Willowbrook,, IL 60527 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Wilmette, IL | Wilmette City Attorney<br>Tressler LLP<br>Michael Zimmerman<br>233 South Wacker Drive<br>22nd Floor<br>Chicago, IL 60606 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| Local Jurisdiction Chief Legal Counsel or Local Manager | Merrillville, IN | Merrillville City Attorney<br>Burke Costanza & Carberry Attorneys at Law<br>Attn: John P. Bushemi<br>919 Broadway<br>Merrillville , IN 46410 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Lenexa, KS | Lenexa City Attorney<br>Cindy Harmison<br>Legal Department<br>City of Lenexa<br>12350 West 87th Street Parkway<br>Lenexa, KS 66215-2882 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Wichita, KS | Wichita City Attorney<br>Jennifer Magana Law<br>455 N Main<br>13th Floor<br>Wichita, KS 67202 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | New Orleans, LA | New Orleans City Attorney<br>Rebecca H Dietz<br>1300 Perdido St.<br>New Orleans, LA 70112 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Barnstable, MA | Barnstable Town Attorney<br>Ruth Weil<br>Town Hall<br>367 Main Street<br>Hyannis, MA 02601 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Braintree, MA | Town of Braintree Town Solicitor<br>One JFK Memorial Drive<br>Braintree, MA 02184 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Danvers, MA | Essex County District Attorney<br>Jonathan Blodgett<br>10 Federal Street, 5th Floor<br>Salem, MA 01970 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Framingham, MA | Framingham Town Counsel<br>Christopher J. Petrini<br>Petrini & Associates, P.C.<br>372 Union Avenue<br>Framingham, MA 01702 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| Local Jurisdiction Chief Legal Counsel or Local Manager | Holyoke, MA | Holyoke City Solicitor<br>20 Korean Veterans Plaza<br>City Hall Annex<br>Room 204<br>Holyoke, MA 01040 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Milford, MA | Milford City Attorney<br>Gerald M. Moody<br>52 Main St<br>Milford, MA 01757 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Somerville, MA | Somerville City Attorney<br>Francis X. Wright, Jr.<br>93 Highland Avenue<br>Somerville, MA 02143 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Watertown, MA | Watertown City Attorney<br>Kopelman and Paige, P.C.<br>101 Arch St<br>Boston, MA 02110-1109 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Westwood, MA | Westwood City Attorney<br>Chief Legal Counsel or City Manager<br>580 High Street<br>Westwood, MA 02090 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Woburn, MA | Woburn City Attorney<br>Ellen Callahan Doucette<br>City Hall<br>10 Common St<br>Woburn, MA 01801 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Mansfield, MA | Mansfield Town Counsel<br>Paul R. DeRensis<br>Deutsch Williams Brooks DeRensis & Holland, P.C.<br>One Design Center Place<br>Suite 600<br>Boston, MA  02210 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Marlborough, MA | Marlborough City Attorney<br>Donald V. Rider, Jr.<br>140 Main St, 4th Fl<br>Marlborough, MA  01752 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| Local Jurisdiction Chief Legal Counsel or Local Manager | Baltimore, MD | Baltimore City Attorney<br>Chief Legal Counsel or City Manager<br>250 City Hall<br>Baltimore, MD 21202 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Bowie, MD | Bowie MD<br>Chief Legal Counsel or City Manager<br>15901 Excalibur Road<br>Bowie, MD 20716 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Columbia, MD | Columbia County Solicitor<br>Gary W. Kuc<br>Carroll Building<br>3450 Court House Drive<br>Ellicott City, MD 21043 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Frederick, MD | Frederick City Attorney<br>Saundra Nickols<br>101 North Court Street<br>Frederick, MD 21701 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Gaithersburg, MD | Gaithersburg City Attorney<br>N. Lynn Board, Esq.