IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Bostwick Laboratories, Inc., *et al.*,[1]<br><br>Post-Effective Date Debtors. | Chapter 11<br><br>Case No. 17-10570 (BLS)<br><br>(Jointly Administered)<br><br>**Objection Deadline: September 25, 2018 at 4:00 p.m.**<br>**Hearing Date: October 25, 2018 at 11:00 a.m.** |

**CREDITORS RECEIVING THIS OMNIBUS OBJECTION TO CLAIMS SHOULD LOCATE THEIR NAMES AND THEIR CLAIM(S) IN THE ATTACHED EXHIBITS.**

**YOUR RIGHTS MAY BE AFFECTED BY THIS OBJECTION AND BY ANY FURTHER OBJECTION THAT MAY BE FILED AGAINST YOUR CLAIM(S).**

**PLAN ADMINISTRATOR'S THIRD OMNIBUS
(NON-SUBSTANTIVE) OBJECTION TO CERTAIN (A) AMENDED
AND SUPERSEDED CLAIMS AND (B) NO LIABILITY CLAIMS**

James P. Carroll, solely in his capacity as the plan administrator (the "Plan Administrator") for the above-captioned post-effective date debtors (the "Debtors"), hereby files this objection (the "Objection"), pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), seeking entry of the order (the "Proposed Order"), substantially in the form attached hereto as Exhibit A, disallowing and expunging the Amended and Superseded Claims (as defined below) and No Liability Claims (as defined below). In support of this Objection, the Plan Administrator submits Exhibits 1 and 2 attached to

---

[1] The Post-Effective Date Debtors are the following entities (last four digits of EIN in parentheses): (i) Bostwick Laboratories, Inc., a Delaware corporation (3169); and (ii) Bostwick Laboratories Holdings, Inc., a Delaware corporation (1042). The current mailing address for the Post-Effective Date Debtors is James P. Carroll as the Plan Administrator, c/o Carroll Services LLC, 4450 Bonita Beach Road, Suite 9, Bonita Springs, FL 34134.

the Proposed Order (collectively, the "Claims," and individually, a "Claim") and the *Declaration of James P. Carroll* (the "Carroll Declaration"), a copy of which is attached hereto as Exhibit B. In further support of this Objection, the Plan Administrator respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Objection pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Bankruptcy Code Section 502, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1.

## PROCEDURAL BACKGROUND

3. On March 15, 2017 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the *Declaration of Tammy Hunt in Support of Chapter 11 Petitions and First Day Pleadings*,[2] fully incorporated herein by reference.

4. On March 23, 2017, the United States Trustee for the District of Delaware appointed an Official Committee of Unsecured Creditors.[3] No trustee or examiner was requested or appointed in the Chapter 11 Cases.

5. On July 11, 2017, the Debtors initiated a process to confirm a chapter 11 plan (as amended, the "Plan").[4] The Court entered an order on (i) August 1, 2017 approving the Debtors'

---

[2] Dkt. No. 3.
[3] Dkt. No. 84.
[4] Dkt. Nos. 383, 384, 449 and 547-1.

combined chapter 11 plan and disclosure statement for solicitation purposes,[5] and (ii) September 15, 2017 confirming the Plan.[6] The effective date of the Plan occurred on October 2, 2017.[7]

6. The Plan Administrator was appointed under Article X of the Plan to, among other things, reconcile and object to proofs of claim as necessary, complete the liquidation and distribution of the Debtors' assets to creditors, and otherwise wind up the affairs of each of the Debtors.[8]

7. On April 5, 2018, the Court granted that certain *Motion of Plan Administrator for Entry of an Order Extending the Claims Objections Deadline* and set a new claims objection deadline under the Plan through and including September 25, 2018.[9]

8. On May 10, 2018, the Court granted the *Plan Administrator's First Omnibus (Non-Substantive) Objection to Certain (A) Duplicate and (B) Amended and Superseded Claims*.[10]

9. On May 29, 2018, the Court granted the *Plan Administrator's Second Omnibus (Substantive) Objection to Certain (A) Misclassified Claim, (B) No Liability Claims, (C) Superseded Claims and (D) Reduce and Allow Claims*.[11]

## RELIEF REQUESTED

10. By this Objection, the Plan Administrator objects to the Claims set forth on Exhibits 1 and 2 attached to the Proposed Order and, for the reasons described below, seeks entry of the Proposed Order, pursuant to Bankruptcy Code section 502, Rules 3007 and 9014 of the

---

[5] Dkt. No. 446.
[6] Dkt. No. 547.
[7] Dkt. No. 560.
[8] Plan, at Art. X.
[9] Dkt. No. 646.
[10] Dkt. No. 654.
[11] Dkt. No. 661.

Bankruptcy Rules, and Local Rule 3007-1, disallowing and expunging the respective Claims as set forth below.

A.  **Amended and Superseded Claims**

11.  The Plan Administrator has identified certain Claims that amend and supersede other Claims filed against the Debtors (collectively, the "Amended and Superseded Claims"). A list of the Amended and Superseded Claims is set forth on Exhibit 1 attached to the Proposed Order under the heading labeled "Scheduled or Filed Claim to be Disallowed." The Plan Administrator has identified the related Claims that will remain if the Court grants this Objection (the "Remaining Claim") under the heading labeled "Remaining Claim Number."

12.  The claimants holding Amended and Superseded Claims will not be prejudiced by having their respective Amended and Superseded Claims disallowed and expunged because their Remaining Claims will remain on the claims register after the corresponding Amended and Superseded Claims are expunged.

