## Exhibit A

## Proposed Form of Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Bostwick Laboratories, Inc., *et al.*,[1]<br><br>Post-Effective Date Debtors. | Chapter 11<br><br>Case No. 17-10570 (BLS)<br><br>(Jointly Administered)<br><br>Re: Docket No. _____ |

### ORDER GRANTING PLAN ADMINISTRATOR'S THIRD OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CERTAIN (A) AMENDED AND SUPERSEDED CLAIMS AND (B) NO LIABILITY CLAIMS

Upon consideration of the *Plan Administrator's Third Omnibus (Non-Substantive) Objection to Certain (A) Amended and Superseded Claims and (B) No Liability Claims* (the "Objection")[2]; and this Court having jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and this Court having found that venue of these Chapter 11 Cases and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having determined that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Objection is in the best interests of the Debtors and their estates, their creditors and other parties in interest; and this Court having determined that notice of the Objection was good and sufficient upon the particular circumstances and that no other or further notice need be given; and upon the record herein; and after due deliberation thereon and good and sufficient cause appearing therefor; it is hereby:

ORDERED, ADJUDGED, AND DECREED THAT:

---

[1] The Post-Effective Date Debtors are the following entities (last four digits of EIN in parentheses): (i) Bostwick Laboratories, Inc., a Delaware corporation (3169); and (ii) Bostwick Laboratories Holdings, Inc., a Delaware corporation (1042). The current mailing address for the Post-Effective Date Debtors is James P. Carroll as the Plan Administrator, c/o Carroll Services LLC, 4450 Bonita Beach Road, Suite 9, Bonita Springs, FL 34134.

[2] All capitalized terms not defined herein shall have the meanings ascribed to them in the Objection.

1. The Objection is GRANTED.

2. Each of the (i) Amended and Superseded Claims identified on <u>Exhibit 1</u> attached hereto under the heading "Scheduled or Filed Claim to be Disallowed," is disallowed and expunged in full, and the claim number of the Claim to remain on the Claims Register is set forth on Exhibit 1 under the heading labeled "Remaining Claim Number," and (ii) No Liability Claims identified on <u>Exhibit 2</u> attached hereto under the heading "Claim/Schedule Number," is disallowed and expunged in full.

3. Pursuant to Local Rule 3007-1(e), nothing in this Order shall be construed to prejudice the rights of the Debtors, or any other party in interest to object to any Remaining Claim on any other ground, including objection to classification or amount asserted.

4. The objection to each Claim addressed in the Objection constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate order with respect to each claim. Any stay of this Order pending appeal by any of the claimants subject to this Order shall only apply to the contested matter that involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters covered hereby.

5. The Court shall retain jurisdiction over all affected parties to determine any matters, claims, or rights arising from or related to the implementation and interpretation of this Order.

Dated: _____, 2018
Wilmington, Delaware

_____
HONORABLE BRENDAN LINEHAN SHANNON
UNITED STATES BANKRUPTCY JUDGE

## Exhibit 1

## Amended and Superseded Claims

| Name of Claimant | Debtor | Remaining Claim Number | Remaining Claim Amount | Scheduled or Filed Claim to be Disallowed | Disallowed Claim Amount | Reason for Disallowance |
|---|---|---|---|---|---|---|
| IntrinsiQ Specialty Solutions, Inc. | Bostwick Laboratories, Inc. | 152 | $7,729.70 | 70 | $7,047.70 | The Claim has been amended and superseded by Claim #152. |
| IntrinsiQ Specialty Solutions, Inc. | Bostwick Laboratories, Inc. | 152 | $7,729.70 | 81 | $682.00 | The Claim has been amended and superseded by Claim #152. |
| IntrinsiQ Specialty Solutions, Inc. | Bostwick Laboratories, Inc. | 152 | $7,729.70 | 82 | $7,729.70 | The Claim has been amended and superseded by Claim #152. |
| Lab Corp Esoterix Genetic Laboratories LLC | Bostwick Laboratories, Inc. | 28 (Laboratory Corporation of America) | $14,133.34 | 3.107 | $13,775.45 | The Debtors scheduled "Lab Corp Esoterix Genetic Laboratories LLC" in the amount of $13,775.45. On May 3, 2017, "Laboratory Corporation of America" filed a proof of claim seeking payment of $14,133.34. The supporting invoice data for the filed proof of claim is included in the scheduled amount. By operation of Rule 3003(c)(4) of the Federal Rules of Bankruptcy Procedure, the scheduled amount is superseded by the proof of claim |

| | | | | amount. |
|---|---|---|---|---|
| StatLab Medical Products Inc. | Bostwick Laboratories, Inc. | 13 (SLMP, LLC) | $39,147.26 | 3.202 | $38,799.87 | The Debtors scheduled "StatLab Medical Products Inc." in the amount of $38,799.87. On May 7, 2017, "SLMP, LLC" filed a proof of claim seeking payment of $39,147.26. The supporting invoice data for the filed proof of claim amount is included in the scheduled amount. By operation of Rule 3003(c)(4) of the Federal Rules of Bankruptcy Procedure, the scheduled amount is superseded by the proof of claim amount. |
| Well Cornell Medicine | Bostwick Laboratories, Inc. | 34 (NYH-CUMC Pathologists) | $24,375.00 | 3.239 | $24,375.00 | The Debtors scheduled "Well Cornell Medicine" in the amount of $24,375.00. On May 11, 2017, "NYH-CUMC Pathologists" filed a proof of claim seeking payment of $24,375.00. The supporting invoice data for the filed proof of claim amount is included in the scheduled amount. By operation of Rule 3003(c)(4) of the Federal Rules of Bankruptcy Procedure, the scheduled amount is superseded by the proof of claim amount. |

**Exhibit 2**

**No Liability Claims**

| Name of Claimant | Claim/Schedule Number | Claim Amount/Type of Claim | Reason for Disallowance |
|---|---|---|---|
| Patrick Bousseaux | 120 | $1,200.00 (General Unsecured Claim) | Upon information and belief and pursuant to Debtors' books and records, claim number 120 is not enforceable against the Debtors or their property under any agreement or applicable law. Further, there is no supporting documentation attached to claim number 120. |
| Jason Brewer | 88 | $1,376.28 (General Unsecured Claim) | Upon information and belief and pursuant to Debtors' books and records, claim number 88 is not enforceable against the Debtors or their property under any agreement or applicable law. Further, there is no supporting documentation attached to claim number 88. |
| James Richard Hill, Jr. | 118 | $2,147.00 (General Unsecured Claim) | Upon information and belief and pursuant to Debtors' books and records, claim number 118 is not enforceable against the Debtors or their property under any agreement or applicable law. Further, there is no supporting documentation attached to claim number 118. |
| Hinshaw & Culbertson, LLP | 126 | $50,000.00 (General Unsecured Claim) | Upon information and belief and pursuant to Debtors' books and records, claim number 126 is not enforceable against the Debtors or their property under any agreement or applicable law. |

| | | | |
|---|---|---|---|
| Aldo Suraci | 47 | Unliquidated (General Unsecured Claim) | Upon information and belief and pursuant to Debtors' books and records, claim number 47 is not enforceable against the Debtors or their property under any agreement or applicable law. Further, there is no supporting documentation attached to claim number 47. |