**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SPORTS AUTHORITY HOLDINGS, INC., *et al.*[1], | Case No. 16-10527 (MFW) (Jointly Administered) |
| Debtors. | Re: D.I. Nos. 20, 57, 621, 642, 668, and 748 |

### JOINDER OF EXTON/WHITELAND DEVCO TO CERTAIN LANDLORDS' OBJECTIONS TO THE DEBTORS' MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING DEBTORS TO OBTAIN POST-PETITION SECURED FINANCING

Exton/Whiteland Devco (the "Landlord'), a landlord to the Debtors, by and through its undersigned counsel, hereby joins in the objections of certain landlords to Debtors' Motion for Entry of an Order Debtors' Motion for Interim and Final Orders Authorizing Debtors to Obtain Post-Petition Secured Financing (the "DIP Motion") [D.l. 20], and in support thereof state as follows:

1. The Landlord and The Sports Authority, Inc., a debtor herein, are parties to that certain Lease (the "Lease") for retail property located at 107 E. Swedesford Road, Exton, PA 19401, known as Store #442.

2. Through the DIP Motion, the Debtors seek to obtain post-petition financing in order to operate outside of the ordinary course of business by selling their assets.

3. Upon information and belief, the Budget attached to the DIP Motion does not provide for the payment of stub rent owed to the Landlord for use of its property from March 2, 2016, through March 31, 2016, and does not clearly provide for the payment of any post-petition rent.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Sports Authority Holdings, Inc. (9008); Slap Shot Holdings, Corp. (8209); The Sports Authority, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664). The headquarters for the above-captioned Debtors is located at 1050 West Hampden Avenue, Englewood, Colorado 80110.

4. Despite failing to provide for the payment of stub rent in the Budget or the DIP Motion, the Debtors seek to waive their protections set forth in sections 506(c) and 552(b) of the Bankruptcy Code.

5. Carousel Center Company, L.P. *et al.,* Brixmor Property Group, Inc., *et al.,* Baker-Boca Raton, LLC, *et at.,* and James Campbell Company LLC *et al.* (collectively, "Objecting Landlords") filed limited objections to the DIP Motion outlining the ways in which the DIP Motion forces landlords to pay for the liquidation of the secured creditors' collateral without the ability to surcharge the secured creditors' collateral pursuant to section 506(c) and 552(b) or the payment of stub rent to Landlords [D.I. 621, 647, 668, and 748] (collectively, the "Limited Objections").

6. The Landlord joins in the Limited Objections for the reasons stated therein, including that the proposed DIP financing is materially unfair and contrary to law.

7. The entry of the final DIP order should be conditioned upon the Debtors immediate payment of all stub rent due to the Landlord, and any waiver of the protections of 506(c) and 522(b) should be denied in the absence of payment of all stub rent to the Landlord.

WHEREFORE, the Landlord requests that the Debtor's DIP Motion be denied, unless modified to be consistent with this Joinder and the Limited Objections.

**BIELLI & KLAUDER, LLC**

Date: March 24, 2016

*/s/ David M. Klauder*
David M. Klauder (No. 5769)
1204 N. King Street
Wilmington, DE 19801
Phone: 302-803-4600
Fax: 302-397-2557
dklauder@bk-legal.com

*Counsel to the Exton/Whiteland Devco*