# Exhibit B

**Second Amendment to DIP Credit Agreement**

01:18490746.1

## SECOND AMENDMENT TO SENIOR SECURED SUPER-PRIORITY DEBTOR-IN-POSSESSION CREDIT AGREEMENT

This Second Amendment to Senior Secured Super-Priority Debtor-in-Possession Credit Agreement (the "Second Amendment") is made as of the [____] day of March, 2016 by and among:

THE SPORTS AUTHORITY, INC., as Borrower Representative for THE SPORTS AUTHORITY, INC., a Delaware corporation, and TSA STORES INC., a Delaware corporation (individually, a "Borrower" and collectively, the "Borrowers"),

THE BORROWERS AND GUARANTORS party hereto;

the LENDERS party hereto;

BANK OF AMERICA, N.A., a national banking association having a place of business at 100 Federal Street, Boston, Massachusetts 02110, as Administrative Agent and Collateral Agent for itself and the other Secured Parties; and

WELLS FARGO BANK, NATIONAL ASSOCIATION, a national bank association having a place of business at One Boston Place, 18th Floor, Boston, Massachusetts 02108, as FILO Agent;

in consideration of the mutual covenants herein contained and benefits to be derived herefrom.

## WITNESSETH

WHEREAS, the Borrower Representative, the Borrowers, the Guarantors, the Administrative Agent, the Collateral Agent, and the Lenders have entered into a Senior Secured Super-Priority Debtor-in-Possession Credit Agreement dated as of March 3, 2016, as amended pursuant to that certain First Amendment to Senior Secured Super-Priority Debtor-in-Possession Credit Agreement dated as of March 22, 2016 (as amended and in effect, the "Credit Agreement"); and

WHEREAS, the parties hereto have agreed to amend certain provisions of the Credit Agreement, on the terms and conditions set forth herein.

NOW THEREFORE, it is hereby agreed as follows:

1. Definitions: All capitalized terms used herein and not otherwise defined shall have the same meaning herein as in the Credit Agreement (as amended pursuant to Section 2 below).

2. Amendments to Credit Agreement.

    a. Section 6.24 of the Credit Agreement is hereby amended by deleting clause (g) thereof in its entirety, and by substituting the following in its stead:

       "(g)    On or before April 5, 2016, the Bankruptcy Court shall have entered the Final Order acceptable to the Administrative Agent and the FILO Agent."

    b.    Section 8.01(s) of the Credit Agreement is hereby amended by deleting clause (iii) thereof in its entirety, and by substituting the following in its stead:

       "(iii)    obtain entry of the Final Order on or before April 5, 2016."

3.    Conditions to Effectiveness.  This Second Amendment shall not be effective until each of the following conditions precedent have been fulfilled to the satisfaction of (or waived by) the Administrative Agent and the FILO Agent:

    a.    This Second Amendment shall have been duly executed and delivered by the Borrower Representative and the other Borrowers, the Guarantors, the Administrative Agent, the FILO Agent and the Lenders party hereto.  The Administrative Agent shall have received a fully executed copy hereof.

    b.    All Bankruptcy Court, corporate and other consents and approvals required for this Second Amendment, if any, shall have been obtained.

    c.    No Default or Event of Default shall have occurred and be continuing or shall arise immediately after giving effect to this Second Amendment.

4.    Miscellaneous.

    a.    Except as provided herein, all terms and conditions of the Credit Agreement and the other Loan Documents remain in full force and effect.  The Loan Parties each hereby ratify, confirm, and reaffirm the accuracy in all material respects of all of the representations, warranties (other than representations and warranties which specifically relate to an earlier date and other than representations and warranties which are qualified by materiality, which are true and correct in all respects) and covenants therein contained.

    b.    The Borrowers shall reimburse the Administrative Agent and the FILO Agent for all reasonable and documented out-of-pocket expenses incurred by the Administrative Agent and the FILO Agent in connection herewith, including, without limitation, reasonable attorneys' fees, as more fully set forth in the Credit Agreement.

    c.    This Second Amendment may be executed in several counterparts and by each party on a separate counterpart, each of which when so executed and delivered, each shall be an original, and all of which together shall constitute one instrument.  Delivery of an executed counterpart of a signature page hereto by telecopy or e-mail of a PDF copy shall be effective as delivery of a manually executed counterpart hereof.

d. This Second Amendment and the Credit Agreement together shall constitute one agreement. This Second Amendment and the Credit Agreement together express the entire understanding of the parties with respect to the matters set forth herein and supersede all prior discussions or negotiations hereon.

e. Any provision of this Second Amendment held to be invalid, illegal or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such invalidity, illegality or unenforceability without affecting the validity, legality and enforceability of the remaining provisions hereof, and the invalidity of a particular provision in a particular jurisdiction shall not invalidate such provision in any other jurisdiction.

f. This Second Amendment shall be construed, governed, and enforced pursuant to the laws of the State of New York and the Bankruptcy Code.

IN WITNESS WHEREOF, the parties hereto have caused this Second Amendment to be executed as of the date first above written.

THE SPORTS AUTHORITY, INC., as Borrower Representative, as Borrower and as Guarantor

By: _____
Name: _____
Title: _____

TSA STORES, INC., as Borrower and as Guarantor

By: _____
Name: _____
Title: _____

THE SPORTS AUTHORITY HOLDINGS, INC., as Guarantor

By: _____
Name: _____
Title: _____

TSA GIFT CARD, INC., as Guarantor

By: _____
Name: _____
Title: _____

                        SLAP SHOT HOLDINGS CORP., as Guarantor

By: _____
Name: _____
Title: _____

Signature Page to Second Amendment

**BANK OF AMERICA, N.A.**, as Administrative Agent and as Collateral Agent

By: _____
    Name:
    Title:

**BANK OF AMERICA, N.A.**, as a Lender

By: _____
    Name:
    Title:

WELLS FARGO BANK, NATIONAL ASSOCIATION, as a Revolving Lender and Syndication Agent

By: _____
Name: _____
Title: _____

WELLS FARGO BANK, NATIONAL ASSOCIATION, as FILO Agent and as a FILO Lender

By: _____
Name: _____
Title: _____

Signature Page to Second Amendment

JPMORGAN CHASE BANK, N.A., as a
Revolving Lender and Co-Documentation Agent

By: _____
Name: _____
Title: _____

Signature Page to Second Amendment

SUNTRUST BANK, as a
Revolving Lender and Co-Documentation Agent


By: _____
Name: _____
Title: _____

Signature Page to Second Amendment

          U.S. BANK NATIONAL ASSOCIATION, as a Revolving Lender and Co-Documentation Agent

By: _____
Name: _____
Title: _____

Signature Page to Second Amendment

PNC BANK, NATIONAL ASSOCIATION, as a Revolving Lender

By: _____
Name: _____
Title: _____

Signature Page to Second Amendment

CITIZENS BUSINESS CAPITAL, a division of Citizens Asset Finance, Inc., as a Revolving Lender

By: _____
Name: _____
Title: _____

Signature Page to Second Amendment

CIT BANK, as a Revolving Lender

By: _____
Name: _____
Title: _____

Signature Page to Second Amendment

CAPITAL ONE LEVERAGE FINANCE CORP.,
as a Revolving Lender


By: _____
Name: _____
Title: _____

Signature Page to Second Amendment

ROYAL BANK OF CANADA, as a Revolving Lender

By: _____
Name: _____
Title: _____

TPG SPECIALTY LENDING, INC., as a FILO Lender

By: _____
Name: _____
Title: _____

TAO TALENTS, LLC, as a FILO Lender

By: _____
Name: _____
Title: _____