BORGES & ASSOCIATES, LLC
575 Underhill Blvd., Ste. 118
Syosset, New York 11791
Telephone: (516) 677-8200
Facsimile: (516) 677-0806
Wanda Borges, Esq. (wb4904)

*Attorneys for Hi-Tec Sports USA, Inc.*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SPORTS AUTHORITY HOLDINGS, INC., *et al.*[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 16-10527-MFW |

**JOINDER BY HI-TEC SPORTS USA, INC. TO OMNIBUS OBJECTION OF ASICS AMERICA CORPORATION TO DEBTORS' MOTIONS FOR ORDERS ON THE (1) CONSIGNMENT MOTION; (2) GOB MOTION; AND (3) DIP MOTION**

HI-TEC SPORTS USA, INC. ("Hi-Tec") hereby joins in and adopts as its own the legal and factual arguments (the "Joinder") made in the Objection of ASICS America Corporation [Doc. No. 644] to the following motions (together, the "Motions") filed by Sports Authority Holdings, Inc. and its affiliated debtors and debtors in possession:

(A) *Debtors' Motion for Interim and Final Orders (A) Authorizing the Debtors to (I) Continue to Sell Consigned Goods in the Ordinary Course of Business Free and Clear of all Liens, Claims and Encumbrances and (II) Grant Administrative Expense Priority to Consignment Vendors for Consigned Goods Delivered Postpetition; and (B) Grant Replacement Liens to Consignment Vendors with Perfected Security Interests in Consigned Goods and/or Remit the Consignment Sale Price arising from Sale of Consigned Goods to Putative Consignment Vendors* [Doc. No. 9];

(B) *Debtors' Emergency Motion for Interim and Final Orders (A) Authorizing the Debtors to Assume the Closing Store Agreement, (B) Authorizing and Approving Store Closing Sales Free and Clear of all Liens, Claims and Encumbrances, (C) Authorizing the Implementation of Customary Employee Bonus Program and Payments to Non-Insiders*

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Sports Authority Holdings, Inc. (9008); Slap Shot Holdings, Corp. (8209); The Sports Authority, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664). The headquarters for the above-captioned Debtors is located at 1050 West Hampden Avenue, Englewood, Colorado 80110.

*Thereunder, (D) Approving Dispute Resolution Procedures, and (E) Approving the Debtors' Store Closing Plan* [Doc. No. 15]; and

(C) *Debtors' Motion for Interim and Final Orders (I) Authorizing Debtors to Obtain Post-Petition Secured Financing Pursuant to 11 U.S.C. §§ 105, 362, 363, and 364; (II) Granting Liens and Superpriority Claims to Post-Petition Lenders Pursuant to 11 U.S.C. §§ 364 and 507; (III) Authorizing the Use of Cash Collateral and Providing Adequate Protection to Prepetition Secured Parties and Modifying the Automatic Stay Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364; and (IV) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(B) and (C) And Local Rule 4001-2* [Doc. No. 20].

## BACKGROUND

1. Hi-Tec and Debtor TSA Stores, Inc. ("TSA") entered into a Domestic Vendor Deal Sheet, Pay By Scan program (the "Vendor Agreement"), originally effective as of 1/30/2011, which has been renewed annually. Although no renewal was signed in 2015, TSA and Hi-Tec continued to do business in accordance with the Vendor Agreement prior to the the date of TSA's chapter 11 filing on March 2, 2016. Pursuant to the Vendor Agreement, Hi-Tec periodically consigned goods to TSA for sale in various Sports Authority stores. Hi-Tec's consigned goods and the proceeds therefrom that were in the Debtors' possession as of the Petition Date are referred to as the "Hi-Tec Property."

2. Pursuant to the Vendor Agreement and at all times during the consignment relationship, the parties agreed that all right, title and interest in and to any consigned Hi-Tec goods remained with Hi-Tec, and was never transferred to TSA. The Vendor Agreement, which was drafted by the Debtors, specifically states as follows:

> "**Vendor shall retain title to all goods subject to this agreement until the date of sale at which time title shall pass from Vendor to the purchaser of such goods**."

Vendor Agreement, page 8, attached as Exhibit A.

3. On or about March 15, 2016, the Debtors commenced an adversary proceeding against Hi-Tec by filing a Complaint seeking, among other things, declaratory judgment that the

Debtors had a senior interest in the Hi-Tec Property [Doc. No. 449], (the "Complaint"). Hi-Tec intends to strongly defend the Complaint and reserves the right to seek any and all claims, causes of action and damages against the Debtors arising out of or relating to the Complaint.

