IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>SPORTS AUTHORITY HOLDINGS, INC., et al.,[1]<br><br>                           Debtors. | Chapter 11<br><br>Case No. 16-10527 (MFW)<br><br>(Jointly Administered)<br><br>Re: D.I. 9, 15, 20, 644 |

## JOINDER OF OGIO INTERNATIONAL, INC. TO THE OMNIBUS OBJECTIONS OF ASICS AMERICA CORPORATION, AND OTHER CONSIGNORS, TO DEBTORS' MOTIONS FOR ENTRY OF FINAL ORDERS ON THE (1) CONSIGNMENT MOTION; (2) GOB MOTION; AND (3) DIP MOTION

For the reasons set forth herein, and unless otherwise noted, Ogio International, Inc. ("Ogio"), a supplier of goods on consignment to the above-captioned Debtors, through counsel, joins, supports and adopts (the "Joinder") the omnibus objection by Asics America Corporation (the "ASICS Objection") to the Debtors' Motions for Orders on the following matters

    A.    *Debtors' Motion for Interim and Final Orders (A) Authorizing the Debtors to (I) Continue to Sell Consigned Goods in the Ordinary Course of Business Free and Clear of all Liens, Claims and Encumbrances and (II) Grant Administrative Expense Priority to Consignment Vendors for Consigned Goods Delivered Postpetition, and (B) Grant Replacement Liens to Consignment Vendors with Perfected Security Interests in Consigned Goods and/or Remit the Consignment Sale Price arising from Sale of Consigned Goods to Putative Consignment Vendors* [D.I. No. 9] (the "Consignment Motion");

    B.    *Debtors' Emergency Motion for Interim and Final Orders (A) Authorizing the Debtors to Assume the Closing Store Agreement, (B) Authorizing and Approving Store Closing Sales Free and Clear of all Liens, Claims and Encumbrances, (C) Authorizing the Implementation of Customary Employee Bonus Program and Payments to Non-Insiders Thereunder, (D) Approving Dispute Resolution Procedures, and (E) Approving the Debtors' Store Closing Plan* [D.I. No. 15] (the "GOB Motion"); and

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Sports Authority Holdings, Inc. (9008); Slap Shot Holdings, Corp. (8209); The Sports Authority, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664). The headquarters for the above-captioned Debtors is located at 1050 West Hampden Avenue, Englewood, Colorado 80110.

    C.    *Debtors' Motion for Interim and Final Orders (I) Authorizing Debtors to Obtain Post-Petition Secured Financing Pursuant to 11 U.S.C. §§ 105, 362, 363, and 364; (II) Granting Liens and Superpriority Claims to Post-Petition Lenders Pursuant to 11 U.S.C. §§ 364 and 507; (III) Authorizing the Use of Cash Collateral and Providing Adequate Protection to Prepetition Secured Parties and Modifying the Automatic Stay Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364; and (IV) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(B) and (C) And Local Rule 4001-2* [D.I. No. 20] (the "DIP Motion" and together with the Consignment Motion and GOB Motion, the "Motions").

In support of this Joinder, Ogio respectfully states as follows:

1. From time to time, and prior to the Petition Date, Ogio has delivered certain goods (the "Ogio Consigned Goods") to TSA Stores, Inc. ("TSA") on consignment pursuant to a *2015 Vendor Deal Sheet Summary (Pay-by-Scan) Agreement, effective February 2, 2015 through January 30, 2016* (the "Consignment Agreement"), a copy of which is attached as Exhibit "A."

2. The Ogio Consigned Goods consisted of Ogio branded bags, golf bags, travel bags, luggage and similar items.

3. By its terms, the Consignment Agreement expired on January 30, 2016, and it was not renewed or extended by Ogio and TSA thereafter.

4. A new consignment agreement was not executed by Ogio and TSA after January 30, 2016.

5. Ogio did not honor any TSA purchase orders that were submitted after the expiration of the Consignment Agreement. The last purchase order that was honored by Ogio was submitted by TSA on January 28, 2016, and the goods related to that purchase order were shipped on February 3, 2016. All purchase orders received by Ogio from TSA after January 30, 2016 were cancelled and rejected.

6. Through February 16, 2016, Ogio continued to receive consignment payments from TSA pursuant to the Consignment Agreement. The last such payment was received by Ogio on

February 16, 2016 and it relating to Ogio Consigned Goods that were sold by TSA to end consumers between November 29, 2015 and January 2, 2016.

7. Ogio has never received a demand or claim from any of TSA's secured lenders regarding the Ogio Consigned Goods or any of the consignment payments related to the Ogio Consigned Goods that Ogio received from TSA.

8. Prior to the Petition Date, Ogio filed a UCC Financing Statement with the Delaware Department of State, Filing No. 2016-0886273, respecting its interest in the Ogio Consigned Goods.

