# EXHIBIT B

**BLACKLINE**

01:18511495.1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SPORTS AUTHORITY HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 16-~~____~~10527 (~~___~~MFW)<br><br>(Jointly Administered)<br><br>**Ref. Docket ~~No~~Nos. ~~____~~7 & 131** |

## FINAL ORDER (A) AUTHORIZING THE PAYMENT OF CERTAIN PREPETITION TAXES AND FEES, AND (B) AUTHORIZING BANKS TO RECEIVE, PROCESS, AND HONOR CHECKS ISSUED AND ELECTRONIC PAYMENT REQUESTS RELATED THERETO

Upon the *Debtors' Motion for Entry of Interim and Final Orders (a) Authorizing the Payment of Certain Prepetition Taxes and Fees, and (b) Authorizing Banks to Receive, Process, and Honor Checks Issued and Electronic Payment Requests Related Thereto* (the "Motion")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and the Court having found that venue of these cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and the Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and upon consideration of the First Day Declaration; and the Court having entered

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Sports Authority Holdings, Inc. (9008); Slap Shot Holdings, Corp. (8209); The Sports Authority, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664). The headquarters for the above-captioned Debtors is located at 1050 West Hampden Avenue, Englewood, Colorado 80110.

[2] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

that certain *Interim Order (a) Authorizing the Payment of Certain Prepetition Taxes and Fees, and (b) Authorizing Banks to Receive, Process, and Honor Checks Issued and Electronic Payment Requests Related Thereto* [Docket No. ~~—~~131] (the "Interim Order"); and a hearing or hearings having been held to consider the relief requested in the Motion; and upon the record of the hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein on a final basis.

2. The Debtors are authorized, but not directed, in the exercise of their reasonable business judgment, to pay and remit to the Taxing Authorities the Taxes or Fees as they come due in the ordinary course of business.

3. Nothing herein shall impair any right of the Debtors to dispute or object to any taxes asserted as owing to the Taxing Authorities or those parties who ordinarily collect the Taxes and Fees as to amount, liability, classification, or otherwise.

4. Each of the Banks is authorized to honor checks presented for payment and all fund transfer requests made by the Debtors, to the extent that sufficient funds are on deposit in the applicable accounts, in accordance with this Order and any other order of this Court.

5. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests in connection with any Taxes and Fees that are dishonored or rejected.

6. The amounts that the Debtors pay pursuant to this Order shall be subject to any limitations imposed by any order authorizing the Debtors' postpetition financing and/or use of cash collateral.

7. The Debtors shall provide periodic reports of the amounts paid pursuant to this Order to Wilmington Savings Fund Society, FSB (the "Term Loan Agent") as Administrative Agent and Collateral Agent under the Amended and Restated Credit Agreement, dated as of May 3, 2006 and amended and restated as of November 6, 2010.

8. ~~6.~~ Nothing in the Motion or this Order, or the Debtors' payment of any claims pursuant to this Order, shall be deemed or construed as: (a) an admission as to the validity of any claim or Lien against the Debtors or their estates; (b) a waiver of the Debtors' right to dispute any claim or Lien; (c) an approval or assumption of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (d) an admission of the priority status of any claim, whether under section 503(b)(9) of the Bankruptcy Code or otherwise; or (e) a modification of the Debtors' rights to seek relief under any section of the Bankruptcy Code on account of any amounts owed or paid to any Authority.

9. ~~7.~~ The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

10. ~~8.~~ Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

11. ~~9.~~ Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. ~~10.~~ The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

~~01:18375183.1~~

3

      13.    11. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____ __, 2016
      Wilmington, Delaware

                                          _____
                                          MARY F. WALRATH
                                          UNITED STATES BANKRUPTCY JUDGE