**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SPORTS AUTHORITY HOLDINGS, INC., *et al.*,[1] | Case No. 16-10527 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Requested Hearing Date**<br>**April 5, 2016 at 1:00 p.m. (ET)**<br>**Requested Objection Deadline**<br>**At or before the Hearing** |

**MOTION FOR AN ORDER AUTHORIZING THE TERM LOAN AGENT**
**TO FILE UNDER SEAL A PORTION OF THE TERM LOAN AGENT'S**
**REPLY (I) IN SUPPORT OF DEBTORS' CONSIGNED GOODS MOTION AND**
**OTHER FIRST DAY RELIEF, AND (II) TO VENDORS' OBJECTIONS TO SAME**

Wilmington Savings Fund Society, FSB, as successor administrative and collateral agent (together, the "Term Loan Agent") under that certain Amended and Restated Credit Agreement, dated as of November 16, 2010 (the "Term Loan Credit Agreement"), by and among The Sports Authority, Inc., as the Borrower, Slap Shot Holdings Corp., as Holdings, Wilmington Savings Fund Society, FSB, as successor Administrative Agent and Collateral Agent to Bank of America, N.A, and the lenders from time to time party thereto (the "Term Loan Lenders"), hereby moves (the "Motion") this Court for entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to section 107(b)(1) of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Term

---

[1]     The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Sports Authority Holdings, Inc. (9008); Slap Shot Holdings, Corp. (8209); The Sports Authority, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664).  The headquarters for the above-captioned Debtors is located at 1050 West Hampden Avenue, Englewood, Colorado 80110.

Loan Agent to file under seal: (i) an un-redacted version of the *Term Loan Agent's Reply (I) In Support Of Debtors' Consigned Goods Motion And Other First Day Relief, And (II) To Vendors' Objections To Same* (the "Reply"); and (ii) certain un-redacted exhibits to the Reply (the "Confidential Exhibits").[2]  In support of this Motion, the Term Loan Agent respectfully states as follows:

## JURISDICTION AND PROCEDURAL BACKGROUND

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory basis for the relief requested herein is section 107(b)(1) of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9018 and Local Rule 9018-1.

3.      On March 2, 2016 (the "Petition Date"), Sports Authority Holdings, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") filed petitions for relief under chapter 11 of title 11 of the Bankruptcy Code.  The Debtors currently operate their businesses and manage their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these cases.

## FACTS RELEVANT TO THIS MOTION

4.      On the Petition Date, the Debtors filed the Consigned Goods Motion as one of various motions seeking "first day" relief from this Court (collectively, the "Motions").  Through the Consigned Goods Motion, the Debtors sought entry of an interim order, and seek entry of a final order, authorizing them to continue selling the Prepetition Consigned Goods in the ordinary course of business.  Consigned Goods Motion ¶ 8.

---

[2]      Capitalized terms not defined herein are defined in the Reply.

5.      On March 11, 2016, the Court entered an interim order (D.I. 278) (the "Interim Consigned Goods Order") on the Consigned Goods Motion.

6.      On March 22, 2016, Asics America Corporation ("Asics"), a participant in the Debtors' consignment program, filed its Omnibus Objection.  Certain other Vendors have also filed objections to the Debtors' Motions on substantially the same grounds as set forth in the Omnibus Objection (collectively, the "Vendor Objections").  Of the approximately 170 vendors that participate in the consignment program, thirty-one joined in the Vendor Objections (the "Joinders").  The aggregate value of Prepetition Consigned Goods in dispute for Asics and the Vendors who filed Joinders is approximately $65,360,220.

7.      Contemporaneously with the filing of this Motion, the Term Loan Agent has filed the Reply in response to the Omnibus Objection, the Vendor Objections and the Joinders.  As set forth in the Reply, the Term Loan Agent has an interest in these Prepetition Consigned Goods.

8.      The Reply includes certain information asserted by the Debtors to be confidential. The Debtors provided this information to the Term Loan Agent's professionals on a confidential or "professional eyes only" basis.  Therefore, if this information is disclosed, the Term Loan Agent may be deemed to have violated their confidentiality obligations.

9.      If forced to remove this information from the Reply, as opposed to submitting it under seal, the Term Loan Agent's ability to present a full record to the Court in support of its Reply would be greatly impaired.  The Term Loan Agent therefore seeks the following relief.

## RELIEF REQUESTED

10.      By this Motion, the Term Loan Agent respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Term Loan Agent to file under seal: (i) an un-redacted version of the Reply; and (ii) an un-redacted version of the Confidential Exhibits.

