**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SPORTS AUTHORITY HOLDINGS, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No.  16-10527-MFW<br><br>(Jointly Administered)<br><br>**Hearing Date: April 26, 2016 at 11:30 a.m.** |

**MOTION OF AMHERST CROSSING AMA REALTY VENTURES, LLC TO COMPEL PAYMENT OF STUB RENT AND TO PAY ADMINISTRATIVE RENT PURSUANT TO 11 U.S.C. §§ 363(e), 365(d)(3), 503(b)(1) AND 507(a) AND GRANTING RELATED RELIEF**

Amherst Crossing AMA Realty Ventures, LLC (the "Landlord"), by and through its undersigned counsel, hereby submits this motion (the "Motion") to compel the above-captioned Debtors: (i) pay the Stub Rent (as defined below) for the Premises (as defined below) in an amount not less than $76,683.75; and (ii) to pay the post-petition rent for the month of April ("April Rent") for all the Leased Premises (as defined below), pursuant to 11 U.S.C. §§ 363(e), 365(d)(3), 503(b)(1) and 507(a). In support of this Motion, Landlord respectfully states:

**BACKGROUND**

1. Landlord and Debtors are parties to a certain lease dated December 20, 2004 (the "Lease") for retail property located at Routes 4 and 17 in Paramus, N.J. (the "Premises").

2. On or about March 2, 2016 (the "Petition Date"), each of Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court").

1

3. Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

4. Debtors are leasing the Premises.

5. Premises is located in a "shopping center" as that term is used in § 365(b)(3) of the Bankruptcy Code. *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-87 (3d Cir. 1990).

6. Landlord filed objections to various motions of Debtors and raised the issue of payment of post-petition and Stub Rents (docket # 1028, 1029, 1031). Landlord incorporates those arguments by reference.

7. For the following reasons, Debtors should be immediately: (i) to pay the Stub Rent; and (ii) pay post-petition April Rent due and owing to Landlord under the Lease.

8. Section 365(d)(3) of the Bankruptcy Code provides:

> "[t]he Trustee shall timely perform all the obligations of the debtor… arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title."

9. Under § 365(d)(3) of the Bankruptcy Code, Debtors have an affirmative obligation to stay current with post-petition obligations to Landlord under the Lease.

10. In addition, because the payment of rent and other charges, including Stub Rent, under the Lease are "an actual and necessary" cost of doing business under § 503(b)(1) of the Bankruptcy Code, payment and shall be afforded administrative expense priority. *See In re Richard Burival*, 406 B.R. 548, 555 (B.A.P. 8th Cir. 2009) ("To hold that Section 365(d)(3) does not confer administrative status to post-petition, pre-rejection claims would defeat the spirit and letter of Section 365(d)(3): post-petition, pre-rejection claims must be paid when due."); *Goody's Family Clothing, Inc. v. Mountaineer Property Co. II, LLC (In re Goody's Family Clothing, Inc.)*, 401 B.R. 656, 672-74 (D. Del. 2009); *In re Zagata Fabricators, Inc.*, 893 F.2d 624, 627-28 (3d Cir. 1990).

11. Further, § 507(a)(1) of the Bankruptcy Code provides the unpaid, post-petition amounts due to Landlord is entitled to priority as administrative claims for the 'actual, necessary cost…of preserving the estate.' *See id.*

12. Debtors occupied and continue to occupy Premises resulting in substantial benefit to the Debtors, its estates and its creditors.

13. Accordingly, Debtors must immediately pay to Landlord all post-petition amounts due and owing under the Lease, including but not limited to April Rent.

14. Stub Rent for the period of March 2 through March 31, 2016 is not less than $76,683.75. (See Current Accounting as Exhibit "A").

15. To the extent that rental obligations cover both pre-petition and post-petition periods, § 365(d)(3) of the Bankruptcy Code requires Debtors to make an equitable provision of rent pro-rating the pre-petition and post-petition periods. *See In re Stone Barn Manhattan LLC,* 398 B.R. 359, 365 (Bankr. S.D.N.Y. 2008) ("After a careful analysis of § 365(d)(3),… the Court remains convinced that the proper construction of § 365(d)(3) in this case is to hold the Debtors responsible for the stub rent…"); *In re DVI, Inc.*, 308 B.R. 703, 707 (Bankr. D. Del. 2004); *In re Ames Dep't Stores,* 306 B.R. 43, 64 n.77 (Bankr. S.D.N.Y. 2004).

16. Debtors are liable for the Stub Rent, as well as April Rent, and for all subsequent months prior to the applicable lease assumption or rejection and turnover date.

17. Where an estate may be administratively insolvent, as may be the case here, the court may provide landlords with adequate protection under § 363(e). *See In re Goody's Family Clothing, Inc.*, 610 F.3d 812, 819 (3d Cir. 2010). Such adequate protection should take the form of immediate cash payments for post-petition use of the Leased Premises. See 11 U.S.C. § 361; *In re Kellstrom Indus., Inc.*, 282 B.R. 787, 794 (Bankr. D. Del. 2002).

18. For the foregoing reasons, Landlord respectfully requests that this Court enter an order, substantially in the form attached hereto, compelling Debtors: (i) to immediately pay the

Stub Rent due and owing to Landlord in not less than $76,683.75; and (ii) to immediately pay the April Rent due and owing to Landlord.

**WHEREFORE**, Landlord respectfully requests that the Court enter an order: (a) granting this Motion; (b) allowing administrative expense priority and compelling Debtor to immediately pay to Landlord the amount of not less than $76,683.75 for post-petition Stub Rent; (c) allowing administrative expense priority and compelling Debtor to immediately pay to Landlord for post-petition April Rent due; and (d) granting Landlord such other and further relief as this Court deems just and proper.

Dated: April 8, 2016

**STARK & STARK**
**A Professional Corporation**

By: /s /*John R. Weaver, Jr.*
John R. Weaver, Jr.

P.O. Box 510
203 W. 18th Street
Wilmington, Delaware 19899
(302) 428-1077 (main)
(302) 655-7371 (direct)
jrweaverlaw@verizon.net

and

Thomas S. Onder
Timothy P. Duggan
Joseph H. Lemkin
**STARK & STARK**
**A Professional Corporation**

993 Lenox Drive
Lawrenceville, NJ 08648
(609) 219-7458 (direct)
(609) 896-9060 (main)
(609) 895-7395 (facsimile)

Attorneys for Amherst Crossing AMA Realty Ventures, LLC