# EXHIBIT A

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

AMY MARY RENFROE and
ROGER DENNIS RENFROE,

    Plaintiff,

CASE NO. 13-030196-CA-01

vs.

TSA STORES INC., a Foreign Profit
Corporation d/b/a THE SPORTS AUTHORITY, INC.
and USM, Inc. , a Foreign Profit Corporation d/b/a
US Maintenance, Inc.,

    Defendants.
_____/

USM, INC., d/b/a US MAINTENANCE, INC. AND TSA
STORES, INC., d/b/a THE SPORTS AUTHORITY,

    Third Party Plaintiffs,

vs.

ACCIDENT INSURANCE CO., APPALACHIAN
UNDERWRITERS, INC., INSURANCE CENTER OF
DADE, INC., and PROSERV-USA, LLC,

    Third Party Defendants.
_____/

## SECOND AMENDED COMPLAINT

Plaintiffs, AMY MARY RENFROE and ROGER DENNIS RENFROE, by and through undersigned counsel, sue Defendants, TSA STORES, INC., a Foreign Profit Corporation d/b/a THE SPORTS AUTHORITY, INC. (hereafter "SPORTS AUTHORITY") and USM, Inc., a Foreign Profit Corporation d/b/a US MAINTENANCE, INC. (hereinafter "US MAINTENANCE"), and allege:

1

## JURISDICTION

1. This is an action for damages within the jurisdiction of this Court in excess of Fifteen Thousand Dollars ($15,000.00) exclusive of interest, costs and attorney's fees.

2. Venue is proper in Miami-Dade County, Florida because the conduct from which this action arises occurred in this county.

## GENERAL ALLEGATIONS

3. Plaintiffs, AMY MARY RENFROE and ROGER DENNIS RENFROE, are residents of Key Largo, Monroe County, Florida and is otherwise *sui juris*.

4. Defendant SPORTS AUTHORITY is now, and at all times mentioned in this Complaint, a Foreign Profit Corporation organized and existing under the laws other than the State of Florida, having its principal place of business in Englewood, Colorado, but which is, and at all times pertinent hereto, doing business in the State of Florida.

5. Defendant US MAINTENANCE is now, and at all times mentioned in this Complaint, a Foreign Profit Corporation organized and existing under the laws other than the State of Florida, having its principal place of business in Norristown, Pennsylvania, but which is, and at all times pertinent hereto, doing business in the State of Florida.

6. On or about June 13, 2013, Plaintiff, AMY MARY RENFROE, was a patron lawfully on Defendant SPORTS AUTHORITY's premises located at 2611 N.E. 10th Court, Homestead, Florida. Upon entering the women's restroom, she slipped and fell onto a wet floor injuring her foot.

## COUNT I – NEGLIGENCE – THE SPORTS AUTHORITY, INC.

Plaintiffs, AMY MARY RENFROE and ROGER DENNIS RENFROE, hereby re-adopt and re-allege paragraphs 1-6, as if fully set forth herein and further allege:

7. At all times material hereto, Defendant SPORTS AUTHORITY had a duty to maintain the premises in a reasonably safe and proper condition, and to warn Plaintiff, AMY MARY RENFROE, of any non-obvious, latent, or non-readily identifiable dangerous conditions present on the premises.

8. On or about June 13, 2013, the Defendant SPORTS AUTHORITY breached that duty by negligently maintaining the above premises by, but not limited to, one or more of the following ways:

    a.) Creating a non-obvious, latent or non-readily identifiable dangerous condition to exist.

    b.) Allowing a dangerous and hazardous condition to exist on the floor in the women's restroom whereby the floors were wet causing hazard to invitees and shopping patrons.

    c.) Failing to warn of a dangerous condition.

    d.) Failing to properly maintain the floor in the women's restroom such that the aforementioned condition was allowed to occur.

9. As a direct and proximate result of the aforementioned negligence of Defendant SPORTS AUTHORITY, Plaintiff AMY MARY RENFROE, slipped and fell on a wet floor in the women's restroom, severely injuring her body while on SPORTS AUTHORITY's property located at 2611 N.E. 10th Court, Homestead, Florida.

10. As a result, Plaintiff, AMY MARY RENFROE, suffered bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, inconvenience, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. These losses are either permanent or continuing in nature and the Plaintiff, AMY MARY RENFROE, will suffer said losses into the future.

WHEREFORE, Plaintiffs, AMY MARY RENFROE and ROGER DENNIS RENFROE, demand judgment for damages against Defendant SPORTS AUTHORITY and such other further relief as this Court deems just and proper.

### COUNT II – NEGLIGENCE – US MAINTENANCE, INC.

Plaintiffs, MARY AMY RENFROE and ROGER DENNIS RENFROE, hereby re-adopt and re-allege paragraphs 1-6, as if fully set forth herein and further allege:

11. At all times material hereto, Defendant US MAINTENANCE had a duty to maintain the premises in a reasonably safe and proper condition, and to warn Plaintiff of any non-obvious, latent, or non-readily identifiable dangerous conditions present on the premises.

12. On or about June 13, 2013, the Defendant US MAINTENANCE breached that duty by negligently maintaining the above premises by, but not limited to, one or more of the following ways:

    a.) Creating a non-obvious, latent or non-readily identifiable dangerous condition to exist.

b.) Allowing a dangerous and hazardous condition to exist on the floor in the women's restroom whereby the floors were wet causing hazard to invitees and shopping patrons.

c.) Failing to warn of a dangerous condition.

d.) Failing to properly maintain the floor in the women's restroom such that the aforementioned condition was allowed to occur.

13. As a direct and proximate result of the aforementioned negligence of Defendant US MAINTENANCE, Plaintiff AMY MARY RENFROE, slipped and fell on a wet floor in the women's restroom, severely injuring her body while at SPORTS AUTHORITY located at 2611 N.E. 10th Court, Homestead, Florida.

