IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SPORTS AUTHORITY HOLDINGS, INC., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 16-10527 (MFW)<br><br>(Jointly Administered)<br><br>RE: Docket No. 67<br>Hearing Date: April 26, 2016 at 11:30 a.m.<br>Response Deadline: April 12, 216 |

**OBJECTION OF KORNLAND BUILDING COMPANY
TO DEBTORS' MOTION FOR ORDER EXTENDING THE TIME TO ASSUME
OR REJECT UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY**

Kornland Building Company ("Landlord"), by and through its undersigned counsel, hereby objects to *Debtors' Motion for an Order, Pursuant to Section 365(d)(4) of the Bankruptcy Code, Extending the Deadline by Which the Debtors Must Assume or Reject Unexpired Leases of Non-Residential Real Property Under which Any of the Debtors Are Lessees* [D.I. 67] (the "Motion"). In support of its objection, Landlord respectfully represents as follows:

**BACKGROUND**

1.      On March 2, 2016, the above-captioned debtors and debtors in possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On the same date, the Debtors filed the Motion seeking to extend the period within which the Debtors may elect to assume or reject unexpired leases of non-residential real property under which the Debtors are lessee by ninety days, from June 30, 2016 to September 28, 2016.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Sports Authority Holdings, Inc. (9008); Slap Shot Holdings, Corp. (8209); The Sports Authority, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664). The headquarters for the Debtors is located at 1050 West Hampden Avenue, Englewood, Colorado 80110.

1

2.     Debtor TSA Stores, Inc. ("Tenant") is party to an unexpired lease of nonresidential real property with Landlord (the "Lease") for that certain premises in the San Clemente Plaza Shopping Center, located in the City of San Clemente as described in the Lease (the "Premises").  Landlord is in the process of completing store construction and has not yet delivered the Premises to Tenant.

3.     Prior to the Petition Date, Tenant requested that Landlord enter into that certain First Amendment to Lease (attached hereto as Exhibit A[2]), which extends the delivery date of the Premises to Tenant to the earlier of June 26, 2016 or, if Tenant files for bankruptcy, three business days after the Lease is assumed and/or affirmed in the bankruptcy proceeding.  *See* Amendment § 3.  The Amendment provides, "For the purposes of clarification, no commencement of any voluntary or involuntary bankruptcy proceeding with respect to Tenant shall delay the Permitted Delivery Date beyond June 26, 2016 nor affect the rights and obligations of the parties with respect to the delivery and acceptance of the possession of the Premises."  *Id.*

## OBJECTION

4.     Section 365(d)(4)(A) of the Bankruptcy Code provides a debtor with an initial 120 day period to determine whether to assume or reject a lease of nonresidential real property. 11 U.S.C. § 365(d)(4)(A).  Section 365(d)(4)(B) allows the Court to grant a ninety day extension of this period for cause. 11 U.S.C. § 365(d)(4)(B).  Courts consider several factors in determining whether cause exists to extend the deadline, including "(1) whether the debtor was paying for the use of the property; (2) whether the debtor's continued occupation . . . could damage the lessor [ ] beyond the compensation available under the Bankruptcy Code;

---

[2] Because the Lease is voluminous, Landlord has only attached the Amendment to this Objection.  Landlord's counsel will provide copies of the Lease documents to the Court and parties in interest upon request.

2

(3) whether the lease is the debtor's primary asset; and (4) whether the debtor has had sufficient time to formulate a plan of reorganization." *South St. Seaport Ltd. P'ship v. Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755, 761 (2d Cir. 1996) (internal quotations and citations omitted).

5.  Landlord objects to the extension of Tenant's deadline to assume or reject the Lease because Landlord would be irreparably harmed if it were forced to deliver the Premises without assurance that Tenant will perform its obligations under the Lease.

6.  First, if Tenant were allowed to take possession of the Premises and conduct Tenant-specific construction work inside the Premises, but not ultimately assume the Lease or pay for the construction work, Landlord would have potential liability for such construction work, its property would potentially be subject to mechanics' liens related to the construction work, and Landlord would incur additional expenses to demolish Tenant's work and restore the Premises to its preexisting condition. Second, Landlord should not be required to deliver the Premises to Tenant unless it receives adequate assurance that Tenant will perform its obligations under the Lease through assumption of the Lease. Although the Motion states that "the Debtors will perform their undisputed obligations arising from and after the Petition Date in a timely fashion as required by the Bankruptcy Code," Motion at ¶ 18, Landlord understands that the Debtors have failed to pay postpetition rent on other properties at least for the stub period, March 2, 2016 through March 31, 2016. Third, Landlord submits that it is premature for the Court to determine whether there is cause to extend the Debtors' time to assume or reject the Lease beyond the statutory 120 day period. Landlord believes substantially more information regarding whether cause exists to extend the deadline will be available after the Debtors conduct the auction process for their assets.

## **RESERVATION OF RIGHTS AND JOINDER**

7. Landlord reserves its right to supplement this Objection and make such other and further objections as deemed necessary or appropriate. To the extent not inconsistent with this Objection, Landlord joins the objections of other similarly-situated landlords.

WHEREFORE, Landlord respectfully requests that the Court deny the Motion with respect to the Lease, and grant such other relief as the Court deems just and proper.

**McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**

Dated: April 12, 2016         /s/ *David P. Primack*
David P. Primack, Esq. (No. 4449)
300 Delaware Avenue, Suite 770
Wilmington, DE 19801
Telephone: 302-300-4515
Facsimile: 302-645-4031
dprimack@mdmc-law.com

*Counsel to Kornland Building Company*