IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SPORTS AUTHORITY HOLDINGS, INC., *et al.* [1] | Case No. 16-10527 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Requested Hearing Date:  4/26/16 at 11:30 a.m.** |
| | **Requested Objection Deadline:  4/21/16 at 12:00 p.m.** |

**MOTION OF SHOPS AT BELLA TERRA OWNER, LP FOR ENTRY OF AN ORDER COMPELLING THE DEBTORS TO PAY STUB RENT FOR CLOSING STORE PURSUANT TO 11 U.S.C. § 363(e) AND GRANTING RELATED RELIEF**

Shops at Bella Terra Owner, LP, successor in interest to MRPL Retail Partners, Ltd. ("Landlord"), landlord of the Sports Authority location at the Shops at Bella Terra Shopping Center in Fort Bend County, Texas, by its undersigned counsel, hereby submits this motion (the "Motion") to compel the above-captioned Debtors to pay the Stub Rent (as defined below) in an amount of not less than $37,906.01, for the Leased Premises (as defined below) pursuant to 11 U.S.C. § 363(e).[2]  In support of this Motion, Landlord respectfully states:

**BACKGROUND**

1.      On March 2, 2016 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (this "Court").

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Sports Authority Holdings, Inc. (9008); Slap Shot Holdings, Corp. (8209); The Sports Authority, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664). The headquarters for the above-captioned Debtors is located at 1050 West Hampden Avenue, Englewood, Colorado 80110.

[2] The Debtors have also failed to pay rent to Landlord for the month of February 2016.  Nothing herein shall act as a waiver of amounts due and owing for such unpaid rent.

2. Upon information and belief, the Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. Landlord is the owner of certain real property in which the Debtors lease retail space (the "Leased Premises") pursuant to that certain Shopping Center Lease Between MRPL Retail Partners, Ltd. and TSA Stores, Inc. for Premises Located in the Shops at Bella Terra Shopping Center, Fort Bend County, Texas dated April 14, 2011, as the same may have been amended from time to time (the "Lease").[3]

4. The Leased Premises are located in a "shopping center" as that term is used in section 365(b)(3) of the Bankruptcy Code. *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-87 (3d Cir. 1990).

5. On March 2, 2016, the Debtors filed their *Motion Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code, Fed. R. Bankr. P. 2002, 6003, 6004, 6006, 9007, 9008 and 9014 and Del. Bankr. L.R. 2002-1, 6004-1 And 9006-1, for Entry of (A) an Order (I) Approving Bid Procedures in Connection with the Sale of Substantially All of the Debtors' Assets, (II) Scheduling an Auction for and Hearing to Approve Sale of Assets, (III) Approving Notice of Respective Date, Time and Place for Auction and for Hearing on Approval of Sale, (IV) Approving Procedures for the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (V) Approving Form and Manner of Notice Thereof, and (VI) Granting Related Relief; and (B) an Order Authorizing and Approving (I) the Sale of Substantially All of the Debtors' Assets Free and Clear of Liens, Claims, Rights, Encumbrances, and Other Interests,*

---

[3] A copy of the Lease is attached hereto as Exhibit "A".

*(II) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Related Relief* (Docket No. 106) (the "Bid Procedures Motion").

6.  Landlord asserts that the Debtors are responsible for payment of rent for the period of March 2 - March 31, 2016 (the "Stub Rent") for the use and occupancy of the Leased Premises, specifically Stub Rent for the Bella Terra location where the Debtors are conducting store closing sales (the "Closing Sales") pursuant to the Bid Procedures Motion.

7.  The Debtors have failed to pay Stub Rent to Landlord for the use and occupancy of the Leased Premises, and have not made any provisions in their proposed postpetition financing budget for the payment of such Stub Rent. For the following reasons, the Debtors should be immediately compelled to pay the Stub Rent due and owing to Landlord under the Lease.

