IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SPORTS AUTHORITY HOLDINGS, INC., *et al.*,[1] | Case No. 16-10527 (MFW) |
| Debtors. | Jointly Administered |
| | **Sale Objection Deadline:**<br>**May 13, 2016 at 4:00 p.m. (ET)** |
| | **Post-Main Auction Objection Deadline:**<br>**May 20, 2016 at 4:00 p.m. (ET)** |
| | **Main Auction Sale Hearing Date:**<br>**May 24, 2016 at 9:30 a.m. (ET)** |
| | **Closing Store Lease Sale Hearing Date:**<br>**May 25, 2016 at 9:30 a.m. (ET)** |

## NOTICE OF SALE, BID PROCEDURES, AUCTION AND SALE HEARINGS

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. On March 2, 2016, the affiliated debtors and debtors in possession in the above-captioned cases (each a "Debtor," and collectively, the "Debtors") filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") their motion [D.I. 106] (the "Motion") for the entry of: (a) an order (the "Bid Procedures Order"),[2] (i) scheduling an auction (the "Auction") and hearing (the "Sale Hearing") on approval of the proposed sale or disposition (the "Sale") of substantially all of the assets of the Debtors (the "Assets") or any portion thereof, free and clear of all liens, claims, encumbrances, and other interests, except certain permitted encumbrances as determined by the Debtors and any purchaser of the Assets (collectively, the "Encumbrances and Liabilities"), to the Successful Bidder(s) and authorizing the assumption and assignment of certain executory contracts and unexpired leases (collectively, the "Assigned Contracts") in connection therewith; (ii) authorizing and approving certain proposed bid procedures for the Sale (collectively, the "Bid Procedures"), certain proposed

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Sports Authority Holdings, Inc. (9008); Slap Shot Holdings, Corp. (8209); The Sports Authority, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664). The headquarters for the above-captioned Debtors is located at 1050 West Hampden Avenue, Englewood, Colorado 80110.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bid Procedures Order (including the Bid Procedures). Any summary of the Assignment Procedures and the Bid Procedures Order contained herein is qualified in its entirety by the actual terms and conditions thereof. To the extent that there is any conflict between any such summary and such actual terms and conditions, the actual terms and conditions shall control.

01:18574344.1

assumption and assignment procedures for the Assigned Contracts (collectively, the "Assignment Procedures"), and the form and manner of notice thereof; and (iii) granting related relief; and (b) an order (the "Sale Order"), (i) authorizing and approving the Debtors' entry into an agreement with the Successful Bidder(s) for all or a portion of the Assets; (ii) authorizing and approving the Sale, free and clear of all Encumbrances and Liabilities; (iii) authorizing and approving the assumption and assignment of the Assigned Contacts in connection therewith; and (iv) granting related relief.

2. Subsequent to filing the Motion, the Debtors bifurcated the sale process and tendered a revised form of Bid Procedures Order contemplating separate timelines for (a) the sale of substantially all of the Debtors' assets, and (b) the assumption, assignment and transfer of certain unexpired leases of nonresidential real property subject to the Debtors' store closing plan.

3. On April 14, 2016, the Bankruptcy Court entered the Bid Procedures Order [D.I. 1186]. Pursuant to the Bid Procedures Order, the Debtors have until **April 28, 2016 at 5:00 p.m. (ET)** (the "Stalking Horse Bid Deadline") to obtain Stalking Horse Bids for the Main Auction Assets (if any).

*Main Auction Bid Deadline*

4. Pursuant to the Bid Procedures, a Potential Bidder that desires to make a bid for the Main Auction Assets shall deliver an electronic copy of its bid to the parties identified in the Bid Procedures so as to be received on or before **May 11, 2016 at 5:00 p.m. (ET)** (the "Main Auction Bid Deadline") and otherwise comply with the Main Auction Bid Procedures. **FAILURE TO ABIDE BY THE BID PROCEDURES MAY RESULT IN A BID BEING REJECTED. ANY PARTY INTERESTED IN BIDDING ON THE MAIN AUCTION ASSETS SHOULD CONTACT BERNARD DOUTON (BERNARD.DOUTON@ROTHSCHILD.COM) AND MAHIR QURAISHI (MAHIR.QURAISHI@ROTHSCHILD.COM) WITH ROTHSCHILD INC., THE DEBTORS' INVESTMENT BANKER.**

