**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SPORTS AUTHORITY HOLDINGS, INC., *et al.*,[1] | Case No. 16-10527 (MFW) |
| Debtors. | (Jointly Administered) |
| | Objection Deadline:  April 22, 2016 at 12:00 NOON (ET)<br>Hearing Date:  April 26, 2016 at 11:30 a.m. (ET) |

**DEBTORS' MOTION FOR ORDER, PURSUANT TO BANKRUPTCY CODE
SECTION 107(b), BANKRUPTCY RULE 9018 AND LOCAL RULE 9018-1(b),
AUTHORIZING DEBTORS TO FILE EXHIBIT I TO THE DEBTORS'
KEY EMPLOYEE RETENTION PROGRAM UNDER SEAL**

The Sports Authority, Inc. and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), hereby file this motion (the "**Motion**") for entry of an order authorizing the Debtors to file under seal Exhibit I ("**KERP Exhibit I**") to the Debtors' key employee retention program (the "**KERP**"), which itself is attached as an exhibit to the *Debtors' Motion for Order Approving Key Employee Retention Program* (the "**KERP Motion**").[2]  In support of this Motion, the Debtors respectfully represent as follows:

**JURISDICTION AND VENUE**

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b), and the Debtors consent to the entry of a final order by the Court in

---

[1]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  Sports Authority Holdings, Inc. (9008); Slap Shot Holdings, Corp. (8209); The Sports Authority, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664).  The headquarters for the above-captioned Debtors is located at 1050 West Hampden Avenue, Englewood, Colorado 80110.

[2]  Capitalized terms used herein and not otherwise defined have the respective meanings set forth in the KERP Motion.

connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory and legal predicates for the relief requested herein are sections 107(b) of Title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

## BACKGROUND

3.      On March 2, 2016 (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**") with the United States Bankruptcy Court for the District of Delaware (the "**Court**").  Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to manage their financial affairs as debtors in possession.  No trustee or examiner has been appointed in these Chapter 11 Cases.  On March 10, 2016, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Committee**").

4.      Information regarding the Debtors' history and business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Jeremy Aguilar in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 22], which was filed on the Petition Date.

2

## RELIEF REQUESTED

5.     By this Motion, the Debtors seek entry of an order (i) authorizing them to file KERP Exhibit I under seal and (ii) directing parties to redact Confidential Information (defined below) in future pleadings.

## BASIS FOR RELIEF REQUESTED

6.     Section 107(b) of the Bankruptcy Code enables the court to issue orders that protect parties from the potential harm that could result from disclosing confidential information:

> On the request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may . . . an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

7.     Bankruptcy Rule 9018 provides the procedures by which a party may seek relief under section 107(b) of the Bankruptcy Code:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

8.     If the court finds that an interested party is requesting information covered by section 107(b) of the Bankruptcy Code "the court is required to protect a requesting party and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d. Cir. 1994).  Delaware courts have defined "commercial information" as "information which would result in an 'unfair advantage to competitors by providing them with information as to the commercial operations of the debtor." *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (quoting *Orion Pictures*, 21 F.3d at 27–28).

9.     Here, sufficient cause exists for the Court to grant the Motion.  KERP Exhibit I contains sensitive non-public information—it identifies the participants in the KERP (the

"**KERP Participants**"), as well as their positions, salaries, and projected payments under the KERP (the "**Confidential Information**").  The KERP Participants are key employees of the Debtors and their identities and compensation details are commercial information that must be protected from the Debtors' competitors.  If the KERP Participants and their salaries were disclosed, the Debtors' competitors would gain an unfair advantage because they could potentially use such information to lure the KERP Participants away from the Debtors by offering enhanced compensation and benefits.  As discussed in detail in the KERP Motion, the KERP Participants are critical to the Debtors' operations and losing them would impair the Debtors' business operations and negatively affect the Debtors' ability to preserve and maximize the value of the Debtors' estates.

10.     In addition, and perhaps more importantly, public disclosure of the names of the KERP Participants, along with sensitive compensation information, may cause harm or distress to the KERP Participants, thus lowering employee morale and further disrupting the functioning of the Debtors' business.  These negative results are the very harm to the Debtors that the KERP Motion seeks to avoid.  Finally, the KERP Participants are non-insiders of the Debtors and information about non-insiders, such as their individual salaries, is not typically part of the public record in chapter 11 cases.

11.     For the above reasons, the Debtors respectfully request that the Court permit the Debtors to file KERP Exhibit I under seal.  To the extent that parties file responsive pleadings to this Motion or the KERP Motion, the Debtors respectfully request that the Court order such parties to redact any Confidential Information in their pleadings, without the need for further orders from the Court.

12.     The Debtors will provide KERP Exhibit I to the Court, the U.S. Trustee, the Debtors' prepetition and postpetition secured lenders, and counsel to the Committee on a confidential basis and subject to Local Rule 9018-1(d).

## NOTICE

13.     Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) Riemer & Braunstein LLP (attn.: Donald Rothman) as counsel for (i) Bank of America, N.A., in its capacity as Administrative Agent and Collateral Agent under the Second Amended and Restated Credit Agreement, dated as of May 17, 2012, and (ii) certain DIP Lenders under the Debtors' proposed postpetition financing facility; (c) Brown Rudnick LLP (attn.: Robert Stark and Bennett Silverberg) as counsel for (i) Wilmington Savings Fund Society, FSB as Administrative Agent and Collateral Agent under the Amended and Restated Credit Agreement, dated as of May 3, 2006 and amended and restated as of November 16, 2010 and (ii) certain Term Lenders under the Amended and Restated Credit Agreement, dated as of May 3, 2006 and amended and restated as of November 16, 2010; (d) Choate, Hall & Stewart LLP (attn.: Kevin Simard) as counsel for (i) Wells Fargo Bank, National Association, in its capacity as FILO Agent under the Second Amendment to Second Amended and Restated Credit Agreement, dated as of November 3, 2015, and (ii) certain DIP Lenders under the Debtors' proposed postpetition financing facility; (e) O'Melveny & Meyers LLP (attn: John Rapisardi) as counsel for certain holders of 11.5% Senior Subordinated Notes Due February 19, 2018 under the Securities Purchase Agreement, dated as of May 3, 2006; (f) all holders of 11.5% Senior Subordinated Notes Due February 19, 2018 under the Securities Purchase Agreement, dated as of May 3, 2006; (g) proposed counsel to the Committee; and (h) all parties that have filed a notice of appearance and request for service

of papers pursuant to Bankruptcy Rule 2002.  The Debtors respectfully submit that, in light of the nature of the relief requested, no other notice need be given.

<u>**CONCLUSION**</u>

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, granting the relief requested herein and granting the Debtors such other and further relief as is just and proper.

Dated:    April 15, 2016           _/s/ Kenneth J. Enos_
           Wilmington, Delaware     Michael R. Nestor (No. 3526)
                                 Kenneth J. Enos (No. 4544)
                                 Andrew L. Magaziner (No. 5426)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
mnestor@ycst.com
kenos@ycst.com
amagaziner@ycst.com

-and-

Robert A. Klyman (CA No. 142723)
Matthew J. Williams (NY No. 3019106)
Jeremy L. Graves (CO No. 45522)
Sabina Jacobs (CA No. 274829)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-1512
Telephone: (213) 229-7000
Facsimile: (213) 229-7520
rklyman@gibsondunn.com
mjwilliams@gibsondunn.com
jgraves@gibsondunn.com
sjacobs@gibsondunn.com

Counsel to the Debtors