# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SPORTS AUTHORITY HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 16-10527 (MFW)<br><br>(Jointly Administered)<br><br>Objection Deadline: N/A<br>Hearing Date: N/A |

**DEBTORS' MOTION FOR ORDER SHORTENING THE TIME FOR (I) DEBTORS' MOTION FOR ORDER APPROVING KEY EMPLOYEE RETENTION PROGRAM AND (II) DEBTORS' MOTION FOR ORDER, PURSUANT TO BANKRUPTCY CODE SECTION 107(b), BANKRUPTCY RULE 9018 AND LOCAL RULE 9018-1(b), AUTHORIZING DEBTORS TO FILE EXHIBIT I TO THE DEBTORS' KEY EMPLOYEE RETENTION PROGRAM UNDER SEAL**

On the date hereof, The Sports Authority, Inc. and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") filed (i) *Debtors' Motion for Order Approving Key Employee Retention Program* (the "**KERP Motion**") and (ii) *Debtors' Motion for Order, Pursuant to Bankruptcy Code Section 107(b), Bankruptcy Rule 9018 and Local Rule 9018-1(b), Authorizing Debtors to File Exhibit I to the Debtors' Key Employee Retention Program Under Seal* (the "**Seal Motion**" and together with the KERP Motion, the "**Motions**").[2] The Debtors hereby move this Court, pursuant to Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), for the entry of an order shortening the time for notice of the hearing to consider the Motions so that the matters may be heard on April 26, 2016 at 11:30 a.m. (ET) (the "**April 26 Hearing**") with objections due on April 22, 2016 by 12:00 NOON (ET).

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Sports Authority Holdings, Inc. (9008); Slap Shot Holdings, Corp. (8209); The Sports Authority, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664). The headquarters for the above-captioned Debtors is located at 1050 West Hampden Avenue, Englewood, Colorado 80110.

[2] All terms not otherwise defined herein shall be given the meanings ascribed to them in the KERP Motion.

01:18556546.1

1. Rule 2002 of the Federal Rules of Bankruptcy Procedure requires twenty (21) days' notice prior to the hearing date for motions involving the use of estate property. *See* Fed. R. Bankr. P. 2002(a)(2). Further, Local Rule 9006-1(i) provides that "[u]nless the Fed. R. Bankr. P. or these Local Rules state otherwise, all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least eighteen (18) days (twenty-one (21) days if service is by first class mail; nineteen (19) days if service is by overnight delivery) prior to the hearing date." *See* Del. Bankr. L.R. 9006-1(i). Local Rule 9006-1(e) provides that such periods may be shortened by order of the Court upon written motion specifying the exigencies supporting shortened notice. *See id.* at 9006-1(e).

2. The Debtors submit that there is sufficient cause to justify shortening the notice period for the hearing on the Motions. As more particularly set forth in the KERP Motion, the Debtors believe that the timely implementation of the KERP is of vital importance. The KERP will accomplish a sound business purpose as it will allow the Debtors to combat the declines in employee morale that have arisen from the Debtors' current circumstances and the unease that employees have developed since the commencement of the Chapter 11 Cases. At this critical time in the chapter 11 process, the Debtors seek expedited approval of the KERP in order to increase the likelihood that the proceeds received by the Debtors through the sale or liquidation of their assets are maximized, as well as preserved, during the Chapter 11 Cases. In addition, the KERP should prevent the KERP Participants from seeking alternative employment while the Chapter 11 Cases are pending. The harm to the value of the Debtors' estates, which will occur if key employees depart for other opportunities during the Chapter 11 Cases, cannot be overstated. As set forth in the Seal Motion, it is critical that the Debtors be authorized to file Exhibit I to the KERP under seal so that key details regarding the KERP Participants are not publicly disclosed.

3. The Debtors' financial difficulties in the months preceding the Petition Date, the commencement of the Chapter 11 Cases, and the pending sale processes have caused significant concerns among all of the Debtors' employees regarding the Debtors' future prospects. It is therefore critical that the KERP be approved as soon as possible so that the confidence and morale of the KERP Participants is able to be maintained. Accordingly, the Debtors submit that there is ample justification to schedule an expedited hearing on the Motions and shorten the applicable notice provisions so that the Motions can be heard at the April 26 Hearing. The details of the KERP have already been shared with the Committee and the Term Loan Agent, and neither of these parties opposes the relief requested herein, nor the approval of the KERP itself. The Debtors do not belief that the relief requested herein will unfairly prejudice any party.

4. Notice of the Motions has been provided by overnight mail, hand delivery, or electronic mail on: (a) the U.S. Trustee; (b) Riemer & Braunstein LLP as counsel for (i) Bank of America, N.A., in its capacity as Administrative Agent and Collateral Agent under the Second Amended and Restated Credit Agreement, dated as of May 17, 2012, and (ii) certain DIP Lenders under the Debtors' proposed postpetition financing facility; (c) Brown Rudnick LLP as counsel for (i) Wilmington Savings Fund Society, FSB as Administrative Agent and Collateral Agent under the Amended and Restated Credit Agreement, dated as of May 3, 2006 and amended and restated as of November 16, 2010 and (ii) certain Term Lenders under the Amended and Restated Credit Agreement, dated as of May 3, 2006 and amended and restated as of November 16, 2010; (d) Choate, Hall & Stewart LLP as counsel for (i) Wells Fargo Bank, National Association, in its capacity as FILO Agent under the Second Amendment to Second Amended and Restated Credit Agreement, dated as of November 3, 2015, and (ii) certain DIP Lenders under the Debtors' proposed postpetition financing facility; (e) O'Melveny & Meyers

LLP as counsel for certain holders of 11.5% Senior Subordinated Notes Due February 19, 2018 under the Securities Purchase Agreement, dated as of May 3, 2006; (f) all holders of 11.5% Senior Subordinated Notes Due February 19, 2018 under the Securities Purchase Agreement, dated as of May 3, 2006; (g) proposed counsel to the Committee; and (h) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002

5. Based upon the foregoing, the Debtors submit that ample cause exists to shorten the notice period for the hearing on the Motions. Accordingly, the Debtors request that the Motions be scheduled for the April 26 Hearing, with objections due on April 22, 2016, at 12:00 NOON (ET), or at such other time as the Court deems appropriate.

WHEREFORE, the Debtors respectfully request that the Court enter an Order granting the relief requested herein and such other and further relief as is just and proper.

Dated: April 15, 2016
Wilmington, Delaware

 */s/ Kenneth J. Enos*
Michael R. Nestor (No. 3526)
Kenneth J. Enos (No. 4544)
Andrew L. Magaziner (No. 5426)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
mnestor@ycst.com
kenos@ycst.com
amagaziner@ycst.com

-and-

Robert A. Klyman (CA No. 142723)
Matthew J. Williams (NY No. 3019106)
Jeremy L. Graves (CO No. 45522)
Sabina Jacobs (CA No. 274829)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-1512
Telephone: (213) 229-7000
Facsimile: (213) 229-7520
rklyman@gibsondunn.com
mjwilliams@gibsondunn.com
jgraves@gibsondunn.com
sjacobs@gibsondunn.com

Counsel to the Debtors