# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SPORTS AUTHORITY HOLDINGS, INC., *et al.*,[1] | Case No. 16-10527 (MFW) |
| Debtors. | Jointly Administered |
| | **Cure Cost Objection Deadline:** April 29, 2016 at 4:00 p.m. (ET) |
| | **Stalking Horse Assignment Objection Deadline:** May 13, 2016 at 4:00 p.m. (ET) |
| | **Closing Store Lease Sale Objection Deadline:** May 13, 2016 at 4:00 p.m. (ET) |
| | **Main Auction Assignment Objection Deadline:** May 20, 2016 at 4:00 p.m. (ET) |
| | **Main Auction Sale Hearing Date:** May 24, 2016 at 9:30 a.m. (ET) |
| | **Closing Store Lease Sale Hearing Date:** May 25, 2016 at 9:30 a.m. (ET) |

## NOTICE OF POSSIBLE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH SALES

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. On March 2, 2016, the affiliated debtors and debtors in possession in the above-captioned cases (each a "Debtor," and collectively, the "Debtors") filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") their motion [D.I. 106] (the "Motion") for the entry of: (a) an order (the "Bid Procedures Order"),[2] (i) scheduling an auction (the "Auction") and hearing (the "Sale Hearing") on approval of the proposed sale or

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Sports Authority Holdings, Inc. (9008); Slap Shot Holdings, Corp. (8209); The Sports Authority, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664). The headquarters for the above-captioned Debtors is located at 1050 West Hampden Avenue, Englewood, Colorado 80110.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bid Procedures Order (including the Bid Procedures). Any summary of the Assignment Procedures and the Bid Procedures Order contained herein is qualified in its entirety by the actual terms and conditions thereof. To the extent that there is any conflict between any such summary and such actual terms and conditions, the actual terms and conditions shall control.

disposition (the "Sale") of substantially all of the assets of the Debtors (the "Assets") or any portion thereof, free and clear of all liens, claims, encumbrances, and other interests, except certain permitted encumbrances as determined by the Debtors and any purchaser of the Assets (collectively, the "Encumbrances and Liabilities"), to the Successful Bidder(s) and authorizing the assumption and assignment of certain executory contracts (the "Contracts") and unexpired leases of nonresidential real property (the "Leases" and together with the Contracts, the "Assigned Contracts") in connection therewith; (ii) authorizing and approving certain proposed bid procedures for the Sale (collectively, the "Bid Procedures"), certain proposed assumption and assignment procedures for the Assigned Contracts (collectively, the "Assignment Procedures"), and the form and manner of notice thereof; and (iii) granting related relief; and (b) an order (the "Sale Order"), (i) authorizing and approving the Debtors' entry into an agreement with the Successful Bidder(s) for all or a portion of the Assets; (ii) authorizing and approving the Sale, free and clear of all Encumbrances and Liabilities; (iii) authorizing and approving the assumption and assignment of the Assigned Contacts in connection therewith; and (iv) granting related relief.

2.     Subsequent to filing the Motion, the Debtors bifurcated the sale process and tendered a revised form of Bid Procedures Order contemplating separate timelines for (a) the sale of substantially all of the Debtors' assets, and (b) the assumption, assignment and transfer of certain unexpired leases of nonresidential real property subject to the Debtors' store closing plan.

3.     On April 14, 2016, the Bankruptcy Court entered the Bid Procedures Order [D.I 1186], thereby approving the Closing Store Lease Bid Procedures, the Main Auction Bid Procedures and the Assignment Procedures.

*Cure Costs and Related Objection Deadline*

4.     To facilitate the Sales, the Debtors are potentially seeking to assume and assign the Assigned Contracts to any Successful Bidder, in accordance with the Assignment Procedures provided for in the Bid Procedures Order. Each of the Debtors' Contracts is identified on Exhibit 1-A attached hereto, and each of the Debtors' Leases are identified on Exhibit 1-B attached hereto. The inclusion of any Contract on Exhibit 1-A or any Lease on Exhibit 1-B does not constitute an admission that a particular Contract or Lease is an executory contract or unexpired lease of real property or require or guarantee that such Contract or Lease will be assumed and assigned, and all rights of the Debtors with respect thereto are reserved. The cure amount (each, a "Cure Cost"), if any, that the Debtors believe is required to be paid to the applicable counterparty (each, a "Non-Debtor Counterparty," and collectively, the "Non-Debtor Counterparties") to each of the Contracts and Leases under section 365(b)(1)(A) and (B) of the Bankruptcy Code is identified on Exhibits 1-A and 1-B attached hereto.

