# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SPORTS AUTHORITY HOLDINGS, INC., *et al.*,[1]<br>Debtors. | Chapter 11<br><br>Case No. 16-10527 (MFW)<br><br>(Jointly Administered)<br><br>**Related Docket No. 1210** |

## VHTL LLC's OBJECTION TO CURE AMOUNT SET FORTH IN THE NOTICE OF POSSIBLE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH SALES

VHTL LLC, by and through its undersigned counsel, objects to the proposed cure amount set forth in the Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with Sales (the "*Notice*") [D. I. 1210] with regard to Store No. 614 located at 155 E. Townline Road, Vernon Hills, Ill 60061 ("*Store 614*").

1. VHTL and TSA Stores, Inc. (the "*Debtor*") are parties to that certain Lease dated as of May 17, 1993 (as amended and supplemented from time to time, the "*Lease*") for Store 614. A copy of the Lease is attached as Exhibit A.

2. The Debtor continues to occupy Store 614.

3. On April 14, 2016, the Bankruptcy Court entered the Bid Procedures Order [D.I. 1186]

4. On April 15, 2016, pursuant to the Bid Procedures Order, the above-captioned debtors (the "*Debtors*") filed the Notice, which identifies the Lease as one that may be assumed and assigned to the successful bidder in connection with the Bid Procedures Order and the Sale.

---

[1] The debtors and the last four digits of their respective taxpayer identification numbers are as follows: Sports Authority Holdings, Inc. (9008); Slap Shot Holdings, Corp. (8209); The Sports Authority, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664). The headquarters for the above-captioned Debtors is located at 1050 West Hampden Avenue, Englewood, Colorado 80110.

{00058251}

5.  The Debtor's proposed cure amount for the Lease is $48,993.95 (the "*Proposed Cure Amount*"). VHTL objects to the Debtor's Proposed Cure Amount.[2]

6.  The Proposed Cure Amount consists solely of unpaid rent and the Debtor's estimate monthly portion of real estate taxes. The Proposed Cure Amount does not included other amounts that have come due under the Lease or that may come due under the Lease prior to the actual assumption of the Lease.

7.  As of the filing of this objection, the amount necessary to cure all payment defaults under the Lease (the "*Cure Claim*") is $64,584.17,[3] consisting of the following:

| | |
|---|---|
| Base minimum rent (*see* Second Amendment to Lease at ¶ 2.c.) | $40,481.67 |
| Estimated monthly share of real estate taxes (*see* Lease at Art. 4 and 10) | $8,512.28 |
| Unpaid 2015 CAM (*see* Lease at Art. 4 and Exhibit B) | $578.22 |
| Insurance (*see* Lease at Art. 11 and Exhibit C) | $11,958.00 |
| Legal fees through 3/31/16 (*see* Lease at Art. 26) | $3,045.00[4] |

8.  In addition to the current outstanding rent and other charges detailed above, there are accruing charges under the Lease that are subject to year-end adjustment and reconciliation that have not yet been billed under the Lease. The Debtor continues to be responsible for all such

---

[2] As envisioned by the Bid Procedures Order, this objection relates solely to the Proposed Cure Amount that needs to be paid in order for the Debtor to assume the Lease. VHTL reserves all other objections to the assignment of its Lease, including any objections to any assignee and adequate assurance, and will make any such objections at the appropriate time and in the appropriate context.

[3] VHTL's Cure Claim does not include charges arising after the filing of this Objection, and specifically does not include charges for monthly rent and other charges that will accrue and become due on May 1, 2016. The Debtor must timely pay the rent and other charges on May 1, 2016, and VHTL reserves the right to payment of these amounts, as well as to assert its right to payment (and amend this Objection to the extent necessary) for any and amounts that have accrued or come due under the Lease in connection with the assumption and assignment of the Lease.

[4] VHTL's legal fees continue to accrue in this case, and VHTL reserves the right to increase the amount of legal fees to which it is entitled as part of any assumption and assignment of the Lease.

accrued and accruing charges under the Lease, as and when they are billed. Any proposed assignee must take the assignment of the Lease subject to its terms, and pay all obligations owing under the Lease, including obligations that have accrued but may not yet have been billed under the Lease.

9. The Lease further provides that the Debtor must indemnify and hold VHTL harmless with respect to any existing claims which may not become known until after the assumption of the Lease, examples of which may include such claims as personal injuries at Store 614 and damage to the premises by the Debtor or its agents. Any assumption and assignment of the Lease must be pursuant to the terms of the Lease, including the continuation of all indemnification obligations, regardless of when they arose.[5]

WHEREFORE, VHTL respectfully requests that any assumption of the Lease be conditioned upon the payment of the Cure Claim described herein, together with such other and further relief as is just and proper.

Date:  April 20, 2016
       Wilmington, DE

SULLIVAN · HAZELTINE · ALLINSON LLC

*/s/ William A. Hazeltine*
William A. Hazeltine (No. 3294)
901 North Market Street, Suite 1300
Wilmington, DE 19801
Tel: (302) 428-8191
Fax: (302) 428-8195
Email: whazeltine@sha-llc.com

and

---

[5] Assumption and assignment the Lease is subject to the protections provided by §§ 365(b) and (f). Therefore, any assumption be in accordance with all provisions of the Lease.

{00058251}   3

Sara E. Lorber (6229470)
FACTORLAW
105 W. Madison Street, Suite 1500
Chicago, IL 60602
Tel:  (847) 239-7248
Fax:  (847) 574-8233
Email: slorber@wfactorlaw.com

*Attorneys for VHTL LLC*

{00058251}                              4