IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SPORTS AUTHORITY HOLDINGS, INC., | ) Case No. 16-10527 (MFW) |
| et al.,[1] | ) (Jointly Administered) |
| | ) |
| Debtors. | ) |
| | ) |

Objection Deadline: May 12, 2016 at 4:00 p.m.
Hearing Date: May 25, 2016 at 11:00 a.m.

**APPLICATION FOR AN ORDER AUTHORIZING
THE RETENTION OF BDO CONSULTING AS FINANCIAL ADVISOR
FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
EFFECTIVE AS OF MARCH 13, 2016**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases of Sports Authority Holdings, Inc., et al. (collectively the "Debtors") hereby submits this application (the "Application") pursuant to sections 328(a), 330 and 1103(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order: (a) authorizing the retention and employment of BDO Consulting ("BDO"), a Division of BDO USA, LLP, as financial advisor to the Committee effective as of March 13, 2016, and (b) providing any additional relief required in order to effectuate the foregoing. The facts and circumstances supporting this Application are as set forth herein and in the Declaration of David E. Berliner (the "Berliner Affidavit"),

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Sports Authority Holdings, Inc. (9008); Slap Shot Holdings, Corp. (8209); The Sports Authority, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664). The headquarters for the above-captioned Debtors is located at 1050 West Hampden Avenue, Englewood, Colorado 80110.

DOCS_DE:206196.3 80784/002

which is attached hereto as Exhibit B and incorporated herein by reference. In further support of this Application, the Committee respectfully states as follows:

### JURISDICTION, VENUE AND STATUTORY PREDICATES

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of the Debtors' Chapter 11 cases and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are sections 328(a), 330(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Bankruptcy Rule 2014-1.

### BACKGROUND

3. On March 2, 2016 (the "Petition Date"), the Debtors filed voluntary petitions with this Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Cases.

4. On March 10, 2016, the United States Trustee for Region 3 (the "U.S. Trustee") appointed the Committee to represent the interests of all unsecured creditors in these Cases pursuant to section 1102 of the Bankruptcy Code. The members appointed to the Committee are: (i) TCW/Crescent Mezzanine Partners, (ii) New York Life Investment Management Mezzanine Partners, LP, (iii) Nike, Inc., (iv) Asics America Corp., (v) GGP Limited Partnership, and (vi) Realty Income Corporation.[2] The *Notice of Appointment of Committee of Unsecured Creditors* [Docket No. 262] was filed on March 10, 2016.

---

[2] A seventh member, Stitching Pensioenfonds ABP, was originally named to the Committee but resigned shortly after the Committee was appointed.

5. On March 13, 2016, the Committee held a meeting and, among other things, voted to retain BDO as its financial advisor, subject to Court approval.

6. BDO's retention is requested as of March 13, 2016, as that is the date the Committee first requested BDO to render financial advisory services on behalf of the Committee, and BDO has been actively advising the Committee since that date.

## RELIEF SOUGHT

7. By this Application, the Committee requests authorization to retain and employ BDO as its financial advisor in these chapter 11 cases effective as of March 13, 2016. Specifically, the Committee respectfully requests entry of an order pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code authorizing BDO to perform those financial advisory services that will be necessary during these chapter 11 cases as more fully described below.

## SERVICES TO BE RENDERED

8. The Committee anticipates that BDO may render the following services in these cases:

    a. Analyze the financial operations of the Debtors pre- and post-petition, as necessary;

    b. Analyze the financial ramifications of any proposed transactions for which the Debtors seek Bankruptcy Court approval including, but not limited to, post-petition financing and the sale of all or a portion of the Debtors' assets;

    c. Assist the Committee in its review of monthly statements of operations submitted by the Debtors;

    d. Perform claims analysis for the Committee;

    e. Assist the Committee in its evaluation of cash flow and/or other projections, including business plans prepared by the Debtors;

    f. Scrutinize cash disbursements on an ongoing basis for the period subsequent to the commencement of these cases;

    g. Perform forensic investigating services, as requested by the Committee and counsel, regarding pre-petition activities of the Debtors in order to

    identify potential causes of action, including investigating intercompany transfers, improvements in position, and fraudulent transfers;

h.  Analyze transactions with insiders, related and/or affiliated companies;

i.  Analyze transactions with the Debtors' financing institutions;

j.  Attend meetings of creditors and conference calls with representatives of the creditor groups and their counsel;

k.  Prepare certain valuation analyses of the Debtors' businesses and assets using various professionally accepted methodologies;

l.  Evaluate financing proposals and alternatives proposed by the Debtors for debtor-in-possession financing, exit financing and capital raising supporting any plan of reorganization;

m.  Assist the Committee in evaluating any tax issues that may arise, if necessary;

n.  Assist counsel in preparing for any depositions and testimony, as well as prepare for and provide expert testimony at depositions and court hearings, as requested; and

o.  Perform other necessary services as the Committee or the Committee's counsel may request from time to time with respect to the financial, business and economic issues that may arise.

The Committee also has retained Houlihan Lokey Capital, Inc. ("Houlihan Lokey") as its investment banker, subject to Court approval. The Committee will work closely with both BDO and Houlihan Lokey to ensure that there is no unnecessary duplication of effort or cost.

