# Exhibit C

## (Form of Order)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SPORTS AUTHORITY HOLDINGS, INC.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 16-10527 (MFW)<br>(Jointly Administered)<br><br>**Re: Docket No. ___** |

**ORDER PURSUANT TO 11 U.S.C. §§ 328(a) AND 1103, FED. R. BANKR. P. 2014 AND 5002, AND LOCAL RULE 2014-1, AUTHORIZING RETENTION AND EMPLOYMENT OF HOULIHAN LOKEY CAPITAL, INC. AS INVESTMENT BANKER TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SPORTS AUTHORITY HOLDINGS, INC. ET AL.,**
_**NUNC PRO TUNC TO MARCH 13, 2016**_

Upon consideration of the application (the "Application") of the official committee of unsecured creditors of Sports Authority Holdings, Inc. (the "Committee") for entry of an order under sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the employment and retention of Houlihan Lokey Capital, Inc. ("Houlihan Lokey") as its investment banker pursuant to the terms of the Engagement Agreement dated as of March 13, 2016 (the "Engagement Agreement"); and the Court having considered the Application and the Declaration of Christopher Di Mauro dated

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Sports Authority Holdings, Inc. (9008); Slap Shot Holdings, Corp. (8209); The Sports Authority, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664). The headquarters for the above-captioned Debtors is located at 1050 West Hampden Avenue, Englewood, Colorado 80110.

April __, 2016 in support of the Application ("Declaration"); and the Court finding that (A) Houlihan Lokey (i) does not hold an interest adverse to the interest of the estate with respect to the matters on which Houlihan Lokey will be employed; and (ii) is a "disinterested person" as that term is defined under section 101(14) of the Bankruptcy Code; (B) the Application and the Declaration are in full compliance with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; (C) the relief requested in the Application is in the best interests of the Debtors, their estates and creditors; and (D) notice of the Application was due and proper under the circumstances; and after due deliberation, and good and sufficient cause appearing therefore, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1. The Application is granted as set forth herein.

2. The retention and employment of Houlihan Lokey as investment banker to the Committee pursuant to sections 328(a) and 1103 of the Bankruptcy Code, Bankruptcy Rules 2014 and 5002, and Local Rule 2014-1, nunc pro tunc to March 13, 2016, on the terms and conditions set forth in the Engagement Agreement (attached hereto as Exhibit A) and the Application, is approved.

3. Houlihan Lokey's compensation shall be subject to the standard of review provided in section 328(a) of the Bankruptcy Code and not subject to any other standard of review under section 330 of the Bankruptcy Code.

4. Notwithstanding the preceding paragraph, the U.S. Trustee shall retain the right to object to the compensation and fees and expenses to be paid to Houlihan Lokey pursuant to the Application and the Engagement Agreement, including, without limitation, the Monthly Fee and the Deferred Fee, based on the reasonableness standard provided for in section 330 of the

Bankruptcy Code and the Court shall consider any such objection by the United States Trustee under section 330 of the Bankruptcy Code; provided, that reasonableness for this purpose shall include, among other things, an evaluation by comparing the fees payable in this case to the fees paid to other investment banking firms for comparable services in other Chapter 11 cases and outside of Chapter 11 cases, and shall not be evaluated primarily on the basis of time committed or the length of these cases.

5. The Committee is authorized to employ and retain, and the Debtor is authorized to compensate and reimburse, Houlihan Lokey pursuant to the terms of the Engagement Agreement.

6. In light of the services to be provided by Houlihan Lokey and the compensation structure in the Engagement Agreement, Houlihan Lokey and its professionals shall be excused from: (i) the requirement to maintain or provide detailed time records in accordance with Bankruptcy Rule 2016(a), Local Rule 2016-2 and the United States Trustee Fee Guidelines; and (ii) conforming with a schedule of hourly rates for its professionals. Instead, notwithstanding that Houlihan Lokey does not charge for its services on an hourly basis, Houlihan Lokey will nonetheless maintain reasonably detailed time records in 0.5 hour increments containing descriptions of those services rendered for the Committee, and the individuals who provided those services, and will present such records together with its fee applications filed with the Court.

7. The indemnification provisions set forth in the Engagement Agreement are approved, subject during the pendency of these cases to the following:

    a. Subject to the provisions of subparagraphs (b) and (c) below, the Debtors are authorized to indemnify, and shall indemnify, Houlihan Lokey for any claims arising from, related to, or in connection with the services to be provided by Houlihan Lokey as specified in the Application, but not for any claim arising

from, related to, or in connection with Houlihan Lokey's post-petition performance of any other services other than those in connection with the engagement, unless such post-petition services and indemnification therefor are approved by this Court; and

b.  The Debtors shall have no obligation to indemnify Houlihan Lokey for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen from Houlihan Lokey's bad faith, gross negligence or willful misconduct, or (ii) settled prior to a judicial determination as to Houlihan Lokey's bad faith, gross negligence or willful misconduct, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) infra, to be a claim or expense for which Houlihan Lokey is not entitled to receive indemnity under the terms of the Application; and

c.  If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this case (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing this chapter 11 case, Houlihan Lokey believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification obligations under the Application, including, without limitation, the advancement of defense costs, Houlihan Lokey must file an application in this Court, and the Debtors may not pay any such amounts to Houlihan Lokey before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Houlihan Lokey for indemnification, and not as a provision limiting the duration of the Debtors' obligation to indemnify Houlihan Lokey.

8.  Notwithstanding any provision in the Engagement Agreement to the contrary, the contribution obligations of the Indemnified Parties (as such term is defined in the Engagement Agreement) shall not be limited to the aggregate amount of fees actually received by Houlihan Lokey from the Debtors pursuant to the Engagement Agreement, this Order, or subsequent orders of this Court.

9.  To the extent requested in the Application, Houlihan Lokey is excused from complying with the information requirements contained in Local Rule 2016-2(d).

10. Houlihan Lokey shall be compensated in accordance with the procedures set forth in the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, this Order and any other applicable orders of this Court.

11.     This Court shall retain jurisdiction to construe and enforce the terms of this Order.

Dated: _____, 2016

                                                  _____
Honorable Mary F. Walrath
United States Bankruptcy Court