Hearing Date & Time: 5/24/16 @ 9:30 am
Related Document No: 1210

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | **Chapter 11** |
| SPORTS AUTHORITY HOLDINGS, INC., ) | |
| et al., ) | Case No. 16-10527-MFW |
| Debtors. ) | Jointly Administered |
| ) | |

## THE TAUBMAN LANDLORDS' CURE CLAIM OBJECTION

The Taubman Landlords,[1] by their counsel, Andrew S. Conway, and Law Office of Susan E. Kaufman, LLC by Susan E. Kaufman, for their cure claim objection, state as follows:

1. This is a contested matter, pursuant to Bankruptcy Rules 6006(b) and 9014.

2. Jurisdiction is based upon 28 U.S.C. §1334.

3. This is a core proceeding within the meaning of 28 U.S.C. §157(b).

4. On March 2, 2016 ("Filing Date"), the debtors filed their petition for relief under Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code").

### Cure Claims Objection

5. Bankruptcy Code Section 365(b)(2), governs the financial obligations of a debtor which wishes to assume and assign a lease. Section 365(b) provides in pertinent part as follows:

> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

---

[1] The Taubman Landlords are a group of individual entities that own and/or manage various regional retail shopping centers which for purposes of this Objection include the following: Taubman-Cherry Creek Shopping Center L.L.C., commonly known as Cherry Creek, located in Denver, Colorado (debtors' store #44); Dolphin Mall Associates LLC, commonly known as Dolphin Mall, located in Miami, Florida (debtors' store #296); and Taubman Auburn Hills Associates Limited Partnership, commonly known as Great Lakes Crossing Outlets, located in Auburn Hills, Michigan (debtors' store #620).

24514(0.1)    1

    (A) cures, or provides adequate assurance that the trustee will promptly cure, such default;

    (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, <u>for any actual pecuniary loss to such party resulting from such default</u>; and

    (C) provides adequate assurance of future performance under such contract or lease.

(Emphasis added).

6. The Taubman Landlords assert that the requirements of Section 365(b)(1)(B) include compensation to the landlord for sums incurred for attorneys' fees in connection with the bankruptcy case. *See, In re: F&N Acquisition Corp.*, 152 B.R. 304 (W.D.Wash. 1993); *In re: Westworld Community Healthcare, Inc.*, 95 B.R. 730 (C.D.Cal. 1989); *In re: Ryan's Subs, Inc.*, 25 Bankr. Ct. Dec. 649 (W.D.Md. 1994); and *In re: Child World, Inc.*, 161 B.R. 349 (S.D.N.Y. 1993) (Section 365(b)(1)(B) allows for recovery of attorneys' fees if based upon the language of the lease). The Taubman Landlords' leases have language in Articles XI and XIX which requires the reimbursement of attorneys' fees in connection with proceedings of this kind.

7. The cure amounts necessary to assume the Taubman Leases with the debtors through April 14, 2016, not including pecuniary losses incurred by the landlords, additional amounts due after April 14, 2016, and year-end adjustments for common area maintenance, taxes, and percentage rent is as follows:

| **Shopping Center** | **Debtors' Cure Amount** | **Lease Cure Amount** | **Attorneys' Fees** | **Total Cure Amount** |
|---|---|---|---|---|
| Cherry Creek | $95,526.72 | $95,575.84 | $1,000.00 | $96,575.84 |
| Dolphin Mall | $102,987.50 | $102,987.50 | $1,000.00 | $103,987.50 |
| Great Lakes Crossing Outlets | $108,014.89 | $121,499.32 | $1,000.00 | $122,499.32 |

A copy of the Aging Reports showing all amounts due and owing are attached hereto as "Exhibit 1."

Wherefore, the Taubman Landlords request that the debtors be required to cure all outstanding defaults and that the cure amounts be established in the amounts set forth above, and that the Taubman Landlords be awarded their costs and attorneys' fees incurred in connection with this objection.

Dated: April 21, 2016

        Andrew S. Conway
        Attorney for The Taubman Landlords
        By:   /s/ Andrew S. Conway
             Andrew S. Conway
             200 East Long Lake Road, Suite 300
             Bloomfield Hills, MI 48304
             (248) 258-7427
             aconway@taubman.com

        and

        Law Office of Susan E. Kaufman, LLC
        Local Counsel for The Taubman Landlords
        By:   /s/ Susan E. Kaufman
             Susan E. Kaufman (DSB 3381)
             919 North Market Street, Suite 460
             Wilmington, DE 19801
             (302) 472-7420 Tel    (302) 792-7420 Fax
             skaufman@skaufmanlaw.com

## CERTIFICATE OF SERVICE

STATE OF MICHIGAN    )
                              )ss.
COUNTY OF OAKLAND    )

Susan K. Link, being first duly sworn, deposes and says that she is an employee of The Taubman Company, and that on April 21, 2016, she served a copy of **The Taubman Landlords' Cure Claim Objection** by Notice of Electronic Filing and/or by depositing in a UPS receptacle located in Bloomfield Hills, Michigan, on the following persons and all parties involved in this case:

| | |
|---|---|
| Andrew L. Magaziner, Esq.<br>Michael R. Nestor, Esq.<br>Young Conaway Stargatt & Taylor LLP<br>1000 North King Street, Rodney Square<br>Wilmington, DE 19801 | Hannah Mufson McCollum<br>Office of US Trustee<br>844 King Street, Room 2207<br>Lockbox #35<br>Wilmington, DE 19801 |

                                                /s/ Susan K. Link
                                                Susan K. Link

Subscribed and sworn to before me
on this 21st day of April, 2016
/s/ Deann Lynett Iloncai
Deann Lynett Iloncai, Notary Public
Lapeer County, Michigan
My commission expires: 3/23/21
Acting in Oakland County, MI