IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
In re:                                                        :    Chapter 11
                                                              :
SPORTS AUTHORITY HOLDINGS, INC., *et al.*,[1] :    Case No. 16-10527-MFW
                                                              :
                                          Debtors.            :    (Jointly Administered)
                                                              :    **Re: Docket No. 1210**
---------------------------------------------------------------X

### E & B GIFTWARE, LLC'S AND SPORTLINE INC.'S OBJECTION TO DEBTORS' NOTICE OF POSSIBLE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH SALES

E & B Giftware, LLC, doing business as EB Brands, and Sportline, Inc. (collectively "E&B") hereby submits this Objection (the "Objection") to the Notice of Possible Assumption and Assingment of certain Executory Contracts and Unexpired Leases in Connection with Sales (the "Assumption Notice" at Dkt. 1210), and respectfully represents:

### I. BACKGROUND

1. On April 14, 2016, the Bankruptcy Court entered the Bid Procedures Order (Dkt. 1186), approving the Closing Store Lease Bid Procedures, the Main Auction Bid Procedures and the Assignment Procedures. Thereafter, the Debtors filed a Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases In connection with the Sales

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Sports Authority Holdings, Inc. (9008); Slap Shot Holdings, Corp. (8209); The Sports Authority, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664). The headquarters for the above-captioned Debtors is located at 1050 West Hampden Avenue, Englewood, Colorado 80110.

282274 2796931v2

(Dkt. 1210). On Exhibit 1-A, Contracts, the Debtors listed Sportline, Inc. as a possible contract to be assumed (See Dkt. 1210-1 at page 38). The Debtors listed the Cure Amount as $15,754.26.

2. E & B and TSA Stores, Inc. ("TSA") entered into a series of vendor agreements since as early as 2000, pursuant to which E & B sold and consigned goods to TSA for sale in various Sports Authority stores. The consigned goods primarily consisted of E & B's functional fitness and fitness electronic products for consumers (the "Consigned Goods"). E & B's Consigned Goods and the proceeds therefrom that were in the Debtors' possession as of the Petition Date are referred to herein collectively as the "E & B Property". All E & B Consigned Goods have "EB Brands" clearly labeled on them. Originally, the E & B Property with the Debtors was believed to total approximately $1.4 Million. After reviewing its records, E & B now believes the E & B Property exceeds $2 million.

3. At all times during their consignment relationship, the parties acknowledged and agreed that all right, title, and interest in and to any Consigned Goods, remained with E & B and never transferred to the Debtors. The Agreement expressly provided that:

> **"Vendor shall retain title to all goods subject to this agreement until the date of sale at which time title shall pass from Vendor to the purchaser of such goods."**

See the Agreement attached hereto as Exhibit "A". Pursuant to the Agreement, title to any Consignment Goods transfers, if at all, directly from E & B to the ultimate purchaser of such goods.

4. The Agreement's Effective Period ended on January 30, 2015. Agreement. E & B submits that the Agreement terminated by its terms, and deliveries of Consigned Goods were discontinued. The Debtors failed to pay for the Consigned Goods and other E & B Goods that were sold under trade terms.

5.  As a result, E & B commenced a lawsuit against the Debtors in Westchester County Supreme Court on February 10, 2016, which lawsuit was stayed as a result of the bankruptcy filing.

6.  The Debtors filed an adversary proceeding against Sportline, Inc., on March 15, 2016 under Adversary Proceeding Number 16 – 50229 (the "Adversary Proceeding").  E & B maintains that neither the Debtors nor their secured creditors have any interest in the E & B Consigned Goods, and this issue must be fully adjudicated through the Adversary Proceeding.

7.  Pursuant to the clear terms of the Agreement, the Consigned Goods are not property of the Bankruptcy Estates. As a result, E & B will vigorously defend the Adversary Proceeding and, regardless of the Debtors' allegations that E & B did not comply with perfection requirements under the Uniform Commercial Code, believes the Debtors were generally known by their creditors to be substantially engaged in selling the goods of others.  Thus, the nature of the consignment relationship between E & B and the Debtors will undoubtedly be recognized by the Court in resolving the Adversary Proceeding in favor of E & B.

