**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------X
In re:                                              :     Chapter 11
                                                       :
SPORTS AUTHORITY HOLDINGS, INC., *et al.*,[1]    :     Case No. 16-10527-MFW
                                                       :
                                       Debtors.   :     (Jointly Administered)
                                                       :
                                                       :     Re: D.I. 1290
---------------------------------------------------------------X

**LIMITED OBJECTION OF ASICS AMERICA CORPORATION TO THE
TERM LOAN AGENT'S MOTION FOR AN ORDER TO FILE UNDER SEAL
THE DECLARATION OF JAMES H. BAIRD IN SUPPORT OF (A) TERM LOAN
AGENT'S REPLY (I) IN SUPPORT OF DEBTORS' CONSIGNED GOODS
MOTION AND OTHER FIRST DAY RELIEF, AND (II) TO VENDORS
OBJECTIONS TO SAME; AND (B) TERM LOAN AGENT'S
EMERGENCY MOTION FOR ADEQUATE PROTECTION**

ASICS America Corporation ("ASICS") files this limited objection (this "Limited Objection") to the motion of Wilmington Savings Fund Society, FSB, as successor administrative and collateral agent (together, the "Term Loan Agent") to file under seal (the "Seal Motion") [D.I. 1290] an un-redacted version of the *Declaration of James H. Baird in Support of (A) Term Loan Agent's Reply (I) in Support of Debtors' Consigned Goods Motion and Other First Day Relief, and (II) to Vendors' Objections to Same; and (B) Term Loan Agent's Emergency Motion for Adequate Protection* and exhibits thereto [D.I. 1291] (the "Baird Declaration" or the "Proposed Confidential Materials"). In support of this Limited Objection, ASICS states as follows:

---

[1]      The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Sports Authority Holdings, Inc. (9008); Slap Shot Holdings, Corp. (8209); The Sports Authority, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664). The headquarters for the above-captioned Debtors is located at 1050 West Hampden Avenue, Englewood, Colorado 80110.

<u>LIMITED OBJECTION</u>

1.  The cornerstone of bankruptcy law requires transparency and public access to judicial records. By enacting 11 U.S.C. § 107, Congress "promulgated an express statutory scheme addressing public access to papers filed in bankruptcy courts." *United States of America v. Continental Airlines, Inc. (In re Continental),* 150 B.R. 334, 337 (D. Del. 1993) (internal quotations omitted). This statutory scheme is premised on the long history in our country recognizing a strong presumption of public access to judicial records. *See Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978); *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.),* 21 F.3d 24, 26 (2d Cir. 1994). The preference for public access has been described as rooted in the public's first amendment right to know about the administration of justice. *In re Orion Pictures Corp.,* 21 F.3d at 26. Public access to the courts and the judicial record safeguard the "integrity, quality, and respect in our judicial system," *In re Analytical Sys.,* 83 B.R. 833, 835 (Bankr. N.D. Ga. 1987), and permits the public to "keep a watchful eye on the workings of public agencies." *Nixon,* 435 U.S. at 598.

2.  This strong public policy in favor of an open and transparent record is codified at Bankruptcy Code section 107(a), which provides:

> (a) *Except as provided* in subsections (b) and (c) and subject to section 112, a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge.

11 U.S.C. § 107(a) (emphasis added).

3.  The Term Loan Agent seeks to seal the Proposed Confidential Materials under the guise that the Debtors have determined that this information is confidential and

warrants the extraordinary protections under 11 U.S.C. § 107(b). The Term Loan Agent further states that the Debtors provided this information to the Term Loan Agent's professionals on a confidential or "professional eyes only" basis and therefore the information may not be disclosed in public filings with this Court.

