UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE<br><br>SPORTS AUTHORITY HOLDINGS, INC., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 16-10527 (MFW)<br><br>Jointly Administered |

**OBJECTION OF SUNRISE PROMENADE ASSOCIATES
TO DEBTORS' NOTICE OF POSSIBLE ASSUMPTION AND
ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS
AND UNEXPIRED LEASES IN CONNECTION WITH SALES**

Sunrise Promenade Associates ("Sunrise"), by and through its undersigned counsel, files this Limited Objection ("Objection") to the Debtors' *Notice Of Possible Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases In Connection With Sales for Store No. 483*, and in support thereof, respectfully states as follows:

**BACKGROUND**

1. On March 2, 2016 ("Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code").

2. Sunrise is the landlord of property that is subject to a lease dated September 12, 1992, as amended from time to time (the "Lease") for certain non-residential real property located in the shopping center located on Sunrise Highway, Massapequa, New York (the "Premises").

3. On or about April 14, 2016, the Court entered the *Order (A) Approving Bidding Procedures in Connection with (I) The Sale of Substantially All of the Debtors' Assets and (II) the Transfer, Assumption and Assignment of Certain Unexpired Leases of Nonresidential Real*

636496

*Property; (B) Scheduling Separate Auctions For and Hearings to Approve the Sale of Assets and Unexpired Leases of Nonresidential Real Property Subject to the Debtors' Store Closing Plan; (C) Approving Notice of Respective Date, Time and Place for Auctions and for Hearings on Approval of Respective Sales; (D) Approving Procedures for the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection With the Sales; (E) Approving Form and Manner of Notice Thereof; and (F) Granting Related Relief,* [ECF No. 1186] (the "Bid Procedures Order") in connection with certain of the Debtors' leases that the Debtors are attempting to assume and assign to the highest bidder.

**Objection to Proposed Cure Amount**

4. Section 365 of the Bankruptcy Code provides in pertinent part:

> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease the trustee –
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . .

11 U.S.C. § 365(b)(1)(A)

5. Pursuant to the *Notice Of Possible Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases In Connection With Sales* (the "Cure Notice"), the Debtors assert that the applicable cure amount with respect to the Lease is $288,442.14 (the "Proposed Cure Amount"). The Cure Notice does not break out the basis for the Proposed Cure Amount so it is not possible to discern what was not included. Suffice it to say that the Proposed Cure Amount is incorrect.

6. There are amounts due and owing to Sunrise from the Debtors in the amount of

2

636496

$396,150.99 (the "Correct Cure Amount") for (i) rent for the February and March, 2016; (ii) common area maintenance ("CAM") charges for the months of February and March, 2016, as well as a partial charge that has remained unpaid since October 2014 and an adjustment for 2015; (iii) water charge adjustments for 2014 and 2015; (iv) town taxes for the period from January 1, 2016 –June 3-, 2016; and (v) school taxes for the period from January 1, 2016 –June 30, 2016. These charges are more fully set forth on the annexed Exhibit "A" attached hereto.

7. The Debtor may be obligated for additional amounts should other obligations remain unpaid as of the time of the assumption of the Lease. Accordingly, Sunrise reserves the right to revise the Correct Cure Amount should other Lease obligations arise and remain unpaid.

8. Based upon the foregoing, Sunrise objects to the Proposed Cure Amount set forth on the Cure Notice, and requests that the Court enter an order directing that the Debtors pay to Sunrise the Correct Cure Amount pursuant to § 365(d)(1) of the Bankruptcy Code.

9. In addition, this Objection to Proposed Cure Amount is submitted prior to the designation of any proposed assignee, should there be one. Accordingly, this Objection does not and cannot address adequate assurance to be provided should the Debtors determine to sell and assign the Lease. In such instant, the Debtors will need to provide adequate assurance of future performance and meet other statutory requirements.

10. Section 365(f)(2) of the Bankruptcy Code provides in pertinent part:

The Trustee may assign an executory contract or unexpired lease of the debtor only if

(A) The trustee assumes such contract or lease in accordance with the provisions of this section; and

(B) Adequate assurance of future performance by the assignee of a contract or lease is provided, whether or not there has been a default in such contract or lease.

636496

11 U.S.C. § 365(f)(2).

11. When a lease for real property located within a shopping center is to be assumed and assigned, adequate assurance of future performance requires that the Debtors must demonstrate that:

    (A)    [ ] the source of rent and other consideration due under such lease and **in the case of an assignment, that the financial condition and operating performance of the proposed assignee and its guarantors, if any, shall be similar to the financial condition and operating performance of the debtor and its guarantors, if any, as of the time the debtor became the lessee under the lease**;

    (B)    that any percentage rent due under such lease will not decline substantially;

    (C)    that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as a radius, location, use, or exclusively provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement relating to such shopping center; and

    (D)    that assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center.

11 U.S.C. § 365(b)(3) (emphasis added).

12. Rent, attorneys' fees and other charges (including cleanup expenses incurred following the conclusion of the proposed sale, if any) continue to accrue. Sunrise reserves the right to amend and/or supplement its Correct Cure Amount to reflect such additional amounts or to account for any additional year-end adjustments that have not yet been billed or have not yet become due under the Lease through the date of the closing on any assignment of the Lease.

Sunrise requests that the Debtors, or their successors, be required to comply with all contractual obligations to indemnify and hold the Sunrise harmless with respect to events that may have occurred pre- or post-Petition Date, but that are not now known to either Sunrise or the Debtors as of the date of the assignment including, without limitation, claims for personal injury that occurred at the property, and presently unknown damage and/or destruction to the Premises.

## CONCLUSION

WHEREFORE, Sunrise respectfully requests that the Court enter an order:

(i)  Approving the Correct Cure Amount in the amount of $396,150.99, plus any additional rent, charges and expenses that may accrue through and including the date of assumption or assumption and assignment of the Lease; and

(ii)  requiring the Debtors to provide adequate assurance of future performance of Debtors' obligations under the Lease; and

(iii)  such other and further relief as this Court deems just and proper.

Dated: Uniondale, New York
April 25, 2016

RUSKIN MOSCOU FALTISCHEK, P.C.
Attorneys for Sunrise Promenade Associates

*/s/ Jeffrey A. Wurst*

Jeffrey A. Wurst
1425 RXR Plaza
East Tower, 15th Floor
Uniondale, NY 11556-1425
(516) 663-6600

5

636496