**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Chapter 11** |
| **SPORTS AUTHORITY HOLDINGS, INC.,** | ) | |
| *et al.,* | ) | **Case No. 16-10527 (MFW)** |
| | ) | **Jointly Administered** |
| Debtors. | ) | |
| _____ | ) | |

**Hearing Date: 5/24/16 @ 9:30 am (ET)**
**Cure Obj. Deadline: 4/29/16 @ 4:00 pm**
**Related to Docket No. 1210**

**OBJECTION OF JAMES CAMPBELL COMPANY LLC AND JCC CALIFORNIA
PROPERTIES, LLC TO DEBTORS' NOTICE OF POTENTIAL ASSUMPTION AND
ASSIGNMENT OF UNEXPIRED LEASES AND RELATED CURE AMOUNTS**

James Campbell Company LLC and JCC California Properties, LLC ("Landlords"), by their

undersigned counsel, hereby file their joint objection to Notice of Possible Assumption and

Assignment of Certain Executory Contracts and Unexpired Leases (the "Cure Notice") [Docket

No. 1210] filed by the above captioned debtors and debtors in possession (the "Debtors"), and in

support thereof respectfully represent as follows:

**Background Facts**

1.      James Campbell Company, LLC ("JCC") is the landlord of Debtor's distribution

center (the "Distribution Center") in Romeoville, Illinois.  The debtors have designated these

premises as "Store # 820," but they are a distribution center of over 450,000 square feet.

2.      JCC California Properties, LLC is the landlord of Debtors' store at Vintage Oaks

in Novato, California, Store # 680.  Vintage Oaks is a shopping center as that term is defined in

Bankruptcy Code §365(b)(3).  *See In re Joshua Slocum, Ltd.* 922 F.2d 1081 (3d Cir. 1990).

3.      Debtors filed their petitions in this case on March 2, 2016, and paid no rent for

either of Landlords' premises for the month of March, though they have continued to use and

benefit from both premises post-petition.

4. On April 15, 2016, in connection with the proposed sale of substantially all of their assets set for hearing on May 24, 2016, Debtors filed the Cure Notice. Landlords object to the cure amounts for their leases set forth in the Cure Notice.

### Cure Claim Objection

5. Bankruptcy Code §365(b)(2), governs the financial obligations of a debtor which wishes to assume and assign a lease. Section 365(b) provides in pertinent part as follows:

(b)(1)  If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

(A)  cures, or provides adequate assurance that the trustee will promptly cure, such default;

(B)  compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, *for any actual pecuniary loss to such party resulting from such default*; and

(C)  provides adequate assurance of future performance under such contract or lease.

(Emphasis added).

4. The Cure Notice incorrectly asserts that amount required to cure defaults in connection with such sale are $174,946.43 for the Distribution Center, and $94,000.26 for the store at Vintage Oaks.

5. Landlords assert that the requirements of Section 365(b)(1)(B) include compensation to the landlord for sums incurred for attorneys' fees in connection with the bankruptcy case. *See, In re: F&N Acquisition Corp.*, 152 B.R. 304 (W.D.Wash. 1993); *In re Westworld Community Healthcare, Inc.*, 95 B.R. 730 (C.D.Cal. 1989); *In re: Ryan's Subs, Inc.*, 25 Bankr. Ct. Dec. 649 (W.D.Md. 1994); and *In re: Child World, Inc.*, 161 B.R. 349 (S.D.N.Y. 1993) (Section 365(b)(1)(B) allows for recovery of attorneys' fees if based upon the language of the lease). Both of Landlords' leases include language allowing Landlord to recover attorney's fees and costs reasonably incurred by Landlord to collect amounts due.

6.      The cure amounts necessary to assume Landlord's Lease with the Debtors through the proposed sale hearing date, not including pecuniary losses incurred by Landlord, and any further adjustments for charges due under the lease which are not yet known, are as follows:

| Debtors' Store No. | Unpaid Pre and Post- Petition Rent | Additional Charges | Attorneys' Fees [est.] | Total Cure Claim |
|---|---|---|---|---|
| 820 | $174,946.43 (March) $174,946.43 (May) | $3,557.08 (2015 CAM Rec.) $511,740 (2015 est. taxes)[1] | $10,000 | **$875,189.94** |
| 680 | $94,000.26 (March) $94,000.26 (May) | $400 (March late fees) | $10,000 | **$198,400.52** |

7.      Landlords expressly reserve all rights to object to any other relief sought by the Debtors in connection with the proposed asset sale, including without limitation, any proposed showing of adequate assurance of future performance.

WHEREFORE Landlords request that the cure amounts be established in the amounts set forth above, and for such other and further relief as the Court shall determine.

Dated: April 26, 2016

LAW OFFICE OF SUSAN E. KAUFMAN, LLC

*/s/ Susan E. Kaufman*
Susan E. Kaufman (DSB # 3381)
919 N. Market Street
Suite 460
Wilmington, DE 19801
(302) 472-7420 / (302) 792-7420 Fax
skaufman@skaufmanlaw.com

HANSON BRIDGETT LLP
NANCY J. NEWMAN
425 Market Street, 26th Floor
San Francisco, CA 94105
(415) 777-3200
nnewman@hansonbridgett.com

Attorneys for James Campbell Company LLC and JCC California Properties LLC

---

[1] Projected 2015 real estate taxes, payable in 2016, based on 3% increase over 2014 actual.