## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SPORTS AUTHORITY HOLDINGS, INC., *et al.*,[1]<br><br>        Debtors. | Chapter 11<br><br>Case No. 16-10527 (MFW)<br><br>Jointly Administered<br><br>**Related Docket No. 1210** |

### OBJECTION OF NWSL TOWN CENTER LLC TO THE DEBTORS' NOTICE OF POSSIBLE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH SALES

NWSL Town Center LLC ("NWSL"), by and through its undersigned counsel, hereby objects to the proposed cure amount set forth in Exhibit 1-B of the *Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with Sales* [Docket No. 1210] (the "Cure Notice")[2] with regard to Store No. 141 located at 6205 S. Main Street, Aurora, Colorado 80016 ("Store 141").[3] In support of its objection, NWSL respectfully states as follows:

1.      Lessor NWSL is the successor-in-interest to that certain *Shopping Center Lease Between Southlands Colorado, LLC and TSA Stores, Inc. for Premises Located in the Southlands Shopping Center Aurora, Colorado*, dated April 15, 2005, as amended, between the applicable lessor and debtor TSA Stores, Inc. (the "Debtor"), as lessee (as amended and supplemented from time to time, the "Lease") for Store 141.[4]

---

[1] The debtors (collectively, the "Debtors") and the last four digits of their respective taxpayer identification numbers are as follows: Sports Authority Holdings, Inc. (9008); Slap Shot Holdings, Corp. (8209); The Sports Authority, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664). The headquarters for the above-captioned Debtors is located at 1050 West Hampden Avenue, Englewood, Colorado 80110.

[2] Capitalized terms not otherwise defined herein shall have the meaning set forth in the Cure Notice.

[3] The Cure Notice, Exhibit 1-B lists the lease counter-party as Northwood Retail LLC. NWSL is the actual lessor.

[4] The Lease is voluminous and not included herein.  If any party-in-interest desires a copy, it may be requested from undersigned counsel, who will timely provide an electronic or paper copy of same.

2.      The Lease expires by its terms on January 31, 2017. The Debtor continues to occupy the Store 141 premises and operate its business therein, and the parties are negotiating an amendment to the Lease that could extend its term.

3.      On April 14, 2016, the Bankruptcy Court entered the Bid Procedures Order [Docket No. 1186]. In accordance with the Bid Procedures Order, on April 15, 2016, the Debtors filed the Cure Notice, which, among other things, identifies the Lease as one of the Debtors' unexpired pre-petition leases of non-residential real property that may be assumed and assigned to the successful bidder in connection with the Bid Procedures Order and the proposed Sale of substantially all of the Debtors' assets.

4.      The Cure Notice lists a proposed cure amount for current defaults existing under the Lease in the amount of $57,863.02 (the "Proposed Cure Amount").

5.      NWSL objects to the Proposed Cure Amount, as well as the characterization that just "Rent" is due to the exclusion of "Occupancy Related Charges." As of the date hereof, the actual amount necessary to cure all payment defaults under the Lease is $177,536.82 (the "Current Default Amount"). In addition, the Current Default Amount will shortly increase by $119,153.47 once NWSL pays the final 2015 real property tax installment, for which the Debtor will be billed in May 2016.[5] Accordingly, the total amount necessary to cure all defaults under the Lease is $296,690.29 (the "Actual Cure Amount"). In particular, the Actual Cure Claim consists of the following:

---

[5] NWSL contends that this is a post-petition obligation of the Debtor pursuant to, *inter alia*, 11 U.S.C. §§ 365(d)(3) and 503(b) and is, thus, not a pre-petition claim.  Nonetheless, NWSL includes this additional $119,153.47 out of an abundance of caution and reserves all rights in that regard.

| Base Rent | $46,600.17 |
|---|---|
| Common Area Maintenance (CAM) | $11,317.18 |
| Insurance | $466.00 |
| 2015 Property Taxes | $238,306.94 |
| **TOTAL** | **$296,690.29** |

6.      The apparent discrepancies between the Proposed Cure Amount and the Actual Cure Amount are (i) the Debtor has used 2015 amounts for Base Rent, CAM, and insurance, as opposed to the adjusted 2016 amounts (*i.e.*, $57,863.02 vs. $58,383.35); and (ii) the Debtor excluded 2015 real estate taxes ($238,306.94).

7.      In addition to the current outstanding amounts, there are accruing charges under the Lease that are subject to adjustment and reconciliation that have not yet been billed under the Lease. *See, e.g.*, Lease, ¶ 3.3(c) (concerning estimation and reconciliation of CAM). The Debtor continues to be responsible for all such accrued and accruing charges under the Lease. The Lease further provides that the Debtor must indemnify, defend, and hold NWSL and certain NWSL third-parties harmless from and against any and all claims, actions, damages, liabilities and expenses related to certain accidents, occurrences, acts, or omissions, as well as for reasonable and necessary costs and attorneys' fees in connection with the Debtor's actions or proceedings against NWSL related to the Lease or defaults thereunder.  *See, e.g.*, Lease, ¶¶ 5.3(a) and 14.5. For the foregoing reasons, any assumption and assignment of the Lease must be pursuant to the terms of the Lease, including the continuation of all obligations such as those related to payment, indemnification, and costs and fees, regardless of when they arose and whether they have accrued but may not yet have been billed. *See* 11 U.S.C. §§ 365(b) and (f).

3

**Reservation of Rights**

8.      NWSL reserves the right to amend and/or supplement this objection, including, without limitation, adding and supplementing objections to the Proposed Cure Amount, or amending and/or supplementing the Actual Cure Amount. Further, NWSL reserves all other objections to the assignment of the Lease, the Sale, and any other matter arising out of or relating to these bankruptcy cases, including any objections to any assignee and any proposed adequate assurance, and will make any such objections at the appropriate time and in the appropriate context.

**Conclusion**

WHEREFORE, NWSL requests that the Proposed Cure Amount be amended to the Actual Cure Amount and provide for the continuation of all obligations under the Lease, together with such other and further relief as the Bankruptcy Court deems just and proper.


Dated: April 26, 2016
            Wilmington, Delaware

DUANE MORRIS LLP

*/s/ Jarret P. Hitchings*
Jarret P. Hitchings (DE 5564)
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801-1659
Telephone:  302.657.4900
Facsimile:   302.657.4901
jphitchings@duanemorris.com

-and-

Kevin S. Neiman, Esq.
THE LAW OFFICES OF KEVIN S. NEIMAN, PC
1621 18th Street, Suite 260
Denver, Colorado 80202
Telephone: (303) 996-8637
Facsimile: (877) 611-6839
kevin@ksnpc.com

*Counsel to NWSL Town Center LLC*

4