UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SPORTS AUTHORITY HOLDINGS, INC., | ) | |
| et al., | ) | Case No. 16-10527-MFW |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Objection Deadline: April 29, 2016 at 4 pm (ET) |
| | ) | Related to Docket No. 1210 |

## CBL & ASSOCIATES MANAGEMENT, INC.'S CURE CLAIM OBJECTION

CBL & Associates Management, Inc. ("CBL"), by and through counsel, and as managing agent for the owners of the properties identified herein, hereby files this cure claim objection (the "Objection") regarding the Debtors' cure proposed in its Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases In Connection With Sales [Docket No. 1210] ("Cure Notice"), and respectfully represents as follows:

1. Sports Authority Holdings, Inc. and its affiliated co-debtors (the "Debtors") filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code on March 2, 2016 (the "Petition Date").

2. The Debtors have continued to operate their business and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.[1]

3. On April 15, 2106, Debtors filed their Cure Notice [Docket No. 1210].

4. CBL is the managing agent for the owner of two (2) properties listed the Debtors' Cure Notice (collectively, the "CBL Leases").

5. CBL objects to the cure amounts proposed for the CBL Leases in the Debtors' Cure Notice.

---

[1] Unless otherwise specified, all statutory references to "Section" are to 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

6. The proposed cure amounts are understated as of April 15, 2016 as indicated:

| Property Name | Property Location | Proposed Cure Amounts | CBL Lease Cure Amounts[2] | Attorneys' Fees | Total Cure Amount |
|---|---|---|---|---|---|
| Pearland Town Center (#223) | Pearland, TX | $127,743.04 | $147,859.87 | $1,500.00 | $149,359.87 |
| Frontier Mall (#122) | Cheyenne, WY | $25,245.68 | $25,245.68 | $1,500.00 | $26,745.68 |

## CURE CLAIM OBJECTION

7. True and correct Lease Summaries supporting the actual CBL Lease Cure Amounts contained in the chart above are attached hereto and incorporated herein collectively as Exhibit A.

8. CBL objects to the assumption of the CBL Leases absent payment of all cure amounts owed thereunder through the effective date of assumption, including any amounts that will become due or be invoiced on or after April 16, 2016 (including but not limited to additional amounts, not yet known, with regard to calendar year 2015, such as year-end adjustments to various items including, but not limited to, real estate taxes, common area maintenance, percentage rent and insurance), as well as attorney fees and costs.

9. Section 365(b) provides in pertinent part as follows:

(b)(1)  If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
   (A) cures, or provides adequate assurance that the trustee will promptly cure, such default…;
   (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or

---

[2] The cure amounts specified in this chart do not reflect any amounts that will become due or be invoiced on or after April 15, 2016 or attorneys' fees and costs, and CBL reserves all of its rights with respect thereto. CBL further avers that additional amounts, not yet known, may be due with regard to calendar year 2015, such as year-end adjustments to various items including, but not limited to, real estate taxes, common area maintenance, percentage rent and insurance. CBL further reserves all rights with respect thereto.

> lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

10. Section 365(b)(1) includes compensation to landlords for sums incurred for attorneys' fees and expenses. The CBL Leases provide for recovery of attorneys' fees and expenses.

11. In addition to the foregoing, CBL further joins in the objections filed by Debtors' other landlords to the extent that such objections are not inconsistent with the relief requested in this Objection.

## **RESERVATION OF RIGHTS**

12. CBL hereby reserves its rights to make such other and further objections as may be appropriate, including, but not limited to, objections regarding adequate assurance of future performance under Section 365.

## **CONCLUSION**

For the reasons set forth above, CBL respectfully requests that this Court (i) sustain this Objection; (ii) require that any order authorizing the assumption of the CBL Leases affirmatively require the Debtors to pay all amounts owing thereunder through the effective date of any assumption, including attorneys' fees and expenses; and (c) grant CBL such further relief as it deems proper.

Dated: April 26, 2016
Wilmington, Delaware

Respectfully submitted,

HOGAN♦McDANIEL

*/s/Garvan F. McDaniel*
Garvan F. McDaniel (DE No. 4167)
1311 Delaware Avenue
Wilmington, Delaware 19806
Telephone: 302.656.7540
Facsimile: 302.656.7599
Email: gfmcdaniel@dkhogan.com

*Attorneys for CBL & Associates Management, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 26, 2016, I electronically served true and correct copies of the foregoing *CBL & Associates Management, Inc.'s Cure Claim Objection* by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt and upon the parties listed on the attached service list via CM/ECF and First Class Mail, postage pre-paid.

                                                          **HOGAN♦McDANIEL**
                                                          */s/ Garvan F. McDaniel*
                                                          Garvan F. McDaniel (DE # 4167)

## Service List

| | | |
|---|---|---|
| **Sports Authority Holdings, Inc.**<br>Attn General Counsel<br>1050 West Hampden Avenue<br>Englewood, CO 80110 | **Gibson, Dunn & Crutcher LLP**<br>Robert Klyman, Matthew Williams, Jeremy Graves, Sabina Jacobs<br>333 South Grand Avenue<br>Los Angeles, CA 90071-1512<br>*Counsel to Debtors* | **Young Conaway Stargatt & Taylor, LLP**<br>Michael R. Nestor, Esq.<br>Andrew Magaziner, Esq.<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>*Counsel to Debtors* |
| **Brown Rudnick LLP**<br>Steven B Levine, Esq.<br>One Financial Center<br>Boston, MA 02111 | **Brown Rudnick LLP**<br>Robert Stark, Esq.<br>Bennett Silverberg, Esq.<br>7 Times Square<br>New York, NY 10036<br>*Counsel to WSFS* | **Choate, Hall & Stewart LLP**<br>Kevin Simard, Esq.<br>Two International Place<br>Boston, MA 02110-0000<br>*Counsel to Wells Fargo Bank* |
| **Office of the United States Trustee Delaware**<br>Hannah McCollum<br>844 King St Ste 2207<br>Lockbox 35<br>Wilmington, DE 19899-0035 | **OMelveny & Meyers LLP**<br>John Rapisardi, Esq.<br>Joseph Zujkowski, Esq.<br>7 Times Square<br>New York, NY 10036<br>*Counsel to Certain Note Holders* | **OMelveny & Meyers LLP**<br>Steve Warren, Esq.<br>Sunna Choi, Esq.<br>400 S Hope St<br>Los Angeles, CA 90071<br>*Counsel to Certain Note Holders* |
| **Pachulski Stang Ziehl & Jones LLP**<br>Bradford J. Sandler, Esq.<br>919 N. Market Street, 17th Floor<br>Wilmington, DE 19801<br>*Counsel to Committee* | **Pachulski Stang Ziehl & Jones LLP**<br>Robert J. Feinstein, Esq.<br>Bradford J. Sandler, Esq.<br>780 Third Avenue, 36th Floor<br>New York, NY 10017-2024<br>*Counsel to Committee(Proposed)* | **Pachulski Stang Ziehl & Jones LLP**<br>Jeffery N. Pomerantz, Esq.<br>10100 Santa Monica Boulevard,<br>13th Floor<br>Los Angeles, CA 90067-4100<br>*Counsel to Committee(Proposed)* |
| **Riemer & Braunstein LLP**<br>Donald E. Rothman, Esq.<br>Marjorie S. Crider, Esq.<br>Three Center Plaza, Suite 600<br>Boston, MA 02108-0000<br>*Counsel to Bank of America (DIP Agent)* | | |

CHD-679899-1