## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: ) | Chapter 11 |
| ) |  |
| SPORTS AUTHORITY HOLDINGS, ) | Case No. 16-10527 (MFW) |
| INC., *et al.*,[1] ) | (Jointly Administered) |
| ) |  |
| Debtors. ) | Re: Docket No. 1210 |
| ) |  |

**OBJECTION OF CPYR SHOPPING CENTER, LLC TO NOTICE OF POSSIBLE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH SALES**

CPYR Shopping Center, LLC (as successor-in-interest to CPYR, Inc., et al.) ("CPYR"), by and through undersigned counsel, hereby objects to Debtors' *Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection With Sales* [Docket No. 1210] (the "Notice"), and respectfully states as follows:

**Background**

1. On March 2, 2016 (the "Petition Date"), each of the above-captioned Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to act as debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

2. On March 2, 2016, the Debtors filed the *Debtors' Motion, Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code, Fed. R. Bankr. P. 2002, 6003, 6004, 6006, 9007, 9008 and 9014 and Del. Bankr. L.R. 2002-1, 6004-1 and 9006-1, for Entry of (A) an Order (I) Approving Bid Procedures in Connection with the Sale of Substantially All of the Debtors'*

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Sports Authority Holdings, Inc. (9008); Slap Shot Holdings, Corp. (8209); The Sports Authority, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664). The headquarters for the above-captioned Debtors is located at 1050 West Hampden Avenue, Englewood, Colorado 80110.

1

*Assets, (II) Scheduling an Auction for and Hearing to Approve Sale of Assets, (III) Approving Notice of Respective Date, Time and Place for Auction and for Hearing on Approval of Sale, (IV) Approving Procedures for the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (V) Approving Form and Manner of Notice Thereof, and (VI) Granting Related Relief; and (B) an Order Authorizing and Approving (I) the Sale of Substantially All of the Debtors' Assets Free and Clear of Liens, Claims, Rights, Encumbrances, and Other Interests, (II) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Related Relief* [Docket No. 106].

      3.      On April 14, 2016, the Court entered the *Order (A) Approving Bid Procedures in Connection with (I) The Sale of Substantially All of the Debtors' Assets and (II) The Transfer, Assumption and Assignment of Certain Unexpired Leases of Nonresidential Real Property, (B) Scheduling Separate Auctions for and Hearings to Approve the Sale of Assets and Unexpired Leases of Nonresidential Real Property Subject to the Debtors' Store Closing Plan, (C) Approving Notice of Respective Date, Time and Place for Auctions and for Hearings on Approval of Respective Sales, (D) Approving Procedures for the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sales, (E) Approving Form and Manner of Notice Thereof, and (F) Granting Related Relief* [Docket No. 1186].

      4.      On April 15, 2016, the Debtors filed the Notice.

      5.      CPYR, as landlord, and TSA Stores, Inc. dba "Sports Authority" (as successor-in-interest to The Sports Authority, Inc.) (the "Tenant"), as tenant, are parties to: (i) a "Lease" dated

August 14, 1997, (ii) a "First Amendment to Lease" dated September 17, 1997, (iii) an "Addendum" dated January 27, 1998, and (iv) a "Second Lease Amendment and Extension of Lease" dated January 7, 2015 (collectively, the "Lease") for the rental of non-residential real property located at 3701 Jefferson Davis Highway, Potomac Yard Shopping Center, Alexandria, Virginia (the "Property"), Debtors' store number 536 (the "Premises").

6. In Exhibit 1-B to the Notice, Debtors claim that the cure amount for the Lease is $255,560.63, which is incorrect.

**Objection**

7. CPYR hereby objects to the cure amount listed in the Notice. The actual amount due under the Lease as of April 22, 2016 was $282,879.14; plus interest and/or late payment charges due under the Lease, plus any accrued but not yet billed charges, plus as of yet unreconciled Common Area Maintenance Costs and/or Real Estate Taxes, plus reasonable attorneys' fees and costs.

8. Additionally, CPYR objects to any assignment of its Lease to the extent that no proposed assignee has yet provided adequate assurance of future performance.

