IN THE UNITED STATES BANKRUPTCY COURT
IN AND FOR THE STATE OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Sports Authority Holdings, Inc., *et al.*, | ) | Case No. 16-10527 (MFW) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Obj. Deadline: 4/29/16 by 4:00 p.m.** |
| | ) | **Related to Docket 1210** |

### LIMITED OBJECTION OF U.S. REIF JOLIET SC FEE, LLC TO THE CURE AMOUNT CONTAINED IN THE DEBTORS' NOTICE OF POSSIBLE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH SALES

U.S. REIF Joliet SC Fee, LLC ("U.S. REIF"), by and through its counsel, files this limited objection and reservation of rights to the cure amount contained in the Debtor's "*Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection With Sales*" (the "Cure Notice") [D.I. 1210] and in support hereof, respectfully states as follows:

### Introduction

1. U.S. REIF is the lessor, and Debtor TSA Stores, Inc. is the lessee of certain non-residential real property in Joliet, Illinois ("Property"), pursuant to that certain Shopping Center Lease dated effective May 15, 2014 (the "Lease"). The Property is located in a shopping center, and the Debtors use it as a retail store, referring to the Property as Store No. 589.

2. On March 2, 2016 (the "Petition Date"), Sports Authority Holdings, Inc., TSA Stores, Inc. and certain affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), commencing the above-captioned case in the United States Bankruptcy Court for the District of Delaware. The Debtors' bankruptcy cases are being jointly administered.

{05236979.DOCX.}

3. Debtors were in default under the Lease on the Petition Date, owing U.S. REIF unpaid rent and related obligations for February 2016 and March 2016 and certain additional obligations that have now been outstanding for 90 days or more.

4. On the Petition Date the Debtors filed, among other motions:

   a. an *Emergency Motion for Interim and Final Orders (A) Authorizing the Debtors to Assume the Closing Store Agreement, (B) Authorizing and Approving Store Closing Sales ... and (E) Approving the Debtors' Store Closing Plan* (D.I. 15) (the "Closing Store Motion"),

   b. a *Motion to Extend the Deadline by Which the Debtors Must Assume or Reject Unexpired Leases of Non-Residential Real Property Under Which ... the Debtors are Lessees* (D.I. 67) (the "Assumption Extension Motion"), seeking a ninety day extension of the 120-day statutory deadline under 11 U.S.C. §365(d)(4)(A) to assume or reject unexpired leases of non-residential real property, and

   c. a *Motion, Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code ... for Entry of (A) an Order (i) Approving Bid Procedures in Connection with the Sale of Substantially all of the Debtors' Assets, (ii) Scheduling an Auction ... and (B) an Order Authorizing and Approving ... (ii) the Assumption and Assignment of Certain ... Unexpired Leases* (D.I. 106) (the "Bid Procedures Motion").

5. In connection with the Closing Store Motion, the Debtors filed a list of the designated Store Closing Locations (D.I. 93, 185) (the "Closing Stores"). Debtors included U.S. REIF's Property among the listed Closing Stores.

6. After filing the Bid Procedures Motion, the Debtors filed a revised proposed order related to the Bid Procedures Motion, proposing a bifurcated process and separate timelines for,

on the one hand, the proposed assumption, assignment and transfer of unexpired leases of the Closing Stores and, on the other hand, the main auction sale of substantially all of the Debtors' other assets.

7. On April 15, 2016, in connection with the proposed assumption, assignment and transfer of unexpired leases of the Closing Stores, the Debtor filed the Cure Notice, together with Exhibit 1-B to the Cure Notice, in which it listed the cure costs for each Closing Store lease, including the U.S. REIF Lease.

8. Specifically, Exhibit 1-B to the Cure Notice listed the Debtors' proposed cure amount for the U.S. REIF Lease at $100,472.34 ("Proposed Cure Amount"). The Cure Notice also fixed April 29, 2016 at 4:00 p.m. (ET) as the deadline for Closing Store lessors to file cure cost objections.

**Objection to Proposed Cure Amount**

9. For the Debtors to assume and assign the Lease, the Debtors must cure any amounts outstanding thereunder pursuant to section 365 of the Bankruptcy Code and must provide adequate assurance of future performance by the proposed assignee. *See* 11 U.S.C. § 365(b)(1).

10. U.S. REIF files this objection to the Cure Notice in order to: (a) object to the Proposed Cure Amount, which is incorrect and inadequate; (b) reserve its rights to seek additional sums that may come due and owing prior to the proposed assumption of the Lease in the event that Debtors fail to timely make all required post-petition payments; and (c) reserve its rights to raise additional objections to assumption and assignment and any other relief sought by Debtors in connection with the proposed assumption and assignment, including, but not limited

3

to, the identity of the proposed assignee, the financial wherewithal of the proposed assignee, and the proposed use of the Property.

11.     The amount actually due and owing to U.S. REIF on the U.S. REIF Lease at the Petition Date was $105,606.12 ("Petition Date Arrearage"), as reflected on the attached statement, and U.S. REIF further asserts and reserves its right to recover reasonable attorneys' fees under the Lease. Accordingly, U.S. REIF thus objects to the Cure Notice on the ground that the Cure Amount is incorrect and inadequate.

## Reservation of Rights

12.     U.S. REIF reserves its rights to seek additional sums that may come due and owing prior to the proposed assumption of the Lease in the event that Debtors fail to timely make all required post-petition payments, including, but not limited to, attorneys' fees.

13.     U.S. REIF also reserves its rights to raise further objections to assumption and assignment of its Lease, including, but not limited to, the identity of the proposed assignee, the financial wherewithal of the proposed assignee, and the proposed use of the Property.

14.     U.S. REIF reserves the right to modify, supplement and/or amend this limited objection and retains all rights to assert post-assumption reimbursement or other claims that may arise under the Lease relating to pre-assumption events.

## Conclusion

15.     For all of the foregoing reasons, U.S. REIF respectfully requests that this Court fix the Debtor's cure obligation with respect to any assumption and assignment of U.S. REIF's Lease on the satisfaction in full of the actual Petition Date Arrearage and any other amounts coming due prior to assumption of the Lease, and that the Court direct the

Debtors promptly to satisfy all such amounts promptly upon entry of an any order authorizing the assumption and assignment of U.S. REIF's Lease.

Dated: April 27, 2016

CONNOLLY GALLAGHER LLP

Karen C. Bifferato (#3279)
1000 N. West Street, Suite 1400
Wilmington, DE 19801
Telephone: 302-888-6221
Facsimile: 302/ 757-7280
Email: bifferato@connollygallagher.com

-and-

Richard J. Mason, P.C.
Patricia K. Smoots
McGuire Woods LLP
77 W. Wacker Dr., Suite 4100
Chicago, IL 60601
Telephone: 312-849-8100
Facsimile:  312/849-3690
Email:  rmason@mcguirewoods.com
Email:  smoots@mcguirewoods.com

*Attorneys for U.S. REIF Joliet SC Fee, LLC*