IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE<br><br>SPORTS AUTHORITY HOLDINGS, INC., *et al.*,<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 16-10527 (MFW)<br>(Jointly Administered)<br><br>**Hearing Date: May 25, 2016 at 9:30 a.m. (E.T.)**<br>**Related to Docket No. 1210**<br><br>**Objections Due:  April 29, 2016 at 4:00 p.m. (E.T.)** |

**OBJECTION OF ROSEBUD SA CAMELBACK ONE, LLC TO DEBTORS' NOTICE OF POSSIBLE ASSUMPTION AND ASSIGNMENT OF UNEXPIRED <u>LEASES AND PROPOSED CURE AMOUNT RELATED THERETO</u>**

Rosebud SA Camelback One, LLC ("Landlord") objects to the *Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sales* (the "Cure Notice") [Docket No. 1210] filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), based upon the following:

## BACKGROUND

1.　　On March 2, 2016 (the "Petition Date"), the Debtors filed respective voluntary petitions for reorganization pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").  Since the Petition Date, the Debtors have continued to manage their properties and operate their businesses as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

2.　　The Landlord is the owner of certain premises located at the southeast corner of 16th Street and Camelback Road in Phoenix, Arizona ("Premises").  Pursuant to the Shopping Center Lease dated April 10, 2007 (the "Camelback Lease") between Landlord, as the current landlord, and one of the Debtors, TSA Stores, Inc., as the tenant, the Debtors conduct retail operations at the Premises as Debtors' Store No. 689.

3.　　On April 15, 2016, in connection with the proposed and potential sale of all or substantially all of their assets, the Debtors filed the Cure Notice, which reflects the Debtors' assertion of the cure amount due and owing under the Camelback Lease of  $108,545.34 (the "Debtors' Proposed Cure Amount").

4. For the reasons below, the Landlord objects to the Debtors' Proposed Cure Amount.

5. The discrepancies between the Debtors' Proposed Cure Amount and the actual amounts required to cure defaults under the Camelback Lease are stated as follows:

| Lease | Store No. | Debtors' Proposed Cure Amount | Actual Cure Amount Due Landlord | Discrepancy |
|---|---|---|---|---|
| Camelback Lease | 689 | $108,545.34 | $201,437.94 | $92,892.60 |

**THE RELIEF REQUESTED AND THE REASONS THEREFOR**

6. In support of this Objection, the Landlord has attached:

- Exhibit A: The current Statement of amounts due and owing under the Camelback Lease.
- Exhibit B: The Real Estate Tax Statement for the Premises for the Second Half of 2015.

As set forth in the Exhibits, the Debtors are indebted to the Landlord in the aggregate amount of $201,437.94 as of this date under the Camelback Lease (the "Landlord's Cure Amount").[1]

7. In addition to the current outstanding rent and other charges detailed above and in the Exhibits attached hereto, there are accruing charges under the Camelback Lease that are subject to year-end adjustments and reconciliation that have not yet been billed under the Camelback Lease. The Debtors continue to be responsible for all such accrued and accruing charges under the Camelback Lease, as and when they are billed. Any lease assignee must take the assignment of the Camelback Lease subject to its terms and pay all obligations owing under the Lease, including obligations that have accrued but may not yet have been billed under the

---

[1] To the extent that the Debtors may question any of the charges comprising the Landlord's Cure Amount, the Landlord will make every effort to address disputes and otherwise to reconcile the discrepancies with the Debtors' Proposed Cure Amount prior to the hearing in this matter.

Lease, even those obligations that relate to pre-petition or pre-assumption periods, and shall pay any and all year-end adjustments and other charges when due pursuant to the terms of the Camelback Lease regardless of when the charges may have accrued.

8. The Lease requires the Debtors to indemnify and hold harmless the Landlord with respect to any claims arising during the term of the Camelback Lease, whether such claims are now known or may become known after any assumption and assignment of the Lease. Any order approving the Cure Amount due the Landlord and the assumption and assignment of the Camelback Lease must contain provisions for the continued obligation of the lease assignee to indemnify the Landlord, regardless of when the related claims may have arisen.

## **RESERVATION OF RIGHTS**

8. The Landlord specifically reserves its rights to object to any other relief sought by the Debtors in connection with the proposed asset sale or the assumption and assignment of the relevant leases in connection therewith, including, without limitation, the proposed adequate assurance of future performance under the Camelback Lease by any proposed lease assignee. The Landlord further reserves its right to supplement the Landlord's Cure Amount.

- 4 -

**CONCLUSION**

WHEREFORE, for the foregoing reasons, the Landlord seeks an order of this Court (a) fixing the Debtors' cure obligation under the Camelback Lease in the amount of $201,437.94 (less any payments made by the Debtors on account of such sums prior to the assignment of the Camelback Lease, plus any additional amounts accruing under the Camelback Lease through the date thereof), (b) directing the Debtors to promptly satisfy the required cure amount following the entry of an order authorizing the assumption and assignment of the Camelback Lease pursuant to Sections 365(a) and (b) of the Bankruptcy Code, (c) directing the lease assignee to be responsible for any future adjustments or reconciliations under the Lease, and (d) directing the lease assignee to be responsible for the indemnification of the Landlord as required under the Camelback Lease, together with such other and further relief as is just and proper.

Respectfully submitted,

Date:  April 27, 2016					**STEVENS & LEE, P.C.**

/s/ *Joseph H. Huston, Jr.*
Joseph H. Huston, Jr. (No. 4035)
919 North Market Street, Suite 1300
Wilmington, DE  19801
Tel: (302) 425-3310
Fax: (610) 371-7972
Email: jhh@stevenslee.com

*Attorneys for Rosebud SA Camelback One, LLC*