IN THE UNITED STATES BANKRUPTCY COURT
IN AND FOR THE STATE OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Sports Authority Holdings, Inc., *et al.*, | ) | Case No. 16-10527 (MFW) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Obj. Deadline:  4/29/16 by 4:00 p.m.** |
| | ) | **Hearing Date:  5/24/16 @ 9:30 a.m.** |
| | ) | **Related to Docket 1210** |

**OBJECTION OF DAY MORENO VALLEY LLC**
**TO DEBTOR'S PROPOSED CURE AMOUNT**

Day Moreno Valley LLC, a Michigan limited liability company, successor in interest to

Gateway Company, L.C., a Nevada limited liability company ("Landlord"), by and through its

undersigned counsel, hereby objects (the "Objection") to the proposed cure amount set forth for

Landlord's lease in the Debtors' Notice of Possible Assumption and Assignment of Certain

Executory Contracts and Unexpired Leases and in Connection with Sales (the "Cure Notice")

[D.I. 1210].  In support of this Objection Landlord respectfully states as follows:

1.      This is a contested matter, pursuant to Bankruptcy Rules 6006(b) and 9014.

2.      Jurisdiction is based upon 28 U.S.C. § 1334.

3.      This a core proceeding within the meaning of 28 U.S.C. § 157(b).

4.      TSA Stores, Inc. ("TSA") and certain of its subsidiaries and affiliates (the

"Debtors") filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United

States Code on March 2, 2016 (the "Petition Date").  The Debtors have continued to operate their

business and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a)

and 1108.

5.      The Landlord and TSA are parties to an unexpired lease of non-residential real

property dated as of November 16, 2007; a Memorandum of Shopping Center Lease dated

{05237058.DOCX.}

November 16, 2007; and a Commencement Agreement dated June 15, 2009 (collectively, the "Lease") for retail property (the "Premises") located in the Towngate Crossing in the City of Moreno Valley, County of Riverside, State of California (the "Center"). The Center is a "shopping center" as that term is used in Bankruptcy Code § 365(b)(3). Consequently, the Landlord is entitled to the protections that Bankruptcy Code § 365(b)(3) grants to landlords of shopping centers.

6.     The Debtors did not pay the rent and other charges due under the Lease for March 2016.

7.     The Debtors filed the Cure Notice on April 15, 2016. In the Cure Notice, the Debtors (a) indicate that they *may* assume and assign the Lease to a Stalking Horse Purchaser or to another high bidder and (b) seek to establish cure amounts with respect to the Lease.

8.     The Debtors included the Lease in the Cure Notice as follows:

| Counterparty Name | Store No. | Address | Rent | Other Occupancy Charges | Cure Amount |
|---|---|---|---|---|---|
| Day Moreno Valley LLC c/o the Fritz Duda Co. 3425 Via Lido, Ste. 250 Newport Beach, CA 92663 | 645 | 12500 Day Street Moreno Valley, CA 92553 | $71,765.03 | ($7,965.85) | $63,799.18 |

The $63,799.18 cure amount asserted by TSA shall be referred to hereinafter as the "Debtor's Cure Amount."

9.     The Landlord disputes the Debtor's Cure Amount. The calculation of the cure amount is as follows (the "Landlord's Calculation"):

| Description of Charge | Amount |
|---|---:|
| Base Rent for March 2016[1] | $55,833.33 |
| Common Area Maintenance Charge for March 2016 | $8,565.71 |
| Property Taxes Payable by April 11, 2016 | $52,157.05 |
| 10% Penalty for Failure to Pay Property Taxes by April 11, 2016 | $5,215.71 |
| Administrative Fee for Failure to Pay Property Taxes by April 11, 2016 | $38.63 |
| Reimbursement for Landlord's General Liability Insurance Premium for 2/3/14 to 2/3/15 | $19,482.00 |
| Reimbursement for Landlord's Earthquake Insurance Premium for 2/3/14 to 2/3/15 | $23,850.00 |
| Reimbursement for Landlord's General Liability Insurance Premium for 2/3/15 to 2/3/16 | $17,458.00 |
| Reimbursement for Landlord's Earthquake Insurance Premium for 2/3/16 to 2/3/16 | $23,850.00 |
| Reimbursement for Landlord's General Liability Insurance Premium for 2/3/16 to 2/3/17 | $19,537.00 |
| Reimbursement for Landlord's Earthquake Insurance Premium for 2/3/16 to 2/3/17 | $23,850.00 |
| **TOTAL:** | **$249,837.43** |

