IN THE UNITED STATES BANRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>SPORTS AUTHORITY HOLDINGS, INC., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 16-10527 (MFW)<br><br>(Jointly Administered)<br><br>Related Docket N. 1210 |

### OBJECTION OF 777 TAMALPAIS DRIVE, INC., TO DEBTORS' NOTICE OF POSSIBLE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH SALES AND RELATED CURE AMOUNTS

777 Tamalpais Drive, Inc. ("Landlord"), by and through the undersigned, hereby objects to the proposed cure amount set forth on Exhibit B-1 of the Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with Sales [Docket No. 1210] (the "Cure Notice") with regard to Store No. 054 located at the Town Center Corte Madera, 435 Corte Madera Avenue, Corte Madera, California 94925 ("Store No. 054"). In support of its objection, Landlord respectfully states as follows:

1. On November 3, 2010, Landlord and TSA Stores, Inc., ("Debtor") entered into a Lease for Store No. 054. Also on November 3, 2010, Landlord and Debtor entered into a Rider to the Lease (A copy is attached as Exhibit "A"). Pursuant to Paragraph 2 of the

Rider To Lease, Debtor was granted a onetime right to terminate the Lease if after the fourth (4th) full calendar year of the Lease term the gross sales of Debtor for Store No.054 did not exceed $4,638,000.00. Also pursuant to the terms of Paragraph 2 to the Rider, if Debtor timely exercised its early termination right, then Debtor was obligated to pay to Landlord the unamortized construction costs and brokerage commissions paid by Landlord in connection with the Lease.

2.  On January 28, 2016, Debtor exercised its right to terminate the Lease. A copy of Debtor's letter to Landlord is attached as Exhibit B. As a result of Debtor exercising its early termination right, the Lease terminates on January 28, 2017. Also, as a result of the exercise of the early termination right, Debtor is obligated to pay to the Landlord the termination fee in in the sum of $353,000.00.

3.  Store No. 054 is part of a group of Debtor's stores that is subject to a Closing Store Sale.

4.  On April 14, 2016, the Bankruptcy court entered the Bid Procedures Order [Docket No. 1186]. The Lease for Store No.054 was listed as one of Debtor's leases for the Closing Store Lease Sale and Auction. In accordance with the Bid Procedures Order, on April 15, 2106, the Debtor filed the required Cure Notice, which lists the Lease for Store No. 054 as one of Debtor's unexpired pre-petition leases of non-residential property that may be assumed and assigned to a successful bidder in connection with the Closing Store Lease Auction and Sale.

5.  The Cure Notice lists the proposed cure amount as $61,770.42. (the "Proposed Cure Amount"). The Cure Notice lists the Proposed Cure Amount as rent.

6.  Landlord objects to the Proposed Cure Amount in that it fails to include the Lease

Termination obligation in the sum of $353,000.00. Additionally, Landlord asserts that the requirements of Bankruptcy Code §365(b)(1)(B) include compensation to the Landlord for sums incurred for attorneys' fees in connection with the bankruptcy case. *See In re Westworld Community Healthcare, Inc.*, 95 B.R. 730 (C.D.Cal. 1989) and *In re: Child World, Inc.*, 161 B.R. 349 (S.D.N.Y. 1993) (Section 365(b)(1)(B) allows for the recovery of attorneys' fees if based upon the language of the lease). Landlord's lease with Debtor includes language allowing Landlord to recover attorney's fees and costs reasonably incurred by Landlord to collect amounts due under the Lease.

7. The cure amounts necessary to assume Landlord's lease with Debtor through the proposed Closing Store Lease Auction and Sale, not including any additional losses incurred by Landlord, and any further adjustments for charges due under the Lease which are not yet known are as follows:

| DEBTORS' STORE NO. | UNPAID PRE-PETITION RENT | TERMINATION FEE | ATTORNEYS' FEES [est.] | TOTAL CURE CLAIM |
|---|---|---|---|---|
| 054 | $61,770.42 | $353,000.00 | $2,500.00 | $417,270.42 |

8. Landlord expressly reserves all rights to object to any other relief sought by the Debtors in connection with the proposed Closing Store Lease Sale, including without limitations, any proposed showing of adequate assurance of future performance.

///

///

///

///

Objection To Proposed Cure Amount

Page 3 of 4

WHEREFORE, Landlord requests that the cure amounts be established in the amounts set forth above, and for such other and further relief as the Court shall deem just and proper.

Dated: April 27, 2016                VALINOTI, SPECTER &DITO, LLP


By:   //s// Jeffrey A. Dito
      Jeffrey A. Dito, Attorneys for Landlord and
      Creditor 777 Tamalpais Drive, Inc.

Objection To Proposed Cure Amount

Page 4 of 4