IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| SPORTS AUTHORITY HOLDINGS, INC, ET AL.,[1] | : | Case No. 16-10527 (MFW) |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | |
| | : | **Re: Docket No. 1210** |

---

### OBJECTION OF MK KAPOLEI COMMONS LLC TO NOTICE OF POSSIBLE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH SALES

MK Kapolei Commons LLC (the "Landlord"), by and through its undersigned counsel, hereby submits this objection ("Objection") to the cure amount listed on the schedule attached as Exhibit 1-B to the Debtors' *Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with Sales* [D.I. 1210] (the "Notice of Cure Amount"), and respectfully states as follows:

### BACKGROUND FACTS

1. On March 2, 2016, the Debtors each filed voluntary petitions for relief under chapter 11, title 11, United States Code (the "Bankruptcy Code") with this Court.

2. The Debtors are operating their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. Landlord and TSA Stores, Inc. d/b/a Sports Authority (the "Tenant") are parties to the Shopping Center Lease, dated March 31, 2008; the Memorandum of Shopping Center Lease, dated March 31, 2008; Subordination, Non-Disturbance and Attornment

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Sports Authority Holdings, Inc. (9008); Slap Shot Holdings, Corp. (8209); The Sports Authority, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664).

{BAY:02889862v1}

Agreement, dated March 31, 2008; the Amendment to Lease, dated November 7, 2008; the Second Amendment to Lease, dated December 24, 2008; and the Commencement Agreement, dated April 19, 2009, as amended (the "Lease"), relating to the Premises, as described in the Lease, in the Shopping Center commonly known as the Kapolei Commons, in the City of Honolulu, County of Honolulu, and State of Hawaii (the "Premises").

4. The Lease is identified on the Notice of Cure Amount as Store Number 774.

5. The Lease is a lease "of real property in a shopping center" within the meaning of section 365(b)(3) of the Bankruptcy Code. See In re Joshua Slocum, Ltd., 922 F.2d 1081, 1086- 87 (3d Cir. 1990).

6. Pursuant to the Lease, the Tenant owes Landlord the sum of $21,981.84 due pre-petition and $150,124.89 due post- petition for rent, common area maintenance ("CAM"), water/sewer, State of Hawaii general excise tax ("GET") and 2015 CAM reconciliation. A spreadsheet showing the pre- and post-petition amounts due is attached hereto as Exhibit A and incorporated herein by reference for all purposes.[2]

7. On April 14, 2016, the Bankruptcy Court entered the Bid Procedures Order, thereby approving the Closing Store Lease Bid Procedures, the Main Auction Bid Procedures and the Assignment Procedures. [D.I. 1186] (the "Bid Procedures Order").

8. Pursuant to the Bid Procedures Order, on April 15, 2016, the Debtors filed the Notice of Cure Amount [D.I. 1210], which, among other things, indicated the Debtors' intent to assume and assign the Lease upon the entry of an order approving the sale of substantially all of the Debtors' assets. [D.I. 1210 at 21-22]. The Debtors

---

[2] The Debtors have not paid rent and other charges due under the Lease for the per diem period March 2 – 31, 2016, as well as for other related charges (the "Stub Rent").

proposed a $160,419.82 cure amount with respect to the Lease (the "Proposed Cure Amount"). [D.I. 1210, Exhibit 1-B p. 26 of 45].

## OBJECTION TO CURE AMOUNT AND SCHEDULE

9. The Landlord objects to the Proposed Cure Amount.

10. The Landlord's invoice attached hereto as Exhibit "A" shows a balance of $172,106.73 (the "Balance Due"). The difference between the Balance Due and the Proposed Cure Amount is shown on Exhibit "A" as $11,686.91.[3]

## RESERVATION OF RIGHTS

11. The Landlord specifically reserves its rights to object to any other relief sought by the Debtors in connection with the proposed asset sale or the assignment of the Lease, including the ultimately successful purchaser's proposed adequate assurance.

WHEREFORE, PREMISES CONSIDERED, for the foregoing reasons, Landlord respectfully requests that this Court enter an order fixing the Proposed Cure Amount at $172,106.73, plus any other amounts that may come due under the Lease; and granting such other and further relief as this Court deems just and proper.

Dated: April 27, 2016
       Wilmington, Delaware       **BAYARD, P.A.**

                                        */s/ Justin R. Alberto*
                                        Justin R. Alberto (No. 5126)
                                        222 Delaware Avenue, Suite 900
                                        Wilmington, Delaware 19801
                                        Phone: (302) 655-5000
                                        Facsimile: (302) 658-6395
                                        Email: jalberto@bayardlaw.com

                                        and

---

[3] Landlord is also entitled to post-petition interest under the Lease at the Prime Rate plus four percent (4%) or a one-time late fee of one-percent (1%) of the overdue amount.

GOODSILL ANDERSON QUINN & STIFEL
Johnathan C. Bolton (HI Bar No. 9650)
999 Bishop Street, Suite 1500
Honolulu, Hawaii 96813
Phone:  (808) 547-5854
Facsimile:  (808) 547-5650
Email: jbolton@goodsill.com

Attorneys for
MK KAPOLEI COMMONS LLC