IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | Case No. 16-10527 (MFW) |
| SPORTS AUTHORITY HOLDINGS, INC, *et al.*, ) | |
| ) | (Jointly Administered) |
| ) | |
| ) | Objection Deadline: 4/29/16 at 4:00 p.m. |
| Debtors.    ) | Related to Docket No. 1210 |

### OBJECTION OF IRC MAPLE PARK PLACE, LLC, IRC PRAIRIE CROSSINGS, LLC, IRC CRYSTAL POINT, LLC, AND IRC RIVERDALE COMMONS, LLC TO NOTICE OF POSSIBLE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH SALES

IRC Maple Park Place, LLC (f/k/a Inland Maple Park Place, LLC), IRC Prairie Crossings, LLC (f/k/a Inland Prairie Crossings, LLC), IRC Crystal Point, LLC (f/k/a Inland Crystal Point, LLC), and IRC Riverdale Commons, LLC (f/k/a Inland Riverdale Commons, LLC) (collectively, "Landlord"), by and through its undersigned counsel, hereby objects (the "Objection") to the *Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with Sales* (D.I. 1210) ("Cure Notice"), and in support thereof, respectfully states as follows:

### BACKGROUND

1. On March 2, 2016 ("Petition Date"), the above-captioned debtors and debtors-in-possession ("Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

2. Landlord is a party to various unexpired leases ("Leases") of non-residential real property ("Premises") with the Debtors as set forth on Exhibit A attached hereto. The Leases are leases "of real property in a shopping center" for purposes of 11 U.S.C. § 365(b)(3).

3. On the Petition Date, the Debtors filed, *inter alia*, (i) *Debtors' Motion, Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code, Fed. R. Bankr. P. 2002, 6003, 6004, 9007, 9008 and 9014 and Del. Bankr. L.R. 2002-1, 6004-1 amd 9006-1, for Entry of (A) an Order (I) Approving Bid Procedures in Connection with the Sale of Substantially All of the Debtors' Assets, (II) Scheduling an Auction for and Hearing to Approve Sale of Assets, (III) Approving Notice of Respective Date, Time and Place for Auction and for Hearing on Approval of Sale, (IV) Approving Procedures for the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (V) Approving Form and Manner of Notice Thereof, and (VI) Granting Related Relief; and (B) an Order Authorizing and Approving (I) the Sale of Substantially All of the Debtors' Assets Free and Clear of Liens, Claims, Rights, Encumbrances, and Other Interest, (II) the Assumption and Assignment of Certain Executory Contracts and Unxpired Leases, and (III) Related Relief* (D.I. 106) (the "Bid Procedures Motion"), and (ii) *Debtors' Emergency Motion for Interim and Final Orders (A) Authorizing the Debtors to Assume the Closing Store Agreement, (B) Authorizing and Approving Store Closing Sales Free and Clear of All Liens, Claims and Encumbrances, (C) Authorizing the Implementation of Customary Employee Bonus Program and Payments to Non-Insiders Thereunder, (D) Approving Dispute Resolution Procedures, and (E) Approving the Debtors' Store Closing Plan* (D.I. 15) (the "Store Closing Motion").

4. The Bid Procedures Motion seeks, *inter alia*, approval of the marketing and sale of the Debtors' assets, including, but not limited to, the assumption and assignment of certain leases of non-residential real property, to a highest and best bidder identified following an

auction process, whereas the Store Closing Motion seeks approval of the Debtors' Store Closing Plan.[1]

5.      On April 14, 2016, the Court entered an order approving the Bid Procedures Motion (D.I. 1186), which, *inter alia*, establishes a process whereby the Debtors will conduct two auctions, one for the sale of substantially all of their assets and another for the sale of the Closing Store Leases. All of the Leases are subject to potential assumption and assignment to a third party who is later identified as the successful bidder of the Debtors' assets following a going-concern sale auction and/or a Closing Store Lease auction.

