IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SPORTS AUTHORITY HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 16-10527 (MFW)<br>(Jointly Administered)<br><br>**Related Docket No. 1210** |

## OBJECTION OF TUCSON FIESTA LLC
## TO DEBTORS' PROPOSED CURE AMOUNT

Tucson Fiesta LLC (the "Landlord"), as successor in interest to Shelley B. Detrick and Barbara J. Detrick and Opus Southwest Corporation ("Opus"), by its undersigned counsel, hereby objects (the "Objection") to the proposed cure amount set forth for the Landlord's lease in the *Debtors' Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and in Connection with Sales* (the "Cure Notice") [D.I. 1210]. In support of this Objection, the Landlord respectfully states as follows:

1. TSA Stores, Inc. ("TSA") and certain of its subsidiaries and affiliates (the "Debtors") filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code on March 2, 2016 (the "Petition Date"). The Debtors have continued to operate their business and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Sports Authority Holdings, Inc. (9008); Slap Shot Holdings, Corp. (8209); The Sports Authority, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664). The headquarters for the above-captioned Debtors is located at 1050 West Hampden Avenue, Englewood, Colorado 80110.

2. The Landlord and TSA are parties to an unexpired lease of non-residential real property (as amended, the "Lease")[2] dated August 6, 1993 by and between Opus and the Sports Authority, Inc., successor in interest to TSA, for the property commonly known as 4425 North Oracle Road, Tucson, Arizona (the "Premises"). The Premises is located in the Tucson Fiesta Shopping Center (the "Center"). The Center is a "shopping center" as that term is used in Bankruptcy Code § 365(b)(3). Consequently, the Landlord is entitled to the protections that Bankruptcy Code § 365(b)(3) grants to landlords of shopping centers.

3. The Debtors did not pay the rent and other charges due under the Lease for February and March 2016.

4. The Debtors filed the Cure Notice on April 15, 2016. In the Cure Notice, the Debtors (a) indicate that they *may* assume and assign the Lease to a Stalking Horse Purchaser or to another high bidder and (b) seek to establish cure amounts with respect to the Lease.

5. The Debtors included the Lease in the Cure Notice as follows:

| Counterparty Name | Store No. | Address | Rent | Other Occupancy Charges | Cure Amount |
|---|---|---|---|---|---|
| Shelley B. and Barbara J. Detrick 101 First Street, Suite 405 Los Altos, CA 94022 | 796 | 4425 N. Oracle Rd Tucson, AZ 85705 | $90,382.38 | $0.00 | $90,382.38 |

6. The Landlord disputes the proposed cure amount because it fails to include the amounts owed by TSA for its 45.3% pro rata share of real property taxes assed to the Center for the second half of 2015 in the amount of $43,030.50.[3] Accordingly, the Landlord asserts that the proper cure amount is $133,412.88 (the "Actual Cure Amount").

---

[2] A copy of the Lease is available upon request.

[3] Copies of the Property Tax Statements are attached as Exhibit A. Each statement sets forth the amount due for all of 2015 and attaches remittance coupons showing the amounts due for the first half of 2015 and the second half of 2015. The total amount due for 2015 is $189,808.06. TSA's pro rata share for the entire year is $86,061.60.

**OBJECTION**

7.      Bankruptcy Code § 365(b) requires that a debtor cure all defaults in conjunction with lease assumption and assignment. The proposed cure amount is not sufficient to cure all defaults under the Lease. Rather, the Landlord must receive payment of the Actual Cure Amount in order to cure all defaults under the Lease.

8.      Additional amounts may also be due with regard to the pre-petition and post-petition periods, such as year-end adjustments to various items including, but not limited to, real estate taxes and Common Area Maintenance Expenses. Bankruptcy Code § 365(b) requires that a debtor cure all defaults in conjunction with lease assumption. As a result, the Debtors and any proposed assignee must acknowledge, and any Order approving cure amounts and assumption and assignment must provide, that the proposed assignee (a) shall be liable for any and all unbilled charges even if those charges related to pre-petition or pre-assumption periods and (b) shall pay any and all year-end adjustments and other charges when due pursuant to the terms of the Lease regardless of when the charges accrued.

9.      The Lease requires the Debtors to indemnify and hold the Landlord harmless with respect to any claim arising during the Lease term, whether such claims are now known or may not become known until after assumption and assignment of the Lease. *See* Lease ¶ 27. Any order approving the cure amount and the assumption and assignment of the Lease must provide that the assignee shall remain subject to the terms of the Lease, including that any assignee continues to be responsible for all such indemnification obligations, regardless of when they arose. Alternatively, the Debtors must set up a mechanism to ensure that it can satisfy the indemnification obligations under the Lease arising prior to the assumption and assignment of the Lease.

10.     The Landlord is also entitled to payment of reasonable attorney's fees as part of the Actual Cure Amount. *See* Lease, ¶ 42. Attorney's fees due under the Lease are compensable if

the Lease specifically requires their payment. *In re Crown Books Corp.*, 269 B.R. 12, 15 (Bankr. D. Del. 2001).

11. The Landlord reserves the right to further object to the Debtors' proposed cure amounts and to increase or further reconcile the cure claims set forth herein. In addition, the Landlord reserves all rights regarding the proposed assumption and assignment of the Lease and adequate assurance including, without limitation, issues regarding the financial condition and ability of any proposed assignee and the proposed use of the Premises.

12. The Landlord joins the objections filed by the Debtors' other landlords to the extent that they supplement and are not otherwise inconsistent herewith.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, the Landlord respectfully requests that any order entered by this Honorable Court authorizing the assumption of the Lease be consistent with this Objection and grant to the Landlord such other and further relief as the Court deems just and appropriate under the circumstances.

Date: April 27, 2016
Wilmington, DE

**SULLIVAN · HAZELTINE · ALLINSON LLC**

William A. Hazeltine (No. 3294)
901 North Market Street, Suite 1300
Wilmington, DE 19801
Tel: (302) 428-8191
Fax: (302) 428-8195
Email: whazeltine@sha-llc.com

*Attorneys for Tucson Fiesta LLC*