IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Sports Authority Holdings, Inc., *et al.*[1], | ) Case No. 16-10527 (MFW) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) **Re: Docket No. 1210** |

**OBJECTION TO NOTICE OF POSSIBLE ASSUMPTION
AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS
AND UNEXPIRED LEASES IN CONNECTION WITH SALES**

Tahsin Industrial Corp. USA ("Tahsin") files this objection to the Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with Sales (the "Notice") [D.I. 1210] filed by Sports Authority Holdings, Inc., *et al.* (the "Debtors"). In support of its objection, Tahsin represents as follows:

**OBJECTION**

1. Tahsin objects to the Notice, which identifies the "Pay-by-Scan Vendor Agreement" between Tahsin and TSA Stores, Inc. (the "Agreement," substantially in the form attached hereto as **Exhibit A**) as a contract that may be assumed and assigned under section 365 of the Bankruptcy Code, on the ground that the Agreement is not an executory contract because the Agreement expired according to its own terms on January 30, 2016, prior to the Debtors' March 2, 2016 petition date (the "Petition Date").

2. Section 365(a) of the Bankruptcy Code provides in relevant part that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Sports Authority Holdings, Inc. (9008); Slap Shot Holdings, Corp. (8209); The Sports Authority, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664). The headquarters for the above-captioned Debtors is located at 1050 West Hampden Avenue, Englewood, Colorado 80110.

PAC 1222394v.1

of the debtor." "An executory contract is a contract under which the obligation of both the bankrupt and the other party to the contract are so far underperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other. Thus, unless both parties have unperformed obligations that would constitute a material breach if not performed, the contract is not executory under § 365" *In re Exide Techs.*, 607 B.3d 957, 962 (3d Cir. 2010) (quoting *In re Columbia Gas*, 50 F.3d 233, 239 (3d Cir. 1995)) (internal citations and quotations omitted).

3.    A contract that has expired before the petition date is not executory and cannot be assumed and assigned. *See, e.g., Counties Contracting & Constr. Co. v. Constitution Life Ins. Co.*, 855 F.2d 1054, 1061 (3d Cir. 1988) ("Once the contract is no longer in existence, the right to assume it is extinguished. A contract may not be assumed under § 365 if it has already expired according to its terms.") (citing Collier on Bankruptcy; *In re Anne Cara Oil Co.*, 32 B.R. 643 (Bankr. D. Mass 1983)); *In re Balco Ltd.*, 312 B.R. 734, 750 (Bankr. S.D.N.Y. 2004) (same). *See also, e.g., In re Oklahoma Trash Control, Inc.*, 258 B.R. 461, 464 (Bankr. N.D. Okla. 2001) "[A]s a matter of the law, the filing of a bankruptcy case cannot resurrect an executory contract or unexpired lease which has expired prior to the filing of the bankruptcy case.") (citing *Moody v. Amoco Oil Co.*, 734 F.2d 1200, 1214 (7th Cir. 1984), *cert denied*, 469 U.S. 982 (1984); *Kopelman v. Halvajian (In re Triangle Laboratories, Inc.)*, 663 F.2d 463 (3d Cir. 1981)); *In re Texscan Corp.*, 107 B.R. 227, 30 (B.A.P. 9th Cir. 1989) ("It is axiomatic that before 11 U.S.C. § 365 can apply a contract must exist. If a contract has expired by its own terms then there is nothing left to assume or reject.").

4.      Because, as set forth above, the Agreement expired before the Petition Date on January 30, 2016, it is not an executory contract and cannot be assumed and assigned as proposed in the Notice.

5.      Tahsin reserves all rights, claims, and defenses with respect to the proposed assumption and assignment of the Agreement.

WHEREFORE, for the foregoing reasons, Tahsin respectfully requests that the Agreement be removed from the Notice and the Court deny any request by the Debtors to assume, assign, reject, or fix a cure amount for the Agreement, and such other and further relief that the Court deems just and appropriate.

Dated: April 27, 2016
Wilmington, Delaware

**POTTER ANDERSON & CORROON LLP**

*/s/ Jeremy W. Ryan*
Jeremy W. Ryan (DE Bar No. 4057)
R. Stephen McNeill (DE Bar No. 5210)
1313 North Market Street, Sixth Floor
P.O. Box 951
Wilmington, DE  19899-0951
Telephone:  (302) 984-6000
Facsimile:  (302) 658-1192

-and-

**SILLS CUMMIS & GROSS P.C.**
Boris I. Mankovetskiy
One Riverfront Plaza
Newark, NJ  07102
Telephone:  (973) 643-6982
Facsimile:  (973) 643-6500

*Counsel to Tahsin Industrial Corp. USA*