IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | |
| In re: | Chapter 11 |
| | |
| SPORTS AUTHORITY HOLDINGS, INC., *et al.*,[1] | Case No. 16-10527 (MFW) |
| | Jointly Administered |
| Debtors. | |
| | Re: D.I. 1261 |
| | |
| | **Hearing Date: May 25, 2016 at 11:00 a.m.** |
| | **Obj. Deadline: May 11, 2016 at 4:00 p.m.** |
| | **Extended for the U.S. Trustee to May 18,** |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | **2016 at 4:00 p.m.** |

**OBJECTION OF THE UNITED STATES TRUSTEE TO THE
APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF SPORTS AUTHORITY HOLDINGS, INC. ET AL., PURSUANT TO
11 U.S.C. §§ 328(A) AND 1103, FED. R. BANKR. P. 2014 AND 5002 AND LOCAL R.
2014-1 (I) AUTHORIZING RETENTION AND EMPLOYMENT OF HOULIHAN
LOKEY CAPITAL, INC. AS INVESTMENT BANKER, *NUNC PRO TUNC,* TO MARCH
13, 2016 AND (II) MODIFYING CERTAIN REQUIREMENTS OF DEL. BANKR. L.R.
2016-2 (D.I. 1261)**

---

Andrew R. Vara, the Acting United States Trustee for Region 3 (the "U.S. Trustee"), through his undersigned counsel, hereby objects to the Application of the Official Committee of Unsecured Creditors of Sports Authority Holdings, Inc. *et al.,* Pursuant to 11 U.S.C. §§ 328(a) and 1103, Fed. R. Bankr. P. 2014 and 5002 and Local R. 2014-1 (I) Authorizing Retention and Employment of Houlihan Lokey Capital, Inc. as Investment Banker, *Nunc Pro Tunc*, to March

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Sports Authority Holdings, Inc. (9008); Slap Shot Holdings, Corp. (8209); The Sports Authority, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664). The headquarters for the above-captioned Debtors is located at 1050 West Hampden Avenue, Englewood, Colorado 80110.

13, 2016 and (II) Modifying Certain Requirements of Del. Bankr. L.R. 2016-2 [2] (D.I. 1261) (the "Application"), and in support of his objection respectfully states as follows:

## JURISDICTION

1. Pursuant to 28 U.S.C. § 1334, applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and resolve this limited objection.

2. Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with monitoring the federal bankruptcy system. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that 11 U.S.C. § 307 gives the U.S. Trustee "public interest standing"); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3. The U.S. Trustee has standing to be heard on the Application pursuant to 11 U.S.C. § 307.

## BACKGROUND

4. On March 2, 2016 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed chapter 11 petitions in this Court.

5. The U.S. Trustee appointed an official committee of unsecured creditors (the "Committee") on March 10, 2016.

6. The Court entered an order on March 29, 2016 that authorized the Debtors to retain Rothschild Inc. as their investment bankers. Under the terms of its retention order,

---

[2] Unless otherwise defined herein, capitalized terms shall have the same meaning and context as those capitalized terms included in the Application.

Rothschild will be paid a flat fee of $150,000 per month, and at least $4.75 million upon the confirmation of a plan or the closing of a sale of substantially all of the Debtors' assets.[3]

7. The Court entered an order approving bid procedures in connection with the sale of substantially all of the Debtors' assets on April 14, 2016 (the "Bid Procedures Order"). Under the terms of the Bid Procedures Order, bids were due with respect to the "main auction" of the Debtors' assets on May 11, 2016, with the hearing to approve the sale of such assets on May 24, 2016.

8. On April 19, 2016, the Committee filed the Application. Under the terms of the Application, Houlihan is to be paid a flat fee of $125,000 per month and a "Deferred Fee" of between $1.25 and $1.6 million if the Debtors confirm a plan, even if it is a liquidating plan, or sell substantially all of their assets.

9. On April 20, 2016, The Committee also filed an application to retain BDO Consulting. The BDO retention application, to which no party has objected, provides that BDO will act as the financial advisor to the Committee, and will be compensated on an hourly basis. BDO's rates range from $150 - $795 per hour.

## ARGUMENT

10. Section 1103(a) of the Bankruptcy Code provides:

> At a scheduled meeting of a committee appointed under section 1102 of this title, at which a majority of the members of such committee are present, and with the court's approval, such committee may select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee.

11 U.S.C. § 1103(a).

---

[3] Rothschild may also be entitled to additional fees in the event of additional or different types of transactions.

11. Section 328(a) of the Bankruptcy Code provides in part that a committee may, with the Court's approval, employ a professional person under Section 1103 "on any reasonable terms and conditions of employment[.]"

