IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| Sports Authority Holdings, Inc., *et al.*[1], | ) | Case No. 16-10527 (MFW) |
|  | ) | Jointly Administered |
| Debtors. | ) |  |
|  | ) | **Re:  D.I. 1699** |
|  | ) |  |

## M.J. SOFFE, LLC'S MOTION TO EXTEND CHALLENGE DEADLINE WITH RESPECT TO CONSIGNMENT VENDORS

M.J. Soffe, LLC ("Soffe"), by its undersigned counsel, hereby moves (this "Motion") for an order (a) determining that the deadline in the Court's *Final Order (I) Authorizing Debtors to Obtain Post-Petition Secured Financing Pursuant to 11 U.S.C. §§ 105, 362, 363, and 364; (II) Granting Liens and Superpriority Claims to Post-Petition Lenders Pursuant to 11 U.S.C. §§ 364 and 507; and (III) Authorizing the Use of Cash Collateral and Providing Adequate Protection to Prepetition Secured Lenders and Modifying the Automatic Stay Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364* [D.I. 1699] (the "Final DIP Order") to challenge the validity, extent, perfection, or priority of the security interests and liens of Wilmington Savings Fund Society, FSB, as Administrative and Collateral Agent for the benefit of the Debtors' Term Lenders (the "Term Loan Agent") does not apply to consignment vendors, such as Soffe, who are named as defendants in pending adversary proceedings where the priority of the Term Loan Agent's liens are at issue or, (b) in the alternative, extending the deadline for such a challenge to the date when responsive

---

[1]     The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Sports Authority Holdings, Inc. (9008); Slap Shot Holdings, Corp. (8209); The Sports Authority, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664). The headquarters for the above-captioned Debtors is located at 1050 West Hampden Avenue, Englewood, Colorado 80110.

pleadings are required to be filed in such adversary proceedings.  In support of the Motion, Soffe respectfully represents as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and venue is proper under 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding under 28 U.S.C. § 157(b).

### BACKGROUND

2.      Soffe and Debtor TSA Stores, Inc. ("TSA") entered into that certain 2010 Domestic Vendor Deal Sheet (Vendor Agreement) Pay By Scan (the "Vendor Agreement"), pursuant to which Soffe periodically consigned goods to TSA for sale in various Sports Authority brand stores across the country.  The consigned goods primarily consisted of Soffe clothing apparel.  Soffe's consigned goods and the proceeds therefrom that were in the Debtors' possession as of the Petition Date are referred to herein collectively as the "Soffe Property."

3.      On March 2, 2016, (the "Petition Date") the above-captioned debtors filed voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

4.      On March 11, 2016, the Court entered its *Interim Order (A) Authorizing the Debtors to (I) Continue to Sell Consigned Goods in the Ordinary Course of Business Free and Clear of All Liens, Claims, Encumbrances, and Interests; and (II) Grant Administrative Expense Priority and Purchase Money Security Interests to Consignment Vendors for Consigned Goods Delivered Post-Petition; and (B) Grant Replacement Liens to Consignment Vendors with Security Interests and/or Holding Title or Ownership Rights in Consigned Goods and/or Remit the Consignment Sale Price, Arising from Sale of Consigned Goods to Putative Consignment Vendors* [D.I. 278] (as

subsequently amended, the "Interim Consignment Order"). The Interim Consignment Order authorizes the Debtors to continue selling consignment goods, including the Soffe Property, post-petition under the terms of the existing agreements with consignment vendors.

5.      On or about March 15, 2016, the Debtors commenced an adversary proceeding against Soffe (the "Adversary Proceeding") by filing a complaint seeking, among other things, declaratory judgment that the Debtors had a senior interest in consignment goods provided by Soffe to the Debtors (the "Complaint"). The deadline for Soffe to answer the Debtor's Complaint in the Adversary Proceeding is May 30, 2016. On April 27, 2016, the Court entered an order permitting the Term Loan Agent to intervene in the Adversary Proceeding. On May 16, 2016, the Term Loan Agent filed its Complaint (the "Term Loan Agent's Complaint") in the Adversary Proceeding, seeking a declaration that "the Term Loan Agent has a properly perfected security interest, senior to the interests of [Soffe] in all of the Prepetition Consigned Goods delivered by [Soffe] . . . ." Term Loan Agent's Complaint, at ¶38(a). Soffe has not yet been served with thet Term Loan Agent's Complaint, but, if properly served, it intends to continue defending against the same, as well as against the Complaint, and reserves the right to seek any and all claims, causes of action and damages against both the Debtors and the Term Loan Agent arising out of or relating to the respective complaints.

6.      Following a hearing on May 3, 2016, the Court entered its *Final Order Authorizing the Debtors to Sell Prepetition Consigned Goods* [D.I. 1704] (the "Final Consignment Order"). The Final DIP Order was entered that same day. Paragraph 2 of the Final Consignment Order provides, among other things, that to the extent of any conflict between the Final DIP Order and the Final Consignment Order with respect to the treatment of proceeds of consignment goods, "the terms of the [Final Consignment] Order shall govern." The Final Consignment Order provides, in

several places, that the rights, claims and defenses of the consignment vendors are reserved and retained. *See* Final Consignment Order, at ¶¶3, 5, 8, and 9.

