IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Sports Authority Holdings, Inc., *et al.*[1], | ) Case No. 16-10527 (MFW) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) **Re: D.I. ____** |

**ORDER GRANTING M.J. SOFFE, LLC'S MOTION TO EXTEND CHALLENGE DEADLINE WITH RESPECT TO CONSIGNMENT VENDORS**

Upon the motion (the "Motion")[2] of M.J. Soffe, LLC ("Soffe") for entry of an order (this "Order"): confirming that the Challenge Deadline does not apply to consignment vendors, such as Soffe or, in the alternative, extending the deadline to challenge the validity, extent, perfection, or priority of the security interests and liens of Wilmington Savings Fund Society, FSB, as Administrative and Collateral Agent for the benefit of the Debtors' Term Lenders (the "Term Loan Agent"); and due and sufficient notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and that this Court may enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and a hearing having been held to consider the relief requested in the

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Sports Authority Holdings, Inc. (9008); Slap Shot Holdings, Corp. (8209); The Sports Authority, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664). The headquarters for the above-captioned Debtors is located at 1050 West Hampden Avenue, Englewood, Colorado 80110.

[2] Capitalized terms used but not defined in this Order have the meanings used in the Motion.

Motion (the "Hearing"); and upon the record of the Hearing, and all the proceedings before the Court; and the Court having found and determined that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors, and any parties in interest; and that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED to the extent set forth herein.

2. The Challenge Deadline, solely with respect to the Term Loan Agent, set forth in paragraph 25 of the Final DIP Order does not apply to consignment vendors, including Soffe.

3. The deadline by which Soffe, or any other consignment vendor, must file a Challenge Proceeding, solely with respect to the Term Loan Agent, as defined in the Final DIP Order, shall be the later of (a) the date when the applicable consignment vendor is required to respond to the Term Loan Agent's Complaint under the Bankruptcy Rules and (b) the date when such consignment vendor is required to respond to the Complaint.

4. Any challenge by Soffe, or any other consignment vendor, to the Term Loan Agent's liens asserted by way of defense or claim in an adversary proceeding, including, without limitation, the Adversary Proceeding, shall constitute a Challenge Proceeding under paragraph 25 of the Final DIP Order.

5. This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

PAC 1223910v.5

6.      Nothing in this Order shall affect, modify or extend the Challenge Deadline with respect to the Prepetition ABL Lenders

Dated: _____, 2016
       Wilmington, Delaware

_____
THE HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE

PAC 1223910v.5