## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SPORTS AUTHORITY HOLDINGS, INC., et al.,[1] | Case No. 16-10527 (MFW) |
| Debtors. | (Jointly Administered) |
| | **RE: Docket No. 1919** |

## JOINDER OF ALTUS BRANDS, LLC TO
## M.J. SOFFE, LLC'S MOTION TO EXTEND CHALLENGE
## DEADLINE WITH RESPECT TO CONSIGNMENT VENDORS

Altus Brands, LLC ("Altus"), one of the Debtors' consignors, hereby supports, adopts and joins in M.J. Soffe, LLC's ("Soffe") *Motion to Extend Challenge Deadline With Respect to Consignment Vendors* (the "Soffe Motion") [D.I. 1919] who moves for an order either (a) determining that objection deadline in the Court's *Final Order (I) Authorizing Debtors to Obtain Post-Petition Secured Financing Pursuant to 11 U.S.C. §§ 105, 362, 363, and 364; (II) Granting Liens and Superpriority Claims to Post-Petition Lenders Pursuant to 11 U.S.C. §§ 364 and 507; and (III) Authorizing the Use of Cash Collateral and Providing Adequate Protection to Prepetition Secured Lenders and Modifying the Automatic Stay Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364* [D.I. 1699] (the "Final DIP Order") to challenge the validity, extent, perfection, or priority of the security interests and liens of Wilmington Savings Fund Society, FSB, as Administrative and Collateral Agent for the benefit of the Debtors' Term Lenders (the "Term Loan Agent") does not apply to consignors, who are named as defendants in pending adversary proceedings where the priority of the Term Loan Agent's lien is at issue, or (b)

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Sports Authority Holdings, Inc. (9008); Slap Shot Holdings, Corp. (8209); The Sports Authority, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664). The headquarters for the Debtors is located at 1050 West Hampden Avenue, Englewood, Colorado 80110.

extending the deadline for such a challenge to the date when responsive pleadings are required to be filed in such adversary proceedings. In support of this Joinder, Altus respectfully states as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and venue is proper under 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

2.     On March 2, 2016 (the "Petition Date"), the Debtors commenced the above-captioned case under chapter 11 of title 11 of the United States Code.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

3.     Altus and certain of the Debtors are parties to a consignment agreement (the "Consignment Agreement"), pursuant to which Altus provides the Debtors with certain of Altus' goods for its stores. Altus' consigned goods and the proceeds therefrom that were in the Debtors' possession as of the Petition Date are referred to herein collectively as the "Altus Goods."[2]

4.     Pursuant to the terms of the Consignment Agreement, title to the Altus Goods remains with Altus until a sale to a retail buyer is completed, at which point title transfers to the buyer.

5.     On March 11, 2016, the Court entered its *Interim Order (A) Authorizing the Debtors to (I) Continue to Sell Consigned Goods in the Ordinary Course of Business Free and Clear of All Liens, Claims, Encumbrances, and Interests; and (II) Grant Administrative Expense*

---

[2] Altus hereby preserves any and all rights or arguments that the Consignment Agreement was terminated pre-petition.

*Priority and Purchase Money Security Interests to Consignment Vendors for Consigned Goods Delivered Post-Petition; and (B) Grant Replacement Liens to Consignment Vendors with Security Interests and/or Holding Title or Ownership Rights in Consigned Goods and/or Remit the Consignment Sale Price, Arising from Sale of Consigned Goods to Putative Consignment Vendors* [D.I. 278] (as subsequently amended, the "<u>Interim Consignment Order</u>").  The Interim Consignment Order authorizes the Debtors to continue selling consignment goods, including the Altus Goods, post-petition under the terms of the existing agreements with consignment vendors.

6.    On or about March 15, 2016, the Debtors commenced adversary proceeding number 16-50230 (the "<u>Adversary Proceeding</u>") against Altus by filing a complaint seeking, *inter alia*, a declaration that the Debtors have a senior interest in the Altus Goods and, to the extent it has an interest, to avoid certain alleged transfers (the "<u>Complaint</u>").  *See* Adv. Pro. No. 16-50230, [D.I. 1]. The deadline for Altus to answer or otherwise respond to the Debtor's Complaint in the Adversary Proceeding is May 30, 2016.

7.    On April 27, 2016, the Court entered an order permitting the Term Loan Agent to intervene in the Adversary Proceeding.  On May 16, 2016, the Term Loan Agent filed complaints in certain adversary proceedings previously filed by the Debtors against their consignors, seeking declarations that the Term Loan Agent has a properly perfected security interest, senior to the interests of such consignor in all of the prepetition consigned goods delivered by such consignor. *See*, *e.g.*, Adv. Proc. No. 16-50364 at D.I. 17.  The Term Loan Agent has not filed a similar complaint against Altus in the Adversary Proceeding. However, to the extent that the Term Loan Agent does file such a complaint in the Adversary Proceeding, and if Altus is properly served, Altus intends to defend against the same, as well as against the Complaint, and reserves the right to seek any and all claims, causes of action and damages

against both the Debtors and the Term Loan Agent arising out of or relating to their respective complaints.

8.    Following a hearing on May 3, 2016, the Court entered its *Final Order Authorizing the Debtors to Sell Prepetition Consigned Goods* [D.I. 1704] (the "Final Consignment Order").  The Final DIP Order was entered that same day.  Paragraph 2 of the Final Consignment Order provides, among other things, that to the extent of any conflict between the Final DIP Order and the Final Consignment Order with respect to the treatment of proceeds of consignment goods, "the terms of the [Final Consignment] Order shall govern."  In several places, both the Interim Consignment Order and the Final Consignment Order provide that the rights, claims and defenses of the consignment vendors are reserved and retained.  *See* Final Consignment Order, at ¶¶3, 5, 8, and 9.

