## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Sports Authority Holdings, Inc., *et al.*[1], | Case No. 16-10527 (MFW) |
| | Jointly Administered |
| Debtors. | |
| | Hearing Date: June 28, 2016 at 10:30 a.m. |
| | Objection Deadline: June 6, 2016 at 4:00 p.m. |
| | RE. D.I. 1699 |

## OGIO INTERNATIONAL, INC'S MOTION FOR DETERMINATION OR EXTENSION REGARDING CHALLENGE DEADLINE WITH RESPECT TO CONSIGNMENT VENDORS

Ogio International, Inc., ("Ogio"), through counsel, moves (this "Motion") for an order either (a) determining that the objection deadline in the Court's *Final Order (I) Authorizing Debtors to Obtain Post-Petition Secured Financing Pursuant to 11 U.S.C. §§ 105, 362, 363, and 364; (II) Granting Liens and Superpriority Claims to Post-Petition Lenders Pursuant to 11 U.S.C. §§ 364 and 507; and (III) Authorizing the Use of Cash Collateral and Providing Adequate Protection to Prepetition Secured Lenders and Modifying the Automatic Stay Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364* (the "Final DIP Order") to challenge the validity, extent, perfection, or priority of the security interests and liens of Wilmington Savings Fund Society, FSB, as Administrative and Collateral Agent for the benefit of the Debtors' Term Lenders (the "Term Loan Agent") does not apply to Ogio, or other consignors, who are named as defendants in pending adversary proceedings where the priority of the Term Loan Agent's lien has been raised therein by the Plaintiff and Intervenor, or (b) extending the deadline for such a challenge to the deadline

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Sports Authority Holdings, Inc. (9008); Slap Shot Holdings, Corp. (8209); The Sports Authority, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664). The headquarters for the above-captioned Debtors is located at 1050 West Hampden Avenue, Englewood, Colorado 80110.

for filing an answer or other response to the Term Loan Agent's complaints filed, or to be filed, in

such adversary proceedings.  In support of the Motion, Ogio respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and

1334 and venue is proper under 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding under 28

U.S.C. § 157(b).

## BACKGROUND

2.      From time to time, and prior to March 2, 2016, (the "Petition Date"), Ogio delivered

certain goods (the "Ogio Consigned Goods") to TSA Stores, Inc. ("TSA") on consignment

pursuant to a 2015 Vendor Deal Sheet Summary (Pay-by-Scan) Agreement effective February 2,

2015 through January 30, 2016 (the "Consignment Agreement").

3.      The Ogio Consigned Goods consisted of Ogio branded bags, golf bags, travel bags,

luggage and similar items.

4.      By its terms, the Consignment Agreement expired on January 30, 2016, and it was

not renewed or extended by Ogio and TSA thereafter.

5.      A new consignment agreement was not executed by Ogio and TSA after January

30, 2016.

6.      Ogio did not honor any TSA purchase orders that were submitted after the

expiration of the Consignment Agreement.  The last purchase order that was honored by Ogio was

submitted by TSA on January 28, 2016, and the goods related to that purchase order were shipped

on February 3, 2016.  All purchase orders received by Ogio from TSA after January 30, 2016 were

cancelled and rejected.

2

7.     On Petition Date the above-captioned debtors filed voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").

8.     On March 11, 2016, the Court entered its *Interim Order (A) Authorizing the Debtors to (I) Continue to Sell Consigned Goods in the Ordinary Course of Business Free and Clear of All Liens, Claims, Encumbrances, and Interests; and (II) Grant Administrative Expense Priority and Purchase Money Security Interests to Consignment Vendors for Consigned Goods Delivered Post-Petition; and (B) Grant Replacement Liens to Consignment Vendors with Security Interests and/or Holding Title or Ownership Rights in Consigned Goods and/or Remit the Consignment Sale Price, Arising from Sale of Consigned Goods to Putative Consignment Vendors* [D.I. 278] (as subsequently amended, the "<u>Interim Consignment Order</u>").  The Interim Consignment Order authorized the Debtors to continue selling consignment goods, including the Ogio Consigned Goods, post-petition so long as the Debtors complied with the terms of their existing agreements with consignment vendors.

