IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Sports Authority Holdings, Inc., *et al.*[1], | ) | Case No. 16-10527 (MFW) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Re: D.I. 1699 and 1926 |
| | ) | |

**JOINDER OF MIDLAND RADIO CORPORATION TO OGIO INTERNATIONAL, INC'S MOTION FOR DETERMINATION OR EXTENSION REGARDING CHALLENGE DEADLINE WITH RESPECT TO CONSIGNMENT VENDORS**

Midland Radio Corporation ("Midland"), a supplier of goods on a consignment basis to TSA Stores, Inc. ("TSA" or the "Debtors"), hereby joins in and adopts as its own the legal and factual arguments (the "Joinder"), to the extent applicable, made by Ogio International, Inc., ("Ogio") in its Motion ("Ogio Motion") for an Order either (a) determining that the objection deadline in the Court's *Final Order (I) Authorizing Debtors to Obtain Post-Petition Secured Financing Pursuant to 11 U.S.C. §§ 105, 362, 363, and 364; (II) Granting Liens and Superpriority Claims to Post-Petition Lenders Pursuant to 11 U.S.C. §§ 364 and 507; and (III) Authorizing the Use of Cash Collateral and Providing Adequate Protection to Prepetition Secured Lenders and Modifying the Automatic Stay Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364* (the "Final DIP Order") [D.I. 1699] to challenge the validity, extent, perfection, or priority of the security interests and liens of Wilmington Savings Fund Society, FSB, as Administrative and Collateral Agent for the benefit of the Debtors' Term Lenders (the "Term Loan Agent") does not apply to consignment

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Sports Authority Holdings, Inc. (9008); Slap Shot Holdings, Corp. (8209); The Sports Authority, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664). The headquarters for the above-captioned Debtors is located at 1050 West Hampden Avenue, Englewood, Colorado 80110.

vendors named as defendants in pending adversary proceedings where the priority of the Term Loan Agent's lien has been raised therein by the Plaintiff and Intervenor, or (b) extending the deadline for such a challenge to the deadline for filing an answer or other response to the Term Loan Agent's complaints filed, or to be filed, in such adversary proceedings.  In support of this Joinder, Midland respectfully states as follows:

## BACKGROUND

1.      On March 2, 2106 ("Petition Date"), the Debtors filed for relief pursuant to Chapter 11 of Title 11 of the United States Bankruptcy Code ("Bankruptcy Code").

2.      From time to time before the Petition Date, Midland delivered certain goods (the "Midland Consigned Goods") to TSA on consignment pursuant to a Vendor Deal Sheet Summary (Pay-by-Scan) Agreement (the "Consignment Agreement").

3.      On March 11, 2016, the Court entered its Interim Consignment Order [D.I. 278],[2] which authorized the Debtors to continue selling consignment goods, including the Midland Consigned Goods, post-petition so long as the Debtors comply with the terms of their existing agreements with consignment vendors.

4.      On or about March 16, 2016, the Debtors commenced an adversary proceeding against Midland, adversary proceeding number 16-50358 (the "Adversary Proceeding") by filing a complaint seeking, among other things, declaratory judgment that the Debtors had a senior interest in consignment goods provided by Midland to the Debtors (the "Complaint").  The deadline for Midland to answer or respond to the Debtor's Complaint in the Adversary Proceeding is May 30, 2016.[3]  On April 27, 2016, the Court entered an order permitting the Term Loan Agent

---

[2] Unless otherwise defined herein, capitalized terms have the meaning given to such terms in the Ogio Motion.

[3] Midland has not consented to the jurisdiction of the court in the Adversary Proceeding.

2

PAC 1223910v.2
251693408v2

to intervene in the Adversary Proceeding. On May 16, 2016, the Term Loan Agent filed its Complaint (the "Term Loan Agent's Complaint") in the Adversary Proceeding, seeking a declaration that "the Term Loan Agent has a properly perfected security interest, senior to the interests of [Midland] in all of the Prepetition Consigned Goods delivered by [Midland] . . . ." Term Loan Agent's Complaint, at ¶37(a). Midland has not yet been served with the Term Loan Agent's Complaint, but, if properly served, intends to continue defending against the same, as well as against the Complaint, and reserves all of its rights, claims, defenses, causes of action and damages against both the Debtors and the Term Loan Agent arising out of or relating to their respective complaints. Midland does not concede that title to the Midland Consigned Goods passed to the Debtors or that the court has jurisdiction to order any relief against Midland in the Adversary Proceeding.

5.  On May 3, 2016, the Court entered its Final Consignment Order [D.I. 1704] and the Final DIP Order.

6.  Paragraph 2 of the Final Consignment Order provides, among other things, that to the extent of any conflict between the Final DIP Order and the Final Consignment Order with respect to the treatment of proceeds of consignment goods, "the terms of the [Final Consignment] Order shall govern." In several places, both the Interim Consignment Order and the Final Consignment Order provide that the rights, claims and defenses of the consignment vendors are reserved and retained. *See* Final Consignment Order, at ¶¶3, 5, 8, and 9.

7.  The Final DIP Order provides, in part, that any party in interest (other than the debtors in the Bankruptcy Case) may challenge "the validity, extent, perfection, or priority of the security interests and Liens of the Prepetition Agents and Prepetition Secured Lenders in and to the Prepetition Collateral" (a "Challenge Proceeding") provided that such Challenge Proceeding,

if commenced by a party in interest other than the Official Committee of Unsecured Creditors, must be commenced within seventy-five days of the date the Interim DIP Order was entered (the "Challenge Deadline").  The Challenge Deadline is currently May 17, 2016.[4]

## RELIEF REQUESTED AND BASIS FOR SUCH RELIEF

8. For the reasons set forth in the Ogio Motion, Midland joins in Ogio's request for entry of an order (i) confirming that the Challenge Deadline does not apply to consignment vendors, such as Midland or, (i) in the alternative, extending the Challenge Deadline until the deadline to file responsive pleadings in the Adversary Proceeding to the Term Loan Agent Complaint, and (ii) finding that any challenge to the Term Loan Agent's liens asserted by way of defense or claim in the Adversary Proceeding, or in any other appropriate court with jurisdiction, shall constitute a Challenge Proceeding in compliance with paragraph 25 of the Final DIP Order.

**WHEREFORE**, Midland Radio Corporation respectfully requests that the Court enter an order (i) deeming consignment vendors exempt from the Challenge Deadline under the Final DIP Order, or (ii) extending the Challenge Deadline for consignment vendors to the date they are required to file responsive pleadings to the Term Loan Agent's Complaint, and (iii) deeming any challenge to the Term Loan Agent's liens by way of defense or claim in the Adversary Proceeding or in another appropriate forum to satisfy the requirements for commencing a Challenge Proceeding under paragraph 25 of the Final DIP Order and (iv) granting such other relief as the Court deems just and proper.

---

[4] Pursuant to Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court of the District of Delaware, the Challenge Deadline will "automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order."  Del. Bankr. L.R. 9006-2.

Dated: May 17, 2016  **GELLERT SCALI BUSENKELL**
Wilmington, Delaware  **& BROWN, LLC**

By: */s/ Margaret England*
    Ronald S. Gellert (DE 4259)
    Margaret F. England (DE 4248)
    1201 North Orange Street, Suite 300
    Wilmington, Delaware 19801
    Tel.:   (302) 425-5800
    Fax:   (302) 425-5814
    E-mail: mengland@gsbblaw.com

*Counsel for Midland Radio Corporation*