IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| SPORTS AUTHORITY HOLDINGS, INC., *et al.*,[1] ) | Case No. 16-10527 (MFW) |
| ) | (Jointly Administered) |
| Debtors. ) | Ref. Docket No. 1699, 1919 |

**JOINDER OF WIGWAM MILLS, INC. TO M.J. SOFFE, LLC'S MOTION TO EXTEND CHALLENGE DEADLINE WITH RESPECT TO CONSIGNMENT VENDORS**

Wigwam Mills, Inc. ("Wigwam") is a supplier of goods on a consignment basis to TSA Stores, Inc. ("TSA" or the "Debtors"). Wigwam hereby joins in *M.J. Soffe, LLC's Motion to Extend Challenge Deadline with Respect to Consignment Vendors* (the "Soffe Motion") [Docket No. 1919]. In support of this Joinder, Wigwam respectfully submits as follows:

## BACKGROUND

1. Wigwam and TSA are parties to that certain 2010 Vendor Agreement, as amended by the 2014 Vendor Deal Sheet Summary agreement (together, the "Agreement") through which Wigwam consigned certain goods (the "Wigwam Property") to TSA.

2. On March 2, 2016 (the "Petition Date"), the Debtors commenced the above-captioned chapter 11 cases.

3. On March 11, 2016, the Court entered its *Interim Order (A) Authorizing the Debtors to (I) Continue to Sell Consigned Goods in the Ordinary Course of Business Free and Clear of All Liens, Claims, Encumbrances, and Interests, and (II) Grant Administrative Expense Priority and*

---

[1] The Debtors and the last four digits of each Debtor's federal tax identification numbers are as follows: Sports Authority Holdings, Inc. (9008); Slap Shot Holdings, Corp. (8209); The Sports Authority, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664).

*Purchase Money Security Interests to Consignment Vendors for Consigned Goods Delivered Post-Petition, and (B) Grant Replacement Liens to Consignment Vendors with Security Interests and/or Holding Title or Ownership Rights in Consigned Goods and/or Remit the Consignment Sale Price, Arising from Sale of Consigned Goods to Putative Consignment Vendors* [Docket No. 278] (as subsequently amended, the "Interim Consignment Order"). The Interim Consignment Order authorizes the Debtors to continue selling consignment goods, including the Wigwam Property, post- petition under the terms of the existing agreements with consignment vendors.

      4.      On or about March 15, 2016, the Debtors commenced an adversary proceeding against Wigwam (the "Adversary Proceeding") by filing a complaint seeking, among other things, declaratory judgment that the Debtors had a senior interest in consignment goods provided by Wigwam to the Debtors (the "Complaint"). The deadline for Wigwam to answer the Debtor's Complaint in the Adversary Proceeding is May 30, 2016. On April 27, 2016, the Court entered an order permitting Wilmington Savings Fund Society, FSB, as Administrative and Collateral Agent for the benefit of the Debtor's term lenders (the "Term Loan Agent") to intervene in the Adversary Proceeding. On May 16, 2016, the Term Loan Agent filed its Complaint (the "Term Loan Agent's Complaint") in the Adversary Proceeding, seeking a declaration that "the Term Loan Agent has a properly perfected security interest, senior to the interests of [Wigwam] in all of the Prepetition Consigned Goods delivered by [Wigwam] ...." Term Loan Agent's Complaint, at 38(a). Wigwam has not yet been served with the Term Loan Agent's Complaint, but, if properly served, it intends to continue defending against the same, as well as against the Complaint, and reserves the right to seek any and all claims, causes of action and damages against both the Debtors and the Term Loan Agent arising out of or relating to the respective complaints.

5. Following a hearing on May 3, 2016, the Court entered its *Final Order Authorizing the Debtors to Sell Prepetition Consigned Goods* [Docket No. 1704] (the "Final Consignment Order"). On the same day, the Court entered its *Final Order (I) Authorizing Debtors to Obtain Post-Petition Secured Financing Pursuant to 11 U.S.C. §§ 105, 362, 363, and 364; (II) Granting Liens and Superpriority Claims to Post-Petition Lenders Pursuant to 11 U.S.C. §§ 364 and 507; and (III) Authorizing the Use of Cash Collateral and Providing Adequate Protection to Prepetition Secured Lenders and Modifying the Automatic Stay Pursuant to 11 U.S.C.§§ 361, 362, 363, and 364* [Docket No. 1699] (the "Final DIP Order"). Paragraph 2 of the Final Consignment Order provides, among other things, that to the extent of any conflict between the Final DIP Order and the Final Consignment Order with respect to the treatment of proceeds of consignment goods, "the terms of the [Final Consignment] Order shall govern." The Final Consignment Order provides, in several places, that the rights, claims and defenses of the consignment vendors are reserved and retained. See Final Consignment Order, at 3, 5, 8, and 9.

6. The Final DIP Order provides, in part, that any party in interest (other than the Debtors) may challenge "the validity, extent, perfection, or priority of the security interests and Liens of the Prepetition Agents and Prepetition Secured Lenders in and to the Prepetition Collateral" (a "Challenge Proceeding") provided that such Challenge Proceeding, if commenced by a party in interest other than the Official Committee of Unsecured Creditors, must be commenced within seventy-five days of the date the Interim DIP Order was entered (the "Challenge Deadline"). The Challenge Deadline is currently May 17, 2016.[2]

---

[2] Pursuant to Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court of the District of Delaware, the Challenge Deadline will "automatically be extended until the Court acts on the motion, with the necessity for the entry of a bridge order." Del. Bankr. L.R. 9006-2.

## JOINDER AND RESERVATION OF RIGHTS

7.  Wigwam hereby joins in, and incorporates herein by reference, the Soffe Motion, and adopts the factual allegations (other than any factual allegations specific to Soffe only) and arguments therein as its own.

8.  Wigwam reserves the right to amend and/or supplement this joinder and to request and seek such other and further relief as may be necessary or appropriate.

Dated this 17th day of May, 2016.

SULLIVAN · HAZELTINE · ALLINSON LLC

*/s/ William A. Hazeltine*

William A. Hazeltine (No. 3294)
901 North Market Street, Suite 1300
Wilmington, DE 19801
Tel: (302) 428-8191
Fax: (302) 428-8195
whazeltine@sha-llc.com

and

Michael D. Jankowski, Esq.
L. Katie Mason, Esq.
Reinhart Boerner Van Deuren s.c.
1000 North Water St., Suite 1700
Milwaukee, WI 53202

*Attorneys for Wigwam Mills, Inc.*