IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Sports Authority Holdings, Inc., *et al.*[1], | ) Case No. 16-10527 (MFW) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) **Re: D.I. Nos. 1699 & 1919** |

**JOINDER OF FGX INTERNATIONAL INC. TO M.J. SOFFE, LLC'S
MOTION TO EXTEND CHALLENGE DEADLINE WITH RESPECT
TO CONSIGNMENT VENDORS**

FGX International Inc., including its business division, Native Eyewear (together, "FGX"), through counsel, hereby submits this Joinder (the "Joinder") to M.J. Soffee, LLC's Motion to Challenge Deadline With Respect to Consignment Vendors (the "Motion"). In support of the Joinder, FGX respectfully represents as follows:

1. FGX and TSA Stores, Inc. ("TSA") are parties to certain "pay by scan" agreements (the "FGX Agreements") pursuant to which FGX consigned goods (including goods from its Native Eyewear division) (the "Consigned Goods") to TSA for sale in Sports Authority stores. The Consigned Goods primarily consist of sunglasses and other consumer products.

2. Pursuant to the FGX Agreements, title to Consigned Goods remains with FGX and does not transfer to the Debtors until the Debtors scan such inventory for consignment.

3. On March 15, 2016, the Debtors filed an adversary proceeding against FGX (Adv. No. 16-50326) (the "Adversary Proceeding") and Native Eyewear (Adv. No. 16-50283 (MFW))

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Sports Authority Holdings, Inc. (9008); Slap Shot Holdings, Corp. (8209); The Sports Authority, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664). The headquarters for the above-captioned Debtors is located at 1050 West Hampden Avenue, Englewood, Colorado 80110.

in which the Debtors challenged the terms of the FGX Agreements and asserted that the Consigned Goods belong to the Debtors, not to FGX. The Debtors subsequently dismissed the proceeding against Native Eyewear. The current deadline for FGX to answer the Debtors' complaint in the Adversary Proceeding is May 30, 2016.

4.   FGX disputes the Debtors' allegations in the Adversary Proceeding and asserts that FGX has title to the Consigned Goods until the Debtors sell the Consigned Goods.

5.   On May 16, 2016, Wilmington Savings Fund Society, FSB, as Administrative and Collateral Agent for the benefit of the Debtors' Term Loan Lenders (the "Term Loan Agent") filed a complaint (the "Term Loan Agent's Complaint") in the Adversary Proceeding, seeking a declaration that "the Term Loan Agent has a properly perfected security interest, senior to the interests of [FGX] in all of the Prepetition Consigned Goods delivered by [FGX]...." Term Loan Agent's Complaint, at ¶ 38(a). FGX has not been served with the Term Loan Agent's Complaint, but, if properly served, it intends to vigorously defend against it and reserves the right to seek any and all claims, causes of action and damages against both the Debtors and the Term Loan Agent arising out of or relating to the respective complaints.

6.   Following a hearing on May 3, 2016, the Court entered its *Final Order Authorizing the Debtors to Sell Prepetition Consigned Goods* [D.I. 1704] (the "Final Consignment Order"). Concurrently therewith, the Court entered its *Final Order (I) Authorizing Debtors to Obtain Post-Petition Secured Financing Pursuant to 11 U.S.C. §§ 105, 362, 363, and 364; (II) Granting Liens and Superpriority Claims to Post-Petition Lenders Pursuant to 11 U.S.C. §§ 364 and 507; and (III) Authorizing the Use of Cash Collateral and Providing Adequate Protection to Prepetition Secured Lenders and Modifying the Automatic Stay Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364* [D.I. 1699] (the "Final DIP Order"). Paragraph 2 of the

Final Consignment Order provides, among other things, that to the extent of any conflict between the Final DIP Order and the Final Consignment Order with respect to the treatment of proceeds of consignment goods, "the terms of the [Final Consignment] Order shall govern." In several places, both the interim consignment order and the Final Consignment Order provide that the rights, claims and defenses of the consignment vendors are reserved and retained. *See* Final Consignment Order, at ¶¶3, 5, 8, and 9.

7. The Final DIP Order provides, in part, that any party in interest (other than the debtors in the Bankruptcy Case) may challenge "the validity, extent, perfection, or priority of the security interests and Liens of the Prepetition Agents and Prepetition Secured Lenders in and to the Prepetition Collateral" (a "<u>Challenge Proceeding</u>") provided that such Challenge Proceeding, if commenced by a party in interest other than the Official Committee of Unsecured Creditors, must be commenced within seventy-five days of the date the Interim DIP Order was entered (the "<u>Challenge Deadline</u>"). The Challenge Deadline is currently May 17, 2016.[2]

8. In response to the Challenge Deadline, FGX joins in and hereby adopts the arguments presented in Motion and the relief requested therein.

9. FGX reserves the right to supplement this joinder and seek such other and further relief as may be necessary and appropriate.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

---

[2] Pursuant to Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court of the District of Delaware, the Challenge Deadline will "automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order." Del. Bankr. L.R. 9006-2.

WHEREFORE, FGX respectfully requests that this Court enter an order granting the relief requested in the Motion and grant such other and further relief as this Court deems just and proper.

Dated: May 17, 2016
       Wilmington, Delaware

Respectfully submitted,

**WHITEFORD TAYLOR & PRESTON LLC**

    */s/ Thomas J. Francella, Jr.*
Thomas J. Francella, Esq. (No. 3835)
The Renaissance Centre, Suite 500
405 North King Street
Wilmington, Delaware 19801
Telephone: (302) 353-4144
Email: tfrancella@wtplaw.com

- and –

**HINCKLEY, ALLEN & SNYDER LLP**

Jennifer V. Doran, Esq. (MA BBO #652518)
28 State Street
Boston, MA 02109
Telephone: (617) 345-9000
Email: jdoran@hinckleyallen.com

*Counsel to FGX International Inc.*

*No. 2200632-v.1*