**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Sports Authority Holdings, Inc., *et al.*[1], | ) | Case No. 16-10527 (MFW) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Re Docket No. 1919** |
| | ) | |

**MOTION TO (A) DETERMINE CHALLENGE DEADLINE DOES NOT APPLY WITH
RESPECT TO CONSIGNMENT VENDORS OR, ALTERNATIVELY, (B) EXTEND
CHALLENGE DEADLINE; AND JOINDER TO MOTION OF M.J. SOFFE, LLC**

Implus Footcare, LLC ("Implus"), by and through its undersigned counsel, hereby moves

(this "Motion") for an order (a) determining that the deadline (the "Challenge Deadline") in the

Court's *Final Order (I) Authorizing Debtors to Obtain Post-Petition Secured Financing*

*Pursuant to 11 U.S.C. §§ 105, 362, 363, and 364; (II) Granting Liens and Superpriority Claims*

*to Post-Petition Lenders Pursuant to 11 U.S.C. §§ 364 and 507; and (III) Authorizing the Use of*

*Cash Collateral and Providing Adequate Protection to Prepetition Secured Lenders and*

*Modifying the Automatic Stay Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364* (the "Final DIP

Order") to challenge the validity, extent, perfection, or priority of the security interests and liens

of Wilmington Savings Fund Society, FSB, as Administrative and Collateral Agent for the

benefit of the Debtors' Term Lenders (the "Term Loan Agent") does not apply to Implus, or

other consignors who are named as defendants in pending adversary proceedings where the

priority of the Term Loan Agent's lien is at issue, or alternatively, (b) extending the Challenge

---

[1]     The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Sports Authority Holdings, Inc. (9008); Slap Shot Holdings, Corp. (8209); The Sports Authority, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664).  The headquarters for the above-captioned Debtors is located at 1050 West Hampden Avenue, Englewood, Colorado 80110.

Deadline to the deadline for filing an answer to the Term Loan Agent's complaints filed, or to be filed, in such adversary proceedings. Implus also joins in ("Joinder") *M.J. Soffe, LLC's Motion to Extend Challenge Deadline with Respect to Consignment Vendors* (the "Soffe Motion") [Docket No. 1919].   In support of the Motion, Implus respectfully represents as follows:

## BACKGROUND

1.      Implus and certain of the Debtors are parties to a consignment agreement (the "Consignment Agreement") pursuant to which Implus provides the Debtors with certain of Implus' goods (the "Implus Goods") for sale in the Debtors' retail stores.  Pursuant to the terms of the Consignment Agreement, title to the Implus Goods remains with Implus until a sale to a retail buyer is completed, at which point title transfers to the buyer.

2.      Pursuant to this Court's interim and final orders (collectively, the "Consignment Order") on the Debtors' "consignment motion", the Debtors are selling the Implus Goods in compliance with the terms of the Consignment Agreement. This includes any course of dealing between Implus and the Debtors regarding sales and pricing.

3.      On or about March 16, 2016, the Debtors commenced an adversary proceeding against Implus (the "Adversary Proceeding") by filing a complaint seeking, among other things, declaratory judgment that the Debtors had a senior interest in the Implus Goods (the "Complaint").  The deadline for Implus to answer the Complaint is May 30, 2016.  On April 27, 2016, the Court entered an order permitting the Term Loan Agent to intervene in the Adversary Proceeding.  On May 16, 2016, the Term Loan Agent filed its Complaint (the "Term Loan Agent's Complaint") in the Adversary Proceeding, seeking a declaration that "the Term Loan Agent has a properly perfected security interest, senior to the interests of [Implus] in all of the Prepetition Consigned Goods delivered by [Implus] . . . ."  Term Loan Agent's Complaint, at

¶38.  Implus has not yet been served with the Term Loan Agent's Complaint, but, if properly served, it intends to continue defending against the same, as well as against the Complaint, and reserves the right to seek any and all claims, causes of action and damages against both the Debtors and the Term Loan Agent arising out of or relating to their respective complaints.

4.    The Final DIP Order provides, in part, that any party in interest (other than the Debtors) may challenge "the validity, extent, perfection, or priority of the security interests and Liens of the [Term Loan Agent] … in and to the Prepetition Collateral" (a "<u>Challenge Proceeding</u>") provided that such Challenge Proceeding, if commenced by a party in interest other than the Official Committee of Unsecured Creditors, must be commenced before expiration of the Challenge Deadline.   The Challenge Deadline is currently May 17, 2016.[2]

5.    While Implus does not believe the Challenge Deadline would apply to bar it from raising claims and defenses in the Adversary Proceedings, it files this Motion for a determination to that effect, or, alternatively, an extension of the Challenge Deadline.

## <u>RELIEF REQUESTED AND BASIS THEREFOR</u>

6.    By this Motion and Joinder to the Soffe Motion,[3] Implus seeks the entry of an order (a) determining that the Challenge Deadline does not apply to consignment vendors, such as Implus or, alternatively (b) extending the Challenge Deadline until the deadline to file

---

[2]      Pursuant to Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court of the District of Delaware, the Challenge Deadline will "automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order."  Del. Bankr. L.R. 9006-2.

[3]      In advance of filing the Soffe Motion, counsel for Soffe contacted counsel to the Term Loan Agent regarding an extension of the Challenge Deadline to confirm that, based on the Term Loan Agent's intervention and the liens being at issue in the Adversary Proceeding, that the Challenge Deadline was not applicable to Soffe or other consignment vendors, but no response had been received as of the time of filing of the Soffe Motion or this Motion and Joinder.

responsive pleadings in the Adversary Proceeding to the Term Loan Agent Complaint. Implus joins in and adopts as its own the arguments set forth in the Soffe Motion.

7.      For the reasons set forth in the Soffe Motion and herein, Implus respectfully requests that the Court grant this Motion and the Soffe Motion.

8.      To the extent not inconsistent with the relief sought herein, Implus joins in any other motion or joinder to the Soffe Motion filed by a consignment vendor.

**WHEREFORE**, Implus respectfully requests that this Court enter an order (i) deeming consignment vendors exempt from the Challenge Deadline under the Final DIP Order or, alternatively, (b) extending the Challenge Deadline for consignment vendors to the date they are required to file responsive pleadings to the Term Loan Agent's Complaint in their respective adversary proceedings, and, (iii) granting related relief.

Date:   May 17, 2016                        BUCHANAN INGERSOLL & ROONEY PC

By: /s/ Mary F. Caloway (No. 3059)
Mary F. Caloway (No. 3059)
919 N. Market Street
Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 552-4200
Facsimile: (302) 552-4295
Email: mary.caloway@bipc.com

*Counsel to Implus Footcare, LLC*