IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 <br> ) |
| Sports Authority Holdings, Inc., *et al.*,[1] | ) Case No. 16-10527 (MFW) <br> ) Jointly Administered |
| Debtors. | ) <br> ) **Re: D.I. 1699, 1919** |

## JOINDER OF THORLO, INC. IN SUPPORT OF M.J. SOFFE, LLC'S MOTION TO EXTEND CHALLENGE DEADLINE WITH RESPECT TO CONSIGNMENT VENDORS

THORLO, Inc. ("THORLO"), by its undersigned counsel, hereby supports and adopts as its own (this "Joinder") M.J. Soffe, LLC's Motion to Extend Challenge Deadline with Respect to Consignment Vendors ("Soffe's Motion"[2]) pursuant to the *Final Order (I) Authorizing Debtors to Obtain Post-Petition Secured Financing Pursuant to 11 U.S.C. §§ 105, 362, 363, and 364; (II) Granting Liens and Superpriority Claims to Post-Petition Lenders Pursuant to 11 U.S.C. §§ 364 and 507; and (III) Authorizing the Use of Cash Collateral and Providing Adequate Protection to Prepetition Secured Lenders and Modifying the Automatic Stay Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364* [Dkt. No. 1699] (the "Final DIP Order").

## BACKGROUND

1. THORLO and Debtor TSA Stores, Inc. ("TSA") entered into that certain Pay by Scan/Consignment Addendum to TSA Stores, Inc. (Vendor Agreement) Pay by Scan, dated as of July 20, 2009 (as amended, restated, supplemented and otherwise modified from time to time,

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Sports Authority Holdings, Inc. (9008); Slap Shot Holdings, Corp. (8209); The Sports Authority, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664). The headquarters for the above-captioned Debtors is located at 1050 West Hampden Avenue, Englewood, Colorado 80110.

[2] Capitalized terms used herein but not otherwise defined shall have the meaning as set forth in Soffe's Motion.

including by that certain 2015 Vendor Deal Sheet Summary Pay by Scan, collectively, the "Vendor Agreement"), pursuant to which THORLO periodically consigned goods to TSA for sale in various Sports Authority brand stores across the country. The consigned goods primarily consisted of THORLO socks. THORLO's consigned goods and the proceeds therefrom that were in the Debtors' possession as of the Petition Date are referred to herein collectively as the "THORLO Property."

2. On March 2, 2016, (the "Petition Date") the above-captioned debtors filed voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

3. On March 11, 2016, the Court entered its *Interim Order (A) Authorizing the Debtors to (I) Continue to Sell Consigned Goods in the Ordinary Course of Business Free and Clear of All Liens, Claims, Encumbrances, and Interests; and (II) Grant Administrative Expense Priority and Purchase Money Security Interests to Consignment Vendors for Consigned Goods Delivered Post-Petition; and (B) Grant Replacement Liens to Consignment Vendors with Security Interests and/or Holding Title or Ownership Rights in Consigned Goods and/or Remit the Consignment Sale Price, Arising from Sale of Consigned Goods to Putative Consignment Vendors* [D.I. 278] (as subsequently amended, the "Interim Consignment Order"). The Interim Consignment Order authorizes the Debtors to continue selling consignment goods, including the THORLO Property, post-petition under the terms of the existing agreements with consignment vendors.

4. On or about March 15, 2016, the Debtors commenced an adversary proceeding against THORLO (the "Adversary Proceeding") by filing a complaint seeking, among other things, declaratory judgment that the Debtors had a senior interest in consignment goods provided by THORLO to the Debtors (the "Complaint"). On April 27, 2016, the Court entered an order

permitting the Term Loan Agent to intervene in the Adversary Proceeding. THORLO intends to continue defending against the Complaint and reserves the right to seek any and all claims, causes of action and damages against the Debtors arising out of or relating to the Complaint. On May 16, 2016, the Term Loan Agent filed its Complaint (the "Term Loan Agent's Complaint") in the Adversary Proceeding, seeking a declaration that "the Term Loan Agent has a properly perfected security interest, senior to the interests of [THORLO] in all of the Prepetition Consigned Goods delivered by [THORLO] . . . ." Term Loan Agent's Complaint, at ¶38(a).

5. Following a hearing on May 3, 2016, the Court entered its *Final Order Authorizing the Debtors to Sell Prepetition Consigned Goods* [D.I. 1704] (the "Final Consignment Order"). The Final DIP Order was entered that same day. Paragraph 2 of the Final Consignment Order provides, among other things, that to the extent of any conflict between the Final DIP Order and the Final Consignment Order with respect to the treatment of proceeds of consignment goods, "the terms of the [Final Consignment] Order shall govern." The Final Consignment Order, in several places, provides that the rights, claims and defenses of the consignment vendors are reserved and retained. *See* Final Consignment Order, at ¶¶3, 5, 8, and 9.

6. The Final DIP Order provides, in part, that any party in interest (other than the debtors in the Bankruptcy Case) may challenge "the validity, extent, perfection, or priority of the security interests and Liens of the Prepetition Agents and Prepetition Secured Lenders in and to the Prepetition Collateral" (a "Challenge Proceeding") provided that such Challenge Proceeding, if commenced by a party in interest other than the Official Committee of Unsecured Creditors,

must be commenced within seventy-five days of the date the Interim DIP Order was entered (the "Challenge Deadline"). The Challenge Deadline is currently May 17, 2016.[3]

## JOINDER

7. THORLO hereby supports, incorporates and adopts as its own Soffe's Motion and reserves all rights to amend this Joinder as warranted and to raise further and additional arguments at any hearing scheduled on Soffe's Motion.

## CONCLUSION

**WHEREFORE**, for the reasons set forth in Soffe's Motion THORLO respectfully requests that this Court enter an order (i) deeming THORLO and the other consignment vendors exempt from the Challenge Deadline under the Final DIP Order or extending the Challenge Deadline for THORLO and the other consignment vendors to the date they are required to file responsive pleadings in their respective adversary proceedings, (ii) deeming any challenge to the Term Loan Agent's liens by way of defense or claim in the Adversary Proceeding to satisfy the requirements for commencing a Challenge Proceeding under paragraph 25 of the Final DIP Order and (iii) granting related relief.

---

[3] Pursuant to Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court of the District of Delaware, the Challenge Deadline will "automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order." Del. Bankr. L.R. 9006-2.

Dated: May 17, 2016  
      Wilmington, Delaware

**POTTER ANDERSON & CORROON LLP**

*/s/ R. Stephen McNeill*
_____
Jeremy W. Ryan (DE Bar No. 4057)  
R. Stephen McNeill (DE Bar No. 5210)  
1313 North Market Street, Sixth Floor  
P.O. Box 951  
Wilmington, DE 19899-0951  
Telephone: (302) 984-6000  
Facsimile: (302) 658-1192

-and-

**KATTEN MUCHIN ROSENMAN LLP**  
John P. Sieger, Esq. (admitted *pro hac vice*)  
Dmitriy Lampert, Esq. (admitted *pro hac vice*)  
525 West Monroe Street  
Chicago, IL 60661-3693  
Telephone: (312) 902-5200  
Facsimile: (312) 902-1061

*Counsel to THORLO, Inc.*