IN THE UNITED STATE BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SPORTS AUTHORITY HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 16-10527 (MFW)<br><br>(Jointly Administered)<br><br>Hearing Date: June 28, 2016 at 10:30 am<br>Objection Deadline: June 6, 2016 at 4:00 pm<br><br>Ref. Docket Nos. 1699 & 1926 |

**MOTION OF SHOCK DOCTOR, INC. d/b/a UNITED SPORTS BRANDS ("USB") FOR DETERMINATION OR EXTENSION REGARDING CHALLENGE DEADLINE, JOINDER OF USB IN OGIO INTERNATIONAL, INC.'S MOTION FOR DETERMINATION OR EXTENSION REGARDING CHALLENGE DEADLINE WITH RESPECT TO CONSIGNMENT VENDORS, AND RESERVATION OF RIGHTS OF USB**

Shock Doctor, Inc. d/b/a United Sports Brands (consisting of Shock Doctor, Cutters and Nathan Sports branded products including those formerly consigned under the names Nathan Sports Inc. and Penguin Brands, Inc.) (collectively, "USB"), by and through its undersigned counsel, hereby (i) moves this Court (this "Motion") for an order either (a) determining that the objection deadline in the Court's *Final Order (I) Authorizing Debtors to Obtain Post-Petition Secured Financing Pursuant to 11 U.S.C. §§ 105, 362, 363, and 364; (II) Granting Liens and Superpriority Claims to Post-Petition Lenders Pursuant to 11 U.S.C. §§ 364 and 507; and (III) Authorizing the Use of Cash Collateral and Providing Adequate Protection to Prepetition Secured Lenders and Modifying the Automatic Stay Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364* [D.I. 1699] (the "Final DIP Order") to challenge the validity, extent, perfection, or priority

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Sports Authority Holdings, Inc. (9008); Slap Shot Holdings, Corp. (8209); The Sports Authority, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664). The headquarters for the above-captioned Debtors is located at 1050 West Hampden Avenue, Englewood, Colorado 80110.

of the security interests and liens of Wilmington Savings Fund Society, FSB, as Administrative and Collateral Agent for the benefit of the Debtors' Term Lenders (the "Term Loan Agent") does not apply to USB, or other consignors, who are named as defendants in pending adversary proceedings particularly where the priority of the Term Loan Agent's lien has been raised therein by the Plaintiff and Intervenor, or (b) extending the deadline for such a challenge to the deadline for filing an answer or other response to the Term Loan Agent's complaints filed, or to be filed, in such adversary proceedings, (ii) joins in *Ogio International, Inc.'s Motion for Determination or Extension Regarding Challenge Deadline with Respect to Consignment Vendors* [D.I. 1926] (the "Ogio Motion"), and (iii) reserves its rights as set forth herein. In support of this Motion, USB respectfully represents as follows:

**BACKGROUND**

1. On March 2, 2016 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (this "Court").

2. Prior to the Petition Date, USB entered into or was otherwise a beneficiary under various agreements with TSA Stores, Inc., or one or more of its affiliated Debtors, pursuant to which USB periodically delivered certain Shock Doctor, Cutters and Nathan Sports branded products it owns for sale on consignment (the "USB Property"), which agreements include the following: (i) Nathan Sports Inc. Pay By Scan Vendor Agreements (dated on or about March 11, 2015) (collectively, and as may have been amended, supplemented or modified, the "Nathan Sports Agreement"); and (ii) Shock Doctor, Inc. Pay By Scan Vendor Agreements (Vendor Number 24672, dated on or about March 4, 2015) (collectively, and as may have been amended,

2

supplemented or modified, the "Shock Doctor Agreement," and together with the Nathan Sports Agreement, the "Consignment Agreements").

3. Pursuant to the terms of the Consignment Agreements, title to the USB Property remains with USB and transfers, if at all, from USB to the ultimate purchaser of the USB Property.

4. On March 11, 2016, the Court entered its *Interim Order (A) Authorizing the Debtors to (I) Continue to Sell Consigned Goods in the Ordinary Course of Business Free and Clear of All Liens, Claims, Encumbrances, and Interests; and (II) Grant Administrative Expense Priority and Purchase Money Security Interests to Consignment Vendors for Consigned Goods Delivered Post-Petition; and (B) Grant Replacement Liens to Consignment Vendors with Security Interests and/or Holding Title or Ownership Rights in Consigned Goods and/or Remit the Consignment Sale Price, Arising from Sale of Consigned Goods to Putative Consignment Vendors* [D.I. 278] (as subsequently amended, the "Interim Consignment Order"). The Interim Consignment Order authorizes the Debtors to continue selling consignment goods, including the USB Property, post-petition so long as the Debtors complied with the terms of their existing agreements with consignment vendors.

