## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Sports Authority Holdings, Inc., *et al.*[1], | Case No. 16-10527 (MFW) |
| Debtors. | Jointly Administered |
| | Re: D.I. 1699 |

### JOINDER OF HI-TEC SPORTS USA, INC. TO THE MOTIONS OF M.J. SOFFE, LLC AND OGIO INTERNATIONAL, INC. FOR A DETERMINATION OR EXTENSION REGARDING THE CHALLENGE DEADLINE WITH RESPECT TO CONSIGNMENT VENDORS

Hi-Tec Sports USA, Inc., ("Hi-Tec") by and through its counsel, Borges & Associates, LLC, hereby supports, adopts and joins the *Motions to Extend Challenge Deadline With Respect to Consignment Vendors* filed by M. J. Soffe, LLC ("Soffe Motion") [D.I. 1919] and Ogio International, Inc. ("Ogio Motion") [D.I. 1926] (together, the "Motions") which move for an order either (a) determining that the objection deadline in the Court's *Final Order (I) Authorizing Debtors to Obtain Post-Petition Secured Financing Pursuant to 11 U.S.C. §§ 105, 362, 363, and 364; (II) Granting Liens and Superpriority Claims to Post-Petition Lenders Pursuant to 11 U.S.C. §§ 364 and 507; and (III) Authorizing the Use of Cash Collateral and Providing Adequate Protection to Prepetition Secured Lenders and Modifying the Automatic Stay Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364* (the "Final DIP Order") to challenge the validity, extent, perfection, or priority of the security interests and liens of Wilmington Savings Fund Society,

---

[1]     The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Sports Authority Holdings, Inc. (9008); Slap Shot Holdings, Corp. (8209); The Sports Authority, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664).  The headquarters for the above-captioned Debtors is located at 1050 West Hampden Avenue, Englewood, Colorado 80110.

FSB, as Administrative and Collateral Agent for the benefit of the Debtors' Term Lenders (the "Term Loan Agent") does not apply to Hi-Tec, or other consignors, who are named as defendants in pending adversary proceedings where the priority of the Term Loan Agent's lien is at issue, or (b) extending the deadline for such a challenge to the date when responsive pleadings are required to be filed in such adversary proceedings.  In support of the Motions, Hi-Tec respectfully represents as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and venue is proper under 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding under 28 U.S.C. § 157(b).

**BACKGROUND**

2.      On March 2, 2016, (the "Petition Date"), the Debtors commenced the above-captioned case under chapter 11 of title 11 of the United States Code.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§1107(a) and 1108.

3.      Hi-Tec delivered certain sportswear and accessories (the "Hi-Tec Consigned Goods") to TSA Stores, Inc. ("TSA") on consignment pursuant to a 2015 Vendor Deal Sheet Summary (Pay-by-Scan) Agreement (the "Consignment Agreement").

4.      Pursuant to the terms of the Consignment Agreement title to the Hi-Tec Consigned Goods remains with Hi-Tec until a sale to a retail buyer is completed, at which point title transfers to the buyer.

5.      On March 11, 2016, the Court entered its *Interim Order (A) Authorizing the Debtors to (I) Continue to Sell Consigned Goods in the Ordinary Course of Business Free and*

*Clear of All Liens, Claims, Encumbrances, and Interests; and (II) Grant Administrative Expense Priority and Purchase Money Security Interests to Consignment Vendors for Consigned Goods Delivered Post-Petition; and (B) Grant Replacement Liens to Consignment Vendors with Security Interests and/or Holding Title or Ownership Rights in Consigned Goods and/or Remit the Consignment Sale Price, Arising from Sale of Consigned Goods to Putative Consignment Vendors* [D.I. 278] (as subsequently amended, the "Interim Consignment Order"). The Interim Consignment Order authorized the Debtors to continue selling consignment goods, including the Hi-Tec Consigned Goods, post-petition so long as the Debtors complied with the terms of their existing agreements with consignment vendors.

6.     On or about March 15, 2016, the Debtors commenced an adversary proceeding against Hi-Tec, adversary proceeding number 16-50318 (the "Adversary Proceeding") by filing a complaint seeking, *inter alia*, declaratory judgment that the Debtors had a senior interest in consignment goods provided by Hi-Tec to the Debtors (the "Complaint"). The deadline for Hi-Tec to answer or otherwise move with respect to the Debtor's Complaint in the Adversary Proceeding is May 30, 2016.

