IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------------x

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| | : Case No. 16-10527 (MFW) |
| SPORTS AUTHORITY HOLDINGS, INC., *et al.*, | : |
| | : Jointly Administered |
| | : |
| Debtors.¹ | : Re: Docket Nos. 1699 & 1919 |

----------------------------------------------------------------

**JOINDER OF EASTON IN SUPPORT OF M.J. SOFFEE, LLC'S MOTION TO EXTEND CHALLENGE DEADLINE WITH RESPECT TO CONSIGNMENT VENDORS**

Easton Baseball / Softball Inc. ("Easton"), by and through its undersigned counsel, hereby file this joinder (the "Joinder") to *M.J. Soffee, LLC'S Motion To Extend Challenge Deadline With Respect To Consignment Vendors* [Docket No. 1919] (the "Extension Motion").² In support of this Joinder, Easton respectfully represents:

**RELEVANT BACKGROUND**

1. On March 2, 2016 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

---

¹ The Debtors in these chapter 11 cases and the last four digits of their respective taxpayer identification numbers are as follows: Sports Authority Holdings, Inc. (9008); Slap Shot Holdings, Corp. (8209); The Sports Authority, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664). The headquarters for the above-captioned Debtors is located at 1050 West Hampden Avenue, Englewood, Colorado 80110.

² Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Extension Motion.

**A.     Relationship Between Easton and the Debtors**

2.     Prior to the Petition Date, Easton delivered baseball and softball equipment and accessories (the "Consignment Goods") on consignment to the Debtors pursuant to a Pay by Scan Vendor Management Program instituted by the Debtors (the "Pay by Scan Program"). The vendor deal sheet governed the Pay by Scan Program between Easton and the Debtors for the period from February 1, 2015 to January 31, 2016 (the "2015 Agreement"). The 2015 Agreement provided that:

> TSA and Vendor agree that the arrangement contemplated by this agreement shall be a consignment as defined in Section 9-102 of the Colorado and Delaware Uniform Commercial Codes. Vendor shall retain title to all goods subject to this agreement until the date of sale at which time title shall pass from Vendor to the purchaser of such goods.

Accordingly, the Debtors never held title or obtained ownership of the Consignment Goods and title to those goods remains with Easton. Pursuant to the 2015 Agreement, title to any of the Consigned Goods transfers, if at all, directly from Easton to the ultimate purchaser of such goods. The term of the 2015 Agreement has expired.

3.     As of the Petition Date, the Debtors have in their possession approximately $1.2 million in Consignment Goods belonging to Easton, all of which are subject to the 2015 Agreement, the term of which has expired.

4.     On March 16, 2016, the Debtors commenced adversary proceeding number 16-50357 (the "Adversary Proceeding") against Easton by filing a complaint seeking to, among other things, avoid Easton's security interest in the Consigned Goods and enjoin Easton from preventing the Debtors from selling Easton's Consigned Goods. *See* Adv. Pro. No. 16-50357, Docket No. 1 (the "Complaint"). Notably, in the Complaint, the Debtors are seeking a declaratory judgment that, among other things, Easton is "not entitled [to] any proceeds

generated from the sale of the [Consigned] Goods except as a general unsecured creditor." *See* Complaint, at p. 20.

5. Further, Wilmington Savings Fund Society, FSB, as successor administrative and collateral agent (the "Term Loan Agent") under that certain Amended and Restated Credit Agreement, dated as of November 16, 2010, by and among The Sports Authority, Inc., as the Borrower, Slap Shot Holdings Corp., as Holdings, Wilmington Savings Fund Society, FSB, as successor Administrative Agent and Collateral Agent to Bank of America, N.A, and the lenders from time to time party thereto, has asserted that it is entitled to the proceeds of the sale of prepetition Consigned Goods received by the Debtors because it "holds perfected liens in both the goods . . . and the proceeds of those goods." *See Wilmington Savings Fund Society, FSB, v. Sports Authority Holdings, Inc., et al.,(In re Sports Authority Holdings, Inc.)*, Case No. 1:16-cv-00244-SLR (D. Del.), Docket No. 4 (*Emergency Motion By Wilmington Savings Fund Society, FSB, As Term Loan Agent For A Stay Pending Appeal Of Order Resolving Debtors' Ability To Sell Consigned Goods*), at ¶ 1.

