## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SPORTS AUTHORITY HOLDINGS, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 16-10527 (MFW)<br><br>(Jointly Administered)<br><br>**Hearing Date: June 28, 2016 at 10:30 a.m.**<br><br>**Objections Deadline: June 21, 2016 at 4:00 p.m.** |

**MOTION OF CASTLE & COOKE CORONA CROSSINGS, LLC PURSUANT TO SECTIONS 361, 363(E), 503(B)(1), AND 105(A) OF THE BANKRUPTCY CODE FOR THE ENTRY OF AN ORDER REQUIRING THE DEBTORS TO IMMEDIATELY PAY MARCH 2016 STUB RENT AS ADEQUATE PROTECTION FOR THE POST-PETITION USE OF THE PREMISES, AND GRANTING SUCH OTHER AND FURTHER RELIEF AS IS JUST AND APPROPRIATE**

Castle & Cooke Corona Crossings, LLC ("Corona Crossings" or the "Landlord") hereby submits its "*Motion of Castle & Cooke Corona Crossings, LLC Pursuant To Sections 361, 363(e), 503(b)(1) and 105(a) Of The Bankruptcy Code For Entry Of An Order Requiring The Debtors To Immediately Pay March 2016 Stub Rent As Adequate Protection For The Post-petition Use Of The Premises, And Granting Such Other And Further Relief As Is Just And Appropriate*" (the "Motion"), and respectfully represents as follows:

### JURISDICTION

1.      This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested in the Motion are 11 U.S.C. § 105(a), 363(e), and 503(b)(1).

### BACKGROUND

2.      The Landlord is the owner of a shopping center named "The Crossings at Corona" in Corona, California (the "Shopping Center") that includes the premises commonly known as

2437 Tuscany St., Corona, CA 92881 (the "Premises" or "Store No. 655[1]") leased to TSA Stores, Inc. ("TSA"), pursuant to that certain "*Shopping Center Lease*" dated May 14, 2003 (the "Lease").  The Lease was subsequently amended by that certain "*First Amendment To Shopping Center Lease*" dated July 15, 2013 (the "Lease Amendment").

3.      The Shopping Center is a "shopping center" as that term is defined in section 365(b)(3) of the Bankruptcy Code.  Accordingly, the Landlord is entitled to the protections provided to landlords of shopping centers pursuant to section 365(b)(3) of the Bankruptcy Code.

4.      The Debtors commenced their bankruptcy cases on March 2, 2016 (the "Petition Date").

5.      Since the Petition Date, the Debtors have continued to use, occupy, and profit from the Premises – where the Debtors now also intend to commence one of their many going out of business sales (the "GOB Sale") in the near future.  However, the Debtors have failed to pay the amounts owed to the Landlord for stub rent for the period of March 2, 2016 through March 31, 2016, in the amount of $49,802.31 (the "Stub Rent").  A true and correct "Account Balance Summary" detailing the Stub Rent, among other amounts, owing by TSA to the Landlord (the "Account Balance Summary") is attached as **Exhibit "1"** hereto.

6.      Based on the foregoing and the fact that the Debtors are continuing to use the Landlord's Premises post-petition for the benefit of their estates without paying Stub Rent, through this Motion, the Landlord requests that the Court: (1) compel the Debtors to immediately pay the Stub Rent owed under the Lease in the amount of $49,802.31 to the Landlord as adequate protection; and (2) expressly condition the Debtors' use of the Premises to conduct a GOB Sale upon immediate payment of the Stub Rent to the Landlord as an allowed administrative expense claim under Section 503(b)(1) of the Bankruptcy Code.

---

[1] The Sports Authority store operating on the Premises has been designated by the Debtors as "Store 655."

## **ARGUMENT**

A. **The Court Should Enter An Order Compelling The Debtors To Immediately Pay To The Landlord All Amounts Owing For Stub Rent As Adequate Protection For Their Use Of The Premises.**

7.      Section 363(e) of the Bankruptcy Code requires a debtor to provide adequate protection to a party with an interest in property that is being used by such debtor, and states:

> Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold or leased, or proposed to be used, sold or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest.

11 U.S.C. § 363(e).  The plain language of section 363(e) is unambiguous, and necessary requires that a debtor's use of a creditor's property be "prohibit[ed] and condition[ed]" upon that which is "necessary to provide adequate protection of such interest."  *Id.*; *See also Metromedia Fiber Network, Inc.*, 290 B.R. 487, 491 (Bankr. S.D.N.Y. 2003) ("Section 363(e) is not permissive or discretionary – it states that the court 'shall' grant the relief specified . . . .").

