## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SPORTS AUTHORITY HOLDINGS, INC., *et al.*,[1] | Case No. 16-10527 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 1519** |

### ORDER, PURSUANT TO SECTIONS 105(a), 365(a), AND 554 OF THE BANKRUPTCY CODE, AND BANKRUPTCY RULE 6004, AUTHORIZING (A) REJECTION OF CERTAIN UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY *NUNC PRO TUNC* TO APRIL 30, 2016; AND (B) ABANDONMENT OF ANY REMAINING PROPERTY LOCATED AT THE LOCATIONS COVERED BY SUCH LEASES

Upon the *Debtors' Second Omnibus Motion for Order, Pursuant to Sections 105(a), 365(a), and 554 of the Bankruptcy Code, and Bankruptcy Rule 6004, Authorizing (A) Rejection of Certain Unexpired Leases of Non-Residential Real Property* Nunc Pro Tunc *to April 30, 2016, and (B) Abandonment of Any Remaining Property Located at Locations Covered by Such Leases* (the "Motion")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and the Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that this matter is a core proceeding

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Sports Authority Holdings, Inc. (9008); Slap Shot Holdings, Corp. (8209); The Sports Authority, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664). The headquarters for the above-captioned Debtors is located at 1050 West Hampden Avenue, Englewood, Colorado 80110.

[2] All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

pursuant to 28 U.S.C. § 157(b); and the Court having found that it may enter a final order

consistent with Article III of the United States Constitution; and the Court having found that

notice of the Motion has been given as set forth in the Motion and that such notice is adequate

and no other or further notice need be given; and upon the record of the hearing and all of the

proceedings had before the Court; and the Court having found that the relief sought in the

Motion is in the best interest of the Debtors, their estates, their creditors, and other parties in

interest; and the Court having found that the legal and factual bases set forth in the Motion

establish just cause for the relief granted herein; and after due deliberation and sufficient cause

appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      The Debtors are authorized to reject the Rejected Leases identified on Schedules

1-A and 1-B hereto, *nunc pro tunc* to April 30, 2016, and, to the extent not already terminated,

the Rejected Leases set forth on Schedule 1-A and Schedule 1-B hereto are hereby rejected

effective as of April 30, 2016.

3.      The Debtors are authorized to abandon any Remaining Property located at the

Rejected Facilities identified on Schedules 1-A and 1-B free and clear of all liens, claims,

encumbrances, interests, and rights of third parties.  Once such property is abandoned, the

applicable Landlords are authorized to dispose of the Remaining Property, without further notice

or any liability to the Debtors or any third parties and without waiving any claims against the

Debtors.  The automatic stay is modified to the extent necessary to allow such dispositions.

4.      Within three (3) business days after entry of this Order, the Debtors shall serve this Order and the schedules attached hereto on applicable Landlords to the Rejected Leases identified on Schedules 1-A and 1-B.

5.      In accordance with paragraph 7 of the *Order Establishing Bar Dates for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 1351], the Landlords to the Rejected Leases rejected hereby shall have until the date that is thirty (30) days following entry of this Order to file any and all claims arising from the Debtors' rejection of such Rejected Leases.

6.      Any claims held by the Debtors against the Landlords, whether or not such claims arise under, are related to the rejection of, or are independent of the Rejected Leases rejected hereby, are fully preserved.

7.      Nothing herein shall prejudice the rights of the Debtors to argue that any of the Rejected Leases rejected hereby were terminated prior to April 30, 2016, or that any claim for damages arising from the rejection of the Rejected Leases rejected hereby is limited to the remedies available under any applicable termination provision of such lease or contract, as applicable, or that any such claim is an obligation of a third party, and not that of the Debtors or their estates.

8.      A hearing on the Motion solely as it relates to DC Lease with James Campbell Company, LLC, for the distribution center located at 1140 W. Remington Blvd, Romeoville, IL 60446, shall be held on May 25, 2016 at 9:30 a.m. (ET).

9.      Nothing in the Motion or this Order shall be deemed or construed as an approval of an assumption of any lease, sublease, or contract pursuant to section 365 of the Bankruptcy Code, and all such rights are reserved.

3

10.     To the extent that Bankruptcy Rule 6004(h) is applicable, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

12.     The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: May 23, 2016
Wilmington, Delaware

MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE