## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SPORTS AUTHORITY HOLDINGS, INC., *et al.*,[1] | Case No. 16-10527 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: June 28, 2016 at 10:30 a.m. (ET)**<br>**Objection Deadline: June 10, 2016 at 4:00 p.m. (ET)** |

**DEBTORS' FOURTH OMNIBUS MOTION FOR ORDER, PURSUANT TO SECTIONS 105(A), 365(A), AND 554 OF THE BANKRUPTCY CODE, AND BANKRUPTCY RULE 6004, AUTHORIZING (A) REJECTION OF CERTAIN UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY *NUNC PRO TUNC* TO MAY 31, 2016, AND (B) ABANDONMENT OF ANY REMAINING PROPERTY LOCATED AT LOCATIONS COVERED BY SUCH LEASES**

> **LANDLORDS RECEIVING THIS MOTION SHOULD LOCATE THEIR RESPECTIVE NAMES AND LEASES IN THE SCHEDULES OF LEASES TO BE REJECTED, ATTACHED TO THE PROPOSED ORDER AS SCHEDULE 1. SUCH LEASES ARE LISTED IN NUMERICAL ORDER BY STORE NUMBER**

Sports Authority Holdings, Inc. and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") hereby move this Court (this "Motion") for entry of an order, substantially in the form annexed hereto as Exhibit A (the "Proposed Order"), pursuant to sections 105(a), 365(a), and 554 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (a) authorizing the Debtors to reject, *nunc pro tunc* to May 31, 2016, certain unexpired leases of nonresidential real property, including any amendments or modifications thereto, in connection with certain store locations that the Debtors have

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  Sports Authority Holdings, Inc. (9008); Slap Shot Holdings, Corp. (8209); The Sports Authority, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664).  The headquarters for the above-captioned Debtors is located at 1050 West Hampden Avenue, Englewood, Colorado 80110.

determined, in their business judgment, are unprofitable and should therefore be rejected, and (b) authorizing the Debtors to abandon any remaining property located at any such locations.  In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of Jeremy Aguilar in Support of the Debtors' Fourth Omnibus Motion for Order, Pursuant to Sections 105(a), 365(a), and 554 of the Bankruptcy Code, and Bankruptcy Rule 6004, Authorizing (A) Rejection of Certain Unexpired Leases of Non-Residential Real Property* Nunc Pro Tunc *to May 31, 2016, and (B) Abandonment of Any Remaining Property Located at Locations Covered by Such Leases*, which was filed with the Court concurrently herewith.  In further support of this Motion, the Debtors respectfully represent as follows:

<u>**JURISDICTION AND VENUE**</u>

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b), and pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief requested herein are sections 105(a), 365(a), and 554 of the Bankruptcy Code, and Bankruptcy Rule 6004.

## BACKGROUND

### A.      General Background

2.      On March 2, 2016 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to manage their financial affairs as debtors in possession.

3.      On March 10, 2016, the Office of the United States Trustee (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") in these Chapter 11 Cases [Docket. No. 262].

4.      Information regarding the Debtors' history, business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of these Chapter 11 Cases, can be found in the *Declaration of Jeremy Aguilar in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 22].

### B.      Rejection of the Leases at the Rejected Stores

5.      Prior to the Petition Date, the Debtors evaluated their lease portfolio and identified underperforming or unprofitable stores, including the stores (collectively, the "Rejected Stores") subject to those certain unexpired long-term leases (collectively, the "Rejected Leases") set forth on Schedule 1 to the Proposed Order.  In accordance with the *Order (A) Approving Bid Procedures in Connection with (I) The Sale of Substantially All of the Debtors' Assets and (II) The Transfer, Assumption and Assignment of Certain Unexpired Leases of Nonresidential Real Property, (B) Scheduling Separate Auctions for and Hearings to Approve the Sale of Assets and Unexpired Leases of Nonresidential Real Property Subject to the Debtors' Store Closing Plan, (C) Approving Notice of Respective Date, Time and Place for Auctions and for Hearings on Approval of Respective Sales, (D) Approving Procedures for the Assumption*

01:18749111.1

3

and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sales, (E) Approving Form and Manner of Notice Thereof, and (F) Granting Related Relief [Docket No. 1186] (the "Bid Procedures Order") the Debtors marketed the Rejected Leases, together with the balance of the Debtors' lease portfolio, through a two-part auction process.  No viable bids were received for any Rejected Lease in either the Main Sale or the Closing Store Lease Sale (each as defined in the Bid Procedures Order).

