## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 16-10527 (MFW) |
| SPORTS AUTHORITY HOLDINGS, INC., *et al.*,[1] | (Jointly Administered) |
| Debtors. | **Hearing Date: June 28, 2016 at 10:30 a.m. (ET)** |
| | **Objections Due: May 31, 2016 at 4:00 p.m. (ET)** |
| | **Re: Docket No. 1919** |

## TERM LOAN AGENT'S OBJECTION TO
## CONSIGNMENT VENDORS' MOTIONS TO EXTEND THE CHALLENGE DEADLINE

Wilmington Savings Fund Society, FSB, as successor administrative and collateral agent (the "Term Loan Agent") under that certain Amended and Restated Credit Agreement, dated as of November 16, 2010, by and among The Sports Authority, Inc., as the Borrower, Slap Shot Holdings Corp., as Holdings, the Term Loan Agent, and the lenders from time to time party thereto, hereby files this objection (the "Objection") to *M.J. Soffe, LLC's Motion to Extend Challenge Deadline with Respect to Consignment Vendors* [Docket No. 1919] and the various joinders[2] filed thereto (collectively, the "Motions to Extend").[3]  In support of this Objection, the Term Loan Agent respectfully states as follows:

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Sports Authority Holdings, Inc. (9008); Slap Shot Holdings Corp. (8209); The Sports Authority, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664).  The Debtors' headquarters are located at 1050 West Hampden Avenue, Englewood, Colorado 80110.

[2]    See Docket Nos. 1922, 1923, 1924, 1925, 1926, 1927, 1928, 1929, 1930, 1931, 1932, 1933, 1934, 1935, 1936, 1937, 1938, 1939, 1943, 1944, 1945, 1946, and 1947.  The Term Loan Agent reserves the right to supplement this Objection to the extent that any further joinders or motions seeking similar relief are filed.

[3]    Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Motions to Extend.

## ARGUMENT IN OBJECTION

1.      The Term Loan Agent has filed intervention complaints in the Adversary Proceedings seeking, *inter alia*, declaratory relief as to the validity, priority and extent of the Term Loan Agent's liens and security interests in goods delivered by the Consignment Vendors to the Debtors prior to the Petition Date (the "Disputed Goods") and the proceeds thereof.

2.      The deadline for the Consignment Vendors to respond to the Term Loan Agent's intervention complaints is thirty days after service of the complaints, which, in most cases, is on or about June 15, 2016.  The Term Loan Agent does not object to extending the Challenge Deadline—solely with respect to the Consignment Vendors and solely with respect to challenges to the Term Loan Agent's liens and security interests in the Disputed Goods and proceeds thereof—to the Consignment Vendors' deadline to respond to the Term Loan Agent's intervention complaints (*i.e.*, on or about June 15, 2016).

3.      However, the Consignment Vendors seek an extension of the Challenge Deadline to the later of:  (i) the response deadline with respect to the Term Loan Agent's intervention complaints; and (ii) the response deadline with respect to the Debtors' complaints.  The Term Loan Agent objects to any further extension of the Challenge Deadline for the benefit of the Consignment Vendors.

4.      Pursuant to Bankruptcy Rule 9006(b)(1), the Court may extend a deadline "for cause shown."  Fed. R. Bankr. P. 9006(b)(1).  The Consignment Vendors have failed to show that cause exists for any further extension of the Challenge Deadline.

5.      First, and most importantly, this Court should rule on the merits of the underlying dispute between the Term Loan Agent and the Consignment Vendors as expeditiously as possible, and further extending the Challenge Deadline for the Consignment Vendors will

potentially delay such a decision on the merits.  Indeed, the Debtors and the Consignment

Vendors have once again agreed to extend the response deadline with respect to the Debtors'

complaints.  The Term Loan Agent has not agreed to any such extension with respect to its

intervention complaints.  The Consignment Vendors should not be permitted to further delay a

decision on the merits of the underlying dispute by obtaining a further extension of the Challenge

Deadline or by having the Challenge Deadline run coterminous with the Consignment Vendors'

deadline to respond to the Debtors' complaints.

6.      Second, the Consignment Vendors have had ample opportunity to file a challenge

to the Term Loan Agent's liens and security interests in the Disputed Goods and proceeds

thereof.  Indeed, a substantial number of Consignment Vendors have already filed answers to the

Debtors' complaints and included counter-claims challenging the Term Loan Agent's interests in

the Disputed Goods.  The Consignment Vendors party to the Motions to Extend have not

demonstrated cause for their failure to timely file a challenge to the Term Loan Agent's interests

in the Disputed Goods, particularly considering that a substantial number of Consignment

Vendors were able to do so.

7.      Finally, as indicated herein, the Term Loan Agent is amendable to granting the

Consignment Vendors a one-time, limited extension of the Challenge Deadline on the terms set

forth herein.  The Consignment Vendors have not provided a basis for a further extension of the

Challenge Deadline above and beyond the extension that the Term Loan Agent is willing to

grant.

WHEREFORE, the Term Loan Agent respectfully requests that the Court

(i) sustain the Objection as set forth herein; (ii) deny the relief requested in the Motions to

Extend to the extent set forth herein; and (iii) grant such other and further relief as the Court deems just and proper.

Dated: May 31, 2016
        Wilmington, Delaware

<div style="margin-left: 40%">

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Daniel B. Butz*
Robert J. Dehney (No. 3578)
Gregory W. Werkheiser (No. 3553)
Daniel B. Butz (No. 4227)
1201 N. Market St., 16th Floor
P.O. Box 1347
Wilmington, DE  19899-1347
Tel: 302-658-9200
Fax: 302-658-3989
Email:    rdehney@mnat.com
          gwerkheiser@mnat.com
          dbutz@mnat.com

- and -

**BROWN RUDNICK LLP**
Robert J. Stark (admitted *pro hac vice*)
Bennett S. Silverberg (admitted *pro hac vice*)
Seven Times Square
New York, NY 10036
Tel: (212) 209-4800
Fax: (212) 209-4801

*Counsel to Wilmington Savings*
*Fund Society, FSB, as Term Loan Agent*

</div>