# Exhibit A

**Fourth Amendment to DIP Credit Agreement**

01:18620625.1

## FOURTH AMENDMENT TO SENIOR SECURED SUPER-PRIORITY DEBTOR-IN-POSSESSION CREDIT AGREEMENT

This Fourth Amendment to Senior Secured Super-Priority Debtor-in-Possession Credit Agreement (the "Fourth Amendment") is made as of the ___ day of June, 2016 by and among:

THE SPORTS AUTHORITY, INC., as Borrower Representative for THE SPORTS AUTHORITY, INC., a Delaware corporation, and TSA STORES INC., a Delaware corporation (individually, a "Borrower" and collectively, the "Borrowers"),

THE BORROWERS AND GUARANTORS party hereto;

the LENDERS party hereto;

BANK OF AMERICA, N.A., a national banking association having a place of business at 100 Federal Street, Boston, Massachusetts 02110, as Administrative Agent and Collateral Agent for itself and the other Secured Parties; and

WELLS FARGO BANK, NATIONAL ASSOCIATION, a national bank association having a place of business at One Boston Place, 18th Floor, Boston, Massachusetts 02108, as FILO Agent;

in consideration of the mutual covenants herein contained and benefits to be derived herefrom.

### WITNESSETH

WHEREAS, the Borrower Representative, the Borrowers, the Guarantors, the Administrative Agent, the Collateral Agent, and the Lenders have entered into a Senior Secured Super-Priority Debtor-in-Possession Credit Agreement dated as of March 3, 2016, as amended pursuant to that certain First Amendment to Senior Secured Super-Priority Debtor-in-Possession Credit Agreement dated as of March 22, 2016, as further amended pursuant to that certain Second Amendment to Senior Secured Super-Priority Debtor-in-Possession Credit Agreement dated as of April 25, 2016 and as further amended pursuant to that certain Third Amendment to Senior Secured Super-Priority Debtor-in-Possession Credit Agreement dated as of May 5, 2016 (as amended and in effect, the "Credit Agreement"); and

WHEREAS, the parties hereto have agreed to amend certain provisions of the Credit Agreement, on the terms and conditions set forth herein.

NOW THEREFORE, it is hereby agreed as follows:

1.    Definitions: All capitalized terms used herein and not otherwise defined shall have the same meaning herein as in the Credit Agreement (as amended pursuant to Section 2 below).

DOC ID - 24421190.8

01:18761671.1

2.      <u>Amendments to Credit Agreement</u>.

   a.      The definition of "Maturity Date" in Section 1.01 of the Credit Agreement is hereby amended and restated in its entirety to read as follows:

   "<u>Maturity Date</u>" means July 15, 2016.

   b.      The definition of "FILO Applicable Margin" in Section 1.01 of the Credit Agreement is hereby amended and restated in its entirety to read as follows:

   "<u>FILO Applicable Margin</u>" means 9.00% per annum.

   c.      The definition of "Required Lenders" in Section 1.01 of the Credit Agreement is hereby amended and restated in its entirety to read as follows:

   "<u>Required Lenders</u>" means, as of any date of determination, Lenders holding more than 50% of the Outstanding Amount of the FILO Loan.

   d.      The definition of "Termination Date" in Section 1.01 of the Credit Agreement is hereby amended and restated in its entirety to read as follows:

   "<u>Termination Date</u>" means the earliest to occur of (i) the Maturity Date, (ii) the date on which the maturity of the Loans is accelerated and the Commitments are terminated in accordance with <u>Section 8.02</u>, (iii) the effective date of any plan in the Cases that has been confirmed by an order of the Bankruptcy Court, and (iv) the date on which the remaining balance of the guaranteed amount required to be paid to the Loan Parties pursuant to the terms of the Agency Agreement is paid to the Loan Parties.

   e.      The following new Section 7.26 is hereby added to the Credit Agreement to read as follows:

   7.26    <u>Minimum Liquidity</u>.  Permit the amount of unrestricted cash and Cash Equivalents of the Loan Parties, in each case, subject to a perfected, first priority lien of the Collateral Agent to be less than (i) from and after May 26, 2016 through May 28, 2016, $50,000,000 at any time, (ii) from and after May 29, 2016 through June 4, 2016, $40,000,000 at any time, (iii) from and after June 5, 2016 through June 18, 2016, $35,000,000 at any time, (iv) from and after June 19, 2016 through June 25, 2016, $30,000,000 at any time, and (v) from and after June 26, 2016, $20,000,000 at any time.

3.      <u>Conditions to Effectiveness</u>.  This Fourth Amendment shall not be effective until each of the following conditions precedent have been fulfilled to the satisfaction of (or waived by) the Administrative Agent, the FILO Agent and the FILO Lenders (such effective date, "<u>Fourth Amendment Effective Date</u>"):

DOC ID - 24421190.8

01:18761671.1

a.    This Fourth Amendment shall have been duly executed and delivered by the Borrower Representative and the other Borrowers, the Guarantors, the Administrative Agent, the FILO Agent and the Lenders party hereto.  The Administrative Agent shall have received a fully executed copy hereof.

b.    All Bankruptcy Court, corporate and other consents and approvals required for this Fourth Amendment, if any, shall have been obtained.

c.    No Default or Event of Default shall have occurred and be continuing or shall arise immediately after giving effect to this Fourth Amendment.

d.    The FILO Lenders shall have received an updated Budget, in form and substance satisfactory to the FILO Lenders; it being understood and agreed that the Budget attached as Exhibit A hereto is an "Approved Budget".

e.    The Borrowers shall have paid to TPG Specialty Lending, Inc. and TAO Talents, LLC, as FILO Lenders, in immediately available funds, an amendment fee in the aggregate amount of $100,000 in cash.

f.    The Final Order shall be deemed amended to effectuate the amendments in the Fourth Amendment.

