IN THE UNITED BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Sports Authority Holdings, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br>Case No. 16-10527 (MFW)<br>(Jointly Administered)<br>**Hearing Date: June 28, 2016 at 10:30 a.m.**<br>**Objection Date: June 21, 2016 at 4:00 p.m.** |

**MOTION OF SRI TEN CITY CENTER, LLC FOR AN ORDER COMPELLING IMMEDIATE PERFORMANCE OF DEBTOR-LESSEE'S POST-PETITION OBLIGATIONS PURSUANT TO 11 U.S.C. §§ 365(d)(3) AND 503(b)(1)**

SRI Ten City Center, LLC ("SRI Ten") hereby brings this Motion for an Order Compelling Immediate Performance of Debtor-Lessee's Post-Petition Obligations Pursuant to 11 U.S.C. §§ 365(d)(3) and 503(b)(1) (the "Motion"). In support of this Motion, SRI Ten respectfully states as follows:

**JURISDICTION AND VENUE**

1.     The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the February 29, 2012 *Amended Standing Order of Reference* of the United States District Court for the District of Delaware. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Sports Authority Holdings, Inc. (9008); Slap Shot Holdings, Corp. (8209); The Sports Authority, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664). The headquarters for the above-captioned Debtors is located at 1050 West Hampden Avenue, Englewood, Colorado, 80110.

LEGAL\26945239\3

2. Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of this Bankruptcy Court, SRI Ten consents to the entry of a final order by the Bankruptcy Court in connection with this Motion to the extent it might later be determined that, absent consent of the parties, the Bankruptcy Court would not have authority to enter final judgment consistent with Article III of the United States Constitution.

3. Venue in this Bankruptcy Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief sought in this Motion are 11 U.S.C. §§ 365(d)(3) and 503(b)(1).

## FACTUAL BACKGROUND

A. **Summary of Bankruptcy Proceedings**.

5. On March 2, 2016 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the Bankruptcy Court (the "Bankruptcy Case").

6. The Debtors remain in possession of their assets and continue to manage their affairs as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this Bankruptcy Case.

7. On March 10, 2016, the Office of the United States Trustee filed its Notice of Appointment of Committee of Unsecured Creditors [D.I. No. 262].

8. On March 2, 2016, the Debtors filed their Motion, Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code, Fed. R. Bankr. P. 2002, 6003, 6004, 6006, 9007, 9008 and 9014 and Del. Bankr. L.R. 2002-1, 6004-1 and 9006-1, for Entry of (A) an Order (I) Approving Bid Procedures in Connection with the Sale of Substantially All of the Debtors' Assets, (II)

Scheduling an Auction for and Hearing to Approve Sale of Assets, (III) Approving Notice of Respective Date, Time and Place for Auction and for Hearing on Approval of Sale, (IV) Approving Procedures for the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (V) Approving Form and Manner of Notice Thereof, and (VI) Granting Related Relief; and (B) an Order Authorizing and Approving (I) the Sale of Substantially All of the Debtors' Assets Free and Clear of Liens, Claims, Rights, Encumbrances, and Other Interests, (II) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Related Relief [D.I. No. 106] (the "Sale Motion").

9.     On April 14, 2016, the Bankruptcy Court entered an order granting the Sale Motion and establishing certain procedures governing the proposed sale of substantially all of the Debtors' assets [D.I. No. 1186].

10.    On May 6, 2016, the Debtors filed a Notice of Filing of Proposed (I) Sale Orders, (II) Form of Asset Purchase Agreement, and (III) Form of Assumption and Assignment Agreement [D.I. No. 1752] (the "APA Notice").

11.    On May 17, 2016, the Debtors filed a Notice of (I) Successful Bids and Next Highest Bids for Certain Main Auction Assets Subject to Main Auction, (II) Executed Agency Agreement, and (III) Proposed Sale Guidelines [D.I. No. 1941] ("Successful Bid Notice").

12.    The Successful Bid Notice included an Agency Agreement that was materially different from the Form of Asset Purchase Agreement attached to the APA Notice, and requested approval of the conduct of store closing sales at various locations and certain Sales Guidelines (the "Sales Guidelines") to govern these store closing sales.

13. On May 21, 2016, the Bankruptcy Court entered an Order, Pursuant to Sections 105, 363, and 365 of the Bankruptcy Code, Approving Sale of Debtors' Assets and Granting Related Relief [D.I. No. 2081] (the "Sale Order"), which approved the Agency Agreement and authorized the sale of substantially all of the Debtors' assets.

