**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SPORTS AUTHORITY HOLDINGS, INC., *et al.*,[1] | Case No. 16-10527 (MFW) |
| Debtors. | (Jointly Administered) |
| | **RE: D.I. 2361, 2362 and 2363** |

**STATEMENT OF ASICS AMERICA CORPORATION,  AGRON, INC. AND
CASTLEWOOD APPAREL CORP.  IN SUPPORT OF THE JOINT MOTION OF
DEBTORS AND TERM LOAN AGENT FOR ENTRY OF ORDER, PURSUANT TO
BANKRUPTCY RULE 2002(A)(3) AND DEL. L.R. 9006-1(E), SHORTENING THE TIME
FOR NOTICE OF JOINT MOTION FOR AN ORDER, PURSUANT TO BANKRUPTCY
CODE SECTION 105(A) AND BANKRUPTCY RULE 9019, APPROVING THE
SETTLEMENT AGREEMENT BY AND AMONG THE DEBTORS, TERM LOAN
AGENT, AND CERTAIN CONSIGNMENT VENDORS PARTY THERETO**

ASICS America Corporation ("ASICS"), Agron, Inc. ("Agron"), and Castlewood Apparel

Corp. ("Castlewood," and together with ASICS and Agron, the "Vendors") submit this statement

in support of the *Joint Motion of Debtors and Term Loan Agent for Entry of Order, Pursuant to*

*Bankruptcy Rule 2002(a)(3) and Del. L.R. 9006-1(e), Shortening the Time for Notice of Joint*

*Motion for an Order, Pursuant to Bankruptcy Code Section 105(a) and Bankruptcy Rule 9019,*

*Approving the Settlement Agreement by and Among the Debtors, Term Loan Agent, and Certain*

*Consignment Vendors Party Thereto* [D.I. 2363] (the "Motion to Shorten"), and state as follows:

---

[1]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  Sports Authority Holdings, Inc. (9008); Slap Shot Holdings, Corp. (8209); The Sports Authority, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664).  The headquarters for the above-captioned Debtors is located at 1050 West Hampden Avenue, Englewood, Colorado 80110.

## STATEMENT IN SUPPORT OF MOTION TO SHORTEN

1.      The Motion to Shorten is an essential and critical deal point in the settlement set forth in that certain Settlement Agreement by and among Wilmington Savings Fund Society as Agent (the "Term Loan Agent"), the Debtors, and at least 60 consignment vendors, including the Vendors.  The Settlement Agreement required the Debtors and Term Loan Agent file the *Joint Motion for an Order, Pursuant to Bankruptcy Code Section 105(a) and Bankruptcy Rule 9019, Approving the Settlement Agreement by and Among the Debtors, Term Loan Agent, and Certain Consignment Vendors Party Thereto* (the "Settlement Motion") on or before June 30, 2016 and obtain a determination of the Settlement Motion on or before July 8, 2016.  If the Settlement Agreement is not determined on or before July 8, 2016, the Settlement Agreement will terminate, the parties' opportunity to reach a near global settlement on consignment vendor disputes will be lost, extensive litigation will continue, and the estates will lose millions in value.

2.      The objection of the Official Committee of Unsecured Creditors (the "Committee") to the Motion to Shorten should be overruled because approval of the Settlement Motion before July 8, 2016 is not an arbitrary date, but rather critical to avoid millions of dollars in value of consigned goods being removed from the Debtors' liquidation sales and not sold in the remaining few weeks of liquidation.  It is troubling that the Committee, which owes a fiduciary duty to represent the interests of the Debtors' general unsecured creditors, would seek to delay a hearing on a global settlement with consignment vendors that will:

- Resolve at least 60 pending adversary proceedings representing over $68 million at dispute;

- Dismiss ASICS' pending appeal of the Sale Order in the District Court;

2

- Dismiss significant aspects of three other pending appeals in the District Court relating to this Court' prior orders on the sale of consignment goods and the Term Loan Agent's request for adequate protection;

- Enable the Debtors to sell millions of dollars of consigned goods and keep its portion of the sale proceeds, which the Debtors estimate to be approximately $25.5 million;

- Return to the Debtors' estates millions of dollars paid since the Petition Date and would otherwise be paid in the future to settling consignment vendors, which under the Settlement Agreement for the initial settling vendors is approximately $28 million, and;

- Save millions in administrative expenses and judicial resources in determining these complex disputes that have been heavily litigated and consumed a significant aspect of these chapter 11 cases.

