# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SPORTS AUTHORITY HOLDINGS, INC., *et al.*,[1] | Case No. 16-10527 (MFW) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket Nos. 106 & 1186 |

**CERTIFICATION OF COUNSEL REGARDING ORDER APPROVING DEBTORS' ENTRY INTO LEASE TERMINATION AGREEMENT WITH LANDLORD (STORE 296)**

The undersigned hereby certifies as follows:

1. On March 2, 2016, Sports Authority Holdings, Inc. and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") filed that certain *Motion, Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code, Fed. R. Bankr. P. 2002, 6003, 6004, 6006, 9007, 9008 and 9014 and Del. Bankr. L.R. 2002-1, 6004-1 and 9006-1, for Entry of (I) an Order (A) Approving Bid Procedures in Connection with the Sale of Substantially All of the Debtors' Assets, (B) Scheduling an Auction for and Hearing to Approve Sale of Assets, (C) Approving Notice of Respective Date, Time and Place for Auction and for Hearing on Approval of Sale, (D) Approving Procedures for the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (E) Approving Form and Manner of Notice Thereof, and (F) Granting Related Relief; and (II) an Order Authorizing and Approving (A) the Sale of Substantially All of the Debtors' Assets Free and Clear of Liens, Claims, Rights, Encumbrances, and Other Interests, (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (C) Related Relief*

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Sports Authority Holdings, Inc. (9008); Slap Shot Holdings, Corp. (8209); The Sports Authority, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664). The headquarters for the above-captioned Debtors is located at 1050 West Hampden Avenue, Englewood, Colorado 80110.

01:18873157.1

[D.I. 106] (the "Motion")[2] seeking, among other things, entry of an order authorizing the disposition of certain of the Debtors' unexpired leases of nonresidential real property (collectively, the "Leases"). On April 14, 2016, the Court entered that certain *Order (A) Approving Bid Procedures in Connection with the Sale of Substantially All of the Debtors' Assets, (B) Scheduling an Auction for and Hearing to Approve Sale of Assets, (C) Approving Notice of Respective Date, Time and Place for Auction and for Hearing on Approval of Sale, (D) Approving Procedures for the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (E) Approving Form and Manner of Notice Thereof, and (F) Granting Related Relief* [D.I. 1186] (the "Bid Procedures Order") establishing, among other things, procedures and guidelines for the disposition of such Leases.

2. On May 16, 2016, the Debtors conducted an auction (the "Auction") for, among other things, the Leases. Subsequent thereto, the Debtors entertained additional offers for any Leases that were not subject to winning bids at the Auction, including with respect to the Debtors' leasehold interest (the "Lease") in the Debtors' retail store located at Dolphin Mall, 11521 N.W. 12th Street, Miami, Florida (Store No. 296) (the "Premises"). As a result thereof, the Debtors have determined, in consultation with the Consultation Parties, to enter into a Lease Termination Agreement (the "LTA") with Dolphin Mall Associates, LLC (the "Landlord"), the landlord counterparty to the Lease.

3. The LTA provides for, among other things, the termination of the Debtors' interest in the Lease effective upon the completion of the GOB sale and return of the Premises, which shall be no later than September 30, 2016, absent the consent of the Landlord (the "Termination Date"), in consideration for which the Landlord has agreed to deliver the purchase

---

[2]  Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

price for the Lease in the amount of $4,900,000.00 in immediately available funds wired to the account specified by TSA Stores, Inc. ("TSA") and waive all claims held against TSA and its bankruptcy estate in TSA's chapter 11 case.

4.  A copy of the proposed form of order (the "Proposed Order") approving the LTA is attached hereto as Exhibit I, and the LTA is annexed thereto as Exhibit A. The Landlord has reviewed the Proposed Order approving the LTA and consents to entry thereof.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, as the Debtors have determined, in consultation with the Consultation Parties, that entry into the LTA is in the best interests of the Debtors' estates and all parties in interest, the Debtors respectfully request that the Court enter the Proposed Order approving the LTA without further notice or hearing at the Court's earliest convenience.

