IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TSAWD HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 16-10527 (MFW)<br><br>Jointly Administered<br><br>Re: Docket No. 3579 |

### ORDER, PURSUANT TO BANKRUPTCY CODE SECTION 105(a), (I) ENFORCING THE 9019 ORDER AND 9019 SETTLEMENT AGREEMENT BY AND AMONG THE DEBTORS, THE TERM LOAN AGENT, AND CERTAIN NON-PERFORMING SETTLING VENDORS, AND (II) GRANTING RELATED RELIEF

Upon the joint motion (the "Motion") of TSAWD Holdings, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned Chapter 11 cases, and Wilmington Savings Fund Society, FSB, as successor administrative and collateral agent (the "Term Loan Agent") under that certain Amended and Restated Credit Agreement, dated as of November 16, 2010, by and among The Sports Authority, Inc., as the Borrower, Slap Shot Holdings Corp., as Holdings, the Term Loan Agent, and the lenders from time to time party thereto,[2] seeking entry of an order, pursuant to Section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), (i) enforcing the Court's *Order, Pursuant to Bankruptcy Code Section 105(a) and Bankruptcy Rule 9019, Approving the Settlement Agreement by and among the Debtors, Term Loan Agent, and Certain Consignment Vendors Party Thereto* [Docket No. 2434] (the "9019 Order") and that certain *Settlement Agreement Regarding Pay-by-Scan*

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: TSAWD Holdings, Inc. (9008); Slap Shot Holdings, Corp. (8209); TSAWD, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664). The headquarters for the above-captioned Debtors is located at 2305 East Arapahoe Road, Suite 234, Centennial, CO 80122.

[2] The Debtors and the Term Loan Agent are referred to herein together as the "Movants."

*Vendors, dated as of June 30, 2016*, attached as Exhibit A to the 9019 Order (the "9019 Settlement") against those Settling Vendors that are party to the 9019 Settlement and listed on Annex 1 to the proposed form of order attached to the Motion (the "Non-Performing Settling Vendors"), and (ii) to the extent that any Non-Performing Settling Vendors fail to comply with any Order entered by the Court with respect to the Motion, then preserving Movants' rights to seek sanctions against such Non-Performing Settling Vendors;[3] and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Order of Reference* from the United States District Court for the District of Delaware, dated as of February 9, 2012; and the Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b); and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and a hearing having been held to consider the relief requested in the Motion; and upon the record of the hearing and all of the proceedings had before the Court; and the Court having found that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, the Term Loan Agent, and all other parties in interest; and the Court having found that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

---

[3] Unless otherwise indicated, capitalized terms used herein but not defined shall have the meanings ascribed to them in the Motion.

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** to the extent set forth herein.

2. The Non-Performing Settling Vendors listed on **Annex 1** hereto are hereby found and adjudged to owe the respective Vendor Return Amount as set forth on **Annex 1** hereto to the Term Loan Agent.

3. Except as set forth in Paragraph 4 below, the Non-Performing Settling Vendors listed on **Annex 1** hereto are hereby directed to and shall, within five (5) business days of entry of this Order, pay to the Term Loan Agent the respective Vendor Return Amount due from each such Non-Performing Settling Vendor as set forth on **Annex 1** hereto. The Non-Performing Settling Vendors shall make such payments in accordance with the payment instructions set forth on the applicable notice sent by the Term Loan Agent to the Non-Performing Settling Vendor in December 2016.

4. Upon agreement of the Term Loan Agent and the Non-Performing Settling Vendors listed in this Paragraph 4, the following Non-Performing Settling Vendors shall pay their respective Vendor Return Amounts as follows:

   (i) Caravan Canopy International Inc. shall pay its Vendor Return Amount of $43,569.55 as follows: (a) to the extent not already paid, $15,000.00 within three (3) business days of entry of this Order; (b) $15,000.00 by not later than June 9, 2017; and (c) $13,569.55 by not later than July 14, 2017.

   (ii) Clearview Systems Inc. (d/b/a RIP) shall pay its Vendor Return Amount of $93,179.68 as follows: (a) to the extent not already paid, $18,635.93 within three (3) business days of entry of this Order; (b) $18,635.93 by not later than June 1, 2017; (c) $18,635.93 by not later than July 1, 2017; (d) $18,635.93 by not later than August 1, 2017; and (e) $18,635.93 by not later than September 1, 2017.

   (iii) SGS Sports, Inc. shall pay its Vendor Return Amount of $132,808.33 as follows: (a) $66,404.17 within three (3) business days of entry of this Order; (b) $16,601.04 by not later than June 1, 2017; (c) $16,601.04 by not later than July 1, 2017; (d) $16,601.04 by not later than August 1, 2017; and (e) $16,601.04 by not later than September 1, 2017.

5.  The Motion is adjourned until June 27, 2017, with respect to the Non-Performing Settling Vendors set forth on **Annex 2** hereto, and, to the extent such parties have not filed objections or responses to the Motion as of the date hereof, such parties must file and serve any objections to the Motion on the Term Loan Agent and the Debtors no later than June 20, 2017 at 4:00 p.m. (ET).

6.  To the extent that any Non-Performing Settling Vendor not subject to the agreements summarized in Paragraph 4 hereof fails to pay to the Term Loan Agent their respective Vendor Return Amount identified on **Annex 1** hereto within five (5) business days of entry of this Order, then (a) Movants' rights to seek sanctions against such Non-Performing Settling Vendors is expressly preserved, and (b) such Non-Performing Settling Vendor shall show cause why they should not be held in contempt and sanctioned, and a hearing shall be held on June 27, 2017 at 10 : 30 a.m. to address any such issue of contempt and sanctions.

7.  To the extent that any Non-Performing Settling Vendor listed in Paragraph 4 hereof fails to pay to the Term Loan Agent their respective Vendor Return Amount in accordance with Paragraph 4, then (a) Movants' rights to seek sanctions against such Non-Performing Settling Vendors is expressly preserved, and (b) such Non-Performing Settling Vendor shall show cause why they should not be held in contempt and sanctioned, and a hearing shall be held at the first omnibus hearing following such Non-Performing Settling Vendor's default, provided that such hearing is at least twenty-one days after such date of default.

8.  This Court shall retain jurisdiction with respect to all matters related to the interpretation and implementation of this Order.

Dated: May 23, 2017
Wilmington Delaware

HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE