IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TSAWD HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 16-10527 (MFW)<br><br>Jointly Administered<br><br>Re: Docket No. 3579, 3628 |

**FURTHER ORDER, PURSUANT TO
BANKRUPTCY CODE SECTION 105(a), (I) ENFORCING THE 9019 ORDER
AND 9019 SETTLEMENT AGREEMENT BY AND AMONG THE DEBTORS,
THE TERM LOAN AGENT, AND CERTAIN NON-PERFORMING
SETTLING VENDORS, AND (II) GRANTING RELATED RELIEF**

Upon the joint motion (the "Motion") of TSAWD Holdings, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned Chapter 11 cases, and Wilmington Savings Fund Society, FSB, as successor administrative and collateral agent (the "Term Loan Agent") under that certain Amended and Restated Credit Agreement, dated as of November 16, 2010, by and among The Sports Authority, Inc., as the Borrower, Slap Shot Holdings Corp., as Holdings, the Term Loan Agent, and the lenders from time to time party thereto,[2] seeking entry of an order, pursuant to Section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), (i) enforcing the Court's *Order, Pursuant to Bankruptcy Code Section 105(a) and Bankruptcy Rule 9019, Approving the Settlement Agreement by and among the Debtors, Term Loan Agent, and Certain Consignment Vendors Party Thereto* [Docket No. 2434] (the "9019 Order") and that certain *Settlement Agreement Regarding Pay-by-Scan*

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: TSAWD Holdings, Inc. (9008); Slap Shot Holdings, Corp. (8209); TSAWD, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664). The headquarters for the above-captioned Debtors is located at 2305 East Arapahoe Road, Suite 234, Centennial, CO 80122.

[2] The Debtors and the Term Loan Agent are referred to herein together as the "Movants."

*Vendors, dated as of June 30, 2016*, attached as <u>Exhibit A</u> to the 9019 Order (the "<u>9019 Settlement</u>") against those Settling Vendors that are party to the 9019 Settlement and listed on <u>Annex 1</u> to the proposed order annexed to the Motion (the "<u>Non-Performing Settling Vendors</u>"), and (ii) to the extent that any Non-Performing Settling Vendors fail to comply with any Order entered by the Court with respect to the Motion, then preserving Movants' rights to seek sanctions against such Non-Performing Settling Vendors;[3] and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Order of Reference* from the United States District Court for the District of Delaware, dated as of February 9, 2012; and the Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b); and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and hearings having been held to consider the relief requested in the Motion on May 23, 2017 and July 13, 2017 (together, the "<u>Hearings</u>"); and upon the record of the Hearings and all of the proceedings had before the Court; and the Court having found that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, the Term Loan Agent, and all other parties in interest; and the Court having found that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

---

[3]    Unless otherwise indicated, capitalized terms used herein but not defined shall have the meanings ascribed to them in the Motion.

2

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** to the extent set forth herein and is otherwise adjourned as set forth in paragraph 5 below.

2. The Non-Performing Settling Vendors listed on **Annex 1** hereto are hereby found and adjudged to owe the respective Vendor Return Amount as set forth on **Annex 1** hereto to the Term Loan Agent.

3. Except as set forth in Paragraph 4 below, the Non-Performing Settling Vendors listed on **Annex 1** hereto are hereby directed to and shall, within five (5) business days of entry of this Order, pay to the Term Loan Agent the respective Vendor Return Amount due from each such Non-Performing Settling Vendor as set forth on **Annex 1** hereto. The Non-Performing Settling Vendors shall make such payments in accordance with the payment instructions set forth on the applicable notice sent by the Term Loan Agent to the Non-Performing Settling Vendor in December 2016 (subject to the Term Loan Agent's ability to consent to different payment instructions in its sole discretion).

4. Upon agreement of the Term Loan Agent and the Non-Performing Settling Vendor listed in this Paragraph 4, the following Non-Performing Settling Vendor shall pay its Vendor Return Amount as follows:

   a) ACCU-NET LLC shall pay its Vendor Return Amount of $16,561.51 in the following installment amounts so to be received by the Term Loan Agent by the corresponding payment date: (i) $2,760.25 by July 20, 2017; (ii) $2,760.25 by August 20, 2017; (iii) $2,760.25 by September 20, 2017; (iv) $2,760.25 by October 20, 2017; (v) $2,760.25 by November 20, 2017; and (vi) $2,760.26 by December 20, 2017.

