IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TSAWD HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 16-10527 (MFW)<br><br>Jointly Administered<br><br>**Re: Docket No. 3579, 3628** |

### SECOND FURTHER ORDER, PURSUANT TO BANKRUPTCY CODE SECTION 105(a), (I) ENFORCING THE 9019 ORDER AND 9019 SETTLEMENT AGREEMENT BY AND AMONG THE DEBTORS, THE TERM LOAN AGENT, AND CERTAIN NON-PERFORMING SETTLING VENDORS, AND (II) GRANTING RELATED RELIEF

Upon the joint motion (the "Motion") of TSAWD Holdings, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned Chapter 11 cases, and Wilmington Savings Fund Society, FSB, as successor administrative and collateral agent (the "Term Loan Agent") under that certain Amended and Restated Credit Agreement, dated as of November 16, 2010, by and among The Sports Authority, Inc., as the Borrower, Slap Shot Holdings Corp., as Holdings, the Term Loan Agent, and the lenders from time to time party thereto,[2] seeking entry of an order, pursuant to Section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), (i) enforcing the Court's *Order, Pursuant to Bankruptcy Code Section 105(a) and Bankruptcy Rule 9019, Approving the Settlement Agreement by and among the Debtors, Term Loan Agent, and Certain Consignment Vendors Party Thereto* [Docket No. 2434] (the "9019 Order") and that certain *Settlement Agreement Regarding Pay-by-Scan*

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: TSAWD Holdings, Inc. (9008); Slap Shot Holdings, Corp. (8209); TSAWD, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664). The headquarters for the above-captioned Debtors is located at 2305 East Arapahoe Road, Suite 234, Centennial, CO 80122.

[2] The Debtors and the Term Loan Agent are referred to herein together as the "Movants."

*Vendors, dated as of June 30, 2016*, attached as <u>Exhibit A</u> to the 9019 Order (the "<u>9019 Settlement</u>") against those Settling Vendors that are party to the 9019 Settlement and listed on <u>Annex 1</u> to the proposed order annexed to the Motion (the "<u>Non-Performing Settling Vendors</u>"), and (ii) to the extent that any Non-Performing Settling Vendors fail to comply with any Order entered by the Court with respect to the Motion, then preserving Movants' rights to seek sanctions against such Non-Performing Settling Vendors;[3] and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Order of Reference* from the United States District Court for the District of Delaware, dated as of February 9, 2012; and the Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and hearings having been held to consider the relief requested in the Motion on May 23, 2017, July 13, 2017 and August 22, 2017 (together, the "<u>Hearings</u>"); and upon the record of the Hearings and all of the proceedings had before the Court; and the Court having found that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, the Term Loan Agent, and all other parties in interest; and the Court having found that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

---

[3]    Unless otherwise indicated, capitalized terms used herein but not defined shall have the meanings ascribed to them in the Motion.

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** to the extent set forth herein and is otherwise adjourned as set forth in paragraph 4 below.

2. Implus Footcare, Inc. ("Implus") and the Term Loan Agent have agreed that Implus' Vendor Return Amount is $414,000.000. Implus paid its Vendor Return Amount to the Term Loan Agent via wire transfer on August 18, 2017.

3. In consideration of the agreement set forth in Paragraph 2 of this Order and Implus's payment of the Vendor Return Amount, (a) the Term Loan Agent, each of the Term Loan Lenders, and the Debtors release and waive any and all claims and demands, known or unknown, against Implus arising from or related to (i) Implus's consignment relationship with the Debtors, (ii) the 9019 Motion, (iii) the Final Reconciliation, and (iv) the Motion; and (b) Implus releases and waives any and all claims and demands, known or unknown, against the Term Loan Agent, each of the Term Loan Lenders, and the Debtors arising from or related to (i) Implus's consignment relationship with the Debtors, (ii) the 9019 Motion, (iii) the Final Reconciliation and (iv) the Motion.

4. The Motion is adjourned until **September 27, 2017** at **10:30 am (Eastern)**, or such later date as the Term Loan Agent may agree in its sole discretion, with respect to the Non-Performing Settling Vendors set forth on **Annex 1** hereto. To the extent that such Non-Performing Settling Vendors identified on **Annex 1** hereto have not filed objections or responses to the Motion as of the date hereof, such parties must file and serve any objections to the Motion on the Term Loan Agent and the Debtors so as to be received no later than **September 22, 2017** at **4:00 p.m. (ET)**, unless otherwise agreed in writing by the Term Loan Agent, acting in its sole discretion.

5. The Court hereby finds and concludes that the Non-Performing Settling Vendors listed on **Annex 2** hereto are in civil contempt of the Court's *Order, Pursuant to Bankruptcy Code Section 105(a), (I) Enforcing the 9019 Order and 9019 Settlement Agreement by and among the Debtors, the Term Loan Agent, and Certain Non-Performing Settling Vendors, and (II) Granting Related Relief* [Docket No. 3628] (the "Initial Order"), entered on May 23, 2017, and hereby imposes sanctions on such Non-Performing Settling Vendors as set forth herein. The Non-Performing Settling Vendors listed on **Annex 2** hereto each shall pay their allocable share of the reasonable and documented fees and expenses incurred by the Debtors and the Term Loan Agent in seeking to enforce the 9019 Order and 9019 Settlement, including without limitation, the reasonable and documented attorneys' and other professional fees and expenses incurred in connection with preparing, filing, serving and prosecuting the Motion and enforcing the Initial Order and this Order (collectively, the "Enforcement Fees and Costs"). The Debtors and Term Loan Agent, respectively, are authorized to serve on each Non-Performing Settling Vendor listed on **Annex 2** hereto a summary statement (the "Enforcement Fees and Costs Statement") setting forth each applicable Non-Performing Settling Vendor's allocable share of the Enforcement Fees and Costs. Not later than fourteen (14) calendar days following the date of service of the Enforcement Fees and Costs Statement, each Non-Performing Settling Vendor listed on **Annex 2** hereto shall either: (a) pay to the Debtors and Term Loan Agent, respectively, their allocable share of the Enforcement Fees and Costs Statement; or (b) file with the Court and serve on the Debtors and Term Loan Agent an objection to the Enforcement Fees and Costs Statement. To the extent that a Non-Performing Settling Vendor listed on **Annex 2** hereto files any such objection, the dispute regarding the allocable share of the Enforcement Fees and Costs only shall be heard by the Court at the next scheduled omnibus hearing occurring at least seven (7) calendar

days after such objection is filed. For the avoidance of doubt, Movants' rights to seek further or additional sanctions against any Non-Performing Settling Vendors are expressly preserved.

6.  Movants' rights to seek sanctions against Pinnacle Sports Equipment Inc. ("Pinnacle") in respect of its Vendor Return Amount is hereby expressly preserved and the Show Cause Hearing to address why Pinnacle should not be held in civil contempt and sanctioned (and issues related thereto) shall be held on **September 27, 2017** at **10:30 am (Eastern)**.

7.  The Court shall retain jurisdiction with respect to all matters relating to or arising out of the interpretation, implementation and/or enforcement of this Order.

Dated: August 22, 2017
Wilmington Delaware

_____
HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE