## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TSAWD HOLDINGS, INC., *et al.,*[1] | Case No. 16-10527 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Docket Ref. No. 3798** |

## ORDER: (A) APPROVING DISCLOSURE STATEMENT OF TSA CARIBE, INC.; (B) FIXING VOTING RECORD DATE; (C) APPROVING SOLICITATION MATERIALS AND PROCEDURES FOR DISTRIBUTION THEREOF; (D) APPROVING FORMS OF BALLOTS AND ESTABLISHING PROCEDURES FOR VOTING ON PLAN; (E) SCHEDULING HEARING AND ESTABLISHING NOTICE AND OBJECTION PROCEDURES IN RESPECT OF CONFIRMATION OF THE PLAN; (F) ESTABLISHING AN ADMINISTRATIVE EXPENSE CLAIM BAR DATE; AND (G) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion") of TSA Caribe, Inc. ( "Caribe"),

a debtor in the above-captioned cases (each a "Chapter 11 Case", and collectively, the "Chapter

11 Cases") for entry of an order, pursuant to sections 105, 502, 1125, 1126 and 1128 of title 11

of the United States Code (the "Bankruptcy Code"),  Rules 2002, 3001, 3003, 3017, 3018 and

3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3017-1

of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court

for the District of Delaware (the "Local Rules"): (a) approving the *Disclosure Statement With*

*Respect to the Chapter 11 Plan of Liquidation of TSA Caribe, Inc.* (as the same may be amended,

modified, and/or supplemented, the "Disclosure Statement"); (b) fixing a voting record date for

---

[1]     The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: TSAWD Holdings, Inc. (9008); Slap Shot Holdings Corp. (8209); TSAWD, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664). The headquarters for the above-captioned Debtors is located at 2305 East Arapahoe Road, Suite 234, Centennial, CO 80122 (collectively, the "TSA Debtors").

The TSA Debtors were formerly known as:  Sports Authority Holdings, Inc. (9008); Slap Shot Holdings Corp. (8209); The Sports Authority, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664).

purposes of determining which holders of Claims[2] against Caribe are entitled to vote on the *Chapter 11 Plan of Liquidation of TSA Caribe, Inc.* (as the same may be amended, modified, and/or supplemented, the "<u>Plan</u>"); (c) approving solicitation materials and procedures for distribution of the Disclosure Statement and the Plan; (d) approving forms of Ballots and establishing procedures for voting on the Plan; (e) scheduling a hearing and establishing notice and objection procedures in respect of confirmation of the Plan; (f) establishment of an administrative expense claim bar date; and (g) granting related relief; and the Court having jurisdiction to consider the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and Caribe having filed with the Court the Disclosure Statement and the Plan; and the Court having reviewed the Disclosure Statement, the Motion, and the responses thereto, if any; and the Court having found and determined that the legal and factual bases set forth in the Motion and at the Disclosure Statement Hearing, if any, establish just cause for the relief granted herein; and sufficient notice of the Motion and the Disclosure Statement Hearing having been given; and no other or further notice being necessary or required; and it appearing to the Court, based upon the full record of Caribe's Chapter 11 Case, that the Motion should be granted; and after due deliberation, and sufficient cause appearing therefor,

---

[2]      Capitalized terms used but not otherwise defined herein shall the meanings that are ascribed to such terms in the Motion, the Disclosure Statement or the Plan, as applicable.

**IT IS HEREBY FOUND THAT:**

A.      The Disclosure Statement attached hereto as <u>Exhibit 4</u> (together with all exhibits) contains "adequate information" about the Plan within the meaning of section 1125 of the Bankruptcy Code.

B.      Notice of the Motion and the Disclosure Statement Hearing Notice were served as proposed in the Motion, and such notice constitutes good and sufficient notice to all interested parties and no other or further notice need be provided.

C.      The period, set forth below, during which Caribe may solicit acceptances to the Plan is a reasonable and adequate period of time under the circumstances for creditors entitled to vote to make an informed decision to accept or reject the Plan, including to make an informed decision to object to the Plan.

D.      The proposed timeline for the Confirmation Hearing complies with the Bankruptcy Code, Bankruptcy Rules, and Local Rules and will enable Caribe to pursue confirmation of the Plan in a timely fashion.

E.      The procedures for the solicitation and tabulation of votes to accept or reject the Plan (as more fully set forth in the Motion and in this Order below) provide for a fair and equitable voting process, and are consistent with section 1126 of the Bankruptcy Code.

F.      The notice substantially in the form annexed hereto as <u>Exhibit 1</u> (the "<u>Confirmation Hearing Notice</u>"), the notice substantially in the form annexed hereto as <u>Exhibit 3</u> (the "<u>Non-Voting Party Notice</u>"), and the procedures set forth below for providing such notices to creditors of the time, date, and place of the hearing to consider confirmation of the Plan (the "<u>Confirmation Hearing</u>"), and the contents of the Confirmation Hearing Notice and the Non-Voting Party Notice, comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties.

G.      The forms of Ballots annexed hereto as <u>Exhibits 2-A</u>, <u>2-B</u>, and <u>2-C</u>, respectively, are sufficiently consistent with Official Form No. 14, adequately address the particular needs of Caribe's Chapter 11 case, and are appropriate for each Class of Claims or Equity Interests that is entitled to vote to accept or reject the Plan.

H.      The notice substantially in the form annexed hereto as <u>Exhibit 5</u> (the "<u>Administrative Expense Claim Bar Date Notice</u>") complies with Bankruptcy Rules 2002 and 3003 and constitutes sufficient notice to all interested parties.

I.      The relief requested in the Motion is in the best interests of Caribe, its estate, and all parties in interest.

J.      The legal and factual bases set forth in the Motion and at the Disclosure Statement Hearing establish just cause for the relief granted herein.

**NOW THEREFOR, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:**

1.      The Motion is GRANTED as set forth herein.

2.      Any and all objections to the Motion not otherwise settled or withdrawn are hereby overruled.

3.      The Disclosure Statement is approved as containing adequate information within the meaning of section 1125 of the Bankruptcy Code.

4.      October 18, 2017, is established as the voting record date (the "<u>Voting Record Date</u>") for purposes of this Order and determining which creditors are entitled to vote on the Plan.  The Voting Record Date shall be the date fixed for determining which creditors and equity interest holders in the Non-Voting Classes are entitled to receive an appropriate Notice of Non-Voting Status.

5.      **The Confirmation Hearing shall be held on December 5, 2017 at 10:30 a.m. (ET)**; provided, <u>however</u>, that the Confirmation Hearing may be adjourned from time to

time by the Court or Caribe without further notice at any time prior to the commencement of the

Confirmation Hearing.

6.     Objections to confirmation of or proposed modifications to the Plan, if

any, must (a) be in writing; (b) state the name and address of the objecting party; (c) state the

amount (if applicable) and nature of the Claim of such party; (d) state with particularity the basis

and nature of any objection to the Plan and proposed modifications to the Plan that would resolve

such objection; and (e) be filed, together with proof of service, with the Court and served so that

they are received by the parties identified in the Confirmation Hearing Notice or the Non-Voting

Party Notice no later than **4:00 p.m. (ET) on November 20, 2017 (the "Confirmation**

**Objection Deadline")**.  Objections to confirmation of the Plan that are not timely filed and

served in the manner set forth above may not be considered by the Court.

7.     Caribe shall cause to be served the Confirmation Hearing Notice on the

Notice Parties on or before the Solicitation Commencement Date (defined below).

8.     Caribe shall mail or cause to be mailed to holders of Claims or Equity

Interests entitled to vote on the Plan (collectively, the "Voting Parties"), on or before October 23,

2017 (the "Solicitation Commencement Date"), a solicitation package (the "Solicitation

Package"), containing: (i) the Confirmation Hearing Notice, which shall set forth (a) this Court's

approval of the Disclosure Statement, (b) the Voting Deadline with respect to the Plan, (c) the

date and time of the Confirmation Hearing, and (d) the Confirmation Objection Deadline and

procedures for filing objections to confirmation of the Plan; (ii) a CD containing a copy of this

Order (without exhibits) and a copy of the Disclosure Statement (together with the Plan and

other exhibits annexed thereto); and (iii) the appropriate Ballot to accept or reject the Plan and a

self-addressed, return envelope.

9.     The Solicitation Packages and the proposed manner of service thereof satisfy the requirements of Bankruptcy Rule 3017(d).

10.     Pursuant to Bankruptcy Rule 3017(d), Caribe is not required to transmit a Solicitation Package to the Non-Voting Parties.  Caribe shall mail, or cause to be mailed, a Non-Voting Party Notice to each Non-Voting Party on or before the Solicitation Commencement Date.

11.     Caribe shall cause to be served, on or before the Solicitation Commencement Date, the Solicitation Packages, Confirmation Hearing Notice, and Non-Voting Party Notices, as applicable, to:

       (a)     all persons or entities identified on Caribe's Schedules, excluding scheduled Claims that have been (i) superseded by a filed proof of claim prior to the Voting Record Date, (ii) disallowed and/or expunged, or (iii) paid in full;

       (b)     all parties who filed proofs of claim, as reflected on the official claims register maintained by the Balloting Agent, as of the close of business on the Voting Record Date, and whose Claims have not been either (i) disallowed and/or expunged or (ii) otherwise settled prior to the Solicitation Commencement Date;

       (c)     the assignee of a transferred and assigned Claim (whether a filed Claim or a Claim included on the Schedules) if the transfer and assignment has been noted on the Court's docket and is effective pursuant to Bankruptcy Rule 3001(e) as of the close of business on the Voting Record Date; and

       (d)     all persons of entities identified in Caribe's records as holding Equity Interests.

12.     With respect to addresses from which one or more prior notices served in the Chapter 11 Cases were returned as undeliverable, Caribe is excused from distributing Solicitation Packages, Confirmation Hearing Notices, and Non-Voting Party Notices, as applicable, to those entities listed at such addresses if Caribe is unable to obtain accurate addresses for such entities before the Solicitation Commencement Date.

13.    Caribe is excused from re-distributing Solicitation Packages, Confirmation Hearing Notices, and Non-Voting Party Notices that are returned as undeliverable.

14.    Caribe is authorized to make nonsubstantive changes to the Disclosure Statement, the Plan, and related documents without further order of the Court, including ministerial changes to correct typographical and grammatical errors, and to make conforming changes among the Disclosure Statement, the Plan and any other materials in the Solicitation Packages prior to mailing.

15.    **November 20, 2017 at 4:00 p.m. (PT) is established as the voting deadline (the "<u>Voting Deadline</u>")** for purposes of this Order and solicitation of votes with respect to the Plan.

16.    The Ballots, substantially in the form attached hereto as <u>Exhibits 2-A</u>, <u>2-B</u>, and <u>2-C</u>, respectively, are approved.

17.    All Ballots of holders of Claims in Classes 3, 4, and 5 must be properly executed, completed, and the original thereof shall be delivered to the Balloting Agent so as to be actually received no later than the Voting Deadline.

18.    Notwithstanding anything contained herein, the following exceptions shall apply with respect to the voting and tabulation procedures:

(a)    If a Claim is deemed Allowed under the Plan or pursuant to a stipulation or settlement agreement approved by order of the Court, such Claim is Allowed for voting purposes in the deemed Allowed amount set forth in the Plan, stipulation or settlement agreement.

(b)    If a proof of claim was timely filed prior to the Voting Record Date in an amount that is liquidated and non-contingent, such Claim shall be deemed allowed for voting purposes only and not for purposes of allowance or distribution, in the amount set forth on the proof of claim; provided, however, that a party whose claim has been indefeasibly paid, in full or in part, shall only be permitted to vote the unpaid amount of such Claim, if any, to accept or reject the Plan.

(c)     If a proof of claim has been timely filed prior to the Bar Date and such Claim is wholly contingent or unliquidated, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, in an amount equal to $1.00.

(d)     If a proof of claim has been timely filed prior to the Bar Date and such Claim is unliquidated or contingent in part, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, in the liquidated and non-contingent amount only, less any amounts that have been indefeasibly paid toward such Claim.

(e)     If a proof of claim has not been timely filed prior to the Bar Date, or a Claim has not been otherwise Allowed prior to the Voting Record Date, and such Claim is reflected in Caribe's Schedules and is not listed as contingent, unliquidated or disputed, such Claim shall be allowed for voting purposes only in the amount reflected in Caribe's Schedules; provided, however, that a party whose claim has been indefeasibly paid, in full or in part, shall only be permitted to vote the unpaid amount of such Claim, if any, to accept or reject the Plan.

(f)     If a Claim has been scheduled by Caribe and is wholly contingent or unliquidated (but not disputed), and has not be superseded by a proof of claim filed prior to the Voting Record Date, such claim shall be temporarily allowed for voting purposes only in an amount equal to $1.00.

(g)     If a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of distribution.

(h)     If Caribe has served an objection to a Claim or request for estimation as to a Claim on or before October 18, 2017, such Claim is temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except as ordered by the Court before the Voting Deadline.

(i)     For purposes of voting, Equity Interests shall be as set forth in Caribe's Schedules.

(j)     For purposes of voting, classification and treatment under the Plan, each entity that holds or has filed more than one (1) Claim or Equity Interest, shall be treated as if such entity has only one (1) Claim or Equity Interest in each applicable Class and the Claims or Equity Interests shall be aggregated in each applicable Class and the total dollar amount of such entity's Claims or Equity Interest in

each applicable Class shall be the sum of the aggregated Claims or Equity Interests of such entity in each applicable Class.

19. The following procedures and general assumptions shall be used in tabulating the Ballots:

(a) For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims or Equity Interests held by a single person or entity in a particular Class will be aggregated as if such person or entity held one Claim or Equity Interest against Caribe in such Class, and the votes related to such Claims or Equity Interests will be treated as a single vote to accept or reject the Plan.

(b) Creditors or Holders of Equity Interests must vote all of their Claims within a particular Class either to accept or reject the Plan and may not split their vote. Accordingly, an individual Ballot or multiple Ballots with respect to multiple Claims or Equity Interests within a single Class that partially rejects and partially accepts the Plan will not be counted.

(c) Ballots that fail to indicate an acceptance or rejection of the Plan or that indicate both acceptance and rejection of the Plan, but which are otherwise properly executed and received prior to the Voting Deadline, will not be counted.

(d) Only Ballots that are timely received with appropriate signature(s) will be counted. Unsigned Ballots and/or untimely Ballots will not be counted.

(e) Only Creditors or Holders of Equity Interests may vote unless a properly executed, written power of attorney is submitted with each Ballot cast, which evidences such party's intention to have such other person complete the Ballot on the Creditor or Holder of Equity Interest's behalf, provided, however, that Caribe may elect to waive this requirement in their sole and absolute discretion.

(f) A Creditor whose Claim is subject to a pending objection is not eligible to vote unless such objection(s) are resolved in such Creditor's favor, Caribe and the Creditor stipulate to a Claim for voting purposes only, or, after notice and a hearing pursuant to Bankruptcy Rule 3018(a), the Bankruptcy Court allows the Claim temporarily or estimates the amount of the Claim for purposes of voting to accept or reject the Plan.

(g) Ballots postmarked prior to the Voting Deadline, but received after the Voting Deadline, will not be counted.

(h)     Ballots which are illegible, or contain insufficient information to permit the identification of the Creditor or Holder of Equity Interest, will not be counted.

(i)     Whenever a Creditor or Holder of Equity Interest casts more than one Ballot voting the same Claim or Equity Interest prior to the Voting Deadline, the last valid Ballot received prior to the Voting Deadline shall be deemed to reflect the voter's intent and supersede any prior Ballots.

(j)     If a Creditor or Holder of Equity Interest simultaneously casts inconsistent duplicate Ballots with respect to the same Claim or Equity Interest, such Ballots shall not be counted.

(k)     Each Creditor or Holder of Equity Interest shall be deemed to have voted the full amount of its Claim or Equity Interest. Unless otherwise ordered by the Court, questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawal of Ballots shall be determined by the Balloting Agent and Caribe, which determination shall be final and binding.

(l)     Any Ballot containing a vote that this Court determines, after notice and a hearing, was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code shall not be counted for voting or tabulation purposes.

(m)    Any Ballot cast by a person or entity that does not hold a Claim or Equity Interest in a Class that is entitled to vote to accept or reject the Plan shall not be counted for voting or tabulation purposes.

(n)     Any Ballot voting on account of a proof of claim filed after the Bar Date that has not been temporarily allowed for voting purposes by order of the Court shall not be counted for voting or tabulation purposes.

(o)     Ballots cast for Claims listed in Caribe's Schedules as disputed, for which no corresponding proof of claim was timely filed before the Voting Record Date, shall not be counted for voting or tabulation purposes.

(p)     Except in Caribe's sole and absolute discretion, any Ballot transmitted to the Balloting Agent by facsimile or other electronic means shall not be counted for voting or tabulation purposes

(q)     Subject to contrary order of the Court, Caribe reserves the right to reject any and all Ballots not proper in form, the acceptance of which, in Caribe's opinion, would not be in accordance with the provisions of the Bankruptcy Code; provided, however, that such

invalid Ballots are documented in the voting results filed with the Court.

(r)     Subject to contrary order of the Court, Caribe, in its sole and absolute discretion, may waive any defect in any Ballot at any time before or after the Voting Deadline and without notice.

20.     In the event any Class of Claims does not have a holder of an Allowed Claim or a Claim temporarily Allowed by the Court as of the date of the Confirmation Hearing, such class or classes will be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan by such Class pursuant to section 1129(a)(8) of the Bankruptcy Code.

21.     Any creditor seeking to have a claim temporarily allowed for purposes of voting to accept or reject the Plan pursuant to Bankruptcy Rule 3018(a) shall be required to file a motion for such relief no later than 4:00 p.m. (ET) on November 20, 2017, and that the Court shall schedule a hearing on such motion, if any, for a date on or prior to the Confirmation Hearing.

22.     The Administrative Expense Claim Bar Date Notice, substantially in the form attached hereto as Exhibit 5, is approved.

23.     The Administrative Expense Claim Bar Date (as defined below) shall be November 20, 2017 at 4:00 p.m. (prevailing PT). All requests for payment and allowance of an Administrative Expense Claim that are subject to the Administrative Expense Claim Bar Date should be submitted by mail or hand, courier, or overnight delivery to TSA Caribe, Inc. Claims Processing Center, c/o Kurtzman Carson Consultants, 2335 Alaska Avenue, El Segundo, CA 90245.

24.     The "Administrative Expense Claim Bar Date" shall be the date by which all parties are required to submit requests for payment and allowance of Administrative Expense Claims for the period from the Petition Date through October 31, 2017, other than parties

holding: (i) a Fee Claim; (ii) a 503(b)(9) Claim (which claims, for the avoidance of doubt, shall remain subject to the bar date previously established by the Court for such claims); (iii) an Administrative Expense Claim that has been Allowed on or before the Administrative Expense Claim Bar Date; (iv) an Administrative Expense Claim of a governmental unit (as defined in section 101(27) of the Bankruptcy Code) not required to be filed pursuant to section 503(b)(1)(D) of the Bankruptcy Code; (v) an Administrative Expense Claim on account of fees and expenses incurred on or after the Petition Date by ordinary course professionals retained by Caribe pursuant to an order of the Bankruptcy Court; and (vi) an Administrative Expense Claim arising, in the ordinary course of business, out of the employment by Caribe of an individual from and after the Petition Date, but only to the extent that such Administrative Expense Claim is solely for outstanding wages, commissions, accrued benefits, or reimbursement of business expenses.

25.     The Administrative Expense Claim Bar Date shall be the deadline by which all parties seeking payment and allowance of an administrative expense claim under section 503(b) of the Bankruptcy Code for the period from the Petition Date through and including October 31, 2017, must file their request with the Court, except as otherwise set forth herein.

26.     Any party that is subject to the Administrative Expense Claim Bar Date that fails to file a request so that it is received by the Administrative Expense Claim Bar Date shall be forever barred from seeking allowance and payment of an Administrative Expense Claim against Caribe and its estate.

27.     Notice of the Administrative Expense Claim Bar Date through inclusion in, and service of, the Solicitation Packages, is good and adequate under the circumstances.

28.    Caribe is authorized to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court, including, but not limited to, the making of any payments reasonably necessary to perform the actions and distributions contemplated herein.

29.    This Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation and/or implementation of this Order.

Dated:  October 18, 2017
        Wilmington, Delaware

MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE