## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| TSAWD HOLDINGS, INC., *et al.*,[1] | Case No. 16-10527 (MFW) |
| Debtors. | (Jointly Administered) |

**Confirmation Hearing Date:  Dec. 5, 2017 at 10:30 a.m. (ET)**
**Objection Deadline:  November 20, 2017 at 4:00 p.m. (ET)**
**Voting Deadline:  November 20, 2017 at 4:00 p.m. (PT)**

## NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT OF TSA CARIBE, INC., (II) DEADLINE FOR VOTING ON PLAN, (III) HEARING TO CONSIDER CONFIRMATION OF PLAN, AND (IV) DEADLINE FOR FILING OBJECTIONS TO CONFIRMATION OF PLAN

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

### APPROVAL OF DISCLOSURE STATEMENT FOR DEBTOR TSA CARIBE, INC.

By order dated October 18, 2017 (the "Disclosure Statement Order"), the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") approved the *Disclosure Statement With Respect to the Chapter 11 Plan of Liquidation of TSA Caribe, Inc.* (as the same may be amended, modified, and/or supplemented, the "Disclosure Statement") as containing adequate information within the meaning of section 1125 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

### CONFIRMATION HEARING

On **December 5, 2017 at 10:30 a.m. (ET),** or as soon thereafter as counsel may be heard, a hearing (the "Confirmation Hearing") will be held before the Honorable Mary F. Walrath, at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 6th Floor, Courtroom #3, Wilmington, Delaware 19801 to consider confirmation of the *Chapter 11 Plan of Liquidation of TSA Caribe, Inc.* (as the same may be amended, modified, and/or

---

[1]     The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: TSAWD Holdings, Inc. (9008); Slap Shot Holdings Corp. (8209); TSAWD, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664).  The headquarters for the above-captioned Debtors is located at 2305 East Arapahoe Road, Suite 234, Centennial, CO 80122 (collectively, the "TSA Debtors").

The TSA Debtors were formerly known as:  Sports Authority Holdings, Inc. (9008); Slap Shot Holdings Corp. (8209); The Sports Authority, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664).

supplemented, the "Plan").[2]  The Confirmation Hearing may be adjourned from time to time without further notice to creditors or other parties in interest other than by an announcement of such an adjournment in open court at the Confirmation Hearing.  The Plan may be modified in accordance with the Bankruptcy Code, the Bankruptcy Rules, the terms of the Plan, and other applicable law, without further notice, prior to, or as a result of, the Confirmation Hearing.

## ENTITLEMENT TO VOTE ON PLAN

In accordance with the terms of the Plan and the Bankruptcy Code, holders of Claims that are unimpaired by the Plan are deemed to have accepted the Plan and therefore are not entitled to vote on the Plan.  Holders of Claims or Equity Interest against Caribe that are impaired by the Plan and that may receive a distribution on account of such Claims or Equity Interest are entitled to vote on the Plan.

**October 18, 2017, has been established by the Bankruptcy Court as the record date (the "Voting Record Date")** for determining the creditors and holders of equity interests entitled to receive solicitation or notice materials in connection with the Plan and to vote on the Plan.

## SUMMARY OF PLAN TREATMENT OF CLAIMS

The Plan proposes to modify the rights of certain creditors of Caribe.  Claims (other than Administrative Expense Claims and Priority Tax Claims) are classified for all purposes, including voting, confirmation, and distribution pursuant to the Plan, as follows:

| CLASS | TYPE OF CLAIM | ESTIMATED% RECOVERY | TREATMENT UNDER THE PLAN |
|---|---|---|---|
| Class 1 | Priority Non-Tax Claims | 100% | Class 1 is unimpaired by the Plan. Each holder of an Allowed Priority Non-Tax Claim is not entitled to vote to accept or reject the Plan because it is unimpaired and conclusively deemed to have accepted the Plan, pursuant to section 1126(f) of the Bankruptcy Code. <br><br> Except to the extent a holder of an Allowed Priority Non-Tax Claim has been paid by Caribe prior to the Effective Date or agrees to less favorable treatment, on or as soon as practicable after the later of (i) the Effective Date or (ii) the first Business Day after the date that is thirty (30) days after the date a Priority Non-Tax Claim becomes an Allowed Claim, each holder of an Allowed Priority Non-Tax Claim shall receive Cash in an amount equal to such Allowed Claim. |

---

[2]  All capitalized terms used in this Notice but not otherwise defined herein shall have the meanings ascribed to such terms in the Disclosure Statement Order or the Plan, as applicable.

| CLASS | TYPE OF CLAIM | ESTIMATED% RECOVERY | TREATMENT UNDER THE PLAN |
|-------|---------------|---------------------|--------------------------|
| Class 2 | Miscellaneous Secured Claims | 100% | Class 2 is unimpaired by the Plan. Each holder of a Miscellaneous Secured Claim is not entitled to vote to accept or reject the Plan because it is unimpaired and conclusively deemed to have accepted the Plan, pursuant to section 1126(f) of the Bankruptcy Code.<br><br>Except to the extent that a holder of an Allowed Miscellaneous Secured Claim has been paid by Caribe prior to the Effective Date or agrees to less favorable treatment, each holder of an Allowed Miscellaneous Secured Claim shall be, at the option of the Liquidation Trustee: (i) reinstated in full, leaving unaffected the holder of such Claim's legal, equitable, and/or contractual rights, (ii) paid in Cash up to the Allowed amount of such Claim, (iii) satisfied in whole or in part by the transfer of all or any portion of the Assets securing such Claim, (iv) paid in deferred Cash payments having a present value on the Effective Date equal to the Allowed amount of the Claim, or (v) treated in a manner that would provide the "indubitable equivalent" of the Allowed Claim. |
| Class 3 | General Unsecured Claim | 11% | Class 3 is impaired by the Plan. The holder of the General Unsecured Claims are entitled to vote to accept or reject the Plan.<br><br>Except to the extent a holder of an Allowed General Unsecured Claim agrees to less favorable treatment, each holder of an Allowed General Unsecured Claim shall receive such holder's Pro Rata share of the Unsecured Claim Distribution. |
| Class 4 | Subordinated Claims | 0% | Class 4 is impaired by the Plan.  Each holder of a Subordinated Claim is entitled to vote to accept or reject the Plan.<br><br>The holders of Subordinated Claims are not expected to receive any Distributions on account of such Claims; provided, however, in the event surplus funds remain in the Liquidation Trust after all holders of Allowed Claims in Classes 1, 2, and 3 receive Payment in Full, plus interest, on account of such Allowed Claims, holders of Subordinated Claims shall receive such holder's Pro Rata share of the surplus funds. |

| CLASS | TYPE OF CLAIM | ESTIMATED% RECOVERY | TREATMENT UNDER THE PLAN |
|---|---|---|---|
| Class 5 | Equity Interests | 0% | Class 5 is impaired by the Plan. Each holder of an Equity Interest in Caribe is entitled to vote to accept or reject the Plan.<br><br>The holder of the Equity Interest is not expected to receive any Distributions on account of such interest; provided, however, in the event surplus funds remain in the Liquidation Trust after all holders of Allowed Claims in Classes 1, 2, 3, and 4 receive Payment in Full, plus interest, on account of such Allowed Claims, the holder of the Equity Interest shall receive the surplus funds. |

By the Disclosure Statement Order, the Court established **November 20, 2017 at 4:00 p.m. (PT) (the "Voting Deadline")** as the deadline by which Ballots accepting or rejecting the Plan must be received.  To be counted, your original Ballot must actually be received on or before the Voting Deadline by Kurtzman Carson Consultants (the "Balloting Agent").  Ballots may (i) be mailed to TSA Caribe, Inc. Balloting Processing Center, c/o Kurtzman Carson Consultants, 2335 Alaska Avenue, El Segundo, CA 90245, during normal business hours. Except in Caribe's sole and absolute discretion, any Ballot transmitted to the Balloting Agent by facsimile or other electronic means shall not be counted.

Parties in Interest Not Entitled to Vote: holders of Claims that are unimpaired by the Plan are deemed to have accepted the Plan and therefore are not entitled to vote on the Plan (the "Non-Voting Parties").  Caribe will mail to each of the Non-Voting Parties a notice which will set forth, among other things: (i) the non-voting Classes under the Plan; (ii) a summary of the treatment of Claims under the Plan; (iii) the date and time of the Confirmation Hearing; and (iv) the Confirmation Objection Deadline and procedures for filing objections to the Plan.  The Non-Voting Party Notice will indicate how the Non-Voting Parties may obtain a copy of the Plan and Disclosure Statement.

## INJUNCTIONS AND EXCULPATION

The Plan contains certain injunction and exculpation provisions. Parties are encouraged to review Article 10 of the Plan.

### Section 10.05 - Injunction

**Except as otherwise expressly provided in the Plan or the Confirmation Order, as of the Confirmation Date, but subject to the occurrence of the Effective Date, all Persons who have held, hold or may hold Liens, Claims, liabilities or encumbrances against or Equity Interests in, the Debtor, along with their respective present or former employees, agents, officers, directors, or principals, or the Debtor's Assets are permanently enjoined, with respect to any such Liens, Claims, liabilities or encumbrances or Equity Interests, as of the**

Confirmation Date, but subject to the occurrence of the Effective Date, from: (a) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtor, the Liquidation Trust, Liquidation Trustee, or any of their property; (b) enforcing, levying, attaching (including any pre-judgment attachment), collecting or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree or order against the Debtor, the Liquidation Trust, the Liquidation Trustee, or any of their property (including, without limitation, the Liquidation Trust Assets); (c) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtor, the Liquidation Trust, the Liquidation Trustee, or any of their property (including, without limitation, the Liquidation Trust Assets); (d) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan to the full extent permitted by applicable law; (e) taking any actions to interfere with the implementation or consummation of the Plan; and (f) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan, such as commencing or continuing in any manner any action or other proceeding of any kind with respect to any Claims against the Debtor, the Liquidating Trust, or the Liquidating Trustee and/or causes of action against the Debtor, the Liquidating Trust, or the Liquidating Trustee which are extinguished or released pursuant to the Plan; provided, however, that nothing contained herein shall preclude such Persons from exercising their rights arising under and consistent with the terms of the Plan.

### Section 10.06 - Exculpation and Limitation of Liability for Postpetition Conduct

None of the Debtor, the Creditors' Committee, or any of their respective current or former members, partners, officers, directors, employees, advisors, professionals, or agents and advisors of any of the foregoing (including any attorneys, financial advisors, investment bankers and other professionals retained by such Persons) but solely in their capacities as such (collectively, the "Exculpated Parties") shall have or incur any liability to any holder of any Claim against or Equity Interest in the Debtor for any act or omission on or after the Petition Date and on or before the Effective Date in connection with, related to, or arising out of the Chapter 11 Case, the transfer of the Debtor's Assets to the Liquidation Trust, the negotiation and execution of the Plan, the Disclosure Statement, the solicitation of votes for and the pursuit of confirmation of the Plan, the consummation of the Plan, or the administration of the Plan, and the property to be distributed under the Plan on or before the Effective Date, including all documents ancillary thereto, all decisions, actions, inactions and alleged negligence or misconduct relating thereto and all postpetition activities leading to the promulgation and confirmation of the Plan except in case of fraud, willful misconduct, intentional misconduct or gross negligence by such Exculpated Party as determined by a Final Order.  Nothing in this Section 10.06 shall: (i) be construed as a release of any Claims against the Debtor's officers or directors for events occurring prior to the Petition Date; (ii) be construed as a release of any entity's fraud, gross negligence, intentional misconduct or willful misconduct with respect to matters set forth in this Section 10.06; (iii) limit the liability of attorneys for the Debtor or the Creditors' Committee to their respective clients pursuant to DR 6-102 of the Code of Professional

Responsibility; or (iv) be construed as a release or waiver of the Exculpated Parties' right or ability to assert or raise certain claims against any party as defense to a claim or suit brought against them by such party.

### Section 10.07 - Injunction Related to Exculpation

The Confirmation Order shall permanently enjoin the commencement or prosecution by any Person, whether directly, derivatively or otherwise, of any Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action or liabilities enjoined, exculpated, or otherwise limited or prohibited pursuant to the Plan, including the Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action or liabilities against the Debtor, the Liquidating Trust, or the Liquidating Trustee that are described in Section 10.06 of the Plan.

### DEADLINE FOR OBJECTIONS TO CONFIRMATION OF THE PLAN

Any objection, comment, or response to confirmation of the Plan (including any supporting memoranda) must be filed with the Clerk of the Bankruptcy Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, together with proof of service, on or before **November 20, 2017 at 4:00 p.m. (ET) (the "Confirmation Objection Deadline**") and must (i) be in writing, (ii) state the name and address of the objecting party, (iii) state the amount (if applicable) and nature of the Claim of such party, (iv) state with particularity the basis and nature of any objection to the Plan and a proposed modification to the Plan that would resolve such objection, and (v) be served on the following parties on or before the Confirmation Objection Deadline: (a) TSA WD, Inc., 2305 East Arapahoe Road, Suite 234, Centennial, Colorado 80122 (Attn: Douglas Garrett); (b) the attorneys for Caribe, Irell & Manella LLP, 840 Newport Center Drive, Suite 400, Newport Beach, CA  92660 (Attn: Jeffrey M. Reisner); (c) the attorneys for the TSA Debtors, (A) Gibson, Dunn & Crutcher LLP, 333 South Grand Avenue, Los Angeles, CA 90071 (Attn: Robert A. Klyman) and (B) Young Conaway Stargatt & Taylor, LLP, 1000 N. King Street, Rodney Square, Wilmington, DE 19801 (Attn: Michael R. Nestor); (d) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Hannah McCollum); (e) counsel for the DIP Lenders under the Senior Secured, Super-Priority Debtor-in-Possession Credit Agreement, Riemer & Braunstein LLP, Three Center Plaza, Boston, Massachusetts 02108 (Attn: Donald Rothman); (f) counsel for Wells Fargo Bank, National Association, in its capacity as FILO Agent under the Second Amendment to Second Amended and Restated Credit Agreement, dated as of November 3, 2015, Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110 (Attn.: Kevin Simard); and (g) counsel for the Official Committee of Unsecured Creditors, Pachulski Stang Ziehl & Jones LLP, 919 North Market St., 17th Floor, Wilmington, DE 19801 (Attn: Bradford J. Sandler and Colin Robinson).

Copies of the Plan and the Disclosure Statement may be obtained by visiting the website maintained by Caribe's court-appointed Balloting Agent, www.kccllc.net/sportsauthority, by contacting the Caribe's court-appointed Balloting Agent by mail at TSA Caribe, Inc. Balloting Processing Center, c/o Kurtzman Carson Consultants, 2335 Alaska Avenue, El Segundo, CA 90245, or by calling the Balloting Agent at (866) 967-0490 (international callers may dial (310) 751-2690).  In addition, copies of the Plan and the Disclosure Statement can be accessed (i)

during regular business hours at the office of the Clerk of the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801; or (ii) for a fee at the Court's website at http://www.deb.uscourts.gov. A PACER login and password are required to access documents on the Bankruptcy Court's website and these can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov.

Dated:    October 19, 2017
          Wilmington, Delaware

                              */s/ Andrew L. Magaziner*                          
                              Michael R. Nestor (No. 3526)
                              Kenneth J. Enos (No. 4544)
                              Andrew L. Magaziner (No. 5426)
                              YOUNG CONAWAY STARGATT & TAYLOR, LLP
                              Rodney Square
                              1000 North King Street
                              Wilmington, Delaware 19801
                              Telephone:  (302) 571-6600
                              Facsimile:  (302) 571-1253
                              mnestor@ycst.com
                              kenos@ycst.com
                              amagaziner@ycst.com

                              *Counsel to the Debtors and Debtors in Possession*

                              -and-

                              Jeffrey M. Reisner
                              Michael Strub
                              Kerri A. Lyman
                              IRELL & MANELLA LLP
                              840 Newport Center Drive, Suite 400
                              Newport Beach, CA  92660
                              Telephone: (949) 760-0991
                              Facsimile: (949) 760-5200

                              *Special Counsel to Debtor TSA Caribe, Inc.*

01:22469368.2