IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TSAWD HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 16-10527 (MFW)<br><br>(Jointly Administered)<br><br>Docket Ref. No. 3853 |

**NOTICE OF DEADLINE FOR FILING OF ADMINISTRATIVE
EXPENSE CLAIMS AGAINST DEBTOR TSA CARIBE, INC.**

  PLEASE TAKE NOTICE THAT, on October 18, 2017, the United States Bankruptcy Court for the District of Delaware (the "Court") entered that certain *Order: (A) Approving Disclosure Statement of TSA Caribe, Inc.; (B) Fixing Voting Record Date; (C) Approving Solicitation Materials and Procedures For Distribution Thereof; (D) Approving Forms of Ballots and Establishing Procedures for Voting on Plan; (E) Scheduling Hearing and Establishing Notice and Objection Procedures in Respect of Confirmation of Plan, and (F) Granting Related Relief* [D.I. 3853] (the "Order") in the chapter 11 case of TSA Caribe, Inc. ("Caribe"), a debtor and debtor in possession in the above-captioned cases.

  PLEASE TAKE FURTHER NOTICE THAT, among other things, the Order **established November 20, 2017 at 4:00 p.m. (PT)** (the "Administrative Expense Bar Date") as the deadline by which each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and governmental units) must file requests for the allowance of an administrative expense claim under section 503(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), other than a claim arising under section 503(b)(9) of the Bankruptcy Code,[2] against Caribe that may have arisen during the period from March 2, 2016 through and including October 31, 2017 (an "Administrative Expense Claim"). Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Order.

---

[1]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: TSAWD Holdings, Inc. (9008); Slap Shot Holdings Corp. (8209); TSAWD, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664). The headquarters for the above-captioned Debtors is located at 2305 East Arapahoe Road, Suite 234, Centennial, CO 80122 (collectively, the "TSA Debtors").
 The TSA Debtors were formerly known as: Sports Authority Holdings, Inc. (9008); Slap Shot Holdings Corp. (8209); The Sports Authority, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664).

[2]  The Administrative Expense Bar Date does not apply to claims arising under section 503(b)(9) of the Bankruptcy Code for the value of goods received by Caribe within the twenty (20) days prior to the commencement of their chapter 11 cases (a "Section 503(b)(9) Claim"). The Court previously entered an order April 22, 2016 [Docket No. 1351] setting June 3, 2016, as the deadline for all entities, other than governmental units (as defined in section 101(27) of the Bankruptcy Code), to file Section 503(b)(9) Claims and other prepetition claims.

**PLEASE TAKE FURTHER NOTICE THAT THIS NOTICE APPLIES ONLY TO ADMINISTRATIVE EXPENSE CLAIMS AGAINST CARIBE AND DOES NOT APPLY TO ANY OF THE OTHER TSA DEBTORS.**

Pursuant to the terms of the Order, and except as provided therein or herein, each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and governmental units) that holds or wishes to assert an alleged Administrative Expense Claim against the Caribe estate that may have arisen during the period from March 2, 2016, through and including October 31, 2017, must file a request for allowance of such Administrative Expense Claim (a "Request for Payment") on or before the Administrative Expense Bar Date.

Pursuant to the terms of the Order, the Administrative Expense Bar Date **DOES NOT** apply to the following claims:

(a) any Administrative Expense Claims that (i) have been previously paid by the TSA Debtors in the ordinary course of business or otherwise, (ii) have otherwise been satisfied, or (iii) can no longer be asserted under prior court order or statutory limitation, including, but not limited to, Section 503(b)(9) Claims;

(b) Administrative Expense Claims previously filed with Kurtzman Carson Consultants ("KCC") or the Court;

(c) Administrative Expense Claims of any professional retained and employed by the TSA Debtors or the Official Committee of Unsecured Creditors, pursuant to sections 327, 328, or 1103 of the Bankruptcy Code, including any ordinary course of business professionals retained pursuant to an order of the Court approving the employment of ordinary course of business professionals, for compensation, indemnification, or reimbursement of costs and expenses relating to professional services performed and expenses incurred on and after March 2, 2016;

(d) any claims by any current officer or director of Caribe;

(e) any claims by any debtor or non-debtor affiliate of Caribe;

(f) any claims for fees payable to the Clerk of the Court;

(g) any fees payable to the Office of the United States Trustee under 28 U.S.C. § 1930(a)(6) or accrued interest thereon arising under 31 U.S.C. § 3717;

(h) any Administrative Expense Claims that arise on or after November 1, 2017; and

(i) any claim by a governmental unit for a tax or penalty described in section 503(b)(1)(B) and (C) of the Bankruptcy Code, as provided for in section 503(b)(1)(D) of the Bankruptcy Code.

**A CLAIMANT SHOULD CONSULT HIS OR HER ATTORNEY IF THE CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER SUCH CLAIMANT SHOULD FILE A REQUEST FOR PAYMENT. NEITHER CARIBE'S ATTORNEYS, NOR KCC, NOR THE CLERK OF THE COURT CAN ADVISE THE CLAIMANT WHETHER THE CLAIMANT SHOULD FILE A REQUEST FOR PAYMENT.**

All original Requests for Payment must be filed so as to be <u>actually received</u> by KCC on or before the Administrative Expense Bar Date at the following address:

**TSA Caribe, Inc. Claims Processing Center**
**c/o Kurtzman Carson Consultants**
**2335 Alaska Avenue**
**El Segundo, CA 90245**

Requests for Payment of Administrative Expense Claims will be deemed timely filed only if **actually received** by KCC on or before the Administrative Expense Bar Date. Requests for Payment of Administrative Expense Claims may **not** be delivered by facsimile, telecopy, or electronic mail transmission.

Each Request for Payment must: (i) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant; (ii) be written in the English language; (iii) denominate the claim in lawful currency of the United States as of the Administrative Expense Bar Date; and (iv) include supporting documentation (or, if such documentation is voluminous, include a summary of such documentation) or an explanation as to why such documentation is not available. Documentation should include both evidence of the nature of the administrative expense claim asserted as well as evidence of the date on which the administrative expense claim arose.

**ANY PARTY PURPORTEDLY HOLDING AN ADMINISTRATIVE EXPENSE CLAIM AGAINST CARIBE THAT IS REQUIRED TO FILE A REQUEST FOR PAYMENT, BUT FAILS TO DO SO PROPERLY OR TIMELY IN ACCORDANCE WITH THE ORDER, SHALL NOT, ABSENT FURTHER ORDER OF THE COURT, PARTICIPATE IN ANY DISTRIBUTION IN CARIBE'S CHAPTER 11 CASE ON ACCOUNT OF SUCH ADMINISTRATIVE EXPENSE CLAIM.**

Caribe reserves the right to dispute, or to assert offsets or defenses against, any Administrative Expense Claim and nothing contained in the Order or this Notice shall preclude Caribe from objecting to any filed claim on any grounds.

**THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE AN ADMINISTRATIVE EXPENSE CLAIM OR THAT CARIBE OR THE COURT BELIEVES THAT YOU HAVE AN ADMINISTRATIVE EXPENSE CLAIM.**

This Notice is only a summary of the Order as it relates to the establishment of the Administrative Expense Claim Bar Date. All parties in interest should carefully review the Order itself and the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local

Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware for additional information regarding the filing and treatment of Administrative Expense Claims in Caribe's chapter 11 case.

Copies of the Order may be examined by interested parties on the Court's electronic docket for Caribe's chapter 11 case, which is available at http://www.deb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov). In addition, electronic copies of the Order may be viewed at www.kccllc.net/sportsauthority. Copies of the Order may also be examined by interested parties between the hours of 8:00 a.m. and 4:00 p.m. (ET) at the office of the Clerk of the Court, United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware, 19801.

Dated: October 19, 2017
Wilmington, Delaware

*/s/ Andrew L. Magaziner*
Michael R. Nestor (No. 3526)
Kenneth J. Enos (No. 4544)
Andrew L. Magaziner (No. 5426)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
mnestor@ycst.com
kenos@ycst.com
amagaziner@ycst.com

*Counsel to the Debtors and Debtors in Possession*

-and-
Jeffrey M. Reisner
Michael Strub
Kerri A. Lyman
IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone: (949) 760-0991
Facsimile: (949) 760-5200

*Special Counsel to Debtor TSA Caribe, Inc.*