**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TSAWD HOLDINGS, INC., *et al.*,[1] | Case No. 16-10527 (MFW) |
| Debtors. | (Jointly Administered) |

**FEE EXAMINER'S CONSOLIDATED FINAL REPORT REGARDING (I) SIXTH INTERIM QUARTERLY FEE REQUESTS OF (A) GIBSON, DUNN & CRUTCHER LLP [D.I. NOS.: 3891, 3895]; (B) YOUNG CONAWAY STARGATT & TAYLOR, LLP [D.I. NO: 3891, 3892]; (C) PACHULSKI STANG ZIEHL & JONES LLP [D.I. NO.: 3888]; AND (D) BDO USA, LLP [D.I. NO. 3915]; AND (II) FOURTH INTERIM QUARTERLY FEE REQUEST OF IRELL & MANELLA LLP [D.I. NOS.: 3891, 3893]**

Elise S. Frejka, the fee examiner (the "Fee Examiner") in the above-captioned cases submits this consolidated final report (the "Final Report") pursuant to the order authorizing the Fee Examiner's appointment [D.I. No.: 2204] in connection with the applications for allowance of compensation for professional services rendered and for reimbursement of actual and necessary expenses (each, a "Fee Application," and together, the "Fee Applications") of (i) Gibson, Dunn & Crutcher LLP [D.I. Nos.: 3891, 3895] ("GDC"); (ii) Young Conaway Stargatt & Taylor, LLP [D.I. Nos.: 3891, 3892] ("YCS&T"); (iii) Pachulski Stang Ziehl & Jones LLP [D.I. No.: 3888] ("PSZ&J"); (iv) BDO USA, LLP [D.I. No.: 3915] ("BDO"); and (v) Irell & Manella LLP [D.I. Nos.: 3891, 3893] ("Irell," and together with GDC, YCS&T, PSZ&J and BDO, the "Retained Professionals").

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: TSAWD Holdings, Inc. (9008); Slap Shot Holdings, Corp. (8209); TSAWD, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664). The headquarters for the above-captioned Debtors is located at 2305 East Arapahoe Road, Suite 234, Centennial, CO 80122.

The Debtors were formerly known as: Sports Authority Holdings, Inc. (9008); Slap Shot Holdings, Corp. (8209); The Sports Authority, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664).

**Background**

1. On March 2, 2016 (the "Petition Date") Sports Authority Holdings, Inc. and certain of its affiliates (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 United States Code, as amended (the "Bankruptcy Code"). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases.

2. On June 15, 2016, after recognizing the size and complexity of the above-captioned cases, the Bankruptcy Court entered the *Order Appointing Fee Examiner and Establishing Procedures for Consideration of Requested Fee Compensation and Reimbursement of Expenses* [D.I. No. 2204] (the "Appointment Order").

3. Under paragraph 5 of the Appointment Order, the Fee Examiner was charged by the Court with, among other things: (a) reviewing the Interim Fee Applications and Final Fee Applications filed by each applicant in these chapter 11 cases, along with the fee detail related thereto, (b) reviewing any relevant documents filed in these chapter 11 cases to be generally familiar with these chapter 11 cases and the dockets, (c) within 21 days after the filing of an Interim Fee Application or Final Fee Application, serving an initial report on the applicant addressing whether the requested fees, disbursements and expenses are in compliance with the applicable standards of sections 330 of the Bankruptcy Code and Local Rule 2016-2, and whether the application has made a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases Effective as of November 1, 2013, (d) engaging in written communication with each applicant, the objective of which is to resolve matters raised in the initial report and endeavor to reach consensual resolution with each applicant with respect to the

applicant's requested fees and expenses, and (e) following communications between the Fee Examiner and the applicant, and the Fee Examiner's review of any supplemental information provided by such applicant in response to the initial report, conclude the information resolution period by filing with the Court a final report with respect to each application within 14 days after service of the initial report.  Per the Appointment Order, the final report shall be in a format designed to quantify and present factual data relevant to whether the requested fees and expenses of each applicant are in compliance with the applicable standards of sections 330 of the Bankruptcy Code and Del. Bankr. L.R. 2016-2, and whether the application has made a reasonable effort to comply with the UST Guidelines.  The final report shall also inform the Court of all proposed consensual resolutions of the fee and/or expense reimbursement request for each applicant and the basis for such proposed consensual resolution.

4. In accordance with the Appointment Order, the Fee Examiner reviewed the Fee Applications for compliance with Sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [D.I. No.: 806], and the Appendix A and B Fee Guidelines issued by the Executive Office of United States Trustees for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330 at 28 C.F.R., pt. 58 and 78 F.R. 36248, respectively (the "UST Guidelines").  In addition, the Fee Examiner reviewed the Fee Applications for general compliance with legal precedent established by the District Court and Bankruptcy Court for the District of Delaware, the Third Circuit Court of Appeals, and other applicable precedent.

5.  Following that review, to the extent she had issues, questions and concerns with respect to a specific Fee Application, the Fee Examiner issued an informal report to each Retained Professional, together with exhibits which identified specific time or expense entries that required further information to assess compliance with the UST Guidelines.

6.  Following issuance of the informal comments, the Fee Examiner communicated with the Retained Professionals to the extent necessary. After considering additional information provided by the Retained Professionals, the Fee Examiner and the Retained Professionals exchanged proposals in an effort to resolve the Fee Examiner's issues. As a result of those exchanges, resolutions were reached with each of the Retained Professionals whose Fee Applications are covered by this Final Report.

## Governing Statutory Sections

7.  Section 330 of the Bankruptcy Code provides:

(a)(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, a consumer privacy ombudsman appointed under section 332, an examiner, an ombudsman appointed under section 333, or a professional person employed under section 327 or 1103—

> (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and
>
> (B) reimbursement for actual, necessary expenses.

(2) The court may, on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest, award compensation that is less than the amount of compensation that is requested.

(3) In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—

> (A) the time spent on such services;
>
> (B) the rates charged for such services;

4

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

(4)(A) Except as provided in subparagraph (B), the court shall not allow compensation for—

(i) unnecessary duplication of services; or

(ii) services that were not—

(I) reasonably likely to benefit the debtor's estate; or

(II) necessary to the administration of the case.

(5) The court shall reduce the amount of compensation awarded under this section by the amount of any interim compensation awarded under section 331, and, if the amount of such interim compensation exceeds the amount of compensation awarded under this section, may order the return of the excess to the estate.

(6) Any compensation awarded for the preparation of a fee application shall be based on the level and skill reasonably required to prepare the application.

11 U.S.C. § 330.

8.  Section 330 of the Bankruptcy Code allows a bankruptcy court to award "reasonable compensation for actual, necessary services rendered by … professional[s]." 11 U.S.C. § 330(a)(1)(A). Reasonable compensation under section 330 is based on the nature, extent and value of the services, taking into account "all relevant factors . . . ." See 11 U.S.C. § 330(a)(3).

9.  The statute enumerates six (6) relevant factors that the court must consider to determine whether the fees are reasonable:

- The time spent on such services;
- The rates charged for such services;

- Whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of the cases;

- Whether the services were performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed;

- With respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

- Whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in non-bankruptcy cases.

11 U.S.C. § 330(a)(3)(A)-(F).

10. Although the statute does specifically list factors to review when determining the reasonableness of fees, the list itself is not exhaustive. See 11 U.S.C. § 102(3) (terms "includes" and "including" are not limiting). Thus, the Court is "itself an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of testimony of witnesses as to value." See Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940).

11. A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable and actually incurred. Zolfo, Cooper & Co. v. Sunbeam-Oster Co., 50 F.3d 253, 261 (3d Cir. 1995). The failure of an applicant to sustain the burden of proof as to the reasonableness of the compensation may result in the denial of the requested for compensation. See Brake v. Tavormina (In re Beverly Mfg. Co.), 841 F.2d 365, 369 (11th Cir. 1988). Where appropriate, section 330 expressly authorizes this Court to award less than the amount requested by the fee applicant. See 11 U.S.C. § 330(a)(2). "Interim fee applications submitted pursuant to Code § 331 … are judged under the same standards as final

applications under Code § 330." In re Bennett Funding Grp., Inc., 213 B.R. 234, 244 (Bankr. N.D.N.Y. 1997).

12.     Professional services are considered "actual and necessary" if they benefit the estate. APW Enclosure Sys., No. 06-11378, 2007 WL 3112414, at *3 (Bankr. D. Del. Oct. 23, 2007). Success is not required, but rather the court "must conduct an objective inquiry based upon what services a reasonable professional would have performed in the same circumstances." In re Channel Master Holdings, Inc., 309 B.R. 855, 861-62 (Bankr. D. Del. 2004) (quoting In re Cenargo Int'l., PLC 294 B.R. 571 (Bankr. S.D.N.Y. 2003); see also In re Jefsaba, Inc., 172 B.R. 786, 799 (Bankr. E.D. Pa. 1994) ("[S]o long as there was a reasonable chance of success which outweighed the cost in pursuing the action, the fees relating thereto are compensable."). The test of what is necessary cannot be applied in hindsight. If at the time the work is performed, it reasonably appears that it would benefit the estate, it may be compensated." In re Berg, No. 05-39380DWS, 2008 WL 2857959 at *7 (Bankr. E.D. Pa. July 21, 2008); see also Cenargo, 294 B.R. at 595 (when determining what is necessary, courts do not attempt to "invoke perfect hindsight.").

## Fee Examiner's Recommendations

13.     This Final Report covers the filed and noticed Fee Applications of the Retained Professionals. Pursuant to the process described above, the Fee Examiner has reached an agreement with each of the Retained Professionals regarding allowance for the period under review. The Fee Examiner makes the following specific recommendations as to the fees to be allowed and expenses to be reimbursed:

**Gibson, Dunn & Crutcher LLP (Counsel to the Debtors)**

14.On March 8, 2016, the Debtors filed the *Application for an Order Approving the Employment and Retention of Gibson, Dunn & Crutcher LLP as General Bankruptcy and Restructuring Co-Counsel for the Debtors and Debtors in Possession Nunc Pro Tunc to the Petition Date* [D.I. No.: 233].

15.On March 24, 2016, the Bankruptcy Court entered the *Order Authorizing Employment and Retention of Gibson, Dunn & Crutcher LLP as General Bankruptcy and Restructuring Co-Counsel for the Debtors and Debtors in Possession Nunc Pro Tunc to the Petition Date* [D.I. No.: 808] (the "GDC Employment Order"). Pursuant to the GDC Employment Order, the Debtors were authorized to employ GDC as their general bankruptcy and restructuring co-counsel to render general legal services to the Debtors as needed throughout the course of the Chapter 11 cases. For its services, GDC is compensated on an hourly basis.

16.GDC filed four (4) monthly fee applications for compensation during the period covered by the Fee Application as follows:

| Dated Filed/ Docket No. | Period Covered | Requested | | Paid or To Be Paid | |
| --- | --- | --- | --- | --- | --- |
| | | Fees | Expenses | Fees | Expenses |
| 8/30/2017 D.I. 3787 | 7/1/2017 – 7/31/2017 | $177,853.00 | $3,043.56 | $142,282.40 | $3,043.56 |
| 9/15/2017 D.I 3805 | 8/1/2017 – 8/31/2017 | $118,429.50 | $3,244.91 | $94,743.60 | $3,244.91 |
| 10/20/2017 D.I. 3859 | 9/1/2017 – 9/30/2017 | $44,874.00 | $3,682.81 | $35,899.20 | $3,682.81 |
| 11/14/2017 D.I. 3889 | 10/1/2017 – 10/31/2017 | $28,308.50 | $3,326.21 | $22,646.80 | $3,326.21 |
| **TOTAL** | | **$369,465.00** | **$13,297.49** | **$295,572.00** | **$13,297.49** |

17.The Fee Examiner notes and appreciates that GDC's timekeeping was exceptional and in compliance with the UST Guidelines. After her review of the GDC Fee Application, the Fee Examiner discussed with GDC her comments, concerns and questions rather than issuing an

8

initial report.  As a result of these discussions, the Fee Examiner recommends allowance of fees in the amount of $369,465.00 and reimbursement of expenses in the amount of 13,297.49.

**Young Conaway Stargatt & Taylor, LLP (Counsel to the Debtors)**

18. On March 8, 2016, the Debtors filed their *Application for an Order Pursuant to Section 327(a) of the Bankruptcy Code, Authorizing the Retention and Employment of Young Conaway Stargatt & Taylor, LLP as General Bankruptcy Co-Counsel to the Debtors Nunc Pro Tunc to the Petition Date* [D.I. No.: 227].

19. On March 24, 2016, the Bankruptcy Court entered an *Order, Pursuant to Section 327(a) of the Bankruptcy Code, Authorizing the Retention and Employment of Young Conaway Stargatt &Taylor, LLP as Co-Counsel to the Debtors Nunc Pro Tunc to the Petition Date* [D.I. No.: 809] (the "YCS&T Employment Order").  Pursuant to the YCS&T Employment Order, the Debtors were authorized to employ YCS&T as co-counsel to the Debtors.  For its services, YCS&T is compensated on an hourly basis.

20. YCS&T filed four (4) monthly fee applications for compensation and reimbursement of expenses during the period covered by the Fee Application as follows:

| Dated Filed/ Docket No. | Period Covered | Requested | | Paid or To Be Paid | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 8/29/2017 D.I. 3786 | 7/1/2017 – 7/31/2017 | $23,182.00 | $553.59 | $18,545.60 | $553.59 |
| 9/22/2017 D.I. 3813 | 8/1/2017 – 8/31/2017 | $68,271.50 | 809.21 | $54,617.20 | $809.21 |
| 10/20/2017 D.I. 3860 | 9/1/2017 – 9/30/2017 | $58,610.50 | $792.75 | $46,888.40 | $792.75 |
| 11/14/2017 D.I. 3890 | 10/1/2017 – 10/31/2017 | $33,349.50 | $1,251.67 | $26,679.60 | $1,251.67 |
| **TOTAL** | | **$183,413.50** | **$3,407.22** | **$146,730.80** | **$3,407.22** |

21. The Fee Examiner notes and appreciates that YCS&T's timekeeping was exceptional and in compliance with the UST Guidelines.  After her review of the YCS&T Fee

9

Application, the Fee Examiner discussed with YCS&T her comments, concerns and questions rather than issuing an initial report.  As a result of these discussions, the Fee Examiner recommends allowance of fees and reimbursement of expenses as requested in the YCS&T Fee Application.

**Irell & Manella LLP (Special Counsel to Certain of the Debtors)**

22.     On March 23, 2016, the Debtors filed their *Application for an Order, Pursuant to Section 327(a) of the Bankruptcy Code, Authorizing the Retention and Employment of Irell & Manella LLP as Special Counsel to the Debtors Sports Authority Holdings, Inc., TSA Ponce, Inc., and TSA Caribe, Inc., Nunc Pro Tunc to March 4, 2016* [D.I.: No. 747].

23.     On April 11, 2016, the Bankruptcy Court entered an *Order, Pursuant to Section 327(a) of the Bankruptcy Code, Approving the Retention and Employment of Irell & Manella LLP as Special Counsel to the Debtors Sports Authority Holdings, Inc., TSA Ponce, Inc., and TSA Caribe, Inc., Nunc Pro Tunc to March 4, 2016* [D.I. No.: 1106].  For its services, Irell is compensated on an hourly basis.

24.     Irell filed two (2) applications covering four months for compensation and reimbursement of expenses during the period covered by the Fee Application as follows:

| Dated Filed/ Docket No. | Period Covered | Requested | | Paid to Date | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 11/8/2017 D.I. 3880 | 6/1/2017 – 7/31/2017 | $35,756.00 | $47.25 | $28,604.80 | $47.25 |
| 11/13/2017 D.I. 3885 | 8/1/2017 – 9/30/2017 | $96,092.00 | $25.55 | $76,873.60 | $25.55 |
| **TOTAL** | | **$131,848.00** | **$72.80** | **$105,478.40** | **$72.80** |

25.     The Fee Examiner notes and appreciates that Irell's s timekeeping was exceptional and in compliance with the UST Guidelines.  After her review of the Irell Fee Application, the Fee Examiner discussed with Irell her comments, concerns and questions rather

than issuing an initial report. As a result of these discussions, the Fee Examiner recommends allowance of fees and reimbursement of expenses as requested in the Irell Fee Application.

**Pachulski Stang Ziehl & Jones LLP (Counsel to the Committee)**

26. On April 20, 2016, the Committee filed the *Application of Official Committee of Unsecured Creditors for Order, Pursuant to 11 U.S.C. §§ 328, and 1103, Fed. R. Bankr. P. 2014 and Local Rule 2014-1, Authorizing and Approving the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Counsel to the Official Committee of Unsecured Creditors Nunc Pro Tunc to March 10, 2016* [D.I.: No. 1262].

27. On May 24, 2016, the Bankruptcy Court entered the *Order Authorizing and Approving the Retention of Pachulski Stang Ziehl & Jones LLP as Counsel to the Official Committee of Unsecured Creditors Nunc Pro Tunc to March 10, 2016* [D.I. No.: 2071] (the "PSZ&J Retention Order"). Pursuant to the PSZ&J Retention Order, the Committee was authorized to employ PSZ&J as their legal counsel to render general legal services to the Committee as needed throughout the course of the Chapter 11 cases. For its services, PSZ&J is compensated on an hourly basis.

28. PSZ&J filed three (3) monthly fee applications for compensation and reimbursement of expenses during the period covered by the Fee Application as follows:

| Dated Filed/ Docket No. | Period Covered | Requested | | Paid or To Be Paid | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 8/8/2017 D.I. 3752 | 6/1/2017 – 6/30/2017 | $21,761.00 | $859.19 | $17,408.80 | $859.19 |
| 9/28/2017 D.I. 3826 | 7/1/2017 – 7/31/2017 | $15,007.00 | $1,972.55 | $12,005.60 | $1,972.55 |
| 10/13/2017 D.I. 3842 | 8/1/2017 – 8/31/2017 | $11,682.50 | $2,571.03 | $9,346.00 | $2,571.03 |
| **TOTAL** | | **$48,450.50** | **$5,402.77** | **$38,760.40** | **$5,402.77** |

29. The Fee Examiner notes and appreciates that PSZ&J's timekeeping was exceptional and in compliance with the UST Guidelines. After her review of the PSZ&J Fee Application, the Fee Examiner discussed with PSZ&J her comments, concerns and questions rather than issuing an initial report. As a result of these discussions, the Fee Examiner recommends allowance of fees and reimbursement of expenses as requested in the PSZ&J Fee Application.

**BDO USA, LLP (Financial Advisor to the Committee)**

30. On April 20, 2016, the Committee filed its *Application for an Order Authorizing the Retention of BDO Consulting as Financial Advisor for the Official Committee of Unsecured Creditors Effective as of March 13, 2016* [D.I. No.: 1260].

31. On May 24, 2016, the Bankruptcy Court entered an *Order Authorizing and Approving the Retention of BDO Consulting as Financial Advisor to the Official Committee of Unsecured Creditors Effective as of March 10, 2016* [D.I. No.: 2044] (the "BDO Retention Order"). Pursuant to the BDO Retention Order, the Committee was authorized to employ BDO as financial advisor to the Committee. For its services, BDO is compensated on an hourly basis.

32. BDO filed two (2) applications covering four months for compensation and reimbursement of expenses during the period covered by the Fee Application as follows:

| Dated Filed/ Docket No. | Period Covered | Requested | | Paid or To Be Paid | |
|---|---|---|---|---|---|
| | | **Fees** | **Expenses** | **Fees** | **Expenses** |
| 10/2/2017 D.I. 3830 | 7/1/2017 – 8/31/2017 | $5,037.00 | $13.50 | $4,029.60 | $13.50 |
| 11/15/2017 D.I. 3896 | 9/1/2017 – 10/31/2017 | $10,610.00 | $0.00 | $8,488.00 | $0.00 |
| **TOTAL** | | **$15,647.00** | **$13.50** | **$12,517.60** | **$13.50** |

33. The Fee Examiner carefully reviewed BDO's time and expenses entries for compliance with the UST Guidelines and recommends allowance of fees as requested in the

BDO Fee Application as BDO's timekeeping was exceptional and in compliance with the UST Guidelines.

Dated: New York, New York
December 19, 2017

Respectfully Submitted,

ELISE S. FREJKA

_____
135 East 57th Street – 6th Floor
New York, NY 10022
Phone: 212-641-0800

*Fee Examiner*