## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TSAWD HOLDINGS, INC., *et al.*,[1] | Case No. 16-10527 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: October 25, 2018 at 2:00 p.m. (ET)** |

**FEE EXAMINER'S CONSOLIDATED FINAL REPORT REGARDING NINTH INTERIM QUARTERLY FEE REQUESTS OF (I) GIBSON, DUNN & CRUTCHER LLP [DKT NOS. 4250, 4261]; (II) YOUNG CONAWAY STARGATT & TAYLOR, LLP [DKT. NOS. 4250, 4251]; AND (III) BDO USA, LLP [DKT. NO. 4258]**

Elise S. Frejka, the fee examiner (the "Fee Examiner") in the above-captioned cases submits this consolidated final report (the "Final Report") pursuant to the order authorizing the Fee Examiner's appointment [Dkt. No. 2204] in connection with the applications for allowance of compensation for professional services rendered and for reimbursement of actual and necessary expenses (each, a "Fee Application," and together, the "Fee Applications") of (i) Gibson, Dunn & Crutcher LLP [Dkt. Nos. 4250, 4261] ("Gibson Dunn"); (ii) Young Conaway Stargatt & Taylor, LLP [Dkt. Nos. 4250, 4251] ("YCS&T"); and (iii) BDO USA, LLP [Dkt. No. 4258] ("BDO") ("BDO," and together with Gibson Dunn and YCS&T, the "Retained Professionals").

### Background

1.    On March 2, 2016 (the "Petition Date") Sports Authority Holdings, Inc. and certain of its affiliates (the "Debtors") filed voluntary petitions for relief under chapter 11 of title

---

[1]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  TSAWD Holdings, Inc. (9008); Slap Shot Holdings, Corp. (8209); TSAWD, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664).  The headquarters for the above-captioned Debtors is located at 2305 East Arapahoe Road, Suite 234, Centennial, CO 80122.

The Debtors were formerly known as: Sports Authority Holdings, Inc. (9008); Slap Shot Holdings, Corp. (8209); The Sports Authority, Inc. (2802); TSA Stores, Inc. (1120); TSA Gift Card, Inc. (1918); TSA Ponce, Inc. (4817); and TSA Caribe, Inc. (5664).

11 United States Code, as amended (the "Bankruptcy Code").  The Debtors are operating their

businesses and managing their properties as debtors in possession pursuant to sections 1107 and

1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these cases.

2.      On June 15, 2016, after recognizing the size and complexity of the above-

captioned cases, the Bankruptcy Court entered the *Order Appointing Fee Examiner and*

*Establishing Procedures for Consideration of Requested Fee Compensation and Reimbursement*

*of Expenses* [Dkt. No. 2204] (the "Appointment Order").

3.      Under paragraph 5 of the Appointment Order, the Fee Examiner was charged by

the Court with, among other things: (a) reviewing the Interim Fee Applications and Final Fee

Applications filed by each applicant in these chapter 11 cases, along with the fee detail related

thereto, (b) reviewing any relevant documents filed in these chapter 11 cases to be generally

familiar with these chapter 11 cases and the dockets, (c) within 21 days after the filing of an

Interim Fee Application or Final Fee Application, serving an initial report on the applicant

addressing whether the requested fees, disbursements and expenses are in compliance with the

applicable standards of sections 330 of the Bankruptcy Code and Local Rule 2016-2, and

whether the application has made a reasonable effort to comply with the U.S. Trustee's requests

for information and additional disclosures as set forth in the Guidelines for Reviewing

Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by

Attorneys in Large Chapter 11 Cases Effective as of November 1, 2013, (d) engaging in written

communication with each applicant, the objective of which is to resolve matters raised in the

initial report and endeavor to reach consensual resolution with each applicant with respect to the

applicant's requested fees and expenses, and (e) following communications between the Fee

Examiner and the applicant, and the Fee Examiner's review of any supplemental information

provided by such applicant in response to the initial report, conclude the information resolution period by filing with the Court a final report with respect to each application within 14 days after service of the initial report.  Per the Appointment Order, the final report shall be in a format designed to quantify and present factual data relevant to whether the requested fees and expenses of each applicant are in compliance with the applicable standards of sections 330 of the Bankruptcy Code and Del. Bankr. L.R. 2016-2, and whether the application has made a reasonable effort to comply with the UST Guidelines.  The final report shall also inform the Court of all proposed consensual resolutions of the fee and/or expense reimbursement request for each applicant and the basis for such proposed consensual resolution.

4.      In accordance with the Appointment Order, the Fee Examiner reviewed the Fee Applications for compliance with Sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [Dkt. No. 806], the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330*, at 28 C.F.R. Part 58, Appendix A, and the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013, at 28 C.F.R. Part 58, Appendix B (together, the "UST Guidelines").  In addition, the Fee Examiner reviewed the Fee Applications for general compliance with legal precedent established by the District Court and Bankruptcy Court for the District of Delaware, the Third Circuit Court of Appeals, and other applicable precedent.

## Governing Statutory Sections

5.      Section 330 of the Bankruptcy Code provides:

(a)(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, a consumer privacy ombudsman appointed under section 332, an examiner, an ombudsman appointed under section 333, or a professional person employed under section 327 or 1103—

> (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and
>
> (B) reimbursement for actual, necessary expenses.

(2) The court may, on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest, award compensation that is less than the amount of compensation that is requested.

(3) In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—

> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

(4)(A) Except as provided in subparagraph (B), the court shall not allow compensation for—

> (i) unnecessary duplication of services; or
>
> (ii) services that were not—
>
> > (I)  reasonably likely to benefit the debtor's estate; or
> >
> > (II) necessary to the administration of the case.

(5) The court shall reduce the amount of compensation awarded under this section by the amount of any interim compensation awarded under section 331, and, if the amount of such interim compensation exceeds the amount of compensation awarded under this section, may order the return of the excess to the estate.

(6) Any compensation awarded for the preparation of a fee application shall be based on the level and skill reasonably required to prepare the application.

11 U.S.C. § 330.

6.    Section 330 of the Bankruptcy Code allows a bankruptcy court to award "reasonable compensation for actual, necessary services rendered by … professional[s]." 11 U.S.C. § 330(a)(1)(A).  Reasonable compensation under section 330 is based on the nature, extent and value of the services, taking into account "all relevant factors . . . ." See 11 U.S.C. § 330(a)(3).

7.    The statute enumerates six (6) relevant factors that the court must consider to determine whether the fees are reasonable:

- The time spent on such services;
- The rates charged for such services;
- Whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of the cases;
- Whether the services were performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed;
- With respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
- Whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in non-bankruptcy cases.

11 U.S.C. § 330(a)(3)(A)-(F).

8.    Although the statute does specifically list factors to review when determining the reasonableness of fees, the list itself is not exhaustive.  See 11 U.S.C. § 102(3) (terms "includes" and "including" are not limiting).  Thus, the Court is "itself an expert on the question [of

attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of testimony of witnesses as to value." See Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940).

9.      A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable and actually incurred. Zolfo, Cooper & Co. v. Sunbeam-Oster Co., 50 F.3d 253, 261 (3d Cir. 1995). The failure of an applicant to sustain the burden of proof as to the reasonableness of the compensation may result in the denial of the requested for compensation. See Brake v. Tavormina (In re Beverly Mfg. Co.), 841 F.2d 365, 369 (11th Cir. 1988). Where appropriate, section 330 expressly authorizes this Court to award less than the amount requested by the fee applicant. See 11 U.S.C. § 330(a)(2). "Interim fee applications submitted pursuant to Code § 331 … are judged under the same standards as final applications under Code § 330." In re Bennett Funding Grp., Inc., 213 B.R. 234, 244 (Bankr. N.D.N.Y. 1997).

10.      Professional services are considered "actual and necessary" if they benefit the estate. In re APW Enclosure Sys., No. 06-11378, 2007 WL 3112414, at *3 (Bankr. D. Del. Oct. 23, 2007). Success is not required, but rather the court "must conduct an objective inquiry based upon what services a reasonable professional would have performed in the same circumstances." In re Channel Master Holdings, Inc., 309 B.R. 855, 861-62 (Bankr. D. Del. 2004) (quoting In re Cenargo Int'l., PLC 294 B.R. 571 (Bankr. S.D.N.Y. 2003); see also In re Jefsaba, Inc., 172 B.R. 786, 799 (Bankr. E.D. Pa. 1994) ("[S]o long as there was a reasonable chance of success which outweighed the cost in pursuing the action, the fees relating thereto are compensable."). The test of what is necessary cannot be applied in hindsight. If at the time the work is performed, it

reasonably appears that it would benefit the estate, it may be compensated." In re Berg, No. 05-39380DWS, 2008 WL 2857959 at *7 (Bankr. E.D. Pa. July 21, 2008); see also Cenargo, 294 B.R. at 595 (when determining what is necessary, courts do not attempt to "invoke perfect hindsight.").

### Fee Examiner's Recommendations

11.     The Fee Examiner makes the following specific recommendations:

### Gibson, Dunn & Crutcher LLP (Counsel to the Debtors)

12.     On March 8, 2016, the Debtors filed the *Application for an Order Approving the Employment and Retention of Gibson, Dunn & Crutcher LLP as General Bankruptcy and Restructuring Co-Counsel for the Debtors and Debtors in Possession Nunc Pro Tunc to the Petition Date* [Dkt. No. 233].

13.     On March 24, 2016, the Bankruptcy Court entered the *Order Authorizing Employment and Retention of Gibson, Dunn & Crutcher LLP as General Bankruptcy and Restructuring Co-Counsel for the Debtors and Debtors in Possession Nunc Pro Tunc to the Petition Date* [Dkt. No. 808] (the "Gibson Dunn Employment Order").  Pursuant to the Gibson Dunn Employment Order, the Debtors were authorized to employ Gibson Dunn as their general bankruptcy and restructuring co-counsel to render general legal services to the Debtors as needed throughout the course of the Chapter 11 cases.  For its services, Gibson Dunn is compensated on an hourly basis.

14.     Gibson Dunn filed three (3) monthly fee applications for compensation during the period covered by the Fee Application as follows:

| Dated Filed/ Docket No. | Period Covered | Requested | | Paid or To Be Paid | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 6/15/2018 Dkt. 4151 | 5/1/2018 – 5/31/2018 | $82,687.00 | $2,551.04 | $66,149.60 | $2,551.05 |
| 7/27/2018 Dkt. 4203 | 6/1/2018 – 6/30/2018 | $21,413.00 | $2,060.50 | $17,130.40 | $2,060.50 |
| 9/4/2018 Dkt. 4234 | 7/1/2018 – 7/31/2018 | $41,080.00 | $2,529.50 | $32,864.00 | $2,529.50 |
| TOTAL | | $145,180.00 | $7,141.04 | $116,144.00 | $7,141.05 |

15.     The Fee Examiner notes and appreciates that Gibson Dunn's timekeeping was exceptional and substantially in compliance with the UST Guidelines.  Accordingly, the Fee Examiner recommends allowance of fees in the amount of $145,180.00 and reimbursement of expenses in the amount of $7,141.04 as requested in the Gibson Dunn Fee Application.

**Young Conaway Stargatt & Taylor, LLP (Counsel to the Debtors)**

16.     On March 8, 2016, the Debtors filed their *Application for an Order Pursuant to Section 327(a) of the Bankruptcy Code, Authorizing the Retention and Employment of Young Conaway Stargatt & Taylor, LLP as General Bankruptcy Co-Counsel to the Debtors Nunc Pro Tunc to the Petition Date* [Dkt. No. 227].

17.     On March 24, 2016, the Bankruptcy Court entered an *Order, Pursuant to Section 327(a) of the Bankruptcy Code, Authorizing the Retention and Employment of Young Conaway Stargatt &Taylor, LLP as Co-Counsel to the Debtors Nunc Pro Tunc to the Petition Date* [Dkt. No. 809] (the "YCS&T Employment Order").  Pursuant to the YCS&T Employment Order, the Debtors were authorized to employ YCS&T as co-counsel to the Debtors.  For its services, YCS&T is compensated on an hourly basis.

18.     YCS&T filed three (3) monthly fee applications for compensation and reimbursement of expenses during the period covered by the Fee Application as follows:

| Dated Filed/ Docket No. | Period Covered | Requested | | Paid or To Be Paid | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 6/20/2018 Dkt. 4159 | 5/1/2018 – 5/31/2018 | $14,789.00 | $276.83 | $11,831.20 | $276.83 |
| 8/14/2018 Dkt. 4212 | 6/1/2018 – 6/30/2018 | $9,448.00 | $245.56 | $7,558.40 | $245.56 |
| 9/11/2018 Dkt. 4283 | 7/1/2018 – 7/31/2018 | $8,420.00 | $104.35 | $6,736.00 | $104.35 |
| TOTAL | | $32,657.00 | $626.74 | $26,125.60 | $626.74 |

19.     The Fee Examiner notes and appreciates that YCS&T's timekeeping was exceptional and substantially in compliance with the UST Guidelines and Local Rules. Accordingly, the Fee Examiner recommends allowance of fees in the amount of $32,657.00 and reimbursement of expenses in the amount of $626.74 as requested in the YCS&T Fee Application.

**BDO USA, LLP (Financial Advisor to the Committee)**

20.     On April 20, 2016, the Committee filed its *Application for an Order Authorizing the Retention of BDO Consulting as Financial Advisor for the Official Committee of Unsecured Creditors Effective as of March 13, 2016* [Dkt. No. 1260].

21.     On May 24, 2016, the Bankruptcy Court entered an *Order Authorizing and Approving the Retention of BDO Consulting as Financial Advisor to the Official Committee of Unsecured Creditors Effective as of March 10, 2016* [Dkt. No. 2044] (the "BDO Retention Order").  Pursuant to the BDO Retention Order, the Committee was authorized to employ BDO as financial advisor to the Committee.  For its services, BDO is compensated on an hourly basis.

22.     BDO filed two (2) applications covering three (3) months for compensation and reimbursement of expenses during the period covered by the Fee Application as follows:

| Dated Filed/ Docket No. | Period Covered | Requested | | Paid or To Be Paid | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 8/3/2018 Dkt. 4206 | 5/1/2018 – 6/30/2018 | $3,513.50 | $0.00 | $2,810.80 | $0.00 |
| 8/24/2018 Dkt. 4227 | 7/1/2018 7/31/2018 | $1,727.00 | $0.00 | $1,381.60 | $0.00 |
| **TOTAL** | | **$5,240.50** | **$0.00** | **$4,192.40** | **$0.00** |

23.     The Fee Examiner carefully reviewed BDO's time entries for compliance with the

UST Guidelines and Local Rules and recommends allowance of fees in the amount of $5,240.50

as requested in the BDO Fee Application as BDO's timekeeping was exceptional and in

compliance with the UST Guidelines.

Dated:  New York, New York
        September 26, 2018

                                    Respectfully Submitted,


                                    ELISE S. FREJKA

                                    _____
                                    420 Lexington Avenue – Suite 310
                                    New York, NY 10170
                                    Phone: 212-641-0800
                                    Facsimile: 212-641-0820

                                    *Fee Examiner*