<br>City Hall<br>31 South Summit Avenue<br>Gaithersburg, MD 20877-2038 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Largo, MD | Prince George's County Attorney<br>M. Andree Green<br> Office of Law<br>County Administration Building<br>14741 Governor Oden Bowie Drive, Room 5121<br>Upper Marlboro, MD 20772 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Laurel, MD | Laurel City Solicitor<br>Robert Manzi<br>6305 Ivy Lane Suite 700<br>Greenbelt, MD 20770-6303 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Nottingham, MD | Nottingham County Attorney<br>Michael E. Field<br>Historic Courthouse<br>400 Washington Avenue<br>Towson, MD 21204 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| Local Jurisdiction Chief Legal Counsel or Local Manager | Owings Mills, MD | Owings Mills County Attorney<br>Michael E. Field<br>Historic Courthouse<br>400 Washington Avenue<br>Towson, MD 21204 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Rockville, MD | Rockville City Attorney<br>Debra Yerg Daniel<br>Rockville City Hall<br>111 Maryland Avenue<br>Rockville, MD 20850 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Towson, MD | Towson County Attorney<br>Michael E. Field<br>Historic Courthouse<br>400 Washington Avenue<br>Towson, MD 21204 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Waldorf, MD | Waldorf Acting County Attorney<br>Elizabeth D. Theobalds<br>200 Baltimore St<br>La Plata, MD 20646 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Auburn, ME | Auburn ME<br>Chief Legal Counsel or City Manager<br>Auburn Hall, 60 Court Street<br>Auburn, ME 04210 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | South Portland, ME | South Portland Corporation Counsel<br>Sally Daggett<br>South Portland Legal Department<br>City Hall - 25 Cottage Road<br>South Portland, ME 04106 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Auburn Hills, MI | Auburn Hills City Attorney<br>Derk W. Beckerle<br>of Secrest Wardle<br>2600 Troy Center Drive<br>Troy, MI 48007-5025 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Clinton Township, MI | Clinton Township Attorney for Commission<br>Dan Bernard<br>40700 Romeo Plank Rd<br>Clinton Township, MI 48038 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| Local Jurisdiction Chief Legal Counsel or Local Manager | Dearborn, MI | Dearborn Corporation Counsel<br>Dearborn Administrative Center<br>16901 Michigan Ave., Suite 14<br>Dearborn, MI 48126 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Flint, MI | Flint City Attorney<br>Peter M Bade<br>3rd Floor City Hall<br>1101 S. Saginaw St<br>Flint, MI 48502 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Bemidji, MN | Bemidji City Attorney<br>Alan Felix<br>City Hall<br>317 4th Street NW<br>Bemidji, MN 56601 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Burnsville, MN | Burnsville City Attorney<br>Burnsville City Council<br>Burnsville City Hall<br>100 Civic Center Parkway<br>Burnsville, MN 55337 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Coon Rapids, MN | Coon Rapids City Attorney<br>David Brodie, City Attorney<br>11155 Robinson Drive<br>Coons Rapids, MN 55433 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Eden Prairie, MN | Eden Prairie City Attorney<br>Ric Rosow<br>CITY CENTER<br>Council Chamber<br>8080 Mitchell Road<br>Eden Prairie, MN 55344 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Maple Grove, MN | Maple Grove City Attorney<br>George C Hoff<br>of Hoff, Barry & Kozar, P.A.<br>775 Prairie Center Drive, Suite 160<br>Eden Prairie , MN 55344 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Minneapolis, MN | Minneapolis City Attorney<br>Susan L. Segal<br>City Hall, Room 210<br>350 S. 5th St.<br>Minneapolis, MN 55415 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| Local Jurisdiction Chief Legal Counsel or Local Manager | Oakdale, MN | Oakdale City Attorney<br>Kennedy & Graven, Chartered, Local Government Law Attorneys<br>470 U.S. Bank Plaza<br>200 South 6th Street<br>Minneapolis, MN 55402 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Richfield, MN | Richfield City Attorney<br>Mary Tietjen<br>City of Richfield<br>6700 Portland Ave<br>Richfield, MN 55423 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Rochester, MN | Rochester City Attorney<br>Terry Adkins<br>201 4th Street SE<br>Room 247<br>Rochester, MN 55904 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Roseville, MN | Roseville City Attorney<br>City Attorney Erich Hartmann<br>2660 Civic Center Drive<br>Roseville, MN 55113 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Billings, MT | Billings City Attorney<br>Brent Brooks<br>210 N. 27th St<br>Billing, MO 59101 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Bridgeton, MO | Bridgeton MO<br>Chief Legal Counsel or City Manager<br>City Hall<br>12355 Natural Bridge Rd<br>Bridgeton, MO 63044 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Ellisville, MO | Ellisville City Attorney<br>George Restovich<br>of Restovich Allen, LLC Restovich & Associates, LLC<br>214 North Clay, Suite 210<br>Kirkwood, MO 63122 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Fenton, MO | Fenton City Attorney<br>Paul V. Rost<br>Cunningham, Vogel & Rost, P.C.<br>333 S. Kirkwood Road, Suite 300<br>St. Louis, MO 63122 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| Local Jurisdiction Chief Legal Counsel or Local Manager | Kansas City, MO | Kansas City City Attorney<br>Bill Geary<br>Law Department<br>28th Floor, City Hall<br>414 E 12th St.<br>Kansas City, MO 64106 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Kirkwood, MO | Kirkwood City Attorney<br>John M Hessel<br>600 Washington Avenue<br>Suite 2500<br>St. Louis, MO 63101 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Lake St. Louis, MO | Lake St. Louis MO<br>Chief Legal Counsel or City Manager<br>200 Civic Center Drive<br>Lake St. Louis, MO 63367 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | St. Louis, MO | St. Louis City Attorney<br>City Counselor's Office<br>1200 Market<br>City Hall, Room 314<br>St. Louis, MO 63103 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | St. Peters, MO | St. Peters MO<br>Chief Legal Counsel or City Manager<br>St. Peters City Hall<br>One St. Peters Centre Blvd.<br>St. Peters, MO 63376 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Missoula, MT | Missoula City Attorney<br>Jim Nugent<br>435 Ryman<br>Missoula, MT 59802 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Concord, NC | Concord City Attorney<br>VaLerie Kolczynski<br>30 Market St<br>Concord, NC 28026-0308 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Omaha, NE | Omaha City Attorney<br>Paul Kratz<br>1819 Farnam Street<br>Suite 804<br>Omaha, NE 68183 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| Local Jurisdiction Chief Legal Counsel or Local Manager | Amherst, NH | Amherst NH<br>Chief Legal Counsel or City Manager<br>2 Main Street<br>PO Box 960<br>Amherst, NH 03031-0960 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Manchester, NH | Manchester City Solicitor<br>Thomas R. Clark<br>Office of the City Solicitor<br>One City Hall Plaza<br>Manchester, NH 03101 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Nashua, NH | Nashua City Attorney<br>Stephen Bennett<br>Corporation Counsel<br>229 Main Street<br>Nashua, NH 03060 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Salem, NH | Salem NH<br>Chief Legal Counsel or City Manager<br>Salem Town Hall<br>33 Geremonty Drive<br>Salem, NH 03079 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Brick, NJ | Brick NJ<br>Chief Legal Counsel or City Manager<br>Municipal Building<br>401 Chambersbridge Road<br>Brick, NJ 08723 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Burlington, NJ | Municipal Attorney<br>George Saponaro<br>27 Cedar Street<br>Mt. Holly, NJ 08060 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Cherry Hill, NJ | Cherry Hill City Attorney<br>Chief Legal Counsel<br>Cherry Hill Township Municipal Building<br>820 Mercer Street<br>Room 208<br>Cherry Hil, NJ 08002 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| Local Jurisdiction Chief Legal Counsel or Local Manager | Clifton, NJ | Clifton City Attorney<br>Legal Department<br>Clifton City Hall<br>2nd floor<br>900 Clifton Avenue<br>Clifton, NJ 07013 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | East Brunswick, NJ | East Brunswick NJ<br>Chief Legal Counsel or City Manager<br>East Brunswick Municipal Building<br>1 Jean Walling Civic Center Drive<br>East Brunswick, NJ 08816 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | East Hanover, NJ | East Hanover City Attorney<br>Township Attorney<br>Matthew J. O'Donnell, Esq<br>of O'Donnell McCord PC<br>15 Mount Kemble Avenue<br>Morristown, NJ 07960 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Flemington, NJ | Flemington City Attorney<br>Barry Goodman<br>Greenbaum Rowe Smith & Davis LLP<br>99 Wood Avenue South<br>Iselin, NJ  08830 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Hazlet, NJ | Hazlet NJ<br>Chief Legal Counsel or City Manager<br>Veterans Memorial Park<br>1776 Union Avenue<br>Post Office Box 371<br>Hazlet, NJ 07730 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Iselin, NJ | Iselin NJ<br>Chief Legal Counsel or City Manager<br>Woodbridge Township Municipal Building<br>1 Main St<br>Woodbridge, NJ 07095 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Ledgewood, NJ | Ledgwood NJ<br>Chief Legal Counsel or City Manager<br>Township of Roxbury<br>1715 Route 46<br>Ledgewood, NJ 07852 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| Local Jurisdiction Chief Legal Counsel or Local Manager | Manalapan Township, NJ | Manalapan NJ<br>Chief Legal Counsel or City Manager<br>120 Route 522 & Taylors Mills Road<br>Manalapan , NJ 07726 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Mays Landing, NJ | Mays Landing City Attorney<br>Robert S. Sandman<br>Hankin Sandman & Palladino<br>30 S. New York Avenue<br>Atlantic City, NJ 08401 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Mt Laurel, NJ | Mt Laurel NJ<br>Chief Legal Counsel or City Manager<br>100 Mount Laurel Road<br>Mount Laurel , NJ 08054 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Paramus, NJ | Paramus City Attorney<br>Borough Attorney (via Borough Clerk)<br>Coleen Goddel, Deputy Clerk<br>1 Jockish Square<br>Paramus, NJ 07652 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Piscataway, NJ | Piscataway NJ<br>Chief Legal Counsel or City Manager<br>455 Hoes Lane<br>Piscataway, NJ 08854 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Ramsey, NJ | Ramsey NJ<br>Chief Legal Counsel or City Manager<br>33 N. Central Avenue Ramsey<br>Ramsey, NJ 07446 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Riverdale, NJ | Riverdale NJ<br>Municipal Attorney<br>91 Newark-Pompton Turnpike<br>Riverdale, NJ 07457 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Secaucus, NJ | #REF! |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Sewell, NJ | Sewell NJ<br>Chief Legal Counsel or City Manager<br>Washington Township<br>523 Egg Harbor Road<br>Sewell, NJ 08080 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| Local Jurisdiction Chief Legal Counsel or Local Manager | Springfield, NJ | Springfield NJ<br>Chief Legal Counsel or City Manager<br>100 Mountain Avenue<br>Springfield, NJ 07081 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Wayne, NJ | Wayne NJ<br>Chief Legal Counsel or City Manager<br>475 Valley Road<br>Wayne, NJ 07470 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | West Long Branch, NJ | West Long Branch NJ<br>Chief Legal Counsel or City Manager<br>965 Broadway<br>West Long Branch, NJ 07764 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Albuquerque, NM | Albuquerque City Attorney<br>Jessica M. Hernandez<br>One Civic Plaza NW<br>Room 4015<br>Albuquerque, NM 87102 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Santa Fe, NM | Santa Fe City Attorney<br>Kelley Brennan<br>200 Lincoln Ave., Room 209<br>Santa Fe, NM 87504-0909 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Henderson, NV | Henderson City Attorney<br>Josh M. Reid<br>240 Water Street<br>Henderson, NV 89015 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Las Vegas, NV | Las Vegas City Attorney<br>Brad Jerbic<br>City Hall, 6th Floor<br>495. S. Main St.<br>Las Vegas, NV 89101 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Reno, NV | Reno City Attorney<br>Karl Hall<br>One E First Street, 3rd Floor<br>Reno, NV 89501 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Summerlin, NV | Summerlin NV<br>Chief Legal Counsel or City Manager<br>City of Las Vegas City Hall<br>495 S. Main Street<br>Las Vegas , NV 89101 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| Local Jurisdiction Chief Legal Counsel or Local Manager | Bohemia, NY | Bohemia NY<br>Chief Legal Counsel or City Manager<br>Suffolk County Attorney<br>100 Veterans Memorial Hwy<br>Hauppauge, NY 11788 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Bronx, NY | Bronx City Attorney<br>Zachary W. Carter<br>Corporation Counsel of the City of New York, Law Department<br>100 Church Street<br>Room 6-100<br>New York , NY 10007-2601 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Brooklyn, NY | Brooklyn City Attorney<br>Zachary W. Carter<br>Corporation Counsel of the City of New York, Law Department<br>100 Church Street<br>Room 6-100<br>New York , NY 10007-2601 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Commack, NY | Commack NY<br>Chief Legal Counsel or City Manager<br>Suffolk County Attorney<br>100 Veterans Memorial Hwy<br>Hauppauge, NY 11788 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Elmsford, NY | Elmsford City Attorney<br>McCarthy Fingar LLP<br>11 Martine Avenue<br>12th Floor<br>White Plains , NY 10606 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Forest Hills, NY | Forest Hills NY<br>Chief Legal Counsel or City Manager<br>Queens Borough Hall<br>102-55 Queens Boulevard<br>Kew Gardens, NY 11424 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Garden City, NY | Garden City City Attorney<br>Attn: Village Clerk Brian Ridgway<br>351 Stewart Avenue<br>Garden City , NY 11530 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| Local Jurisdiction Chief Legal Counsel or Local Manager | Levittown, NY | Levittown NY<br>Chief Legal Counsel or City Manager<br>Town of Hempstead<br>One Washingtown Street<br>Hempstead , NY 11550 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Massapequa, NY | Massapequa NY<br>Chief Legal Counsel or City Manager<br>151 Front Street<br>Massapequa Park , NY 11762 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | New York, NY | New York NY<br>Chief Legal Counsel or City Manager<br>City Hall Park<br>New York, NY 10007 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Riverhead, NY | Riverhead City Attorney<br>200 Howell Avenue<br>Riverhead, NY 11901 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Stony Brook, NY | Stony Brook NY<br>Chief Legal Counsel or City Manager<br>Town of Brookhaven<br>One Independence Hill<br>Farmingville, NY 11738 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Syracuse, NY | Syracuse NY<br>Chief Legal Counsel or City Manager<br>City Hall<br>233 East Washington Street<br>Syracuse, NY 13202 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Westbury, NY | Westbury City Attorney<br>235 Lincoln Pl<br>Westbury , NY 11590 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Woodside, NY | Woodside NY<br>Chief Legal Counsel or City Manager<br>c/o Clerks Office - Queens, Borough Hall Building<br>120-55 Queens Boulevard<br>Ground Floor, Room G-100<br>Kew Gardens, NY 11424 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Yonkers, NY | Yonkers City Attorney<br>40 S. Broadway #300<br>Yonkerse , NY 10701 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| Local Jurisdiction Chief Legal Counsel or Local Manager | Columbus, OH | Columbus City Attorney<br>77 N. Front Str<br>Columbus , OH 43215 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Dublin, OH | Dublin City Attorney<br>Frost, Brown, Todd Lawyers<br>Stephen J. Smith<br>One Columbus<br>10 West Broad Street, Suite 2300<br>Columbus , OH 43215-3467 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Reynoldsburg, OH | Reynoldsburg City Attorney<br>7232 E. Main Street<br>Reynoldsburg, OH 43068 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Tulsa, OK | Tulsa City Attorney<br>Customer Care Center<br>175 East 2nd Street<br>14th Floor<br>Tulsa , OK 74103 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Clackamas, OR | Clackamas OR<br>Chief Legal Counsel or City Manager<br>Clackamas County District Attorney<br>807 Main Street<br>Oregon City, OR 97045 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Corvallis, OR | Corvallis City Attorney<br>456 SW Monroe<br>Suite #101<br>Corvallis , OR 97333 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Eugene, OR | Eugene City Attorney<br>125 East 8th Avenue<br>2nd Floor<br>Eugene , OR 97401 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Hillsboro, OR | Hillsboro City Attorney<br>Beery, Elsner & Hammond LLP<br>1750 SE Harbor Way<br>Suite 380<br>Portland , OR 97201-5106 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Kalamath Falls, OR | Klamath Falls City Attorney<br>500 Klamath Avenue<br>Klamath Falls , OR 97601 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| Local Jurisdiction Chief Legal Counsel or Local Manager | Medford, OR | Medford City Attorney<br>411 West 8th Street<br>Medford , OR 97501 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Portland, OR | Portland City Attorney<br>1221 SW 4th Avenue<br>Ste 430<br>Portland , OR 97204 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Roseburg, OR | Roseburg OR<br>Chief Legal Counsel or City Manager<br>900 SE Douglas Avenue<br>Roseburg, OR 97470 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Beaverton, OR | Beaverton City Attorney<br>12725 SW Millikan Way<br>Beaverton , OR  97076 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Salem, OR | Salem City Attorney<br>555 Liberty Street SE<br>Room 205<br>Salem , OR  97301 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Abington, PA | Abington Township City Attorney<br>Attn: Manager Michael LeFever<br>1176 Old York Road<br>Abington , PA 19001 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Exton, PA | Exton PA<br>Chief Legal Counsel or City Manager<br>West Whiteland Township<br>101 Commerce Dr<br>Exton, PA 19341 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Lancaster, PA | Lancaster PA<br>Chief Legal Counsel or City Manager<br>120 North Duke Street<br>Lancaster, PA 17602 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Langhorne, PA | Langhorne PA<br>Chief Legal Counsel or City Manager<br>Langhorne Borough Hall<br>114 E Maple Avenue<br>Langhorne, PA 19047 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| Local Jurisdiction Chief Legal Counsel or Local Manager | Whitehall, PA | Whitehall PA<br>Chief Legal Counsel or City Manager<br>3219 MacArthur Rd<br>Whitehall, PA 18052 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Easton, PA | Easton City Attorney<br>Attn: Michael Murphy<br>123 South Third Street<br>Easton , PA  18042 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | North Wales, PA | Borough of North Wales<br>Attn: Christine Hart<br>300 School Street<br>North Wales , PA  19454 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Warrington, PA | Warrington City Attorney<br>Clemons Richter & Reiss P.C.Attn: Terry W. Clemons<br>107 East Oakland Avenue<br>Doylestown, PA  18901 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Carolina, Puerto Rico | Carolina Puerto Rico<br>Chief Legal Counsel or City Manager<br>City Hall, Ignacio Arzuaga Ave.<br>Corner of Fernández Juncos St<br>Carolina, PR 00986-0008 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Ponce, Puerto Rico | Ponce Puerto Rico<br>Chief Legal Counsel or City Manager<br>PO Box 1709<br>Ponce, PR 00733-1709 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | San Juan, Puerto Rico | San Juan Puerto Rico<br>Chief Legal Counsel or City Manager<br>PO Box 9024100<br>San Juan, PR 00902-4100 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Middletown, RI | Middletown City Attorney<br>Sayer Regan & Thayer LLP<br>130 Bellevue Avenue<br>Newport , RI 02840 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Narragansett, RI | Narragansett City Attorney<br>Martineau Davis & Associates Attn: Dawson Hodgson<br>2639 South County Trail<br>East Greenwich, RI 02818 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| Local Jurisdiction Chief Legal Counsel or Local Manager | Warwick, RI | Warwick City Attorney<br>Ruggiero Brochu Attorneys & Counsellors at Law<br>20 Centerville Road<br>Warwick, RI 02886 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Collierville, TN | Collierville TN<br>Chief Legal Counsel or City Manager<br>500 Poplar View Pkwy<br>Collierville, TN 38017 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Memphis, TN | Memphis City Attorney<br>125 N. Main St<br>Room 336<br>Memphis , TN 38103 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Southaven, MS | Southaven City Attorney<br>Southaven City Attorney<br>Nicholas H Manley of Butler Snow<br>6075 Poplar Avenue<br>Suite 500<br>Memphis, TN 38119 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Austin, TX | Austin City Attorney<br>Austin City Hall<br>301 W. Second St<br>Fourth Floor<br>Austin , TX 78701 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Beaumont, TX | Beaumont City Attorney<br>City Hall<br>801 Main St<br>Beaumont , TX 77701 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Dallas, TX | Dallas City Attorney<br>Dallas City Hall<br>1500 Marilla Street<br>Room 7DN<br>Dallas , TX 75201-6622 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Denton, TX | Denton City Attorney<br>City Attorney's Office<br>City Hall<br>215 E. McKinney<br>Denton , TX 76201 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| Local Jurisdiction Chief Legal Counsel or Local Manager | El Paso, TX | El Paso City Attorney<br>El Paso City Hall<br>300 N. Campbell<br>El Paso , TX 79901 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Farmers Branch, TX | Farmers Branch City Attorney<br>Nichols, Jackson, Dillard, Hager & Smith LLP<br>Attn: Peter G. Smith<br>500 N. Akard St #1800<br>Dallas , TX 75201 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Fort Worth, TX | Fort Worth City Attorney<br>1000 Throckmorton St<br>Fort Worth , TX 76102 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Friendswood, TX | Friendswood City Attorney<br>Attn: Arnold Polanco<br>910 South Friendswood Drive<br>Friendswood, TX 77546 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Frisco, TX | Frisco City Attorney<br>Abernathy, Roeder, Boyd & Hullett P.C.<br>Attn: Richard Abernathy<br>1700 Redbud Blvd<br>Suite 300<br>McKinney , TX 75069 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Houston, TX | Houston City Attorney<br>City of Houston Legal Department<br>900 Bagby<br>4th Floor<br>Houston, TX 77002 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Humble, TX | Humble City Attorney<br>Olson & Olson<br>Scott Bounds<br>2727 Allen Parkway<br>Suite 600<br>Houston, TX 77019-2133 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | League City, TX | League City City Attorney<br>City of League City<br>300 W. Walker<br>League City , TX 77573 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| Local Jurisdiction Chief Legal Counsel or Local Manager | Lewisville, TX | Lewisville City Attorney<br>1197 W. Main Street<br>2nd Floor<br>Lewisville, TX 75067 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Mansfield, TX | Mansfield City Attorney<br>Taylor, Olson, Adkins, Sralla, Elam<br>E. Allen Taylor Jr.<br>6000 Western Place<br>Suite 200<br>Fort Worth , TX 76107 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | McAllen, TX | McAllen City Attorney<br>1300 Houston Ave<br>McAllen , TX 78501 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Pasadena, TX | Pasadena TX<br>Chief Legal Counsel or City Manager<br>1211 Southmore<br>Pasadena, TX 77502 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Pearland, TX | Pearland City Attorney<br>3519 Liberty Dr<br>Pearland, TX 77581 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Plano, TX | Plano City Attorney<br>City Attorney's Office<br>Main Office<br>1520 Avenue K Ste 340<br>Plano , TX 75074 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Richardson, TX | Richardson TX<br>Chief Legal Counsel or City Manager<br>411 W. Arapaho Rd<br>Richardson, TX 75080-4551 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Richmond, TX | Richmond City Attorney<br>Attn: Gary Smith<br>402 Morton Street<br>Richmond, TX 77469 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Rockwall, TX | Rockwall City Attorney<br>Davidson, Troilo, Ream, & Garza<br>Attn: Frank Garza<br>c/o Rockwall City Hall<br>385 S. Goliad Street<br>Rockwall , TX 75087 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| Local Jurisdiction Chief Legal Counsel or Local Manager | San Antonio, TX | San Antonio City Attorney<br>Office of the City Attorney<br>100 Military Plaza<br>City Hall Third Floor<br>San Antonio, TX 78205 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Shenandoah, TX | Shenandoah City Attorney<br>Attn: Bill Ferbee<br>29955 I-45 North<br>Shenandoah, TX 77381 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Stafford, TX | Stafford City Attorney<br>Olson & Olson Attorneys at Law<br>Attn: Authur Pertile III<br>2727 Allen Parkway<br>Suite 600<br>Houston, TX 77019 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Cedar City, UT | Cedar City City Attorney<br>10 N. Main St<br>Cedar City , UT 84720 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Farmington, UT | Farmington City Attorney<br>Attn: Dave Millheim City Manager<br>160 South Main Street<br>Farmington , UT 84025 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Ogden, UT | Ogden City Attorney<br>2549 Washington Blvd<br>Ogden , UT 84401 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Orem, UT | Orem City Attorney<br>56 North State Street<br>Orem , UT 84057 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Riverdale, UT | Riverdale City Attorney<br>Attn: Steve Brooks City Attorney<br>4600 South Weber River Drive<br>Riverdale, UT 84405 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Salt Lake City, UT | Salt Lake City City Attorney<br>City and County Building<br>P.O. box 145478<br>451 South State Street Suite 505A<br>Salt Lake City , UT 84114-5478 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| Local Jurisdiction Chief Legal Counsel or Local Manager | Sandy, UT | Sandy City Attorney<br>Sandy City Attorney's Office<br>Suite 301<br>10000 Centennial Parkway<br>Sandy , UT 84070 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | South Jordan, UT | South Jordan City Attorney<br>1600 West Towne Center Drive<br>South Jordan , UT 84095-8697 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Taylorsville, UT | Taylorsville City Attorney<br>Tracy Cowdell<br>2600 West Taylorsville Blvd<br>Taylorsville, UT 84129 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | West Jordan, UT | West Jordan City Attorney<br>City Hall Second Floor<br>8000 S. Redwood Rd.<br>West Jordan, UT 84088 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Park City, UT | Park City City Attorney<br>445 Marsac Avenue<br>P.O.Box 1480<br>Park City , UT  84060 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Alexandria, VA | Alexandria City Attorney<br>James L. Banks<br>301 King St., Room 1300<br>Alexandria, VA 22314 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Culpeper, VA | Culpeper Town Attorney<br>Paul Walther<br>400 South Main Street, Suite 101<br> Culpeper, VA 22701 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Fairfax, VA | Fairfax VA<br>Chief Legal Counsel or City Manager<br>City Hall<br>10455 Armstrong St<br>Fairfax, VA 22030 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Fredericksburg, VA | Fredericksburg City Attorney<br>Kathleen Dooley<br>601 Caroline Street, Suite 200B<br>Fredericksburg, VA 22401 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| Local Jurisdiction Chief Legal Counsel or Local Manager | Gainesville, VA | Gainesville VA<br>Chief Legal Counsel or City Manager<br>9311 Lee Avenue, Suite 200<br>Manassas, VA 02110 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Hampton, VA | Hampton City Attorney<br>Vanessa T. Valldejuli<br>22 Lincoln St.<br>Eighth Floor, City Hall<br>Hampton, VA 23669 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Norfolk, VA | Norfolk City Attorney<br>Bernard A Pishko<br>810 Union Street<br>Suite 900<br>Norfolk, VA 23510 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Sterling, VA | Sterling County Attorney<br>Leo Rogers<br>1 Harrison Street, S.E.<br>Leesburg, VA 20175 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Vienna, VA | Vienna Town Attorney<br>Steve Briglia<br>127 Center St. S.<br>Vienna, VA 22180 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Virginia Beach, VA | Virginia Beach City Attorney<br>Mark D. Stiles<br>2401 Courthouse Dr.<br>Virginia Beach, VA 23456 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Auburn, WA | Auburn WA<br>Chief Legal Counsel or City Manager<br>25 West Main St.<br>Auburn, WA 98001 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Bellevue, WA | Bellevue City Attorney<br>Lori Riordan<br>450 110th Ave. NE<br>Bellevue, WA 98009 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Everett, WA | Everett City Attorney<br>James D. Iles<br>2930 Wetmore Avenue<br>Suite 10-C<br>Everett, WA 98201 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| Local Jurisdiction Chief Legal Counsel or Local Manager | Issaquah, WA | Issaquah WA<br>Chief Legal Counsel or City Manager<br>c/o City Clerk<br>130 E. Sunset Way<br>Issaquah, WA 98027 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Kennewick, WA | Kennewick City Attorney<br>Lisa Beaton<br>210 W. 6th Ave.<br>Kennewick, WA 99336 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Kent, WA | Kent City Attorney<br>Tom Brubaker<br>210 W. 6th Ave.<br>Kent, WA 98032 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Lacey, WA | Lacey City Attorney<br>David Schneider<br>Lacey City Hall<br>420 College Street SE<br>Lacey, WA 98503 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Lake Stevens, WA | Lake Stevens WA<br>Chief Legal Counsel or City Manager<br>City Hall<br>1812 Main St.<br>Lake Stevens, WA 98258 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Lynnwood, WA | Lynnwood WA<br>Chief Legal Counsel or City Manager<br>19100 44th Ave W<br>Lynnwood, WA 98046 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Olympia, WA | Olympia City Attorney<br>Mark. E. Barber<br>Olympia City Hall<br>601 - 4th Avenue, E,<br>Olympia, WA  98501 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Puyallup, WA | Puyallup City Attorney<br>Steve Kirkelie<br>City of Puyallup<br>333 S. Meridian<br>Puyallup, WA 98371 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| Local Jurisdiction Chief Legal Counsel or Local Manager | Seattle, WA | Seattle City Attorney<br>Pete Holmes<br>701 Fifth Avenue, Suite 2050<br>Seattle, WA 98104-7097 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Spokane, WA | Spokane City Attorney<br>Office of the City Attorney<br>808 W. Spokane Falls Blvd.<br>Spokane, WA 99201-3326 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Tacoma, WA | Tacoma City Attorney<br>Elizabeth Pauli<br>747 Market Street<br>Tacoma, WA 98402 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Tukwila, WA | Tukwila City Attorney<br>Rachel Turpin<br>6200 Southcenter Boulevard<br>Tukwila, WA 98188 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Vancouver, WA | Vancouver City Attorney<br>E. Bronson Potter<br>City Hall<br>415 W. 6th St.<br>Vancouver, WA 98660 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Brookfield, WI | Brookfield City Attorney<br>Karen Flaherty<br>2000 N. Calhoun Rd.<br>Brookfield, WI 53005 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Delafield, WI | Delafield City Attorney<br>James W. Hammes<br>of Cramer, Multhauf & Hammes, LLP<br>1601 E. Racine Ave., Suite 200<br>Waukesha, WI 53187 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Glendale, WI | Glendale City Attorney<br>John Fuchs<br>5909 North Milwaukee River Parkway<br>Glendale, WI 53209 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Greenfield, WI | Greenfield City Attorney<br>Roger C. Pyzyk<br>10701 W National Avenue<br>West Allis, WI 53227 |

| Type of Governmental Unit | Associated Store Location or State | Governmental Unit name and Address |
|---|---|---|
| Local Jurisdiction Chief Legal Counsel or Local Manager | Gillette, WY | Gillette City Attorney<br>Charlie Anderson<br>2nd Floor, City Hall<br>201 E 5th St.<br>Gillette, WY 82716 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Jackson, WY | Jackson Town Attorney<br>Audrey Cohen-Davis<br>Town of Jackson<br>150 East Pearl Avenue<br>Jackson, WY 83001 |
| Local Jurisdiction Chief Legal Counsel or Local Manager | Rock Springs, WY | Rock Springs City Attorney<br>Vince Crow<br>212 D St<br>Rock Springs, WY 82901 |

01:18374644.1