13.  Accordingly, the Plan Administrator objects to the Amended and Superseded Claims and seeks entry of the Proposed Order disallowing and expunging such claims, subject to the Debtors' further objections on any other grounds to such claims.

B.  **No Liability Claims**

14.  Section 502(b)(1) of the Bankruptcy Code provides that a claim asserted in a proof of claim shall be allowed, except to the extent "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law . . . ." 11 U.S.C. § 502(b)(1).

15.  The Plan Administrator has identified certain Claims listed on Exhibit 2 attached to the Proposed Order that are unreconcilable with the Debtors' books and records (collectively,

-4-

the "No Liability Claims"). More specifically, and as explained further in the column labeled "Reason for Disallowance" on Exhibit 2, the Plan Administrator believes that the No Liability Claims are invalid because: (i) the books and records do not reflect a liability or there is a scheduled liability of zero due and owing by any Debtor with respect to such claims, and/or (ii) such claims are not enforceable against the Debtors or their property under any agreement or applicable law.

16.    Accordingly, the Plan Administrator objects to the No Liability Claims and seeks entry of the Proposed Order disallowing and expunging such claims, subject to the Debtors' further objections on any other grounds to such claims.

### SEPARATE CONTESTED MATTERS

17.    To the extent that a Response (as defined below) is filed regarding any of the Claims that are the subject of this Objection and the Plan Administrator is unable to resolve such Response, each such Claim, and the Objection to each such Claim as asserted herein, shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding any Claim that is subject to this Objection shall be deemed a separate order with respect to such claim.

### RESPONSES TO OMNIBUS OBJECTION

18.    To contest an objection, a claimant must file and serve a written response to this Objection (a "Response") so that it is received by the Court and counsel for the Plan Administrator **no later than September 25, 2018 at 4:00 p.m.** (the "Response Deadline"). Every Response must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware at 824 Market Street, 3rd Floor, Wilmington, Delaware 19801, and

served upon the following, so that the Response is received no later than the Response Deadline at the following addresses:

| | |
|---|---|
| Colin R. Robinson<br>Pachulski Stang Ziehl & Jones LLP<br>919 North Market Street, 17th Floor<br>1313 N. Market Street<br>Wilmington, Delaware 19899-8705<br>Telephone: (302) 778-6426<br>Facsimile: (302) 652-4400<br>Email: crobinson@pszjlaw.com | Malani J. Cademartori (admitted *pro hac vice*)<br>Sheppard, Mullin, Richter & Hampton LLP<br>30 Rockefeller Plaza<br>New York, New York 10112<br>Telephone: (212) 653-8700<br>Facsimile: (212) 653-8701<br>Email: mcademartori@sheppardmullin.com |

19. Every Response to this Objection must contain at a minimum the following information:

   a. A caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of the Objection to which the Response is directed;

   b. The name of the claimant, his/her/its claim number;

   c. The specific factual basis and supporting legal argument upon which the claimant will rely in opposing this Objection;

   d. Any supporting documentation, to the extent it is not included in the proof of claim previously filed with the claims agent, upon which the claimant will rely in order to support the basis for and amounts asserted in the proof of claim; and

   e. The name, address, telephone number, and fax number of the person(s) (which must be the claimant or the claimant's legal representative) with whom counsel for the Plan Administrator should communicate with respect to the Claim or the Objection and who possess authority to reconcile, settle, or otherwise resolve the objection to the disputed Claim on behalf of the claimant.

## REPLIES TO RESPONSES

20. Consistent with Local Rule 9006-1(d), the Plan Administrator may, at his option, file and serve a reply to a claimant's response, if any, no later than 4:00 p.m. (prevailing eastern time) one day prior to the deadline for filing the agenda to consider this Objection.

## RESERVATION OF RIGHTS

21.     The Plan Administrator hereby reserves the right to assert additional objections in the future to any of the proofs of claim and/or Claims identified in this Objection or on Exhibits 1 and 2 attached to the Proposed Order on any ground, and to amend, modify, and/or supplement this Objection, including, without limitation, to object to amended or newly-filed claims. A separate hearing will be scheduled on any subsequently filed objection.

## COMPLIANCE WITH LOCAL RULE 3007-1

22.     To the best of the knowledge and belief of the undersigned counsel for the Plan Administrator, this Objection and the related Exhibits A and B comply with Local Rule 3007-1. To the extent that this Objection does not comply in all respects with the requirements of Local Rule 3007-1, the undersigned believes such deviations are not material and respectfully requests that any such requirement be waived.

*[Remainder of Page Left Intentionally Blank]*

WHEREFORE, the Plan Administrator respectfully requests that the Court (a) enter an order granting the relief requested herein, substantially in the form of the Proposed Order attached hereto as <u>Exhibit A</u>; and (b) grant such other and further relief to the Debtors as the Court may deem just and proper.

Dated: September 11, 2018
Wilmington, Delaware

**PACHULSKI STANG ZIEHL & JONES LLP**

/s/ *Colin R. Robinson*
Colin R. Robinson (DE Bar No. 5524)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:   (302) 778-6426
Facsimile:   (302) 652-4400
Email: crobinson@pszjlaw.com

- and -

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
Malani J. Cademartori (admitted *pro hac vice*)
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 653-8700
Facsimile: (212) 653-8701
Email: mcademartori@sheppardmullin.com

*Attorneys for the Plan Administrator*