### JOINDER TO OBJECTION

4.      Hi-Tec objects to any request by the Debtors to sell or grant a security interest in or lien on the Hi-Tec Property without Hi-Tec's consent. Each of the Motions seek to irreparably harm and impair Hi-Tec's rights in its property, either by seeking authority to sell Hi-Tec's property, including potentially at substantially discounted prices at Closing Sales, or to grant a security interest in or lien on property outside of the Debtors' estates. The relief requested under the Motions must be denied with respect to the Hi-Tec Property for the following reasons:

5.      The Debtors have not met their heavy burden of proof that the Hi-Tec Property is property of their estates, which may **only** be determined in the context of the Adversary Proceeding. The Complaint was just recently commenced and has a response deadline of April 15, 2016. Any sale of the Hi-Tec Property prior to a determination of the Debtors' interests in such property is in direct violation of controlling Third Circuit precedent. *See SLW Capital, LLC v. Mansaray-Ruffin (In re Mansaray-Ruffin)*, 530 F.3d 230, 237 (3d Cir. 2008).

6.      According to the Debtors' expedited sale procedures under the GOB Motion and Sale Motion [Doc. No. 106], they are seeking authority to liquidate all of their assets on or before April 26, 2016 (i.e., the proposed Sale Hearing date under the Sale Motion). There will be no determination of the Debtors' interest in the Hi-Tec Property prior to the Debtors' expedited sales in these Chapter 11 Cases.

7.      The Consignment Motion seeks authority to immediately sell consigned goods, including the Hi-Tec Property, free and clear of all claims, liens, and encumbrances. Hi-Tec objects to the Consignment Motion because the Debtors have not proven, and are unable to prove, that the Hi-Tec Property is property of the Debtors' estates. Hi-Tec does not consent to any sale of the Hi-Tec Property.

8.      The GOB Motion seeks to immediately liquidate inventory in over 200 of the Debtors' 464 stores and sell such property free and clear of all liens, claims, encumbrances, and interests (the "Encumbrances"). The GOB Motion suggests that the proceeds of the Closing Sales will be paid to the Secured Lenders or Secured Lender Agents with all Encumbrances to attach to the sale proceeds. The Debtors' proposal to transfer Encumbrances to the proceeds is inadequate because the Debtors cannot sell the Hi-Tec Property in which it has no interest without Hi-Tec's consent. Hi-Tec does not consent to any sale of the Hi-Tec Property and the Hi-Tec Property must be immediately removed from any Closing Sales.

9.      The DIP Motion seeks authority to grant first priority security interests in and liens on all assets of the Debtors, including all previously unencumbered assets. To the extent the DIP Motion seeks to impair Hi-Tec's ownership interest in the Hi-Tec Property, such relief requested must be denied. The Debtors have no legal basis to grant an interest in property that is not property of their estates. Any order approving the DIP Motion must expressly carve-out any purported encumbrance on the Hi-Tec Property.

10.     Use or impairment of the Hi-Tec Property without Hi-Tec's consent is an unlawful conversion of such property. This Court should not permit the Debtors to commit conversion and must expressly order that the Hi-Tec Property is not subject to the Consignment Motion, GOB Motion, and DIP Motion. Hi-Tec reserves all rights to bring claims against and

seek damages from the Debtors. Further, to the extent proceeds of the Hi-Tec Property have been transferred to the Secured Lenders or Secured Lender Agents, Hi-Tec reserves the right to bring any and all claims, and seek sanctions, against the Secured Lenders and the Secured Lender Agents, including subordination under Bankruptcy Code section 510.

11. To the extent not inconsistent with the relief sought herein, Hi-Tec joins in any other objections that have been or may be filed to the Motions.

12. Hi-Tec reserves the right to make other and further objections to the Motions, as appropriate, as additional information is provided.

**WHEREFORE**, the Hi-Tec respectfully requests that the Court grant the relief as set forth in the Objection and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated:   March 28, 2016          BORGES & ASSOCIATES, LLC

*Attorneys for Hi-Tec Sports USA, Inc.*

By:  /s/ Wanda Borges
     Wanda Borges, Esq. (wb4904)
     BORGES & ASSOCIATES, LLC
     575 Underhill Blvd., Suite 118
     Syosset, New York 11791
     Tel:  (516) 677-8200 x225
     Fax:  (516) 677-0806
     wborges@borgeslawllc.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 28, 2016 a copy of the foregoing *Joinder by Hi-Tec Sports USA, Inc. to Omnibus Objection of Asics America Corporation to Debtors' Motions for Orders on the (1) Consignment Motion; (2) GOB Motion; and (3) DIP Motion* was served by electronic notification through the CM/ECF System on all parties registered in this case.

By: /s/ Cristina M. Lipan
Cristina Lipan, Esq.
BORGES & ASSOCIATES, LLC
575 Underhill Blvd., Suite 118
Syosset, New York 11791
Tel: (516) 677-8200 x224
Fax: (516) 677-0806
clipan@borgeslawllc.com