9. Debtors TSA, TSA Ponce, Inc. and TSA Caribe, Inc. filed a complaint against Ogio on or about March 16, 2016 (Adversary Case No. 16-50367, Doc. 499) (the "Ogio Adversary Proceeding") in which the Plaintiffs admit that the arrangement between TSA and Ogio was a consignment and that Ogio retained title to the Ogio Consigned Goods until "the date of sale." *Id.* ¶14. In the Ogio Adversary Proceeding, the Plaintiffs seek relief on five separate causes of action. They contend that a "real and existing controversy exists" between the parties regarding 12 separate issues and that this controversy is "substantial and justifiable because it affects the parties in a concrete manner so as to provide the factual predicate for reasoned adjudication." *Id.* ¶¶ 35-36. Among other things, the Plaintiffs seek a declaratory judgment from the court that Ogio's "assertion of title is limited in effect to a reservation of a security interest;" that "the [Ogio Consigned Goods] are property of Debtors' estates;" that "Debtors hold an interest senior in right and priority to that of [Ogio] in the [Ogio Consigned Goods]"; that "the [Ogio Consigned Goods] are property of Debtors' estates pursuant to section 541 . . . and [Ogio] is not entitled to return of the [same];" that "Debtors are entitled to continue to sell the [Ogio Consigned Goods] in the regular course of their business;" and that Ogio "is not entitled to proceeds generated from the sale of the [Ogio Consigned Goods]." The statements made by the Plaintiffs in the Ogio

3

Adversary Proceeding constitute admissions by the Debtors under Federal Bankruptcy Rule 9011 that there are significant factual and legal disputes between the Debtors and Ogio regarding title and ownership of the Ogio Consigned Goods. And, although Ogio has not yet been served with process in the Ogio Adversary Proceeding, if it is served, Ogio intends to contest the Plaintiffs assertions made therein.

10. Upon information and belief, TSA has filed over 160 adversary proceedings against other consignors alleging substantially similar facts and legal theories like those asserted against Ogio in the Ogio Adversary Proceeding. Accordingly the claims made against Ogio in the Ogio Adversary Proceeding are not isolated or insignificant with regard to the pending Consignment Motion, the GOB Motion or the DIP Motion.

11. For the reasons set forth in the ASICS Objection and herein, Ogio respectfully requests that the Court deny the relief currently requested in Consignment Motion, GOB Motion, and DIP Motion unless Ogio's contested ownership of the Ogio Consigned Goods, as well as its contested ownership of any consignment proceeds from the sale by TSA of such Ogio Consigned Goods, is either first adjudicated by a final order in the Ogio Adversary Proceeding, or adequately protected to the same extent as if the Ogio Consigned Goods and the sale proceeds were returned and remitted to Ogio under the terms of the Consignment Agreement.

12. Ogio contends that the objections raised in the ASICS Objection apply equally to the Ogio Consigned Goods and maintains that the Debtor's proposed sale of the Ogio Consigned Goods, and the granting of security interests in the Ogio Consigned Goods, without the Ogio's consent, is a wrongful taking and conversion of Ogio's property. Under the holdings of *In re Whitehall Jewelers*, No. 08-11261 (KG), 2008 WL 2951974, at *4 (Bankr. D. Del. July 28, 2008) and *SLW Capital, LLC v. Mansaray-Ruffin (In re Mansaray-Ruffin)*, 530 F.3d 230, 237 (3d Cir. 2008), the Debtors cannot sell any of the Ogio Consigned Goods, cannot use or pledge

the same, and cannot spend or pledge any of the proceeds from the sale of such goods unless and until ownership of the goods and of the proceeds, as well as the respective interests therein of Ogio, the Debtors and the Secured Lenders, are determined by a final judgment or order in the Ogio Adversary Proceeding.

13. Procedures are available to the Debtors for obtaining a just and expeditious resolution of the contested issues in the various adversary proceedings that have been filed against Ogio and other consignors, including Federal Rules of Bankruptcy Procedure 7019 and 7042, so there is no need to deny due process to Ogio and other consignors by circumventing the adversary process and considering the pending motions without first resolving the contested issues.

14. Pursuant to Paragraph 4 of the court's order governing consigned goods issued on March 11, 2016 (Doc. 278), Ogio hereby (a) requests an accounting of the Consignment Sale Proceeds in the Escrow Account that relate to the Ogio Consigned Goods, (b) claims ownership of such Consignment Sale Proceeds and of all Ogio Consigned Goods in the Debtors possession, and (c) provides written notice to the Debtors to stop selling the Ogio Consigned Goods.

15. To the extent not inconsistent with the relief sought herein, Ogio joins in the other objections to the Consignment Motion, GOB Motion, and DIP Motion filed by Agron, Inc. (Doc. 691 and 667), M.J. Soffe, LLC (Doc. 648), Gordini USA, Inc. and SGS Sports, Inc. (Doc. 110) and Hi-Tech Sports Usa, Inc. (Doc. 853).

16. Ogio reserves the right to amend or supplement this Joinder as warranted prior to the hearing on the Consignment Motion, GOB Motion, and DIP Motion.

**WHEREFORE**, Ogio respectfully requests this Court (i) deny the Consignment Motion, GOB Motion, and DIP Motion or modify the relief requested therein to provide protection to Ogio as requested herein, (ii) reserve all rights of Ogio to assert further and other objection to the Consignment Motion, GOB Motion, and DIP Motion, and (iii) grant such further relief to Ogio as the Court deems appropriate under the circumstances.

Dated: March 30, 2016
Wilmington, Delaware

**GELLERT SCALI BUSENKELL & BROWN, LLC**

By: */s/ Margaret F. England*
    Ronald S. Gellert (DE 4259)
    Margaret F. England (DE 4248)
    1201 North Orange Street, Suite 300
    Wilmington, Delaware 19801
    Tel.:   (302) 425-5800
    Fax:   (302) 425-5814
    E-mail:  mengland@gsbblaw.com

-and-

David E. Leta (Pro Hac Vice Pending)
Snell & Wilmer L.L.P.
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101
Telephone: (801) 257-1900
Facsimile: (801) 257-1800
Email:   dleta@swlaw.com

*Counsel for Ogio International, Inc.*