11.     The Term Loan Agent will provide un-redacted copies of the Reply and Confidential Exhibits on a confidential basis to (i) counsel to the Debtors; (ii) counsel to the Committee; and (iii) the U.S. Trustee (together, the "Confidential Parties").

**BASIS FOR RELIEF REQUESTED**

12.     Pursuant to section 107(b) of the Bankruptcy Code, the Court may authorize the Term Loan Agent to file the Reply and Confidential Exhibits under seal.  Section 107(b) provides:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1)     protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2)     protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

13.     Bankruptcy Rule 9018 sets forth the procedures by which a party in interest may obtain a protective order authorizing the filing of a document under seal.  Bankruptcy Rule 9018 reads in relevant part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018.

14.     Local Rule 9018-1(b) additionally provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect."  Del. Bankr. L.R. 9018-1(b).

15.     The Court has defined "commercial information" as "information which would result in 'an unfair advantage to competitors by providing them with information as to the

4

commercial operations of the debtor.'" *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr.

D. Del. 2006) (quoting *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion*

*Pictures Corp.)*, 21 F.3d 24, 27–28 (2d Cir. 1994)).  Commercial information does not need to

rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code.

*See Orion Pictures*, 21 F.3d at 28.  It need only be confidential and commercial in nature.  *See id.*

(noting that an interested party only has to show that the information to be sealed is "confidential

and commercial" in nature).

16.     Moreover, the movant is not required to demonstrate "good cause" to file the

relevant document(s) under seal.  Rather, if the material falls within one of the categories

identified in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting

party and has no discretion to deny the application." *Id.* at 27.

17.     In this case, the Reply contains information that the Debtors have designated as

confidential.  Pursuant to Local Rule 9018-1(d), the Term Loan Agent cannot publicly disclose

this information.

18.     Further, the Term Loan Agent respectfully submits that the Court's consideration

of the information in the Reply is essential to the Term Loan Agent's ability to present

arguments made in the Reply.  If the Term Loan Agent is not permitted to file this information

under seal, it will be forced to remove this information and related arguments and re-file a

cleansed version of the Reply that would not provide the Court with the full record necessary to

understand all of the objectionable aspects of the Omnibus Objection and the Joinders.

19.     For the foregoing reasons, the Term Loan Agent respectfully requests that the

Court enter an order, substantially in the form attached hereto as **Exhibit A**, authorizing the

Term Loan Agent to file under seal: (i) an un-redacted version of the Reply and (ii) an un-redacted version of the Confidential Exhibits.

## **NOTICE**

20.     Notice of this Motion has been provided to: (i) counsel to the Debtors; (ii) the U.S. Trustee; (iii) counsel to the Committee; and (iv) all parties that have requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Term Loan Agent submits that no other or further notice is necessary.

## **NO PRIOR REQUEST**

21.     No prior motion for the relief requested herein has been made to this or any other court.

*[Page intentionally left blank]*

WHEREFORE, the Term Loan Agent respectfully requests that the Court enter an order substantially in the form attached hereto as **Exhibit A**: (i) granting the relief requested in this Motion and (ii) granting such other and further relief as may be just and proper.

Dated: March 31, 2016
      Wilmington, Delaware

**MORRIS NICHOLS ARSHT & TUNNELL LLP**

*/s/ Daniel B. Butz*
Robert J. Dehney (No. 3578)
Gregory W. Werkheiser (No. 3553)
Daniel B. Butz (No. 4227)
1201 N. Market St., 16th Floor
P.O. Box 1347
Wilmington, DE  19899-1347
Telephone: (302) 658-9200
Facsimile:  (302) 658-3989
Email: rdehney@mnat.com
      gwerkheiser@mnat.com
      dbutz@mnat.com

-and-

**BROWN RUDNICK LLP**
Robert J. Stark (admitted *pro hac vice*)
Bennett S. Silverberg (admitted *pro hac vice*)
7 Times Square
New York, NY 10036
(T) 212-209-4800
(F) 212-209-4801
Email: rstark@brownrudnick.com
      bsilverberg@brownrudnick.com

William R. Baldiga (*pro hac vice* pending)
One Financial Center
Boston, MA 02111
(T) 617-856-8200
(F) 617-856-8201
Email: wbaldiga@brownrudnick.com

*Counsel to Wilmington Savings*
*Fund Society, FSB, as Term Loan Agent*