14. As a result, Plaintiff, AMY MARY RENFROE, suffered bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, inconvenience, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. These losses are either permanent or continuing in nature and the Plaintiff, AMY MARY RENFROE, will suffer said losses into the future.

WHEREFORE, Plaintiffs, AMY MARY RENFROE and ROGER DENNIS RENFROE, demand judgment for damages against Defendant US MAINTENANCE and such other further relief as this Court deems just and proper.

**COUNT III – VICARIOUS LIABILITY – THE SPORTS AUTHORITY, INC**

Plaintiffs, AMY MARY RENFROE and ROGER DENNIS RENFROE, hereby re-adopt and re-allege paragraphs 1-6, as if fully set forth herein and further allege:

15.	At all times material hereto, Defendant SPORTS AUTHORITY had a non-delegable duty to maintain the premises in a reasonably safe and proper condition, and to warn Plaintiff of any non-obvious, latent, or non-readily identifiable dangerous conditions present on the premises.

16.	On or about June 13, 2013, the Defendant SPORTS AUTHORITY breached its non-delegable duty to maintain the above premises by, but not limited to, one or more of the following ways:

   a.)	Creating a non-obvious, latent or non-readily identifiable dangerous condition to exist.

   b.)	Allowing a dangerous and hazardous condition to exist on the floor in the women's restroom whereby the floors were wet causing hazard to invitees and shopping patrons.

   c.)	Failing to warn of a dangerous condition.

   d.)	Failing to properly maintain the floor in the women's restroom such that the aforementioned condition was allowed to occur.

17.	As a direct and proximate result of Defendant SPORTS AUTHORITY's breach of non-delegable duty, Plaintiff AMY MARY RENFROE, slipped and fell on a wet floor in the women's restroom, severely injuring her body while on SPORTS AUTHORITY's property located at 2611 N.E. 10th Court, Homestead, Florida.

18.	Plaintiff, AMY MARY RENFROE, suffered bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, inconvenience, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. These

losses are either permanent or continuing in nature and the Plaintiff, AMY MARY RENFROE, will suffer said losses into the future.

19. As a result, Defendant SPORTS AUTHORITY is vicariously liable for any breach of duty of Defendant US MAINTENANCE.

WHEREFORE, Plaintiffs, AMY MARY RENFROE and ROGER DENNIS RENFROE, demand judgment for damages against Defendant SPORTS AUTHORITY and such other further relief as this Court deems just and proper.

### COUNT IV
### LOSS OF CONSORTIUM

Plaintiff, ROGER DENNIS RENFROE (Plaintiff's Husband"), realleges the aforesaid allegations and further alleges in support of this claim for loss of consortium against the Defendants as follows:

21. At all relevant times herein, Plaintiffs were married to each other and continue to be married at the time of filing this complaint.

22. As a direct and proximate cause of the wrongful and negligent acts of the Defendants, Plaintiff's Husband has suffered, and will continue to suffer in the future: loss of consortium, loss of society, loss of affection, loss of assistance, and loss of conjugal fellowship, all to the detriment of the Plaintiffs' marital relationship.

23. The aforesaid damages and loss of consortium were caused solely and proximately by Defendants' negligence.

WHEREFORE, Plaintiff, ROGER DENNIS RENFROE demands judgment against the Defendants for loss of consortium, plus costs, and any other relief this court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs, AMY MARY RENFROE and ROGER DENNIS RENFROE, further demand a trial by jury of all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via email this 19th day of January, 2016 to all counsel of record listed below:

***(Counsel for TSA Stores, Inc. and USM, Inc. d/b/a US Maintenance, Inc.)***
Heather M. Calhoon
Luks, Santaniello, Petrillo & Jones
150 W. Flagler Street
Suite 1675
Miami, FL 33130
Email: LUKSMIA-Pleadings@LS-Law.com

***(Counsel for Third Party Defendant, Accident Insurance Co.)***
Joseph T. Kissane, Esq.
Daniel R. Duello, Esq.
Cole, Scott & Kissane, P.A.
4686 Sunbeam Road
Jacksonville, FL 32257
Email: joseph.kissane@CSKlegal.com
daniel.duello@CSKlegal.com
rita.kichline@CSKlegal.com

***(Counsel for Third Party Defendant, Insurance Center of Dade)***
Avery Dial, Esq.
Fowler, White, Burnett
One Financial Place, Suite 2100
Fort Lauderdale, Florida 33394
Email:  adial@fowler-white.com
 nns@fowler-white.com
 Rejeserve@fowler-white.com

*(Counsel for Third Party Defendant Appalachian Underwriters, Inc.)*
Hugo Alvarez, Esq.
Alvarez & Barbara, LLP
1750 Coral Way
Second Floor
Miami, FL 33145
Email: halvarez@alvarezbarbara.com
　　　　service@alvarezbarbara.com

*(Counsel for ProServ, LLC)*
Kenia Bravo, Esq.
Avelino J. Gonzalez, Esq.
Law Office of Avelino J. Gonzalez
6780 Coral Way  Law Center
Miami, FL 33155
Email: avelinogonzalez2@bellsouth.net
　　　　avelinogonzalez@bellsouth.net

          VERNIS & BOWLING
          OF THE FLORIDA KEYS, P.A.
          *Attorneys for Plaintiffs*
          Islamorada Professional Center
          81990 Overseas Highway, 3rd Floor
          Islamorada, FL 33036
          Telephone: (305) 664-4675
          Facsimile:  (305) 664-5414

    By: **/s/ Dirk M. Smits**
       Dirk M. Smits, B.C.S.
       Florida Bar No: 911518