## RELIEF REQUESTED

8.  Section 363(e) of the Bankruptcy Code guarantees adequate protection to any party with an interest in property used by a debtor during the debtor's bankruptcy proceedings who makes a request for adequate protection:

> Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use sale, or lease as is necessary to provide adequate protection of such interest.

11 U.S.C. § 363(e).

9.  Section 363(e) is straightforward and non-discretionary. If a creditor with an "interest" in property used by the debtor makes a request for adequate protection, then the court "shall" prohibit or condition the use of such property on the provision of adequate protection. 11 U.S.C. § 363(e); *see In re WorldCom, Inc.*, 304 B.R. 611 (Bankr. S.D.N.Y. 2004);

*see also In re Metromedia Fiber Network, Inc.,* 290 B.R. 487, 491 (Bankr. S.D.N.Y. 2003) ("Section 363(e) is not permissive or discretionary…").

10. The Supreme Court has held that the term "interest" "is the most general term that can be employed to denote a right, claim, title, or legal share in something." *Russello v. U.S.*, 464 U.S. 16, 21 (1983).

11. A landlord undeniably holds an interest in the property that it owns and leases to a debtor, as well as an interest in the lease itself, the rents due under that lease, and the proceeds of the lease. *See In re Ames Department Stores, Inc.*, 136 B.R. 357, 359 (Bankr. S.D.N.Y. 1992) ("Section 363(e) of the Bankruptcy Code reserves for bankruptcy courts the discretion to condition the time, place and manner of Store Closing Sales, thereby providing adequate safeguards to protect shopping center landlords and their other tenants, while allowing the Trustee to fulfill its fiduciary obligations").

12. Where an estate may be administratively insolvent, as may be the case here, the court may provide landlords with adequate protection under Section 363(e). *See In re Goody's Family Clothing, Inc.*, 610 F.3d 812, 819 (3d Cir. 2010). Section 361(3) is clear that adequate protection may not take the form of a deferred administrative claim. See 11 U.S.C. § 361(3). Under section 361 of the Bankruptcy Code, only a contemporaneous transfer of value satisfies the requirements of adequate protection. *Id.* Such adequate protection should take the form of immediate cash payments for post-petition use of the Leased Premises. *See id.*; *In re Kellstrom Indus., Inc.*, 282 B.R. 787, 794 (Bankr. D. Del. 2002).

13. The Debtors have already announced their intention to sell substantially all of their assets, and deliver essentially all of the sale proceeds to their secured lenders. Facing the complete depletion of the Debtors' estates by their secured lenders, adequate protection for the

4

Debtors' use of the Landlord's property outside of the ordinary course of business to liquidate their secured lenders' collateral necessitates the immediate payment of the Stub Rent for the Leased Premises before any sale proceeds are distributed to the Debtors' secured lenders.

14. Accordingly, Landlord requests that the Court compel the Debtors to pay the Stub Rent due and owing under the Lease to Landlord immediately.

WHEREFORE, Landlord requests that this Court enter an order: (a) granting this Motion; (b) granting Landlord adequate protection and compelling the Debtor to immediately pay to Landlord the amount of not less than $37,906.01 for Stub Rent due under the Lease; and (c) granting Landlord such other and further relief as this Court deems just and appropriate under the circumstances.

Dated: April 14, 2016
Wilmington, Delaware

Respectfully submitted,

*/s/ Katherine Good*
L. Katherine Good (No. 5101)
Chantelle D. McClamb (No. 5978)
WHITEFORD, TAYLOR & PRESTON LLC
The Renaissance Centre
405 N. King Street, Suite 500
Wilmington, DE 19801
Telephone: (302) 353-4144
Facsimile: (302) 661-7950
Email:    kgood@wtplaw.com
          cmcclamb@wtplaw.com

- and -

Michelle V. Larson
ANDREWS KURTH LLP
1717 Main Street, Suite 3700
Dallas, Texas 75201
Tel: (214) 659-4400
Fax: (214) 659-4401
Email: michellelarson@andrewskurth.com

*Counsel for Shops at Bella Terra Owner, LP*