*Closing Store Lease Bid Deadline*

5. Pursuant to the Bid Procedures, a Potential Bidder or Landlord that desires to make a bid solely for the Closing Store Leases shall deliver an electronic copy of its bid to the parties identified in the Bid Procedures so as to be received on or before **April 28, 2016 at 5:00 p.m. (ET)** (the "Closing Store Lease Bid Deadline") and otherwise comply with the Closing Store Lease Bid Procedures. **FAILURE TO ABIDE BY THE BID PROCEDURES MAY RESULT IN A BID BEING REJECTED. ANY PARTY INTERESTED IN BIDDING ON THE CLOSING STORE LEASES SHOULD CONTACT MICHAEL JERBICH (MICHAEL@AGREALTYPARTNERS.COM) WITH A&G REALTY PARTNERS, LLC, THE DEBTORS' REAL ESTATE ADVISOR.**

*Main Auction and Main Auction Sale Hearing*

6. Pursuant to the Main Auction Bid Procedures, in the event that the Debtors receive at least two Qualified Bids (or one Qualified Bid if there is also a Stalking Horse

Bid) by the Main Auction Bid Deadline with regard to any the Main Auction Assets or subset thereof, the Debtors will conduct an auction which shall commence on **May 16, 2016 at 10:00 a.m. (ET)** (the "Main Auction") at the offices of counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, 1000 N. King Street, Wilmington, DE, 19801, or such later time or such other place as the Debtors shall designate and notify to all Qualified Bidders who have submitted Qualified Bids. Only Qualified Bidders (including any Stalking Horse Bidder) shall be entitled to participate at the Main Auction.

7. If the Debtors do not receive any Stalking Horse Bid prior to the Stalking Horse Bid Deadline or Qualified Bids prior to the Main Auction Bid Deadline with respect to a particular portion of the Main Auction Assets (or all of the Main Auction Assets), the Debtors may, in consultation with the Consultation Parties (i) extend such Bid Deadline with respect to the subject Main Auction Assets, (ii) cancel the Main Auction and terminate the proposed Sale for the subject Main Auction Assets, or (iii) otherwise seek Bankruptcy Court relief.

8. Each Successful Bid and any Next-Highest Bid (or if no Qualified Bid other than that of a Stalking Horse Bidder or one Qualified Bidder is received with respect to a to the Main Auction Assets or subset thereof, then the Stalking Horse Bid or the Qualified Bidder, respectively) will be subject to approval by the Bankruptcy Court. The sale hearing solely as it pertains to the Successful Bidder(s) (the "Main Auction Sale Hearing") shall take place on **May 24, 2016 at 9:30 a.m. (ET)**. A subsequent hearing will be held, if necessary, on **May 27, 2016 at 10:00 a.m. (ET)** to consider approval of the Main Sale to the Next-Highest Bidder(s) in the event that the Successful Bidder(s) fails to close by the Closing Date (such hearing, the "Subsequent Main Sale Hearing"). The Main Auction Sale Hearing and/or the Subsequent Main Sale Hearing may be adjourned by the Debtors from time to time without further notice to creditors or other parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Main Auction Sale Hearing and/or the Subsequent Main Sale Hearing, respectively, or by filing a notice, which may be a hearing agenda, stating the adjournment, on the docket of the Debtors' chapter 11 cases.

*Closing Store Lease Auction and Closing Store Lease Sale Hearing*

9. Pursuant to the Closing Store Lease Bid Procedures, in the event that the Debtors receive at least two Qualified Bids by the Closing Store Lease Bid Deadline with regard to any Closing Store Leases, the Debtors will conduct an auction for such Closing Store Leases which shall commence on **May 4, 2016 at 10:00 a.m. (ET)** (the "Closing Store Lease Auction") at the offices of counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, 1000 N. King Street, Wilmington, DE, 19801, or such later time or such other place as the Debtors shall designate and notify to all Qualified Bidders who have submitted Qualified Bids. Only Qualified Bidders shall be entitled to participate at the Closing Store Lease Auction.

10. Each Successful Bid and any Next-Highest Bid for a Closing Store Lease will be subject to approval by the Bankruptcy Court. The Closing Store Lease Sale Hearing to approve each Successful Bidder shall take place on **May 25, 2016 at 9:30 a.m. (ET)**. The Closing Store Lease Sale Hearing to approve the Next-Highest Bid, if necessary, shall be held at a later date and time to be determined, on notice to all interested parties. The Closing Store Lease Sale Hearing may be adjourned by the Debtors from time to time without further notice to

01:18574344.1

creditors or other parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Closing Store Lease Sale Hearing or by filing a notice, which may be a hearing agenda, stating the adjournment, on the docket of the Debtors' chapter 11 cases.

*Sale Objections*

11. Any objections to the Main Auction Sale or a Closing Store Lease Sale (and with respect to the Closing Store Lease Sale, objections related to the conduct at the auction), or the relief requested in connection with the Sales, including objections to entry of a proposed order approving the Main Auction Sale or a Closing Store Lease Sale, respectively (a "Sale Objection"),[3] other than a Post-Main Auction Objection (as defined below) must: (i) be in writing; (ii) signed by counsel or attested to by the objecting party; (iii) in conformity with the applicable provisions of the Bankruptcy Rules and the Local Rules; (iv) state with particularity the legal and factual basis for the objection and the specific grounds therefor; (v) be filed with the Clerk of the Court, 824 N. Market Street, 3rd Floor, Wilmington, DE 19801, together with proof of service, **on or before 4:00 p.m. (ET) on May 13, 2016** (the "Sale Objection Deadline"); and (vi) be served, so as to be actually received on or before the Sale Objection Deadline, upon (a) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801 (Attn: Michael R. Nestor, Esq. and Andrew L. Magaziner, Esq.), and Gibson, Dunn & Crutcher LLP, 333 South Grand Avenue, Los Angeles, California 90071, (Attn: Robert A. Klyman, Esq. and Matthew J. Williams, Esq.), counsel to the Debtors; (b) Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, DE 1980 (Attn: Bradford J. Sandler, Esq., Robert J. Feinstein, Esq., and Jeffery N. Pomerantz, Esq.) proposed counsel to the Committee; (c) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Hannah J. McCollum, Esq.); (d) Riemer & Braunstein LLP, Three Center Plaza, Boston, Massachusetts 02108 (Attn: Donald E. Rothman, Esq.) as counsel for Bank of America, N.A., in its capacity as (A) DIP Agent under the proposed Debtor-in-Possession Credit Agreement, and (B) Administrative Agent and Collateral Agent under the Second Amended and Restated Credit Agreement, dated as of May 17, 2012; (e) Brown Rudnick LLP, Seven Times Square, New York, NY 10036 (Attn: Robert J. Stark, Esq. and Bennett S. Silverberg, Esq.) as counsel for (A) Wilmington Savings Fund Society, FSB as Administrative Agent and Collateral Agent under the Amended and Restated Credit Agreement, dated as of May 3, 2006 and amended and restated as of November 16, 2010 and (B) certain Term Lenders under the Amended and Restated Credit Agreement, dated as of May 3, 2006 and amended and restated as of November 16, 2010; (f) Choate, Hall & Stewart LLP, Two International Place, Boston, Massachusetts 02110 (Attn: Kevin J. Simard, Esq.) as counsel for Wells Fargo Bank, National Association, in its capacity as FILO Agent under the Second Amendment to Second Amended and Restated Credit Agreement, dated as of November 3, 2015; and (g) O'Melveny & Meyers LLP, 7 Times Square, Broadway, New York, NY 10036 (Attn: John J. Rapisardi, Esq.), as counsel for certain holders of 11.5% Senior Subordinated Notes Due February 19, 2018 under the Securities Purchase Agreement, dated as of May 3, 2006 (collectively, the "Notice Parties").

---

[3] The deadlines for filing Cure Cost Objections, Stalking Horse Assignment Objections, Main Auction Assignment objections and Closing Store Assignment Objections shall be governed by the Assignment Procedures.

01:18574344.1

4

*Post-Main Auction Objections*

12. Any objections solely with respect to conduct at the Main Auction and the proposed adequate assurance of future performance provided by the Successful Bidder(s) and applicable Next-Highest Bidders (a "Post-Main Auction Objection") must: (i) be in writing; (ii) signed by counsel or attested to by the objecting party; (iii) in conformity with the applicable provisions of the Bankruptcy Rules and the Local Rules; (iv) state with particularity the legal and factual basis for the objection and the specific grounds therefor; (v) be filed with the Clerk of the Court, 824 N. Market Street, 3rd Floor, Wilmington, DE 19801, together with proof of service, **on or before 4:00 p.m. (ET) on May 20, 2016** (the "Post-Main Auction Objection Deadline"); and (vi) be served, so as to be actually received on or before the Post-Main Auction Objection Deadline, upon the Notice Parties.

13. If a Sale Objection is not filed and served on or before the applicable Sale Objection Deadline or Post-Main Auction Objection is not filed and served on or before the Post-Main Auction Objection Deadline in accordance with the foregoing requirements, the Court may enter a Main Auction Sale Order and/or Closing Store Lease Sale Order(s) without further notice to such party.

14. All interested parties are advised that certain vendors (collectively, the "Consignment Vendors"), provided goods to the Debtors ("Consigned Goods") pursuant to certain pay-by-scan agreements (each a "Vendor Agreement") prior to the Petition Date. A chart containing (i) the identity of each Consignment Vendor, together with a cost value of the applicable Consigned Goods as of the Petition Date, and (ii) the identity of those Consignment Vendors who assert that their Vendor Agreement terminated prepetition, shall be provided to each Potential Bidder. Certain Consignment Vendors assert (i) full legal and beneficial title to the Consigned Goods, (ii) that such Consigned Goods are not property of the Debtors' estates within the meaning of 11 U.S.C. § 541, and (iii) that pursuant to certain of the Vendor Agreements, Consigned Goods cannot be sold below certain costs, and other Consigned Goods cannot be sold at discounts without the Consignment Vendors' express consent. Certain Consignment Vendors have informed the Debtors that they do not consent to the continued sale of their Consigned Goods and/or that they intend to object to any sale contemplating the sale of such Consigned Goods. In addition, certain Consignment Vendors assert that their prepetition agreements with the Debtors authorizing the Debtors to sell applicable Consigned Goods received by the Debtors prior to March 2, 2016, terminated prior to the Petition Date. The Debtors contest the assertions by applicable Consignment Vendors, have commenced adversary proceedings against the Consignment Vendors for declaratory relief related to the Debtors' rights in the Consigned Goods, and intend to defend the sale of Consigned Goods against any objections. The Prepetition Agents and the DIP Agents claim a senior perfected lien on all goods delivered prepetition by the alleged Consignment Vendors, which vendors have signed agreements with the Debtors acknowledging that their agreements constitute a consignment under Section 9-102 of the Uniform Commercial Code ("UCC"). As such, the Prepetition Agents and the DIP Agents assert that under Article 9 of the UCC, the claimed retention of title is ineffective as against secured lenders and other creditors of the Debtors, unless and only to the extent that the Consignment Vendor has perfected its purchase money security interest in its goods in accordance with Article 9 of the UCC. The Consignment Vendors dispute the arguments put forth by the Debtors, Prepetition Agents and DIP Agents, respectively.

01:18574344.1

15. Copies of the Motion, the Main Auction Bid Procedures, the Closing Store Lease Bid Procedures, the Bid Procedures Order, and the Assignment Procedures may be obtained by parties in interest free of charge on the dedicated webpage related to the Debtors' chapter 11 cases maintained by the claims and noticing agent in these cases (http://kccllc.net/sportsauthority. Copies of such documents are also available for inspection during regular business hours at the Clerk of the Bankruptcy Court, 824 N. Market Street, 3rd Floor, Wilmington, DE 19801, and may be viewed for a fee on the internet at the Court's website (http://www.deb.uscourts.gov/) by following the directions for accessing the ECF system on such website.

Dated: April 15, 2016
      Wilmington, Delaware

*/s/ Andrew L. Magaziner*
Michael R. Nestor (No. 3526)
Kenneth J. Enos (No. 4454)
Andrew L. Magaziner (No. 5426)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
mnestor@ycst.com
kenos@ycst.com
amagaziner@ycst.com

-and-

Robert A. Klyman (CA No. 142723)
Matthew J. Williams (NY No. 3019106)
Keith R. Martorana (NY No. 4576971)
Jeremy L. Graves (CO No. 45522)
Sabina Jacobs (CA No. 274829)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-1512
Telephone: (213) 229-7000
Facsimile: (213) 229-7520
rklyman@gibsondunn.com
mjwilliams@gibsondunn.com
jgraves@gibsondunn.com
sjacobs@gibsondunn.com

*Counsel to the Debtors and Debtors in Possession*

01:18574344.1