5.     If a Non-Debtor Counterparty objects to the Cure Costs for its applicable Contract or Lease, the Non-Debtor Counterparty must file with the Bankruptcy Court and serve on the Notice Parties (as defined below) a written objection (a "Cure Cost Objection"). Any Cure Cost/Assignment Objection shall: (i) be in writing; (ii) state with specificity the nature of such objection, including the amount of Cure Costs in dispute; and (iii) be filed with the Bankruptcy Court and properly served on the Notice Parties so as to be received no later than **4:00 p.m. (ET) on April 29, 2016** (the "Cure Cost Objection Deadline"). The "Notice Parties"

01:18574458.1

are as follows: (a) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801 (Attn: Michael R. Nestor, Esq. and Andrew L. Magaziner, Esq.), and Gibson, Dunn & Crutcher LLP, 333 South Grand Avenue, Los Angeles, California 90071, (Attn: Robert A. Klyman, Esq. and Matthew J. Williams, Esq.), counsel to the Debtors; (b) Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, DE 1980 (Attn: Bradford J. Sandler, Esq., Robert J. Feinstein, Esq., and Jeffery N. Pomerantz, Esq.) proposed counsel to the Committee; (c) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Hannah J. McCollum, Esq.); (d) Riemer & Braunstein LLP, Three Center Plaza, Boston, Massachusetts 02108 (Attn: Donald E. Rothman, Esq.) as counsel for Bank of America, N.A., in its capacity as (A) DIP Agent under the proposed Debtor-in-Possession Credit Agreement, and (B) Administrative Agent and Collateral Agent under the Second Amended and Restated Credit Agreement, dated as of May 17, 2012; (e) Brown Rudnick LLP, Seven Times Square, New York, NY 10036 (Attn: Robert J. Stark, Esq. and Bennett S. Silverberg, Esq.) as counsel for (A) Wilmington Savings Fund Society, FSB as Administrative Agent and Collateral Agent under the Amended and Restated Credit Agreement, dated as of May 3, 2006 and amended and restated as of November 16, 2010 and (B) certain Term Lenders under the Amended and Restated Credit Agreement, dated as of May 3, 2006 and amended and restated as of November 16, 2010; (f) Choate, Hall & Stewart LLP, Two International Place, Boston, Massachusetts 02110 (Attn: Kevin J. Simard, Esq.) as counsel for Wells Fargo Bank, National Association, in its capacity as FILO Agent under the Second Amendment to Second Amended and Restated Credit Agreement, dated as of November 3, 2015; and (g) O'Melveny & Meyers LLP, 7 Times Square, Broadway, New York, NY 10036 (Attn: John J. Rapisardi, Esq.), as counsel for certain holders of 11.5% Senior Subordinated Notes Due February 19, 2018 under the Securities Purchase Agreement, dated as of May 3, 2006.

*Bid Deadlines and Delivery of Adequate Assurance Information*

6. Pursuant to the Bid Procedures Order, the Debtors have until **April 28, 2016 at 5:00 p.m. (ET)** (the "Stalking Horse Bid Deadline") to obtain Stalking Horse Bids for the Main Auction Assets (if any).

7. Pursuant to the Bid Procedures, a Potential Bidder that desires to make a bid for the Main Auction Assets shall deliver an electronic copy of its bid to the parties identified in the Bid Procedures so as to be received on or before **May 11, 2016 at 5:00 p.m. (ET)** (the "Main Auction Bid Deadline").

8. Pursuant to the Bid Procedures, a Potential Bidder or Landlord that desires to make a bid solely for the Closing Store Leases shall deliver an electronic copy of its bid to the parties identified in the Bid Procedures so as to be received on or before **April 28, 2016 at 5:00 p.m. (ET)** (the "Closing Store Lease Bid Deadline").

9. Within one business day following the Stalking Horse Bid Deadline, the Main Auction Bid Deadline and Closing Store Lease Bid Deadline, as applicable, the Debtors will deliver to each affected Non-Debtor Counterparty the Adequate Assurance Information (as defined in the respective Bid Procedures) related solely to any Bids received for the Non-Debtor Counterparty's applicable Contract or Lease; provided, however, that each Non-Debtor

Counterparty shall keep such Adequate Assurance Information confidential, and shall be restricted from using or disclosing such information to any third party other than in connection with an Assignment Objection (as defined below), and in the event that such Non-Debtor Counterparty files any such Assignment Objection, it shall file any portion of such pleading containing any Adequate Assurance Information under seal.  Delivery of the Adequate Assurance Information shall be made via e-mail to counsel for such Non-Debtor Counterparty (if such counsel and e-mail address have been previously identified to the Debtors by the Non-Debtor Counterparty or via the filing of a notice of appearance) or otherwise via overnight mail to the address of record for the Non-Debtor Counterparty.

*Main Auction Sale – Assignment Objections*

10. If a Non-Debtor Counterparty objects to the proposed assumption, assignment and/or transfer of its Contract or Lease (including the transfer of any related rights or benefits thereunder) to any Stalking Horse Bidder (including the identity of any adequate assurance of future performance provided by any Stalking Horse Bidder), the Non-Debtor Counterparty must file with the Bankruptcy Court and serve on the Notice Parties (as defined in paragraph 5 hereof) a written objection (a "Stalking Horse Assignment Objection").  Any Stalking Horse Assignment Objection shall:  (i) be in writing; (ii) state with specificity the nature of such objection; and (iii) be filed with the Bankruptcy Court and properly served on the Notice Parties so as to be received no later than **4:00 p.m. (ET) on May 13, 2016** (the "Stalking Horse Assignment Objection Deadline").

11. If a Non-Debtor Counterparty objects to the proposed assumption, assignment and/or transfer of its Contract or Lease, as applicable, to any Successful Bidder or Next-Highest Bidder at the Main Auction (including the identity of and adequate assurance of future performance provided by such Successful Bidder or Next-Highest Bidder), including any supplemental objection to a Stalking Horse Bidder (initial objections to any Stalking Horse Bidder must be filed by May 13, 2016 at 4:00 p.m. (ET)), the Non-Debtor Counterparty must file with the Bankruptcy Court and serve on the Notice Parties a written objection (a "Main Auction Assignment Objection").  Any Main Auction Assignment Objection shall:  (i) be in writing; (ii) state with specificity the nature of such objection; and (iii) be filed with the Bankruptcy Court and properly served on the Notice Parties (as defined in paragraph 5 hereof) so as to be received no later than **4:00 p.m. (ET) on May 20, 2016** (the "Main Auction Assignment Objection Deadline").

*Closing Store Lease Sale – Assignment Objections*

12. Objections, if any, to the proposed assumption, assignment and/or transfer of a Contract or Lease to any Successful Bidder in the Closing Store Lease Auction (including the identity of and adequate assurance of future performance provided by such Successful Bidder) (such objection, a "Closing Store Assignment Objection, and collectively with the Stalking Horse Assignment Objections  and the Main Auction Assignment Objections, the "Assignment Objections") must (x) be in writing; (y) state with specificity the nature of such objection; and (z) be filed with the Court and properly served on the Notice Parties (as defined in paragraph 5 hereof) so as to be received no later than **4:00 p.m. (prevailing Eastern Time) on May 13, 2016** (the "Closing Store Assignment Objection Deadline").

*Sale Hearings*

13. The Main Auction Sale Hearing, solely as it pertains to the Successful Bidder, shall take place on **May 24, 2016 at 9:30 a.m. (ET)**. A subsequent hearing will be held, if necessary, on **May 27, 2016 at 10:00 a.m. (ET)** to consider approval of the Main Sale to the Next-Highest Bidder(s) in the event that the Successful Bidder(s) fails to close by the Closing Date (such hearing, the "Subsequent Main Sale Hearing"). The Main Auction Sale Hearing and/or the Subsequent Main Sale Hearing may be adjourned by the Debtors from time to time without further notice to creditors or other parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Main Auction Sale Hearing or the Subsequent Main Sale Hearing, respectively, or by filing a notice, which may be a hearing agenda, stating the adjournment, on the docket of the Debtors' chapter 11 cases.

14. The Closing Store Lease Sale Hearing shall take place on **May 25, 2016 at 9:30 a.m. (ET)**. The Closing Store Lease Sale Hearing may be adjourned by the Debtors from time to time without further notice to creditors or other parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Closing Store Lease Sale Hearing or by filing a notice, which may be a hearing agenda, stating the adjournment, on the docket of the Debtors' chapter 11 cases.

15. At the Main Auction Sale Hearing, the Subsequent Main Sale Hearing and the Closing Store Lease Sale Hearing, the Debtors may seek Bankruptcy Court approval of the assumption and assignment to any Successful Bidder or Next-Highest Bidder, as applicable, of those Contracts and Leases that have been selected by the applicable Successful Bidder or Next-Highest Bidder to be assumed and assigned. The Debtors and their estates reserve any and all rights with respect to any Contracts and Leases that are not ultimately assigned to the Successful Bidder or Next-Highest Bidder.

*Failure to File and Serve Objections*

16. Any Non-Debtor Counterparty to a Contract or Lease that fails to timely file and properly serve a Cure Cost Objection or Assignment Objection as provided herein will (i) be forever barred from objecting to the Cure Costs and from asserting any additional cure or other amounts with respect to such Contract or Lease in the event it is assumed and/or assigned by the Debtors and the Debtors shall be entitled to rely solely upon the Cure Costs, and (ii) be deemed to have consented to the assumption, assignment and/or transfer of such Contract (including the transfer of any related rights and benefits thereunder) to the relevant Successful Bidder or Next-Highest Bidder (if applicable) and shall be forever barred and estopped from asserting or claiming against the Debtors or the Successful Bidder (or Next-Highest Bidder, if applicable) that any additional amounts are due or defaults exist, or conditions to assumption, assignment, and/or transfer must be satisfied under such Contract or Lease, or that any related right or benefit under such Contract or Lease cannot or will not be available to the relevant Successful Bidder (or Next-Highest Bidder, if applicable).

*Procedures Governing Resolution of Cure Cost Objections and Assignment Objections*

17. If a Non-Debtor Counterparty files a Cure Cost Objection satisfying the requirements of these Assignment Procedures, the Debtors and the Non-Debtor Counterparty shall informally confer in good faith to attempt to resolve any such objection without Court intervention. If the applicable parties determine that the objection cannot be resolved without judicial intervention in a timely manner, the Court shall make all necessary determinations relating to such Cure Cost Objection at the appropriate time, provided, however, that (i) any Contract or Lease that is the subject of a Cure Cost Objection may be assumed and assigned prior to resolution of such objection, and (ii) the Debtors, in consultation with the Consultation Parties (as defined in the Bidding Procedures), may adjourn the hearing with respect to any Cure Cost Objection in their discretion; provided further that, pending the resolution of any Cure Cost Objection, the Debtors shall hold, in a segregated account, cash equal to 100% of the disputed amount of any such Cure Costs for applicable Contracts and Leases.

18. Consideration of unresolved Stalking Horse Assignment Objections and Main Auction Assignment Objections, if any, will be held at the Main Auction Sale Hearing, except insofar as such objections relate solely to a Cure Cost dispute, in which case such objections may be adjourned in the Debtors' discretion.

19. Consideration of unresolved Closing Store Assignment Objections, if any, will be held at the Closing Store Lease Sale Hearing, except insofar as such objections relate solely to a Cure Cost dispute, in which case such objections may be adjourned in the Debtors' discretion.

20. A timely filed and properly served Cure Cost Objection or Assignment Objection will reserve the filing Non-Debtor Counterparty's rights relating to the Contract or Lease, but will not be deemed to constitute an objection to the Sales.

21. The Debtors' assumption and/or assignment of a Contract or Lease is subject to approval by the Bankruptcy Court, consummation of a Main Auction Sale and/or a Closing Store Lease Sale, and receipt of a Confirmation Notice (as defined below). Absent consummation of a Sale, receipt of a Confirmation Notice and entry of a Sale Order approving the assumption and/or assignment of the Contracts and Leases, the Contracts and Leases shall be deemed neither assumed nor assigned, and shall in all respects be subject to subsequent assumption or rejection by the Debtors.

22. Within two (2) business days following the assumption and assignment of any Contract or Lease to the relevant Successful Bidder, the Debtors shall file with the Court and shall serve each Non-Debtor Counterparty whose Contract or Lease the Debtors assumed and/or assigned with a notice of assumption and assignment of such Contract or Lease (the "Confirmation Notice"). Any Contract or Lease for which no Confirmation Notice was served shall be deemed neither assumed nor assigned, and shall in all respects be subject to subsequent assumption or rejection by the Debtors.

23. Copies of the Motion, the Bid Procedures, the Bid Procedures Order, and the Assignment Procedures may be obtained by parties in interest free of charge on the dedicated webpage related to these chapter 11 cases maintained by the claims and noticing agent in these cases (http://www.kccllc.net/sportsauthority).  Copies of such documents are also available for inspection during regular business hours at the Clerk of the Bankruptcy Court, 824 N. Market Street, 3rd Floor, Wilmington, DE 19801, and may be viewed for a fee on the internet at the Bankruptcy Court's website (http://www.deb.uscourts.gov/) by following the directions for accessing the ECF system on such website.

Dated: April 15, 2016
Wilmington, Delaware

*/s/ Andrew L. Magaziner*
Michael R. Nestor (No. 3526)
Kenneth J. Enos (No. 4454)
Andrew L. Magaziner (No. 5426)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
mnestor@ycst.com
kenos@ycst.com
amagaziner@ycst.com

-and-

Robert A. Klyman (CA No. 142723)
Matthew J. Williams (NY No. 3019106)
Keith R. Martorana (NY No. 4576971)
Jeremy L. Graves (CO No. 45522)
Sabina Jacobs (CA No. 274829)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-1512
Telephone: (213) 229-7000
Facsimile: (213) 229-7520
rklyman@gibsondunn.com
mjwilliams@gibsondunn.com
jgraves@gibsondunn.com
sjacobs@gibsondunn.com

*Counsel to the Debtors and Debtors in Possession*