9.  Subject to this Court's approval of the Application, BDO is willing to serve as the Committee's financial advisor and to perform the services described above.

## QUALIFICATIONS OF PROFESSIONALS

10.  The Committee has selected BDO as its financial advisor because of the firm's diverse experience and extensive knowledge in the field of bankruptcy.

11.  The Committee needs assistance in analyzing financial information, providing strategic advisory services and assisting in negotiations with parties in interest in relation to these chapter 11 cases. The professionals of BDO have considerable experience

DOCS_DE:206196.3 80784/002

with rendering such services to committees and other parties in numerous Chapter 11 cases. As such, BDO is qualified to perform the work required in these cases.

### DISINTERESTEDNESS OF PROFESSIONALS

12. To the best of the Committee's knowledge and based upon the Berliner Affidavit, BDO is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code. A copy of the Berliner Affidavit is annexed hereto as Exhibit B.

13. To the best of the Committee's knowledge and based upon the Berliner Affidavit, BDO does not hold or represent any interest adverse to the estates with respect to the matter on which BDO will be employed, in accordance with section 1103(b) of the Bankruptcy Code.

14. To the best of the Committee's knowledge and based upon the Berliner Affidavit, (a) no employees, members or contractors of BDO have any financial interest or business with the Debtors; and (b) the BDO professionals working on this matter are not relatives of the United States Trustee of the District of Delaware or of any known employee in the office thereof, or any United States Bankruptcy Judge of the District of Delaware.

15. BDO has not provided, and will not provide, any professional services to the Debtors, any of the creditors, other parties in interest, or their respective attorneys and accountants with regard to any matter related to these Chapter 11 cases, except to the extent disclosed in the Berliner Affidavit.

### PROFESSIONAL COMPENSATION

16. BDO's requested compensation for professional services rendered to the Committee will be based upon hours actually expended by each assigned staff member at each

staff member's hourly billing rate. The Committee has agreed to compensate BDO for professional services rendered at its normal and customary hourly rates for financial as follows:

| Level | Rates |
|---|---|
| Partners/Managing Directors | $475 to $795 per hour \ |
| Directors/Sr. Managers | $375 to $525 per hour |
| Managers/Vice Presidents | $325 to $425 per hour |
| Seniors/Analysts | $200 to $350 per hour |
| Staff[3] | $150 to $225 per hour |

17. The hourly rates charged by BDO for the services provided by its personnel differ based upon, among other things, each professional's level of experience, geographic differentials, and the types of services being provided. In the ordinary course of business, BDO periodically revises its hourly rates to reflect promotions and other changes in personnel responsibilities, increases in experience, and increases in the cost of doing business.

18. Consistent with the firm's policy with respect to its other clients, BDO will also seek reimbursement for necessary expenses incurred, which shall include, but not be limited to, travel and lodging expenses, costs of reproduction, research, communications, BDO's legal counsel and any applicable sales and excise taxes and other out-of-pocket expenses incurred in providing professional services.

19. BDO intends to apply to the Court for the allowance of compensation for professional services rendered and for reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules. BDO has agreed to accept as compensation such sums as may be allowed by the Court. BDO understands that interim and final fee awards are subject to approval by this Court.

## NO PRIOR REQUEST

20. No previous request for the relief sought herein has been made to this or any other court.

21. The Committee submits that this Application does not present novel issues of law requiring the citation to any authority, other than the statutes and rules cited above, and, accordingly, submits that no brief is necessary.

## CONCLUSION

WHEREFORE, based upon the foregoing, the Committee respectfully requests (a) entry of the order, annexed hereto as Exhibit A, authorizing the Committee to retain BDO as its financial advisors, effective as of March 13, 2016, and (b) such other and further relief as the Court may deem just and proper.

Dated: April 19, 2016

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SPORTS AUTHORITY HOLDINGS, INC., *et al.*

Nike USA, Inc., solely in its capacity as Co-Chairperson of the Committee and not in its individual capacity

By: /s/ Kim Stewart
Name: Kim Stewart

TCW/Crescent Mezzanine Partners III, L.P., solely in its capacity as Co-Chairperson of the Committee and not in its individual capacity

By: _____
Name: Elizabeth Ko

## NO PRIOR REQUEST

20. No previous request for the relief sought herein has been made to this or any other court.

21. The Committee submits that this Application does not present novel issues of law requiring the citation to any authority, other than the statutes and rules cited above, and, accordingly, submits that no brief is necessary.

## CONCLUSION

**WHEREFORE,** based upon the foregoing, the Committee respectfully requests (a) entry of the order, annexed hereto as Exhibit A, authorizing the Committee to retain BDO as its financial advisors, effective as of March 13, 2016, and (b) such other and further relief as the Court may deem just and proper.

Dated: April 19, 2016

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SPORTS AUTHORITY HOLDINGS, INC.,** *et al.*
Nike USA, Inc., solely in its capacity as Co-Chairperson of the Committee and not in its individual capacity

By: _____
Name: Kim Stewart

TCW/Crescent Mezzanine Partners III, L.P., solely in its capacity as Co-Chairperson of the Committee and not in its individual capacity

By: _____
Name: Elizabeth Ko

DOCS_DE:206196.3 80784/002