8.  At this juncture, however, the rights in the E & B Property have not been established by the Court. The filing of the Adversary Proceeding is certainly not sufficient to establish that they are property of the estate.  As a result, the Debtors must fully cure any defaults prior to any Assumption of the Agreement and preserve the rights and title of E & B in the Consigned Goods.

## II. OBJECTION TO POSSIBLE ASSUMPTION AND ASSIGNMENT OF THE SPORTLINE, INC. CONTRACT

9.  The Debtors must comply with the provisions of 11 U.S.C. §365 in order to assume and assign the E & B Contracts.  §365 states, in pertinent part:

3

    a. If there has been a default in an executory contract or unexpired lease of the Debtor, the Trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the Trustee:

- Cures, or provides adequate assurance that the Trustee will promptly cure such default…;
- Compensates, or provides adequate assurance that the Trustee will promptly compensate, a party other than the Debtor to such contract or lease, for any <u>actual pecuniary loss</u> to such contract or lease.

10.    § 365(b)(1) makes it clear that defaults must be cured as of the time of assumption. Such defaults include both prepetition and postpetition defaults. See *In re Stoltz*, 315 F.3d 80 (2d Cir. 2002); *In re Liljeberg Enters., Inc.*, 304 F.3d 410 (5th Cir. 2002); *In re Overland Park Fin. Corp.*, 236 F.3d 1246 (10th Cir. 2001); *In re Building Block Childcare Ctrs., Inc.*, 234 B.R. 762 (9th Cir. B.A.P. 1999). Unless the Debtors pay to E & B Giftware sufficient funds to cure all existing defaults up to the time of assumption, together with adequate assurance of future performance under the E & B Agreement, the E & B Agreement may neither be assumed nor assigned.

11.    E & B objects to the proposed assumption for the following limited reasons:

    a.    The Proposed Cure Amounts are not correct;

    b.    The Notices improperly state the "Cure Amount" and, as such, the Debtors might not have complied with all of the requirements for assumption and assignment of the E & B Agreement as set forth in 11 U.S.C. §365(b) and (f),

4

including the requirement that all defaults be cured at the time executory contracts are assumed and assigned;

c. E & B has not been provided with adequate assurance of future performance with respect to the E & B Agreement;

WHEREFORE, E & B respectfully requests that the Court:

1. Deny the proposed assumption and assignment of the E & B Agreement on the terms proposed by the Debtors, and instead determine the appropriate amounts due to E & B under the E & B Agreement pursuant to 11 U.S.C. §365(b), which E & B assets are as much as $2,067,498.00, depending on the amount of E & B inventory on hand; and

2. Require that any proposed Order approving the assignment of a Potentially Assigned Agreement expressly provide that the Purchaser shall be liable for all accrued liabilities arising under and existing as of the time that the E & B Agreement is assumed by the Debtors and assigned to the Purchaser pursuant to a Purchase Agreement and Bid Procedures Order, including all defaults arising thereunder (which defaults must be cured in the time and manner set forth in the Bidding Procedures Order); and

3. Require that the Purchaser provide adequate assurances of future performance while promptly paying the cure amounts as finally agreed or determined; and

4. Grant such other and further relief as is just and appropriate.

### III. RESERVATION OF RIGHTS

Nothing contained herein shall be deemed an admission of any fact or a waiver of any of E & B's rights or remedies in connection with the Assumption Notice, the pending Sale or other Motions, the Adversary Proceeding, or any other issue arising under or relating to these Bankruptcy proceedings, whether at law or in equity, all of which rights and remedies are hereby expressly reserved, including but not limited to submitting further objections to the Motions.

Dated: April 22, 2016                         FERRY JOSEPH, P.A.

/s/ Jason C. Powell
Jason C. Powell, Esq. (No. 3768)
824 Market Street, Suite 1000
P.O. Box 1351
Wilmington, DE 19899
Telephone: (302) 575-1555
Facsimile: (302) 575-1714
Email: jpowell@ferryjoseph.com
*Local Counsel for E&B Giftware LLC*

-and-

Harris Beach PLLC
Wendy A. Kinsella, Esq.
Lee E. Woodard, Esq.
333 West Washington St.
Suite 200
Syracuse, NY 13202
(315) 423-7100
(315) 422-9331 (fax)
wkinsella@harrisbeach.com
lwoodard@harrisbeach.com