4. ASICS obtained un-redacted versions of the Proposed Confidential Materials after executing a nondisclosure agreement with the Debtors and agreeing to review the documents on a "professional eyes only" basis. ASICS appreciates that certain documents are appropriately withheld from the public record where the movant (or the Court) satisfies the burden that filing under seal is necessary to protect, among other things, trade secrets, confidential research, development, or commercial information. 11 U.S.C. § 107(b). However, upon review of the Proposed Confidential Materials, ASICS asserts that much of the Proposed Confidential Materials do not appear to be confidential, do not meet the heavy burden to seal under Bankruptcy Code section 107(b), and must be made immediately available to the public. For instance, the Term Loan Agent filed only the caption of the Baird Declaration, failing to even disclose Mr. Baird's background and qualifications to the public.

5. ASICS respectfully requests this Court review and determine whether the following portions of the Proposed Confidential Information include confidential or commercial information subject to the protection of Bankruptcy Code section 107(b) (collectively, the "<u>Contested Materials</u>"):

A. *Baird Declaration:*

- Introductory, unnumbered, paragraph;
- Paragraphs 1-14;

3

- Paragraph 15 (excluding Exhibit A);

- Paragraph 16 (excluding Exhibit B);

- Paragraph 17;

- Paragraph 18 (excluding Exhibit C);

- Paragraphs 32-33; and

- Paragraph 68.

6. The foregoing Contested Materials should be further reviewed by this Court to consider whether the Contested Materials sufficiently include confidential or commercial information subject to the extraordinary protections under Bankruptcy Code section 107(b), or whether the sections outlined above are more general statements of fact or argument that do not rise to the level of confidential or commercial information. ASICS' review suggests that the Contested Materials do not warrant the relief requested by the Term Loan Agent and should be made available to the public.

**WHEREFORE**, ASICS respectfully requests this Court (i) deny the Term Loan Agent's request to seal in the entirety the Proposed Confidential Materials, (ii) direct the Term Loan Agent to make public the Contested Materials forthwith, and (iii) grant such further relief as the Court deems appropriate under the circumstances.

Dated: April 23, 2016

Respectfully submitted,

/s/ Adrienne K. Walker
Adrienne K. Walker  (admitted *pro hac vice*)
Eric R. Blythe (admitted *pro hac vice*)
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, Massachusetts 02111
Tel:  617-542-6000
Fax:  617-542-2241
E-mail: awalker@mintz.com
            eblythe@mintz.com
-and-

Jeffry A. Davis (admitted *pro hac vice*)
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Tel: 858-314-1500
Fax: 858-314-1501
E-mail: jdavis@mintz.com

-and-

Christopher S. Loizides (3968)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, DE 19801
Tel: 302-654-0248
E-mail: loizides@loizides.com

*Counsel to ASICS America Corporation*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
In re: : Chapter 11
 :
SPORTS AUTHORITY HOLDINGS, INC., *et al.*,[1] :
 :
 : Case No. 16-10527-MFW
 Debtors. :
 : (Jointly Administered)
---------------------------------------------------------------X

**CERTIFICATE OF SERVICE**

     I, Adrienne K. Walker, do hereby certify that on the 23rd day of April, 2016, I caused a copy of the *Limited Objection of Asics America Corporation to the Term Loan Agent's Motion for an Order to File Under Seal the Declaration of James H. Baird in Support of (A) Term Loan Agent's Reply (I) in Support of Debtors' Consigned Goods Motion and Other First Day Relief, and (II) to Vendors Objections to Same; and (B) Term Loan Agent's Emergency Motion for Adequate Protection* to be served through the ECF system, and that copies will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF) as of the date herein.

Dated:  April 23, 2016　　　　　　　　　　　　　*/s/ Adrienne K. Walker*
　　　　　　　　　　　　　　　　　　　　　　　Adrienne K. Walker

47522166v.1

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Sports Authority Holdings, Inc. (9008); Slap Shot Holdings, Corp. (8209); The Sports Authority, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664). The headquarters for the above-captioned Debtors is located at 1050 West Hampden Avenue, Englewood, Colorado 80110.