**Basis for Objection**

9. Pursuant to the terms of the Lease, Tenant is responsible for the payment of, among other things, Annual Minimum Rental, Common Area Maintenance Costs and Real Estate Taxes, as well as reasonable attorneys' fees and costs.

10. Tenant has failed to pay all of its rental obligations under the Lease; most notably: (i) Annual Minimum Rental for both February, 2016 and March, 2016 of $108,000.00/mo., (ii) Common Area Maintenance Costs for the same two (2) months of $7,460.12/mo., (iii) a 2014 Common Area Maintenance Costs reconciliation of $6,056.95, (iv) the balance due for the first-

3

half 2015 Real Estate Taxes of $14,877.19, and (v) the balance due for the second-half 2015 Real Estate Taxes of $31,524.62, as detailed in the statement of account (CM Receivables Ledger) which is attached hereto as Exhibit "A".

11. Bankruptcy Code § 365(b) requires that Tenant cure all defaults in conjunction with the assumption of the Lease. Additionally, Tenant and any proposed assignee must acknowledge, and any order approving cure amounts and assumption and assignment must provide, that the assignee takes the Lease subject to all of its terms and conditions and, *inter alia*: (i) shall be liable for any and all accrued but not yet billed charges, whether those charges relate to pre-petition or pre-assumption periods of time, (ii) shall pay any and all year-end reconciliations of Common Area Maintenance Costs and Real Estate Taxes when due pursuant to the terms of the Lease, and (iii) shall comply with any and all indemnification-related obligations (*e.g.*, for claims for personal injury and/or damage to the Property, the Premises or other property) under the Lease, whenever any such obligations may arise.

12. Additionally, CPYR is entitled to recover its reasonable attorneys' fees and costs incurred in enforcing the Lease and/or relative to Tenant's default under Section 43 of the Lease and §365(b)(1)(B) of the Bankruptcy Code. *See In re Crown Books Corp.*, 269 B.R. 12, 18 (Bankr. D. Del., 2001).

13. As a direct result of Tenant's default under the Lease and Debtors' filing of the Notice, CPYR has been forced to expend attorneys' fees and costs in order to enforce the Lease and to protect its rights thereunder.

14. Finally, CPYR reserves any and all other rights to object to the assumption and assignment of the Lease, including but not limited to any objections to: (i) any proposed

assignee, (ii) any proposed use of the Premises, and (iii) the lack of adequate assurance of future performance under the Lease.

### Conclusion

15. For the reasons set forth above, CPYR hereby objects to Debtors' proposed cure amount to the extent that it does not accurately account for the amounts presently owed under the Lease ($282,879.14), nor for interest and/or late payment charges, any accrued but not yet billed charges, any as of yet unreconciled Common Area Maintenance Costs and/or Real Estate Taxes, and attorneys' fees and costs.

16. CPYR also reserves any and all other rights to object to the assignment of the Lease to any potential assignee.

17. CPYR further reserves all rights to amend the cure amount as set forth in this Objection.

WHEREFORE, CPYR Shopping Center, LLC respectfully requests that any assumption of the Lease be conditioned upon full payment of the cure amount as set forth herein, and such other and further relief as this Honorable Court deems just and proper.

Dated: April 27, 2016
Wilmington, Delaware              CROSS & SIMON, LLC

                                  By: */s/ Kevin S. Mann*
                                     Kevin S. Mann (No. 4576)
                                     1105 North Market Street, Suite 901
                                     Wilmington, Delaware 19801
                                     (302) 777-4200
                                     (302) 777-4224 (Facsimile)
                                     kmann@crosslaw.com

                                         - and -

                        Laurence H. Berbert
                        BREGMAN, BERBERT, SCHWARTZ &
                          GILDAY, LLC
                        7315 Wisconsin Avenue, #800 West
                        Bethesda, MD  20814
                        Telephone - (301) 656-2707
                        Facsimile - (301) 961-6525
                        lberbert@bregmanlaw.com

                        *Counsel to CPYR Shopping Center, LLC*