Evidence to support the Landlord's Calculation is set forth in attached Exhibit A.  The Landlord's Calculation, in addition to any other amounts provided for in §§ 11, 13 and 14 of this Objection, represent the actual cure amount (the "Actual Cure Amount").

## OBJECTION

10.     Bankruptcy Code § 365(b) requires that a debtor cure all defaults in conjunction with lease assumption and assignment.  The Debtor's Cure Amount is not sufficient to cure all defaults under the Lease.  Rather, the Landlord must receive payment of the Actual Cure Amount in order to cure all defaults under the Lease.

---

[1] The current amount of base rent is set for in Lease § 1.1(i).

11.     Additional amounts may also be due with regard to the pre-petition and post-petition periods, such as year-end adjustments to various items including, but not limited to, real estate taxes and Common Area Maintenance Expenses.  Bankruptcy Code § 365(b) requires that a debtor cure all defaults in conjunction with lease assumption.  As a result, the Debtors and any proposed assignee must acknowledge, and any order approving cure amounts and assumption and assignment must provide, that the proposed assignee (a) shall be liable for any and all unbilled charges even if those charges related to pre-petition or pre-assumption periods and (b) shall pay any and all year-end adjustments and other charges when due pursuant to the terms of the Lease regardless of when the charges accrued.

12.     The Lease requires the Debtors to indemnify and hold the Landlord harmless with respect to any claim arising during the Lease term, whether such claims are now known or may not become known until after assumption and assignment of the Lease.  *See* Lease § 5.3(a).  Any order approving the cure amount and assumption and assignment of the Lease must remain subject to the terms of the Lease, including that any assignee continues to be responsible for all such indemnification obligations, regardless of when they arose.  Alternatively, the Debtors must set up a mechanism to ensure that they can satisfy the indemnification obligations under the Lease arising prior to the assumption and assignment of the Lease.

13.     The Landlord is also entitled to payment of reasonable attorneys' fees as part of the Actual Cure Amount.  *See* Lease §§ 14.1 and 14.5.  Attorneys' fees due under the Lease are compensable, if the Lease specifically requires their payment.  *In re Crown Books Corp.*, 269 B.R. 12, 15 (Bankr. D. Del. 2001).

14.     The Landlord reserves the right to further object to the Debtors' proposed cure amounts and to increase or further reconcile the cure claims set forth herein.  In addition, the

Landlord reserves all rights regarding the proposed assumption and assignment of the Lease and adequate assurance including, without limitation, issues regarding the financial condition and ability of any proposed assignee and the proposed use of the Premises.

15.     The Landlord joins the objections filed by the Debtors' other landlords to the extent that they supplement and are not otherwise inconsistent herewith.

<b>CONCLUSION</b>

**WHEREFORE**, for the foregoing reasons, the Landlord respectfully requests that any order entered by this Honorable Court authorizing the assumption of the Lease be consistent with this Objection and grant to the Landlord such other and further relief as the Court deems just and appropriate under the circumstances.

Date:  April 27, 2016

CONNOLLY GALLAGHER LLP

Karen C. Bifferato (#3279)
Kelly M. Conlan  #4786)
1000 N. West Street, Suite 1400
Wilmington, Delaware 19801
Telephone:  (302) 757-7300
Facsimile:  (302) 757-729
Email:  kbifferato@connollygallagher.com
Email:  kconlan@connollygallagher.com

-and-

C. Leslie Banas
Jessica Hallmark
BANAS AND ASSOCIATES PLLC
330 Hamilton Row, Suite 350
Birmingham, Michigan 48009
Telephone:  (248) 203-5400
Facsimile:  (248) 203-0076
Email:  jessica.hallmark@banaslegal.net

*Attorneys for Landlord*