6.      On April 15, 2016, in conjunction with the Bid Procedures Order, the Debtors filed the Cure Notice, which lists the Debtors' proposed cure amounts for each of the Leases ("Proposed Cure Amount(s)") as follows:

| Lease | Proposed Cure Amount(s) |
|---|---|
| Maple Park Place/Store No. 600 | $38,446.52 |
| Prairie Crossings Shopping Center/Store No. 627 | $84,017.86 |
| Crystal Point/Store No. 587 | $71,577.31 |
| Riverdale Commons/Store No. 708 | $64,627.54 |

**OBJECTION AND BASIS THEREFOR**

7.      Landlord objects to the Proposed Cure Amounts. First, the actual cure amounts for each of the Leases is set forth immediately below:

---

[1]     All terms not otherwise defined herein shall have the meanings ascribed to such terms in the Bid Procedures Motion and/or the Store Closing Motion.

{05237055.DOCX.}                                    3

| Lease | Actual Cure Amount(s) |
|---|---|
| Maple Park Place/Store No. 600 | $34,156.70 |
| Prairie Crossings Shopping Center/Store No. 627 | $88,441.06 |
| Crystal Point/Store No. 587 | $71,577.31 |
| Riverdale Commons/Store No. 708 | $64,627.54 |

8.      Second, with respect to all of the Leases, the Proposed Cure Amounts do not take into consideration the passage of time between the filing of the Cure Notice and the effective date of any assumption/assignment of the Leases by the Debtors. Accordingly, any order that is entered establishing cure amounts with respect to the Leases must require that the Debtors (i) comply with all obligations under the Leases pursuant to 11 U.S.C. § 365(d)(3) pending the actual assumption of the Leases, and (ii) cure any additional defaults that may occur under the Leases between the date of this Objection and the effective date of any assumption by the Debtors. *See* 11 U.S.C. § 365(b)(1).

9.      Third, the Proposed Cure Amounts do not include amounts that may become due under the Leases after the date of the assumption that relate to the pre-assumption period (i.e., real estate tax and common area maintenance reconciliations). Any order establishing cure amounts in connection with assumption of the Leases must provide for the payment of all charges due and/or accrued in the ordinary course under the terms of the Leases, notwithstanding the Proposed Cure Amounts. To the extent that the Leases are assigned, any assignee must be expressly responsible and liable for the payment of these charges as and when they become due under the terms of the Leases, regardless of the period to which such charges may relate.

10. Fourth, the Leases provide that the Debtors must indemnify and hold Landlord harmless with respect to any existing claims which may not become known until after the assumption and assignment of a Lease (i.e., personal injury claims, damage to the leased premises or shopping center caused by the Debtors or their agents). Any order approving the assumption and assignment of the Leases must provide that the assumption and assignment is pursuant to the terms of the Leases, including that any assignee continues to be responsible for all such indemnification obligations, regardless of when they arose.

11. Lastly, under the Leases, Landlord is entitled to certain attorneys' fees and costs. These amounts are currently unliquidated because as of the date hereof, Landlord cannot be certain which of its Leases will be assumed and when such assumption will occur. The correct cure amounts should include all of Landlord's attorneys' fees and costs to which it is entitled under the Leases.

WHEREFORE, for all of the foregoing reasons, Landlord respectfully requests that any order entered establishing cure amounts with respect to the Leases is consistent with the statements set forth herein, and that the Court grant such other and further relief as is just and proper.

Dated: April 27, 2016
Wilmington, Delaware

CONNOLLY GALLAGHER LLP

*Kelly M Conlan*

Karen C. Bifferato (DE #3279)
Kelly M. Conlan (DE #4786)
The Brandywine Building
1000 West Street, Suite 1400
Wilmington, Delaware 19801
Telephone: (302) 757-7300
Facsimile: (302) 757-7299
Email: kbifferato@connollygallagher.com
Email: kconlan@connollygallagher.com
*Attorneys for Landlord*