12. The starting point in a reasonableness inquiry is a reference to what is common in the marketplace. *See In re Insilco Technologies, Inc.*, 291 B.R. 628, 633-34 (Bankr. D. Del. 2003) (citing *In re United Artists Theatre Co.*, 315 F.3d 217, 229 (3d Cir. 2003) ("[S]ome reference to the market is not out of place when considering whether terms of retention are 'reasonable' in the bankruptcy context.")). Reasonableness is market-driven, not market-determined, "especially in the realm of bankruptcy, where courts play a special supervisory role." *In re United Artists Theatre Co.*, 315 F.3d at 230. Practices common in the marketplace are not automatically reasonable under Section 328. *See id.*

13. The reasonableness inquiry "must be tailored to Bankruptcy Code requirements, including the particular circumstances of a chapter 11 proceeding, the court's supervisory role and the interests of the various constituents." *In re Insilco Technologies, Inc.*, 291 B.R. at 634. Factors to be considered include whether (1) the terms of the proposed engagement agreement reflect normal business terms in the marketplace; (2) the debtor and the professional are sophisticated business entities with equal bargaining power who negotiated at arms' length; (3) the terms of the retention are in the best interests of the estate; (4) creditors oppose the retention provisions; and (5) any retainer is reasonable given the size, circumstances and posture of the case. *See id.*

14. The party seeking approval of a professional's employment has the burden of establishing that the professional's engagement or compensation agreement is reasonable. *See In*

re Hathaway Ranch Partnership, 116 B.R. 208, 219 (Bankr. C.D. Cal. 1990) (citing *In re C & P Auto Transport, Inc.*, 94 B.R.682, 686 (Bankr. E.D. Cal. 1988)).

15. The Court "may approve some of the terms and conditions proposed in an employment application while rejecting others." *In re Federal Mogul-Global, Inc.*, 348 F.3d 390, 398-99 (3d Cir. 2003) (citing *Zolfo, Cooper & Co. v. Sunbeam-Oster Co.*, 50 F.3d 253 (3d Cir. 1995)). The Court "must be allowed to review the reasonableness of a proposed hourly fee[.]" *In re Federal Mogul-Global, Inc.*, 348 F.3d at 400.

16. The Committee has not shown how the retention of Houlihan will benefit the unsecured creditors and the bankruptcy estate. The Committee has not shown that Rothschild is not performing competently, or that it is not marketing the Debtors' assets to the best of its ability. The Committee has also not provided any evidence that Houlihan has participated in the Debtors' sale process, has contributed to the process, has brought a buyer willing to offer a higher or better price to the table, or has otherwise enhanced the sale process in any way. Rather, it appears that the Committee proposes to pay Houlihan more than a million dollars in two weeks, when the Debtors' sale of substantially all of its assets (or whatever portion of those assets are the subject of purchase offers) is approved by the Court. This is not reasonable.

17. Further, at least one creditor, the Debtors' term loan lender, has objected to Houlihan's retention. Its objection is similar – that Houlihan cannot demonstrate that its engagement will provide a "tangible, identifiable, and material benefit to the sale process beyond that which is already being provided by [the Debtors' and Committee's other] professionals." Based on the lack of benefit to the estates, the harm to the very constituency seeking to hire Houlihan, and the multiple professionals already involved in the sale process, Houlihan's retention is unnecessary and should not be approved.

18.     Finally, Houlihan's proposed retention order fails to contain the "Planet Hollywood" language used in this District to ensure compliance with the standard set forth in *In re United Artists Theatre Co*. (315 F.3d 217, 234 (3d. Cir. 2003)).  As such, it should not be approved.

19.     The U.S. Trustee reserves any and all rights, duties and obligations found at law, equity or otherwise, to *inter alia*, object to any and all of Houlihan's fee applications filed in these cases on any and all grounds, including, without limitation, with regard to the billing rate(s) charged in such fee applications.

WHEREFORE, the U.S. Trustee respectfully requests that the Court deny the Application and grant such other relief as the Court deems appropriate and just.

| | |
|---|---|
| Dated: May 17, 2016<br>Wilmington, Delaware | Respectfully submitted,<br><br>**ANDREW R. VARA**<br>**ACTING UNITED STATES TRUSTEE**<br><br>By:  */s/ Hannah Mufson McCollum*<br>Hannah Mufson McCollum<br>Trial Attorney<br>United States Department of Justice<br>Office of the United States Trustee<br>J. Caleb Boggs Federal Building<br>844 N. King Street, Room 2207<br>Wilmington, DE 19801<br>(302) 573-6491 |