7.      The Final DIP Order provides, in part, that any party in interest (other than the debtors in the Bankruptcy Case) may challenge "the validity, extent, perfection, or priority of the security interests and Liens of the Prepetition Agents and Prepetition Secured Lenders in and to the Prepetition Collateral" (a "Challenge Proceeding") provided that such Challenge Proceeding, if commenced by a party in interest other than the Official Committee of Unsecured Creditors, must be commenced within seventy-five days of the date the Interim DIP Order was entered (the "Challenge Deadline"). The Challenge Deadline is currently May 17, 2016.[2]

## RELIEF REQUESTED

8.      By this Motion,[3] Soffe seeks the entry of an order (i)(a) confirming that the Challenge Deadline does not apply to consignment vendors, such as Soffe or, (b) in the alternative, extending the Challenge Deadline until the deadline to file responsive pleadings in the Adversary Proceeding, and (ii) finding that any challenge to the Term Loan Agent's liens asserted by way of defense or claim in the Adversary Proceeding shall constitute a Challenge Proceeding in compliance with paragraph 25 of the Final DIP Order.

## BASIS FOR RELIEF

9.      The Term Loan Agent intervened in the adversary proceedings and sought a declaration as to the validity, extent and priority of its liens. Thus, by the Term Loan Agent's own

---

[2]      Pursuant to Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court of the District of Delaware, the Challenge Deadline will "automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order." Del. Bankr. L.R. 9006-2.

[3]      In advance of filing this Motion, counsel for Soffe contacted counsel to the Term Loan Agent regarding an extension of the Challenge Deadline to confirm that, based on the Term Loan Agent's intervention and the liens being at issue in the Adversary Proceeding, that the Challenge Deadline was not applicable to Soffe or other consignment vendors, but no response had been received as of the time of filing.

4

actions, the validity, extent and priority of the Term Loan Agent's asserted liens on the consignment goods are at issue in the Adversary Proceeding. Soffe and the other consignment vendors must be afforded their full procedural rights to respond to and defend against the Term Loan Agent's Complaint and assert any claims it may have. Those procedural rights entitle Soffe to respond to the Term Loan Agent's Complaint in the timeline allotted under the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Moreover, the issues surrounding the extent and priority of the Term Loan Agent's liens in consignment proceeds clearly falls within the scope of the Final Consignment Order, which supersedes conflicting provisions of the Final DIP Order. Accordingly, the Term Loan Agent should not be permitted to rely upon the Challenge Deadline to eliminate Soffe's rights to challenge the Term Loan Agent's purported liens in the consigned goods, or to truncate the time to respond to the Complaint or the Term Loan Agent's Complaint afforded by the Bankruptcy Rules.

10.    Should this Court find that the Challenge Deadline was intended to apply to lien challenged by consignment vendors, the Court should extend the Challenge Deadline to the later of (a) the date when the consignment vendors are required to respond to the Term Loan Agent's Complaint under the Bankruptcy Rules or (b) the date when the consignment vendors are required to respond to the Complaint (the "Response Deadline"). *See* D.I. 1753. The consignment vendors should not be required to file a challenge to the Term Loan Agent's liens in advance of Response Deadline when their responses will implicate the very same issues that would be asserted in any Challenge Proceeding. Any extension of the Challenge Deadline will not prejudice the Term Loan Agent, as it has been clear from the first day of this case that the relative rights of the consignment vendors and the Term Loan Agent in the consigned goods were at issue.

PAC 1223910v.5

11.     Equity also demands that any response filed by a consignment vendor in its adversary proceeding that asserts a counterclaim challenging the Term Loan Agent's liens be deemed to constitute a Challenge Proceeding for purposes of paragraph 25 of the Final DIP Order. Given the Court's prior instructions on the subject, consignment vendors need not file separate Challenge Proceedings to address the validity, extent and priority of the Term Loan Agent's liens, as it would be a tremendous waste of judicial resources to adjudicate related issues between the same parties in two separate adversary proceedings.

## NOTICE

12.     Soffe will provide notice of this Motion to: (i) the U.S. Trustee; (ii) counsel to the Debtors, (iii) counsel to the Committee; (iv) counsel to the Term Loan Agent; and (v) all parties on the list attached to the Certificate of Service.


*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

PAC 1223910v.5

**WHEREFORE**, Soffe respectfully requests that this Court enter an order (i) deeming consignment vendors exempt from the Challenge Deadline under the Final DIP Order or extending the Challenge Deadline for consignment vendors to the Response Deadline, (ii) deeming any challenge to the Term Loan Agent's liens by way of defense or claim in the Adversary Proceeding to satisfy the requirements for commencing a Challenge Proceeding under paragraph 25 of the Final DIP Order and (iii) granting related relief.

Dated: May 17, 2016
Wilmington, Delaware

**POTTER ANDERSON & CORROON LLP**

_R. Stephen McNeill_
Jeremy W. Ryan (DE Bar No. 4057)
R. Stephen McNeill (DE Bar No. 5210)
1313 North Market Street, Sixth Floor
P.O. Box 951
Wilmington, DE  19899-0951
Telephone:  (302) 984-6000
Facsimile:  (302) 658-1192

_Counsel to M.J. Soffe, LLC_

PAC 1223910v.5