9.    The Final DIP Order provides, in part, that any party in interest (other than the debtors in the Bankruptcy Case) may challenge "the validity, extent, perfection, or priority of the security interests and Liens of the Prepetition Agents and Prepetition Secured Lenders in and to the Prepetition Collateral" (a "Challenge Proceeding") provided that such Challenge Proceeding, if commenced by a party in interest other than the Official Committee of Unsecured Creditors, must be commenced within seventy-five days of the date the Interim DIP Order was entered (the "Challenge Deadline").  The Challenge Deadline is currently May 17, 2016.[3]

### RELIEF REQUESTED

10.    By this Joinder to the Soffe Motion, Altus seeks the entry of an order (i)(a) confirming that the Challenge Deadline does not apply to consignment vendors, such as Altus or, (b) in the alternative, and to the extent that the Term Loan Agent files a complaint in the

---

[3]    Pursuant to Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court of the District of Delaware, the Challenge Deadline will "automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order."  Del. Bankr. L.R. 9006-2.

Adversary Proceeding, extending the Challenge Deadline until the deadline to file responsive pleadings in the Adversary Proceeding to such a complaint, and (ii) finding that any challenge to the Term Loan Agent's liens asserted by way of defense or claim in the Adversary Proceeding shall constitute a Challenge Proceeding in compliance with paragraph 25 of the Final DIP Order.

### BASIS FOR RELIEF

11.     The Term Loan Agent intervened in certain of the adversary proceedings previously initiated by Debtors against their consignors, seeking a declaration as to the validity, extent and priority of its liens.  Thus, by the Term Loan Agent's own actions, the validity, extent and priority of the Term Loan Agent's asserted liens on the consignment goods are at issue in the adversary proceedings in which it has filed a complaint. To the extent that the Term Loan Agent files such a complaint in the Adversary Proceeding, the validity, extent and priority of the Term Loan Agent's asserted liens on the Altus Goods will be at issue.  Should the Term Loan Agent file a complaint in the Adversary Proceeding, Altus must be afforded  its full procedural rights to respond to and defend against the such a complaint and assert any claims it may have.  Those procedural rights entitle Altus to respond to any such complaint in the timeline allotted under the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  Moreover, the issues surrounding the extent and priority of the Term Loan Agent's liens in consignment proceeds clearly fall within the scope of the Final Consignment Order, which supersedes conflicting provisions of the Final DIP Order.  Accordingly, to the extent that the Term Loan Agent files a complaint against Altus in the Adversary Proceeding, the Term Loan Agent should not be permitted to rely upon the Challenge Deadline to eliminate Altus' rights to challenge the Term Loan Agent's purported liens in the consigned goods, or to truncate the time to respond to the Complaint afforded by the Bankruptcy Rules.

12.     Should this Court find that the Challenge Deadline was intended to apply to lien challenged by consignment vendors, the Court should extend the Challenge Deadline to the date when the consignment vendors are required to respond to the latter of the Complaint or any complaint filed by the Term Loan Agent under the Bankruptcy Rules (the "Response Deadline"). *See* D.I. 1753.  The consignment vendors should not be required to file a challenge to the Term Loan Agent's liens in advance of Response Deadline when their responses will implicate the very same issues that would be asserted in any Challenge Proceeding.  Any extension of the Challenge Deadline will not prejudice the Term Loan Agent, as it has been clear from the first day of this case that the relative rights of the consignment vendors and the Term Loan Agent in the consigned goods were at issue.

13.     Equity also demands that any response filed by a consignment vendor in its adversary proceeding that asserts a counterclaim challenging the Term Loan Agent's liens be deemed to constitute a Challenge Proceeding for purposes of paragraph 25 of the Final DIP Order.  Given the Court's prior instructions on the subject, all consignment related issues can be addressed in the adversary proceedings; consignment vendors need not file separate Challenge Proceedings to address consignment issues, as it would be a tremendous waste of judicial resources to adjudicate related issues between the same parties in two separate adversary proceedings.

14.     To the extent not inconsistent with the relief sought herein, Altus hereby joins in the Soffe Motion and fully incorporates by reference the arguments set forth therein as its own with respect to the Altus Goods. Altus also joins, to the extent not inconsistent with the relief sought herein, in any other motion seeking the same relief filed by a consignment vendor.

**WHEREFORE**, Altus Brands, LLC respectfully joins in the Soffe Motion and requests that this Court enter an order (i) deeming consignment vendors exempt from the Challenge Deadline under the Final DIP Order or extending the Challenge Deadline for consignment vendors to the date they are required to file responsive pleadings in their respective adversary proceedings, and (ii) deeming any challenge to the Term Loan Agent's liens by way of defense or claim in the Adversary Proceeding to satisfy the requirements for commencing a Challenge Proceeding under paragraph 25 of the Final DIP Order;  (iii) granting related relief; and (iv)  that the Court grant Altus such other and further relief as the Court deems just and proper.

McELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP

Dated: May 17, 2016

/s/ *David P. Primack*
David P. Primack, Esq. (No. 4449)
300 Delaware Avenue, Suite 770
Wilmington, DE 19801
Telephone:  302-300-4515
Facsimile: 302-645-4031
dprimack@mdmc-law.com

*Counsel to Altus Brands, LLC*