9.     On or about March 15, 2016, the Debtors commenced an adversary proceeding against Ogio, adversary proceeding number 16-50367 (the "<u>Adversary Proceeding</u>") by filing a complaint seeking, among other things, declaratory judgment that the Debtors had a senior interest in consignment goods provided by Ogio to the Debtors (the "<u>Complaint</u>").  The deadline for Ogio to answer or response the Debtor's Complaint in the Adversary Proceeding is May 30, 2016.[2]  On April 27, 2016, the Court entered an order permitting the Term Loan Agent to intervene in the Adversary Proceeding.  On May 16, 2016, the Term Loan Agent filed its Complaint (the "<u>Term Loan Agent's Complaint</u>") in the Adversary Proceeding, seeking a declaration that "the Term Loan

---

[2]     Ogio has not yet been properly served with process in the Adversary Proceeding, and has not consented to the jurisdiction of the court in the Adversary Proceeding.

Agent has a properly perfected security interest, senior to the interests of [Ogio] in all of the Prepetition Consigned Goods delivered by [Ogio] . . . ." Term Loan Agent's Complaint, at ¶38(a). Ogio has not yet been served with the Term Loan Agent's Complaint, but, if properly served, it intends to continue defending against the same, as well as against the Complaint, and reserves all of its rights, claims, defenses, causes of action and damages against both the Debtors and the Term Loan Agent arising out of or relating to their respective complaints. Ogio does not concede that title to the Ogio Consigned Goods passed to the Debtors or that the court has jurisdiction to order any relief against Ogio in the Adversary Proceeding.

10.     Following a hearing on May 3, 2016, the Court entered its *Final Order Authorizing the Debtors to Sell Prepetition Consigned Goods* [D.I. 1704] (the "Final Consignment Order"). The Final DIP Order was entered that same day. Paragraph 2 of the Final Consignment Order provides, among other things, that to the extent of any conflict between the Final DIP Order and the Final Consignment Order with respect to the treatment of proceeds of consignment goods, "the terms of the [Final Consignment] Order shall govern." In several places, both the Interim Consignment Order and the Final Consignment Order provide that the rights, claims and defenses of the consignment vendors are reserved and retained. *See* Final Consignment Order, at ¶¶3, 5, 8, and 9.

11.     The Final DIP Order provides, in part, that any party in interest (other than the debtors in the Bankruptcy Case) may challenge "the validity, extent, perfection, or priority of the security interests and Liens of the Prepetition Agents and Prepetition Secured Lenders in and to the Prepetition Collateral" (a "Challenge Proceeding") provided that such Challenge Proceeding, if commenced by a party in interest other than the Official Committee of Unsecured Creditors,

24117008.3

must be commenced within seventy-five days of the date the Interim DIP Order was entered (the "Challenge Deadline").  The Challenge Deadline is currently May 17, 2016.[3]

## RELIEF REQUESTED

12.    By this Motion, Ogio seeks the entry of an order (i)(a) confirming that the Challenge Deadline does not apply to consignment vendors, such as Ogio or, (b) in the alternative, extending the Challenge Deadline until the deadline to file responsive pleadings in the Adversary Proceeding to the Term Loan Agent Complaint, and (ii) finding that any challenge to the Term Loan Agent's liens asserted by way of defense or claim in the Adversary Proceeding, or in any other appropriate court with jurisdiction, shall constitute a Challenge Proceeding in compliance with paragraph 25 of the Final DIP Order.

## BASIS FOR RELIEF

13.    The Term Loan Agent intervened in the Adversary Proceedings and sought a declaration as to the validity, extent and priority of its liens.  Thus, by the Term Loan Agent's own actions, the validity, extent and priority of the Term Loan Agent's asserted liens on the consignment goods are at issue in the Adversary Proceeding.  Ogio and the other consignment vendors must be afforded their full procedural rights to respond to and defend against the Term Loan Agent's Complaint, including the assertion of any compulsory or permissive counterclaims, as well as the right to challenge the Court's jurisdiction.  Those procedural rights entitle Ogio to respond to the Term Loan Agent's Complaint in the manner, and at the time, allotted under the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  Moreover, the issues surrounding the extent and priority of the Term Loan Agent's liens in consignment proceeds

---

[3]       Pursuant to Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court of the District of Delaware, the Challenge Deadline will "automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order."  Del. Bankr. L.R. 9006-2.

24117008.3

clearly fall within the scope of the Final Consignment Order, which supersedes conflicting provisions of the Final DIP Order. Accordingly, the Term Loan Agent should not be permitted to rely upon the Challenge Deadline to eliminate Ogio's rights to challenge the Term Loan Agent's purported liens in the consigned goods, or to truncate the time to respond to the term Loan Agent's Complaint afforded by the Bankruptcy Rules.

14.     Should this Court find that the Challenge Deadline was intended to apply to lien challenges asserted by consignment vendors, the Court should extend the Challenge Deadline to the date when the consignment vendors are required to respond to the Term Loan Agent's Complaint under the Bankruptcy Rules (the "Response Deadline"). *See* D.I. 1753. The consignment vendors should not be required to file a challenge to the Term Loan Agent's liens in advance of the Response Deadline when their responses will implicate the very same issues that would be asserted in any Challenge Proceeding. Any extension of the Challenge Deadline will not prejudice the Term Loan Agent, as it has been clear from the first day of this case that the relative rights of the consignment vendors and the Term Loan Agent in the consigned goods were at issue.

15.     Equity also demands that any response filed by a consignment vendor in its adversary proceeding that asserts a counterclaim challenging the Term Loan Agent's liens be deemed to constitute a Challenge Proceeding for purposes of paragraph 25 of the Final DIP Order. Given the Court's prior instructions on the subject, all consignment related issues can be addressed in the adversary proceedings; or in judicial proceedings conducted in another appropriate forum, and consignment vendors need not file separate Challenge Proceedings to address consignment issues. It would be a tremendous waste of judicial resources to adjudicate related issues between the same parties in two separate proceedings.

24117008.3

## NOTICE

16.     Ogio will provide notice of this Motion to: (i) the U.S. Trustee; (ii) counsel to the

Debtors, (iii) counsel to the Committee; (iv) counsel to the Term Loan Agent; and (v) all parties

on the list attached to the Certificate of Service.

**WHEREFORE**, Ogio respectfully requests that this Court enter an order (i) deeming

consignment vendors exempt from the Challenge Deadline under the Final DIP Order or (ii)

extending the Challenge Deadline for consignment vendors to the date they are required to file

responsive pleadings to the Term Loan Agent's Complaint, and (iii) deeming any challenge to the

Term Loan Agent's liens by way of defense or claim in the Adversary Proceeding or in another

appropriate forum to satisfy the requirements for commencing a Challenge Proceeding under

paragraph 25 of the Final DIP Order and (iv) granting related relief.


Dated: May 17, 2016                **GELLERT SCALI BUSENKELL**
Wilmington, Delaware               **& BROWN, LLC**

                          By:    */s/ Margaret F. England*
                                 Ronald S. Gellert (DE 4259)
                                 Margaret F. England (DE 4248)
                                 1201 North Orange Street, Suite 300
                                 Wilmington, Delaware 19801
                                 Tel.:    (302) 425-5800
                                 Fax:    (302) 425-5814
                                 E-mail:  mengland@gsbblaw.com

                                 *-and-*

                                 David E. Leta (Admitted Pro Hac Vice)
                                 Snell & Wilmer L.L.P.
                                 15 West South Temple, Suite 1200
                                 Salt Lake City, Utah 84101
                                 Telephone:  (801) 257-1900
                                 Facsimile:  (801) 257-1800
                                 Email:  dleta@swlaw.com

                                 *Counsel for Ogio International, Inc.*

24117008.3