5. On or about March 15, 2016 and March 16, 2016, respectively, the Debtors commenced adversary proceedings against Shock Doctor, Inc. (Adv. Proc. No. 16-50366) and Nathan Sports Inc. a/k/a Penguin Brands, Inc. (Adv. Proc. No. 16-50335) (collectively, the "Adversary Proceedings") by filing complaints seeking, among other things, a declaratory judgment that the Debtors had a senior interest in the USB Property. The deadline for USB to respond to the Debtors' complaints filed in the Adversary Proceedings is May 30, 2016. On April 27, 2016, the Court entered an order permitting the Term Loan Agent to intervene in the

Adversary Proceedings. On May 16, 2016, the Term Loan Agent, as intervenor, filed complaints (the "Term Loan Agent's Complaints") in the Adversary Proceedings, seeking a declaration that "the Term Loan Agent has a properly perfected security interest, senior to the interests of [USB] in all of the Prepetition Consigned Goods delivered by [USB] . . . ." Term Loan Agent's Complaints, at ¶38(a).

6. Following a hearing on May 3, 2016, the Court entered its (i) *Final Order Authorizing the Debtors to Sell Prepetition Consigned Goods* [D.I. 1704] (the "Final Consignment Order"), and (ii) the Final DIP Order. Paragraph 2 of the Final Consignment Order provides, among other things, that to the extent of any conflict between the Final DIP Order and the Final Consignment Order with respect to the treatment of proceeds of consignment goods, "the terms of the [Final Consignment] Order shall govern." The Final Consignment Order, in several places, provides that the rights, claims and defenses of the consignment vendors are reserved and retained. *See* Final Consignment Order, at ¶¶3, 5, 8, and 9.

7. The Final DIP Order provides, in pertinent part, that any party in interest (other than the Debtors) may challenge "the validity, extent, perfection, or priority of the security interests and Liens of the Prepetition Agents and Prepetition Secured Lenders in and to the Prepetition Collateral" (a "Challenge Proceeding") provided that such Challenge Proceeding, if commenced by a party in interest other than the Official Committee of Unsecured Creditors, must be commenced within seventy-five days of the date the Interim DIP Order was entered (the "Challenge Deadline"). The Challenge Deadline is currently May 17, 2016.[2]

---

[2] Pursuant to Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court of the District of Delaware, the Challenge Deadline will "automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order." Del. Bankr. L.R. 9006-2.

**RELIEF REQUESTED**

8. By this Motion, USB seeks the entry of an order (i) (a) confirming that the Challenge Deadline does not apply to consignment vendors, such as USB or, (b) in the alternative, extending the Challenge Deadline until the deadline to file responsive pleadings in the Adversary Proceedings to the Term Loan Agent Complaints, (ii) finding that any challenge to the Term Loan Agent's liens asserted by way of defense or claim in the Adversary Proceedings, or in any other appropriate court with jurisdiction, shall constitute a Challenge Proceeding in compliance with paragraph 25 of the Final DIP Order, and (iii) reserving all of USB's Rights as requested herein.

**JOINDER**

9. USB hereby joins in, and incorporates herein by reference, the Ogio Motion, and adopts the arguments therein as its own.

**RESERVATION OF RIGHTS**

10. Nothing herein shall be deemed to waive any of USB's procedural, substantive or other rights, privileges or remedies ("Rights") in connection with the USB Property, the Consignment Agreements, the Adversary Proceedings, the Final DIP Order, the Final Consignment Order, or any other applicable order of this Court, all of which Rights are hereby expressly reserved.

WHEREFORE, USB respectfully requests that this Court enter an order (i) deeming consignment vendors (including USB) exempt from the Challenge Deadline under the Final DIP Order, or extending the Challenge Deadline for consignment vendors (including USB) to the date they are required to file responsive pleadings in their respective adversary proceedings, (ii) deeming any challenge to the Term Loan Agent's liens by way of defense or claim in the

adversary proceedings to satisfy the requirements for commencing a Challenge Proceeding under Paragraph 25 of the Final DIP Order, (iii) reserving all of USB's Rights as requested herein, and (iv) granting such other and further relief to USB as is just and proper.

| | |
|---|---|
| Dated: May 17, 2016<br>Wilmington, Delaware | BARNES & THORNBURG LLP<br><br>*/s/ Kevin G. Collins*<br>David M. Powlen (DE No. 4978)<br>Kevin G. Collins (DE No. 5149)<br>1000 N. West Street, Suite 1500<br>Wilmington, DE 19801<br>(302) 300-3434<br>david.powlen@btlaw.com<br>kevin.collins@btlaw.com<br><br>-and-<br><br>George H. Singer (admitted *pro hac vice*)<br>Adam C. Ballinger (admitted *pro hac vice*)<br>LINDQUIST & VENNUM LLP<br>4200 IDS Center<br>80 South 8th Street<br>Minneapolis, MN 55402<br>Telephone: (612) 371-3211<br>Facsimile: (612) 371-3207<br>Email: gsinger@lindquist.com<br>Email:  aballinger@lindquist.com<br><br>*Counsel to Shock Doctor, Inc.*<br>*d/b/a United Sports Brands* |