7.     On April 27, 2016, the Court entered an order permitting the Term Loan Agent to intervene in the Adversary Proceeding. On May 16, 2016, the Term Loan Agent filed its Complaint (the "Term Loan Agent's Complaint") in the Adversary Proceeding, seeking a declaration that "the Term Loan Agent has a properly perfected security interest, senior to the interests of [Hi-Tec] in all of the Prepetition Consigned Goods delivered by [Hi-Tec] . . . ." Term Loan Agent's Complaint, at ¶38(a). Hi-Tec has not yet been served with the Term Loan Agent's Complaint, but, if properly served, it intends to continue defending against the same, as well as against the Complaint, and reserves all of its rights, claims, defenses, causes of action and

damages against both the Debtors and the Term Loan Agent arising out of or relating to their respective complaints.  Hi-Tec does not concede that title to the Hi-Tec Consigned Goods passed to the Debtors or that the court has jurisdiction to order any relief against Hi-Tec in the Adversary Proceeding.

8.      Following a hearing on May 3, 2016, the Court entered its *Final Order Authorizing the Debtors to Sell Prepetition Consigned Goods* [D.I. 1704] (the "Final Consignment Order").  The Final DIP Order was entered that same day.  Paragraph 2 of the Final Consignment Order provides, among other things, that to the extent of any conflict between the Final DIP Order and the Final Consignment Order with respect to the treatment of proceeds of consignment goods, "the terms of the [Final Consignment] Order shall govern."  In several places, both the Interim Consignment Order and the Final Consignment Order provide that the rights, claims and defenses of the consignment vendors are reserved and retained.  *See* Final Consignment Order, at ¶¶3, 5, 8, and 9.

9.      The Final DIP Order provides, in part, that any party in interest (other than the debtors in the Bankruptcy Case) may challenge "the validity, extent, perfection, or priority of the security interests and Liens of the Prepetition Agents and Prepetition Secured Lenders in and to the Prepetition Collateral" (a "Challenge Proceeding") provided that such Challenge Proceeding, if commenced by a party in interest other than the Official Committee of Unsecured Creditors, must be commenced within seventy-five days of the date the Interim DIP Order was entered (the "Challenge Deadline").  The Challenge Deadline is currently May 17, 2016.[2]

---

[2]      Pursuant to Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court of the District of Delaware, the Challenge Deadline will "automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order."  Del. Bankr. L.R. 9006-2.

**RELIEF REQUESTED**

10.     By this Joinder to the Soffe Motion and the Ogio Motion, Hi-Tec seeks the entry of an order (a) confirming that the Challenge Deadline does not apply to consignment vendors, such as Hi-Tec or, (b) in the alternative, extending the Challenge Deadline until the deadline to file responsive pleadings in the Adversary Proceeding to the Term Loan Agent Complaint, and (ii) finding that any challenge to the Term Loan Agent's liens asserted by way of defense or claim in the Adversary Proceeding, or in any other appropriate court with jurisdiction, shall constitute a Challenge Proceeding in compliance with paragraph 25 of the Final DIP Order.

**BASIS FOR RELIEF**

11.     The Term Loan Agent intervened in the Adversary Proceedings and sought a declaration as to the validity, extent and priority of its liens.  Thus, by the Term Loan Agent's own actions, the validity, extent and priority of the Term Loan Agent's asserted liens on the consignment goods are at issue in the Adversary Proceeding.  Hi-Tec and the other consignment vendors must be afforded their full procedural rights to respond to and defend against the Term Loan Agent's Complaint, including the assertion of any compulsory or permissive counterclaims, as well as the right to challenge the Court's jurisdiction.  Those procedural rights entitle Hi-Tec to respond to the Term Loan Agent's Complaint in the manner, and at the time, allotted under the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  Moreover, the issues surrounding the extent and priority of the Term Loan Agent's liens in consignment proceeds clearly fall within the scope of the Final Consignment Order, which supersedes conflicting provisions of the Final DIP Order.  Accordingly, the Term Loan Agent should not be permitted to rely upon the Challenge Deadline to eliminate Hi-Tec's rights to challenge the Term Loan Agent's purported liens in the consigned goods, or to truncate the time to respond to the term Loan Agent's Complaint afforded by the Bankruptcy Rules.

12.     Should this Court find that the Challenge Deadline was intended to apply to lien challenges asserted by consignment vendors, the Court should extend the Challenge Deadline to the date when the consignment vendors are required to respond to the Term Loan Agent's Complaint under the Bankruptcy Rules (the "Response Deadline").  *See* D.I. 1753.   The consignment vendors should not be required to file a challenge to the Term Loan Agent's liens in advance of the Response Deadline when their responses will implicate the very same issues that would be asserted in any Challenge Proceeding.  Any extension of the Challenge Deadline will not prejudice the Term Loan Agent, as it has been clear from the first day of this case that the relative rights of the consignment vendors and the Term Loan Agent in the consigned goods were at issue.

13.     Equity also demands that any response filed by a consignment vendor in its adversary proceeding that asserts a counterclaim challenging the Term Loan Agent's liens be deemed to constitute a Challenge Proceeding for purposes of paragraph 25 of the Final DIP Order.  Given the Court's prior instructions on the subject, all consignment related issues can be addressed in the adversary proceedings; or in judicial proceedings conducted in another appropriate forum, and consignment vendors need not file separate Challenge Proceedings to address consignment issues.  It would be a tremendous waste of judicial resources to adjudicate related issues between the same parties in two separate proceedings.

14.     To the extent not inconsistent with the relief sought herein, Hi-Tec joins in the Soffe Motion and the Ogio Motion and fully incorporates by reference the arguments set forth therein as its own with respect to the Hi-Tec Consignment Goods.  Hi-Tec also joins, to the extent not inconsistent with the relief sought herein, in any other motion seeking the same relief filed by a consignment vendor.

**WHEREFORE**, Hi-Tec Sports USA, Inc. respectfully requests that this Court enter an order (i) deeming consignment vendors exempt from the Challenge Deadline under the Final DIP Order or (ii) extending the Challenge Deadline for consignment vendors to the date they are required to file responsive pleadings to the Term Loan Agent's Complaint, and (iii) deeming any challenge to the Term Loan Agent's liens by way of defense or claim in the Adversary Proceeding or in another appropriate forum to satisfy the requirements for commencing a Challenge Proceeding under paragraph 25 of the Final DIP Order and (iv) granting related relief.

Dated:    May 3, 2016

BORGES & ASSOCIATES, LLC

*Attorneys for Hi-Tec Sports USA, Inc.*

By:   /s/ Wanda Borges
      Wanda Borges, Esq.
      BORGES & ASSOCIATES, LLC
      575 Underhill Blvd., Suite 118
      Syosset, New York 11791
      Tel:  (516) 677-8200 x225
      Fax:  (516) 677-0806
      wborges@borgeslawllc.com

CICONTE, SCERBA & KERRICK, LLC

Dated:    May 3, 2016

By:   /s/ Daniel C. Kerrick
      Daniel C. Kerrick, Esq. (DE Bar No. 5027)
      1300 King Street
      Wilmington, DE 19801
      Tel: (302) 658-7101
      Fax: (302) 658-4982
      dkerrick@cskdelaw.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Sports Authority Holdings, Inc., *et al.*,[3] | ) Case No. 16-10527 (MFW) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) |

## CERTIFICATE OF SERVICE

I, Wanda Borges hereby certify that I am not less than 18 years of age and that on this 17th day of May 2016, I caused a true and correct copy of the foregoing *Joinder* to be served upon all parties served by electronic notification through the CM/ECF System and upon the parties listed below, by U.S. first class mail, postage prepaid, as follows:

　　　　Under penalty of perjury, I declare the foregoing is true and correct.




　　　　　　　　　　　　　　　　　　　　_s/ Wanda Borges_____
　　　　　　　　　　　　　　　　　　　　WANDA BORGES

---

[3]　　　　The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Sports Authority Holdings, Inc. (9008); Slap Shot Holdings, Corp. (8209); The Sports Authority, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664).  The headquarters for the above-captioned Debtors is located at 1050 West Hampden Avenue, Englewood, Colorado 80110.

## **SERVICE LIST**

Michael R. Nestor, Esq.
Andrew L. Magaziner, Esq.
Young Conaway Stargatt & Taylor, LLP
Rodney Square
1000 North King Street
Wilmington, DE  19801

Robert A. Klyman, Esq.
Matthew J. Williams, Esq.
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA  90071-1512

Bradford J. Sandler, Esq.
Robert J. Feinstein, Esq.
Pachulski Stang Ziehl & Jones LLP
919 N. Market Street, 17th Floor
Wilmington, DE  19801

Jeffrey N. Pomerantz, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067-4100

Robert J. Feinstein, Esq.
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 36th Floor
New York, NY  10017-2024

Hannah Mufson McCollum, Esq.
Office of the United States Trustee
U. S. Department of Justice
844 King Street, Suite 2207
Lockbox #35
Wilmington, DE  19801

Donald E. Rothman, Esq.
Riemer & Braunstein LLP
Three Center Plaza
Boston, MA  02108

Robert J. Stark, Esq.
Bennett S. Silverberg, Esq.
Brown Rudnick LLP
Seven Times Square
New York, NY  10036

Kevin J. Simard, Esq.
Choate, Hall & Stewart LLP
Two International Place
Boston, MA  02110

John J. Rapisardi, Esq.
O'Melveny & Meyers LLP
7 Times Square, Broadway
New York, NY  10036