6. On April 27, the Court entered an order permitting the Term Loan Agent to intervene in the Adversary Proceeding.

7. On May 16, 2016, the Term Loan Agent filed its Complaint (the "Term Loan Agent's Complaint") in the Adversary Proceeding, seeking a declaration that "the Term Loan Agent has a properly perfected security interest, senior to the interests of [Easton] in all of the Prepetition Consigned Goods delivered by [Easton'] . . . ." Term Loan Agent's Complaint, at ¶38(a).

8. Following a hearing on May 3, 2016, the Court entered its *Final Order Authorizing the Debtors to Sell Prepetition Consigned Goods* [Docket No. 1704] (the "Final Consignment Order").  The *Final Order (I) Authorizing Debtors to Obtain Post-Petition Secured Financing Pursuant to 11 US. C. §§ 105, 362, 363, and 364; (II) Granting Liens and Superpriority Claims to Post-Petition Lenders Pursuant to 11 U.S.C. § 364 and 507; and (III) Authorizing the Use of Cash Collateral and Providing Adequate Protection to Prepetition Secured Lenders and Modifying the Automatic Stay Pursuant to 11 U.S. C. §§ 361, 362, 363, and 364* [Docket No. 1699] (the "Final DIP Order") was entered that same day.

9. Paragraph 2 of the Final Consignment Order provides, among other things, that to the extent of any conflict between the Final DIP Order and the Final Consignment Order with respect to the treatment of proceeds of consignment goods, "the terms of the [Final Consignment] Order shall govern."  The Final Consignment Order, in several places, provides that the rights, claims and defenses of the consignment vendors are reserved and retained.  *See* Final Consignment Order, at ¶113, 5, 8, and 9.

10. The Final DIP Order provides, in part, that any party in interest (other than the debtors in the Bankruptcy Case) may challenge "the validity, extent, perfection, or priority of the security interests and Liens of the Prepetition Agents and Prepetition Secured Lenders in and to the Prepetition Collateral" (a "Challenge Proceeding") provided that such Challenge Proceeding, if commenced by a party in interest other than the Official Committee of Unsecured Creditors, must be commenced within seventy-five days of the date the Interim DIP Order was entered (the "Challenge Deadline"). The Challenge Deadline is currently May 17, 2016.[3]

---

[3] Pursuant to Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court of the District of Delaware, the Challenge Deadline will "automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order." Del. Bankr. L.R. 9006-2.

## JOINDER

11.     Easton hereby joins in, supports and fully incorporates by reference the arguments set forth in the Extension Motion.  Easton reserves all its rights to amend this Joinder as appropriate and to raise further and additional arguments at the hearing on the Extension Motion.

## CONCLUSION

**WHEREFORE,** for the reasons set forth in the Extension Motion, Easton respectfully requests that this Court enter an order (i) deeming Easton and the other consignment vendors exempt from the Challenge Deadline under the Final DIP Order or extending the Challenge Deadline for Easton and the other consignment vendors to the date they are required to file responsive pleadings in their respective adversary proceedings, (ii) deeming any challenge to the Term Loan Agent's liens by way of defense or claim in the Adversary Proceeding to satisfy the requirements for commencing a Challenge Proceeding under paragraph 25 of the Final DIP Order and (iii) granting further relief as the Court deems just and proper.

Dated: May 17, 2016

COZEN O'CONNOR

By: /s/ *Keith L. Kleinamn*
Mark E. Felger (DE No. 3919)
Keith L. Kleinman (DE No. 5693)
1201 North Market Street
Suite 1001
Wilmington, DE 19801
Tel: (302) 295-2000
Fax: (888) 207-2440

-and-

NIXON PEABODY LLP
Victor G. Milione
Christopher J. Fong
437 Madison Avenue
New York, NY 10022
Telephone: (212) 940-3000
*Co-Counsel to Easton Baseball / Softball Inc.*

5