8.      Specifically, section 363(e) applies to a landlord's "interest" in property, which would include: (1) the real property that it owns and leases; (2) the lease of the real property; and (3) any rents and proceeds that it is entitled to pursuant to such a lease.  *See id*; *Ames Dept. Stores, Inc.*, 136 B.R. 357, 359 (Bankr. S.D.N.Y. 1992) ("Section 363(e) reserves for bankruptcy courts the discretion to condition the time, place and manner of GOB sales, thereby providing adequate safeguards to protect shopping center landlords and their other tenants[.]").  The requirement for a tenant to provide adequate protection and/or other protections for its use of a landlord's "interest in property" is further evidenced by the fact that stub rent is routinely classified as an administrative expense claim under section 503(b)(1) for being an "actual and necessary" expense of the estate, where property of the landlord is being used and operated post-petition.  *See e.g.*, *Goody's Family Clothing Inc.*, 610 F.3d 812, 819-20 (3rd Cir. 2010) ("The Landlords are ***entitled to receive payment under Bankruptcy Code § 503(b)(1) for use*** of their

nonresidential real property during the stub period[.]") (emphasis added); *Zagata Fabricators, Inc. v. Superior Air Prods.,* 893 F.2d 624, 627 (3d Cir.1990) ("When the creditor involved is a landlord seeking rent for the use and occupancy of real estate . . . the landlord may seek payment as a first priority creditor. There is no question, of course, that the payment of rent for the use and occupancy of real estate ordinarily counts as an 'actual, necessary' cost to which a landlord, as a creditor, is entitled.").

9.      Adequate protection, as defined under section 361, is limited to three forms, the conveyance of: (1) "cash payment or periodic cash payments"; (2) a "additional or replacement lien"; or (3) the "indubitable equivalent of such entity's interest in such property," excluding the allowance of an administrative claim under section 503(b)(1).  11 U.S.C. § 361.  Put simply, the mere allowance of an administrative claim without the payment or transfer of value is insufficient to constitute adequate protection for a debtor to use a creditor's property.  *See id.*

10.     Here, there can be no dispute that the Debtors have continued to use the Landlord's interest in the Premises post-petition for their business operations to the benefit of their estates, while the GOB Sale at the Premises is planned and underway.  Such uses are subject to section 363(e), and "shall" be conditioned and prohibited upon the Debtors providing adequate protection to the Landlord.  *See* 11 U.S.C. § 363(e); *Ames Dept. Stores, Inc.*, 136 B.R. at 359.  The Landlord submits that such adequate protection cannot simply come in the form of the allowance of the Stub Rent claim as an administrative expense claim pursuant to section 503(b)(1) or a junior lien but, must instead, come in the form of the immediate payment of Stub Rent in the amount of $49,802.31.  *See* 11 U.S.C. § 361.  Further, in accordance with section 363(e), the Court should also condition the commencement of the GOB Sale at the Premises (*i.e.*, the use of the Premises outside of the ordinary course) on the Debtors' immediate payment of the Stub Rent.

11.     This is not a case where the Lease will be undoubtedly assumed and where there are likely enough funds to pay all secured claims, let alone administrative expenses in full.  In fact, the Debtors have disclosed their intention to liquidate all of their assets, and deliver all

liquidation proceeds (other than those authorized by the court in the debtor-in-possession budget) to only their secured lenders.  Given this situation, adequate protection for the Debtors' use of the Landlords' Premises outside of the ordinary course of business is appropriate before sale proceeds are distributed to the Debtors' secured lenders.  Further, the failure of the Debtors to immediately pay the Landlord's Stub Rent claim, while allowing the Debtors to pay other operating expenses, would improperly prioritize certain administrative expenses over others (such as the landlords' administrative expense claims).  In effect, the Debtors' suggestion to delay payment to the landlords until after the assumption and assignment process or  through plan confirmation would unfairly shift the burdens and risks of non-payment to landlords if this case is ultimately determined to be administratively insolvent.

## CONCLUSION

WHEREFORE, the Landlord respectfully requests that the Court enter an Order: (1) granting the Motion; (2) requiring the Debtors to immediately pay the Stub Rent owed under the Lease as adequate protection required by sections 363(e) and 361 of the Bankruptcy Code for the Debtors' post-petition use of the Landlord's Premises; (3) expressly conditioning the commencement of a GOB Sale at the Premises on the Debtors' immediate payment to the Landlord of the Stub Rent owed under the Lease; and (4) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, DE
      May 20, 2016

Respectfully submitted,

**DRINKER BIDDLE & REATH LLP**

*/s/ Steven K. Kortanek*
Steven K. Kortanek (Del. Bar No. 3106)
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
Tel: (302) 467-4200
Fax: (302) 467-4201
Steven.Kortanek@dbr.com

-and-

**LEVENE, NEALE, BENDER,**
**YOO & BRILL L.L.P.**
Eve H. Karasik (Cal. Bar No. 155356)
10250 Constellation Blvd., Suite 1700
Los Angeles, CA 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
EHK@lnbyb.com

*Co-Counsel for Castle & Cooke Corona*
*Crossings, LLC*