6.      Pursuant to the *Final Order (A) Authorizing the Debtors to Assume Closing Store Agreement; (B) Authorizing and Approving Closing Sales Free and Clear of All Liens, Claims and Encumbrances; (C) Authorizing the Implementation of Customary Employee Bonus Program and Payments to Non-Insiders Thereunder; (D) Approving Dispute Resolution Procedures; and (E) Approving the Debtors' Store Closing Plan* [Docket No. 1700] (the "Store Closing Order"), the Debtors designated the Rejected Stores as Closing Stores  (as defined in the Store Closing Order) and conducted and have concluded Closing Sales (as defined in the Store Closing Order) at the Rejected Stores.  The Rejected Stores are not subject to the Agency Agreement approved by the *Order, Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code, Approving Sale of Debtors' Assets and Granting Related Relief* [Docket No. 2081].

7.      The Debtors have concluded, in consultation with their advisors, that the Rejected Leases will not benefit from further marketing and the Debtors have liquidated (or transported) all inventory previously located at the Rejected Stores.  Therefore, the Debtors have determined in their business judgment that it is in their best interest to reject the Rejected Leases, effective as of the May 31, 2016, thereby avoiding the incurrence of additional administrative expenses for properties that are of no value to the Debtors.  Accordingly, the Debtors have vacated the Rejected Stores and, concurrently with the filing of this Motion, sent written notice to each of the

respective landlord counterparties to the Rejected Leases (collectively, the "Landlords")

clarifying the Debtors' intent to unequivocally surrender their interest in and possession of the

respective Rejected Stores and to reject the respective Rejected Leases, effective as of May 31,

2016, and returned keys in connection therewith.

**C.      Abandonment of Any Remaining Property at the Rejected Stores**

8.      The Debtors have determined, in their business judgment, that certain remaining

personal property at the Rejected Stores, including, but not limited to, furniture, fixtures, and

equipment (collectively, the "Remaining Property") will be difficult or expensive to remove

and/or expensive to store, such that the economic benefits of removing and/or storing some or all

of the Remaining Property will be exceeded by the attendant costs thereof.  All inventory has

been removed from the Rejected Stores at this time.

9.      Accordingly, the Debtors request the Court's approval to abandon any Remaining

Property at the Rejected Stores as of May 31, 2016, for the benefit of their estates and creditors.

**RELIEF REQUESTED**

10.      By this Motion, the Debtors request entry of the Proposed Order authorizing and

approving (a) the Debtors' rejection of the Rejected Leases effective as of May 31, 2016, and

(b) abandonment by the Debtors of any Remaining Property at any Rejected Stores as of May 31,

2016.

**BASIS FOR RELIEF REQUESTED**

**A.      Rejection of the Rejected Leases is Authorized by Section 365(a) of the Bankruptcy
         Code**

11.      Section 365(a) of the Bankruptcy Code provides that a trustee or debtor in

possession, "subject to the court's approval may . . . reject any executory contract or unexpired

lease of the debtor."  11 U.S.C. § 365(a); *see also In re Univ. Med. Ctr.*, 973 F.2d 1065, 1075 (3d

Cir. 1992). "This provision allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (quoting *Phoenix Exploration, Inc. v. Yaquinto (In re Murexco Petroleum, Inc.)*, 15 F.3d 60, 62 (5th Cir. 1994)).

12.     The decision to assume or reject an executory contract or unexpired lease is a matter within the "business judgment" of the trustee. *See NLRB v. Bildisco & Bildisco (In re Bildisco),* 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test."); *Delightful Music Ltd. v. Taylor (In re Taylor)*, 913 F.2d 102, 107 (3d Cir. 1990); *see also Computer Sales Int'l, Inc. v. Fed. Mogul (In re Fed. Mogul Global, Inc.)*, 293 B.R. 124, 126 (D. Del. 2003); *In re HQ Global Holdings*, 290 B.R. 507, 511 (Bankr. D. Del. 2003). The business judgment standard mandates that a court approve a trustee's business decision unless the decision is the product of bad faith, whim, or caprice. *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984); *In re Fed. Mogul Global, Inc.*, 293 B.R. at 126 (court should approve a debtor's decision to reject a contract unless the decision is the product of bad faith or a gross abuse of discretion); *In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001); *Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) ("[C]ourt approval under Section 365(a), if required, except in extraordinary situations, should be granted as a matter of course.").

13.     Rejection of an executory contract or unexpired lease is appropriate where rejection of the contract or lease would benefit the estate. *See Sharon Steel Corp. v. Nat'l Fuel Gas Distribution Corp.*, 872 F.2d 36, 39 (3d Cir. 1989). The standard for rejection is satisfied when a trustee or debtor has made a business determination that rejection will benefit the estate. *See Commercial Fin., Ltd. v. Hawaii Dimensions, Inc. (In re Hawaii Dimensions, Inc.)*, 47 B.R.

425, 427 (D. Haw. 1985) ("Under the business judgment test, a court should approve a debtor's proposed rejection if such rejection will benefit the estate."). Thus, if the trustee's or debtor's business judgment has been reasonably exercised, a court should approve the assumption or rejection of an executory contract or an unexpired lease. *See, e.g.*, *Bildisco & Bildisco*, 465 U.S. at 523; *In re Fed. Mogul Global, Inc.*, 293 B.R. at 126.

14.     A court may permit such retroactive rejection to avoid unduly exposing a debtor's estate to unwarranted postpetition administrative or other expenses. *See Bildisco & Bildisco*, 465 U.S. at 523 (stating that rejection relates back to the petition date); *Thinking Machs. V. Mellon Fin. Servs. Corp. (In re Thinking Machs. Corp.)*, 67 F.3d 1021, 1028 (1st Cir. 1995) ("In the section 365 context . . . bankruptcy courts may enter retroactive orders of approval, and should do so when the balance of equities preponderates in favor of such remediation."); *Stonebriar Mall Ltd. P'ship v. CCI Wireless, LLC (In re CCI Wireless, LLC)*, 297 B.R. 133, 140 (D. Col. 2003) (holding that a bankruptcy court "has authority under section 365(d)(3) to set the effective date of rejection at least as early as the filing date of the motion to reject"); *In re Amber's Stores*, 193 B.R. 819, 827 (N.D. Tex. 1996); *Constant Ltd. P'ship v. Jamesway Corp. (In re Jamesway Corp.)*, 179 B.R. 33, 37-38 (S.D.N.Y. 1995) (affirming bankruptcy court's retroactive approval of lease rejection).

15.     Courts in this jurisdiction have previously considered the question of retroactive rejection of unexpired leases. *See In re Namco Cybertainment, Inc.*, Case No. 98-00173 (PJW) (Bankr. D. Del. Feb. 6, 1998). In *Namco*, the court permitted retroactive rejection on the conditions that (a) the vehicles (and the keys thereto) subject to a lease were surrendered with an unequivocal statement of abandonment to the landlord or lessor, (b) the motion was filed and served on the landlord or lessor, (c) the official committee consented to the relief requested in the

motion, and (d) the debtor acknowledged that it would not have the right to withdraw the motion prior to the hearing.

16.     Here, for the reasons described in this Motion, the Debtors seek to reject the Rejected Leases, pursuant to section 365(a) of the Bankruptcy Code, to avoid the incurrence of any additional, unnecessary expenses related to the Rejected Leases and the maintenance of the respective Rejected Stores.  The Debtors have already ceased operating and vacated, or will have vacated by May 27, 2016, the Rejected Stores, such that incurring rent and related expenses for June 2016 is not in the Debtors' best interest.  As the Rejected Stores have been designated as Closing Stores, no bids were received for the Rejected Leases, and the inventory at the Rejected Stores has been liquidated through the Closing Sales, the Debtors have determined, in the exercise of their sound business judgment, that there is no net benefit that is likely to be realized from the Debtors' continued efforts to retain and market the Rejected Leases.  Accordingly, the Debtors have concluded that rejection of the Rejected Leases is in the best interest of the Debtors' estates, their creditors, and other parties in interest.

17.     The Debtors submit that they have fulfilled the requirements for retroactive rejection of all Rejected Leases by providing adequate notice of their intent to reject such leases to the applicable Landlords set forth on Schedule 1 annexed to the Proposed Order, confirming hereby that this Motion will not be withdrawn absent consent of the applicable Landlord, and demonstrating their unequivocal intent to surrender the Rejected Stores.

**B.     Abandonment of Any Remaining Property Located at the Rejected Stores is Authorized by Section 554(a) of the Bankruptcy Code**

18.     Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the [debtor] may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."  11 U.S.C. § 554(a); *see also Hanover Ins. Co. v.*

*Tyco Indus., Inc.,* 500 F.2d 654, 657 (3d Cir. 1974) ("[A trustee] may abandon his claim to any asset, including a cause of action, he deems less valuable than the cost of asserting that claim."). *See, e.g., In re Contract Research Solutions, Inc.,* Case No. 12-11004, 2013 WL 1910286, at *4 (Bankr. D. Del. May 1, 2013) ("[A debtor] need only demonstrate that [it] has exercised sound business judgment in making the determination to abandon.").  The right to abandon property is virtually unfettered, unless (a) abandonment of the property will contravene laws designed to protect public health and safety or (b) the property poses an imminent threat to the public's welfare.  *See In re Midlantic Nat'l Bank*, 474 U.S. 494, 501 (1986).  Neither of these limitations is relevant under the instant facts.

19.     The Debtors submit that any Remaining Property that will be left at any of the Rejected Stores is either of inconsequential value to the Debtors' estates, or that the costs to the Debtors of retrieving, marketing, and reselling the Remaining Property will exceed the recoveries, if any, that the Debtors and their estates could reasonably obtain in exchange for such property.

20.     Accordingly, the Debtors have determined, in the exercise of their sound business judgment, that abandonment of any Remaining Property is in the best interest of the Debtors, their estates, and their creditors.

## REQUEST FOR WAIVER OF STAY

21.     To implement the foregoing, the Debtors seek a waiver of any stay of the effectiveness of the order approving this Motion.  Pursuant to Bankruptcy Rule 6004(h), any "order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."  The Debtors submit that the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtors for the reasons set forth herein.  Accordingly, the Debtors submit that ample

cause exists to justify a waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h), to the extent applicable.

22.     To implement the foregoing immediately, the Debtors also respectfully request a waiver of the notice requirements of Bankruptcy Rule 6004(a) to the extent that they are deemed applicable.

## DEBTORS' RESERVATION OF RIGHTS

23.     The Debtors may have claims against any Landlords arising under, or independently of, the Rejected Leases.  The Debtors do not waive such claims by the filing of this Motion or by the rejection of the Rejected Leases.

24.     The Debtors are diligently reviewing and evaluating their remaining unexpired leases and subleases of nonresidential real property, and reserve the right to identify additional leases and subleases in the future.  This Motion should not be construed as a determination that any leases or subleases not listed herein are to be assumed or rejected.

25.     Nothing contained herein is intended or should be construed as an admission of the validity of any claim against the Debtors; a waiver of the Debtors' rights to dispute any claim; or an approval, assumption, or rejection of any agreement, contract, lease, or sublease under section 365 of the Bankruptcy Code except as expressly set forth herein.

## NOTICE

26.     The Debtors have provided notice of this Motion to: (a) the U.S. Trustee; (b) Pachulski Stang Ziehl & Jones LLP, 919 North Market St., 17th Floor, Wilmington, DE 19801 (Attn: Bradford J. Sandler and Colin Robinson), counsel for the Committee; (c) Riemer & Braunstein LLP (attn: Donald Rothman) as counsel for (i) Bank of America, N.A., in its capacity as Administrative Agent and Collateral Agent under the Second Amended and Restated Credit Agreement, dated as of May 17, 2012, and (ii) certain DIP Lenders under the Debtors' proposed

01:18749111.1

postpetition financing facility; (d) Brown Rudnick LLP (attn: Robert Stark and Bennett Silverberg) as counsel for (i) Wilmington Savings Fund Society, FSB as Administrative Agent and Collateral Agent under the Amended and Restated Credit Agreement, dated as of May 3, 2006 and amended and restated as of November 16, 2010 and (ii) certain Term Lenders under the Amended and Restated Credit Agreement, dated as of May 3, 2006 and amended and restated as of November 16, 2010; (e) Choate, Hall & Stewart LLP (attn: Kevin Simard) as counsel for (i) Wells Fargo Bank, National Association, in its capacity as FILO Agent under the Second Amendment to Second Amended and Restated Credit Agreement, dated as of November 3, 2015, and (ii) certain DIP Lenders under the Debtors' proposed postpetition financing facility; (f) O'Melveny & Meyers LLP (attn: John Rapisardi) as counsel for certain holders of 11.5% Senior Subordinated Notes Due February 19, 2018 under the Securities Purchase Agreement, dated as of May 3, 2006; (g) all holders of 11.5% Senior Subordinated Notes Due February 19, 2018 under the Securities Purchase Agreement, dated as of May 3, 2006; (h) the Landlords (via overnight mail); and (i) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

01:18749111.1

WHEREFORE, the Debtors respectfully submit that, in light of the foregoing facts and circumstances, rejection of the Rejected Leases, effective as of May 31, 2016, and abandonment of any Remaining Property at the Rejected Stores, is necessary, prudent, and in the best interest of the Debtors, their estates, their creditors, and all other parties in interests, and respectfully request that the Court grant the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated:    May 27, 2016
      Wilmington, Delaware

*/s/ Andrew L. Magaziner*
Michael R. Nestor (No. 3526)
Kenneth J. Enos (No. 4544)
Andrew L. Magaziner (No. 5426)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
mnestor@ycst.com
kenos@ycst.com
amagaziner@ycst.com

-and-

Robert A. Klyman (CA No. 142723)
Matthew J. Williams (NY No. 3019106)
Jeremy L. Graves (CO No. 45522)
Sabina Jacobs (CA No. 274829)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-1512
Telephone: (213) 229-7000
Facsimile: (213) 229-7520
rklyman@gibsondunn.com
mjwilliams@gibsondunn.com
jgraves@gibsondunn.com
sjacobs@gibsondunn.com

*Counsel to the Debtors and*
*Debtors in Possession*

01:18749111.1