4.    <u>Acknowledgments and Agreements</u>.

a.    It shall be a condition precedent to the effectiveness of this Fourth Amendment that, upon the closing of the transactions contemplated under the Agency Agreement, the proceeds received by the Borrowers pursuant to the terms of the Agency Agreement shall have been used to (i) repay all outstanding Revolving Loans and Swing Line Loans in full in cash, (ii) Cash Collateralize the L/C Obligations and (iii) repay $60,210,000 of the FILO Loan in cash, resulting in $10,000,000 of the FILO Loan remaining outstanding.  Upon receipt of the foregoing amounts in cash by the Administrative Agent and the FILO Agent, the parties hereto hereby acknowledge and agree that the Revolving Commitments, the Letter of Credit Sublimit and the Swing Line Sublimit shall be, and hereby are, terminated.

b.    The Borrowers hereby acknowledge and agree that upon receipt of the foregoing payments described in Section 4(a), the outstanding principal amount of the FILO Loan is $10,000,000 and such amount remains outstanding and owing to the FILO Lenders pursuant to the Credit Agreement.

c.    The Agents and the Lenders hereby agree and acknowledge that prior to the Fourth Amendment Effective Date the Loan Parties shall be permitted to use cash collateral in accordance with the Approved Budget.

DOC ID - 24421190.8

3

01:18761671.1

d.    The Agents and the Lenders hereby waive any Default or Event of Default (including any cross-default) that that has arisen or would otherwise arise under the Credit Agreement and/or the Final Order solely by reason as a result of the failure of the Credit Parties to pay the full outstanding amount of the FILO Loan and any other Obligations on the Termination Date (as defined under the Credit Agreement prior to the effectiveness of the Fourth Amendment); provided, that the Agents and the Lenders are not waiving any Default or Event of Default that may arise from the failure to repay the Obligations on the Termination Date (as defined in the Fourth Amendment).  The waivers in this Section 4(d) shall be effective only in these specific instances and for the specific purposes set forth herein and do not allow for any other or further departure from the terms and conditions of the Credit Agreement or any other Loan Document, which terms and conditions shall continue in full force and effect.

5.    Miscellaneous.

a.    Except as provided herein, all terms and conditions of the Credit Agreement and the other Loan Documents remain in full force and effect.  The Loan Parties each hereby ratify, confirm, and reaffirm the accuracy in all material respects of all of the representations, warranties (other than representations and warranties which specifically relate to an earlier date and other than representations and warranties which are qualified by materiality, which are true and correct in all respects) and covenants therein contained.

b.    The Borrowers shall reimburse the Administrative Agent, the FILO Agent and the FILO Lenders for all reasonable and documented out-of-pocket expenses incurred by the Administrative Agent, the FILO Agent and the FILO Lenders in connection herewith, including, without limitation, reasonable attorneys' fees, as more fully set forth in the Credit Agreement.

c.    This Fourth Amendment may be executed in several counterparts and by each party on a separate counterpart, each of which when so executed and delivered, each shall be an original, and all of which together shall constitute one instrument.  Delivery of an executed counterpart of a signature page hereto by telecopy or e-mail of a PDF copy shall be effective as delivery of a manually executed counterpart hereof.

d.    This Fourth Amendment and the Credit Agreement together shall constitute one agreement.  This Fourth Amendment and the Credit Agreement together express the entire understanding of the parties with respect to the matters set forth herein and supersede all prior discussions or negotiations hereon.

e.    Any provision of this Fourth Amendment held to be invalid, illegal or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to

DOC ID - 24421190.8

01:18761671.1

the extent of such invalidity, illegality or unenforceability without affecting the validity, legality and enforceability of the remaining provisions hereof, and the invalidity of a particular provision in a particular jurisdiction shall not invalidate such provision in any other jurisdiction.

f.    This Fourth Amendment shall be construed, governed, and enforced pursuant to the laws of the State of New York and the Bankruptcy Code.

DOC ID - 24421190.8

01:18761671.1

IN WITNESS WHEREOF, the parties hereto have caused this Fourth Amendment to be executed as of the date first above written.

THE SPORTS AUTHORITY, INC., as Borrower Representative, as Borrower and as Guarantor


By: _____
Name: _____
Title: _____


TSA STORES, INC., as Borrower and as Guarantor


By: _____
Name: _____
Title: _____


THE SPORTS AUTHORITY HOLDINGS, INC., as Guarantor


By: _____
Name: _____
Title: _____


TSA GIFT CARD, INC., as Guarantor


By: _____
Name: _____
Title: _____

DOC ID - 24421190.8

SLAP SHOT HOLDINGS CORP., as Guarantor

By: _____
Name: _____
Title: _____

DOC ID - 24421190.8

**BANK OF AMERICA, N.A.**, as
Administrative Agent and as Collateral
Agent

By: _____
       Name:
       Title:

DOC ID - 24421190.8

01:18761671.1

WELLS FARGO BANK, NATIONAL
ASSOCIATION, as FILO Agent


By: _____
Name: _____
Title: _____

DOC ID - 24421190.8

TPG SPECIALTY LENDING, INC., as a FILO
Lender

By: _____
Name: _____
Title: _____


TAO TALENTS, LLC, as a FILO Lender

By: _____
Name: _____
Title: _____

DOC ID - 24421190.8

01:18761671.1

Exhibit A

DOC ID - 24421190.8