14. Based on the contents of the Successful Bid Notice, the Agency Agreement, and the Sale Order, it does not appear that the Debtors have any prospects for a successful reorganization.

B. **Background Regarding the SRI Ten Lease**.

15. Prior to the Petition Date, SRI Ten, as lessor, and Debtor TSA Stores, Inc. ("TSA"), as lessee, entered into a certain Shopping Center Lease dated February 5, 2015 (as amended, the "Lease"), pursuant to which TSA leases commercial property located in Minneapolis, Minnesota, identified by the Debtors as Store # 712 (the "Store #712 Premises"). A true and accurate copy of the Lease is attached to this Motion as Exhibit "A" and incorporated herein by reference.

16. TSA continues to occupy the Store # 712 Premises.

17. To date, the Lease has not been assumed or rejected by the Debtors and the Debtors continue to conduct store closing sales at the Store #712 Premises.

18. TSA has failed to timely perform all of the obligations under the Lease arising from and after the Petition Date, including but not limited to, the failure to pay the following amounts:

    a. Rent and Common Area Maintenance charges in an aggregate amount of $32,833.72 for June that became due and payable under the terms of the Lease on June 1, 2016 (the "Unpaid Post-Petition June Rent");

    b. $7,047.78 for April and May utility charges that became due and payable under the terms of the Lease in April and May, respectfully (the "Unpaid Post-Petition Utility Charges"); and

  c. $82,767.00 for real estate taxes, which were due and payable under the terms of the Lease on April 1, 2016 (the "<u>Unpaid Post-Petition Taxes</u>" and, together with the Unpaid Post-Petition June Rent and the Unpaid Post-Petition Utility Charges, the "<u>Unpaid Post-Petition Lease Obligations</u>")

19. To the extent that the Debtors have failed to make these Unpaid Post-Petition Lease Obligations, the Debtors are in default of their obligations under the terms of the Lease and are in violation of their obligations pursuant to section 365(d)(3) of the Bankruptcy Code.

20. Moreover, the Debtors have also failed to pay amounts due under the Lease for the month of March 2016, including post-petition "stub rent" in the amount of $24,334.40 (the "<u>Stub Rent</u>").

## SUMMARY OF REQUESTED RELIEF

21. By this Motion, SRI Ten requests entry of an order compelling the immediate payment of all past-due, post-petition obligations owing under the Lease, including the Unpaid Post-Petition Lease Obligations and the Stub Rent pursuant to sections 365(d)(3) and 503(b)(1) of the Bankruptcy Code.

## APPLICABLE AUTHORITY AND ANALYSIS

22. Section 365(d)(3) of the Bankruptcy Code provides, in relevant part, that:

> The trustee *shall timely perform all the obligations of the debtor* . . . arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected . . ..

11 U.S.C. § 365(d)(3) (emphasis added).

23. In the Third Circuit, "an obligation arises under a lease for the purpose of § 365(d)(3) when the legally enforceable duty to perform arises under that lease." *Centerpoint Props. v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 268 F.3d 205, 211 (3d Cir. 2001) (holding tax payments that became due under lease post-petition but prior to rejection must be paid pursuant to section 365(d)(3)); *In re Sportsman's Warehouse,*

5

*Inc.*, 436 B.R. 308, 312 (Bankr. D. Del. 2009) ("The Third Circuit held in *Montgomery Ward*, that an obligation is something that one is legally required to perform under the terms of the lease and that an obligation only arises when a party becomes legally obligated to perform it").

24. Here, just like in *Montgomery Ward*, the Unpaid Post-Petition Lease Obligations arose under the Lease after the Petition Date and prior to the assumption or rejection of the Lease. In fact, the Lease has yet to be assumed or assigned. However, in violation of section 365(d)(3) of the Bankruptcy, the Debtors have failed to timely pay SRI Ten the Unpaid Post-Petition Lease Obligations.

25. Moreover, landlords "may assert a § 503(b)(1) claim for 'stub rent.'" *In re Goody's Family Clothing Inc.*, 610 F.3d 812, 818 (3d Cir. 2010). Section 503(b) of the Bankruptcy Code states that there "shall be allowed, administrative expenses . . . including – (1)(A) the actual, necessary costs and expenses of preserving the estate . . . ." 11 U.S.C. § 503(b)(1).

26. As this Bankruptcy Court has stated, "[a] lessor is generally entitled to an administrative claim under section 503(b) for the fair rental value of the lessor's property actually used by the debtor." *In re HQ Global Holdings*, 282 B.R. 169, 173 (Bankr. D. Del. 2002) (citations omitted). *See Zagata Fabricators, Inc. v. Superior Air Products*, 893 F.2d 624, 627 (3d Cir. 1990) ("There is no question, of course, that the payment of rent for the use and occupancy of real estate ordinarily counts as an 'actual, necessary' cost to which a landlord, as creditor, is entitled") (citation omitted); *see also In re ZB Co.*, 302 B.R. 316, 319 (D. Del. 2003) ("It is beyond dispute that all of the Debtors' landlords whose properties are occupied and used post-petition have valid administrative claims") (citation omitted). Furthermore, "[t]he amount

of the benefit to the estate is presumed to be the contract rate of rent." *Sportsman's Warehouse*, 436 B.R. at 315; *HQ Global*, 282 B.R. at 174; *ZB Co.*, 302 B.R. at 319.

27.   In the present case, the Debtors have occupied the Store #712 Premises since the Petition Date and continue to occupy the premises. The Debtors have also continued to use the Store #712 Premises for the purpose of selling the Debtors' goods, which is clearly providing an actual and necessary benefit to the Debtors' bankruptcy estates. Accordingly, in addition to the Unpaid Post-Petition Rental Obligations pursuant to section 365(d)(3) of the Bankruptcy Code, this Bankruptcy Court should require the Debtors to pay the Stub Rent as an administrative expense claim under section 503(b)(1) of the Bankruptcy Code.

28.   In determining the timing of payment of administrative expenses "one of the chief factors courts consider is bankruptcy's goal of an orderly and equal distribution among creditors and the need to prevent a race to a debtor's assets." *HQ Global*, 282 BR at 173 (citations omitted). In this case, the Debtors escrowed stub rent for certain "Closing Store Lease Locations," and have stated that, subject to certain conditions, they "do not object to payment of such stub rent claims." Notice of Partial Withdrawal of Debtors' Omnibus Objection to Stub Rent Motions, p. 2 [D.I. No. 1986]. Because the Debtors' choice to fund payment of some, but not all, claims for stub rent runs directly contrary to the goal of "equal distribution among creditors," SRI Ten submits that the Court should order the immediate payment of the Stub Rent owing with respect to the Store #712 Premises, in addition to, the immediate payment of the Unpaid Post-Petition Lease Obligations.

**NOTICE**

29. Notice of this Motion along with a complete copy of the Motion, including all exhibits, has been given to the following parties: (a) Counsel to the Debtors, (b) counsel to the Committee of Unsecured Creditors, (c) the United States Trustee, (d) counsel to the Ad Hoc Committee of Prepetition Term Loan Lenders, (e) Counsel to Bank of America, N.A., (f) Counsel to the DIP Lenders, and (g) counsel to Wells Fargo Bank, N.A. (the "Core Service Parties"). In addition, notice of this Motion along with a copy of the Motion without Exhibit "A" has been given to all parties in interest having requested notice to date pursuant to Bankruptcy Rule 2002 (the "2002 Service Parties" and, together with the Core Service Parties, the "Service Parties"). Given the size of the Motion and exhibits thereto and the costs associated with service of same, service of a complete copy of the Motion, including all exhibits, is being limited to service upon the Core Service Parties. In light of the nature of the relief requested herein, SRI Ten submits that no other or further notice need be given.

WHEREFORE, the SRI Ten respectfully requests entry of an order, in substantially the form attached: (a) Compelling the immediate payment of all past-due, post-petition obligations owing under the Lease, including the Unpaid Post-Petition Lease Obligations and the Stub Rent pursuant to sections 365(d)(3) and 503(b)(1) of the Bankruptcy Code; and (b) granting any other relief that the Bankruptcy Court deems just and proper.

Dated: June 3, 2016

**COZEN O'CONNOR**

By: /s/ Keith L. Klainman
Keith L. Kleinman (DE No. 5693)
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
Telephone: (302) 295-2000

- and -

Thomas G. Wallrich (Minn. No. 213354)
Joel D. Nesset (Minn. No. 030475X)
33 South Sixth Street, Suite 4640
Minneapolis, MN 55402
Telephone:  612-260-9000
Fax:  612-260-9080

*Counsel for SRI Ten City Center, LLC*