3.      Simply put – this is not a "self-created alleged emergency" as the Committee falsely suggests.    The Court required the Debtors to comply with the terms of the consignment agreements, many of which included restrictions on discounting.  Absent an acceptable settlement, the Vendors refused to permit price discounting.  As a result, the liquidators determined that they would need to remove approximately $50 million in retail value of consigned goods from the liquidation sales by June 30, 2016 unless they received consent by the vendors to permit discounting.[2]    As part of the Settlement Agreement, the Vendors (and other settling vendors) would only agree to discounting if the Settlement Motion is filed on or before June 30, 2016 and

---

[2] Many other consignment agreements required the Debtors to pay a fixed cost to the vendors.  The liquidators similarly determined that if they could not sell the goods below cost (as it would result in a net liability to the estates), that such goods should also be removed from the liquidation sales.  While perhaps not as urgent a matter as the vendors with price protection, the liquidators determined that goods supplied by vendors with cost guarantees would similarly be removed from the liquidation sales in the near future.

determined on or before July 8, 2016.  The primary *quid pro quo* for the consent to discounting

prior to approval of the Settlement Agreement was that the Settlement Motion be heard on shorten

notice.  The Motion to Shorten is essential to reduce the real and significant risk that: (a) the

settling vendors' right to consent to discounting is rendered moot if the Settlement Motion is heard

after a material portion of the liquidation sales have been completed, and (b) the Debtors will

forever lose their portion of future sales of consigned goods if the applicable settling vendors did

not agree to allow discounting under the Settlement Agreement.

4.      The Committee's objection to the Motion to Shorten was also surprising.  At the

hearings before this Court on June 28, 2016 (the "June 28th Hearing"), the parties provided this

Court with a lengthy update on the extensive and near final negotiations, which included a

discussion on the urgent timing of these matters.  *See* June 28, 2016 Hearing Transcript, 14-19.

The Committee was represented at the June 28th Hearing by counsel.  Both counsel for the Term

Loan Agent and ASICS provided a high level summary to the Court that the timing for a hearing

on any Settlement Motion was essential to the Debtors' ongoing liquidation sales.  After the parties

provided an update to the Court outlining the timing needs inherent in the Settlement Agreement,

the Court set aside time on July 7, 2016 to hear the Settlement Motion that was thereafter filed on

June 30, 2016.  *See* June 28, 2016 Hearing Transcript, 19:18-23.  The Committee never raised a

concern or potential objection to the Motion to Shorten.

5.      The Committee's primary objection to the Motion to Shorten is that the Settlement

Agreement includes a release of avoidance actions that have not yet been analyzed and that the

hearing should be set for a date after July 13, 2016.  Unfortunately, with a business liquidating all

inventory in the next few weeks, every day matters and the delay of a hearing on the Settlement

Motion – even for one week - would erode or destroy millions in value to the estates, the Term

4

Loan Agent and settling vendors.    The Committee chose not to participate in the multiday

mediation.   If it had participated it likely would have a greater understanding on the critical timing

needs at issue.

6.    In addition, the Committee's potential objection to the Motion to Shorten is based

on the false argument that the estates may be giving up significant value in avoidance actions.

This is a red herring. First, this is an objection to the merits and not to timing.  Second, and as will

be briefed and presented at the hearing on the Settlement Motion, the nature of the vendor

agreements eliminates any preference exposure to the consignment vendors. The terms of the

vendor agreements expressly provided that:

> *"Vendor shall retain title to all goods subject to this agreement*
>
> *until the date of sale at which time title shall pass from Vendor to*
>
> *the purchaser of such goods."*

In addition, each vendor agreement provides that the applicable vendor would receive its portion of

the sales within a fixed period of time <u>after</u> the goods are sold.  Thus, as a matter of contract, there

were no transfers on account of antecedent debts.

7.    To the extent there could be some colorable claim for an avoidance action (which

the Vendors do not concede), the Settlement Agreement appropriately releases those in

consideration of a global resolution to the consignment vendor disputes.  The Debtors previously

conducted a high level analysis of potential avoidance actions against consignment vendors and

represented to the Vendors that nearly if not all payments were made in the ordinary course of

business. However, to satisfy the Committee's hollow objection that a more detailed analysis must

be conducted - and to avoid any risk of derailment of a major settlement in these chapter 11 cases -

the Debtors and many settling vendors are completing a more detailed analysis of the potential

avoidance actions in these cases and intend to provide additional support that the release of avoidance actions is the context of the Settlement Agreement is an appropriate exercise of the Debtors' business judgment.

8.      Finally, ASICS is a member of the Committee and while it has abstained from any votes relating to consignment disputes, it has kept the Committee informed about the various disputes and discussions concerning settlement (without discussing the nature of such confidential settlement discussions).  The objection to the Motion to Shorten is particularly disappointing to ASICS that has made significant efforts to (a) provide the Committee with a high level update on mediation at the Committee's regular meeting on June 23, 2016, (b) inform Committee counsel on the evening of Friday, June 24, 2016 that an agreement in principle had been reached, (c) provided the first draft settlement agreement on Monday, June 27, 2016 (which included the general release) and further updated drafts leading up to the final version on June 30, 2016, and (d) offered to make ASICS' counsel available at any time prior to the July 7, 2016 hearing to provide members of the Committee with as much nonprivileged information concerning the Settlement Agreement as requested.  ASICS acknowledges that the Motion to Shorten, coupled with a holiday weekend, may require parties in interest to work on an expedited timeframe.  To reduce the stress on the Committee's expedited review and analysis, ASICS renews its offer to assist in any way to help facilitate the Committee's review of the Settlement Agreement.

*Remainder of Page Intentionally Left Blank*

51597095v.1

WHEREFORE, the Vendors request this Court to (a) overrule the Committee's objection, (b) allow the Motion to Shorten and schedule the hearing on the Settlement Motion for July 7, 2016, and (c) grant the Vendors such other and further relief as is just.

Dated: July 2, 2016            Respectfully submitted,

**ASICS AMERICA CORPORATION**

| | |
|---|---|
| Christopher S. Loizides (No. 3968) | /s/ Adrienne K. Walker |
| LOIZIDES, P.A. | Adrienne K. Walker (admitted *pro hac vice*) |
| 1225 King Street, Suite 800 | Eric R. Blythe (admitted *pro hac vice*) |
| Wilmington, DE 19801 | MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND |
| Tel: 302-654-0248 | POPEO, P.C. |
| E-mail: loizides@loizides.com | One Financial Center |
| | Boston, Massachusetts 02111 |
| | Tel: 617-542-6000 |
| | Fax: 617-542-2241 |
| | E-mail: awalker@mintz.com |
| | eblythe@mintz.com |

**AGRON, INC.**

| | |
|---|---|
| David S. Kupetz, Esquire | /s/ Margaret England |
| (admitted *pro hac vice*) | Ronald S. Gellert (DE 4259) |
| Jessica L. Vogel, Esquire | Margaret F. England (DE 4248) |
| (admitted *pro hac vice*) | GELLERT SCALI BUSENKELL |
| SulmeyerKupetz, A Professional Corporation | & BROWN, LLC |
| 333 South Hope Street, 35th Floor | 1201 North Orange Street, Suite 300 |
| Los Angeles, CA 90071 | Wilmington, Delaware 19801 |
| Tel.: (213) 636-2311 | Tel.: (302) 425-5800 |
| Fax: (213) 629-4520 | Fax: (302) 425-5814 |
| E-mail: dkupetz@sulmeyerlaw.com | E-mail: mengland@gsbblaw.com |

**CASTLEWOOD APPAREL CORP.**

| | |
|---|---|
| David H. Wander, Esq. | /s/ Scott J. Leonhardt |
| DAVIDOFF HUTCHER & CITRON LLP | Frederick B. Rosner (DE 3995) |
| 605 Third Avenue | Scott J. Leonhardt (DE 4885) |
| New York, NY 10158 | THE ROSNER LAW GROUP LLC |
| Email: dhw@dhclegal.com | 824 N. Market Street, Suite 810 |
| | Wilmington, DE 19801 |
| | (302) 777-1111 |
| | rosner@teamrosner.com |
| | leonhardt@teamrosner.com |

7

**<u>CERTIFICATE OF SERVICE</u>**

I, Adrienne K. Walker, do hereby certify that on July 2, 2016, I caused a copy of the

*Statement of ASICS America Corporation, Agron, Inc., and Castlewood Apparel Corp. in support*

*of the Joint Motion of Debtors and Term Loan Agent for Entry of Order, Pursuant to Bankruptcy*

*Rule 2002(a)(3) and Del. L.R. 9006-1(e), Shortening the Time for Notice of Joint Motion for an*

*Order, Pursuant to Bankruptcy Code Section 105(a) and Bankruptcy Rule 9019, Approving the*

*Settlement Agreement by and Among the Debtors, Term Loan Agent, and Certain Consignment*

*Vendors Party Thereto* to be served by email to counsel to the Debtors, Term Loan Agent and

Committee through the ECF system, and that copies will be sent electronically to registered

participants as identified on the Notice of Electronic Filing (NEF).


Dated:  July 2, 2016                                          */s/ Adrienne K. Walker*
                                                                        Adrienne K. Walker

8