Dated:  July 5, 2016
         Wilmington, Delaware

/s/ Andrew L. Magaziner
Michael R. Nestor (No. 3526)
Kenneth J. Enos (No. 4544)
Andrew L. Magaziner (No. 5426)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
mnestor@ycst.com
kenos@ycst.com
amagaziner@ycst.com

-and-

Robert A. Klyman (CA No. 142723)
Matthew J. Williams (NY No. 3019106)
Jeremy L. Graves (CO No. 45522)
Sabina Jacobs (CA No. 274829)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-1512
Telephone: (213) 229-7000
Facsimile: (213) 229-7520
rklyman@gibsondunn.com
mjwilliams@gibsondunn.com
jgraves@gibsondunn.com
sjacobs@gibsondunn.com

*Counsel to the Debtors and Debtors in Possession*

# **EXHIBIT I**

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SPORTS AUTHORITY HOLDINGS, INC., *et al.*, | Case No. 16-10527 (MFW) |
| Debtors. | Jointly Administered |
| | **Ref. Docket Nos. 106 & 1186** |

## ORDER APPROVING DEBTORS' ENTRY INTO LEASE TERMINATION AGREEMENT WITH LANDLORD (STORE 296)

Upon consideration of the above-captioned debtors' and debtors-in-possessions' (the "Debtors") *Motion, Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code, Fed. R. Bankr. P. 2002, 6003, 6004, 6006, 9007, 9008 and 9014 and Del. Bankr. L.R. 2002-1, 6004-1 and 9006-1, for Entry of (I) an Order (A) Approving Bid Procedures in Connection with the Sale of Substantially All of the Debtors' Assets, (B) Scheduling an Auction for and Hearing to Approve Sale of Assets, (C) Approving Notice of Respective Date, Time and Place for Auction and for Hearing on Approval of Sale, (D) Approving Procedures for the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (E) Approving Form and Manner of Notice Thereof, and (F) Granting Related Relief; and (II) an Order Authorizing and Approving (A) the Sale of Substantially All of the Debtors' Assets Free and Clear of Liens, Claims, Rights, Encumbrances, and Other Interests, (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (C) Related Relief* [D.I. 106] (the "Motion")[1] seeking, among other things, entry of an order authorizing the disposition of certain of the Debtors' unexpired leases; and the Court having entered that certain *Order (A) Approving*

01:18873824.1

*Bid Procedures in Connection with the Sale of Substantially All of the Debtors' Assets, (B) Scheduling an Auction for and Hearing to Approve Sale of Assets, (C) Approving Notice of Respective Date, Time and Place for Auction and for Hearing on Approval of Sale, (D) Approving Procedures for the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (E) Approving Form and Manner of Notice Thereof, and (F) Granting Related Relief* [D.I. 1186] (the "<u>Bid Procedures Order</u>") establishing, among other things, procedures and guidelines for the disposition of certain unexpired leases of nonresidential real property; and the Debtors and Dolphin Mall Associates, LLC, the landlord (in such capacity, the "<u>Landlord</u>") of the unexpired lease of nonresidential real property covering certain premises commonly known as Dolphin Mall located at 11521 N.W. 12th Street, Miami, FL (Store No. 296) (the "<u>Lease</u>") having agreed to consensually terminate such Lease on the terms set forth in the Lease Termination Agreement attached hereto as **Exhibit A** (the "<u>Agreement</u>"); and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and it appearing that venue of these chapter 11 cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors and other parties in interest; and this Court having found that the relief requested in the Motion is justified by the facts and circumstances; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor,

---

[1]    Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

01:18873824.1

**IT IS HEREBY ORDERED, ADJUDGED and DECREED that:**

1. The Motion is granted as set forth herein.

2. Pursuant to sections 105, 363, and 365 of the Bankruptcy Code, the Debtors are authorized to enter into and perform under the Agreement.

3. The terms of the Agreement are approved in their entirety, including the Termination Date as set forth in the Agreement, which shall be no later than September 30, 2016 absent consent of the Landlord.

4. The parties to the Agreement are authorized to take any action necessary to effectuate the terms of this Order and the Agreement without further order of this Court.

5. The Landlord shall be forever barred, except as provided in the Agreement, from asserting a claim with respect to its Lease or the underlying premises, and by agreement of the parties, any claims previously filed or to be filed by the Landlord shall be expunged, with prejudice, including any alleged administrative expense claims or claims arising under or in connection with sections 365 or 502(b)(6) of the Bankruptcy Code.

6. The termination of the Lease and the surrender of the subject premises by the Debtors to the Landlord is a legal, valid and effective conveyance of the Lease and the underlying premises to the Landlord and shall vest the Landlord with all right, title and interest in and to the Lease and the premises pursuant to section 363(f) of the Bankruptcy Code, free and clear of any and all claims, liens and encumbrances, with all such encumbrances to attach to the proceeds of the conveyance to the same extent and with the same validity and priority, and the same defenses, as they presently exist, subject to the terms and conditions of this Order. Any entities holding any such interests are enjoined from asserting such interests against the Landlord, their respective successors or assigns, or the Lease or subject premises.

7. The Landlord has acted in good-faith and is a good-faith purchaser under section 363(m) of the Bankruptcy Code and, as such, is entitled to all protections and immunities afforded hereby. The negotiation and execution of the Agreement was in good faith and was an arm's length transaction. Neither the Landlord nor the Debtors have engaged in any conduct that would prevent the application of section 363(m) of the Bankruptcy Code or cause the application of, or implicate, section 363(n) of the Bankruptcy Code to the Agreement, or to otherwise prevent the consummation of the surrender of the subject premises to the Landlord in accordance therewith. In the absence of a stay pending appeal, the Landlord will be acting in good faith within the meaning of section 363(m) of the Bankruptcy Code in closing the transactions contemplated by the Agreement following entry of this Order.

8. Upon the Termination Date (as defined in the Agreement), any of the Debtors' personal property or furniture, fixtures and equipment remaining on the premises shall be deemed abandoned by the Debtors free and clear of all liens, claims, encumbrances and interests (collectively, the "Interests"), and Landlord may dispose of such property, in its sole discretion, free and clear of such Interests and without liability to the Debtors or any third party.

9. To the extent that the DIP Loans are then outstanding, the Landlord shall pay to the DIP Agent, as the Debtors' designee, any and all consideration required to be paid to the Debtors under the Agreement, with any such amounts to be applied by the DIP Agent in the manner and in the amounts and times as provided in the Court's *Final Order (I) Authorizing Debtors To Obtain Post-Petition Secured Financing Pursuant To 11 U.S.C. §§ 105, 362, 363, And 364; (II) Granting Liens And Superpriority Claims To Post-Petition Lenders Pursuant To 11 U.S.C. §§ 364 And 507; And (III) Authorizing The Use Of Cash Collateral And Providing*

*Adequate Protection To Prepetition Secured Parties And Modifying The Automatic Stay Pursuant To 11 U.S.C. §§ 361, 362, 363, And 364,* entered May 3, 2016 [D.I. No.1699].

10. Notwithstanding Bankruptcy Rule 6004, this Order shall be effective and enforceable immediately upon entry.

11. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
       July___, 2016

                                                    MARY F. WALRATH
                                                    UNITED STATES BANKRUPTCY JUDGE

# Exhibit A

## AGREEMENT

# LEASE TERMINATION AGREEMENT

THIS LEASE TERMINATION AGREEMENT (this "**Agreement**") is made as of June 24 2016, by and between Dolphin Mall Associates, LLC ("**Landlord**"), and TSA STORES, INC as debtor and debtor-in-possession ("**Tenant**").

WHEREAS, Landlord and Tenant entered into a certain lease dated 11/18/1997 (as the same may have been amended from time to time, and together with any and all other agreements affecting the subject premises, the "**Lease**"), covering certain premises commonly known as Dolphin Mall, 11521 N.W. 12th Street, Miami, FL, Debtors' store 296 (the "**Premises**"); and

WHEREAS, Tenant, along with its affiliated debtors and debtors in possession, has filed a voluntary petition for relief pursuant to chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the District of Delaware (together with any other court having proper jurisdiction, the "**Bankruptcy Court**"); and

WHEREAS, subject to the conditions set forth herein, the parties desire to terminate the Lease effective upon the completion of the GOB Sale and return of the Premises (the "**Termination Date**"), which Termination Date shall be no later than September 30, 2016 absent the consent of the Landlord. Tenant shall give Landlord at least five (5) days notice prior to the Termination Date.

NOW, THEREFORE, in consideration of the covenants and the mutual agreements contained herein, the receipt and sufficiency of which are hereby acknowledged, Landlord and Tenant hereby covenant and agree as follows, subject only to Bankruptcy Court approval:

1. <u>Payment of Purchase Price</u>. Landlord shall, on the Termination Date, deliver the purchase price for the Lease in the amount of $4,900,000.00 in immediately available funds wired to the account specified by Tenant, and, as set forth below, waive all claims held against the Tenant and its bankruptcy estate in Tenant's pending bankruptcy proceeding.

2. <u>Termination and Surrender</u>.

(a) As of the Termination Date, Tenant hereby surrenders the Premises to Landlord and does hereby give, grant and surrender unto Landlord all of Tenant's right, title and interest in and to the Premises, including, without limitation, all of Tenant's right, title and interest in, to and under the Lease, and Landlord hereby accepts such surrender. Except as otherwise expressly provided herein, each of the parties hereto acknowledges performance of all obligations of the other party under the Lease or otherwise in connection with the Premises through and including the Termination Date. The Lease is hereby agreed to be null and void and of no further force and effect as of the Termination Date. In addition, any and all rights and obligations of the parties that may have arisen in connection with the Premises shall be deemed to have expired and terminated as of the Termination Date, except that nothing herein shall waive any rights of indemnification owed by Tenant to Landlord under

1

the Lease, each of which shall be preserved to the full extent of applicable insurance coverage; provided, however, that Landlord's recourse for any indemnification arising under the Lease shall be strictly limited to applicable insurance proceeds and coverage benefits and in no event shall Landlord have recourse against Tenant or its estate.

(b) As of the Termination Date, except as to the obligations of Tenant and Landlord expressly set forth in this Agreement, Tenant and Landlord hereby mutually and forever release each other and their respective successors and assigns of and from any and all claims, damages, obligations, liabilities, actions and causes of action of every kind and nature whatsoever that may arise under or in connection with the Lease before, on or after the Termination Date, including, without limitation, any claims under section 502(b)(6) of the Bankruptcy Code. Such release shall and hereby does extend to all claims, demands, damages, liabilities, obligations or actions, either in law or in equity, of any kind or nature whatsoever, whether known or unknown, direct or indirect, matured or hereafter existing, including claims asserted in Tenant's bankruptcy, arising out of or relating to the Lease, the Premises or Tenant's occupancy of the Premises, or Tenant's initiation of its bankruptcy proceeding. Landlord and Tenant further hereby acknowledge that they may hereafter discover facts different from or in addition to those it knows or believes to be true with respect to claims that are subject of this release and the parties each hereby agree that the release shall be and remain effective in all respects, regardless of such additional or different facts.

(c) To the extent Landlord has filed or files any proof of claims with respect to the Lease or the Premises, Landlord consents to the expungement of such claims, with prejudice, and hereby affirmatively acknowledges that Landlord shall have no claim against Tenant or its estate in Tenant's pending bankruptcy proceeding or otherwise.

3. <u>Bankruptcy Court Approval/Higher and Better Offers</u>. This Agreement is contingent upon Tenant obtaining an order of the Bankruptcy Court authorizing Tenant to enter into the Agreement.

4. <u>Further Assurances</u>. At any time and from time to time after the date hereof, without further consideration, (a) at the request of Landlord, Tenant shall execute and deliver such other instruments of sale, transfer, conveyance and termination or consents and take such other action as Landlord may reasonably request as necessary or desirable in order to more effectively transfer, convey and surrender to Landlord all of Tenant's rights to the Premises and under the Lease, and (b) at the request of Tenant, Landlord shall execute and deliver such other instruments of assumption and confirmation and take such other action as Tenant may reasonably request as necessary or desirable in order to more effectively evidence Landlord's acceptance of Tenant's surrender of the Lease.

5. <u>"As Is, Where Is" Transaction</u>. Landlord hereby acknowledges and agrees that Tenant makes no representations or warranties whatsoever, express or implied, with respect to any matter relating to the Premises or the Lease. Accordingly, Landlord accepts the Premises "AS IS" and "WHERE IS."

2

6. <u>Miscellaneous.</u>

   (a) This Agreement is binding upon and shall inure to the benefit of Tenant's successors and assigns, including, without limitation, a trustee, if any, subsequently appointed under chapter 7 or chapter 11 of the Bankruptcy Code, and is binding upon and shall inure to the benefit of Landlord's successors and assigns.

   (b) Each of Tenant and Landlord warrants and represents that it has the power and authority to enter into this Agreement.

   (c) This Agreement and any additional agreements delivered in connection herewith together contain the entire agreement between the parties hereto, and except as otherwise specifically set forth herein, supersede all prior agreements and undertakings between the parties hereto relating to the subject matter hereof.

   (d) This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument, and presentation of any copy of this Agreement, whether original or facsimile (including in portable document format (pdf)), signed by Tenant and Landlord shall constitute sufficient proof of this Agreement.

   (e) This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware without regard to principles of conflicts of law, and any disputes shall be resolved by the Bankruptcy Court, which shall have exclusive jurisdiction at all times during which Tenant's bankruptcy case is pending.

   (f) Any and all sales, transfer and recording taxes, stamp taxes or similar taxes or fees, if any, relating to the termination of the Lease shall be the sole responsibility of Landlord and shall be paid, if applicable, to the proper governing body on the Termination Date.

   (g) This Agreement may not be amended orally but rather may be amended only by an agreement in writing signed by the party against whom enforcement of any waiver, change, modification or discharge is sought.

   *[Signatures are on the following page.]*

IN WITNESS WHEREOF, the parties hereto have duly executed this Agreement as of the date first written above.

TENANT:   TSA STORES, INC., Debtor-in-Possession

By: _____
Name: Douglas Garrett
Title: Chairman of the Wind Down Committee

LANDLORD: Dolphin Mall Associates, LLC

By: Susan E. Kaufman
Name: Susan E. Kaufman, Esq.
Title: Attorney for Dolphin Mall Associates, LLC

4