5. The Motion is adjourned until August 22, 2017 at 10:30 a.m. (Eastern), or such later date as the Term Loan Agent may agree in its sole discretion, with respect to the Non-Performing Settling Vendors set forth on **Annex 2** hereto. To the extent that such Non-

Performing Settling Vendors identified on **Annex 2** hereto have not filed objections or responses to the Motion as of the date hereof, such parties must file and serve any objections to the Motion on the Term Loan Agent and the Debtors so as to be received no later than August 15, 2017 at 4:00 p.m. (ET), unless otherwise agreed in writing by the Term Loan Agent, acting in its sole discretion.

6. To the extent that any Non-Performing Settling Vendor listed on **Annex 1** hereto (that is not subject to the agreement summarized in Paragraph 4 hereof) fails to pay to the Term Loan Agent its respective Vendor Return Amount identified on **Annex 1** hereto within five (5) business days of entry of this Order, then (a) Movants' rights to seek sanctions against such Non-Performing Settling Vendors are expressly preserved, and (b) such Non-Performing Settling Vendor shall appear at a hearing (the "Show Cause Hearing") before this Court and show cause why it should not be held in civil contempt and sanctioned. Unless otherwise agreed to by the Term Loan Agent in its sole discretion, the Show Cause Hearing shall be held on **August 22, 2017** at **10:30 am (Eastern)** to address any such issue of contempt and sanctions.

7. To the extent that the Non-Performing Settling Vendor listed in Paragraph 4 hereof fails to pay to the Term Loan Agent its Vendor Return Amount in accordance with Paragraph 4, then (a) Movants' rights to seek sanctions against such Non-Performing Settling Vendor are expressly preserved, and (b) such Non-Performing Settling Vendor shall appear at a hearing before this Court and show cause why it should not be held in contempt and sanctioned, and a hearing shall be held at the first available hearing date (which may be an omnibus hearing occurring at least 21 days after the first missed payment date giving rise to such Non-Performing Settling Vendor's default).

8.  The Court hereby finds and concludes that the Non-Performing Settling Vendors listed on **Annex 3** hereto are in civil contempt of the Court's *Order, Pursuant to Bankruptcy Code Section 105(a), (I) Enforcing the 9019 Order and 9019 Settlement Agreement by and among the Debtors, the Term Loan Agent, and Certain Non-Performing Settling Vendors, and (II) Granting Related Relief* [Docket No. 3628] (the "Initial Order"), entered on May 23, 2017, and hereby imposes sanctions on such Non-Performing Settling Vendors as set forth herein. The Non-Performing Settling Vendors listed on **Annex 3** hereto each shall pay their allocable share of the reasonable and documented fees and expenses incurred by the Debtors and the Term Loan Agent in seeking to enforce the 9019 Order and 9019 Settlement, including without limitation, the reasonable and documented attorneys' and other professional fees and expenses incurred in connection with preparing, filing, serving and prosecuting the Motion and enforcing the Initial Order and this Order (collectively, the "Enforcement Fees and Costs"). The Debtors and Term Loan Agent, respectively, are authorized to serve on each Non-Performing Settling Vendor listed on **Annex 3** hereto a summary statement (the "Enforcement Fees and Costs Statement") setting forth each applicable Non-Performing Settling Vendor's allocable share of the Enforcement Fees and Costs. Not later than fourteen (14) calendar days following the date of service of the Enforcement Fees and Costs Statement, each Non-Performing Settling Vendor listed on **Annex 3** hereto shall either: (a) pay to the Debtors and Term Loan Agent, respectively, their allocable share of the Enforcement Fees and Costs Statement; or (b) file with the Court and serve on the Debtors and Term Loan Agent an objection to the Enforcement Fees and Costs Statement. To the extent that a Non-Performing Settling Vendor listed on **Annex 3** hereto files any such objection, the dispute regarding the allocable share of the Enforcement Fees and Costs only shall be heard by the Court at the next scheduled omnibus hearing occurring at least seven (7) calendar

days after such objection is filed. For the avoidance of doubt, Movants' rights to seek further or additional sanctions against any Non-Performing Settling Vendors are expressly preserved.

9. The Court shall retain jurisdiction with respect to all matters relating to or arising out of the interpretation, implementation and/or enforcement of this Order.

Dated: July 13, 2017  
Wilmington Delaware

_____  
HONORABLE MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE